UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CITY OF NEW ORLEANS' AND SHAUN FERGUSON'S FIRST AMENDED AND SUPPLEMENTAL ANSWER TO DEREK BROWN'S AND JULIA BARECKI-BROWN'S COMPLAINT

NOW INTO COURT, through undersigned counsel, come Defendants Shaun Ferguson ("Ferguson") and the City of New Orleans ("the City") who hereby answer Derek Brown's and Julia Barecki-Brown's Complaint (Doc. 1) as follows:

1.

The allegations in paragraph 1 of the Complaint are admitted insofar as Officer Burmaster and Officer Roussel were dispatched to a call for service concerning a disturbance at 1420 Felicity Street, New Orleans, LA on April 10, 2021.

2.

The allegations in paragraph 2 of the Complaint are denied.

3.

The allegations in paragraph 3 of the Complaint are denied.

4.

The allegations in paragraph 4 of the Complaint are admitted insofar as Officer Burmaster shot the dog in self-defense. The number of shots fired is denied for lack of sufficient information to form a belief as to the truth therein.

5.

The allegations in paragraph 5 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

6.

The allegations in paragraph 6 of the Complaint are admitted to the extent that two of the dogs' ribs were broken and his lung was damaged. The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

7.

The allegations in paragraph 7 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein concerning the injuries to the dog. The allegations concerning the injury to Officer Roussel's hand are denied.

8.

The allegations in paragraph 8 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

9.

The allegations in paragraph 9 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

10.

The allegations in paragraph 10 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

11.

The allegations in paragraph 11 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

12.

The allegations in paragraph 12 of the Complaint are denied.

13.

The allegations in paragraph 13 of the Complaint are denied.

14.

The allegations in paragraph 14 of the Complaint are legal conclusions as opposed to factual.

15.

The allegations in paragraph 15 of the Complaint are legal conclusions as opposed to factual.

16.

The allegations in paragraph 16 of the Complaint are legal conclusions as opposed to factual.

17.

The allegations in paragraph 17 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

18.

The allegations in paragraph 18 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

19.

The allegations in paragraph 19 of the Complaint are admitted to the extent that Derrick Burmaster is employed by the City of New Orleans as a police officer. The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

20.

The allegations in paragraph 20 of the Complaint are admitted to the extent that Shaun Ferguson is the Superintendent of the New Orleans Police Department. The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

21.

The allegations in paragraph 21 of the Complaint are admitted to the extent that the City of New Orleans operates a police department, and the City of New Orleans is a political subdivision of the State of Louisiana. The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

22.

The allegations in paragraph 22 of the Complaint are legal conclusions as opposed to factual.

23.

The allegations in paragraph 23 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

24.

The allegations in paragraph 24 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

25.

The allegations in paragraph 25 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

26.

The allegations in paragraph 26 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

27.

The allegations in paragraph 27 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

28.

The allegations in paragraph 28 of the Complaint are admitted insofar as Officer Burmaster and Officer Roussel were dispatched to a call for service concerning a disturbance at 1420 Felicity Street, New Orleans, LA on April 10, 2021.

29.

The allegations in paragraph 29 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

30.

The allegations in paragraph 30 of the Complaint are denied.

31.

The allegations in paragraph 31 of the Complaint are denied insofar as they infer the dogs charged the officers immediately upon the officers' entry into the yard. A period of time elapsed between the officers' entry and when the Browns opened their door thereby giving the dogs an opportunity to charge the officers.

32.

The allegations in paragraph 32 of the Complaint are denied.

33.

The allegations in paragraph 33 of the Complaint are admitted to the extent that Officer Burmaster did not leave the yard. The allegations are denied to the extent that they infer Officer Burmaster had a duty to retreat or that retreat was possible under the circumstances.

34.

The allegations in paragraph 34 of the Complaint are admitted to the extent that Officer Burmaster did not deploy his Conducted Electrical Weapon. The allegations are denied to the extent they infer Officer Burmaster had a duty to deploy his Conducted Electrical Weapon or that it was practicable to do so under the circumstances.

35.

The allegations in paragraph 35 of the Complaint are admitted to the extent that Officer Burmaster did not use a baton. The allegations are denied to the extent they infer Officer Burmaster had a duty to use a baton or that it was practicable to do so under the circumstances.

36.

The allegations in paragraph 36 of the Complaint are admitted to the extent that Officer Burmaster deployed his service-issued firearm. The number of shots is denied for lack of sufficient information to form a belief as to the truth therein.

37.

The allegations in paragraph 37 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

38.

The allegations in paragraph 38 of the Complaint are admitted.

39.

The allegations in paragraph 39 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

40.

The allegations in paragraph 40 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

41.

The allegations in paragraph 41 of the Complaint are admitted.

42.

The allegations in paragraph 42 of the Complaint are admitted.

43.

The allegations in paragraph 43 of the Complaint are admitted.

44.

The allegations in paragraph 44 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

45.

The allegations in paragraph 45 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

46.

The allegations in paragraph 46 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

47.

The allegations in paragraph 47 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

48.

The allegations in paragraph 48 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

49.

The allegations in paragraph 49 of the Complaint are admitted as to height and denied as to weight.  The allegations are denied to the extent they infer a dog of this size is incapable of inflicting great bodily harm.

50.

The allegations in paragraph 50 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

51.

The allegations in paragraph 51 of the Complaint are denied.

52.

The allegations in paragraph 52 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

53.

The allegations in paragraph 53 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

54.

The allegations in paragraph 54 of the Complaint are denied.

55.

The allegations in paragraph 55 of the Complaint are denied.

56.

NOPD Policy Manual Chapter 1.7.1 speaks for itself. The statement is denied to the extent it infers Officer Burmaster had a duty to deploy his Conducted Electrical Weapon or that it was practicable to do so under the circumstances.

57.

The allegations in paragraph 57 of the Complaint are admitted. The allegations are denied to the extent they infer Officer Burmaster had a duty to deploy his Conducted Electrical Weapon or that it was practicable to do so under the circumstances.

58.

The allegations in paragraph 58 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

59.

The allegations in paragraph 59 of the Complaint are admitted. The allegations are denied to the extent that they infer Officer Burmaster was careless or negligent in responding to the sudden emergent situation.

60.

The allegations in paragraph 60 of the Complaint are admitted.

61.

The allegations in paragraph 61 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

62.

The allegations in paragraph 62 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

63.

The allegations in paragraph 63 of the Complaint are denied.

64.

The allegations in paragraph 64 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

65.

The allegations in paragraph 65 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

66.

The allegations in paragraph 66 of the Complaint are admitted.

67.

The allegations in paragraph 67 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

68.

The allegations in paragraph 68 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

69.

The allegations in paragraph 69 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

70.

The allegations in paragraph 70 of the Complaint are denied.

71.

The allegations in paragraph 71 of the Complaint are denied.

72.

The allegations in paragraph 72 of the Complaint are conclusory as opposed to factual.

73.

The allegations in paragraph 73 of the Complaint are denied.

74.

The allegations in paragraph 74 are a legal statement as opposed to factual.

75.

The allegations in paragraph 75 are a legal statement as opposed to factual.

76.

The allegations in paragraph 76 are a legal statement as opposed to factual.

77.

The allegations in paragraph 77 of the Complaint are denied.

78.

The allegations in paragraph 78 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

79.

The allegations in paragraph 79 of the Complaint are denied.

80.

The allegations in paragraph 80 of the Complaint are denied.

81.

The allegations in paragraph 81 of the Complaint are denied.

82.

The allegations in paragraph 82 of the Complaint are denied.

83.

The allegations in paragraph 83 of the Complaint are denied.

84.

The allegations in paragraph 84 of the Complaint are conclusory as opposed to factual.

85.

The allegations in paragraph 85 of the Complaint are a legal statement as opposed to factual.

86.

The allegations in paragraph 86 of the Complaint are denied.

87.

The allegations in paragraph 87 of the Complaint are a legal statement as opposed to factual.

88.

The allegations in paragraph 88 of the Complaint are denied.

89.

The allegations in paragraph 89 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein concerning Burmaster. The allegations in paragraph 89 of the Complaint are denied as to the independent negligence of Ferguson and the City.

90.

The allegations in paragraph 90 of the Complaint are conclusory as opposed to factual.

91.

The allegations in paragraph 91 of the Complaint are a legal statement as opposed to factual.

92.

The allegations in paragraph 92 of the Complaint are denied.

93.

The allegations in paragraph 93 of the Complaint are denied as to Officer Burmaster being noted to use force 30 times in 10 years. The allegation concerning Officer Burmaster previously shooting a dog is admitted. Officer Burmaster was exonerated for this action.

94.

The allegations in paragraph 94 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

95.

The allegations in paragraph 95 of the Complaint are denied.

96.

The allegations in paragraph 96 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

97.

The allegations in paragraph 97 of the Complaint are denied.

98.

The allegations in paragraph 98 of the Complaint are conclusory as opposed to factual.

99.

The allegations in paragraph 99 of the Complaint are a legal statement as opposed to factual.

100.

The allegations in paragraph 100 of the Complaint are a legal statement as opposed to factual.

101.

The allegations in paragraph 101 of the Complaint are admitted.

102.

The allegations in paragraph 102 of the Complaint are denied.

103.

The allegations in paragraph 103 of the Complaint are conclusory as opposed to factual.

104.

The allegations in paragraph 104 of the Complaint are a legal statement as opposed to factual.

105.

The allegations in paragraph 105 of the Complaint are admitted insofar as the City of New Orleans operates a police force and Derrick Burmaster is employed with the City of New Orleans as a police officer.  The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

106.

The allegations in paragraph 106 of the Complaint are admitted as to Officer Burmaster. The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

107.

The allegations in paragraph 107 of the Complaint are denied.

108.

The allegations in paragraph 108 of the Complaint are denied.

109.

The allegations in paragraph 109 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

110.

The allegations in paragraph 110 of the Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

111.

All allegations in non-numbered paragraphs in the Complaint are denied.

112.

All allegations in the Complaint that are not specifically admitted or denied are denied.

**AFFIRMATIVE DEFENSES**

Further answering Plaintiffs' Complaint, Ferguson and the City assert the following defenses:

**FIRST DEFENSE**

The Complaint fails to state a right, claim or cause of action upon which relief can be granted by Ferguson and/or the City.

**SECOND DEFENSE**

Ferguson and the City specifically plead that they cannot be held liable for any discretionary acts under applicable state laws as set forth in La. R.S. 9:2798.1, La. R.S. 9:2800.10, and any and all other statutory or jurisprudential immunities affordable under the law.

**THIRD DEFENSE**

Ferguson and the City expressly plead the affirmative defense that the Plaintiffs failed to mitigate their damages.

## FOURTH DEFENSE

In the alternative, and in the event that this Honorable Court should find that Ferguson and the City were guilty of negligence whatsoever which proximately caused or contributed to the alleged injuries which Ferguson and the City deny, then Ferguson and the City specifically plead contributory negligence/comparative fault on the part of the Plaintiffs, which would operate as a complete bar to, or diminution, of Plaintiffs' recovery.

## FIFTH DEFENSE

Ferguson and the City affirmatively aver that Plaintiffs' alleged injuries were caused by persons or parties over whom Ferguson and the City exercise no authority, jurisdiction, control, or supervision of whom they are not legally responsible.

## SIXTH DEFENSE

Ferguson and the City aver that they are entitled to a credit and/or set off from any sums paid to or on behalf of the Plaintiffs by any person or entity, specifically pleading extinguishment of some or all of any obligation which may be found due Plaintiffs to the full extent of any such payments.

## SEVENTH DEFENSE

Ferguson and the City affirmatively assert the statutory cap on general damages provided by LSA – R.S. 13:5106.

## EIGTH DEFENSE

Ferguson is wrongly joined in this lawsuit.

## RESERVATION OF RIGHTS

To the extent permitted by law, Ferguson and the City herein reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future

discovery may warrant and require.

**WHEREFORE**, Ferguson and the City pray that this Answer be deemed good and sufficient and that after due proceedings had, there be a judgment in their favor and against Plaintiffs, dismissing the Complaint, with prejudice and at Plaintiffs' cost. Ferguson and the City further pray for their fees, costs, and/or all other general or equitable relief to which they may be entitled.

Respectfully submitted:

*/s/ Jonathan H. Adams*
**JONATHAN H. ADAMS, LSB #29061**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
DEPUTY CITY ATTORNEY
**CHURITA H. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
Jonathan.Adams@nola.gov
*Counsel for Shaun Ferguson and the City of New Orleans*