UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Memorandum in Support of Motion to Compel Production of Complaints about Defendant Derrick Burmaster**

On April 10, 2021, NOPD officer Derrick Burmaster killed Apollo, Plaintiffs' 18-week-old Catahoula puppy. Plaintiffs sued. In that suit, they brought a state-law claim against NOPD Chief Ferguson and the City of New Orleans ("NOPD Defendants") for the negligent hiring, training, and supervision of Officer Burmaster. R. Doc. 1 at ¶¶ 90-97.

To collect evidence in support of that claim, Plaintiffs asked NOPD Defendants for all complaints about Burmaster's service as an officer. NOPD Defendants provided some documents, but refused to provide a set of complaints about Burmaster that NOPD Defendants contend were "not sustained, unfounded, or exonerated." At least five of these specifically involved use of force.

The law, however, does not allow a defendant to unilaterally decide that complaints about its employees are "not sustained" and then refuse to provide them in federal discovery. Indeed, the repeated rejection of complaints against an officer can *itself* be evidence supporting the liability of a law enforcement agency.

Because these documents are relevant to Plaintiffs' claims, this Court should order NOPD Defendants to produce all complaints regarding Officer Burmaster.

1

## I. FACTUAL BACKGROUND

**A.    The Discovery Requests and Responses at Issue.**

In discovery in this matter, Plaintiffs propounded discovery requests to the City of New Orleans and Chief Ferguson ("NOPD Defendants"). Ex. F (Dec. of William Most) at ¶ 2. Pertinent to this motion are Interrogatory Number 6 and Request for Production Number 3:

|  | **Plaintiffs' Request** | **NOPD Defendants' Response** |
|---|---|---|
| Interrogatory # 6 | Identify any officer- or citizen-initiated complaint, and any suspension, write-up, probation, reprimand, or other discipline Derrick Burmaster received as an NOPD employee.[1] | City Defendants object to this interrogatory because it seeks irrelevant information. Further, it seeks information that is unfairly prejudicial and will lead to jury confusion. City Defendants will not disclose complaints that were either not sustained, or unfounded, or exonerated. Please see Public Integrity Bureau records (sustained complaints), Officer Burmaster's Civil Service file, and Officer Burmaster's Personnel file produced in response to Plaintiffs' Requests for Production of Documents.[2] |
| Request for Production # 3 | Produce the entire personnel and PIB files for Derrick Burmaster, including any records evidencing any complaints or disciplinary action, job performance reviews, written evaluations (whether based on a numerical scale or otherwise), job/competency/skills assessments, and applications for employment.[3] | City Defendants object to this request because it seeks documents that are irrelevant. Further, the documents are unfairly prejudicial and will confuse the jury. City Defendants will only produce PIB files for complaints that were sustained. City Defendants will not produce PIB files for complaints that were not sustained, unfounded, or exonerated. Attached please find Officer Burmaster's Personnel file and PIB files concerning sustained complaints.[4] |

---

[1] Ex. A at 8.
[2] Ex. A at 9.
[3] Ex. B at 2.
[4] Ex. B at 2.

**B.     The Parties' Efforts to Meet-and-Confer Before Seeking Court Intervention.**

On September 9, 2022, the parties held a meet-and-confer conference by Zoom to discuss the responses. Ex. F at ¶ 3. At that conference, Plaintiffs' counsel brought up the City Defendants' refusal to provide complaints that were "not sustained, unfounded, or exonerated." *Id*. at ¶ 4. Plaintiffs' counsel pointed out that an entity cannot investigate itself and expect its self-investigation to be dispositive of whether a complaint is discoverable in a federal lawsuit. *Id.* NOPD Defendants' counsel responded that such complaints were outside the scope of discovery, and pointed to a 2017 Fair Labor Standards Act decision.[5] *Id.* Counsel for the NOPD Defendants indicated they were standing on their objection, and would not provide complaints that NOPD determined were "not sustained, unfounded, or exonerated." Ex. C.

On September 27, 2022, the parties held another conference. Ex. F at ¶ 7. At that conference, NOPD Defendants' counsel reported that there were five unsustained or exonerated complaints about use of force by Officer Burmaster. Ex. D at 1. NOPD Defendants reiterated that they would not provide these complaints, except one that specifically involved force involving an animal. Ex. E.

## II.     LAW AND ARGUMENT

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure Rule 37(a)(3), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory or produce documents. Further, under Federal Rule of Civil Procedure 37(a)(4), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party provides an evasive or incomplete disclosure, answer, or

---

[5] *Mascagni v. Schlumberger Tech Corp*., 2017 U.S. Dist. LEXIS 134263, 2017 WL 3648315, 16-cv-439 (W.D. La., Aug. 22, 2017). See discussion *infra.*

3

response. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

The Federal Rules grant the district court broad discretion in ruling on discovery matters such as a motion to compel. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C.*, Inc. 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting, Inc.,* 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004). As amended, effective December 1, 2015, Rule 26(b)(1) permits broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1). The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may request any document that falls within the scope of Rule 26(b); *i.e*., any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. Pro. 34; Fed. R. Civ. Pro. 26(b).

**B.     Defendants should be compelled to produce all complaints about Officer Burmaster. An entity cannot resist federal discovery just because it has investigated itself and decided certain complaints are not valid.**

In this case, Plaintiffs have a state-law claim against the NOPD Defendants for the negligent hiring, training, and supervision of Officer Burmaster. R. Doc. 1 at ¶¶ 90-97, *citing Roberts v. Benoit*, 605 So.2d 1032, 1038 (La. 1991); *Cote v. City of Shreveport*, 73 So.3d 435 (La. App. 2011) ("When an employer hires an employee who in the performance of his duties will have a unique opportunity to commit a tort against a third party, he has a duty to exercise reasonable care in the selection of that employee.") *See also Gomez v. Galman*, 18 F. 4th 769, 778 (5th Cir.

4

2021) (holding that a government entity can be liable for retaining an officer after incidents that indicate a "proclivity" towards violence). Plaintiffs have also filed a consent motion for leave to amend their complaint to add a *Monell* claim against the City of New Orleans for the failure to adequately train, supervise, and discipline Burmaster. See Proposed Amended Complaint at ¶¶ 112-117.

      Courts in this district have allowed discovery of law enforcement officers' personnel files when relevant to plaintiffs' claims. In *Serigne v. Preveau*, No. 11-3160 (E.D. La. April 25, 2013), Magistrate Judge Karen Wells Roby allowed discovery of disciplinary action in a particular officer's personnel file without limiting the relevant time period. The court in *Serigne* cited two other cases in this district compelling production of law enforcement officers' personnel files. In *Chauvin v. Lee*, No. 99-2200, 2000 WL 567006, at *1-*3 (E.D. La. May 8, 2000), the court compelled production of law enforcement personnel and internal affairs files after in camera review and redacting social security numbers, home addresses and home telephone numbers prior to production. In *Cannon v. Lodge*, No. 98-2859, 1999 WL 600374, at *1, *9 (E.D. La. Aug. 6, 1999), the court compelled production subject to entry of a protective order. *See also Lou v. Lopinto*, 21-cv-00080-WBV-DPC, R. Doc. 79 at *14 (E.D. La., May 31, 2022) ("ordering production of any law enforcement employer's disciplinary action taken against him individually involving facts similar to those at issue in this case"). *See also Mingo v. City of New York*, 19-cv-05806, R. Doc. 26 at *3 (E.D.N.Y. Feb. 3, 2020) (noting that "Defendant Officers' disciplinary summaries and performance evaluations [were] relevant to the *Monell* claim as possible evidence of the City Defendant's notice of misconduct by Officer Defendants that may have required the City Defendant to meaningfully act to address the risk of future misconduct it presented").

Production of law enforcement personnel records is typically unobjectionable because "Louisiana courts have recognized a diminished expectation of privacy in investigations of police officer activities in the workplace." *See Rogers v. Smith*, 20-cv-00517-JTM-DMD, R. Doc. 145 at *8 (E.D. La., Oct. 1, 2021) (ordering that law enforcement personnel records be de-designated as confidential), *citing City of Baton Rouge/Par. of E. Baton Rouge v. Cap. City Press, L.L.C.*, 4 So. 3d 807 (La. App. 1 Cir. 2008). Indeed, law enforcement disciplinary records are typically <u>public records</u> obtainable through a public records request. *See City of Baton Rouge/Par. of E. Baton Rouge v. Cap. City Press, L.L.C., supra.*

Here, NOPD Defendants have agreed to provide complaints about Officer Burmaster that led to discipline. But NOPD Defendants refuse to provide the additional complaints that NOPD found to be "not sustained, or unfounded, or exonerated." In support of that position, NOPD Defendants cite to *Mascagni v. Schlumberger Tech Corp.*, 2017 U.S. Dist. LEXIS 134263, 2017 WL 3648315, 16-cv-439 (W.D. La., Aug. 22, 2017). Ex. E. That case involved claims that an employer violated the Fair Labor Standards Act's overtime provisions. NOPD Defendants' counsel explained:

> In Mascagni, I tried to use previously filed lawsuits to establish a pattern of wrongful behavior. The Court rejected my argument holding none of the lawsuits resulted in a verdict that STC engaged in the wrongful behavior. While the facts are not the same, the logic for not producing the not sustained complaints is the same - the alleged wrongdoing was not proven in the not sustained complaints and, therefore, they are not relevant to your claims.

Ex. E.

The court in *Mascagni* determined that other lawsuits couldn't prove a company's knowing violation of the FLSA because no "court in any of the proceedings ever ruled that STC violated the FLSA's overtime compensation provisions." *Mascagni, supra,* at *17.

Here, however, Plaintiffs are not seeking complaints about Burmaster that a court or third

6

party found did not sustain, like in *Mascagni*. They are seeking complaints that NOPD Defendants determined to be unsustained. But NOPD Defendants are being sued for their negligent supervision and retention of Officer Burmaster. For that reason, it would be absurd to allow Defendants to withhold complaints about Burmaster because *they personally* did not think the complaints had merit. (Imagine, by analogy, a company sued for its manager's sexual harassment. The company would not be able to resist discovery of complaints of sexual harassment on the theory that it looked into the complaints and took no action.)

Indeed, the NOPD's rejection of repeated complaints may itself be evidence in support of Plaintiffs' claim. As one court explained:

> A reasonable jury could find that a monitoring and disciplinary system that disregards any complaint or series of similar complaints because they are unsubstantiated does not demonstrate a "meaningful attempt on the part of [the City] to . . .forestall further incidents," and it may be reasonably inferred that such a system encourages similar excesses.

*Jenkins v. City of New York*, 15-cv-05889, R. Doc. 94 at *22 (E.D.N.Y., June 5, 2019), *citing Vann v. City of New York*, 72 F.3d 1040, 1050 (2d Cir. 1995) and *Coggins v. County of Nassau,* 254 F. Supp. 3d 500, 521 (E.D.N.Y. 2017) (finding that evidence about "the lack of repercussions from the complaints that commanding officers deemed 'undetermined'" showed the police department does not adequately discipline its officers for the conduct at issue in the case").

For that reason, courts have rejected the argument that NOPD Defendants are making. *See Brown v. City of Alexandria*, 20-cv-541 (W.D. La., March 29, 2022) ("the City is further ordered to produce complaints of excessive force - sustained **or unsustained** - made against any APD police officer in the five-year period preceding the incident") (emphasis added); *Kelvin L. v. Superior Court*, 62 Cal. App. 3d 823, 829–31, 133 Cal. Rptr.

7

325, 329–30 (Ct. App. 1976) ("Nor does the fact that the previous charges against the officers were not substantiated render them irrelevant for purposes of discovery.")

Compelling NOPD Defendants to produce these records is important for another reason: it would create perverse incentives if law enforcement agencies were allowed to resist civil discovery when they internally decide that certain complaints are "unfounded." Law enforcement agencies would be incentivized to not treat complaints fairly, because sustaining them might make them discoverable, while not sustaining them would protect them from discovery and mitigate the risk of liability. *See, e.g., Scott v. City of Peoria*, 09-1189, 2011 WL 5078171 (C.D. Ill. Oct. 25, 2011) ("No legitimate purpose is served by conducting the investigations under a veil of near total secrecy. Rather, knowledge that a limited number of persons, as well as a state or federal court may examine the file in the event of civil litigation may serve to insure that these investigations are carried out in an evenhanded fashion, that the statements are carefully and accurately taken, and that the true facts come to light, whether they reflect favorably on the individual police officers involved or on the department as a whole.")

For these reasons, the motion should be granted.

**C.     Plaintiff has Attempted in Good Faith to Obtain the Requested Information and Documents Without Court Action.**

Before seeking a motion to compel, the movant must confer, or attempt to confer, in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. FRCP 37(a)(1). Here, Plaintiffs certifies that they have complied with the requirements of FRCP 37(a)(1). Exhibit F (Certification of William Most). Plaintiff's counsel has made attempts to obtain the responses without court action. The parties participated in several meet and confer conferences and exchanges of correspondence. Ex. C, D, E, F.

8

**D.      This Court should Grant Plaintiff his Reasonable Attorney Fees.**

Pursuant to Federal Rule of Civil Procedure Rule 37(a)(5), if this motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—this court must, after giving an opportunity to be heard, require Defendants, whose conduct necessitated the motion, to pay the Plaintiffs' reasonable expenses incurred in making this motion, including attorney's fees. As discussed above, Defendants' refusal to produce the records is unjustified. Through meet-and-confers, Plaintiff attempted in good faith to obtain the disclosure or discovery without court action. Nevertheless, Defendants actions necessitated the filing of this Motion to Compel.

### III.     CONCLUSION

Accordingly, Plaintiffs pray that this Court issue an Order, pursuant to Rule 37(a), compelling Defendants to produce Burmaster's full set of complaints, by a date set by this Court. In the event this motion is granted, Plaintiffs request that this Court enter an Order requiring Defendants' to pay their costs associated with this motion together with reasonable attorney's fees, pursuant to Rule 37(a)(5).

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com