Gmail                                                                                                             William Most <williammost@gmail.com>

## Brown v. Burmaster: Meet and Confer re Discovery Responses

**William Most** <williammost@gmail.com>                                                                  Fri, Sep 9, 2022 at 3:01 PM
To: Jonathan H Adams <Jonathan.Adams@nola.gov>
Cc: "Anada, Tarak" <tanada@joneswalker.com>, "Mauer, Christine" <cmauer@joneswalker.com>, Kelley Wierman <Kelley.Wierman@nola.gov>

Jonathan,

Thank you for conducting a productive meet and confer with me. Here's my notes from our conference.

Regarding Defendants' responses:

- You will withdraw the general objections.

- You will provide a verification page.

- For Int. # 2, you will provide complaints to PIB or Risk Management Division regarding any employee of the NOPD injuring or killing a nonhuman animal.

- For Int. # 3, you will provide a revised interrogatory response saying that on information and belief, Officer Burmaster has not received any training specific to handling animals.

- For Int. # 5, you said that the persons represented by counsel are the officers with ranks in front of their name, plus Hanson and Smith.

- For Int. # 6, you are standing on your objection. You noted the FRCP 26 scope of discovery, and 2017 WL 3648315.

- You'll provide the contents of the empty Evidence.com folders.

- You'll provide the recordings of Burmaster's two PIB interviews. (One was video, one was audio.)

- For RFP #4/5 - you'll talk to the academy to find out about the training, and get back to us next week.

- For RFP # 8, you'll run a search for responsive emails to or from any NOPD/PIB/OIPM employee, from the date of the first time Burmaster shot a dog to the present. You'll then get back to us within 15 days about the number of hits that generated, and if it is excessively high we can talk about what to do.

- Re: RFP # 12, you have provided us all communications with OIPM. All communications with OCDM were verbal.

- Re: RFP 14: You think the two withheld reports were not for the purpose of seeking legal advice; they were operational. You'll double check, and if operational will get city attorney's office's clearance to share them.

- You will re-produce the documents to us with the confidential designation removed, except for the PIB administrative investigation documents. PIB wants that document to remain confidential until after the Chief's Hearing, and then you are fine with removing the designation. You also agreed that you would not designate documents as confidential if they were in Plaintiffs' production to you.

    **Note**: Now that I type this up, I realize we might have a problem. The protective order requires us to challenge any improper confidentiality designation within 30 days. So we may need to do a consent motion to extend that time limit for this specific document, so that the dispute can be hopefully mooted by the Chief's hearing.

- You will re-produce the documents to us with the redactions removed, except for: names of minor children, financial account numbers, SSN and DOBs, and the portion of the UFRB transcript that deals with a different incident.

Regarding Plaintiffs' responses:

- I committed to making sure we produce to you the medical authorizations, insurance cards, and driver's licenses we said we would in our responses.

- I committed to listing in Int. # 1 the known witnesses to the shooting, the persons we know of involved in the investigation, and the medical providers, along with addresses.

- I'll confirm with co-counsel, but Plaintiffs won't be claiming money spent on Apollo's bedding, toys, crate, food and medical care as damages.

Please let me know if any of this does not match your understanding.

Thank you!

William
[Quoted text hidden]