## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CITY OF NEW ORLEANS' AND SHAUN FERGUSON'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF COMPLAINTS ABOUT DEFENDANT DERRICK BURMASTER

This case arises from the shooting of Plaintiffs' dog by a New Orleans Police Department ("NOPD") officer, Defendant Derrick Burmaster ("Defendant Burmaster").[1] Plaintiffs allege that defendants, Shaun Ferguson and the City of New Orleans (the "City Defendants"), did not adequately train or supervise Defendant Burmaster, "after having being put on notice of Defendant Burmaster's history with dogs."[2] In addition, Plaintiffs assert an action for municipal liability for alleged violation of their constitutional rights. In this regard, Plaintiffs allege that "[t]he City of New Orleans was deliberately indifferent to Plaintiffs' constitutional rights in failing to adequately train, supervise and discipline Burmaster, as specifically described above herein."[3] The constitutional violation "specifically described" in Plaintiffs' Amended Complaint relates to Defendant Burmaster's shooting of their dog.[4] The City Defendants deny Plaintiffs' claims.

---

[1] Doc. 36, Amended Complaint, ¶ 101.
[2] See *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).
[3] Doc. 36, ¶ 114.
[4] Doc. 36, ¶ 52 ("Burmaster's actions [in shooting the dog] violated the U.S. Constitution . . ."); ¶ 79 ("Privately-owned dogs are 'effects' under the Fourth Amendment"); ¶ 84 (the shooting of Plaintiffs' dog "deprived Plaintiffs of a protected property interest" and "violated the Due Process Clause of the 14th Amendment").

The Plaintiffs, in their Motion to Compel, seek records of complaints and disciplinary actions against Defendant Burmaster that are not related to Plaintiffs claims arising from the shooting of their dog.  Because these prior incidents bear no similarity to the shooting of Plaintiffs' dog, these records are outside the scope of permissible discovery. As is discussed below, there is a great difference in appropriate training and supervision with respect to police encounters with humans versus dogs. Accordingly, the City Defendants are within their rights to decline to produce these records. Further, the fact that the City Defendants produced some of these records (those that were sustained), does not alter the fact that the records that were withheld are outside of the scope of discovery.

The City Defendants noted in their objection to discovery that the withheld records were irrelevant and, in addition, pose an undue risk of prejudice and confusion to the jury.[5] See Fed. R. Evid. 403 (admissible evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury). Further, the withheld records are likely to be used by Plaintiffs as impermissible character evidence or for another improper purpose. See Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

Plaintiffs mistakenly argue that the City Defendants are withholding records merely because complaints that were "not sustained, unfounded, or exonerated."[6] To the contrary, the City Defendants have either produced, or agreed to produce, other complaints involving dog shootings by NOPD Officers (a total of two complaints) which were not sustained. However, the sought-after records that are the subject of Plaintiffs' Motion to Compel bear no similarity to the issues in

---

[5] Docs. 34-4, p. 9; 34-5, p. 3.
[6] Doc. 34-1, p. 1.

Plaintiffs' case. They are outside the scope of discovery and the City Defendants correctly withheld the records. The Motion to Compel should be denied.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs' dog was shot on April 10, 2021. Plaintiffs filed their Complaint on March 31, 2022.[7] On September 7, 2022, the City Defendants provided written responses and objections to Interrogatories and Requests for Production of Documents.[8] Relevant to the instant Motion to Compel, the City Defendants provided the following written responses:

### INTERROGATORY NO. 6:

Identify any officer- or citizen-initiated complaint, and any suspension, write-up, probation, reprimand, or other discipline Derrick Burmaster received as an NOPD employee.

### ANSWER TO INTERROGATORY NO. 6:

City Defendants object to this interrogatory because it seeks irrelevant information.  Further, it seeks information that is unfairly prejudicial and will lead to jury confusion.  City Defendants will not disclose complaints that were either not sustained, or unfounded, or exonerated.  Please see Public Integrity Bureau records (sustained complaints), Officer Burmaster's Civil Service file, and Officer Burmaster's Personnel file produced in response to Plaintiffs' Requests for Production of Documents.

And

### REQUEST FOR PRODUCTION NO. 3:

Produce the entire personnel and PIB files for Derrick Burmaster, including any records evidencing any complaints or disciplinary action, job performance reviews, written evaluations (whether based on a numerical scale or otherwise), job/competency/skills assessments, and applications for employment.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

City Defendants object to this request because it seeks documents that are irrelevant.  Further, the documents are unfairly prejudicial and will confuse the jury.  City Defendants will only produce PIB files for complaints that were sustained.  City Defendants will not produce PIB files for complaints that were not sustained,

---

[7] Doc. 1.
[8] Docs. 34-4; 34-5; Exhibit 3, Declaration of Jonathan Adams, ¶ 3.

unfounded, or exonerated.  Attached please find Officer Burmaster's Personnel file and PIB files concerning sustained complaints.

In addition, on September 7, 2022, and later, the City Defendants produced almost every document requested by Plaintiffs, including Defendant Burmaster's entire personnel file; Defendant Burmaster's entire civil service file; all NOPD Civil Services disciplinary records related to Defendant Burmaster's shooting of Plaintiffs' dog; all reports and body-camera videos related to the incident in which Plaintiffs' dog was shot; all records of complaints about dog shooting incidents not involving Plaintiffs' dog, by any NOPD officer, without regard to whether such complaint was sustained; Defendant Burmaster's training records; and all policies and procedures of the NOPD relating to animals.[9] In addition, among other documents produced to Plaintiffs on September 7, 2022, the City Defendants produced Defendant Burmaster's complete "PIB Officer Complaint History Short Report" (the "Short Report").[10] The Short Report identifies any rule alleged to be violated by the officer and shows the disposition of the investigation.

On September 7, 2022, Plaintiffs' counsel sent a four-page letter containing a long list of "issues" about which he wished to meet and confer.[11] Plaintiffs' counsel predicted, "[i]f we cannot reach resolution, we intend to file a motion to compel and seek attorneys fees."[12]

Subsequently over the course of weeks, counsels engaged in multiple telephone conversations and emails regarding discovery. The City Defendants acceded to almost every discovery demand made by Plaintiffs. The City Defendants continue to search their electronic and physical files and have agreed to produce more relevant and responsive material when/if it is found.[13]

---

[9] Exhibit 3, Declaration of Jonathan Adams, ¶¶ 4, 6.
[10] Ex. 1, Bates numbered City Defendants 002018-26; Exhibit 3, Declaration of Jonathan Adams, ¶ 5.
[11] Ex. 2, September 7, 2022, letter from William Most to Jonathan Adams; Exhibit 3, Declaration of Jonathan Adams, ¶ 7.
[12] Id., p. 1.
[13] Exhibit 3, Declaration of Jonathan Adams, ¶ 8.

On October 25, 2022, Plaintiffs filed the instant Motion to Compel, seeking to compel an additional answer to Interrogatory number 6 and an additional response to Request for Production number 3.

## LAW AND ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Crosby v. Louisiana Health Service and Indem. Co*, 647 F.3d 258, 262 (5th Cir. 2011) (citations omitted). A party is not authorized to obtain discovery that is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(1). See *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (discovery should not be "misapplied so as to allow fishing expeditions in discovery.").

### 1. **Plaintiffs fail to carry their burden to show that the requested records are relevant to their claims.**

"In addressing a motion to compel, the moving party bears the burden to establish that the materials requested are within the scope of permissible discovery, after which the burden shifts to the party resisting discovery to show why the discovery is irrelevant, why discovery should not be permitted, and/or to substantiate its objections." *Lou v. Lopinto*, 2022 WL 1447554, at *8 (E.D. La. Mar. 24, 2022) (citing *Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr.

13, 2016).[14]  In their Motion to Compel, Plaintiffs demand that the City Defendants produce "all complaints about Burmaster's service as an officer" but fail to explain at all why "these documents are relevant to Plaintiffs' claims."[15]

The records of complaints about Defendant Burmaster that are at issue in the Motion to Compel are identified in Defendant Burmaster's Short Report, which was produced to Plaintiffs on September 7, 2022,[16] and consist of following incidents:

- Accusation received **April 24, 2008**, PIB Control Number 2008-0306-C, allegation: violation of Rule 2: Moral Conduct: Para. 06 – Unauthorized Force – Not Sustained, Final Disposition: Charges Disproven; and Rule 4: Performance of Duty: Para. 02 – Instructions form Authoritative Source – Not Sustained, Final Disposition: Charges Disproven.[17]

- Accusation received **May 14, 2010**, PIB Control Number 2010-0673-C, allegation: violation of Rule 2: Moral Conduct: Para. 06 – Unauthorized Force – Not Sustained, Final Disposition: Charges Disproven; Rule 3: Professional Conduct: Para. 01 – Professionalism – Not Sustained, Final Disposition: Charges Disproven; Rule 4: Performance of Duty: Para. 02 – Instructions from Authoritative Source – Not Sustained, Final Disposition: Charges Disproven; Rule 4: Performance of Duty: Para. 04 – Neglect of Duty – Not Sustained, Final Disposition: Charges Disproven.[18]

- Accusation received **March 25, 2013**, PIB Control Number 2013-0233-C, allegation: violation of Rule 2: Moral Conduct: Para. 01 – Adherence to Law – Unfounded, Final Disposition: Unfounded; and Rule 3: Professional Conduct: Para. 01 – Professionalism – Unfounded, Final Disposition: Unfounded.[19]

- Accusation received **May 19, 2013**, PIB Control Number 2013-0398-C, allegation: violation of Rule 3: Professional Conduct: Para. 01 – Professionalism – Not Sustained, Final Disposition: Not Sustained; and Rule 2: Moral Conduct: Para. 02 – Courtesy – Not

---

[14] Plaintiff's counsel is also counsel for the plaintiff in *Lou v. Lopinto*, E.D. La. Case no. 21-cv-00080-WBV-DPC. In their Motion to Compel, Plaintiffs cited an unpublished order of the court in *Lou. Lou v. Lopinto*, 21-cv-00080-WBV-DPC, R. Doc. 79 at *14 (E.D. La., May 31, 2022) with the following quote in parenthesis, "ordering production of any law enforcement employer's disciplinary action taken against him individually involving facts similar to those at issue in this case." However, Plaintiffs did not cite the opinion that the court in *Lou v. Lopinto* issued on March 24, 2022, which is published on Westlaw, which demonstrates several important limitations to Plaintiffs' right to obtain discovery of records of prior complaints in connection to their *Monell* action. This order is discussed more fully below.
[15] Doc. 34-1, p. 1.
[16] Ex. 1, Short Report. Plaintiffs cited Defendant's Short Report in their Amended Complaint. Doc. 36, ¶ 73.
[17] Ex. 1, City Defendants 002018.
[18] Id., City Defendants 002018-19.
[19] Id., City Defendants 002020.

Sustained, Final Disposition: Not Sustained; Rule 2: Moral Conduct: Para. 06 – Unauthorized Force – Exonerated, Final Disposition: Exonerated.[20]

- Accusation received **February 24, 2016**, PIB Control Number 2016-0137-P, allegation: violation of Rule 3: Professional Conduct: Para. 01 – Professionalism – Not Sustained, Final Disposition: Not Sustained.[21]

- Accusation received **June 1, 2020**, PIB Control Number 2020-0241-R, allegation: violation of Rule 5: Rest Activities: Para. 01 – Fictitious Illness or Injury – Not Sustained, Final Disposition: Not Sustained.[22]

- Accusation received **December 20, 2021**, PIB Control Number 2021-0707-R, allegation: violation of Rule 4: Performance of Duty: Para. 04 – Neglect of Duty – NOPD Policy: Chapter 61.7 Traffic Crash Response and Reporting - Not Sustained, Final Disposition: Not Sustained.[23]

- Accusation received **January 6, 2022**, PIB Control Number 2022-0008-P, allegation: violation of Rule 4: Professional Conduct: Para. 01 – Professionalism – Not Sustained, Final Disposition: not yet entered.[24]

The City Defendants, in the spirit of compromise and cooperation, produced Defendant Burmaster's entire personnel record and produced records of disciplinary actions which were sustained, even though none of the sustained disciplinary actions involved dogs or animals. The City Defendants never conceded that any of these produced records were relevant to Plaintiffs' claims or admissible for any purpose. The City Defendants withheld the records of disciplinary actions listed above due to irrelevance, undue prejudice, and confusion to the jury.

Plaintiffs are required to establish that the records that they seek in the instant Motion to Compel are relevant. They have failed to do so. Their Motion to Compel should be denied on this basis.

---

[20] Id., City Defendants 002020-21.
[21] Id., City Defendants 002022.
[22] Id., City Defendants 002024-24.
[23] Id., City Defendants 002025.
[24] Id., City Defendants 002025-26.

2. __The withheld records do not involve incidents with dogs or animals and are not relevant to Plaintiffs claims.__

Plaintiffs, in the instant case, must prove that their claimed deprivation of constitutional rights was caused by the City Defendants' "official policy, widespread practice, or custom." *Brown v. City of Alexandria*, 2022 WL 951407, *4 (W.D. La. Mar. 29, 2022). "Where prior incidents are used to prove a pattern, they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Id*., *5 (punctuation omitted, citing *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 850 (5th Cir. 2009). A prior incident is relevant to a city's knowledge of the need for training or supervision only if the prior incident gave rise to a similar constitutional violation. See *Weiland v. Palm Beach City. Sheriff's Office*, 792 F.3d 1313, 1328 n. 21 (11th Cir. 2015) (allegations of "thousands of contacts" with mentally ill people and "numerous police shootings" of mentally ill did not demonstrate knowledge that training was inadequate there was proof that prior incidents gave rise to "similar constitutional violations").

In this regard, a plaintiff must show prior incidents that reflect "similarity and specificity; prior indications cannot be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Id*.; see also *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 851 (5th Cir. 2009) ("A pattern requires similarity and specificity; [p]rior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question."); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 412, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997) ("[t]he connection between the background of the particular [defendant] and the specific constitutional violation alleged must be strong.").

*Lou v. Lopinto*, *supra*, is instructive. In *Lou*, plaintiffs' autistic son died after being subdued by police offers during a "severe, acute sensory episode." *Id*. at *1.  The plaintiffs in *Lou*, like the

Plaintiffs in the instant case, sought production of records unrelated to the issues in their case and filed a Motion to Compel when the defendants declined to produce such records. The plaintiffs sought, among other things, "all files involving and investigations of any prior claim or complaint made against [the defendants or any officer identified in certain other interrogatories]." *Id*. at *11.

The court held that the plaintiffs were not entitled to obtain records of all claims, complaints, or investigations. The court noted that "prior complaints against defendants are discoverable in a §1983 action so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity" *Lou* at *9. The court declared that "[d]iscovery must be tethered to the issues raised by the pending case." *Id*. at *1. Accordingly, because the case involved an incident involving the subduing of an autistic child, the court limited the plaintiffs' discovery to records regarding "efforts to subdue, with use of force or restraints . . . persons resisting arrest, experiencing excited delirium, experiencing an episode due to a disability, emotionally disturbed persons, or persons suffering compression asphyxia or positional asphyxia." *Id*.

In this case, as in *Lou*, Plaintiffs' discovery must be "tethered to the issues raised" in their case. The instant case involves a constitutional claim of deprivation of property, *i.e.,* shooting of a dog. This is not a case involving excessive force against a human. Complaints concerning Defendant Burmaster's interactions with humans, including use of force, are not relevant to City Defendants' hiring, training or supervision with respect to Defendant Burmaster's interactions with dogs. See *Brown*, *supra* at *4 (in a case that alleged excessive force, records of complaints and investigations not involving excessive force were not admissible). None of the records sought by the Plaintiffs in the Motion to Compel involve a constitutional claim of deprivation property

due to shooting of a dog. The records are not relevant to Plaintiffs' claims and are therefore outside the scope of permissible discovery. Plaintiffs' motion should be denied.

The cases cited by Plaintiffs are consistent with this result. For example, in *Chauvin v. Lee*, No. 99-2200, 2000 WL 567006 (E.D. La. May 8, 2000), the court permitted discovery of portions of an officer's Internal Affairs Division and personnel records which were relevant to the plaintiffs' claims of excessive force, unlawful arrests and unlawful searches and seizures, and state law torts, but denied discovery as to irrelevant material. Similarly, in *Cannon v. Lodge*, No. 98-2859, 1999 WL 600374, *1 (E.D. La. Aug. 6, 1999), in a case involving excessive force, the court limited discovery to "complaints and investigations of alleged excessive force on the part of the defendant officers."

*Serigne v. Preveau*, 2013 WL 1789520 (E.D. La. April 26, 2013), is inapt. In that case, the defendant waived its discovery objections due to late responses. In *Serigne*, the court noted, that "while [defendant] may have had valid objections at one time, these objections had been waived[.]" *Id* *7. Further, in *Serigne*, the defendant argued that records of complaints were not relevant solely on the sole ground that the complaints were not sustained. *Id*. *5. In contrast, in the instant case, the City Defendants did not waive their objections due to late responses.

In any event, complaints that were non-sustained, unfounded, or exonerated are, except in limited circumstances, not probative. *Mascogni v. Schlumberger Tech. Corp.*, 2017 WL 3648315 (W.D. La. August 22, 2017), which was discussed by counsels during their meetings, held that prior suits for FLSA overtime violations, which did not result in a finding of FLSA violations, provided no "significant probative evidence" to support a claim in the context of a motion for summary judgment. *Id*. *7. The distinction of who decides that a complaint is without merit does

not affect the relevance of such a complaint. *Mascogni* demonstrates that unless and until an allegation is supported by some indicia of reliability, a bare allegation is not probative.

Plaintiffs argue in their Motion to Compel that "rejection of repeated complaints" may support their claim. However, Plaintiffs fail to cite any binding authority for this proposition.[25] More importantly, this is not a case involving rejection of repeated complaints. As Plaintiffs point out in their Amended Complaint, NOPD has appropriately disciplined Defendant Burmaster on a number of occasions in his 22 years of service.[26] This argument fails to support Plaintiffs' Motion to Compel.

### 3. __Interrogatory number 6 is moot.__

Defendant Burmaster's Short Report, which was produced to the Plaintiffs on September 7, 2022, fully identifies every "officer- or citizen-initiated complaint, and any suspension, write-up, probation, reprimand, or other discipline Derrick Burmaster received as an NOPD employee." Therefore, without waiving the objection as to the relevance, discoverability, or admissibility of such information, the City Defendants have fully answered Plaintiffs' Interrogatory number 6. Plaintiffs' Motion to Compel as it relates to this Interrogatory should therefore be denied as moot.

### 4. __Request for Production No. 3 contains no temporal limitation.__

"Courts regularly limit the time periods subject to discovery involving *Monell* claims." *Lou v. Lopinto*, 2022 WL 1447554, at *11 (citations omitted). Generally, discovery of prior complaints is limited to five years. *Id*. (limiting discovery to five years); *Adams v. City of New Orleans*, No. CV 15-1543, 2017 WL 713853, at *2 (E.D. La. Feb. 23, 2017) (limiting discovery to a 5-year period); *Brown v. City of Alexandria*, 2022 WL 951407, *9 (W.D. La. Mar. 29, 2022). (plaintiffs'

---

[25] Doc. 34-1, p. 7, 8.
[26] See Doc. 36, Amended Complaint, ¶75 (according to Plaintiffs, "Burmaster has had dozens of allegations of NOPD rule violations brought against him, and at least __twenty__ of them were sustained by NOPD"). See Ex. 1 (Short Report).

requests for information covering a 10- to 15-year period were overly broad and should be limited to a 5-year period preceding the incident).

Neither Request for Production number 3 nor Interrogatory 6 have any temporal limitation. The requests are overbroad and seek material that is too remote in time to be relevant to Plaintiffs' claims. For that reason, Plaintiffs are not entitled to discovery of any complaints prior to April 10, 2016. Plaintiffs' Motion to Compel should be denied with respect to those requests.

### 5. **Plaintiffs are not entitled to attorneys fees or expense.**

A court must award fees and costs if a Motion to Compel is granted. Fed. R. Civ. P. 37(a)(5)(A). "However, a court is not required to award fees and expenses if other circumstances make an award of expenses unjust. *Brown*, *10 (citing Fred. R. Civ. P. 37(a)(5)(A)(iii)). As shown above, Plaintiffs discovery Motion to Compel should be denied because their requests are overbroad, moot, and seek material that is irrelevant and otherwise outside the scope of discovery. An award of fees or expenses is therefore not warranted. See *Brown*, *10 ("the City was largely justified in asserting that [the plaintiff's] remaining production requests were overly broad, unduly burdensome, moot, or otherwise outside the scope of discovery. Therefore, an award of fees and expenses is unwarranted.").

## CONCLUSION

For the foregoing reasons, the defendants, Shaun Ferguson, and the City of New Orleans, respectfully request that the Court deny Plaintiffs' Motion to Compel and their request for fees and expenses.

Respectfully submitted:

*/s/ Jonathan H. Adams*
**JONATHAN H. ADAMS, LSB #29061**
ASSISTANT CITY ATTORNEY
Jonathan.Adams@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

**Counsel for Shaun Ferguson and the City
of New Orleans**