# Most & Associates

201 St. Charles Ave., Ste. 114, # 101 ♦ New Orleans, LA 70170

| (504) 509-5023 | mostlawoffice.com | williammost@gmail.com |

Jonathan Adams                                                                         September 7, 2022

City of New Orleans | Law Department

1300 Perdido Street, Room 5E03 | New Orleans, LA 70112

Via email to Jonathan.Adams@nola.gov

Re:      Meet and Confer about City/Ferguson Discovery Responses in *Brown v. Burmaster*

Dear Jonathan,

We received your client's discovery responses. Below are issues to meet and confer about. If we cannot reach resolution, we intend to file a motion to compel and seek attorneys fees.

Furthermore, many of your objections are nearly identical, verbatim to the objections found to be improper boilerplate in *Weatherspoon v. 739 Iberville*, LLC 21-cv-225-CJB-KWR, R. Doc. 42 at *10 (E.D. La. March 18, 2022). Fees were awarded in that case.

## A.  General Objections:

The court has found that "general objections are improper" and are subject to being stricken. *Weatherspoon v. 739 Iberville*, LLC 21-cv-225-CJB-KWR, R. Doc. 42 at *10 (E.D. La. March 18, 2022). Your general objections therefore have no weight whatsoever.

## B.  Interrogatories:

Please provide a verification page for the interrogatory responses.

Interrogatory # 2: Your answer is non-responsive. Your client knows perfectly well what a "complaint" is, given that it made requests about "complaints" in discovery to Plaintiffs. Will you provide all lawsuits and complaints to New Orleans Police Department Public Integrity Bureau, Independent Police Monitor, and City of New Orleans Risk Management Division regarding any employee of the NOPD injuring or killing a nonhuman animal?

Interrogatory No. 3: This request asked about training. You answered about policy. Will you provide a responsive answer?

Interrogatory No. 5: Which of these persons do you contend is represented by counsel? Just the ones that say "through counsel"?

Interrogatory No. 6: Please provide any legal authority for withholding complaints that a Defendant did not sustain. If not, will you please provide complaints that were either not sustained, or unfounded, or exonerated?

## C. Requests for Production

These folders in the production were empty:

- evidence.com_evidence_package_1_of_1_created_2022-04-05T19_24_24Z
- evidence.com_evidence_package_1_of_1_created_2022-04-05T19_24_51Z
- evidence.com_evidence_package_1_of_1_created_2022-04-06T13_35_09Z
- evidence.com_evidence_package_1_of_1_created_2022-04-06T13_35_23Z

Will you provide the contents?

RFP # 3: Please provide any legal authority for withholding complaints that a Defendant did not sustain. If not, will you please provide complaints that were either not sustained, or unfounded, or exonerated?

RFP # 4/5: The requests ask about training. No training documents were provided. Will you provide?

RFP # 8: Will you provide all responsive emails to or from any NOPD/PIB/OIPM employee, from the date of the first time Burmaster shot a dog to the present?

RFP # 11: IAPro is the software used by OIPM and PIB to record officer information. It is referenced in the documents you provided at CITY DEFENDANTS – 001524. The Early Warning system is mandated by the NOPD Consent Decree. *See* Consent Decree at ¶ 316 *et seq*. The response that you do not know what the IAPro or the Early Warning system proves that you did not conduct a reasonable inquiry before responding to discovery. Will you please provide responsive documents, including all Use of Force Review Board documents (powerpoint presentation, audio, etc.)?

RFP # 12: Please provide communications with OIPM and OCDM. Will you provide?

RFP # 13:   Your answer that there is no *Brady* or *Giglio* material regarding Burmaster is not credible. For example, the PIB report is itself *Giglio* material, because it explicitly finds Burmaster to be not credible. Will you provide all Brady or Giglio material regarding Burmaster?

RFP # 14: Your privilege log indicates that there were documents marked privileged, but does not take a position on whether they *were* privileged. If the reports were not for the purpose of seeking legal advice, they are not privileged, regardless of whether an attorney was copied. Will you specify whether and why you contend they are privileged?

## D. Confidentiality Designation

As you know, the Court issued a protective order giving the parties limited discretion to designate certain documents as confidential. R. Doc. 24. Those documents are limited to "medical information, trade secrets, or other confidential research, development, or commercial information. *Id.*

But even though your document production does not appear to contain any documents matching those criteria, you have designated the *entirety* of the document production, including officer disciplinary records, as CONFIDENTIAL.

Every single page of the 2208-page document production was designated as confidential. You even designated as confidential a list of animal shootings with officers' names other than Burmaster redacted. CITY DEFENDANTS – 001790. You designated as confidential documents you previously provided before the protective order was in place. E.g., CITY DEFENDANTS – 002122. You designated as confidential documents provided by Plaintiffs *to you*. E.g., CITY DEFENDANTS – 002125. This is improper.

Recently, the Fifth Circuit issued a strong caution against the casual practice of designating as confidential and sealing documents:

> In our view, courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards relevant here. The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies "[o]nce a document is filed on the public record"— when a document "becomes a 'judicial record.'"

*Binh Hoa Le v. Exeter Fin. Corp.,* 20-10377 at *13 (5th Cir., March 5, 2021).

The court articulated situations that might justify the confidentiality and sealing of records – such as "trade secrets or the identities of confidential informants" (*id*. at pg. 11) and "sensitive information that, if disclosed, could endanger lives or threaten national security" (*id*. at pg. 14). But for most cases, the court concluded:

> Legal arguments, and the documents underlying them, belong in the public domain. American courts are not private tribunals summoned to resolve disputes confidentially at taxpayer expense. . . . With great respect, we urge litigants and our judicial colleagues to zealously guard the public's right of access to judicial records—their judicial records—so "that justice may not be done in a corner."

*Id*. at 18.

Here, the documents designated as confidential are not "sensitive in nature" – indeed, they can largely be obtained through a public records request.

In *City of Baton Rouge v. Capital City Press*, 2007-1089 (La. App. 1st Cir., 10/10/2008), a Public Records Act request case, the Louisiana's First Court of Appeal "d[id] not find any legitimate reasonable expectations of privacy on behalf of any of the police officers who were investigated." Specifically, the court found the disciplinary files at issue "were not related to private facts," rather, they "concerned public employees' alleged improper activities in the workplace." The court cited Steven D. Zansberg & Pamela Campos, Sunshine on the Thin Blue Line: Public Access to Police Internal Affairs Files, 22 Comm. Law. 34 (Fall 2004), noting, "Although police officers may have a legitimate privacy interest in certain narrowly circumscribed portions of files concerning their off-duty, private conduct,

they do not enjoy a reasonable expectation of privacy with respect to records concerning only how they discharge their official duties."

For that reason, the Eastern District of Louisiana recently granted a motion to de-designate officer disciplinary records as confidential. *See Rogers v. Smith*, 20-cv-00517-JTM-DMD, R. Doc. 145 at pg. 10 (E.D. La. Oct. 1, 2021) ("IT IS ORDERED that the Motion to Remove the Confidentiality Designation from Defendants' Police Officer Disciplinary Records (Rec. Doc. No. 64) is GRANTED.")

Will you please remove the confidentiality designation from the produced documents?

**E.      Unilateral Redaction**

You also appear to have engaged in unilateral redaction of many of the documents. This is improper.

Drawing upon cases around the country, the Eastern District of Louisiana recently summarized this rule and its rationale in *Shell Offshore, Inc. v. Eni Petroleum US LLC*, 2017 WL 11536165, at \*4–5 (E.D. La. Aug. 28, 2017). The Court explained (citations here omitted) that "redaction of otherwise discoverable documents is the exception rather than the rule," and "ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case."

Accordingly, redaction of relevant documents is permissible "only when necessary to protect privileged material." Redaction "is, after all, an alteration of potential evidence," and "a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." And "irrelevant information within a document that contains relevant information may be highly useful to provide context for the relevant information." Therefore, "[g]enerally, the Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored."

Will you please remove all redactions other than social security numbers?

Very truly yours,

William Most