# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CITY OF NEW ORLEANS' AND SHAUN FERGUSON'S MEMORANDUM IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' MONELL CLAIM

NOW INTO COURT, through undersigned counsel, come defendants, the City of New Orleans (the "City") and Shaun Ferguson ("Superintendent Ferguson") (collectively referred to as the "City Defendants"), who submit the following Rule 12(b)(6) Motion to Dismiss Plaintiffs' Monell Claim. Specifically, City Defendants move to dismiss the cause of action entitled "Sixth Cause of Action – Monell Liability," which Plaintiffs added in their First Amended Complaint (the "Amended Complaint"),[1] together with any claim asserted against Superintendent Ferguson in his official capacity (collectively referred to as the "Monell Claim").[2]

As is explained below, in order to adequately plead their Monell Claim, Plaintiffs must, among other things, allege facts to demonstrate that the City Defendants were deliberately indifferent to allegedly inadequate training, supervision and discipline of New Orleans Police

---

[1] See Doc. 36., ¶¶ 112-117 ("Sixth Cause of Action – Monell Liability").
[2] See Id., ¶ (stating that Shaun Ferguson, Superintendent of the New Orleans Police Department, "is sued in his individual and official capacities."). Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).

Department ("NOPD") officer, co-defendant Derek Burmaster ("Defendant Burmaster"), with respect to use of force upon dogs. However, Plaintiffs fail to allege facts sufficient to show a pattern or a single incident to show deliberate indifference by the City Defendants. In fact, Plaintiffs can allege only one other occasion in which Defendant Burmaster used force against a dog in the last ten years and cannot allege that such incident involve a constitutional deprivation of property under the Fourth Amendment. Further, Plaintiffs fail to allege any particular failure in training, supervision or discipline of Defendant Burmaster by NOPD. Plaintiffs can only allege that they lost their dog and that Defendant Burmaster's employment history contained other incidents not related to dog encounters.

Plaintiffs' allegations of generalized complaints against Defendant Burmaster fail to support a claim that the City Defendants were deliberately indifferent to the constitutional rights of Plaintiffs relating to ownership of their dog. Plaintiffs therefore fail to adequately plead sufficient facts to state a a cause of action for municipal liability against the City or Superintendent Ferguson under 42 U.S.C. § 1983 based on *Monell v. New York City Dept. of Social Services*.[3] The Monell Claim should be dismissed pursuant to Rule 12(b)(6).

## ALLEGATIONS OF THE AMENDED COMPLAINT

This case arises from the shooting of Plaintiffs' dog by Defendant Burmaster.[4] The Amended Complaint, like the original Complaint (Doc. 1), describes a single constitutional harm allegedly suffered by Plaintiffs – the deprivation of Plaintiffs' property resulting from the shooting of Plaintiffs' dog by Defendant Burmaster.[5]

---

[3] 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978).
[4] Doc. 36, ¶ 101.
[5] See Id., ¶¶ 52, 77-80, 84 (the shooting of Plaintiffs' dog "deprived Plaintiffs of a protected property interest" and "violated the Due Process Clause of the 14th Amendment").

With respect to the Monell Claim, Plaintiffs allege that the City was "deliberately indifferent" to Plaintiffs' "constitutional rights" by "failing to adequately train, supervise and discipline Burmaster[.]"[6] In addition, Plaintiffs assert that the City "declined to implement sufficient training, sufficient policies, or any legitimate mechanism for oversight or punishment of Burmaster."[7] Plaintiffs do not allege the date that Defendant Burmaster was hired by the NOPD, but allege the existence of a personnel action occurring as early as 2008.[8] Plaintiffs allege that Defendant Burmaster was "noted" by NOPD to "use force," which according to Plaintiffs occurred up to thirty times in ten years, but fail to state whether such previous use of force was justified.[9] Importantly, although Plaintiffs allege that Defendant Burmaster used force against a dog in 2012, Plaintiffs do not allege that use of force in that instance was improper.[10]

## LAW AND ARGUMENT

### A. Dismissal under Rule 12(B)(6).

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not strictly necessary, but the pleading must present "more than an unadorned,

---

[6] Doc. 36, ¶ 114.
[7] Id., ¶ 115.
[8] Id., ¶ 73.
[9] Id., ¶ 116. See also Id., ¶ 73 (alleging NOPD disciplinary actions against Defendant Burmaster involving "use of force" in 2008, 2010, 2012 and 2013); and ¶ 75 (alleging "dozens" of allegations Defendant Burmaster of NOPD rule violations, and twenty disciplinary actions that were sustained by NOPD).
[10] Id., ¶¶ 67-70 (in 2012, Defendant Burmaster shot a dog. Plaintiffs do not allege that this shooting violated any person's constitutional rights).

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court will accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

### B. Plaintiffs' Amended Complaint fails to state a *Monell* claim under Section 1983.

In order to state a claim of municipal liability under *Monell*, a plaintiff must plead facts to support the following elements: (1) the municipality had a policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is the policy or custom. *Jackson v. Valdez*, 852 Fed. Appx. 129, 134-135 (5th Cir. 2021) (per curiam) (citing *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753 (5th Cir. 2009)); see also *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The initial inquiry in analyzing a *Monell* claim is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dept of Soc. Servs.*, 436 U.S. at 694).

In support of their Monell Claim, Plaintiffs allege that the City did not "adequately train, supervise and discipline Burmaster[.]"[11] Presumably, Plaintiffs argue that an inadequate level of training, supervision and discipline provided to Defendant Burmaster constituted a policy or custom of the City Defendants.

In limited circumstances, a failure to train police officers by a municipality may constitute a policy for purposes of § 1983 liability, but only if the failure to train reflects "deliberate

---

[11] Doc. 36, ¶ 114.

indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipality's responsibility for a deprivation of rights is at its "most tenuous" with respect to a claim of failure to train. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823 (1985)). To state a claim of failure-to-train under Section 1983, a plaintiff must allege: (1) the municipality's training procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused the constitutional violations in question. *Valdez*, 852 Fed. Appx. at 135 (citing *World Wide*, 591 F.3d at 756); see also *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010).

"Deliberate indifference is a high standard." *Valdez*, (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)) ("[A] showing of simple or even heightened negligence will not suffice."). To prove deliberate indifference, a plaintiff must show that "in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers can reasonably be said to have been deliberately indifferent to the need." *Littell v. Houston Indep. School Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) (quoting *Canton v. Harris*, 489 U.S. at 386-92) (punctuation omitted).

There are two ways to prove deliberate indifference: (1) proof by pattern; and (2) a single incident. *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d at 624 (citing *Canton*). Proof by pattern requires that a plaintiff show that municipal employees violated constitutional rights "so often" that the factfinder could infer from the pattern of violations that "the need for further training must have been plainly obvious to the . . . policymakers." *Valdez*, 852 Fed. Appx. at 135 (citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011), and quoting *Canton*, 489 U.S. at 390 n.10)). A pattern

requires "similarity and specificity" and "sufficiently numerous prior incidents." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 1989).

Proof of deliberate indifference by a single incident is the exception to general rule requiring a pattern; it requires a showing that "a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation[.]" *Valdez*, 852 Fed. Appx. at 136 (citing *Bd. of the City Comm'rs v. Brown*, 520 U.S. 397, 409 (1997), and citing *Canton*, 489 U.S. at 390, 109 S.Ct. 1197). This "single-incident exception" exists only where the "risk of constitutional violations" was or should have been an "obvious" or "highly predictable consequence" of the alleged training inadequacy." *Id.* (quoting *Littell*, 894 F.3d at 624).

Plaintiff's Amended Complaint fails to state a § 1983 claim against the City and Superintendent Ferguson for several reasons:

1. **Plaintiffs fail to allege facts demonstrating a plausible direct causal link between Defendant Burmaster's employment history and the shooting of Plaintiffs' dog.**

Plaintiffs fail to adequately allege a direct causal link between the adequacy of the City Defendants' training, supervision of Defendant Burmaster, as demonstrated by the discipline history of Defendant Burmaster, and the alleged constitutional deprivation of the Plaintiffs. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dept of Soc. Servs.*, 436 U.S. at 694) (a *Monell* claim requires a direct causal link between a policy and the alleged constitutional deprivation).

Plaintiffs allege that they suffered a Fourth Amendment seizure of their dog.[12] However, except for one instance, none of the various prior disciplines of Defendant Burmaster alleged by Plaintiff involved dogs. Further, other than generally describing some of the incidents for which

---

[12] Doc. 36, ¶¶ 77-80.

complaints were made against Defendant Burmaster as involving "use of force" (without regard to whether such complaints were sustained or not), Plaintiffs do not describe the facts or circumstances of any prior disciplines. In addition, Plaintiffs do not allege that any of the prior disciplines (except for the prior dog incident) involved a dog or the use of a firearm.

Significantly, Plaintiffs utterly fail to explain how any of the prior incidents in Defendant Burmaster's lengthy employment history made it "obvious" to the City Defendants that Defendant Burmaster would shoot Plaintiffs' dog. See *Connick*, 563 U.S. 61 ("Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action")(punctuation omitted) (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)). There is nothing "obvious" about Defendant Burmaster's unspecified use of force against humans that would necessarily lead to Defendant Burmaster's shooting of Plaintiffs' dog. Plaintiffs have failed to adequately allege that any policy of inadequate training, supervision or discipline directly caused their dog to be shot. See *Valdez*, 852 Fed. Appx. at 135. Plaintiffs' conclusory allegations are insufficient to support their Monell Claim. See, generally, *Iqbal* and *Twombly*.

### 2. Plaintiffs do not allege any actual policy or custom that resulted in the shooting of the dog.

Plaintiffs do not identify any actual municipal policy, custom, or practice which was the driving force behind Defendant Burmaster's shooting of Plaintiffs' dog. For purposes of a *Monell* claim, a complained-of policy or custom alleged must consist of "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000).

7

Plaintiffs' Amended Complaint contains no allegations of such a policy or custom. In fact, Plaintiffs' Amended Complaint concedes that NOPD's policy manual required its officers to develop "reasonable contingency plans for dealing with (an) animal" for which they have sufficient warning and that officers may "use firearms to stop an animal . . . (if it) appears to pose an imminent threat to human safety and (if) alternative methods are not reasonably available or would likely be ineffective[.]"[13] This NOPD policy clearly sets forth rules for constitutionally-permissible engagement with animals by NOPD officers.

### 3. Plaintiffs fail to articulate deficiencies in the City Defendants' training, supervision or punishment of Defendant Burmaster.

"In order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010). Here, as Plaintiff concedes, NOPD issued a valid policy for police engagement with animals.[14] In addition, Plaintiffs have alleged various occasions in which Burmaster was trained, supervised, and disciplined.[15] However, Plaintiffs fail to allege with specificity how any training, supervision or punishment of Defendant Burmaster was inadequate. The general list of incidents in Defendant Burmaster's history is not sufficient to articulate the manner in which NOPD's training, supervision or discipline of Defendant Burmaster may have been inadequate. See *Id.* ("this Court has previously rejected attempts by plaintiffs to present evidence of isolated violations and ascribe those violations to a failure to train.") (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). Plaintiffs' barebones, generic, "failure to train" allegations are insufficient to state a claim. See *Iqbal, Twombly*.

---

[13] Doc. 36, ¶ 53.
[14] Id.
[15] Id., ¶¶ 73-75 (supervision and discipline); 97 (supervision); 100 (training).

**4. Plaintiffs fail to adequately allege a pattern of prior constitutional violations sufficient to support an inference of deliberate indifference.**

In order to adequately state a *Monell* claim based on deliberate indifference due to failure to train, Plaintiffs must either show a pattern or single incident sufficient to demonstrate deliberate indifference. In order to show a pattern, Plaintiffs must allege the existence of a sufficiently large number of similar constitutional abuses. See *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (a pattern requires "similarity and specificity" and cannot be for "any and all 'bad' or unwise acts" and must involve "sufficiently numerous prior incidents.") (citations omitted). A prior incident is relevant to a city's knowledge of the need for training or supervision only if the prior incident gave rise to a similar constitutional violation. See *Weiland v. Palm Beach City. Sheriff's Office*, 792 F.3d 1313, 1328 n. 21 (11th Cir. 2015) (allegations of "thousands of contacts" with mentally ill people and "numerous police shootings" of mentally ill did not demonstrate knowledge that training was inadequate there was proof that prior incidents gave rise to "similar constitutional violations"). In order to show a pattern, prior acts must be "fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act have involved injury to a third party." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

Here, Plaintiffs allege only one prior use of force incident involving a dog by Defendant Burmaster, which occurred in 2012.[16] Plaintiffs fail to articulate any facts sufficient to show similarity between this previous dog encounter and the instant one, including whether the previous encounter even involved a deprivation of constitutional rights. This prior single incident is not sufficient to create a pattern. See *Valdez*, 852 Fed. Appx. at 136-37 (allegations that sheriff's office

---

[16] Doc. 36, ¶¶ 67-70.

conducted two strip searches and four incidents of sex-based classifications in previous five years did not show a pattern).

In addition, it appears that Plaintiffs may allege that Defendant Burmaster's employment history shows a pattern of use of force. However, the incidents in Defendant Burmaster's employment history involving "use of force" are too dissimilar to the shooting of Plaintiffs' dog and are not numerous enough to demonstrate a pattern. According to Plaintiffs, complaints were made against Defendant Burmaster for "use of force" in 2008, 2010, 2012 and 2013.[17] However, four instances over the course of a 14 years span of employment is not sufficiently numerous to show a pattern for purposes of a *Monell* claim. See *Valdez*, 852 Fed. Appx. at 136-37.

Moreover, Plaintiffs fail to describe the circumstance of the prior "use of force" incidents or whether any such incident involved constitutional violations. Because Plaintiffs fail to allege any context for these complaints, they cannot support a *Monell* claim. See *Peterson*, 588 F.3d at 851 (27 complaints of use of excessive force did not support a pattern "so common and well-settled as to constitute a custom that fairly represents municipal policy" where the plaintiff failed to provide context, including the size of the police department or how many arrests were made) (quoting *Piotrowski v. City of Houston*, 237 F.3d at 579). Finally, and most importantly, none of the incidents in Defendant Burmaster's employment history (except one) involved the shooting of a dog, and thus are too dissimilar to demonstrate a pattern for purposes of a *Monell* claim. See *Estate of Davis ex rel. McCully, supra,* 406 F.3d at 384 (deputy's improper exposure of himself in photography, history of demonstrated lack of judgment, crudity, and "perhaps illegalities," and reports of acting like a "rogue" cop during a traffic stop, did not demonstrate a relevant pattern for with respect to "using deadly force during a traffic stop").

---

[17] Doc. 36, ¶73.

**5. Defendant Burmaster's employment history did not make it apparent that he would shoot a dog.**

The "single-incident exception" is an exception to the requirement that a pattern be shown in order to prove deliberate indifference in a *Monell* claim context. See *Westfall v. Luna*, 903 F.3d 534, 552-553 (5th Cir. 2018). Under this exception, deliberate indifference may exist "where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Id.* (*citing Burge v. St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003)). The single-incident exception "is generally reserved for those cases in thich the government actor was provided no training whatsoever."  See *Pena v. City of Rio Grande City*, 879 F.3d 613, 624 (5th Cir. 2018) (citing *Brown v. Bryan County*, 219 F.3d 450, 453-54 (5th Cir. 2000) and quoting *McClendon v. City of Columbia,* 258 F.3d 432, 442–43 (5th Cir. 2001), *vacated for reh'g en banc,* 285 F.3d 1078 (5th Cir.)*, decision on rehearing en banc,* 305 F.3d 314 (5th Cir. 2002) for the proposition that "there is a difference between a complete failure to train, as in *Brown v. Bryan County*, and a failure to train in one limited area.").

For example, in *Brown v. Bryan County*, 219 F.3d 450 (5th Cir. 2000), a county sheriff failed to provide any training or supervision for a new officer who had a demonstrated history of forcing three or four individuals "to the ground" out of twelve arrests, which an expert testified was excessive. 219 F.3d at 462. The Court held that the total lack of training or supervision, together with the high frequency of forceable arrests, demonstrated the sheriff's deliberate indifference to the unconstitutional forceable take-down arrest of the plaintiff which resulted in injures to the plaintiff. *Id.* at 462-463. See also *Littell*, 894 F.3d at 627 (allegation that school district provided "no training whatsoever" as to how to conduct a lawful search was actionable as a *Monell* claim).

11

In contrast, in *Pena, supra,* a *Monell* claim was asserted against a city based on a failure-to-train theory based on alleged inadequacies in the city's taser-training program. 879 F.3d at 623. The Court noted that the plaintiffs acknowledged that there was some training provided to officers for tasers. Because there was some training, rather than no training, the Court held that the plaintiffs could not satisfy "the exacting test for the narrow single-incident exception" for municipal liability. *Id.* at 624,

Here, unlike *Bryan County* and *Littell*, there is no allegation that the City Defendants provided no training, supervision or discipline of Defendant Burmaster. To the contrary, the Amended Complaint sets forth numerous instances in which Defendant Burmaster was provided policies, training, supervision and discipline by the City Defendants.[18]

Further, unlike in the untrained officer in *Bryan County*, the background of Defendant Burmaster is almost entirely unrelated to the constitutional deprivation alleged by Plaintiffs. See *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 412, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997) ("[t]he connection between the background of the particular [defendant] and the specific constitutional violation alleged must be strong."). The discipline history of Defendant Burmaster that is alleged by Plaintiffs involves only one prior encounter with a dog. Moreover, Plaintiffs do not allege whether this encounter involved an unconstitutional deprivation of property. The other incidents in Defendant Burmaster's employment history involve humans. Use of force against humans is very different than with animals. Among other things, a dog is property; a human is not.[19]

---

[18] See *supra*, footnote 14.
[19] La. R.S 3:2773(A) ("Dogs owned by citizens of this state . . . are declared to be personal property of such citizens.").

Given Defendant Burmaster's employment history, as articulated by Plaintiffs, it cannot be said that it should have been apparent to the City Defendants that Defendant Burmaster's shooting of Plaintiffs' dog was the highly predictable consequence of the program of training, supervision and discipline the City Defendants undertook for Defendant Burmaster. *Monell* liability depends on a finding that "*this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff." *Brown*, 520 U.S. at 412 (emphasis in original). On this record, the City Defendants cannot be deemed deliberately indifferent with respect to their training, supervision or discipline of Defendant Burmaster.

### 6. The City Defendants are not vicariously liable for any alleged constitutional violation committed by Defendant Burmaster.

*Monell* makes it clear that a municipality may not be held liable under § 1983 based solely on the existence of an employer-employee relationship. *Monell,* 436 U.S. at 694; *City of Canton,* 489 U.S. at 392. Therefore, the City Defendants cannot be held vicariously liable for the alleged constitutional violation of Defendant Burmaster.

<u>CONCLUSION</u>

For the above and foregoing reasons, Defendants, the City of New Orleans and Shaun Ferguson, Superintendent of the New Orleans Police Department, respectfully pray that their Motion to Dismiss Pursuant to Rule 12(b)(6) be granted and that Judgment issue dismissing the Monell Claim in Plaintiffs' Amended Complaint with prejudice and at Plaintiff's cost.

Respectfully submitted:

*/s/ James M. Roquemore*_____
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

***Counsel for Shaun Ferguson and the City
of New Orleans***