UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*******************************************************************************

### Consent Motion for Leave to File Second Amended Complaint

Now come Plaintiffs to seek leave of this Court to file a Second Amended Complaint.

The Second Amended Complaint does not add any new claims or parties. Instead, it adds additional factual allegations in support of Plaintiffs' negligent training and *Monell* claims against the City of New Orleans and Shaun Ferguson.

These Defendants have expressed their consent to this Motion.

### I.      Legal Standard and Analysis

Where, as here, a party seeks leave to amend more than 21 days after serving its pleading, service of a responsive pleading, or service of a motion under Rules 12(b), (e), or (f), it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted).

"[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376

1

F.3d 420, 425 (5th Cir. 2004) (*quoting Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Here, the NOPD Defendants have expressed their consent to the filing of the Second Amended Complaint. And there is no reason to suspect undue delay, bad faith, or dilatory motive, as Plaintiffs are amending the complaint to add factual allegations uncovered in discovery. Nor will it cause prejudice, because it does not add any new claims or defenses. Instead, it adds additional factual allegations regarding Officer Burmaster's training. See proposed pleading at ¶¶ 117-135.

## II.     Conclusion

The Motion for Leave to Amend should be granted, and the proposed pleading attached herewith entered by this Court into the record as Plaintiffs' Second Amended Complaint.

Respectfully submitted,

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com