UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEREK BROWN and JULIA BARECKI-BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO:   22-847** |
| **DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS** | **SECTION: "L" (4)** |

**ORDER**

Before the Court is a **Motion to Compel Production of Complaints about Defendant Derrick Burmaster (R. Doc. 34)** filed by the Plaintiffs seeking an order from the Court to compel Defendant Shaun Ferguson and the City of New Orleans to produce all Complaints regarding NOPD officer Derrick Burmaster. The motion is opposed. R. Doc. 41. The motion was heard on November 30, 2022.

**I.      Background**

   **A. Introduction**

Plaintiffs filed this suit on March 31, 2022. R. Doc. 1. This action arises out of the events that occurred on April 20, 2021. *Id*. at 1. Plaintiffs allege that NOPD officer Derrick Burmaster ("Burmaster") and his partner responded to a noise complaint at the home of the Brown family. *Id*. When the officers entered the gate of the home, Plaintiffs allege that two dogs ran towards the officers. *Id*. Plaintiffs contend that Burmaster's partner stepped backward and exited the gate. However, plaintiffs allege that Burmaster withdrew his firearm, firing several shots, striking and killing one of the dogs named Apollo. *Id*. Plaintiffs allege that NOPD's internal affairs division and Use of Force Review Board investigated Burmaster's shooting of Apollo, finding it to be unjustified. *Id*.

Plaintiffs asserted several causes of actions in the complaint including federal civil rights violations of their Fourth, Fifth, and Fourteenth rights by Burmaster. *Id*. at 8. Plaintiffs asserted a state-law claim against NOPD and the City of New Orleans ("NOPD Defendants") for negligent hiring, training, and supervision of Burmaster. Plaintiffs also asserted claims against Defendants for state torts of negligence and negligent infliction of emotional distress, vicarious liability, and indemnity. *Id*. 8-13.

Plaintiffs later filed an amended complaint on October 28, 2022, adding a *Monell* liability claim against the City of New Orleans, and a conversion claim against all defendants. R. Doc. 36.

**B. Instant Motion**

Plaintiffs filed the instant motion on October 25, 2022. R. Doc. 34. In their motion Plaintiffs allege that it's necessary to collect evidence in support of their state-law claim against NOPD Defendants for the negligent hiring, training, and supervision of Burmaster. R. Doc. 34-1, p. 1. Specifically, Plaintiffs allege that they asked NOPD Defendants for *all* complaints about Burmaster's service as an officer. *Id*. Plaintiffs argue that NOPD Defendants provided some documents but refused to provide a set of complaints about Burmaster that NOPD Defendants contend were "not sustained, unfounded, or exonerated." *Id*. Plaintiffs contend that at least five of the complaints specifically involved the use of force. *Id*. Plaintiffs also requests that the Court award attorney fees. *Id*. at 9.

Plaintiffs argue that NOPD Defendants cannot resist federal discovery "just because it has investigated itself and decided certain complaints are not valid." *Id*. at 4. Plaintiffs contend that courts in this district have allowed discovery of law enforcement officers' personnel files when relevant to plaintiffs' claims. Specifically, Plaintiffs cite to *Serigne v. Preveau*, No. 11-3160 (E.D.

2

La. April 25, 2013), arguing that the undersigned Judge allowed discovery of disciplinary action in a particular officer's personnel file without limiting the relevant time period. *Id*. at 5.

NOPD Defendants filed their response in opposition of Plaintiff's motion on November 8, 2022. R. Doc. 41. NOPD Defendants argue that Plaintiffs' motion seeks records of complaints and disciplinary actions against Defendant Burmaster that are not relevant to Plaintiffs' claims arising from the shooting of their dog. *Id*. at 2. NOPD Defendants allege that Plaintiffs demand that they produce all complaints about Burmaster's service as an officer but fail to explain their relevancy. *Id*. at 6.

NOPD Defendants contend that the records of complaints about Burmaster at issue, are identified in Burmaster's Short Report, which was produced on September 7, 2022. *Id*. NOPD Defendants allege that they produced Burmaster's entire personnel record and produced records of disciplinary actions which were sustained, even though none of the sustained disciplinary actions involved dogs or animals. *Id*. at 7.

NOPD Defendants allege that the instant case involves a constitutional claim of deprivation of property, *i.e.,* shooting of a dog, not excessive force against a human. *Id*. Specifically, NOPD Defendants contend that complaints concerning Defendant Burmaster's interactions with humans, including use of force, are not relevant to NOPD Defendants' hiring, training or supervision with respect to Defendant Burmaster's interactions with dogs. *Id*. NOPD Defendants allege that none of the records sought by the Plaintiffs in the Motion to Compel involve a constitutional claim of deprivation of property due to shooting of a dog. *Id*. Thus, it is NOPD Defendants' position that the records are not relevant to Plaintiffs' claims and are therefore outside the scope of permissible discovery. *Id*.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *See* Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court. . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Discovery of documents, electronically stored information, and the like is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things" in the responding party's "possession, custody, or control." *Id.*

### III. <u>Analysis</u>

In discovery in this matter, Plaintiffs propounded discovery requests to NOPD Defendants. At issue in the present motion are Interrogatory No. 6, and Request for Production No. 3. Interrogatory No. 6 asks NOPD Defendants to identify any officer- or citizen-initiated Complaint or disciplinary action that Burmaster received as an NOPD employee. Request for Production No. 3 ("RFP No. 3") asks NOPD Defendants to produce the entire personnel and PIB files for Burmaster, including any records evidencing any complaints or disciplinary action, job performance reviews, written evaluations, assessments, and applications for employment.

NOPD Defendants objected to Interrogatory No. 6 and RFP No. 3 because they seek irrelevant information that is unfairly prejudicial and will lead to jury confusion. Further, NOPD Defendants assert that they will not disclose complaints or PIB files that were either not sustained, or unfounded, or exonerated. NOPD Defendants direct Plaintiffs to see the Public Integrity Bureau records (sustained complaints), Burmaster's Civil Service file, and Burmaster's Personnel file. NOPD Defendants also object to Interrogatory No. 6 and RFP No. 3 on the basis that they do not contain a temporal limitation and thus, are overbroad. R. Doc. 41, p. 11-12. Without waiving their objections, NOPD Defendants further argue that Interrogatory No. 6 is moot because they produced Burmaster's Short Report on September 7, 2022. R. Doc. 41, p. 11.

In response to the objections, Plaintiffs contend that Interrogatory No. 6 and RFP No. 3, are relevant because a *Monell* claim was raised based on repeated problems with Officer Burmaster and the fact that the City took no action. Therefore, the records/information would show that the City had notice of Burmaster's propensity for excessive force but did nothing. Plaintiffs' contended that the City provided complaints that were sustained, and one involving a dog, but withheld all other complaints. Plaintiffs' counsel alleged that Defendants provided descriptions

contained in the Short Report for the five unsustained complaints but did not produce the accompanying records.

However, Defendants' counsel argued that they should not be compelled to produce the records beyond the descriptions in the Short Report because they do not concern "dog encounters" and thus, are irrelevant. Defendants' counsel agreed to produce the records/information of the 2012 incident of a dog killing by Burmaster.

The Court overrules the Defendants' relevancy and temporal limitation objection for Interrogatory No. 6 and RFP No. 3. The Court finds that to the extent sustained or unsustained complaints relate to the use of excessive force by Burmaster, they are deemed relevant. *See Woods v. City of St. Louis Police Dep't*, No. 4:07CV931 SNLJ, 2009 U.S. Dist. LEXIS 49622, 2009 WL 1650093, at *2 (E.D. Mo. June 12, 2009) (finding that plaintiffs were entitled to discovery of unsustained complaints because they met the minimal threshold of relevance necessary to be discoverable). The Court further finds that given the *Monell* claim, the records/information pertaining to Burmaster's use of excessive force are relevant as required under Rule 26, because it goes to whether the City adhered to its duty of training officers and took action against officers that violate policy.

Additionally, the Court finds that general complaints of any kind against Burmaster are not subject to discovery because they are not proportional to the needs of the case, as there must be a threshold of relevancy met. Therefore, the Court finds that complaints other than excessive force are not relevant. Plaintiffs' request for general complaints against Burmaster beyond excessive force appear purely speculative.

The Court also notes that because Defendants voluntarily released some of the requested information in the Short Report, pertaining to unsustained complaints regarding Burmaster's

excessive force against people, it constitutes a waiver as to the unsustained supporting records involving people and dogs. Therefore, Defendants are ordered to produce records/information related to sustained and unsustained complaints against Burmaster for use of excessive force.

Plaintiffs also requested an award of attorney's fees associated with the filing of this motion. During oral argument, Defendants' counsel argued that Plaintiff is not entitled to attorney's fees because Plaintiffs moved to compel seeking *all* complaints against Burmaster, and the Court has ruled that Plaintiffs are only entitled to complaints that relate to Burmaster's use of excessive force. Since the Court issued a partial grant and partial denial, the Court finds that the attorney's fees request is DENIED.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion to Compel Production of Complaints about Defendant Derrick Burmaster (R. Doc. 34)** is **GRANTED in part** and **DENIED in part** consistent with the opinion above.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** as to Defendants' production of records/information related to complaints against Burmaster solely for use of excessive force. Defendants must produce the records/information within 45 days from the issuance of this Order.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to an award of attorney's fees to Plaintiffs.

New Orleans, Louisiana, this 16th day of December 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**