UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

**SHAUN FERGUSON'S AND THE CITY OF NEW ORLEANS'
MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDER AND
REQUEST FOR STATUS CONFERENCE**

NOW INTO COURT, through undersigned counsel, come Defendants Shaun Ferguson and the City of New Orleans (the "City Defendants") who, pursuant to Federal Rule of Civil Procedure 54(b), hereby move this Honorable Court for an extension of 14 days to produce records/information related to complaints against Defendant Burmaster related to use of excessive force. In addition, the City Defendants request the Court to set a status conference near the end of the said 14 day extension so that the Court may be advised as to progress towards compliance with the Court's Order. In support, of these requests, the City Defendants show the Court the following:

**BACKGROUND**

On December 16, 2022, following a hearing on November 30, 2022, the Court issued an Order (Doc. 61) (the "Order") which granted in part Plaintiffs' Motion to Compel Production of Complaints about Defendant Derrick Burmaster (Doc. 34). In the Order, the Court required the City Defendants to produce "records/information related to complaints against Burmaster solely

for use of excessive force."[1] The Court Ordered the City Defendants to produce the records/information within 45 days from the issuance of this Order. The due date for compliance with the Order was set for January 30, 2023.

On December 1, 2022, counsel for Plaintiffs confirmed with counsel for the City Defendants that the Order required the City Defendants to produce files from five disciplinary hearings of Defendant Burmaster, with file numbers indicating the years of 2008, 2010, 2012, 2013 and 2021. However, it was later determined that the 2021 file had already been produced to Plaintiffs, in September 2022.

Prior to the Court's Order, the City Defendants had served a subpoena upon Iron Mountain, a private document storage company, for production of one New Orleans Police Department ("NOPD") Public Integrity Bureau ("PIB") record concerning Defendant Burmaster that was conducted in 2012. NOPD believed that this record was in the custody of Iron Mountain because Iron Mountain was NOPD's document storage vendor for the years 1994 to 2015. After the hearing on Plaintiffs' Motion to Compel, counsel for the City Defendants continued negotiations with counsel for production of the 2012 record, but also began negotiating for production of the additional records covered by the Order.

However, access to Iron Mountain documents was delayed by the inability of NOPD to determine which boxes in Iron Mountain's custody contained the NOPD PIB records that were covered by the Order. This inability was due to a data breach that erased all records of indexes concerning box contents of boxes stored by off-site vendors. During December and into January, NOPD and the City of New Orleans conducted a thorough search of the electronic records of the

---

[1] Doc. 61, p. 7.

City and NOPD for information concerning PIB box indexes. However, no index for any box in Iron Mountain's custody was located.

These searches of electronic records dramatically narrowed the scope of a potential search of Iron Mountain records, because a specific PIB account for Iron Mountain was identified, which contained a population of 320 boxes, rather than a much greater number of boxes stored for other New Orleans' City and department accounts. In early January 2023, counsel for the City Defendants began negotiations with counsel for Iron Mountain for on-site access of all 320 of the PIB boxes. Among the various factors to discuss were financial terms for access at Iron Mountain and logistical issues regarding length of time to search and personnel to search the boxes.

In mid-January 2023, NOPD informed counsel for the City Defendants of a potential that another storage facility was used by NOPD in addition to Iron Mountain. That other facility – Vital Records Control ("VRC") – perhaps had custody of some responsive records. NOPD began using VRC in 2015. Because NOPD could not be certain was to when PIB records for a particular year were boxed and stored, it became understood that responsive records might be with VRC.

Discussions with VRC revealed that the population of PIB boxes with VRC was 380. In addition, VRC informed the City Defendants that it could not provide all of the PIB records for review at the same time. Rather, VRC could only produce 50 boxes at a time, delivered to NOPD, and could only deliver and retrieve boxes every other day. Further, financial and logistical details remained to be settled. Given the nearing deadline for production and staffing and financial constraints, the City Defendants decided to focus their efforts on searching Iron Mountain boxes, given a higher perceived likelihood of finding responsive records.

On Friday, January 27, 2023, Iron Mountain agreed to make the 320 boxes available on the following Monday. On Monday, January 30, 2023, counsel and staff for the City Defendants

searched 320 PIB boxes at Iron Mountain. However, the search was largely unsuccessful, and turned up one cassette tape for a 2008 hearing, but no other records. The City Defendants have made the tape available to Plaintiff.

On January 30, 2023, the City Defendants made arrangements with VRC for access to the records in its custody. It is expected that the first set of 50 boxes will be delivered to NOPD on Wednesday, February 1, 2023.

## ARGUMENT

Federal Rule of Civil Procedure 54(b) provides that a Court may reconsider, rescind, or modify an interlocutory order for cause that the Court deems to be sufficient.[2] The City Defendants continue to work diligently and in good faith to obtain the records that are the subject of the Order. These documents are understood to be in the custody of third parties. However, production has been delayed due to unusual difficulties due to the age of the documents and loss of information as to the location of the documents. The City Defendants intend to continue their search for the responsive records. There is a reasonable likelihood that VRC has custody of the records covered by the Order.

The City Defendants have shown good cause to extend the compliance deadline 14 days. In addition, by setting a status conference, the parties will be able to keep the Court apprised of progress in this matter.

## **CONCLUSION**

WHEREFORE, Defendants Shaun Ferguson and the City of New Orleans pray this Honorable Court grants their Motion giving the City Defendants an additional 14 days up until and

---

[2] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

including February 13, 2023, to comply with the Order. In addition, the City Defendants pray that the Court set a scheduling conference regarding this matter.

Counsel for Plaintiff does not consent to the relief sought in this Motion.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for Shaun Ferguson and the City of New Orleans*