UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTEMPT DUE TO DEFENDANT'S DISCOVERY VIOLATION**

Plaintiffs Derek Brown and Julia Barecki-Brown (collectively "Plaintiffs" or the "Brown Family") respectfully move for relief under Fed. R. Civ. Proc. 37(b) in light of the City of New Orleans' (the "City") violation of this Court's Discovery Order of December 16, 2022 (R. Doc. 61).

Plaintiffs' counsel's practice is to avoid filing contempt motions like this at all costs, and do everything possible to work discovery issues out with opposing counsel. But in this instance they are left with no other choice, and must request the relief sought herein to protect the Brown Family's ability to meaningfully prosecute this case in the very tight remaining timeframe.

**BACKGROUND**

Plaintiffs served their requests for production of documents on the City over seven months ago on June 30, 2020. The City requested and was granted an extension from Plaintiffs to produce the documents by August 29, 2022. The City then ultimately refused to produce Officer Burmaster's use of force complaint files, and necessitated the filing of a motion to compel (R. Doc. 34). The Court heard Plaintiffs' motion to compel on November 30, 2022, granted it in part, and ordered the City to produce Burmaster's use of force complaint files by January 30, 2023. (R.

#100966094v2

Doc. 61). This order effectively granted the City an even longer second extension to comply with its discovery obligations.

It is now February 3, 2023 and these files have not been produced in violation of the Court's discovery order. Shockingly, in the City's motion for a further (third) extension to produce these documents (which was properly denied by the Court), the City disclosed that it had not even "made arrangements" to access the files in question until January 30, 2023—the very date on which their production was due. R. Doc. 76-1, p. 4. Plaintiffs appreciate the unique discovery issues the City is facing, but waiting until the last day of the three-times extended production deadline to start this process does not constitute diligent effort.

The jury trial of this matter is scheduled to commence on April 3, 2023. On December 7, 2022, the parties held a status conference with Judge Fallon to discuss issues regarding the City's hurdles in timely producing responsive documents to the Plaintiffs. (R. Doc. 55). During the status conference, Judge Fallon indicated a willingness to briefly extend certain pretrial deadlines to accommodate the City (which Plaintiffs had no objection to), but declined to continue the trial date, primarily because the current jury trial setting is the only setting available until potentially 2024 or 2025. (R. Doc. 63). The new extended discovery cutoff is March 15, 2023 and the new extended dispositive motion deadline is March 20, 2023. The deadline for Plaintiffs to provide their expert reports is February 13, 2023. (R. Doc. 63).

## LAW AND ARGUMENT

To meaningfully prosecute this case, the Plaintiffs must (1) receive and study the documents in question, (2) consult with their expert about them, (3) determine precisely who at NOPD must be deposed besides Officer Burmaster, (4) modify the current topics for NOPD's Rule 30(b)(6) deposition, and then (5) prepare for and complete these depositions in very short order to

2

be able to reasonably comply with the dispositve motion deadline of March 20, 2023 and meaningfully prepare for the April 3, 2023 jury trial.

The Plaintiffs are already under an inordinately tight timeframe to prosecute their claims. The City's discovery violation has now severely prejudiced the Plaintiffs' ability to meet the discovery deadline, file a meaningful dispositive motion based on a complete investigation, and if necessary, adequately prepare for a jury trial. Moreover, producing a complete expert report regarding the Plaintiffs' *Monell*, negligence, and negligent training, retention and supervision claims by February 13, 2023 is now likely impossible. Further compounding this prejudice is the fact that the City has clearly indicated that the documents in question will likely not be produced for several more weeks, if ever. Indeed, in their motion for a third discovery extension that was denied, the City requested that the Court hold a Status conference around mid-February "so that the Court may be advised as to progress towards compliance with the Court's Order." R. Doc. 76-1, p. 1.

Because this lawsuit stems from a serious civil rights violation that has caused the Brown family to suffer from Post-Traumatic Stress Disorder, and continuing severe emotional distress and mental anguish, it should be resolved in a timely fashion to give the Brown family closure. It would be unfair and traumatic for the Brown family's day in Court to be substantially delayed until 2024 or 2025.

"The court has the clear authority under Fed. R. Civ. P. 37(b) to sanction a party for failure to obey an order that provides or permits discovery. If a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue 'further just orders' including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

      (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence;

      (iii) striking pleadings in whole or in part;

      (iv) staying further proceedings until the order is obeyed;

      (v) dismissing the action or proceeding in whole or in part;

      (vi) rendering a default judgment against the disobedient party; or

      (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

*Lighthouse Prop. Ins. Corp. v. BMW of N. Am., LLC*, No. 16-14116, 2018 U.S. Dist. LEXIS 8766, at *8–9 (E.D. La. Jan. 12, 2018) (Roby, J.). "The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them." *Id.* at *9 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

      As shown above, due to the City's discovery violation, the Plaintiffs have effectively lost the ability to use Officer Burmaster's prior use of force complaint files in a meaningful manner in prosecuting this case. Plaintiffs therefore respectfully ask the Court to order that certain facts underlying the Plaintiffs' (a) *Monell*, (b) negligence, and (c) negligent training, retention and supervision claims against the City "be taken as established for purposes of th[is] action." These facts include but are not limited to:

      (1) In violation of the Plaintiffs' constitutional rights, the City improperly retained Burmaster as an officer despite numerous instances of unjustified uses of force, repeated complaints about force, sustained acts of misconduct, and even the unconstitutional shooting and killing of another citizen's dog.

(2) In violation of the Plaintiffs' constitutional rights, the City failed to adequately train Officer Burmaster on when the use of force is justified vs. when the use of non-lethal force is appropriate.

In addition, or in the alternative, Plaintiffs ask the Court to order an adverse inference in connection with both summary judgment, and if necessary the jury trial of this matter that, had Officer Burmaster's use of force complaint files been produced, this evidence would have supported the Plaintiffs' (a) *Monell*, (b) negligence, and (c) negligent training, retention and supervision claims and would have been unfavorable to City's defenses thereto.

Plaintiffs respectfully ask that their right to request attorney's fees due to the City's discovery violation be reserved.

Respectfully submitted,

*/s/Tarak Anada*_____
TARAK ANADA (La. Bar No. 31598)
JONES WALKER LLP
201 St. Charles Avenue, Ste. 4900
New Orleans, LA 70170
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
Email: tanada@joneswalker.com

*/s/William Most*_____
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La Bar No. 37764)
MOST & ASSOCIATES
201 Saint Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

**Counsel for Derek Brown and Julia Barecki-Brown**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 3rd 2023, the foregoing was filed electronically using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Tarak Anada*_____
TARAK ANADA

#100966094v2