**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DEREK BROWN and       *    Civil Action No. 22-00847
JULIA BARECKI-BROWN     *
                        *    SECTION: L
VERSUS                 *
                        *    HONORABLE ELDON E. FALLON
DERRICK BURMASTER, SHAUN   *
FERGUSON, and the CITY OF     *    DIVISION: 4
NEW ORLEANS           *
                        *    HONORABLE KAREN WELLS ROBY

*********************************************************************************

**Memorandum in Support of Motion to Compel**
**and for Discovery Sanctions Against Defendant Derrick Burmaster**

COME NOW, the Plaintiffs, to file this memorandum in support of their motion to compel production of Defendant Derrick Burmaster's documents, and for sanctions for refusal to participate in discovery.

Plaintiffs bring this motion because in the entirety of this lawsuit, Defendant Burmaster has not provided **any** responsive document to **any** Request for Production. He has not provided a single email. He has not provided a single text message. He has not provided his contemporaneous written description of the shooting, which he admits exists. He has not provided a single page of financial records, even though he agreed to produce those documents six months ago.

This Court should order Burmaster to produce these documents. But given that Defendant Derrick Burmaster's deposition is set for March 10, 2023 and trial is set to begin April 3, 2023, production is likely to come so late as to significantly prejudice Plaintiffs. Plaintiffs therefore request that appropriate trial sanctions be brought against Defendant Burmaster.

For the reasons described herein, Plaintiffs ask that their motion be granted.

1

A.      **Factual Background**

On April 10, 2021, NOPD officer Derrick Burmaster killed Apollo, Plaintiffs' eighteen-week-old Catahoula puppy. Plaintiffs sued. In that suit, they brought federal civil rights claims and state-law tort claims against Defendant Burmaster. Their requested remedies included punitive damages.[1]

On June 30, 2022, counsel for Plaintiffs propounded a first set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Defendant Derrick Burmaster to collect evidence in support of the above claims.[2]

On July 28, 2022, Burmaster's attorney asked for a thirty-day extension of the time to respond.[3] Plaintiffs' counsel agreed.

On August 29, 2022, Burmaster's attorney asked for a three-day extension of the time to respond.[4] Plaintiffs' counsel agreed.

Also on August 29, 2022, Burmaster's asked for an additional six-day extension of the time to respond.[5] Plaintiffs' counsel agreed.

On September 7, 2022, Defendant Burmaster partially responded to the discovery requests.[6] He provided objections and written responses to some requests. But he did not provide a single page of documents responsive to any of the Requests for Production. Nor did he provide a privilege log.[7]

Later on September 7, 2022, counsel for Plaintiffs sent a letter to Burmaster's counsel to

---

[1] R. Doc. 1 at ¶ 108.
[2] Exhibit A.
[3] *Id*. at ¶ 3.
[4] *Id*. at ¶ 4.
[5] *Id*. at ¶ 5.
[6] Exhibit C.
[7] Ex. A at ¶ 6.

set a meet and confer regarding Burmaster's deficient responses.[8] In that letter, counsel for Plaintiff specifically mentioned Defendant's refusal to conduct an ESI search for requested text messages and emails.[9] Counsel for Plaintiff also explained that the request for information related to Defendant Burmaster's financials is relevant to Plaintiffs' punitive damages claim.[10]

On September 16, 2022, the parties held a meet-and-confer by telephone to address the deficient responses described in Plaintiff's counsel's meet-and-confer letter.[11] At that meet-and-confer, Burmaster's counsel agreed to have Burmaster provide documents and responses for six items, and committed to working with Burmaster to see how feasible an ESI search would be.[12]

Over the next months, Burmaster did not follow through on any of the items his counsel committed to providing.[13]

On February 19, 2023, Plaintiffs' counsel sent an email pointing out the failure to follow-through, and asking Burmaster's counsel to provide by February 24 the items he committed to producing.[14]

On February 22, 2023, Plaintiffs' counsel sent an email specifically asking for a native-format version of Burmaster's written description of the shooting, which Burmaster partially read out loud during a NOPD interview.[15]

On February 24, 2023, the parties held a meet-and-confer by telephone to discuss why Burmaster had not provided any of the items that he had committed to providing.[16] Counsel for

---

[8] Exhibit D.
[9] *Id*. at pg. 2.
[10] *Id*. at pg. 2, *citing U.S. E.E.O.C. v. Denham Springs Pub. Co.,* No. CIV.A. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012), citing *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 270 (1981).
[11] Ex. E.
[12] *Id*.
[13] Ex. A at ¶ 10.
[14] Ex. F.
[15] Ex. I at 2-5.
[16] Exhibit G.

Defendant Burmaster offered no explanation for why no items had been provided, other than that "last fall was quite busy."[17] Counsel for Defendant Burmaster stated that he would get back with Plaintiff's counsel regarding this on Monday, February 27, 2023.[18]

On February 27, 2023, counsel for Defendant Burmaster provided supplemental discovery responses.[19] These responses were deficient in that Defendant Burmaster still refused to conduct an ESI search of his emails, social media, and text messages and still did not provide the requested financial information.[20] He still did not provide any document responsive to any request for production.[21]

The parties exchanged further email meet-and-confer correspondence about the deficiencies in these responses. Regarding ESI, Burmaster's counsel said "I will try to get him in and look at the phone myself regarding the emails."[22] Burmaster's counsel never gave any indication that that happened.

It is now over five months after the original meet-and-confer. This week is the week of Defendant Burmaster's deposition, and trial is less than a month away. Defendant Burmaster still has not provided a single page of responsive documents.[23] He has not even produced the documents he said he would at the September 2022 meet-and-confer.[24]

**B.    Law and Analysis**

Per Federal Rule of Civil Procedure 37(a)(3)(B)(iv), a party may move to compel a discovery response if "a party fails to produce documents… as requested under Rule 34." Here,

---

[17] *Id.*
[18] *Id.*
[19] Ex. H.
[20] *Id.*
[21] Ex. A at ¶ 15.
[22] Ex. I.
[23] Ex. A at ¶ 15.
[24] *Id.*

Defendant Burmaster has refused to conduct an ESI search of his text messages and emails, has not provided his written description of the shooting, and has not provided any financial records.

1. <u>The motion should be granted because Burmaster has refused to search for or provide any emails, text messages, or social media messages.</u>

In Plaintiffs' Request for Production No. 1 to Defendant Derrick Burmaster, Plaintiffs requested: "Produce all emails, text messages, social media messages, or other electronic communications that contain the terms: ("derrick" OR "Burmaster") AND ("dog" OR "canine" OR "shoot" OR "shot" OR "shooting" OR "force" OR "killed" OR "apollo")."[25]

Plaintiffs' counsel provided the same ESI search terms to all parties. None of the Defendants, including Burmaster, objected to the search terms identified above. However, Defendant Derrick Burmaster has refused to provide documents responsive to these discovery requests and has refused to even conduct the requested ESI search of his texts and emails. His response is that "I have no way of getting this information that I am aware of."[26]

This response is not credible. All email, social media, and text message platforms contain a search function. Even if those platforms do not support "AND" searches, Burmaster could simply search for the terms within the second set of parentheses, since all of his messages will necessarily involve him. After Plaintiffs' counsel pointed out the lack of any ESI search, Burmaster's counsel wrote "I will try to get him in and look at the phone myself regarding the emails."[27] Despite that, no ESI was ever provided.

This Court should issue an order compelling Defendant Derrick Burmaster to conduct the requested search of his texts and emails and produce the responsive information. Given the impending trial date, compulsion will likely come so late as to significantly prejudice Plaintiffs.

---

[25] Exhibit B.
[26] Ex. H at pg. 7.
[27] Ex. I.

Burmaster should therefore be subject to sanctions for refusing to conduct the ESI search. The requested sanctions are detailed below.

> 2. <u>The motion should be granted because Burmaster has refused to provide his written description of the shooting.</u>

In RFP No. 2, Plaintiffs asked Burmaster to produce "all records and documents related to the incident."[28] Burmaster claims he "has no documents other than those either obtained by plaintiff pursuant to a public records request or produced by the NOPD herein."[29]

That is false. In 2021, Burmaster wrote a description of the shooting in his own words. He had that written description on his phone, and read part – but not all – of it from his phone during a NOPD interview. Plaintiffs have specifically asked for that written description in native format,[30] but Burmaster has not provided it. (A native format version is required because it will contain metadata about when the document was created, and who generated it.) Burmaster's counsel listened to the part read during the NOPD interview and noted that it was the same as Burmaster's use of force statement, but did not say that the entire document was the same.[31] Burmaster has not turned over the written description.[32]

This Court should issue an order compelling Burmaster to provide his written description of the shooting. Given the impending trial date, compulsion will likely come so late as to significantly prejudice Plaintiffs. Burmaster should therefore be subject to sanctions for refusing to produce his contemporaneous written description of the shooting.

---

[28] Ex. B at pg. 6.
[29] Ex. H at pg. 7.
[30] Ex. I at 2-3.
[31] Ex. I at 1.
[32] Ex. A at ¶ 15.

3. <u>The motion should be granted because Burmaster has refused to provide a single page of financial records, even though they are relevant to the appropriate quantum of punitive damages.</u>

The Federal Rules of Civil Procedure construe "relevance" broadly. FRCP 26, *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). And it "is well established that evidence of a defendant's financial worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damages claim." *Jackson v. Wilson Welding Serv. Inc.,* 10-2843 (E.D. La. Oct. 20, 2011) (Roby, M.J.) ; *see also Singleton v. RPM Pizza, Inc*., No. 03-2219, 2004 U.S. Dist. LEXIS 1033, at * 4-5 (E. D. La. January 26, 2004) (finding defendant's financial status relevant and reasonably calculated to lead to the discovery of information relevant to plaintiff's punitive damages claim and ordering defendant to produce its annual reports, financial statements, and federal income tax returns).

Part of the reason that financial evidence is relevant is that "ability to pay" is part of the analysis in ascertaining the proper quantum of punitive damages. *See U.S. E.E.O.C. v. Denham Springs Pub. Co*., 2012 WL 262268, at *2-3 (M.D. La. Jan. 27, 2012) ("Under federal law, evidence of a defendant's financial worth and ability to pay may be admissible for the purpose of evaluating the amount of punitive damages that should be awarded."), *citing City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 270 (1981).

Here, Plaintiffs brought a claim for punitive damages against Defendant Burmaster.[33] To allow the jury to determine the appropriate quantum of punitive damages, Plaintiffs requested Burmaster's financial records in RFPs 6 to 9.[34] Burmaster initially objected to production of these records, but then agreed to provide them at a September 16, 2022 meet-and-confer. But despite agreeing to provide them, Burmaster <u>never did so</u>.

---

[33] R. Doc. 1 at ¶ 108.
[34] Ex. B.

This Court should issue an order compelling production of the requested financial records, sanctioning Defendant for refusing to produce those records in advance of his deposition, and imposing further sanctions for failure to produce financial records in advance of trial.

4. Through written and telephone meet-and-confers, Plaintiffs have attempted in good faith to procure the records without court action.

Before seeking a motion to compel, a movant must confer in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action.[35]

Here, Burmaster asked for three extensions of the time to respond to discovery requests. Plaintiffs agreed to all three.[36] Despite the extensions, he did not provide any responsive documents.

Plaintiffs' counsel attempted to procure the relevant records through a letter, two telephone conferences, and a range of emails.[37] But Burmaster has still not provided a single page of responsive documents.[38] He has not even produced the documents he agreed to produce six months ago. Plaintiffs' motion should be granted.

5. If this Court grants this motion, it should grant Plaintiffs their reasonable fees.

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure,

---

[35] Federal Rule of Civil Procedure 37(a)(1).
[36] Ex. A at ¶¶ 3-5.
[37] Exhibit A at ¶¶ 7-14.
[38] Ex. A at ¶ 15.

response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Here, none of the three exceptions apply. Plaintiffs sought the information via extensive effort to meet and confer via written correspondence, and by telephone. Second, Defendant has never explained any legal basis for his refusal to produce the requested records, or claimed that they would be overly burdensome to produce. He has not even produced the documents he agreed to produce. And no other circumstances make an award of expenses unjust.

Burmaster's conduct – refusing to produce documents, then agreeing to produce them, then not producing them – makes a mockery of the discovery process: "Discovery is not a game of cat and mouse, of continual pursuit and near capture by one party and endless escape by the other. It is intended to be a self-executing, extrajudicial exercise that depends upon the parties' careful attention to and compliance with the rules." *King v. Dillon Transp., Inc.*, CV411-028 (S.D. Ga., Feb. 22, 2012). Plaintiffs' motion should be granted.

6. <u>Sanctions are appropriate due to Defendant's continued refusal to participate in discovery.</u>

Due to the fast-approaching deposition and trial date, sanctions are appropriate at this time in conjunction with the order compelling production.

There are numerous mechanisms by which district courts exercise their sanction powers, including the Federal Rules of Civil Procedure (through Rules 11, 26, 30 and/or 37), 28 U.S.C. §1927, and the inherent power of the courts to manage their own proceedings and to control the conduct of those who appear before them. *Hunter v. Geico Insurance Co.*, No. 17-05070, at *5 (E.D. La. Sept. 12, 2018). The primary purpose of sanctions is to deter frivolous litigation and abusive tactics. *Id.* (*citing e.g., Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126-27, 110 S.Ct. 456, 459-60 (1989)).

Pursuant to this Court's inherent authority to manage these proceedings and control the conduct of Defendant Burmaster, Plaintiffs request the following relief:

1. At trial of this matter, the Court should provide the jury with an adverse inference instruction stating that if the documents in question were produced, they would have been favorable to Plaintiffs' claims and unfavorable to Defendant Burmaster's defenses;

2. Due to his refusal to provide any financial records, the Court should order that Burmaster may not make any argument about poverty or ability to pay punitive damages; and

3. The Court should issue an order striking any affirmative defenses raised by Defendant Burmaster in this case.

That last sanction might sound harsh. But Burmaster would suffer no prejudice at all if his affirmative defenses are struck, because he has separately waived them by failure to file an answer to Plaintiffs' second amended complaint. That second amended complaint was filed December 14, 2022.[39] After no responsive pleading was filed, Plaintiffs counsel pointed this out to Burmaster's counsel, and offered an extension until March 1, 2023.[40] But Burmaster declined to file an answer – even by the extension offered by Plaintiffs. He is currently in default. Accordingly, Burmaster has waived his affirmative defenses, and so will suffer no prejudice by them being stuck. Plaintiffs' motion should be granted.

## C.    Conclusion

Plaintiffs respectfully request that Defendant Derrick Burmaster be compelled to produce the requested financial records, text messages, and emails, and sanctioned pursuant to this Court's inherent authority for his refusal to participate in discovery.

Respectfully Submitted:

---

[39] R. Doc. 60.
[40] Ex. I.

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com