## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| **versus** | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DERRICK BURMASTER

**NOW COMES** Defendant, Derrick Burmaster, and responds as follows to Plaintiffs' First

Set of Interrogatories, Requests for Production, and Requests for Admission.

### GENERAL OBJECTIONS

Derrick Burmaster has not fully completed discovery in this action. The Responses to

Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission

submitted herein are based only upon such information that is presently available and specifically

known to Derrick Burmaster. It is anticipated that through further discovery, additional facts may

be ascertained which may lead to substantial additions to, changes in and variations to the

information set forth herein. The following Responses are therefore submitted without prejudice to

Derrick Burmaster's right to supplement and/or amend the discovery, including to produce evidence

of any subsequently discovered fact.

In addition, Derrick Burmaster objects to Plaintiffs' First Set of Interrogatories, Requests for

Production, and Requests for Admission on the following bases. These general objections form a

part of the response to each and every discovery request herein. Thus, the absence of a reference to

a general objection should not be construed as a waiver of the general objections to a specific discovery request.

1.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent that it seeks information which is subject to the attorney-client privilege, work product privilege, or other privilege on the ground that privileged matter is not subject to discovery.

2.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information that is not within his possession, custody, or control, and to the extent they seek information that is already in Plaintiff's possession, custody or control.

3.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they are vague, ambiguous, overly broad, and not identified with reasonable particularity.

4.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information constituting or containing trade secrets, confidential and/or proprietary business and financial information, or information that Derrick Burmaster is prohibited from disclosing.

5.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they failure to specify a relevant time frame for the information sought.

6.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests

for Production, and Requests for Admission to the extent Derrick Burmaster is unable to answer fully, absent discovery from Plaintiffs, co-Defendants and/or non-parties.

7.    Nothing herein shall be construed as an admission by Derrick Burmaster as to the relevance or admissibility of any information that it may produce in response to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission or any information contained in any of the Responses set forth herein.

8.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent that they exceed the amount allowed by the Federal Rules of Civil Procedure and/or Local Rules.

9.    By providing information in response to which an objection is made, Derrick Burmaster does not waive any of his general or particular objections.

10.    Derrick Burmaster specifically reserves the right to supplement his Respnoses to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission .

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Please identify all lawsuits or complaints to which you were a party, whether in or outside of the line of duty.

### RESPONSE TO INTERROGATORY NO. 1

I do not recall ever being sued.

**INTERROGATORY NO. 2**

Describe all training that has been provided to you pertaining to encountering animals, including but not limited to canines..

**RESPONSE TO INTERROGATORY NO. 2**

I have received training in the academy years ago.

**INTERROGATORY NO. 3**

Describe what non-lethal weapons/equipment, including but not limited to tasers, mace, clubs, batons, nightsticks, blackjacks, flash grenades, nets, catch poles, and/or pepper spray, that (1) employees of the NOPD are permitted to carry in the line of duty, (2) are issued to NOPD employees, (3) that employees of the NOPD are required to carry in the line of duty, (4) you were equipped with during the incident and (5) you were required to carry during the incident.

**RESPONSE TO INTERROGATORY NO. 3**

Taser.

**INTERROGATORY NO. 4**

Describe in detail what happened to Apollo's body after it was shot, including any care that you provided or attempted to provide.

**RESPONSE TO INTERROGATORY NO. 4**

After shooting the dog, I escaped out of the yard to avoid an encounter with the other dog that the Brown' recklessly let out of their house and allowed to attack me.

**INTERROGATORY NO. 5**

Identify by name and provide the phone number and address of all persons who have knowledge relating to the incident, including each person you spoke to or communicated with about

the incident.

**RESPONSE TO INTERROGATORY NO. 5**

This Interrogatory is objected to as overly broad, burdensome and beyond the scope of discovery permitted by Rule 26(b). It is further objected to insofar as it may call for disclosure of non-testifying experts, the identity of which are not discoverable in accordance with Rule 26(b)(4)(D) and communications with any witness required to provide a report in accordance with Rule 26(b)(4)(C). This Interrogatory is further objected to insofar as it calls for the disclosure of information which is work product, prepared in anticipation of litigation, privileged or otherwise protected from discovery. Pursuant to Rule 26(b)(5), and subject to supplementation as this case progresses, the material objected to may consist of confidential attorney-client communications, notes made by counsel, documents prepared by Burmaster at the direction of counsel and documents prepared by counsel. Without waiving the foregoing objections, and subject thereto, see the police report of the incident as well as the Public Integrity Bureau and Force Investigation Team reports.

**INTERROGATORY NO. 6**

If you disagree with or contest any portion of any Public Integrity Bureau report regarding the incident, identify which portion and why you disagree.

**RESPONSE TO INTERROGATORY NO. 6**

This Interrogatory is objected to as overly broad, burdensome and beyond the scope of discovery permitted by Rule 26(b). It is further objected to insofar as it may call for disclosure of non-testifying experts, the identity of which are not discoverable in accordance with Rule 26(b)(4)(D) and communications with any witness required to provide a report in accordance with Rule 26(b)(4)(C). This Interrogatory is further objected to insofar as it calls for the disclosure of

information which is work product, prepared in anticipation of litigation, privileged or otherwise protected from discovery. Pursuant to Rule 26(b)(5), and subject to supplementation as this case progresses, the material objected to may consist of confidential attorney-client communications, notes made by counsel, documents prepared by Burmaster at the direction of counsel and documents prepared by counsel.

**INTERROGATORY NO. 7**

Describe any time a court has affirmed a motion to suppress in a case you testified in, and any time a court ruled that your testimony was not credible.

**RESPONSE TO INTERROGATORY NO. 7**

I have no idea.

**INTERROGATORY NO. 8**

Identify every instance that you received a suspension, probation, reprimand, or other discipline as an NOPD employee.

**RESPONSE TO INTERROGATORY NO. 8**

This Interrogatory is objected to as overly broad, burdensome and beyond the scope of discovery permitted by Rule 26(b). Without waiving the foregoing objections, and subject therto, information responsive to this Interrogatory should be in the possession of the New Orleans Police Department.

**INTERROGATORY NO. 9**

Describe the incident in your own words, with all aspects of your recollection of any interaction with the dog Apollo, the events leading up to that interaction, and the events after.

**RESPONSE TO INTERROGATORY NO. 9**

Prior to entering the gate I made kissing noises in order to summon a dog if one was present. I also remarked, "no dog" prior to entering the gate. This is on my body worn camera video of the incident. Also, no beware of dog sign. The browns were careless with their dog. Upon determining there was no dog present I entered the gate whereupon a dog came down the stairs and attacked me. See Response to Interrogatory No. 4.

**INTERROGATORY NO. 10**

Identify any facts supporting your Third Affirmative Defense.

**RESPONSE TO INTERROGATORY NO. 10**

None at this time. The Third Defense will be withdrawn.

**INTERROGATORY NO. 11**

Are all denials for lack of sufficient information in your Answer truthfully based on (1) a reasonable inquiry; and (2) a lack of sufficient information to admit or deny the allegation?

**RESPONSE TO INTERROGATORY NO. 11**

Yes.

**INTERROGATORY NO. 12**

Identify every dog that you have killed.

**RESPONSE TO INTERROGATORY NO. 12**

One years ago and the Brown's animal that attacked me without provocation. 22 years of service and have shot two dogs in total.

**INTERROGATORY NO. 13**

Identify all contingency plans and alternative methods you considered before shooting the

Brown's dog.

**RESPONSE TO INTERROGATORY NO. 13**

There was not enough time to have a contingency plan because the dog unexpectedly attacked me.

**INTERROGATORY NO. 14**

Provide a full accounting of your assets and liabilities, including (1) the amount of money you have in bank or brokerage accounts; (2) any ownership of stocks, bonds, mutual funds, or other financial assets; (3) your full or partial ownership in any asset valued at or estimated to be over $5,000; (4) any liabilities in excess of $5,000; (3) any retirement, pension, 401(k), or other accounts.

**RESPONSE TO INTERROGATORY NO. 14**

This Interrogatory appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories. There is no judgment here. Accordingly, this Interrogatory is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense. It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to as premature. It is further objected to as overly broad and burdensome.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Produce all emails, text messages, social media messages, or other electronic communications that contain the terms: ("derrick" OR "Burmaster") AND ("dog" OR "canine" OR "shoot" OR "shot" OR "shooting" OR "force" OR "killed" OR "apollo").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

This Request is  objected to as being overly broad, vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of discovery permitted by Rule 26(b). This Request is further objected to insofar as it may call for disclosure of non-testifying experts, the identity of which are not discoverable in accordance with Rule 26(b)(4)(D) and communications with any witness required to provide a report in accordance with Rule 26(b)(4)(C).  This Request is further objected to insofar as it calls for the disclosure of information which is work product, prepared in anticipation of litigation, privileged or otherwise protected from discovery.  Pursuant to Rule 26(b)(5), and subject to supplementation as this case progresses, the material objected to may consist of confidential attorney-client communications, notes made by counsel, documents prepared by Burmaster at the direction of counsel and documents prepared by counsel.

**REQUEST FOR PRODUCTION NO. 2**

Produce all records and documents related to the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

See Response to Request for Production No. 2.  Without waiving the foregoing objection, and subject thereto, information responsive to this Request should be in the possession of the New Orleans Police Department.

**REQUEST FOR PRODUCTION NO. 3**

All documents related to your civil service proceeding related to the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

See Response to Request for Production No.1.  Without waiving the foregoing objection, and

subject thereto, there have been no civil service proceedings related to the incident.

**REQUEST FOR PRODUCTION NO. 4**

All documents described in any party's Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Upon information and belief Plaintiffs are already in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

Produce all emails, text messages, social media messages, or other electronic communications sent by you in the hour before the shooting of Apollo, and for the remainder of that day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

This Request is objected to as being overly broad, vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of discovery permitted by Rule 26(b). This Request is further objected to insofar as it calls for the disclosure of information which is work product, prepared in anticipation of litigation, privileged or otherwise protected from discovery.

**REQUEST FOR PRODUCTION NO. 6**

All your tax returns for all years 2021 and thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories. There is no judgment here. Accordingly, this Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil

Procedure 26(b)(1). This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense. It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to as premature. It is further objected to as overly broad and burdensome.

**REQUEST FOR PRODUCTION NO. 7**

All documents reflecting a summary of all your assets and liabilities, in any of the years 2021 and thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories. There is no judgment here. Accordingly, this Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense. It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to as premature. It is further objected to as overly broad and burdensome.

**REQUEST FOR PRODUCTION NO. 8**

All documents reflecting your net worth, in any of the years 2021 and thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories. There is no judgment here. Accordingly, this Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). This Request is further objected to insofar as it seeks information which is not

relevant to any party's claim or defense. It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to as premature. It is further objected to as overly broad and burdensome.

**REQUEST FOR PRODUCTION NO. 9**

All documents reflecting your full or partial ownership of any asset valued or estimated to be worth over $5,000 that was owned in 2021 or thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories. There is no judgment here. Accordingly, this Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense. It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to as premature. It is further objected to as overly broad and burdensome.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1**

You were acting in the course and scope of your employment during the incident.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Admitted. I was responding to a call in which the Browns were fighting.

**REQUEST FOR ADMISSION NO. 2**

You shot the Browns' dog.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Admitted

**REQUEST FOR ADMISSION NO. 3**

You did not provide any medical care to the Brown's dog that you shot.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Admitted.

**REQUEST FOR ADMISSION NO. 4**

When you shot the Brown's dog, you had a CEW on your person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Admitted.  However, a C.E.W. would have not been effective.  There is only one shot.  I would have missed or had the C.E.W. failed to immobilize the animal, I would have been defenseless.

**REQUEST FOR ADMISSION NO.. 4**

NOPD policy allows officers to deploy a CEW on a dangerous animal that is causing a continuing public nuisance and needs to be controlled for reasons of public peace and safety.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Admitted.

**REQUEST FOR ADMISSION NO. 5**

The CEW has proven to be an effective tool against dangerous animals.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Denied.

## REQUEST FOR ADMISSION NO. 6

Before shooting the Brown's dog, you did not ensure there was no risk to people in the area.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6

Denied.

Respectfully submitted:

/s/ C. Theodore Alpaugh, III

**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:    (504) 529-4141
Facsimile:    (504) 561-0326
Email:    cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

-14-

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 7th day of September, 2022 I have served a copy of the above and foregoing pleading on all counsel of record by electronic mail, facsimile transmission, hand delivery and/or by mailing same by United States Mail, properly addressed and first class postage prepaid.

/s/ C. Theodore Alpaugh, III
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:    (504) 529-4141
Facsimile:    (504) 561-0326
Email:        cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| **versus** | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFICATION TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

  **BEFORE ME**, the undersigned authority, personally came and appeared:

### DERRICK BURMASTER

who, after being duly sworn, did depose and say that the above Answers to Interrogatories are

true and correct to the best of my knowledge, information and belief, and I would so testify in a

court of law.

                 _____

                 **DERRICK BURMASTER, Affiant**

**SWORN TO AND SUBSCRIBED**
**BEFORE ME THIS 7**TH **DAY OF**
**SEPTEMBER, 2022.**

_____
  **C. THEODORE ALPAUGH, III**
    **NOTARY PUBLIC**
**NOTARY NO. 399, LSBA NO. 02430**
  **My Commission is for Life**