# Most & Associates

201 St. Charles Ave., Ste. 114, # 101 ♦ New Orleans, LA 70170

(504) 509-5023          mostlawoffice.com          williammost@gmail.com

---

C. Theodore Alpaugh, III                               Sept. 7, 2022
Guste, Barnett, Schlesinger & Alpaugh, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113
Via Email to cta@gustebarnett.com

Re:     Meet and Confer about Defendant Burmaster's Discovery Responses in *Brown v. Burmaster*

Dear Ted,

       We received your client's discovery responses. Below are issues to meet and confer about. If we cannot reach resolution, we intend to file a motion to compel and seek attorneys fees. Your client's refusal to provide *a single page* of responsive documents will form a strong basis for attorneys fees.
'
       Furthermore, many of your objections are nearly identical, verbatim to the objections found to be improper boilerplate in *Weatherspoon v. 739 Iberville*, LLC 21-cv-225-CJB-KWR, R. Doc. 42 at *10 (E.D. La. March 18, 2022). Fees were awarded in that case.

### A. General Objections:

     The court has found that "general objections are improper" and are subject to being stricken. *Weatherspoon v. 739 Iberville*, LLC 21-cv-225-CJB-KWR, R. Doc. 42 at *10 (E.D. La. March 18, 2022). Your general objections therefore have no weight whatsoever.

### B. Interrogatories:

       Interrogatory # 2: Your answer contains no description whatsoever of the training you received about animals. Will you fully respond?

       Interrogatory # 3: required you to provide answers to each of the categories described. Your one-word answer is non-responsive. Will you fully respond?

       Interrogatory # 5: Your answer does not identify any persons other than PIB and your attorney. It is not credible you have not spoken to any other person about the event. Will you fully respond, and provide a privilege log?

       Interrogatory # 6: You provide only objections that appear to be non-responsive (e.g., it talks about "documents" suggesting this is a copied and pasted RFP objection). Will you respond, and provide a privilege log?

       Interrogatory # 14: Your objection wrongly assumes that the interrogatory only seeks information for garnishment purposes. The purpose of the financial request is for punitive damages. A defendant's financial worth and ability to pay is relevant to evaluating the amount of punitive damages

to be awarded. *U.S. E.E.O.C. v. Denham Springs Pub. Co.*, No. CIV.A. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012), *citing City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981). Will you respond?

**C. Requests for Production**

You did not provide a single page of responsive documents to Plaintiffs' RFPs. More specifically:

RFP # 1: Your objections provide no reason why an ESI search term search is not appropriate here. Will you respond?

RFP # 2: The fact that NOPD has some documents does not excuse you from providing documents in your possession. Will you respond?

RFP # 3: Will you provide any pre-hearing documentation received or sent?

RFP # 5: You objected on basis of privilege, but provided no privilege log. Will you provide responsive, non-privileged documents, along with a privilege log?

RFP # 6 to 9: Your objections wrongly assume that the requests only seek information for garnishment purposes. The purpose of the financial request is for punitive damages. A defendant's financial worth and ability to pay is relevant to evaluating the amount of punitive damages to be awarded. U.S. E.E.O.C. v. Denham Springs Pub. Co., No. CIV.A. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012), citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981). Will you respond?

Very truly yours,

William Most