# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN** and | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| **versus** | * | |
| | * | **SECTION "L"** |
| | * | **JUDGE FALLON** |
| **DERRICK BURMASTER, SHAUN** | * | |
| **FERGUSON,** and the **CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## INVOCATION OF QUALIFIED IMMUNITY, AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

**NOW COMES** Defendant, Derrick Burmaster ("Burmaster"), and for Answer to the Second Amended Complaint herein, upon information and belief, answers, avers and denies as follows:

## INVOCATION OF QUALIFIED IMMUNITY

Defendant, Derrick Burmaster, in his individual capacity, hereby invokes the defense of qualified immunity, which bars Plaintiffs' suit herein.

**AND NOW FURTHER ANSWERING, DEFENDANT INVOKES THE FOLLOWING AFFIRMATIVE DEFENSES:**

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim or a right or a cause of action upon which relief may be granted.

## SECOND DEFENSE

The allegations made by Plaintiffs, even if proven, do not show the deprivation of a federally protected constitutional right.

**THIRD DEFENSE**

The allegations set forth in Plaintiffs' Second Amended Complaint are prescribed and/or time-barred as a matter of law and Defendant is therefore entitled to judgment in his favor as a matter of law.

**FOURTH DEFENSE**

Defendant specifically pleads that he cannot be held liable for any discretionary acts and is otherwise immune from suit pursuant to La. R.S. 9:2798.1.

**FIFTH DEFENSE**

Defendant specifically pleads that he is entitled to the immunity afforded public officials for discretionary acts under applicable state law pursuant to any and all other statutes and jurisprudence entitling defendant to immunity under state law. See, e.g., *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977).

**SIXTH DEFENSE**

Defendant alleges that the damages complained of were caused by persons over whom he exercised no supervision, care, custody, control or *garde* and for whom he is not legally responsible, barring recovery as against Defendant herein.

**SEVENTH DEFENSE**

Defendant submits that the claims of Plaintiffs are frivolous, groundless, and/or unreasonable, and, as such, defendant is entitled to an award against the Plaintiffs for all attorney's fees and costs expended in this matter pursuant to federal law and, if applicable, 42 U.S.C. § 1988.

**EIGHTH DEFENSE**

In the alternative, the cause in fact of the damages complained of were the acts of Plaintiffs,

which acts should operate as a complete bar to, or in diminution of, any recovery of Plaintiffs herein.

## NINTH DEFENSE

Defendant, Derrick Burmaster, avers that, at all times pertinent, he was acting in good faith.

## TENTH DEFENSE

All actions taken by Defendant herein were taken in good faith, under the law and without malice thereby entitling said Derrick Burmaster to the defense of qualified immunity and Derrick Burmaster specifically pleads both aspects of qualified immunity with respect to the Plaintiffs' claims, that being immunity from suit and immunity from liability.

## ELEVENTH DEFENSE

Defendant, Derrick Burmaster, specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of his official duties, which acts as a bar to Plaintiffs' claim herein.

## TWELFTH DEFENSE

Defendant, Derrick Burmaster's conduct did not deprive Plaintiffs of any rights, privileges, or immunities secured by the Constitution or Laws of the United States.

## THIRTEENTH DEFENSE

Defendant, Derrick Burmaster, avers that at all times pertinent hereto his actions were reasonable, justified, and legally permissible under the circumstances.

## FOURTEENTH DEFENSE

Defendant, Derrick Burmaster, herein submits that the claims of Plaintiffs are frivolous, groundless, and/or unreasonable, and, as such, Defendant herein is entitled to an award against the Plaintiffs for all attorney's fees and costs expended in this matter pursuant to federal law and, if

applicable, 42 U.S.C. § 1988.

## FIFTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, in the alternative, and in the alternative only, and as a separate and complete defense, Defendant avers that if Plaintiffs sustained any damage, which is denied, said damage was in no way caused by or contributed to by any act of Defendant or by those for whom Defendant could or may be responsible.

## SIXTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, in the alternative, and in the alternative only, and as a separate and complete defense, Defendant avers that if Plaintiffs sustained damages as alleged, which is denied, said damages were caused by and/or occasioned through the fault of third parties for whom Defendant is in no way responsible or liable.

## SEVENTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, in the alternative, and in the alternative only, and as a separate and complete defense, Defendant avers that if Plaintiffs sustained damages as alleged, which is denied, Plaintiffs failed to mitigate their damages.

## EIGHTEENTH DEFENSE

**AND NOW FURTHER ANSWERING**, Defendant responds to the specific allegations of Plaintiffs' Second Amended Complaint as follows:

1.

The allegations of Paragraph 1of the Second Amended Complaint are denied as written.

2.

The allegations of Paragraph 2 of the Second Amended Complaint are denied as written.

-4-

3.

The allegations of Paragraph 3 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

4.

The allegations of Paragraph 4 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

5.

The allegations of Paragraph 5 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

6.

The allegations of Paragraph 6 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

7.

The allegations of Paragraph 7 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

8.

The allegations of Paragraph 8 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

9.

The allegations of Paragraph 9 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

10.

The allegations of Paragraph 10 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

11.

The allegations of Paragraph 11 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

12.

The allegations of Paragraph 12 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

13.

The allegations of Paragraph 13 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

14.

The allegations of Paragraph 14 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

15.

The allegations of Paragraph 15 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

16.

The allegations of Paragraph 16 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

17.

The allegations of Paragraph 17 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

18.

The allegations of Paragraph 18 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

19.

The allegations of Paragraph 19 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

20.

The allegations of Paragraph 20 are admitted.

21.

The allegations of Paragraph 21 of the Second Amended Complaint are admitted to the extent that Shaun Ferguson was at the time the Superintendent of the New Orleans Police Department. The remainder of the allegations are denied for lack of sufficient information to justify a belief as to the truth thereof.

22.

The allegations of Paragraph 22 of the Second Amended Complaint are admitted to the extent that the City of New Orleans operates a police department, and the City of New Orleans is a political subdivision of the State of Louisiana.  The remainder of the allegations are denied for lack of sufficient information to justify a belief as to the truth thereof.

23.

The allegations of Paragraph 23 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

24.

The allegations of Paragraph 24 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

25.

The allegations of Paragraph 25 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

26.

The allegations of Paragraph 26 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

27.

The allegations of Paragraph 27 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

28.

The allegations of Paragraph 28 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

29.

The allegations of Paragraph 29 of the Second Amended Complaint are denied as written.

30.

The allegations of Paragraph 30 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

31.

The allegations of Paragraph 31 of the Second Amended Complaint are denied as written.

32.

The allegations of Paragraph 32 of the Second Amended Complaint are denied as written.

33.

The allegations of Paragraph 33 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

34.

The allegations of Paragraph 34 of the Second Amended Complaint are denied as written.

35.

The allegations of Paragraph 35 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

36.

The allegations of Paragraph 36 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

37.

The allegations of Paragraph 37 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

38.

The allegations of Paragraph 38 of the Second Amended Complaint are denied as written.

39.

The allegations of Paragraph 39 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

40.

The allegations of Paragraph 40 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

41.

The allegations of Paragraph 41 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

42.

The allegations of Paragraph 42 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

43.

The allegations of Paragraph 43 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

44.

The allegations of Paragraph 44 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

45.

The allegations of Paragraph 45 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

46.

The allegations of Paragraph 46 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

47.

The allegations of Paragraph 47 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

48.

The allegations of Paragraph 48 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

49.

The allegations of Paragraph 49 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

50.

The allegations of Paragraph 50 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

51.

The allegations of Paragraph 51 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

52.

The allegations of Paragraph 52 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

53.

The allegations of Paragraph 53 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

54.

The allegations of Paragraph 54 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

55.

The allegations of Paragraph 55 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

56.

The allegations of Paragraph 56 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

57.

The allegations of Paragraph 57 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

58.

The allegations of Paragraph 58 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

59.

The allegations of Paragraph 59 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.   However, should this Honorable Court require response thereto, the same are hereby denied.

60.

The allegations of Paragraph 60 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

61.

The allegations of Paragraph 61 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

62.

The allegations of Paragraph 62 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

63.

The allegations of Paragraph 63 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

64.

The allegations of Paragraph 64 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

65.

The allegations of Paragraph 65 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

66.

The allegations of Paragraph 66 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

67.

The allegations of Paragraph 67 of the Second Amended Complaint are admitted.

68.

The allegations of Paragraph 68 of the Second Amended Complaint are admitted.

69.

The allegations of Paragraph 69 of the Second Amended Complaint are denied.

70.

The allegations of Paragraph 70 of the Second Amended Complaint are denied.

71.

The allegations of Paragraph 71 of the Second Amended Complaint are denied.

72.

The allegations of Paragraph 72 of the Second Amended Complaint are denied.

73.

The allegations of Paragraph 73 of the Second Amended Complaint refers to a written document which is the best evidence of its contents.  However, should this Honorable Court require a response thereto, the same are hereby denied.

74.

The allegations of Paragraph 74 of the Second Amended Complaint refers to written documents which are the best evidence of their contents.  However, should this Honorable Court require a response thereto, the same are hereby denied.

75.

The allegations of Paragraph 75 of the Second Amended Complaint refers to written documents which are the best evidence of their contents.  However, should this Honorable Court require a response thereto, the same are hereby denied.

76.

The allegations of Paragraph 76 of the Second Amended Complaint re-allege the previous and following paragraphs, which are answered in the same fashion as stated herein.  However, should this Honorable Court require response thereto, the same are hereby denied.

77.

The allegations of Paragraph 77 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

78.

The allegations of Paragraph 78 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

79.

The allegations of Paragraph 79 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

80.

The allegations of Paragraph 80 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

81.

The allegations of Paragraph 81 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

82.

The allegations of Paragraph 82 of the Second Amended Complaint are denied for lack of

sufficient information to justify a belief as to the truth thereof.

83.

The allegations of Paragraph 83 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

84.

The allegations of Paragraph 84 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

85.

The allegations of Paragraph 85 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

86.

The allegations of Paragraph 86 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

87.

The allegations of Paragraph 87 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

88.

The allegations of Paragraph 88 of the Second Amended Complaint re-allege the previous and following paragraphs, which are answered in the same fashion as stated herein.  However, should this Honorable Court require response thereto, the same are hereby denied.

89.

The allegations of Paragraph 89 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

90.

The allegations of Paragraph 90 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

91.

The allegations of Paragraph 91 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

92.

The allegations of Paragraph 92 of the Second Amended Complaint are denied as to defendant Burmaster.  The remaining allegations of Paragraph 88 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

93.

The allegations of Paragraph 93 of the Second Amended Complaint are denied as to

defendant Burmaster. The remaining allegations of Paragraph 89 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

94.

The allegations of Paragraph 94 of the Second Amended Complaint re-allege the previous and following paragraphs, which are answered in the same fashion as stated herein. However, should this Honorable Court require response thereto, the same are hereby denied.

95.

The allegations of Paragraph 95 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

96.

The allegations of Paragraph 96 of the Second Amended Complaint are denied as to defendant Burmaster. The remaining allegations of Paragraph 92 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

97.

The allegations of Paragraph 97 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

98.

The allegations of Paragraph 98 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

99.

The allegations of Paragraph 99 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

100.

The allegations of Paragraph 100 of the Second Amended Complaint are denied as written.

101.

The allegations of Paragraph 101 of the Second Amended Complaint are denied as to defendant Burmaster.  The remaining allegations of Paragraph 97 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

102.

The allegations of Paragraph 102 of the Second Amended Complaint re-allege the previous and following paragraphs, which are answered in the same fashion as stated herein.  However, should this Honorable Court require response thereto, the same are hereby denied.

103.

The allegations of Paragraph 103 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

104.

The allegations of Paragraph 104 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

105.

The allegations of Paragraph 105 are denied as written.

106.

The allegations of Paragraph 106 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

107.

The allegations of Paragraph 107 of the Second Amended Complaint re-allege the previous and following paragraphs, which are answered in the same fashion as stated herein.  However, should this Honorable Court require response thereto, the same are hereby denied.

108.

The allegations of Paragraph 108 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

109.

The allegations of Paragraph 109 of the Second Amended Complaint are denied as to defendant Burmaster.  The remaining allegations of Paragraph 105 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

110.

The allegations of Paragraph 110 of the Second Amended Complaint are denied as to defendant Burmaster.  The remaining allegations of Paragraph 106 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

111.

The allegations of Paragraph 111 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

112

The allegations of Paragraph 112 of the Second Amended Complaint re-allege the previous and following paragraphs, which are answered in the same fashion as stated herein. However, should this Honorable Court require response thereto, the same are hereby denied.

113.

The allegations of Paragraph 113 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

114.

The allegations of Paragraph 114 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading. However, should this Honorable Court require response thereto, the same are hereby denied.

115.

The allegations of Paragraph 115 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

116.

The allegations of Paragraph 116 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

117.

The allegations of Paragraph 117 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

118.

The allegations of Paragraph 118 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

119.

The allegations of Paragraph 119 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

120.

The allegations of Paragraph 120 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

121.

The allegations of Paragraph 121 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

122.

The allegations of Paragraph 122 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

123.

The allegations of Paragraph 123 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

124.

The allegations of Paragraph 124 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

125.

The allegations of Paragraph 125 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

126.

The allegations of Paragraph 126 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

127.

The allegations of Paragraph 127 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

128.

The allegations of Paragraph 128 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

129.

The allegations of Paragraph 129 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

130.

The allegations of Paragraph 130 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

131.

The allegations of Paragraph 131 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

132.

The allegations of Paragraph 132 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

133.

The allegations of Paragraph 133 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

134.

The allegations of Paragraph 134 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

135.

The allegations of Paragraph 153 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

136.

The allegations of Paragraph 136 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

137.

The allegations of Paragraph 137 of the Second Amended Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

138.

The allegations of Paragraph 138 of the Second Amended Complaint re-allege the previous and following paragraphs, which are answered in the same fashion as stated herein.  However, should this Honorable Court require response thereto, the same are hereby denied.

139.

The allegations of Paragraph 139 of the Second Amended Complaint are denied.

140.

The allegations of Paragraph 140 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

141.

The allegations of Paragraph 141 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

142.

The allegations of Paragraph 142 of the Second Amended Complaint contain alleged conclusions of law and, as such, do not require responsive pleading.  However, should this Honorable Court require response thereto, the same are hereby denied.

## **RESERVATION OF RIGHTS**

To the extent permitted by law, Defendant herein reserves his right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

**WHEREFORE** Defendant, Derrick Burmaster, prays that, after due proceedings are had, there be judgment in his favor and against Plaintiffs, dismissing the Second Amended Complaint at Plaintiffs' cost; for all costs, expenses and attorney fees incurred by Defendant herein; and, for such other and further relief as may be equitable and just and this Honorable Court competent to grant.

Respectfully submitted:

*/s/ C. Theodore Alpaugh, III*

**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone:     (504) 529-4141
Facsimile:      (504) 561-0326
Email:           cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

D:\GBSA, L.L.P\CTAData - Documents\CTA CORP CLIENTS\FOP.Burmaster, Derrick\ANS.second.amended.complaint.CTA.03052023.wpd