UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

******************************************************************************

**Memorandum in Support of Motion *in Limine* for the Use of Demonstrative Exhibit**

COME NOW, the Plaintiffs, to file this memorandum in support of their Motion *in Limine* for the Use of Demonstrative Exhibit. Plaintiffs respectfully request that this court allow them to use a puppy similar in size to Apollo as a visual aid to show the level of alleged danger posed to Defendant Derrick Burmaster by Apollo. The dog will be exhibited to the jury for a limited period during opening or cross-examination, and would be brought in by carrier or crate. It would be leashed at all times it is not in the carrier/crate.

For the reasons described herein, Plaintiffs ask that their motion be granted.

A. **Relevant Factual Background**

On April 10, 2021, NOPD officer Derrick Burmaster killed Apollo, Plaintiffs' eighteen-week-old Catahoula puppy. *See* R. Doc. 60 ¶ at 5; R. Doc. 86-6 at 12-13 (Burmaster admitting that he shot the Brown's dog). Apollo weighed just over 22 pounds. Ex. A at 2 (autopsy describing "a 10.1 kg, juvenile, intact male Catahoula dog"). According to Apollo's autopsy, he measured: "Crown to rump length is 68 cm, height is 45 cm, and the body thickness is 17 cm. The nose to crown length is 20 cm, and the width of the head is 10 cm." *Id*.

At trial, Plaintiffs expect that Defendant Derrick Burmaster will testify that he shot and

killed Apollo because he believed Apollo could and would cause him serious bodily harm. *See* R. Doc. 86-11 at 5 (Burmaster contending that the "dog presented an imminent threat of serious bodily injury"). Therefore, Plaintiffs request that this court allow them to display a puppy that is similar in size to Apollo as a demonstrative exhibit at trial. This puppy would aid the jury in assessing the risk of harm posed to Defendant Derrick Burmaster by Apollo.

**B. Law and Analysis**

1. <u>The standard for admission of demonstrative evidence.</u>

The admissibility of demonstrative evidence is largely within the discretion of the trial judge. *Longmire v. United States*, 404 F.2d 326 (5th Cir. 1969) (citing *Sedlack v. General Motors Corp.*, 7 Cir. 1958, 253 F.2d 116, 69 A.L.R.2d 420; *Atkins v. United States*, 5 Cir. 1957, 240 F.2d 849).

The Court bears the "ultimate responsibility for the effective working of the adversary system[.]" FED. R. EVID. 611, Advisory Comm. Notes (1972 proposed rules). Toward that responsibility, Federal Rule of Evidence 611(a) advises the Court to, in relevant part, "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time[.]" FED.R.EVID.611(a)(1)-(2).

Demonstrative exhibits "aim to clarify, color, or 'organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence' to persuade the jury to see the evidence in a certain light favorable to the advocate's client[.]" *See* B*augh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 707 (7th Cir. 2013) (quoting *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991)).

2. <u>The U.S. Court of Appeals for the Fifth Circuit has allowed parties to display and use exemplar, model, or replica exhibits at trial.</u>

In a case involving a similar demonstrative, the U.S. Court of Appeals for the Fifth Circuit held that the trial court did not abuse its discretion in allowing the display of a model demonstrative exhibit at trial. In *U.S. v. Weeks*, 919 F.2d 248, 253 (5th Cir. 1990), the Fifth Circuit affirmed the trial court's decision to allow the government to display a firearm to the jury, even though it was not the firearm used by the defendant. The revolver belonged to a government firearms expert and was identified by the victim as looking similar to the weapon the defendant took from the trunk of her car and used during the offenses. *Id.*

The court did not admit the firearm into evidence--which would have allowed the jury to examine it during deliberations--but allowed it to be displayed for "demonstrative purposes only." *Id.* In addition, the court instructed the jury that the revolver they had seen was merely a model similar to the one used in the crime. *Id.*

Plaintiffs request to make a similar display during trial of this case using a puppy that witnesses will identify, and measurements will confirm, is similar in size to Apollo at the time he was shot and killed by Defendant Derrick Burmaster. Plaintiffs request only to display the puppy for a limited time during trial – not that it be admitted into evidence or to allow the jury to examine it during deliberations. To avoid any confusion, like the court in *Weeks*, this Court could instruct the jury that the puppy on display is merely one similar in size to Apollo.

A demonstrative will aid the jury because it may be the case that not all jurors have a firm sense of how large or threatening a 10.1 kg puppy is in actuality.

In terms of logistics, Plaintiffs will bring the dog to the courthouse in a dog-carrier or crate, and will keep it outside the courtroom until the time it is to be shown to the jury during

opening or cross-examination. The dog will then exit the courthouse. The dog will be leashed at all times that it is not in the carrier or crate.

3. <u>The mere display of a similar-sized puppy at trial is not inflammatory or unfairly prejudicial to Defendant Derrick Burmaster.</u>

This court should exercise its discretion to allow Plaintiffs to display a similar-sized puppy with reasonable limitations on the duration and manner of the display. In *Weeks*, the Fifth Circuit held it was not unfairly prejudicial or inflammatory to simply display the firearm. U.S. v. Weeks, 919 F.2d 248, 253-54 (5th Cir. 1990). The record in *Weeks* reflected that, at trial, defense counsel objected to the manner of display and claimed on appeal that the government displayed the weapon in an inflammatory manner that unfairly prejudiced him. *Id.*

Specifically, a trial, defense counsel objected because the prosecutor "clicked [the gun] and tried it again, emphasizing the use of it. It inflames the jury panel. I would object to him trying to point the gun and play with the handle, and he clicks it so it's that much more intimidating." *Id.* The prosecutor disputed this characterization, stating that "[t]he gun's chamber was open. The barrel was open, Your Honor. As I walked toward the witness, the barrel closed." *Id.* at 254. The court responded: "Next time keep it closed." *Id.* The Fifth Circuit found the trial court's allowance of this display in this disputed manner did not constitute reversible error. *Id.*

If this Court grants this motion and allows the display of a puppy similar in size to Apollo, Plaintiffs would comply with reasonable limitations on the display. For example, Plaintiffs would not over-emphasize the cuteness of a puppy by kissing or playing with it. The dog would be exhibited in as neutral a manner as possible.

As in *Weeks*, display of a similar puppy alone would not unfairly prejudice Defendant Derrick Burmaster.

### C. Conclusion

Because it is anticipated that Defendant Derrick Burmaster will seek to introduce evidence of the risk posed to him by Apollo, this Honorable Court should grant Plaintiffs' request to display a puppy similar in size to Apollo at trial.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com