UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| **versus** | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |

* * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS

**MAY IT PLEASE THE COURT:**

You cannot produce what you do not have. As of the time of the filing of the instant Motion undersigned counsel did not have any documents responsive to the referenced requests, subject to the objections stated in the discovery responses. Therefore, at that time, counsel had nothing to produce. Counsel has now produced all of the responsive documents in his possession, excluding those received from the Plaintiffs and the City in discovery, and plaintiff's counsel has had the opportunity to question Burmaster at his deposition on March 10, 2023 about his discovery responses. Accordingly, the Plaintiffs' Motion is moot.

With regard to financial documents, responsive documents from the client were finally received after the filing of this Motion. On March 7, 2023, counsel obtained the purchase and financing agreement for Burmaster's home and sent it to plaintiffs' counsel that same day marked "Confidential" subject to the Protective Order herein.[1] On March 9, 2023 counsel obtained the registration for Burmaster's car and a screen shot taken on March 9, 2022 showing the balance in

---

[1] E-mail dated March 7, 2023, Exhibit "A".

Burmaster's bank account at that time, both of which were sent to plaintiffs' counsel that same day marked "Confidential" subject to the Protective Order herein.[2] On the evening of March 12, 2023 counsel was provided with Burmaster's tax returns for 2021 and 2022, both of which were sent to plaintiffs' counsel that same evening marked "Confidential" subject to the Protective Order herein.[3] Burmaster has no document reflecting a summary of his assets and liabilities nor does he have any documents showing his net worth.

With regard to the request for Electronically Stored Information ("ESI"), the City has already produced ESI which should include any emails on Burmaster's official City email account. With regard to Burmaster's personal accounts, this was addressed in Burmaster's deposition. In a nutshell, he testified that he knew that he did not have anything responsive to the search terms requested.[4]

With regard to alleged refusal to provide the written description of the shooting, what counsel is referring to is the "native format" of the statement Burmaster read during a NOPD interview. Burmaster testified at his deposition that what he read from was a photograph of his official NOPD Use of Force statement, not any "native format" document. The Use of Force statement was produced by the City early in this litigation and counsel for plaintiff has had it for some time.[5] A simple review of that statement while listening to Burmaster recite from the video recorded NOPD statement given by him to PIB where he states he is reading from his Use of Force Statement shows that what he recited was word for word identical.

---

[2] E-mail dated March 9, 2023, Exhibit "B".

[3] Email dated March 12, 2023, Exhibit "C".

[4] Excerpts from Burmaster deposition, pp. 205-226, Exhibit 'C-1".

[5] Use of Force statement("Officer Force Statement"), Exhibit "D".

Revised Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Derrick Burmaster were provided yesterday to counsel. A copy is attached hereto with confidential information redacted, including the attachments.[6]

Undersigned counsel submits that there is no reason to assess attorney fees and sanctions. The requested documents were provided by counsel as soon as he received them. Other documents requested do not exist. To the extent that information requested was unavailable prior to Officer Burmaster's deposition, counsel submits that there was ample time to question Officer Burmaster during his deposition about anything counsel wanted to know that was not otherwise objectionable. Further, Burmaster has filed an Answer to the Second Amended Complaint (Rec. Doc. 87).

Officer Burmaster respectfully requests that this Honorable Court deny Plaintiffs' Motion.

Respectfully submitted:

*/s/ C. Theodore Alpaugh, III*
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:    (504) 529-4141
Facsimile:     (504) 561-0326
Email:           cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

D:\GBSA, L.L.P\CTAData - Documents\CTA CORP CLIENTS\FOP.Burmaster, Derrick\Pleadings\MMO.opp.compel.CTA.03142023.wpd

---

[6] Revised Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Derrick Burmaster, Exhibit "E".