## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| **versus** | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REVISED SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DERRICK BURMASTER

**NOW COMES** Defendant, Derrick Burmaster, and revises his Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission as follows.

### GENERAL OBJECTIONS

Derrick Burmaster has not fully completed discovery in this action. The Responses to Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission submitted herein are based only upon such information that is presently available and specifically known to Derrick Burmaster. It is anticipated that through further discovery, additional facts may be ascertained which may lead to substantial additions to, changes in and variations to the information set forth herein. The following Responses are therefore submitted without prejudice to Derrick Burmaster's right to supplement and/or amend the discovery, including to produce evidence of any subsequently discovered fact.

In addition, Derrick Burmaster objects to Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission on the following bases. These general objections form a



part of the response to each and every discovery request herein.  Thus, the absence of a reference to a general objection should not be construed as a waiver of the general objections to a specific discovery request.

1.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent that it seeks information which is subject to the attorney-client privilege, work product privilege, or other privilege on the ground that privileged matter is not subject to discovery.

2.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information that is not within his possession, custody, or control, and to the extent they seek information that is already in Plaintiff's possession, custody or control.

3.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they are vague, ambiguous, overly broad, and not identified with reasonable particularity.

4.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they seek information constituting or containing trade secrets, confidential and/or proprietary business and financial information, or information that Derrick Burmaster is prohibited from disclosing.

5.    Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent they failure to specify a relevant time frame for the information sought.

-2-

**EXHIBIT E**

6. Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent Derrick Burmaster is unable to answer fully, absent discovery from Plaintiffs, co-Defendants and/or non-parties.

7. Nothing herein shall be construed as an admission by Derrick Burmaster as to the relevance or admissibility of any information that it may produce in response to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission or any information contained in any of the Responses set forth herein.

8. Derrick Burmaster objects to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission to the extent that they exceed the amount allowed by the Federal Rules of Civil Procedure and/or Local Rules.

9. By providing information in response to which an objection is made, Derrick Burmaster does not waive any of his general or particular objections.

10. Derrick Burmaster specifically reserves the right to supplement his Responses to each of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission .

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 2

Describe all training that has been provided to you pertaining to encountering animals, including but not limited to canines.

### RESPONSE TO INTERROGATORY NO. 2

I have received training in the academy years ago.  I cannot give you a specific date.  I also

-3-

**EXHIBIT E**

completed an ASPCA course, I do not remember when.  I also would refer you to my deposition

taken on March 10, 2023 in which I was questioned regarding this subject.

**INTERROGATORY NO. 3**

Describe what non-lethal weapons/equipment, including but not limited to tasers, mace,

clubs, batons, nightsticks, blackjacks, flash grenades, nets, catch poles, and/or pepper spray, that (1)

employees of the NOPD are permitted to carry in the line of duty, (2) are issued to NOPD

employees, (3) that employees of the NOPD are required to carry in the line of duty, (4) you were

equipped with during the incident and (5) you were required to carry during the incident**.**

**RESPONSE TO INTERROGATORY NO. 3**

Officers are permitted to carry a gun, TASER and baton.  I had a gun and aTaser which had

been issued to me.  I had a baton but lost it during Katrina.  I had not bought a replacement baton.

They were not issued they had to be purchased.  After this incident I was told that I had to have one

so I bought one afterwards.

**INTERROGATORY NO. 4**

Describe in detail what happened to Apollo's body after it was shot, including any care that

you provided or attempted to provide.

**RESPONSE TO INTERROGATORY NO. 4**

After shooting the dog, I escaped out of the yard to avoid an encounter with the other dog that

the Browns recklessly let out of their house and allowed to attack me.  I stayed out of the yard

because I was scared.  I did not re-enter the yard where the dog was and did not have any contact

with it afterwards.  I was told to stay away from the yard by my supervisor.

-4-

**EXHIBIT E**

**INTERROGATORY NO. 6**

If you disagree with or contest any portion of any Public Integrity Bureau report regarding the incident, identify which portion and why you disagree.

**RESPONSE TO INTERROGATORY NO. 6**

This Interrogatory is objected to as overly broad, burdensome and beyond the scope of discovery permitted by Rule 26(b).  It is further objected to insofar as it may call for disclosure of non-testifying experts, the identity of which are not discoverable in accordance with Rule 26(b)(4)(D) and communications with any witness required to provide a report in accordance with Rule 26(b)(4)(C).  This Interrogatory is further objected to insofar as it calls for the disclosure of information which is work product, prepared in anticipation of litigation, privileged or otherwise protected from discovery.  Pursuant to Rule 26(b)(5), and subject to supplementation as this case progresses, the material objected to may consist of confidential attorney-client communications, notes made by counsel, documents prepared by Burmaster at the direction of counsel and documents prepared by counsel.  Without waiving the foregoing objections, and subject thereto, on page 1 I disagree with the statement that I failed to recognize the animal did not present an imminent threat of serious bodily harm and that I failed to reholster my weapon and that the situation was not a deadly force incident.  I disagree with the comments in the letters/communications from the IPM contained in pages 3 - 5 of the report.  On the 14th page I disagree with the statement that I fired my weapon out of fear and not because the dog presented an imminent threat of serious bodily injury. I also disagree that the dog did not attempt to harm me.  I also disagree that I was scared and fired my weapon, or that the dog did not present an imminent threat and that I should have reholstered my weapon.  I disagree with the credibility assessment on pages 14-15.  I also disagree with the

**EXHIBIT E**

conclusions and the disciplinary recommendations as well as any adverse conclusions of the investigator other than I did not have a baton.

## INTERROGATORY NO. 14

Provide a full accounting of your assets and liabilities, including (1) the amount of money you have in bank or brokerage accounts; (2) any ownership of stocks, bonds, mutual funds, or other financial assets; (3) your full or partial ownership in any asset valued at or estimated to be over $5,000; (4) any liabilities in excess of $5,000; (3) any retirement, pension, 401(k), or other accounts.

## RESPONSE TO INTERROGATORY NO. 14

This Interrogatory appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories.  There is no judgment here.  Accordingly, this Interrogatory is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).  This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense.  It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence.  It is further objected to as premature.  It is further objected to as overly broad and burdensome.  Without waiving the foregoing objections, and subject to the foregoing as well as the Protective Order entered herein, the following response is designated "Confidential": I have a house with a mortgage located at ██████ purchased for ██████ on ██████, all of which was financed.  There is miscellaneous furniture, clothing and appliances in the house which I have no way of valuing.  I have a ███████████████.  I believe that I have about ████████ account.  On March 9, 2023 the balance in my ████████████. ██████████████████████

██████████████████████

-6-

EXHIBIT E

███████████ .

## SUPPLEMENTAL REPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Produce all emails, text messages, social media messages, or other electronic communications that contain the terms: ("derrick" OR "Burmaster") AND ("dog" OR "canine" OR "shoot" OR "shot" OR "shooting" OR "force" OR "killed" OR "apollo").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

This Request is objected to as being overly broad, vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of discovery permitted by Rule 26(b). This Request is further objected to insofar as it may call for disclosure of non-testifying experts, the identity of which are not discoverable in accordance with Rule 26(b)(4)(D) and communications with any witness required to provide a report in accordance with Rule 26(b)(4)(C).  This Request is further objected to insofar as it calls for the disclosure of information which is work product, prepared in anticipation of litigation, privileged or otherwise protected from discovery.  Pursuant to Rule 26(b)(5), and subject to supplementation as this case progresses, the material objected to may consist of confidential attorney-client communications, notes made by counsel, documents prepared by Burmaster at the direction of counsel and documents prepared by counsel.  Without waiving the foregoing objections, and subject thereto, please see my deposition taken on March 10, 2023 in which I was questioned extensively regarding this subject

**REQUEST FOR PRODUCTION NO. 2**

Produce all records and documents related to the incident.

**EXHIBIT E**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

See Response to Request for Production No. 2.  Without waiving the foregoing objection, and subject thereto, information responsive to this Request should be in the possession of the New Orleans Police Department.  Officer Burmaster has no documents other than those either obtained by plaintiff pursuant to a public records request or produced by the NOPD herein.

**REQUEST FOR PRODUCTION NO. 5**

Produce all emails, text messages, social media messages, or other electronic communications sent by you in the hour before the shooting of Apollo, and for the remainder of that day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

This Request is  objected to as being overly broad, vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of discovery permitted by Rule 26(b). This Request is further objected to insofar as it calls for the disclosure of information which is work product, prepared in anticipation of litigation, privileged or otherwise protected from discovery.  Without waiving the foregoing, and subject thereto, as stated in my deposition on March 10, 2023, I have no social media communications, text messages or emails responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

All your tax returns for all years 2021 and thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories.  There is no judgment here.  Accordingly, this

-8-



Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).  This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense.  It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence.  It is further objected to as premature.  It is further objected to as overly broad and burdensome**.**  Without waiving the foregoing objections, and subject to the foregoing as well as the Protective Order entered herein, the requested returns are attached hereto and designated as "Confidential".  However, Officer Burmaster was deposed on March 10, 2022 and could have been asked questions regarding his income.

**REQUEST FOR PRODUCTION NO. 7**

All documents reflecting a summary of all your assets and liabilities, in any of the years 2021 and thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories.  There is no judgment here.  Accordingly, this Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).  This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense.  It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence.  It is further objected to as premature.  It is further objected to as overly broad and burdensome.  Without waiving the foregoing objections, and subject to the foregoing as well as the Protective Order entered herein, I do not have any summary of my assets and liabilities.  However, Officer Burmaster was deposed on March 10, 2022 and could have been asked questions regarding this Request.

**EXHIBIT E**

**REQUEST FOR PRODUCTION NO. 8**

All documents reflecting your net worth, in any of the years 2021 and thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories. There is no judgment here. Accordingly, this Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense. It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to as premature. It is further objected to as overly broad and burdensome. Without waiving the foregoing objections, and subject to the foregoing as well as the Protective Order entered herein, I do not have any document reflecting my net worth that I am aware of.

**REQUEST FOR PRODUCTION NO. 9**

All documents reflecting your full or partial ownership of any asset valued or estimated to be worth over $5,000 that was owned in 2021 or thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

This Request appears to seek information that only may or may not be discoverable post-judgment in Garnishment Interrogatories. There is no judgment here. Accordingly, this Request is objected to as it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). This Request is further objected to insofar as it seeks information which is not relevant to any party's claim or defense. It is further objected to as not reasonably calculated to lead to the discovery of admissible evidence. It is further objected to as premature. It is further objected

EXHIBIT E

to as overly broad and burdensome. Without waiving the foregoing objections, and subject to the foregoing as well as the Protective Order entered herein, the following documents are attached and designated "Confidential": (1) the purchase agreement for his home which was sent to counsel for plaintiff on March 7, 2023 designated "Confidential"; (2) the registration for his car and a screen shot taken on March 9, 2022 showing the balance in his bank account at that time, both of which were sent to counsel for plaintiff on March 9, 2023 and both of which are designated "Confidential"; and, (3) his 2021 and 2022 Federal tax returns which were sent to counsel for plaintiff on March 12, 2023, both of which are designated "Confidential".

Respectfully submitted:

/s/ C. Theodore Alpaugh, III

**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:    (504) 529-4141
Facsimile:    (504) 561-0326
Email:        cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

-11-

**EXHIBIT E**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of March, 2023 I have served a copy of the above and foregoing pleading on all counsel of record by electronic mail, facsimile transmission, hand delivery and/or by mailing same by United States Mail, properly addressed and first class postage prepaid.

/s/ C. Theodore Alpaugh, III

**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:    (504) 529-4141
Facsimile:    (504) 561-0326
Email:         cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

-12-

**EXHIBIT E**