UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Reply in Support of Motion to Compel and for Discovery Sanctions Against Defendant Derrick Burmaster**

As of March 5, 2023 – less than one month before trial – Defendant Burmaster had not produced a single page of a single document in response to a single request for production.

So Plaintiffs filed a motion to compel. R. Doc. 86. Burmaster subsequently produced five documents. Two of them were not produced until after Burmaster's March 10, 2023 deposition. And at that deposition, Burmaster admitted that he (1) never conducted an ESI search; (2) never took steps to preserve ESI; and (3) "probably attempted" to delete relevant ESI. Accordingly, this Court should grant Plaintiffs' motion.

**A. This Court must award attorneys fees per Fed. R. Civ. Proc. 37(a)(5) because Burmaster failed to produce documents he possessed until after a motion to compel was filed.**

Burmaster's counsel filed an opposition to Plaintiffs' motion to compel and for sanctions. R. Doc. 92. His excuse is that "[y]ou cannot produce what you do not have." *Id*. at 1. But Burmaster's counsel only says that he – the lawyer – did not have the documents. *Id*. ("undersigned counsel did not have any documents responsive"). Burmaster's counsel makes no argument whatsoever that Burmaster did not have the documents.

As a result, attorneys fees are mandatory. Fed. R. Civ. Proc. 37(a)(5) provides that if a

1

party produces requested documents after a motion to compel is filed, the court must award attorneys fees unless (i) there was no effort to obtain the documents without court action; (ii) the non-disclosure was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Burmaster's lawyer does not even attempt to justify Burmaster's failure to produce documents. Nor could he; Burmaster had agreed to produce the documents months prior, and just did not do it.

**B.     The Court should grant Plaintiffs' request for sanctions because Burmaster still has not made a complete production, produced some documents after his deposition, admitted that he did not conduct an ESI search, and admitted he "probably attempted" to destroy ESI.**

Burmaster should also be subject to discovery sanctions for several other reasons. First, he has not made a complete production of his financial records. For example, he has produced no documents or information about the contents of his retirement accounts. There is no indication that he has even looked.

Second, because Burmaster did not produce his tax records until after his deposition, ensuring that Plaintiffs would be prejudiced by their inability to question Burmaster about them. *Compare* R. Doc. 92-4 (March 10, 2023 deposition) *with* R. Doc. 92-3 (March 12, 2023 production of tax records).

Third, because Burmaster admitted at deposition that he did not take <u>any steps whatsoever</u> to search his emails, text messages, or social media for responsive documents. In discovery, Plaintiffs provided Burmaster a list of search terms. Plaintiffs met and conferred with Burmaster's counsel, who promised that he would "work with Burmaster to see how feasible ESI search is." R. Doc. 86-8.

But that did not happen. At deposition, Burmaster admitted he took no steps to search his

email:

> Q. Did you take any steps to search your e-mails for those search terms?
> A. No.

R. Doc. 92-4 at 209:17-19. He also admitted he took no steps to search his text messages, even though he conceded there might be responsive messages to search terms like "dog." *Id.* at 210:18-211:1. He also admitted he took no steps to search his social media messages:

> Q. Do you know how to search social media messages?
> A. No. I could probably figure it out, though.
> Q. Uh-huh (indicating affirmatively). Did you take any steps to try and figure out how to search your social media messages for search terms?
> A. No.

*Id.* at 211:10-18. In addition to search terms, he also admitted he took no steps to search for emails within the time frame of RFP No. 5:

> Q. Okay. Did you go back and look for e-mails in the hour before the shooting of Apollo and for the rest of that day?
> A. No. The day --

*Id.* at 219:7-10. He admitted the same with regard to text messages. *Id.* at 221:17-24.

He also admitted he took no steps to preserve ESI even after he anticipated there might be a lawsuit.

3

```
        Q.   What steps did you take to preserve
    your e-mails, your text messages, or social
    media messages once you thought that there
    might be a lawsuit?
        A.   I didn't do anything.
```

Id. at 215:9-13.

And finally, he admitted that he "probably attempted" to delete social media messages about the shooting.

```
        Q.   Did you delete people's comments
    about you shoot -- shooting the dog on -- on
    social media?
        A.   Probably attempted to --
        Q.   Okay.
        A.   -- because I didn't want that to be
    on my social media, of -- of course.
```

**C.    Conclusion**

Defendant Burmaster has made a complete mockery of civil discovery. He did not preserve documents despite anticipating a lawsuit. He deleted relevant communications. He received search terms in discovery, but did not take a single step to search his emails, texts, or social media as requested. He refused to produce a single scrap of responsive documentation until less than a month before trial, and then only after Plaintiffs filed a motion to compel. And key documents were produced after Burmaster's deposition, preventing any questioning.

Burmaster's lawyer has entirely declined to provide any justification for Burmaster's behavior whatsoever. All Burmaster's lawyer will say is that the "requested documents were provided by counsel as soon as he received them." R. Doc. 92 at 3.

4

This Court cannot reward such contempt for the rules of discovery. It should take action, and grant the sanctions requested in Plaintiffs' motion.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com