## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CITY OF NEW ORLEANS' AND SHAUN FERGUSON'S RESPONSES TO DEREK BROWN'S AND JULIA BARECKI-BROWN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>Via Email</u>: williammost@gmail.com

To:    Mr. Derek Brown and Mrs. Julia Barecki-Brown
       *Though counsel of record*
       William B. Most, Esq.
       Most & Associates
       201 Saint Charles Avenue, Suite 114 # 101
       New Orleans, Louisiana 70170

       NOW COME the City of New Orleans and Shaun Ferguson ("City Defendants") who

hereby object to and/or respond to Derek Brown's and Julia Barecki-Brown's ("Plaintiffs") First

Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1.  City Defendants object to the definitions to the extent they impose a meaning upon a word
    or phrase that differs from the common understanding of the meaning of that word or
    phrase.

2.  City Defendants object to the instructions to the extent they impose obligations on City
    Defendants that exceed those imposed by the Federal Rules of Civil Procedure.

**RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all body camera footage and/or dash camera footage reflecting the incident and/or the aftermath of the incident, whether visually or audio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See attached.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents comprising the NOPD policy manual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

NOPD policies are found at [NOPD - Policies - City of New Orleans (nola.gov)](NOPD - Policies - City of New Orleans (nola.gov))

**REQUEST FOR PRODUCTION NO. 3:**

Produce the entire personnel and PIB files for Derrick Burmaster, including any records evidencing any complaints or disciplinary action, job performance reviews, written evaluations (whether based on a numerical scale or otherwise), job/competency/skills assessments, and applications for employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

City Defendants object to this request because it seeks documents that are irrelevant.  Further, the documents are unfairly prejudicial and will confuse the jury.  City Defendants will only produce PIB files for complaints that were sustained.  City Defendants will not produce PIB files for complaints that were not sustained, unfounded, or exonerated.  Attached please find Officer Burmaster's Personnel file and PIB files concerning sustained complaints.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents that reflect training, policies, procedures, guidelines, and/or best practices of the NOPD that deal with when the use of force against a human or non-human animal is appropriate and/or permitted that were in effect at the time of the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

NOPD Policy 1.3(32) and NOPD Policy 1.7.1(57)-(64) are available at NOPD - Policies - City of New Orleans (nola.gov).  Both policies were in effect at the time of the incident.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents that reflect training, policies, procedures, guidelines, and/or best practices of the NOPD that deal with encountering animals, including but not limited to canines, while on duty, that were in effect at the time of the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

NOPD Policy 1.3(32), NOPD Policy 1.7.1(57)-(64), and NOPD policy 41.34 are available at NOPD - Policies - City of New Orleans (nola.gov).  The policies were in effect at the time of the incident.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all records or other documents that reflect any employee of the NOPD injuring or killing a nonhuman animal in or outside of the line of duty for the past ten (10) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

City Defendants object to this request because the NOPD does not necessarily have knowledge of injuring or killing animals outside of the line of duty.  This request assumes NOPD should have documents concerning its members hunting, fishing, and killing household pests and/or vermin.  Attached please find Animal Firearm Discharge List for the Last 10 Years.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all records and documents related to the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

City Defendants object to this request to the extent it requests documents that are not in their possession.  Attached please find documents that are in City Defendants' possession.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all emails to or from any members of NOPD that contain the terms: ("derrick" OR "burmaster") AND ("dog" OR "canine" OR "shoot" OR "shot" OR "shooting" OR "force" OR "apollo").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

City Defendants object to this request because is overly broad and not narrow in time.  Please provide (a) the identity of the sender and/or recipient of the email and (b) the date range of the request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents referenced in any response to any interrogatory or request for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

See attached.

**REQUEST FOR PRODUCTION NO. 10:**

All documents which you intend to use in support of any claim or defense at any point throughout this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

At this time, City Defendants intend to use the Sergeant Pruitt's Criminal Investigation Report and Officer Burmaster's BWC.  That said, it is very early in this litigation.  City Defendants will file an exhibit list in accord with the Court's scheduling order.

**REQUEST FOR PRODUCTION NO. 11:**

All records of the Public Integrity Bureau and Use of Force Review Board related to the incident, including PIB's full criminal and administrative investigatory file, audiotape of the Use of Force Review Board hearing, Powerpoints or other materials prepared by PIB in anticipation of the Use of Force Review Board, IAPro records, Early Warning system records, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

City Defendants object to this request because IAPro records, Early Warning system records and etc. are not defined and confusing.  The undersigned has never heard of IAPro records and Early Warning system records.  Attached is PIB's Criminal Investigation Report and Administrative Investigation Report.  City Defendants remind Plaintiffs that the conclusions and findings in the Administrative Investigation Report have not been approved at a Chiefs' Hearing which has not occurred at this time.  Ultimately, the Superintendent has the authority to either concur or not concur with the Report.  The undersigned requested Use of Force records from PIB and he was supplied with the Administrative Report.  No power points or audiotape of a hearing was produced.

**REQUEST FOR PRODUCTION NO. 12:**

All documents sent to and from, and communications with, the Office of the Independent Police Monitor or the Office of the Consent Decree Monitor regarding the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Attached please find a complaint filed with the Independent Police Monitor which was forwarded to PIB.  The undersigned has emailed Jonathan Aronie, the Consent Decree Monitor, several times for documents with no success.

**REQUEST FOR PRODUCTION NO. 13:**

All Brady or Giglio material provided by NOPD to Orleans DA regarding Derrick Burmaster or Shaun Ferguson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

City Defendants are not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All reports describing the impact of the December 13, 2019 cyber-attack on City of New Orleans systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Please see attached.  In addition, the undersigned was provided with two reports bearing an Attorney-Client Privileged watermark.

First privileged document:    Sender is Kimberly W. LaGrue, CIO, City of New Orleans

        Recipients are Sunni LeBeouf, City Attorney, and Eldridge Morris, Risk Manager, City of New Orleans

        Date of document is December 22, 2019

        Document concerns the cyberattack and the findings to date

Second privileged document: Sender is Kimberly W. LaGrue, CIO, City of New Orleans

        Recipients are Sunni LeBeouf, City Attorney, and Eldridge Morris, Risk Manager, City of New Orleans

        Date of document is May 29, 2020

Document is a detailed action report describing corrective actions taken in the wake of the cyberattack

**REQUEST FOR PRODUCTION NO. 15:**

All documents described in any party's Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

City Defendants already produced the documents identified in their Initial Disclosures

**REQUEST FOR PRODUCTION NO. 16:**

All Field Operations Bureau policies or directives related to animal control or use of force on animals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

City Defendants are not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All NOPD, PIB, and Use of Force Review Board records regarding Derrick Burmaster's killing of a dog in 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

See attached.  City Defendants will supplement.  This will be the only not sustained, unfounded, or exonerated PIB file for Officer Burmaster City Defendants will produce.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was transmitted to all parties in this case, through their respective counsels of record, via electronic mail, this 7th day of September 2022.


_____/s/ *Jonathan H. Adams*_____
Jonathan H. Adams