**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON,  and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*******************************************************************************

**<u>Motion to Strike Burmaster's Answer</u>**

Now comes Plaintiffs move this Court to strike Defendant Derrick Burmaster's Answer to Plaintiffs' Second Amended Complaint.

Burmaster's untimely answer completely failed to be a good faith effort at admitting or denying the complaints' allegations. For example, Burmaster denied basic factual statements as "conclusions of law," like the allegation (para. 58) that Burmaster "had a TASER on his person, but did not use it."

Burmaster's answer also denied allegations that he admitted in response to Requests for Admission.  For example, the answer denies the allegation (para. 105) that "Burmaster was acting within the scope of his employment with the New Orleans Police Department." But Burmaster previously admitted an RFA that "You were acting in the course and scope of your employment during the incident." Ex. B at 12.

And Burmaster made no effort to ensure that his affirmative defenses had a basis in fact and law. For example, Burmaster raised the statute of limitations as an affirmative defense to the second amended complaint. R. Doc. 87 at 2. But Burmaster had already conceded in discovery that he had no facts whatsoever to support a statute of limitations defense, and promised that that defense would be withdrawn. Ex. B at 7 (Interrogatory: "Identify any facts supporting your Third Affirmative Defense." Response: "None at this time. The Third Defense will be withdrawn.") But Burmaster did not withdraw the defense; he re-urged it in his Second Amended Complaint.

1

Plaintiffs' counsel raised these concerns with Burmaster's counsel through written correspondence and multiple telephone and Zoom meet-and-confers. See Ex. A, B. Burmaster's counsel indicated that "If Burmaster is going to amend his answer, he will do so by next Wednesday [March 15, 2023]." Then, when March 15, 2023, arrived, Burmaster's counsel said he would "probably" amend the answer by the following Tuesday.

But it is too late. This case is two and a half weeks from trial. It is far too late for Plaintiffs to wait until next Tuesday to see if Burmaster maybe amends his answer so that they can see which allegations he admits and denies, and what his affirmative defenses are. This Court should instead strike Burmaster's answer for failure to comply with Fed. R. Civ. Proc. 8 and 11.

Respectfully submitted,

<div style="display:flex; justify-content:space-between;">

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

*/s/ Tarak Anada*
TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com

</div>