UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*******************************************************************************

**Memorandum in Support of Motion to Strike Burmaster's Answer**

On April 10, 2021, NOPD officer Derrick Burmaster shot and killed Plaintiff's 16-week-old puppy Apollo. Plaintiffs filed suit. On December 14, 2022, Plaintiffs filed a Second Amended Complaint with leave of court. R. Doc. 60.

Burmaster did not timely file an Answer to the Second Amended Complaint. On February 14, 2023, Plaintiffs' counsel asked "I'm not seeing that Burmaster filed an answer to the Second Amended Complaint. When could you do that by?" Ex. A at 2. Burmaster's counsel replied "Not anytime soon." *Id.* Plaintiffs' counsel offered an extension until March 1, 2023. *Id.* at 2. Burmaster did not file an answer by that date.

On March 5, 2023, Burmaster's failure to answer the complaint was mentioned in a motion for sanctions. R. Doc. 86-1. Burmaster filed an answer a few hours later. R. Doc. 87.

But Burmaster's answer completely failed to be a good faith effort at admitting or denying the complaints' allegations. For example, Burmaster denied basic factual statements as "conclusions of law," like the allegation (para. 58) that Burmaster "had a TASER on his person, but did not use it."

Burmaster's answer also denied allegations that he <u>admitted</u> in response to Requests for Admission. For example, the answer denies the allegation (para. 105) that "Burmaster was acting within the scope of his employment with the New Orleans Police Department." But Burmaster previously admitted an RFA that "You were acting in the course and scope of your employment during the incident."

1

Ex. B at 12.

And Burmaster made no effort to ensure that his affirmative defenses had a basis in fact and law. For example, Burmaster raised the statute of limitations as an affirmative defense to the second amended complaint. R. Doc. 87 at 2. But Burmaster had already conceded in discovery that he had <u>no facts whatsoever</u> to support a statute of limitations defense, and promised that that defense would be withdrawn. Ex. B at 7 (Interrogatory: "Identify any facts supporting your Third Affirmative Defense." Response: "None at this time. The Third Defense will be withdrawn.") But Burmaster did not withdraw the defense; he re-urged it in his Second Amended Complaint.

Plaintiffs counsel raised these concerns with Burmaster's counsel through written correspondence and multiple telephone and Zoom meet-and-confers. See Ex. A, B. Burmaster's counsel indicated that "If Burmaster is going to amend his answer, he will do so by next Wednesday [March 15, 2023]." Then, when March 15, 2023, arrived, Burmaster's counsel said he would "probably" amend the answer by the following Tuesday.

But it is too late. This case is two and a half weeks from trial. It is far too late for Plaintiffs to wait until next Tuesday to see if Burmaster maybe amends his answer so that they can see which allegations he admits and denies, and what his affirmative defenses are. This Court should instead strike Burmaster's answer for failure to comply with Fed. R. Civ. Proc. 8 and 11.

**I.    DISCUSSION**

Federal Rule of Civil Procedure 8(b)(1) requires that in responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party." Rule 8(b)(2) requires that such a denial "must fairly respond to the substance of the allegation." If, however, a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation," it may so state, and the statement has the effect of a denial.[1]

---

[1] Fed. R. Civ. Proc. 8(b)(5).

Factual denials are also subject to Rule 11(b), which provides that an attorney's signature certifies that "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." That rule requires that any such denial comes "after an inquiry reasonable under the circumstances." The comments to Rule 11 emphasize this, noting that a denial for lack of information is permissible "after an appropriate investigation."[2] These two rules work together to serve the basic purpose of an Answer, which is to "determine which of plaintiff's allegations defendants dispute."[3]

Here, Plaintiff's operative pleading is R. Doc. 60. Burmaster responded with a long-overdue Answer that denies 71 allegations for "lack of sufficient information to justify a belief as to the truth thereof." R. Doc. 87. The Answer denies for "lack of sufficient information" basic facts like whether another officer was wounded by Burmaster's volley (*id*. at ¶ 43), and whether the Use of Force Review Board "concluded that Burmaster's shooting of Apollo was unjustified" (*id*. at ¶ 65). But those things have been established in discovery, and Burmaster has even agreed to them as stipulated facts in the proposed pre-trial order. Other facts are denied even though Burmaster has admitted them in RFAs.

Defendant's lack of a good faith inquiry is perhaps best shown by the denial of verbatim quotes from NOPD's Policy Manual. *Id*. at ¶¶ 53-54, 57. That policy manual is available to the public on NOPD's website.[4]

And as noted above, it is clear that Burmaster's counsel did not actually engage in the inquiry required by Rule 11 before raising affirmative defenses, because he re-urged an affirmative defense that Burmaster had already admitted was baseless. Burmaster's pleading completely fails to be what is required by the Federal Rules of Civil Procedure: a good faith response to what allegations are

---

[2] Notes of Advisory Committee on Rule 11 (1993 Amendment).
[3] *Muehl v. Schrubbe*, 09-cv-16, 2009 WL 1587176, R. Doc. 37 at *2 (W.D. Wis., June 5, 2009); *see also La Brec v. Weber*, 18-cv-1047 at *2 (W.D. Wis., Aug. 13, 2019) ("the purpose of an answer is simply to put the plaintiff on notice of possible factual disputes and defenses.")
[4] See https://www.nola.gov/nopd/policies/

3

admitted and denied, with affirmative defenses raised after a reasonable inquiry to see whether they have a basis.

## II.     CONCLUSION

For the reasons set forth above, Plaintiffs' motion should be granted. It is close to trial for Plaintiffs to have to guess what facts Burmaster admits, or what Burmaster's defenses are. This Court should strike Burmaster's answer.

Respectfully submitted,

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com