# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DEREK BROWN and        *    Civil Action No. 22-00847
JULIA BARECKI-BROWN     *
                            *    SECTION: L
VERSUS                     *
                            *    HONORABLE ELDON E. FALLON
DERRICK BURMASTER, SHAUN    *
FERGUSON, and the CITY OF     *    DIVISION: 4
NEW ORLEANS               *
                            *    HONORABLE KAREN WELLS ROBY

************************************************************************

## Proposed Pre-Trial Order

1.    **Date of the Pre-trial Conference:** March 21, 2023, 3:30 p.m.

2.    **Appearance of Counsel:**

     a.     <u>For Plaintiffs</u>: Tarak Anada, William Most, and Hope Phelps

     b.     <u>For Defendant Burmaster</u>: C. Theodore Alpaugh, III and Claude A. Schlesinger

     c.     <u>For City Defendants (Ferguson, Woodfork, and City of New Orleans)</u>: James M. Roquemore; Corwin M. St. Raymond

3.    **Description of the Parties:**

     a.     <u>Plaintiffs</u>: Derek Brown and Julia Barecki-Brown. Plaintiffs are the former owners of Apollo, the dog shot and killed by NOPD officer Derrick Burmaster.

     b.     <u>Defendant Burmaster</u>: Derrick Burmaster is the NOPD officer who shot and killed Plaintiffs' dog Apollo. He is sued in his individual capacity. The City of New Orleans will indemnify Mr. Burmaster for any judgment against him in this case, except for punitive damages.

     c.     <u>Defendant Ferguson</u>: Shaun Ferguson was the Superintendent of NOPD when Burmaster killed Apollo. He is sued in his individual capacity. The City of New Orleans will indemnify Mr. Ferguson for any judgment against him in this case, except for punitive damages. The parties have agreed to dismiss Defendant Ferguson.

     d.     <u>City Defendants</u>: The City of New Orleans and the Superintendent of the NOPD are one official-capacity entity. Michelle M. Woodfork is currently the Interim Superintendent.

**4. Claims and Jurisdiction:**

a. <u>First COA</u>: Federal Civil Rights Violations (against Burmaster)
   i. Original claim.
   ii. Federal question jurisdiction.
   iii. Plaintiffs allege that Burmaster violated their 4th, 5th, and 14th Amendment rights when he shot their dog Apollo without justification.

b. <u>Second COA</u>: State Torts of Negligence and NIED (against all Defendants)
   i. Original claim.
   ii. Supplemental jurisdiction.
   iii. Plaintiffs allege that Burmaster was negligent and negligently inflicted emotional distress upon Plaintiffs when he shot and killed an sixteen-week-old dog in a residential neighborhood. Plaintiffs allege that the City Defendants are vicariously liable for Burmaster's actions, and also that the City Defendants were independently negligent in retaining Burmaster on the force after prior misconduct, and failing to properly train and supervise Burmaster.

c. <u>Third COA</u>: Negligent Hiring, Training, Retention, and Supervision (against City Defendants).
   i. Original claim.
   ii. Supplemental jurisdiction.
   iii. Plaintiffs allege that City Defendants failed to exercise reasonable care in the training, retention, and supervision of Burmaster, given that Burmaster had used allegedly force at least thirty times in ten years, including a prior dog killing. Plaintiffs also alleged that the City Defendants' training of Burmaster was also negligent, based on their allegation that they copied and pasted from a Department of Justice training document, but omitted everything that might suggest a dog is *not* a serious threat.

d. <u>Fourth COA</u>: Vicarious Liability (against City/Woodfork).
   i. Original claim.
   ii. Supplemental jurisdiction.
   iii. Plaintiffs allege that the City/Woodfork are vicariously liable for Burmaster's actions, as he was acting within the scope of his employment with the New Orleans Police Department.

e. <u>Fifth COA</u>: Indemnity (against City/Woodfork).
   i. Original claim.
   ii. Supplemental jurisdiction.
   iii. Plaintiffs allege that the City of New Orleans is obligated by Louisiana statute to pay any judgment entered against their employees, other than punitive damages.

f. <u>Sixth COA</u>: *Monell* Liability (against City)

      i. Original claim.
     ii. Federal question jurisdiction.
    iii. Plaintiffs allege that the City of New Orleans is liable for Burmaster's alleged constitutional violations based on their allegation that the City Defendants declined to implement sufficient training, sufficient policies, or any legitimate mechanism for oversight or punishment of Burmaster. For example, Plaintiffs allege that the City's animal training was copied and pasted from a Department of Justice training document, but omitted everything that might suggest a dog is not a serious threat.

g. <u>Seventh COA</u>: Conversion (against All Defendants)
      i. Original claim.
     ii. Supplemental jurisdiction.
    iii. Plaintiffs allege that by unnecessarily shooting Apollo, Burmaster wrongfully committed an act of dominion over the Plaintiffs' property in denial of and inconsistent with the Plaintiffs' ownership rights.

There are no counter- or cross-claims.

**5. List of Pending and Contemplated Motions:**

a. <u>Motions Pending:</u>
      i. City Defendants' Motion to Dismiss *Monell* Claim. R. Doc. 68.
     ii. Plaintiffs' Motion to Compel and for Sanctions against Burmaster. R. Doc. 86.
    iii. Plaintiffs' Motion *in Limine* to Allow Plaintiffs to Bring Similar-Sized Dog as Demonstrative. R. Doc. 90.
    iv. Plaintiffs' Motion for Leave to File Reply in Support of Motion to Compel and for Sanctions. R. Doc. 93.
     v. Plaintiffs' First Set of Motions in Limine. R. Doc. 94.
    vi. Plaintiffs' Motion to Strike Burmaster's Answer. R. Doc 94.

b. <u>Motions Contemplated:</u>
      i. Plaintiffs' Motion for Partial Summary Judgment on Liability
     ii. Plaintiffs' Motion to Dismiss Ferguson in his Individual Capacity
    iii. Plaintiffs' Motion in Limine regarding Burmaster's financial information
    iv. Plaintiffs' Motion to Strike Denials in Burmaster's Answer to Second Amended Complaint
     v. Derrick Burmaster contemplates filing a Motion to Dismiss and/or for Summary Judgment, Motions in Limine, a Motion for Leave to Amend Answer, and Motions regarding demonstrative evidence.
    vi. The City Defendants' Motion for Summary Judgment on all claims
    vii. The City Defendants' Motions in Limine.

6. **Brief Summary of Material Facts:**

    a. Plaintiffs' Summary

On April 10, 2021, NOPD officer Derrick Burmaster and his partner responded to a call for service at Plaintiffs' home. After the officers entered the gate into the front yard of the home, there was barking. Burmaster pulled his gun out of his holster. Two dogs ran down the home's front stairs. Burmaster's partner touched Burmaster's shoulder to indicate that they should leave, and then exited the gate. Burmaster did not exit the gate. The smaller of the two dogs ran towards Burmaster. That dog was Apollo, a sixteen-week-old puppy that weighed just over 22 lbs. Burmaster fired three rounds at the puppy, killing it.

According to NOPD supervisors, if Burmaster feared the dog, he should have used his TASER or his hands and feet to repel it. He also could have used a baton, but was not carrying one that day – in violation of NOPD policy.

Burmaster told NOPD internal affairs investigators that he shot his gun because he was afraid the dog would bite him in the penis. (That was also the reason he provided when he killed another dog in 2012.) The internal affairs division found Burmaster's explanation not to be credible, and found the shooting to be unjustified. NOPD's Use of Force Review Board also unanimously voted that Burmaster's shooting of Apollo was unjustified. The Superintendent of NOPD has not yet made a decision about the shooting.

    b. Burmaster's Summary

Senior Police Officer Derrick Burmaster has been a member of the New Orleans Police Department for over twenty years. During that time he has responded to many calls for service, including calls where dogs were present. He has been bitten several times by dogs while on calls. Accordingly, when he responds to a call for service at a location, he will look for food and water bowls, dog feces and any other indications that there is an animal present. He also makes "kissing" noises as he approaches to draw out any animal.

On the night of April 10, 2021 Officer Burmaster responded to a disturbance in the 1400 block of Felicity Street. Officer Burmaster arrived first and spoke to the complainant who told him he heard a woman shouting and things breaking at a house across the street. He indicated that the house was 1420 Felicity Street, a multi-family house, and indicated that the disturbance came from the downstairs apartment.

After Officer Roussel arrived, Officer Burmaster briefed him and then they walked across Felicity Street and approached the house. As Officer Burmaster neared the house, he made "kissing" noises to draw out any dogs. There was no response and he also noticed that there was nothing in the yard to indicate dogs were present. Upon determining that it was safe to enter the property, Officer Roussel opened the gate and Officer Burmaster entered the yard followed by Officer Roussel. As they were walking to the first-floor apartment Officer Burmaster heard a deep bark and then two dogs ran down the stairs. The larger of the two dogs ran towards Officer

Roussel while the smaller one ran directly towards Officer Burmaster.  The dogs were not behaving in a friendly manner but rather were aggressive.

Officer Burmaster had just seconds to react.  He realized he did not have time to escape out of the gate as Officer Roussel did nor was he able to find any cover.  He had to defend himself so he drew his gun and fired three shots at the smaller of the two dogs which was coming straight for him.  The shots resulted in its death.  The larger of the two dogs then ran back up the stairs and, as it no longer posed a threat, Officer Burmaster was then able to safely exit the yard.

No more than five seconds elapsed between Officer Burmaster becoming aware of the dogs and the shooting.  The entire incident is captured on Officer Burmaster's and Officer Roussel's Body Worn Cameras.

At the request of the Use of Force Review Board, Sgt. David Duplantier of the NOPD Training Academy reviewed Officer Burmaster's actions and met with Officer Burmaster.  In his report, he stated that it was his opinion that Officer Burmaster acted properly and that Officer Burmaster's response fell within reason.

      c.  <u>City Defendants' Summary</u>

The City Defendants disagree with the Plaintiffs' characterization of the facts in this case, including the circumstances surrounding the shooting of the dog, Apollo, and application of NOPD policies to Officer Burmaster's actions. There are body-worn-camera videos that recorded the incident which sufficiently show the incident..

Following Officer Burmaster's shooting of the dog on April 10, 2021, OPD's Public Integrity Bureau ("PIB"), which serves as NOPD's internal affairs department, investigated whether Officer Burmaster committed any criminal conduct in shooting the dog and determined that he had not. The PIB investigator reported that Officer Burmaster was justified in shooting the dog.In addition, the PIB also investigated whether Officer Burmaster violated NOPD policies in his conduct on April 10, 2021. The investigator for this investigation recommended that Officer Burmaster violated NOPD policies regarding use of force and failure to carry an expandable baton while working his tour of duty. The PIB proceeding is still pending.

In addition, the NOPD Use of Force Board reviewed Officer Burmaster's actions and concluded that Officer Burmaster violated NOPD policies in his use of force because he fired his gun out of fear, not an objective assessment of threat. Officer Burmaster was directed to receive training from the NOPD Academy, the training division of NOPD. A well-qualified NOPD Academy instructor reviewed Officer Burmaster's body-worn-camera video and other evidence and concluded that Officer Burmaster acted properly and reasonably in shooting Apollo.

The City Defendants deny Plaintiffs' municipal liability claims because NOPD clearly has written policies that specifically prohibit use of firearms to stop an animal unless the animal reasonably appears to pose and imminent threat to human safety and alternative methods are not reasonably available or would likely be ineffective. There is no evidence to support a claim that the City Defendants were deliberately indifferent to animal shootings. Among other things,

NOPD trains its officers with respect to this policy and on how to identify and assess potential threats by animals and to use force only as is reasonably necessary, depending on the circumstances at hand. In addition, with respect to supervision of Officer Burmaster, Plaintiffs cannot demonstrate a pattern of similar conduct because Officer Burmaster had only one other animal shooting in his entire 20-year career with NOPD. None of any of the other criticisms of Officer Burmaster's employment history have any relation to animal encounters and failed to provide any forewarning to the City Defendants that Officer Burmaster may shoot a dog as he did in this case.

7. **Uncontested Facts:**

a. On April 10, 2021, NOPD officer Derrick Burmaster and his partner officer John Roussel responded to a call for service at the home of the Brown family.

b. Both officers wore body-worn-cameras which accurately recorded the circumstances relative to Officer Burmaster's and Officer Roussel's response to the call to the Brown house.

c. Officer Burmaster entered the enclosed yard of the Browns.

d. Officer Burmaster heard barking.

e. The Brown's two dogs came down the porch stairs from the second floor of the residence.

f. Roussel did not draw any weapon.[1]

g. Apollo, the smaller of the two dogs, ran towards Burmaster.

h. Burmaster fired three rounds at Apollo.[2]

i. Burmaster shot and killed the Browns' dog, Apollo.

j. Roussel was also wounded by a fragment of Burmaster's bullet, and was treated at the Tulane University Medical Center.

k. Plaintiffs Derek Brown and Julia Barecki-Brown owned Apollo.

l. NOPD's Use of Force Review Board unanimously voted that Burmaster's shooting of Apollo was unjustified.[3]

---

[1] Deposition Exhibit 43 (Roussel BWC)
[2] Deposition Exhibit 20 (ASI Report)
[3] Deposition Exhibit 29 (UFRB Minutes)

m.  At the time of the incident, Burmaster was carrying a TASER, but did not pull it from its holster.

n.  Burmaster did not attempt to kick Apollo before shooting him.

o.  At the time of the incident, Burmaster was not carrying a baton or wearing body armor.

p.  Burmaster also shot and killed a dog in 2012.

q.  In 2019, Burmaster received training entitled "The Problem of Dog-Related Incidents and Encounters"[4]

r.  At the time that Apollo was shot, NOPD had a written policy concerning encounters with dangerous animals, which provided, "Officers are authorized to use firearms to stop an animal in circumstances in which the animal reasonably appears to pose an imminent threat to human safety and alternative methods are not reasonably available or would likely be ineffective. The officer must be cognizant of the surroundings when shooting at an animal and ensure there is no risk to people in the area. Under circumstances in which officers have sufficient advance notice that a potentially dangerous animal may be encountered, officers should develop reasonable contingency plans for dealing with the animal (e.g., fire extinguisher, CEW, animal control officer). Nothing in this Chapter shall prohibit any officer from shooting a dangerous animal if circumstances reasonably dictate that a contingency plan has failed or becomes impractical."

**Evidentiary stipulations:**

- The parties will make no arguments appealing to jurors' pecuniary interests as taxpayers.

- The Browns are not making any claim for loss of income.

- The Browns are not making any claim for loss of earning capacity.

**8.  Contested Issues of Fact**

a.  Whether Apollo represented a serious threat to Burmaster.

b.  Whether Burmaster could have exited the gate before a dog reached him.

c.  Whether Burmaster could have effectively employed methods of force less serious than lethal force.

d.  The cause, nature and extent of Plaintiffs' damages, if any.

---

[4] Deposition Exhibit 48 (October 2019 The Problem of Dog-Related Incidents and Encounters Test Result Summary at pg. 3.)

e.   Plaintiffs' failure to mitigate their damages, if any.

f.   Whether Officer Burmaster had sufficient time to use methods other than his gun.

g.   Whether in the time allotted methods other that lethal force would have been effective.

h.   Whether Officer Burmaster was able to escape the yard prior to shooting.

i.   Whether Officer Burmaster acted in accordance with his training.

j.   Whether the NOPD Training Academy found that Officer Burmaster's actions were reasonable and within policy.

k.   Whether Officer Burmaster's decision to use lethal force fell within reason.

l.   Whether Officer Burmaster's use of force  against the dog, Apollo, was justified.

m.  Whether the City Defendants provided adequate training to its NOPD officers with respect to appropriate use of force upon animals.

n.   Whether the City Defendants adequately supervised Officer Burmaster.

o.   Whether a pattern of unlawful uses of force upon animals by NOPD officers exists.

p.   Whether the facts demonstrate a plausible direct causal link between Officer Burmaster's employment history or training of its officers and the shooting of Plaintiff's dog.

**9.   Contested Issues of Law**

a.   Whether Burmaster violated Plaintiffs' constitutional rights.

b.   Whether any constitutional violation by Burmaster violated clearly established law.

c.   Whether the City Defendants are liable per *Monell* for any constitutional violation by Burmaster.

d.   Whether Burmaster was negligent in his actions, and whether the City Defendants were negligent in their training, retention, or supervision of Burmaster.

e.   Whether Defendants committed the tort of conversion and/or negligent infliction of emotional distress when Burmaster killed Apollo.

f.   Whether Plaintiffs' Complaint, First Amended and Supplemental Complaint and Second Supplemental and Amended Complaint fail to state a claim under 42 USC § 1983 against Burmaster in his individual capacity.

g.  Whether there is no genuine dispute of material facts in this case to support a finding of 42 USC § 1983 liability against Burmaster in his individual capacity.

h.  Whether Burmaster violated Plaintiffs' Fourth, Fifth and/or Fourteenth Amendment rights.

i.  Whether Burmaster violated clearly established law.

j.  Whether Burmaster is entitled to qualified immunity because he could have reasonably believed that his conduct was not barred by law and existing precedent does not place the constitutional question beyond debate.

c.  Whether the City Defendants training of its officers reflects a deliberate indifference to the rights of animal owners with whom NOPD comes into contact.

d.  Whether the City Defendants supervision of Officer Burmaster reflects a deliberate indifference to the rights of animal owners with whom NOPD comes into contact.

e.  Whether Officer Burmaster's prior uses of force against humas are sufficiently similar to his use of force against Plaintiff's dog to demonstrate a pattern.

f.  Whether Officer Burmaster's employment history and/or discipline history made it apparent to the City Defendants that Officer Burmaster would shoot a dog.

j.  Whether the City Defendants are immune from suit with respect to some or all of Plaintiffs' claims for their discretionary acts as set forth in La. R.S. 9:2798.1, La. R.S. 9:2800.10, and any other statutory or jurisprudential immunities affordable under the law.

k.  Whether Plaintiffs' contributory or comparative negligence operates as a complete or partial bar to their recovery of damages.

l.  Whether Plaintiffs' alleged damages were caused by persons or parties for whom the City Defendants are not legally responsible.

m.  Whether the statutory cap on general damages provided by LSA – R.S. 13:5106 precludes some or part of an award for damages against the City Defendants in this case.

n.  Whether Defendant Ferguson is wrongfully joined in this lawsuit.

p.  Whether Defendant Burmaster's qualified immunity precludes any recovery against the City Defendants.

## 10. Exhibits

### a. Joint Exhibits

| Number | Description | Bates Range |
|---|---|---|
| J1 | **Burmaster Body Worn Camera Footage**<br>*Filename: 18. (Clip_1.1)_1420_FELICITY_STREET-2 (Burmaster BWC)* | |
| J2 | **Roussel Body Worn Camera Footage**<br>*Filename: 43. Roussel BWC (Clip_1.1)_1420_Felicity_Street* | |
| J3 | **Photo of Apollo After Shooting**<br>*Filename: 28 (Old 25). LRR_0007 (1)* | |
| J4 | **NOPD Operations Manual Chapter 1.3**<br>*Filename: Chapter-1-3-Use-of-Force-Effective-4-1-2018*<br>*Revised: 04/01/2018* | JOINT 000001-10 |
| J5 | **NOPD Operations Manual Chapter 1.7.1**<br>*Filename: 32 (Old 22). Chapter-1-7-1-Conducted-Energy-Weapon-EFFECTIVE-12-6-20* | JOINT 000011-26 |
| J6 | **NOPD Operations Manual Chapter 41.10**<br>*Filename: 33. Uniform Policy* | JOINT 000027-30 |
| J7 | **NOPD Operations Manual Chapter 41.11**<br>*Filename: 34. Chapter-41-11-Body-Armor-EFFECTIVE-1-14-18* | JOINT 000031-33 |

### b. Plaintiffs' Exhibits

| | Description and Anticipated Witness | Bates Range | Objection to Authenticity? | Objection to Relevancy? |
|---|---|---|---|---|
| P1 | **Photo of Apollo**<br>Filename: 607316a908202.image<br>Anticipated Witness: Browns, Burmaster | | | |
| P2 | **Photo of Apollo**<br>Filename: 607316df6133d.image<br>Anticipated Witness: Browns, Burmaster | | | Burmaster: relevance, hearsay, cumulative and unfair prejudice.<br><br>City: relevance, cumulative, unfair prejudice. |
| P3 | **Photo of Apollo (February 20, 2021)**<br>Filename: 20210220_143457 | | | Burmaster: relevance, hearsay, cumulative |

| | | | | |
|---|---|---|---|---|
| | Anticipated Witness: Browns, Burmaster | | | and unfair prejudice.<br><br>City: relevance, cumulative, unfair prejudice. |
| P4 | **Photo of Apollo (February 20, 2021)**<br>Filename: 20210220_145746<br>Anticipated Witness: Browns, Burmaster | | | Burmaster: relevance, hearsay, cumulative and unfair prejudice.<br><br>City: relevance, cumulative, unfair prejudice. |
| P5 | **Photo of Apollo (February 20, 2021)**<br>Filename: 20210220_152808<br>Anticipated Witness: Browns, Burmaster | | | Burmaster: relevance, hearsay, cumulative and unfair prejudice.<br><br>City: relevance, cumulative, unfair prejudice. |
| P6 | **Adoption Contract**<br>Filename: Adoption Contract<br>Anticipated Witness: Derek Brown | PLAINTIFFS 000001-2 | | Burmaster: relevance and hearsay.<br><br>City: Relevance, hearsay, cumulative. |
| P7 | **Photo of Apollo post-shooting (April 11, 2021)**<br>Filename: 20210314_134930_02<br>Anticipated Witness: Browns, Burmaster | | | |
| P8 | **Photo of Apollo and Cat (March 21, 2021)**<br>20210321_101018<br>Anticipated Witness: Browns, Burmaster | | | Burmaster: relevance, hearsay and unfair prejudice.<br><br>City: relevance, cumulative, unfair prejudice. |
| P9 | **Photo of Apollo**<br>Filename: 9. Photo of Apollo<br>Anticipated Witness: Browns, Burmaster, Roussel | | | City: cumulative. |
| P10 | **Photo of Apollo (Taken April 1, 2021)**<br>Filename: 20210401_095704<br>Anticipated Witness: Browns, Burmaster, Roussel | | | City: cumulative. |

| | | | |
|---|---|---|---|
| P11 | **Autopsy of Apollo**<br>Filename: 11. Autopsy<br>Anticipated Witness: Crosby | PLAINTIFFS 000003-6 | | |
| P12 | **DOJ Training**<br>Filename: 12. Ex. C - The-Problem-of-Dog-Related-Incidents-and-Encounters-2011<br>Anticipated Witness: Duplantier, Crosby | PLAINTIFFS 000007-58 | | Burmaster: relevance, hearsay and unfair prejudice.<br><br>City: Relevance, hearsay, unfair prejudice. |
| P13 | **NOPD Training**<br>Filename: 13. The Problem of Dog-Related Incidents and Encounters<br>Anticipated Witness: Duplantier, Crosby | PLAINTIFFS 000059-70 | | |
| P14 | **Burmaster PIB Short Form**<br>Filename: 14. Burmaster Short Form (-)<br>Anticipated Witness: Helou | PLAINTIFFS 000071-79 | | Burmaster: relevance, hearsay and unfair prejudice.<br><br>City: relevance, unfair prejudice, 404b |
| P15 | **Crime Scene Photo of House and Gate**<br>Filename: LRR_0003 (1)<br>Anticipated Witness: Burmaster | | | |
| P16 | **Crime Scene Photo of House**<br>Filename: P16. LRR_0004 (1)<br>Anticipated Witness: Burmaster | | | |
| P17 | **Crime Scene Photo of Apollo Dead**<br>Filename: LRR_0007 (1)<br>Anticipated Witness: Burmaster, Crosby | | | City: unfair prejudice, cumulative |
| P18 | **Crime Scene Photo of Gate and Chickenwire**<br>Filename: LRR_0014<br>Anticipated Witness: Burmaster | | | |
| P19 | **Description of Burmaster 2012 Dog Shooting**<br>Filename: Burmaster 2012 Dog Shooting Summary<br>Anticipated Witness: Burmaster, Helou | PLAINTIFFS 000080-81 | | Burmaster: relevance, hearsay and unfair prejudice.<br><br>City: relevance, hearsay, best evidence, unfair prejudice. |

| | | | |
|---|---|---|---|
| P20 | **PIB Administrative Shooting Investigation**<br>Filename: ASI 2021-03 Investigation_Redacted_OCR (-)<br>Anticipated Witness: Brewer, Pruitt | PLAINTIFFS 000082-100 | | Burmaster: relevance, hearsay and unfair prejudice.<br><br>City: relevance, hearsay, best evidence, unfair prejudice. |
| P21 | **UFRB PowerPoint Presentation**<br>Filename: ASI 2021-03 Derrick Burmaster 1<br>Anticipated Witness: Goodly | | | |
| P22 | **Video of Use of Force Review Board Hearing**<br>Filename: Burmaster - UOFRB August 19, 2021 Audio<br>Anticipated Witness: Goodly | | | City: Hearsay, relevance, unfair prejudice, foundation foropinion evidence. |
| P23 | **Recording of Burmaster Admin. Interview**<br>Filename: 23B. 802_0310 (1)<br>Anticipated Witness: Burmaster | | | |
| P24 | **PIB Burmaster Long Form**<br>Filename: P24. Burmaster Long-Form PIB Report_OCR<br>Anticipated Witness: Helou | PLAINTIFFS 000101-119 | | City: Relevance, unfair prejudice, 404b. |
| P25 | **Video of Burmaster Criminal Interview**<br>Filename: 25 (Old 24). 1340_Poydras_Street,_Suite_1900-2 (Burmaster) (-)<br>Anticipated Witness: Burmaster | | | |
| P26 | **Incident Report from 2012 Dog Killing**<br>Filename: P26 (Old 24). Burmaster 2012 Use of Force Report<br>Anticipated Witness: Burmaster, Helou | PLAINTIFFS 000120-122 | | Burmaster: relevance, hearsay and unfair prejudice. |
| P27 | ***State v. Loicana***<br>Filename: State v. Loicana, 254 So. 3d 761<br>Anticipated Witness: Helou | PLAINTIFFS 000123-132 | | Burmaster: relevance, hearsay and unfair prejudice.<br><br>City: Relevance, hearsay, unfair prejudie, 404b. |
| P28 | **Record of Participants in NOPD Dog Training** | PLAINTIFFS 000133-147 | | |

| | | | |
|---|---|---|---|
| | Filename: P28. October 2019 The Problem of Dog-Related Incidents and Encounters Test Result Summary<br>Anticipated Witness: Burmaster | | | |
| P29 | **UFRB Minutes and Recommendations**<br>Filename: (Old 26). ASI2021-03 Minutes and Training Recommendations<br>Anticipated Witness: Goodly | PLAINTIFFS 000148-150 | | Burmaster: relevance, hearsay and unfair prejudice.<br><br>City: relevance, hearsay, unfair prejudice. |
| P30 | **Animal Firearm Discharge List**<br>Filename: (old 21). Animal Firearm Discharge List Last 10 Years<br>Anticipated Witness: Helou | PLAINTIFFS 000151 | | |
| P31 | **PIB Criminal Investigatory Report**<br>Filename: Criminal Investigation D-13802-21_Redacted<br>Anticipated Witness: Pruitt | PLAINTIFFS 000152-188 | | City: Foundation (subject to Pruitt's testimony) |
| P32 | **Burmaster Insight Report**<br>*Filename: 38. - Burmaster Insight Report*<br>Anticipated Witness: Helou | PLAINTIFFS 000189-230 | | City: relevance, unfair prejudice, 404b. |
| P33 | **Burmaster List of Shootings**<br>*Filename: 42. - Burmaster ASI Report*<br>Anticipated Witness: Helou | PLAINTIFFS 000231 | | City: 403, 404b. |
| P34 | **NOPD Diagrams**<br>Filename: NOPD Diagrams<br>Anticipated Witness: Brewer, Pruitt | PLAINTIFFS 000232-235 | | |
| P35 | **John Wick Facebook Post**<br>*Filename: John Wick (Facebook)* | | | Burmaster: relevance, hearsay and unfair prejudice |
| P36 | **Photo of Roussel Injury**<br>Filename: LRR_0068<br>Anticipated Witness: Roussel | | | |
| P37 | **Photo of Roussel Injury**<br>Filename: LRR_0069<br>Anticipated Witness: Rossel | | | |
| | Any document listed or used as an exhibit by any other party. Any document needed for impeachment. | | | |

| | | | | |
|---|---|---|---|---|
| | | | | |

   c.   Burmaster's Exhibits

| Number | Description and Anticipated Witness | Bates Range | Objection to Authenticity? | Objection to Relevancy? |
|---|---|---|---|---|
| B1 | Documents from Burmaster's personnel records.<br>Anticipated witness Burmaster | | | Plaintiffs object as to relevance. |
| B2 | Documents from Burmaster's personnel records.<br>Anticipated witness Burmaster | | | Plaintiffs object as to relevance. |
| B3 | Documents from Burmaster's personnel records.<br>Anticipated witness Burmaster | | | Plaintiffs object as to relevance. |
| B4 | Documents from Burmaster's personnel records.<br>Anticipated witnesses Burmaster, Helou. | | | Plaintiffs object as to relevance, cumulation, and hearsay. |
| B5 | B5 Burmaster Training Records<br>Anticipated witness Burmaster, Duplantier | | | Plaintiffs object as to relevance. |
| B6 | Burmaster's Officer Force Statement.<br>Anticipated witness Burmaster | | | Plaintiffs object as to relevance, cumulation, and hearsay. |
| B7 | New Orleans Police Department, Education and Training Division, Training Action Plan (TAP), PTTR # Item D-13802-21, date 10-12-2020, Bates Labeled "City Defendants 002711 – City Defendants 002714.<br>Anticipated witnesses Duplantier, Burmaster | | | Plaintiffs object as to relevance, cumulation, and hearsay. |
| | Any document listed or used as an exhibit by any other party.<br><br>Any document needed for impeachment.<br><br>Any pleadings filed in this lawsuit.<br><br>Any written discovery. | | | |

d.  City Defendants' Exhibits

| Number | Description and Anticipated Witness | Bates Range | Objection to Authenticity? | Objection to Relevancy? |
|--------|-------------------------------------|-------------|----------------------------|-------------------------|
| C1 | Electronic presentation of PowerPoint presentation by Brewer – Administrative Shooting Investigation, ASI 2021-03, CTN #2021-0238-R (reference the hard copy version City Defendants 002715 -002729. Anticipated Witness(s): Brewer, Helou, Goodly. | | | |
| C2 | New Orleans Police Department, Education and Training Division, Training Action Plan (TAP), PTTR # Item D-13802-21, date 10-12-2020, Bates Labeled "City Defendants 002711 – City Defendants 002714. Anticipated Witness(s): Duplantier. | | | Plaintiffs object as to relevance, cumulation, and hearsay. |
| C3 | Officer Burmaster's training records. Anticipated Witness(s): Duplantier, Helou, Goodly. | | City has not provided exhibit. | |
| C4 | NOPD slide presentation – The Problem of Dog-Related Incidents and Encounters. Anticipated Witness(s): Duplantier. | | City has not provided exhibit. | |
| C5 | List of NOPD uses of force against animals since 2012 (City Defendants –1790). Anticipated Witness(s): Helou. | | City has not provided exhibit. | |
| C6 | Records relating to ASI2012-0001 (Burmaster) Anticipated Witness(s): Helou. | | City has not provided exhibit. | Plaintiffs object as to relevance, cumulation, and hearsay. |
| C7 | Records relating to I-16870-12 (2012 - Demond) Davis animal use of force) Anticipated Witness(s): Helou. | | City has not provided exhibit. | Plaintiffs object as to relevance, cumulation, and hearsay. |
| C8 | Records relating to ASI # 2015-02 (2015 – Ryan Morgan use of force on animal) Anticipated Witness(s): Helou. | | City has not provided exhibit. | Plaintiffs object as to relevance, cumulation, and hearsay. |
| C9 | Records relating to ASI # 2016-02 (2016 – | | City has not | Plaintiffs object as to |

|  | Travis Stokes use of force on animal) Helou. |  | provided exhibit. | relevance, cumulation, and hearsay. |
|---|---|---|---|---|
| C10 | Records relating to ASI # 2016-04 (2016 – Nigel Daggs use of force on animal) Helou. |  | City has not provided exhibit. | Plaintiffs object as to relevance, cumulation, and hearsay. |
| C11 | Records relating to ASI # 2018-03 (2018 Jerome D. Newsome use of force upon animal) Anticipated Witness(s): Helou. |  | City has not provided exhibit. | Plaintiffs object as to relevance, cumulation, and hearsay. |
| C12 | Records relating to PIB Control Number FTN2020-0003 (2020 Gregory C. Rotton use of force upon an animal) Anticipated Witness(s): Helou. |  | City has not provided exhibit. | Plaintiffs object as to relevance, cumulation, and hearsay. |
| C13 | Training list for 2019-10-OCT-DTB Anticipated Witness(s): Duplantier, Goodly, Helou. |  | City has not provided exhibit. |  |
|  | Any document listed or used as an exhibit by any other party. Any document needed for impeachment. Any pleading filed in this lawsuit. Any written discovery. |  |  |  |

## 11. Deposition Testimony:

The parties do not anticipate the entry of deposition testimony at trial unless a witness becomes unexpectedly unavailable, and for impeachment.

## 12. Demonstratives:

Plaintiffs anticipate using a Powerpoint presentation (or similar) during opening, that may use photos, diagrams, and video. Plaintiffs also anticipate bringing a dog and/or stuffed animal of comparable size to Apollo into the courtroom during trial to act as a demonstrative.  Plaintiffs anticipate using several exhibits blown up to posterboard size, as well as a "Standards" demonstrative on posterboard.

Burmaster may use a PowerPoint presentation as well as blowups and/or electronic versions of certain exhibits.

17

The City Defendants may use a Powerpoint presentation during opening, and may use certain exhibits that were expanded.

**13. Witness Lists:**

    a. <u>Plaintiffs' Will-Call:</u>
        i. **Derek Brown**
           1. Address: Contact through counsel.
           2. Will testify regarding the incident, Apollo, and the emotional distress he suffered when Apollo was killed.
        ii. **Julia Barecki-Brown**
           1. Address: Contact through counsel.
           2. Will testify regarding the incident, Apollo, and the emotional distress she suffered when Apollo was killed.
        iii. **Christopher Goodly**
           1. Address: Contact through NOPD counsel.
           2. Mr. Goodly was designated by NOPD as a 30(b)(6) witness and has been designated by Plaintiffs as a non-retained expert.  Goodly is expected to provide expert testimony regarding the issues, investigation, and findings related to Defendant Derrick Burmaster's shooting of Apollo. He is expected to provide expert testimony regarding his knowledge of the investigation and findings of the Public Integrity Bureau and Use of Force Review Board. He is expected to opine as to Defendant Burmaster's perception of a threat, and what kind of force was justified by the threat in existence.
        iv. **Jim Crosby**
           1. Address: 1435 Oak Haven Rd., Jacksonville, Florida 32207
           2. Plaintiffs' retained expert. Mr. Crosby is expected to testify consistent with his expert report regarding Burmaster's shooting of Apollo, alternative actions Burmaster could have taken, and NOPD's training and supervision of Burmaster.
        v. **John Roussel**
           1. Address: Contact through NOPD counsel.
           2. Will testify about the incident that he witnessed, and what alternative measures were available.
        vi. **Derrick Burmaster**
           1. Address: Contact through counsel.
           2. Will testify about the actions he took, why he shot Apollo, what he observed, and why he did not take alternative actions

    b. <u>Plaintiffs' May-Call:</u>
        i. **Shannon Jones-Brewer**
           1. Address: Contact through NOPD counsel.
           2. NOPD 30(b)(6) witness. Will testify about the ASI investigation, the evidence gathered, Burmaster's credibility, etc.

    ii.  **Deborah Pruitt**
1. Address: Contact through NOPD counsel.
2. NOPD 30(b)(6) witness. Will testify about the criminal investigation, the evidence gathered, Burmaster's credibility, Apollo's aggression and threat, whether she would have drawn her gun or shot Apollo, etc.

    iii.  **Holly Williams**
1. 24191 Fletcher Cutoff Rd., Pontchatoula, LA, 70454
2. Will testify about the Browns' adoption of Apollo from Trampled Rose, her observations of Apollo's behavior, her observations of the Browns' emotional connection to Apollo.

    iv.  **Marcus Gandy**
1. Address:
2. Will testify about the Browns' adoption of Apollo from Trampled Rose, her observations of Apollo's behavior, his observations of the Browns' emotional connection to Apollo.

    v.  **Elizabeth Berk**
1. Address: 4011 Baronne St, New Orleans, LA 70115
2. The Browns' therapist, Ms. Berk will testify about the emotional distress experienced by the Browns after Apollo's death.

    vi.  **Dr. Daniel B. Paulsen, Dr. Kristin Vyhnal, or LADDL Asst. Director Dr. Maria S. Mitchell** of the Louisiana Animal Disease Diagnostic Laboratory
1. Address: Louisiana State University River Road, Room 1043 Baton Rouge LA 70803.
2. Will testify about the autopsy of Apollo

    vii.  **John Helou**
1. Address: Contact through NOPD counsel.
2. NOPD 30(b)(6) witness. Will testify about Burmaster's history of force, discipline, and complaints, Apollo's aggression and threat, and whether he would have drawn his gun or shot Apollo.

    viii.  **David Duplantier**
1. Address: Contact through NOPD counsel.
2. NOPD 30(b)(6) witness. Will testify about NOPD training and development of training, Apollo's aggression and threat, and whether he would have drawn his gun or shot Apolo.

c. Burmaster's Will-Call:

**Derrick Burmaster**
715 S. Broad Street
New Orleans, Louisiana 70113
Officer Burmaster is a party to this lawsuit and will testify regarding his background, experience, training and events relating to the claims of the plaintiff herein.

**David Duplantier**
715 S. Broad Street
New Orleans, Louisiana 70113
Sgt. Duplantier will testify as a fact witness and a non-retained expert regarding his background, training, role and history at the NOPD Training Academy, the findings of the Public Integrity Bureau regarding same, NOPD training in use of force, including against animals, the level of threat, and the level of force justified his review of the incident made the basis of this lawsuit, his meeting with Officer Burmaster, the level of force used and its reasonableness; and, whether Officer Burmaster violated any training or policy of the NOPD and his observations and recommendations and the basis therefor.

Burmaster's May-Call:

**John Roussel**
715 S. Broad Street
New Orleans, Louisiana 70113
Officer Roussel may testify regarding his background, experience and events relating to the claims of the plaintiff herein.

**Deborah Pruitt**
715 S. Broad Street
New Orleans, Louisiana 70113
Sgt. Pruitt may testify both as a fact witness and as a non-retained expert regarding her background, experience and events relating to the claims of the plaintiff herein; the findings of the Public Integrity Bureau regarding same; the level of threat; and the level of force justified.

**Precious Banks**
715 S. Broad Street
New Orleans, Louisiana 70113
Captain Banks is currently the Commander of the Public Integrity Bureau and will testify regarding her knowledge of the incident and subsequent investigation.

**Russell Green**
715 S. Broad Street
New Orleans, Louisiana 70113
Officer Green may testify regarding his background, experience and events relating to the claims of the plaintiff herein, including but not limited to encounters with dogs while working the street.

Any witness listed or called by any other party.

d. City's Will-Call:

    i.  Shannon Jones Brewer
        1. Address: Contact through counsel for City of New Orleans.

      2. Will testify as to the facts; the Public Integrity Bureau; the Use of Force Board; NOPD's disciplinary investigation of Officer Burmaster; Officer Burmaster's use of force.

   ii. David Duplantier
      1. Address: Contact through counsel for City of New Orleans.
      2. Will testify as a fact witness and non-retained expert about the following: NOPD training as to use of force with regard to animal encounters; NOPD standards and practice as to use of force in animal encounters; Officer Burmaster's use of force in this instance.

   iii. John Helou
      1. Address: Contact through counsel for City of New Orleans.
      2. Will testify as a fact witness and non-retained expert about the following: Officer Burmaster's employment history and NOPD's supervision of Officer Burmaster; Officer Burmaster's use of force; and prior incidents by NOPD with animals.

e. City's May-Call:
   i. Debra Pruitt
      1. Address: Contact through counsel for City of New Orleans.
      2. Sgt. Pruitt may testify as a fact witness and non-retained expert as to: the facts in this case; the investigation conducted by the Public Integrity Bureau; the use of force by Officer Burmaster in this case.

   ii. Chris Goodly
      1. Address: Contact through counsel for City of New Orleans.
      2. May testify as fact witness and non-retained expert about: the incident; Burmaster's use of force; NOPD's investigation regarding use of force; NOPD's policies, customs, and practice regarding use of force; use of force with respect to animals; training as to use of force; supervision of Officer Burmaster.

f. Any witness listed or called by any other party.

This witness list is filed in accordance with prior court orders.

**14. Jury Statement**: This is a jury case. The jury shall decide all issues other than qualified immunity.

Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be electronically filed with the court not later than 4:30 p.m. five working days prior to trial unless specific leave to the contrary is granted by the Court.

Any proposed special voir dire questions are to be filed by each counsel no later than 4:30 p.m. five working days prior to trial.

15. **Quantum**: The issue of liability (will or will not) be tried separately from that of quantum.

16. **Any Other Matters that Might Expedite Disposition**: None at this time.

17. **Trial Shall Commence**: On April 3, 2023, at 9:00am. Four days are anticipated to be needed.

18. **Conference of Counsel**: This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19. **Settlement**: Possibility of settlement of this case was considered. The parties will hold a settlement conference on March 20, 2023.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com

*/s/ C. Theodore Alpaugh, III*
C. THEODORE ALPAUGH, III, T.A. (#02430)
CLAUDE A. SCHLESINGER (#15042)
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Email: cta@gustebarnett.com
Attorneys for Defendant, DERRICK BURMASTER

*/s/ James M. Roquemore*
JAMES M. ROQUEMORE, LSB #40035
ASSISTANT CITY ATTORNEY
CORWIN ST. RAYMOND, LSB #31330
CHIEF DEPUTY CITY ATTORNEY

DONESIA D. TURNER, LSB #23338
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
Counsel for Shaun Ferguson and the City of New Orleans

**Approved**:

_____      Date: _____
The Honorable Eldon E. Fallon