**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

******************************************************************************

**Memorandum in Support of Plaintiffs' Second Motion *in Limine***

COME NOW, Plaintiffs, by and through undersigned counsel, who respectfully request that this Court grant the following motion *in limine*. In this Motion, Plaintiffs ask the Court to bar any reference to Burmaster's finances or financial status.

In June 2022, Plaintiffs asked for Burmaster's financial information and records. In September 2022, he agreed to produce them. But he did not. He did not produce anything at all until after a motion to compel was filed. He then waited until a few weeks before trial to produce any documents. And he withheld his tax returns until two days *after* his deposition. As a result, Plaintiffs were prevented from conducting a robust inquiry into Burmaster's financial status.

Plaintiffs proposed solution is that no party – neither Plaintiffs nor Defendants – put on any evidence at trial about Burmaster's relative wealth or poverty.

Based on the reasoning and evidence presented herein, Plaintiffs' ask the Court to grant their motion.

**A.      Statement Regarding Compliance with this Court's Standing Order to Meet and Confer.**

Pursuant to this Court's standing order, the Parties met via Zoom on March 15, 2023, and exchanged subsequent email correspondence to discuss the motions *in limine* urged in this motion. Defendants did not agree to these limitations.

**B.      Motions *in Limine* Generally.**

In general, the term "*in limine*" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] A ruling on evidence *in limine* "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[2] "[It] also may save the parties time, effort and cost in preparing and presenting their cases."[3] "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[4]

**C.      This Court should bar any reference to Burmaster's finances or financial status, because Burmaster failed to disclose any information on that topic until shortly before trial, and in part not until after his deposition.**

   1.   Burmaster did not provide any information whatsoever about his financial status until shortly before trial – even though he agreed in September 2022 to provide those documents.

On June 30, 2022, counsel for Plaintiffs propounded a first set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Defendant Derrick Burmaster to

---

[1] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).
[2] *Bowden v. Wal-Mart Stores, Inc*., No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).
[3] *Id*.
[4] *Luce*, 469 U.S. at 41 n. 4.

collect evidence in support of the above claims.[5] Those requests included requests regarding Burmaster's financial information.

On July 28, 2022, Burmaster's attorney asked for a thirty-day extension of the time to respond.[6] Plaintiffs' counsel agreed.

On August 29, 2022, Burmaster's attorney asked for a three-day extension of the time to respond.[7] Plaintiffs' counsel agreed.

Also on August 29, 2022, Burmaster's asked for an additional six-day extension of the time to respond.[8] Plaintiffs' counsel agreed.

On September 7, 2022, Defendant Burmaster partially responded to the discovery requests.[9] He provided objections and written responses to some requests. But he did not provide a single page of documents responsive to any of the Requests for Production. Nor did he provide a privilege log.[10] Nor did he provide any information about his financial status.

Later on September 7, 2022, counsel for Plaintiffs sent a letter to Burmaster's counsel to set a meet and confer regarding Burmaster's deficient responses.[11] Counsel for Plaintiff explained that the request for information related to Defendant Burmaster's financials was relevant to Plaintiffs' punitive damages claim.[12]

On September 16, 2022, the parties held a meet-and-confer by telephone to address the deficient responses described in Plaintiff's counsel's meet-and-confer letter.[13] At that meet-and-

---

[5] R. Doc. 86-4.
[6] *Id*. at ¶ 3.
[7] *Id*. at ¶ 4.
[8] *Id*. at ¶ 5.
[9] R. Doc. 86-6.
[10] R. Doc. 86-4 at ¶ 6.
[11] R. Doc. 86-7.
[12] *Id*. at pg. 2, *citing U.S. E.E.O.C. v. Denham Springs Pub. Co.,* No. CIV.A. 10-614, 2012 WL 262268, at *2 (M.D. La. Jan. 27, 2012), citing *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 270 (1981).
[13] R. Doc. 86-8.

confer, Burmaster's counsel agreed to provide his financial documents and information.[14]

Over the next months, Burmaster did not follow through on any of the items his counsel committed to providing.[15]

On February 19, 2023, Plaintiffs' counsel sent an email pointing out the failure to follow-through, and asking Burmaster's counsel to provide by February 24 the items he committed to producing.[16]

On February 24, 2023, the parties held a meet-and-confer by telephone to discuss why Burmaster had not provided any of the items that he had committed to providing.[17] Counsel for Defendant Burmaster offered no explanation for why no items had been provided, other than that "last fall was quite busy."[18] Counsel for Defendant Burmaster stated that he would get back with Plaintiff's counsel regarding this on Monday, February 27, 2023.[19]

On February 27, 2023, counsel for Defendant Burmaster provided supplemental discovery responses.[20] These responses were deficient in that Defendant Burmaster still refused to conduct an ESI search of his emails, social media, and text messages and still did not provide the requested financial information.[21] He still did not provide any document responsive to any request for production.[22]

Plaintiffs filed a motion to compel. After that, Burmaster provided a short interrogatory response and three documents related to limited aspects of his financial status. But he produced no documents or information about the contents of his retirement accounts. There is no indication that

---

[14] *Id.*
[15] R. Doc. 84-4 at ¶ 10.
[16] R. Doc. 86-9.
[17] R. Doc. 86-10.
[18] *Id.*
[19] *Id.*
[20] R. Doc. 86-11.
[21] *Id.*
[22] R. Doc. 86-4 at ¶ 15.

he even looked.

Then, two days <u>after</u> his deposition, and just three weeks before trial, Burmaster provided two years of tax returns. *Compare* R. Doc. 92-4 (March 10, 2023 deposition) *with* R. Doc. 92-3 (March 12, 2023 production of tax records).

2.      Plaintiffs are prejudiced by Burmaster's late and incomplete production.

Evidence of the Defendants' financial status is not relevant to Plaintiffs' request for compensatory damages, nor is evidence about whether the Individual Defendants are indemnified by their employer or by insurance coverage. It plays no role in the jury's assessment of compensatory damages. *O'connell v. Alejo*, No. 18-CV-01359-RBJ, 2020 WL 5748810, at *11 (D. Colo. Sept. 25, 2020) (agreeing with Plaintiff that "defendants' financial status, i.e., any alleged inability to pay a compensatory damages award, and whether they are indemnified by their employers or by insurance coverage for such damages, is irrelevant and should not be allowed").

It could be relevant regarding Plaintiffs' punitive damages request, however. But Plaintiffs have not been able to fully inquire on that topic, because Burmaster (1) did not make a full production of the requested information; (2) did not provide *any* information until a few weeks before trial; and (3) waited until two days *after* his deposition to provide any tax information.

This late production prevented Plaintiffs from serving subpoenas on financial institutions or questioning Burmaster about his tax returns at his deposition.  It would therefore be prejudicial to allow Burmaster to plead poverty at trial, when his incomplete and late production prevented Plaintiffs from fully inquiring. *See Imani v. Baton Rouge*, 17-cv-00439-JWD-EWD, R. Doc. 376 at 3-4 (M.D. La. Dec. 20, 2022) (excluding "defense witnesses that were not disclosed

in initial disclosures" because these "witnesses were not disclosed timely to Plaintiffs and

Plaintiffs would suffer prejudice were the Court to allow their testimony since they are not able

to depose them at this time.").

Plaintiffs are willing, however, to give up their right to put on evidence at trial of

Burmaster's finances, in exchange for Burmaster being similarly limited. Plaintiffs propose that

no party put on any evidence at trial about Burmaster's finances.

**D.      Conclusion**

For these reasons, Plaintiffs ask the Court to bar any reference to Burmaster's finances or

financial status.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)          TARAK ANADA (#31598)
DAVID LANSER (La. Bar No. 37764)          JONES WALKER LLP
MOST & ASSOCIATES                         201 St. Charles Avenue
201 St. Charles Ave., Ste. 114, # 101     New Orleans, Louisiana 70170-5100
New Orleans, LA 70170                     Telephone: (504) 582-8322
Tel: 504.509-5023                         Facsimile: (504) 589-8322
Email: williammost@gmail.com              E-Mail: tanada@joneswaker.com