```
 1
 2                    UNITED STATES DISTRICT COURT
 3              EASTERN DISTRICT FOR THE STATE OF LOUISIANA
 4
 5     * * * * * * * * * * * * * * * * * * * * * * * * * *
 6
 7                          DEREK BROWN and
 8                        JULIA BARECKI-BROWN
 9                              VERSUS
10          DERRICK BURMASTER, SHAUN FERGUSON, and the
11                        CITY OF NEW ORLEANS
12
13     * * * * * * * * * * * * * * * * * * * * * * * * * *
14      CIVIL ACTION NO. 22-00847              DIVISION: 4
15      SECTION: L
16
17         The 30(b)(6) deposition of DEBRA PRUITT taken on
18            Monday, March 6, 2023, starting at 10:00 a.m. at
19        New Orleans City Hall, 1300 Perdido Street, Room 5E03,
20                  New Orleans, Louisiana 70112.
21
22   CARRIE A. HARTILL
23   CERTIFIED COURT REPORTER
24   STATE OF LOUISIANA
25
```

**EXHIBIT E**



```
 1   APPEARANCES:
 2   FOR THE CITY OF NEW ORLEANS AND CITY DEFENDANTS:
 3       JAMES M. ROQUEMORE, ESQ
 4       CITY OF NEW ORLEANS
 5       NEW ORLEANS, LOUISIANA
 6       EMAIL: james.roquemore@nola.gov
 7
 8       FOR THE DEFENDANT, DERRICK BURMASTER:
 9       C. THEODORE ALPAUGH, III, ESQ.
10       FRATERNAL ORDER OF POLICE LEGAL COUNSEL
11       639 LOYOLA AVENUE, SUITE 2130
12       NEW ORLEANS, LOUISIANA 70113
13       PHONE: (504) 529-4141
14       EMAIL: cta@gustebarnett.com
15
16   FOR THE PLAINTIFF DEREK BROWN AND JULIA BARECKI-BROWN:
17       TARAK ANADA, ESQ.
18       JONES WALKER LLP
19       201 ST. CHARLES AVENUE, SUITE 4900
20       NEW ORLEANS, LA 70170
21       PHONE: (504) 582-8322
22       EMAIL: tanada@joneswalker.com
23
24
25
```




```
 1   ALSO FOR PLAINTIFFS:
 2   WILLIAM BROCK MOST, ESQ.
 3   MOST & ASSOCIATES
 4   201 SAINT CHARLES AVENUE, SUITE 114
 5   NEW ORLEANS, LA 70170
 6   PHONE: (504) 509-5023
 7   EMAIL: williammost@gmail.com
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```




```
 1
 2                              INDEX
 3                                                              PAGE
 4   DIRECT EXAMINATION:
 5   BY MR. ANADA  . . . . . . . . . . . . . . . . . . . .  8
 6   CROSS-EXAMINATION:
 7   BY MR. ALPAUGH   . . . . . . . . . . . . . . . . . .  78
 8
 9   EXHIBITS
10   Debra Pruitt            DESCRIPTION                    PAGE
11   EXHIBIT NO.  8      NOD  . . . . . . . . . . . . . .  8
12   EXHIBIT NO. 20      NOPD ASI . . . . . . . . . . . .  19
13   EXHIBIT NO. 37   NOPD PIB REPORT BY SGT PRUITT . . .  46
14   EXHIBIT NO. 19      EMAIL          . . . . . . . . .  47
15   EXHIBIT NO. 27   NOPD OPERATIONS MANUAL CH 41.3.10. . 51
16
17
18
19
20
21
22
23
24
25
```




```
 1
 2                    S T I P U L A T I O N
 3            It is stipulated and agreed by and
 4       between counsel that the deposition of
 5                       DEBRA PRUITT,
 6       is hereby being taken pursuant to the Rules
 7       of Court, including applicable articles of
 8       the Louisiana Code of Civil Procedure.
 9            The formalities of sealing and
10       certification are hereby waived.  The
11       witness waives the right to read and sign
12       the deposition.  The party responsible for
13       the service of the discovery material shall
14       retain the original.
15            All objections are to be made in
16       accordance with the Rules of Court, including
17       applicable articles of the Louisiana Code of
18       Civil Procedure.
19                           * * *
20            Carrie A. Hartill, Certified Court
21       Reporter in and for the State of Louisiana,
22       officiated in administering the oath to the
23       witness.
24
25  Debra Pruitt,
```





```
1    1300 Perdido Street, Room 5E03,
2    after being duly sworn to tell the truth,
3    the whole truth, and nothing but the truth,
4    was examined and testified as follows:
5              VIDEOGRAPHER:
6                   This is media Unit One of the video
7              deposition of Sergeant Debra Pruitt in the
8              matter of Derek Brown and Julia Barecki-Brown
9              versus Derrick Burmaster et al, filed in the
10             United States District Court, Eastern District
11             of Louisiana.
12                  Civil Action Number 22-00847.
13             Today is Monday, March 6, 2023.  And the time
14             is 10:04 a.m.  This deposition is being taken
15             at the New Orleans City attorney's office at
16             the request of Jones Walker.
17                  The videographer is Tammy Hupin.  The court
18             reporter is Carrie Hartill.  We are with Magna
19             Legal Services.
20                      Will counsel please, state their appearances
21             and whom they represent.
22             MR. ROQUEMORE:
23                  James Roquemore on behalf of the City of New
24             Orleans and the city dependants.
25             MR. ALPAUGH:
```

**EXHIBIT E**



```
 1          that Sergeant Brewer or Sergeant Pruitt is
 2          prepared to give an outline of the the entire
 3          PIB investigation process, though, if you wish
 4          to ask her questions along those lines.
 5          MR. ANADA:
 6              Thank you.
 7   BY MR. ANADA:
 8   Q.  Sergeant Pruitt, could you just give me a
 9   little bit of background information?  When did you
10   join the NOPD?
11   A.  November of 2007.
12   Q.  And what was your rank when you first joined?
13   A.  I was a police recruit.
14   Q.  What's your -- what's your current rank right
15   now?
16   A.  Police Sergeant.
17   Q.  All right.  What are your job duties as a
18   Sergeant?  At the moment.
19   A.  Right now I work for the Public Integrity
20   Bureaus' Force Investigation Team.  I'm assigned to the
21   criminal side of the team where we investigate uses of
22   force.
23       We, specifically we get called out to what, I
24   guess, level four uses of force, which include firearm
25   discharges, and other aspects.
```




EXHIBIT E

```
 1        We are also charged with basically, we do criminal
 2   investigations.  We do administrative investigations as
 3   it as it -- as far as like, formal disciplinary
 4   investigations on things like unauthorized force and
 5   such.
 6   Q.   And are you always specifically assigned to the
 7   criminal aspect of these investigations?
 8   A.   Yes, sir.
 9   Q.   Have you ever been assigned to the
10   administrative aspect of these investigations?
11   A.   No, sir.
12   Q.   Can you just kind of, basically, tell me the
13   process of any kind of review or investigation of an
14   officer's conduct as it relates to the criminal aspect
15   of shooting investigations of NOPD officers?
16   A.   Yeah, you know, we look at the entire
17   investigation and look and see if there's any possible
18   criminal criminality to it.  You know, did they violate
19   any criminal laws when they took action?  That's what
20   we look at.
21   Q.   Okay.  And are you tasked with conducting that
22   analysis anytime any member of the NOPD uses force?
23   A.   Yes.  When we look at force, if we see
24   something that looks like it could be criminal, then we
25   open up a criminal investigation.
```





EXHIBIT E

```
 1   beginning of the summary of Officer Derrick Burmaster's
 2   criminal statement.  Let me ask you this.  This was an
 3   instance like, the one instance you've had in 2023.
 4        This was an instance where you did escalate this
 5   incident to a criminal investigation, right?
 6   A.   So it's it -- when we get cases like this, it's
 7   always going to be a criminal investigation.
 8   Q.   What do you mean cases like this?
 9   A.   A shooting investigation.
10   Q.   Okay.
11   A.   Yeah.
12   Q.   Is that only when it's a lethal
13   shooting, or any shooting?
14   A.   It doesn't matter.
15   Q.   Okay.  And I think earlier you testified that
16   an incident is escalated to a criminal investigation,
17   if the officer's conduct might be criminal in nature;
18   is that right?
19   A.   Right.  So, just to clarify, we receive, we
20   look at uses of force in different ways.  So when we
21   get called out on like a shooting, if it was between
22   people or whatever, it's automatically going to be a
23   criminal investigation.
24        Compared to let's just say, some officers used
25   force and there were allegations that maybe the
```



EXHIBIT E

```
 1   officer was excessive, something like that.
 2        Where it would normally probably just be looked at
 3   administratively, we make sure that it's not something
 4   that we need to look into criminally.  So, hopefully,
 5   that clears that up.
 6        Because we do all of our cases,
 7   all of our shooting cases, are criminal cases.
 8   Q.   At some point during your interview of Derrick
 9   Burmaster.  You asked him, and I'm specifically looking
10   at paragraph 4 on page 6 of Exhibit 20.
11   "Sergeant Pruitt asked Officer Burmaster to explain
12   what happened next.  Officer Burmaster opened his phone
13   and began reading from the phone.
14   Officer Burmaster read from the phone."
15        Is that, something that officers normally do
16   when they're being interviewed?
17   A.   So yeah, for this case, Officer Burmaster was
18   adamant to read his force statement.
19   And force statements are taken and are given,
20   basically, they go to the administrative portion of the
21   case so we keep those separate; that's not something
22   that a criminal investigator would receive.
23        But he wanted to read his force statement.  Which I
24   believe we just were, like, look, can you try to do it
25   in your own words.  We'll keep that for the
```

**EXHIBIT E**



Debra Pruitt                                                                                      March 06, 2023
                                                                                                      Page 78

```
 1            MR. ALPAUGH:
 2                  I just have a couple.  I won't be all
 3            that long.  Thanks for coming here today.
 4    CROSS-EXAMINATION BY MR. ALPAUGH:
 5    Q.   They've been fairly thorough of this.
 6    There's only really one thing I wanted to
 7    direct you to and that is on Exhibit 37.  Page
 8    37, second to last paragraph.  Would you read
 9    that, please?
10    A.   "Sergeant Pruitt did not find officer
11    Burmaster violated R.S. 14:102- Relative to
12    Cruelty to Animals; simple and aggravated or any
13    other municipal or state violation.  Sergeant
14    Pruitt found Officer Burmaster justified in his
15    actions."
16    Q.   And that last sentence is still your
17    opinion today?
18    A.   Yes.
19    Q.   Okay, you're speaking this sentence, he
20    just asked you, "Sergeant Pruitt found Officer
21    Burmaster justified in his action."
22         You're only saying that in the context of a
23    criminal investigation, right?
24    A.   Yes.
25    Q.   You're not talking about whether he
```



