UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

## SHAUN FERGUSON'S AND CITY OF NEW ORLEANS' OPPOSITION TO PLAINTIFFS' MOTION FOR USE OF DEMONSTRATIVE EXHIBIT

Defendants, Shaun Ferguson and the City of New Orleans (the "City Defndants"), oppose Plaintiffs' Motion *in Limine* for the Use of Demonstrative Exhibit (Doc. 90) (the "Motion").

This case involves the shooting of Plaintiffs' dog by New Orleans Police Department Officer Derrick Burmaster. Officer Burmaster shot the dog when it ran at him while he was responding to a domestic disturbance call at Plaintiffs' house.

In the Motion, Plaintiffs propose to bring a similar live dog to the trial of this matter "to show the level of alleged danger posed to Defendant Derrick Burmaster by [their dog]."[1]

The City Defendants oppose Plaintiffs' proposed demonstrative exhibit on grounds that its probability value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence, and thus should be excluded under Federal Rule of Evidence 403. See *Keller v. U.S.*, 38

---

[1] Doc. 90-1, p.1.

F.3d 16, 32 n.10 (1st Cir. 1994) (observing that admission of a demonstrative exhibit requires a foundation that it is a fair and accurate depiction of the original).

First, there is no probative value of having this different dog displayed to the jury. Even assuming the dog is similar in size, there is no way it could be similar in the temperament that Plaintiffs' deceased dog showed (as shown on video) towards Officer Burmaster. The demonstrative dog will clearly behave differently than Plaintiffs' deceased dog did during the incident that is the subject of this lawsuit. Among other things, Plaintiff's deceased dog had been listening to Plaintiffs yelling at each other for some time (thus causing the domestic disturbance call), and was running with Plaintiffs' other, much bigger dog, who was wound up, barking, and chasing the other NOPD officer out of the Plaintiffs' yard. These circumstances are much different than the calm of a courtroom and safety of a dog crate and/or leash. Having a calm dog in the courtroom would be misleading and inaccurate.

Second, there is also a high risk of confusion of the issues. The issue in this case is not the size of the deceased dog, but its aggressive behavior of Plaintiffs' dog towards Officer Burmaster and the reasonableness of Officer Burmaster's perception of the threat posed by the dog. By parading a small dog before the jury for tens of minutes, the jury will be led to focus more on the size and demeanor of the in-court dog and less on the dog in the video. Officer Burmaster's evaluation of his danger would be unduly discounted because he had mere seconds to view and respond to Plaintiffs' deceased dog. Moreover, the size of the deceased dog is not seriously in dispute. What is in dispute is how much importance the size of the dog should have in determining whether Officer Burmaster's actions were justified. Placing a live dog before the jury would overemphasize its size.

Third, the live dog would waste time and would be cumulative. There are ample photographs of the deceased dog after being shot and Plaintiffs funded a necropsy in order to obtain the weight of the dog. More importantly, the body worn camera accurately shows incident and reflects the information regarding size and other factors that were available to Officer Burmaster in the few seconds he had to evaluate the situation.

Fourth, there is a high risk of prejudice. Having a live dog in the courtroom would cause an undue emotional response.

For these reasons, the City Defendants oppose Plaintiffs' request to use a demonstrative of a live dog and ask that their motion be denied.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Shaun Ferguson and the City of New Orleans*