ASI2021-03, D-13802-21

# Use of Force Board

**MINUTES**    AUGUST 19, 2021    11:57 A.M    VIA ZOOM

| | |
|---|---|
| MEETING CALLED BY | Sergeant Samuel Davis Jr. |
| TYPE OF MEETING | Use Of Force Review Board |
| FACILITATOR | Deputy Superintendent Christopher Goodly |
| NOTE TAKER | Sergeant Samuel Davis Jr |
| TIMEKEEPER | Sergeant Samuel Davis Jr. |
| VOTING MEMBERS | Deputy Superintendent Christopher Goodly<br>Deputy Superintendent Paul Noel<br>Deputy Superintendent Arlinda Westbrook |
| NON-VOTING MEMBERS | Captain Hans Ganthier Training Academy<br>Captain Sandra Contreras PSAB<br>Captain Regina Williams Fifth District<br>Captain Daryll Albert SOD<br>Consent Decree Monitor Mitchell Brown |

## Agenda topics

ASI2021-03

### DISCUSSION

It should be noted this use of force review board was held via Zoom. The entire review board has been recorded with both audio and video and has been stored for future reference.

Below is a gist of the presentation highlighting recommendations and deficiencies. An audio recording of the entire review board, as well as the power point containing all videos have been stored for future review.

No New Follow-ups

ASI2021-03 Firearms Discharge against a Canine by Sergeant Shannon Brewer

The involved officer was SPO Derrick Burmaster assigned to the 6th District, B Platoon. Officer Burmaster has been a member of NOPD since August 13, 2000. His last firearms qualification was February 3, 2021.

Previous serious uses of force: April 19, 2007 firearms discharge D-20860-07, Firearms Discharge February 11, 2009 under B-12388-21, Firearms Discharge against a Canine under B-12388-09, the Canine was fatally wounded. In this incident Officer Burmaster was told by a crime lab tech of the presence of a dog in the yard. Officer Burmaster relocated to the yard to have the owners detain the dogs. When the dog made a motion towards officer Burmaster he grabbed his crotch with his left hand and drew his weapon and fired twice striking the dog.

There was no disciplinary action taken on any of the above incidents. Officer Burmaster had 4 other disciplinary incidents involving Professionalism and Neglect of Duty.

On April 10, 2021, at 9:42 PM, Officer Burmaster and John Roussel responded to a domestic call for service at 1420 Felicity Street. Officer Burmaster stated he made kissing sounds to see if there were any dogs and got no response. As the officers approached the lower apartment, they heard dogs barking. Officer Roussel turned and ran to exit the yard, Officer Burmaster remained in the yard and drew his weapon. Officer Burmaster then fired his weapon 3 times striking and fatally wounding a dog. He then exited the yard and notified communications of the discharge.

1

EXHIBIT O

ASI2021-03, D-13802-21

Sergeant Brewer showed Officer Roussel's BWC video. As the officers entered a courtyard 2 dogs ran down the steps towards them, the larger dog ran towards Officer Roussel. Officer Roussel was observed holding his forearm after the firearms discharge by Officer Burmaster. It was unclear if he was struck by shrapnel.

Sergeant Brewer showed Officer Burmaster's BWC video. As the officers entered 2 dogs were seen coming down the steps towards the officers, Officer Roussell ran out of the yard and Officer Burmaster discharged his weapon at the smaller dog.

Photographs of the scene and the expired dog were shown.

Sergeant Brewer explained discrepancies, clarifications, and credibility assessments. Sergeant Brewer deemed Officer Burmaster not credible during her investigation based on his administrative statement and evidence review. Officer Burmaster stated he checked the front yard for dogs before entering. During his criminal statement he said he fired his weapon as the dogs were running up on him as it barked coming towards him. Officer Burmaster could not recall in his administrative statement what the dog's actions were. He said he was afraid the dog would bite his genitals. He was not equipped with a baton and did not attempt any less lethal options.

Sergeant Brewer determined Officer Burmaster heard the dogs barking upon entering the courtyard. He removed his weapon upon hearing the dogs barking. He then observed Officer Roussel run toward the front gate and the 2 dogs running down the steps. Officer Burmaster determined the dogs presented a threat because Officer Roussel ran towards the gate. Sergeant Brewer stated Officer Burmaster fired his weapon out of fear and not a threat. Officer Burmaster could not recall the attack or attempted attack by either dog. Again, Sergeant Brewer said Officer Burmaster fired his weapon out of fear and not an actual threat.

Decision point analysis: The larger dog ran towards Officer Roussel with the smaller of the 2 dogs running towards Officer Burmaster. The smaller dog did not attack or attempt to attack Officer Burmaster. Officer Burmaster was not equipped with a baton and did not attempt any less lethal options.

Policy Violations:
V1: Rule 4 Performance of Duty, Paragraph 4 Neglect of Duty (c6) Failing to comply with instructions, oral or written from any authoritative source to with NOPD Chapter 1.3 Use of Force, Paragraph 11 ............SUSTAINED

Officer shall not draw or exhibit their firearm unless the circumstances surrounding the incident create an objectively reasonable belief that a situation may escalate to the point at which lethal force would be authorized. Once an officer determines that the use of deadly force is no longer likely, the officer shall re-holster their weapon.

V2: Rule 4: Performance of Duty, Paragraph 4 Neglect of Duty c6 Failing to comply with Instructions, oral or written, from any authoritative source to wit; NOPD Chapter 1.3 Use of Force; Paragraph 13(a) ...................... SUSTAINED

Deadly/Lethal force shall be used only when: There is an imminent danger of death or serious physical injury to the officer or another person;

V3: Rule 4: Performance of Duty, Paragraph 4 Neglect of Duty c6 Failing to comply with Instructions, oral, or written, from any authoritative source to wit, NOPD Chapter 1.3 Use of Force, Paragraph 32 ...................... SUSTAINED

Dangerous Animals-Officers are authorized to use firearms to stop an animal in circumstances in which the animal reasonably appears to pose an imminent threat to human safety and alternative methods are not reasonably available or would likely be ineffective. The officer must be cognizant of the surroundings when shooting at an animal and ensure there is no risk to people in the area. Under circumstances in which officers have sufficient advance notice that a potentially dangerous animal may be encountered, officers should develop reasonable contingency plans for dealing with the animal (e.g., fire extinguisher, CEW, animal control officer). Nothing in this Chapter shall prohibit any officer from shooting a dangerous animal if circumstances reasonably dictate that a contingency plan has failed or becomes impractical.

V4: Rule 4: Performance of Duty, Paragraph 4 Neglect of Duty c6 Failing to comply with Instructions, oral, or written, from any authoritative source to wit, NOPD Chapter 41.10 Paragraph 29 ........................ SUSTAINED

ASI2021-03, D-13802-21

V5: Rule 4: Performance of Duty, Paragraph 4 Neglect of Duty c6 Failing to comply with Instructions, oral, or written, from any authoritative source to wit, NOPD Chapter 41.11 Body Armor, Paragraph 8c ................SUSTAINED

Body armor shall be worn when an officer is working a uniform assignment.

NOTE: Officer Burmaster could not be found in violation of Rule 2, Moral Conduct, Paragraph 6, Unauthorized Force, due to Unauthorized Force only applies to a person.

Policy Recommendations: NOPD policy regarding Unauthorized Force to include force used against an animal

Training Recommendation: Officer Burmaster will receive De-escalation training

Equipment Considerations: None

Discussion: Chief Goodly asked about Officer Burmaster firing out of fear. What was his target when he fired his weapon? Sergeant Brewer explained Officer Burmaster stated he fired at the dog closest to him and he did see the larger dog going towards Officer Roussel. Chief Goodly stated he had a false perception of a threat that was not there. Chief Westbrook stated Officer Burmaster did not articulate any threat towards him.

Captain Albert (SOD) stated after watching all video he noted Officer Burmaster said the dogs were attacking him and the barking was what caused him to believe it was an attack. Chief Noel asked Captain Albert he believed this to be true. Captain Albert said he did not see an attack, but Officer Burmaster had a perception of an attack. Officer Burmaster did not describe any threat.

Sergeant Brewer explained something was removed from Officer Roussel's arm by EMS but was unable to determine what the object was.

Chief Goodly stated the larger dog was the bigger threat and the smaller dog posed no threat. IPM and OCDM had no questions.

Sergeant Davis asked if Officer Burmaster should be reviewed for being an FTO. Captain Ganthier (academy) stated he will be reviewed as he is released back to full duty.

Voting:
Chief Goodly: NOT JUSTIFIED
Chief Noel: NOT JUSTIFIED
Chief Westbrook: NOT JUSTIFIED

| CONCLUSIONS | NOT JUSTIFIED |
|---|---|

| ACTION ITEMS | PERSON RESPONSIBLE | DEADLINE |
|---|---|---|
| Burmaster De-escalation training | Academy | ASAP |

| OBSERVERS | I.P.M: ABE Lowe, PSAB: Captain Contreras, , Sgt. Seuzeaneu, Tim Lindsey, Joy Butler, PIB: Sgt. Helou, Sgt. Pruitt, Det. Brewer. |
|---|---|
| RESOURCE PERSONS | |
| ENDING TIME | 12:26 PM |

3