UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| versus | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE BURMASTER'S ANSWER**

**MAY IT PLEASE THE COURT:**

Defendant, Derrick Burmaster, opposes Plaintiffs' Motion to Strike Burmaster's Answer (Rec. Doc. 95). Plaintiffs are not seeking a revised Answer. Rather, their apparent real goal is to strike affirmative defenses[1], particularly the defense of qualified immunity, which has been raised in this case from the first Answer filed by Burmaster (Rec. Doc. 16) and now by Burmaster's Motion for Summary Judgment (Rec. Doc. 105) filed last Sunday and which is now pending before this Court. With regard to affirmative defenses, if they are not raised in an Answer they are deemed waived. The assertion of an affirmative defense is just that, an assertion subject to proof.[2]

Plaintiffs contend that "[i]t is too close to trial for Plaintiffs to have to guess what facts

---

[1] Proposed Order, Rec. Doc. 95-2.

[2] Plaintiff complains that the affirmative defense of the statute of limitations was asserted in the Answer to Second Amended Complaint despite agreeing to remove it. That was an oversight and counsel would be happy to stipulate that there will be no raising of the defense of the statute of limitations in this case.

Burmaster admits, or what Burmaster's defenses are."[3] Plaintiffs further complain that the responses in the Answer to Second Amended Complaint (Rec. Doc. 87) do not comply with discovery to date. However, plaintiffs ignore the fact that the parties have agreed on a Pre-Trial Order (Proposed Pre-Trial Order, Rec. Doc. 98[4]) which was confected and signed by the parties and which was signed by the Court this afternoon.[5] In fact this Motion was filed while the parties were confecting the Pre-Trial Order which contains all of the allegations of all of the parties and which was submitted to the Court one day after this Motion was filed.

Plaintiffs particularly ignore the fact that Paragraph 18 of the Pre-Trial Order states the following:

> 18. Conference of Counsel: This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. *Hereafter, this order will control the course of the trial* and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.[6]

Regardless of the contents of the Answer to Second Amended Complaint, the Pre-Trial Order now controls the course of this litigation and supercedes all prior pleadings.

It should also be noted that in the Proposed Order there is the following language:

> ...He is deemed to *deny all allegations of the Second Amended*

---

[3]Memorandum in Support of Motion to Strike (Rec. Doc. 95-1), p. 4.

[4]The Proposed Pre-Trial Order is referenced as the signed Pre-Trial Order had not been filed as of the filing of this Memorandum.

[5]The parties had their initial meeting to confect the Pre-Trial Order on March 10, 2022. Exhibit "A", correspondence of counsel.

[6]Proposed Pre-Trial Order (Rec. Doc. 98), emphasis added.

*Complaint*, and all affirmative defenses are waived.[7]

Plaintiffs complain in their Motion that allegations were denied that they contend should have been admitted. Yet the relief that they request the Court to grant results in a blanket denial of *all of the allegations* of the Second Amended Complaint. This goes completely against their stated reason for filing the Motion in the first place.

Officer Burmaster contends that this Motion is moot after the entry of the Pre-Trial Order in this case. The Plaintiffs are well aware of all of the contentions of Burmaster as they are all set forth in the Pre-Trial Order which all parties signed and submitted to the Court the day after this Motion was filed and which was addressed today with the Court at the Pre-Trial Conference. Further, the requested relief is extreme to say the least.

Officer Burmaster respectfully requests that this Honorable Court deny Plaintiffs' Motion.

Respectfully submitted:

*/s/ C. Theodore Alpaugh, III*
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Email: cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

D:\GBSA, L.L.P\CTAData - Documents\CTA CORP CLIENTS\FOP.Burmaster, Derrick\Pleadings\MMO.opp.motion.strike.CTA.03212023.wpd

---

[7] Proposed Order (Rec. Doc. 95-2), emphasis added.