UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*******************************************************************************

### SHAUN FERGUSON'S AND CITY OF NEW ORLEANS' FIRST MOTION *IN LIMINE* TO EXCLUDE OPINION OF JAMES W. CROSBY

Defendants, Shaun Ferguson and the City of New Orleans (the "City Defendants") respectfully request the Court to issue an order to exclude any testimony by Plaintiffs' designated expert, James W. Crosby, M.S., from providing testimony relating to a portion of Opinion 4 and the entirety of Opinion 17 of his expert report and shows the Court the following.

## BACKGROUND

On February 13, 2023, Plaintiffs produced a written report of James W. Crosby, M.S. (the "Report")[1] their expert, required by this Court's Amended Scheduling Order (Doc. 63). The Amended Scheduling Order required that written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), must set forth "all matters about which they will testify and the basis therefore."[2]

In the Report, Mr. Crosby set forth the following opinions pertinent to this Motion:

4. . . . Burmaster failed to follow overall best practices and the policy and procedure of the New Orleans Police Department in his reckless deployment of deadly force against this dog. . . .

---

[1] The report is attached hereto as Exhibit A (Written Report of James W. Crosby, M.S. CBCC-KA).
[2] Doc. 63, p. 1.

1

* * *

17. In my experience as a Supervisor and Commanding Officer with the Jacksonville Sheriff's Office, the disciplinary history of Officer Burmaster documents his poor decision making, lack of professional conduct, and should have, in my experience, resulted in his termination from service. Thus, it appears that the New Orleans Police Department wrongly retained Burmaster prior to this shooting, and wrongfully retained him again in the aftermath of this incident.[3]

Mr. Crosby, in his biography, described himself as "a court-recognized expert on dog behavior, dog aggression, and dog bite investigation[.]"[4] Mr. Crosby did not claim to be an expert in the area of supervising, disciplining or making decisions about retaining law enforcement officers.

Mr. Crosby's education and other qualifications relate only to the subject area of "canine aggression and best practices for handline aggressive dogs." See *Zorich v. St. Louis County*, 2018 WL 3995689, *3 (U.S. Dist. E.D. Missouri, August 21, 2018) (unpublished) (reviewing the qualifications of Mr. Crosby and ruling that Mr. Crosby was precluded from providing testimony as to the reasonableness of the police officers' use of deadly force under Fourth Amendment standards). Mr. Crosby's education includes a Bachelor of Science Degree, with a major in Psychology, from Charter Oak State College in Connecticut; and a Masters Degree in veterinary medical science, from the College of Veterinary Medicine, University of Florida. He is currently an accepted candidate in the PhD program of the University of Florida College of Veterinary Medicine/Graduate School.[5] From 1977 to 1999, Mr. Crosby served as a police officer in the Jacksonville Sheriff's Office in the capacities of patrolman, sergeant, and lieutenant.[6] Mr. Crosby has not supervised law enforcement officers for 24 years. Further, 18 of the 19 professional organizations listed in Mr. Crosby's curriculum vitae are focused on animal-related matters; one,

---

[3] Ex. A, pp. 19, 21.
[4] *Id*., p. 1.
[5] *Id*., p. 3.
[6] *Id*. p.

the National Sheriffs' Association, is merely a general association.[7] Mr. Crosby lists no special education, certifications or training relating to this opinion.[8] Mr. Crosby has no publications relating to management of law enforcement personnel.[9]

Mr. Crosby has never, according to his report, been qualified by a court or otherwise provided an opinion in the area of supervision or retention of a law enforcement officer. His biography states that he "has extensive court experience, both as a prosecution expert and a defense expert in dog related cases."[10] Mr. Crosby lists cases from 2014 to 2020 in which he has testified in or provided expert opinion, but in none of those cases does he disclose that provided (or tried to provide) an opinion on the area of supervision or retention of a law enforcement officer.[11]

## LAW AND ARGUMENT

### A. Daubert and Federal Rule of Evidence 403.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony and provides, in pertinent part, that, if a witness is qualified as an expert, he or she may testify if:

1. The testimony is based upon sufficient facts or data;

2. The testimony is the product of reliable principles and methods; and

3. The witness has applied the principles and methods reliably to the facts of the case.

Pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Company v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), the Court acts as a "gatekeeper," ensuring that only relevant and reliable

---

[7] *Id.*, p. 3.
[8] *Id.*, pp. 2-3.
[9] *Id.*, pp. 4, 12.
[10] *Id.*, 2.
[11] *Id.*, 4-7.

3

expert testimony is admitted into evidence. Before any type of expert testimony is admissible, the Court must determine if the testimony is both relevant and reliable. *Daubert*, at p. 589. The burden is on the party offering the expert testimony to establish that the testimony is admissible. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The reliability and validity of an expert opinion does not require a finding of certainty, but the opinion must be demonstrated through evidence that the expert's knowledge is more than speculation. *Daubert*, at p. 590. An expert's self-proclaimed accuracy is insufficient. *Kumho*, at p. 157.

In the event an expert's testimony survives the threshold scrutiny required by Rule 702 and *Daubert*, supra, the proposed testimony is still subject to further review under F.R.E. Rule 403. *Daubert*, at p. 595. Expert evidence can be both misleading and powerful and Rule 403 provides more control over experts than over lay witnesses. *Daubert*, at p. 595. Thus, an expert's opinion that lacks reliable support may render it more prejudicial than probative, making it inadmissible under Rule 403. *Viterbo v. Dow Chemical Company*, 826 F.2d 420, 422 (5th Cir. 1987).

**B. Mr. Crosby's description of Officer Burmaster's use of force as "reckless" and with similar terms is a legal conclusion and invades the province of the jury.**

In Opinion 4, Mr. Crosby states that Officer Burmaster's use of force was "reckless."[12] This language is very similar to the language he used in the case of *Zorich*, supra, where he opined that police officers' use of immediate and deadly force against a dog, in the confines of the plaintiff's home, was "reckless and unreasonable." *Zorich*,, at *1. The court in *Zorich*, noted that "whether a police officer's conduct was 'reasonable' or excessive' under the Fourth Amendment are questions of law. *Id.* at *2 (citing *Brossart v. Janke*, 859 F.3d 616, 624 (8th Cir. 2017) and *Sloan v. Long*, No. 4:16-CV-86-JMB, 2018 WL 1243664, at *3 (E.D. Mo. Mar. 9, 2018)). The court therefore precluded Mr. Crosby from offering legal conclusions that touch upon the ultimate

---

[12] Id., p. 19.

legal issue in the case, i.e. "the reasonableness of the police officers' use of deadly force against Plaintiff's dog under the totality of the circumstances and in light of Fourth Amendment standards." *Id*, at *3.

In the Eastern District of Louisiana, it is the practice to exclude opinion or experts that contain a mixture of legal conclusions and cumulative factual assertions. For example, in *Toomer v. Florida Parishes Juvenile Justice Commission*, 2005 WL 5974570 (E.D. La. 2005), the district judge excluded an expert's opinion, reasoning:

> The Court finds that [the expert's] opinion is a mixture of legal conclusions and cumulative factual assertions that would unduly infringe upon the fact-finding functions of the jury and, worse, likely lead to jury confusion. Further, this witness' opinions, to the extent they might have factual support, are nothing more than logical common sense conclusions, unnecessary to aid the jury.

In this case, like in *Zorich*, Mr. Crosby intends to offer an opinion that Officer Burmaster's shooting of the dog was "reckless." Reckless, as used by Mr. Crosby and Plaintiffs in this case, synonymous with "unreasonable" and "excessive." Mr. Crosby's opinion concerns the ultimate question for the jury with respect to the Fourth Amendment claim. This invasion of the province of the jury will lead to jury confusion and undue weight given to Mr. Crosby's opinion. The opinion should be excluded under both Federal Rules of Evidence 702 and 403.[13]

### C. **Mr. Crosby is not an expert on supervision, discipline or retention of law enforcement officers and his opinion is not based on facts.**

Mr. Crosby is not an expert in any area relating to management of a law enforcement agency. He has no education, specialized training, or current professional affiliations to any organization that would qualify him to offer an opinion regarding NOPD's supervision, discipline, or retention of Officer Burmaster. Mr. Crosby's last time he supervised any officer was more than

---

[13] The City Defendants do not oppose Mr. Crosby offering opinions regarding canine aggression and best practices for assessing and handling aggressive dogs.

20 years ago. Since that time he has worked as a consultant and expert witness in dog-related matters. Mr. Crosby's opinion on the topics of law enforcement supervision, retention and discipline of officers is therefore not reliable and should be excluded under *Daubert* and *Kumho*.

Moreover, it is evident that Mr. Crosby has utterly failed to disclose the basis for any opinion regarding supervision, retention or discipline. In his report, Mr. Crosby stated that the "MATERIALS EXAMINED AND UTILIZED IN FORMING OPINIONS IN THIS REPORT" included in relevant part, "9. Various documents regarding past discipline and performance issues with Burmaster provided in discovery."[14] This vague statement provides no information regarding the basis of Mr. Crosby's opinion and therefore violates the Court's Amended Scheduling Order. It is impossible to know whether Mr. Crosby believes that Officer Burmaster should have been terminated for technical violations, like improper uniform or timekeeping. It is also unclear whether Mr. Crosby limited his review to sustained violations (which did not involve use of force) or was influenced by unsustained accusations (which were investigated and did not result in discipline). Similarly, it is unclear whether Mr. Crosby looked at past use of force reviews, which were not discipline, *per se*.

It is evident that Mr. Crosby is unqualified on this subject and impermissibly seeks to offer an opinion that is not based on fact. In *Benavides v. County of Wilson*, 955 F.2d 968 (5th Cir. 1992), cert denied, 506 U.S. 824, 113 S. Ct. 79, 121 L. Ed. 43 (1992), the court excluded an expert's opinion against law enforcement officials in a case in which an inmate had died. The district court excluded the opinion of the expert, which was that the municipality had acted with deliberate indifference in failing to adequately train deputies, among other issues. In affirming the rejection of the expert's testimony, the Fifth Circuit held:

---

[14] Ex. A, p. 16.

Without more than credentials and a subjective opinion, an expert's opinion that 'it is so' is not admissible. (Citation omitted). In this case, Benavides never supplied Sexton's credentials and Sexton's assertions were only his "subjective opinion," unrooted in factual foundation or proven expertise. Sexton asserted that the deputies' training fell short of state and national standards, yet never described the specific shortfall. His testimony was "pure speculation" and therefore inadmissible. (Citation omitted). Benavides, at p. 974.

In this case, like in *Benavides*, Mr. Crosby's opinion is based only on his subjective opinion and is not based in fact. The opinion is unreliable and should be excluded.

## CONCLUSION

For these reasons, Mr. Crosby's Opinion number 4, in which he describes Officer Burmaster's conduct as "reckless," should be excluded because whether Officer Burmaster acted unreasonably or used excessive force is a legal question for which expert opinion is improper. In addition, Mr. Crosby is utterly not qualified to provide an opinion as set out in Opinion number 17, in which he declares Officer Burmaster was wrongfully retained and should have been terminated. This opinion should be also be excluded.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Shaun Ferguson and the City of New Orleans*