UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF SHAUN FERGUSON'S AND CITY OF NEW ORLEANS' SECOND MOTION *IN LIMINE***

Defendants, Shaun Ferguson and the City of New Orleans (the "City Defendants"), in support of their Second Motion *in Limine*, respectfully show the Court the following.

## INTRODUCTION

The City Defendants request that the Court issue the following evidentiary rulings:

1. No party may put on evidence of or make reference to any prior use of force by Officer Burmaster against humans.

2. No party may put on evidence of or make reference to any prior act by Officer Burmaster resulting in an allegation of a violation of a policy of the New Orleans Police Department ("NOPD") which did not arise out of a use of force by Officer Burmaster.

3. No party may put on evidence of or make reference to any prior use of force by Officer Burmaster against humans that did not violate a NOPD policy.

4. No party may put on evidence of or make reference to any prior use of force by Officer Burmaster that did not involve discharge of a weapon.

5. No party may put on evidence of or make reference to the case opinion or underlying facts of *State v. Lociano*, 254 So. 3d 761 (La. Ct. App. 2018).

6. No party may put on evidence of or make reference to any indemnity of Officer Burmaster by the City of New Orleans.

7. A limiting instruction shall be given following any testimony regarding a prior use of force by Officer Burmaster:

1

> "You have heard testimony regarding one or more prior acts involving use of force by Officer Burmaster. Such evidence, to the extent you find the evidence credible, cannot be used by to infer that Officer Burmaster acted unreasonably or used excessive force on the night in question."

This case involves a claim of a Fourth Amendment violation against Defendant, Derrick Burmaster. In addition, the Plaintiffs bring a claim of municipal liability against the City Defendants under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) (the "*Monell* claim"). In the *Monell* claim, Plaintiffs must prove that the City Defendants' "facially lawful municipal action has led an employee to violate a plaintiff's rights" and that the City Defendants' action "was taken with 'deliberate indifference' as to its known or obvious consequences." *Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (noting that "a showing of simple or even heightened negligence will not suffice."). See *Board of Court Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997) ("'deliberate indifference'" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.").

It is anticipated that Plaintiffs will seek to introduce evidence of Officer Burmaster's prior acts in an effort to show deliberate indifference by the City Defendants in supervising Officer Burmaster. For the reasons discussed below, this evidence should be excluded at trial.

1. **Prior use of force by Officer Burmaster against humans.**

At trial, Plaintiff intends to argue that Officer Burmaster is "a frequent use of force" and that he "used force at least 30 times from 2011 to the present."[1]

However, Federal Rule of Evidence 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." In addition, Rule 404(b) provides, "[e]vidence of any

---
[1] Doc 60 (Second Amended Complaint), ¶¶ 70, 71.

2

other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." For this reason, any argument based on Officer Burmaster's prior uses of force, and any facts relating to such prior occasions, cannot be used to support a claim that Officer Burmaster used excessive force on the night in question when he shot Plaintiffs' dog. Fed. R. Evid 404(a), (b).

In addition, unless a prior use of force involved a shooting of a dog, the prior use is not relevant to Plaintiffs' *Monell* claim. A pattern, which is necessary to prove "deliberate indifference," is not shown unless prior acts are "substantially similar" to the alleged Constitutional violation in the case at hand. If the prior acts are not substantially similar, no pattern can be shown. See *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 1989); *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). The connection between prior acts and the Constitutional violation must be strong. See *Gomez v. Galman*, 18 F.4th 769, 778 (5th Cir. 2021) (to show "deliberate indifference," a plaintiff "must show that the hired officer was highly likely to inflict the particular type of injury [he or she] suffered." (quoting *Gros v. City of Grand Prairie*, 209 F.3d 431, 433–34 (5th Cir. 2000)). In the instant case, there is only a tenuous connection between use of force against humans and use of force against animals.

Use of force against humans is a vastly different kind of police activity than use of force against dogs. Dogs act on instinct, pack mentality, are smaller and quicker than humans, and are considered to be property.[2] Among other things, use of force against humans involves much more opportunity for a police officer to communicate and de-escalate the encounter. The uses of force

---

[2] The difference between uses of force between humans and dogs is more fully discussed, and references to deposition testimony given, in the City Defendants' Memorandum in Support of Motion for Summary Judgment, Doc. Doc. 109-1, pp. 12-13.

are of a different kind and are not "substantially similar." For this reason, any use of force by Officer Burmaster is not relevant to whether the City Defendants' were deliberately indifferent to the Constitutional rights of pet owners. Such evidence and argument should be excluded pursuant to Federal Rule of Evidence 403.

2. **NOPD policy violations by Officer Burmaster that do not involve use of force.**

Any evidence of policy violations that do not involve use of force are irrelevant, unduly prejudicial, and constituted impermissible character evidence. Such evidence should be excluded under Federal Rules of Evidence 403, and 404(a) and (b).

3. **Prior use of force by Officer Burmaster against humans that did not violate a NOPD policy.**

The City Defendants make this request in the alternative, if the Court declines to exclude evidence of all uses of force not involving dogs. If some prior uses of force against humans are admitted, then only uses of force in which Officer Burmaster acted *improperly* should be admitted. It would be unfair and unduly prejudicial to use Officer Burmaster's appropriate conduct against the City Defendants. The City Defendants cannot be charged with knowing of a problem if there is no sign of a problem. The mere number of uses of force by Officer Burmaster is not a sign that Officer Burmaster was unreasonable in his use of force. As Lieutenant John Helou testified,

> Q. You were asked whether – about Officer Burmaster allegedly using force 13 times since 2016. Do you remember that?
>
> A. Yes, sir.
>
> Q. Is that an unusual amount of use of force for an officer in that time frame that's being a proactive police officer.
>
> A. What was the time frame again? I'm sorry.
>
> Q. I believe the question is since 2016?

A. No. I wouldn't say it's unusual.[3]

For these reasons, prior acts of Officer Burmaster that did not result in a finding of policy violation cannot be charged against the City Defendants. Such evidence has no probative value. The prejudicial effect, though, would be substantial. Therefore, such evidence should be excluded under Federal Rule of Evidence 403.

4. **Prior use of force by Officer Burmaster that did not involve discharge of a weapon.**

As discussed in section 1, above, any prior use of force that is not "substantially similar" to the complained of violation in the instant case is not relevant. The incident in question involved use of a firearm. Any uses of force not involving firearms are not substantially similar. Such evidence would be unduly prejudicial in that it would be given unwarranted weight by the jury. Such evidence should be excluded pursuant to Federal Rule of Evidence 403.

8. *State v. Lociano*, **254 So. 3d 761**

As discussed above, to prove "deliberate indifference," Plaintiffs must show a pattern by showing prior acts that are "substantially similar" to the complained of violation in the instant case. *Lociano* does not involve use of force against a dog (or anything), so is irrelevant to the *Monell* claim. All that the case shows is that Officer Burmaster made an incorrect decision with respect to conducting a warrantless search of an automobile.

It is anticipated that Plaintiffs may attempt to argue that the City Defendants were not aware of the *Lociano* case and that this somehow shows a state of mind of the City Defendants. However, this argument is an attempt to use of prior bad act evidence in violation of Federal Rule of Evidence 404(b). Plaintiff would be arguing that because the City Defendants purportedly was not aware that Officer Burmaster allegedly committed a Constitutional violation previously, it did so in other

---

[3] Ex. A, (Excerpts of Deposition of 30(b)(6) witness John Helou), 39:5 – 39:16.

cases. Any probative value that *Lociano* may have is substantially outweighed by the prejudice to Office Burmaster and the City Defendants. A tribunal such as the Court of Appeals of the State of Louisiana would be given great deference by the jury, even if the case was not relevant to the issues at hand. Such evidence should therefore be excluded pursuant to Federal Rules of Evidence 403, and 404(a) and (b).

9. **Indemnity.**

The facts and details of governmental indemnification are inadmissible with regard to 42 U.S.C.A. § 1983 compensatory damages. See *Larez v. Holcomb*, 16 F.3d 1513 (9th Cir. 1994) (improper to instruct jury as to city's indemnification of police officer, thus requiring a new trial on compensatory damages); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (same). See *Lewis v. Parish of Terrebone*, 894 F2d 142, 146 (5th Cir. 1990) (refusing to find abuse of discretion in excluding evidence of liability insurance in Section 1983 case). See Fed. R. Evid. 411 Advisory Committee Note (knowledge of liability insurance would induce juries to decide cases on improper grounds). For these reasons, any reference to an indemnification by the City Defendants should be excluded.

10. **Limiting instruction regarding prior bad acts of Officer Burmaster.**

Under FRE 105, if evidence is admissible for one purpose but not another, "the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." When a court admits such evidence, "it cannot refuse a requested limiting instruction." *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc*., 630 F.2d 250, 266 (5th Cir.1980). The instruction "need not be given in the particular form or manner that is sought by the parties, so long as the general instructions sufficiently serve the limiting purposes of Rule 105." *Id.*

If the Court admits evidence of prior uses of force by Officer Burmaster, any relevance such evidence may have would be only to the *Monell* claim against the City Defendants and not to any claim against Officer Burmaster. For that reason, a limiting instruction in the following form should be given following any witness providing such testimony:

"You have heard testimony regarding prior acts involving use of force by Officer Burmaster. Such evidence, to the extent you find the evidence credible, cannot be used by to infer that Officer Burmaster acted unreasonably or used excessive force on the night in question."

## CONCLUSION

For the foregoing reasons, the City Defendants' Second Motion *in Limine* should be granted.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Shaun Ferguson and the City of New Orleans*