UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' THIRD MOTION *IN LIMINE* TO EXCLUDE SERGEANT PRUITT'S CRIMINAL FINDING**

Sgt. Pruitt conducted a criminal investigation of Burmaster for animal cruelty. She did not find him to have violated a criminal statute, and wrote in her report that he was "justified in his actions."

But it would be misleading for Defendants to cite that conclusion in this civil trial, because Pruitt testified that she used the term "justified" in a context "strictly limited to whether or not [Burmaster] committed a crime." Accordingly, Plaintiffs ask that this Court bar Defendants from questions or argument about Pruitt's "justified" conclusion.

I.   **Background and Analysis**

Sgt. Debra Pruitt was the NOPD officer assigned to investigate the "criminal aspect" of Burmaster's shooting of Apollo.[1] That meant that she looked to "see if there's any possible criminal criminality to it."[2] She investigated the shooting and issued a report that concluded:

> Sergeant Pruitt did not find Officer Burmaster violated R.S. 14:102-Relative to Cruelty to Animals; simple and aggravated or any other municipal or state violation. Sergeant Pruitt found Officer Burmaster justified in his actions.

---

[1] R. Doc. 94-6 at 11:20-23 (Defendants' counsel explaining that "Sergeant Pruitt handled the PIB criminal aspect of the investigation. Then there is an administrative aspect that Shannon Jones Brewer conducted.")

[2] R. Doc. 94-6 (Pruitt Dep.) at 13:16-20.

R. Doc. 105-7 at 37.

In his Motion for Summary Judgment, Burmaster cited Pruitt's report for the proposition that Sgt. Pruitt "determined that . . . he was justified in his actions." R. Doc. 105-7 at 6. Plaintiffs anticipate that Burmaster will elicit testimony at trial from Pruitt about this written statement.

That would mislead the jury.

It would be misleading because Pruitt was clear that she used the term "justified" only in the context of whether or not Burmaster had committed a crime. She explained that in her deposition:

> Q. . . . "Sergeant Pruitt found Officer Burmaster to be justified in his action." You're only saying that in the context of a criminal investigation, right?
>
> A. Yes.
>
> Q. You're not talking about whether he violated any NOPD policies, whether he was liable in the administrative proceeding, whether he was constitutionally liable; *this statement is strictly limited to whether or not he committed a crime, right*?
>
> A. *Correct.*[3]

R. Doc. 94-6 (Pruitt Dep.) at 78:19-79:6 (emphasis added). She was clear that she did not assess whether Burmaster had committed a constitutional violation or tort:

> Q. But you did not, in your investigation, assess whether he'd committed a constitution violation or a tort, correct?
>
> A. No.

*Id*. at 77:15-18.

---

[3] Deposition of Pruitt, attached as **Ex. A**, pp. 78-79 (emphasis added). Pruitt went on to state that, based on her training, a puppy running towards her would be an insufficient threat to justified lethal force; there would have to be some other indication of a threat, *Id.* p. 38, and that she would not have even taken her gun out in the situation Burmaster faced. *Id.* p. 70.

Pruitt was also clear that she did not think Burmaster was "justified" in the colloquial sense, because she would not have even unholstered her gun in the same situation, much less shot and killed Apollo:

> Q.  Would you be taking your gun out in that situation?
>
> A.  No.

*Id*. at 70:23-25. She also testified that the threat "that Apollo posed" would not have been enough for her to shoot the dog.

For these reasons, testimony and argument about Pruitt's "justified" statement should be excluded under Federal Rules of Evidence Rule 401 and 403.

> Federal Rule of Evidence 401 provides that evidence is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.' Under Federal Rule of Evidence 402 relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise, and irrelevant evidence is not admissible. Pursuant to Federal Rule of Evidence 403, 'the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'

*Thomas v. W&T Offshore, Inc.*, No. 16-14694, 2019 U.S. Dist. LEXIS 231257, at *7 (E.D. La. Feb. 4, 2019).

Here, whether or not Burmaster committed a crime is irrelevant to this civil proceeding. All that needs to be determined in this case is whether Burmaster's use of force met the civil standards of objective reasonableness or negligence, which are completely different than the criminal standard. *See Brown v. Edwards*, 721 F.2d 1442 (5th Cir. 1984) ("criminal and civil causes of action are different.") The fact that Pruitt concluded that Burmaster had not committed a crime in shooting Apollo has no tendency to make it more

3

or less probable that his actions were objectively reasonable under the totality of the circumstances. This information is therefore irrelevant and inadmissible under Rule 401.

The Fifth Circuit has also cautioned against mixing phrases between their civil and criminal contexts. *U.S. v. Estate of Parsons*, 367 F.3d 409, 416 (5th Cir. 2004) ("These unfortunate situations also create the danger of misusing the term 'victim' in different contexts — civil and criminal — with the same force.") If Defendants are allowed to point to Pruitt's statement about *no criminal liability* in a trial about *civil liability,* there would be a serious risk of confusing the jury.

Thus, this information should be excluded because it has no probative value whatsoever in this civil proceeding, but carries with it the substantial danger of misleading the jury, confusing the issues and causing unfair prejudice.

## II.   Statement Regarding Compliance with this Court's Standing Order to Meet and Confer.

Pursuant to this Court's standing order, Plaintiffs Counsel met and conferred with Burmaster's counsel to attempt to resolve this issue without Court intervention. Burmaster's counsel opposed this motion.

## III.   Conclusion

This Court should bar Defendants from questions or argument about Pruitt's "justified" conclusion, as it is not relevant and would mislead the jury.

Respectfully submitted,

| | |
|---|---|
| */s/Tarak Anada*_____ | */s/William Most*_____ |
| TARAK ANADA (La. Bar No. 31598) | WILLIAM MOST (La. Bar No. 36914) |
| JONES WALKER LLP | DAVID LANSER (La Bar No. 37764) |
| 201 St. Charles Avenue, Ste. 4900 | MOST & ASSOCIATES |
| New Orleans, LA 70170 | 201 Saint Charles Ave., Ste. 114 #101 |
| Telephone: (504) 582-8322 | New Orleans, LA 70170 |
| Facsimile: (504) 589-8322 | Tel: (504) 509-5023 |
| Email: tanada@joneswalker.com | Email: williammost@gmail.com |