UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| **versus** | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' SECOND MOTION IN LIMINE**

**MAY IT PLEASE THE COURT:**

Plaintiffs are essentially re-urging the arguments raised in their recent Motion to Compel and for Sanctions (Rec. Doc. 86) which was opposed (Rec. Doc. 92) and which was denied (Rec. Doc. 103) except now they have the documents that they requested. Counsel has now produced all of the responsive documents in his possession, excluding those received from the Plaintiffs and the City in discovery, and plaintiff's counsel has had the opportunity to question Burmaster at his deposition on March 10, 2023 about his discovery responses. Accordingly, the Plaintiffs' Motion is moot.

With regard to financial documents, responsive documents from the client were finally received. On March 7, 2023, counsel obtained the purchase and financing agreement for Burmaster's home and sent it to plaintiffs' counsel that same day marked "Confidential" subject to the Protective Order herein.[1] On March 9, 2023 counsel obtained the registration for Burmaster's car and a screen shot taken on March 9, 2022 showing the balance in Burmaster's bank account at that time, both of which were sent to plaintiffs' counsel that same day marked "Confidential" subject

---

[1] E-mail dated March 7, 2023, Exhibit "A".

to the Protective Order herein.[2]  On the evening of March 12, 2023 counsel was provided with Burmaster's tax returns for 2021 and 2022, both of which were sent to plaintiffs' counsel that same evening marked "Confidential" subject to the Protective Order herein.[3]  Burmaster has no document reflecting a summary of his assets and liabilities nor does he have any documents showing his net worth.

Revised Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Derrick Burmaster were provided yesterday to counsel.  A copy is attached hereto with confidential information redacted, including the attachments.[4]

The requested documents were provided by counsel as soon as he received them.  To the extent that information requested was unavailable prior to Officer Burmaster's deposition or does not exist, counsel submits that there was ample time to question Officer Burmaster during his deposition about anything Plaintiffs' counsel wanted to know that was not otherwise objectionable.

To the extent that Plaintiffs complain that they were not able to conduct a "robust" inquiry into Officer Burmaster's financials, how "robust" can an inquiry be regarding a house that is 100% mortgaged, a car purchased last year and two years of income tax returns for a W-2 employee of the NOPD?

In any event, when punitive damages are sought, as they are here, evidence of a defendant's

---

[2] E-mail dated March 9, 2023, Exhibit "B".

[3] Email dated March 12, 2023, Exhibit "C".

[4] Revised Supplemental Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Derrick Burmaster, Exhibit "E".

ability to pay is admissible. In *O'Connell v. Alejo*[5] cited by Plaintiffs on page 5 of their memorandum, they contend that this information "could be" relevant. However, that is not what *O'Connell* states. This information clearly is relevant:

> Generally speaking, punitive damages are intended to punish a wrongdoer and to set an example for others. The size of an award that is necessary and appropriate to punish a typical individual defendant would ordinarily be different than what it would take to punish, for example, a typical large corporation or governmental entity Thus, these defendants' alleged ability or inability to pay punitive damages is relevant. I agree. See, e.g., *Perrin v. Anderson*, 784 F.2d 1040, 1047-48 (10th Cir. 1986) (because punitive damages were requested, "[t]he ultimate source of payment therefore is relevant .... The jury must know the impact an award will have on the defendants to properly assess punitive damages.").[6]

Counsel did not deliberately withhold financial information from Plaintiffs. When his client gave the financial information to him he produced it. Burmaster's financial ability or inability to pay is clearly relevant to the issue of punitive damages, assuming we even get to that point.

Officer Burmaster respectfully requests that this Honorable Court deny Plaintiffs' Motion.

Respectfully submitted:

*/s/ C. Theodore Alpaugh, III*
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:    (504) 529-4141
Facsimile:    (504) 561-0326
Email:        cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**

---

[5] *O'Connell v. Alejo*, No. 18-CV-01359-RBJ, 2020 WL 5748810 (D. Colo. Sept. 25, 2020)

[6] *O'Connell v. Alejo*, No. 18-CV-01359-RBJ, 2020 WL 5748810, at *11

-3-