# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Plaintiffs' Proposed Jury Instructions

**I.        General Instructions[1]**

You have now heard all the evidence in this case as well as the final argument.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges. I am one of the judges; the other is you the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you and you must follow my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. These charges include the totality of the law applicable to this case. It is your duty to apply the law as I give it to you, regardless of the consequences.

---

[1] These general instructions are from Judge Fallon's jury instructions in *Phetteplace v. 415 Rue Dauphine LLC,* 17-cv-05489-EEF-JCW, R. Doc. 108 (E.D. La. Apr. 18, 2019).

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons and corporations or public entities stand equal before the law and are to be dealt with as equals in the court of justice.

As I stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that they are particularly concerned that you recall. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Also, during the course of trial, I have occasionally made comments to the lawyers, or asked a question of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the facts in this case. In arriving at your own findings as to the facts, you should disregard anything I may have said during the trial, except for my instructions to you on the law.

The law of the United States permits the judge to comment on evidence presented during a case. I do not believe that I have made any comments on the evidence in this case. If you could possibly construe any remarks which I have made during the course of this trial, however, as a comment on the evidence, then I instruct you that any such comment on my part is only an expression of my opinion as to the facts, and you, the jury, may disregard such comment or comments entirely since you, as jurors, are the sole judges of the facts in this case.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating a fact to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The burden of proof is on the plaintiff in a civil action, such as this one, to prove

every essential element of their claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. If the plaintiff should fail to prove any of their claims by a preponderance of the evidence, you, the jury, must find for the Defendants on that claim.

In determining whether any fact has been proved by a "preponderance of the evidence" in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you, the jury, should find for the Defendants. The plaintiff need not produce every possible witness, and they need not prove their claim beyond a reasonable doubt, as is necessary in a criminal prosecution. But speculation or mere possibility and even unsupported probability is not sufficient to support a judgment in their favor.

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of the witnesses a reasonable and fair interpretation in the light of your knowledge of the natural tendencies of human beings.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

In weighing the testimony and in determining the credibility of any witness, you may

consider the conduct of the witness, his or her bearing on the witness stand, his or her

personal feelings as demonstrated by his or her testimony and his or her actions, any interest

he or she may have in the outcome of the case, any prejudice or bias he or she may have

shown, and any partiality he or she may have demonstrated.

If a witness is shown to have testified falsely concerning any material matter, you

have a right to distrust such witness's testimony on other matters and you may distrust all of

the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not

necessarily mean that the witness was not telling the truth as he or she remembers it because

people may forget some things or remember other things inaccurately. So, if a witness has

made a misstatement, you need to consider whether that misstatement was an intentional

falsehood or simply an innocent lapse of memory; and the significance of that may depend

on whether it has to do with an important fact or with only an unimportant detail.

*Include if deposition testimony used at trial*: [Certain testimony has been presented to

you through a deposition. A deposition is the sworn, recorded answers to questions a witness

was asked in advance of the trial. Under some circumstances, if a witness cannot be present

to testify from the witness stand, that witness's testimony may be presented, under oath, in

the form of a deposition. Sometime before this trial, attorneys representing the parties in this

case questioned several witness under oath. A court reporter was present and recorded the

testimony. The questions and answers have been shown to you. This deposition testimony is

entitled to the same consideration, is to be judged by you as to credibility, and weighed and

otherwise considered by you in the same way, as if the witness had been present and had

testified from the witness stand in court.]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field may be called as an expert witness and is permitted to state his opinion on those technical matters. Such witnesses have testified in this case. You are not, however, required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the facts the expert relied upon are incorrect, that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has economic, philosophical, or any other interest in the outcome of the case.

During the course of trial, you will have heard objections to evidence. Sometimes these have been argued out of the hearing of the jury.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

Upon allowing testimony or other evidence to be introduced over the objections of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you, the jury, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the

6

jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question. When the Court has stricken a witness from the record, the jury must disregard the testimony of the witness entirely and may draw no inference from any testimony given by that witness.

During the course of trial, I have occasionally asked a question of a witness in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the facts to which my question or questions may have related. Remember at all times, you, as jurors, are the sole judges of the facts.

Any notes that you have taken during this trial are only aids to your memory.

If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II.    Specific Instructions

### A.    Constitutional Claim

"The Fourth Amendment guarantees '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'"[2] The killing of a pet is a seizure within the meaning of the Fourth Amendment.[3] To determine whether a killing of a pet was reasonable or unreasonable, you are to look at the totality of the circumstances, balancing the

---

[2] S. CONST. amend. IV.
[3] *Grant v. City of Hous.*, 625 F. App'x 670, 675 (5th Cir. 2015) (per curiam, unpublished); *Skinner v. Ard,* 519 F. Supp. 3d 301 (M.D. La. 2019) (" "It is beyond dispute" that the killing of an individual's pet dog by an officer constitutes a "seizure" "within the meaning of the Fourth Amendment.")

nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.[4] Under this analysis, factors to consider include whether the pet posed an immediate danger to an officer or others, and whether the use of force was unavoidable.[5]

## B.   Municipal Liability

In addition to their claims against individual officers, Plaintiffs are suing the City of New Orleans. A city government is not liable for the actions of its employees for a constitutional violation unless the constitutional violation was caused by a city policy or custom.[6]

In this case, Plaintiffs allege that the City is liable for Burmaster's actions in two different ways: the City's policy choice in the way it trained Burmaster, and the City's choice to retain Burmaster on the force.

Regarding training Burmaster, a city may be held liable if its training of officers is deficient in such a way that the city showed "deliberate indifference" to the known or obvious consequences of such training decisions.[7]

Regarding retaining Burmaster on the force, a city may be held liable for decisions about hiring and retention if the plaintiff can show "deliberate indifference" to the known or obvious consequence[s] of such decisions.[8] To show deliberate indifference, the connection between the background of the individual and the specific violation alleged must be strong, as the plaintiff "must show that the hired officer was highly likely to inflict the particular type of

---

[4] *Stephenson v. McClelland*, 632 F. App'x 177 (5th Cir. 2015) (per curiam, unpublished).
[5] *Skinner v. Ard*, 517 F. Supp. 3d 586, 599 (M.D. La. 2021) (*quoting Robinson v. Pezzat*, 818 F.3d 1, 7-8, 422 U.S. App. D.C. 35 (D.C. Cir. 2016); *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008)).
[6] Fifth Circuit Pattern Instructions ¶ 10.5
[7] *Gomez v. Galman*, 18 F. 4th 769, 778 (5th Cir. 2021).
[8] *Gomez v. Galman*, 18 F. 4th 769, 778 (5th Cir. 2021).

injury [he] suffered."[9] One way to show this is to show a pattern of conduct that indicates a "proclivity" towards violence.[10]

For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and they must also draw the inference.

**C.      Negligence**

In order to prevail on their claim of negligence, the Plaintiff must prove by a preponderance of the evidence:

      (1)      that Defendants were negligent; and

      (2)      that such negligence was a legal cause of the damages Plaintiff has sustained.

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. The failure to exercise reasonable care may consist of either doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonable careful person would do under like circumstances.

Here, Plaintiffs allege that Burmaster was negligent in shooting Apollo or putting himself in a position where he felt compelled to shoot Apollo. Plaintiffs allege that the City was negligent in that it failed to reasonably train, and supervise Burmaster, and retained him past the point of reasonableness.

**D.      Conversion**

"Conversion" is the legal term for when a person may sue because their property was

---

[9] *Gomez, supra; see also Board of Comm'rs of Bryan Cty. v. Brown*, 520 US 397, 412 (1997).
[10] *Gomez v. Galman*, 18 F. 4th 769, 778 (5th Cir. 2021).

wrongfully seized or destroyed.[11] If a person's property is wrongfully seized or destroyed, they may demand compensation. Here, Burmaster destroyed the Plaintiffs property when he killed Apollo. It is up to you the jury to determine whether that killing was wrongful.

## B.      Damages[12]

If you find that the Plaintiffs have proven by a preponderance of the evidence that the Defendants are liable, in whole or in part, for Plaintiffs' alleged injuries, then you must determine the damages the Plaintiffs has sustained. You should not interpret the fact that you are given instructions about damages as an indication in any way that I believe the Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiffs are entitled to recover money damages from the Defendants.

If you find the Defendants are liable to the Plaintiffs, then you must determine an amount that is fair compensation for the Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs whole – that is to compensate them for the damage they have suffered.

You may award compensatory damages only for injuries the Plaintiffs has proved were legally caused by the Defendants' allegedly wrongful conduct. The damages you award must be fair compensation for all of the Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You

---

[11] *Dual Drilling Co. v. MILLS EQUIPMENT, INC.*, 721 So. 2d 853 - La: Supreme Court 1998 ("The conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, in the alternative, the plaintiff may demand compensation.")

[12] From *Phetteplace v. 415 Rue Dauphine LLC*, 17-cv-05489-EEF-JCW, Document 108  Filed 04/18/19.

should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiffs are likely to suffer in the future.

If you find the Defendants' conduct aggravated a pre-existing condition, the Defendants must compensate the Plaintiff only for the extent of the aggravation caused by Defendants' negligence. In such a case, the Defendant must compensate the Plaintiff for the full extent of the aggravation. In order to award damages for the aggravation of a pre-existing condition, the Plaintiff must establish a causative link between the accident and the aggravation of the Plaintiff's pre-existing condition.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that that Plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence.

Pain and suffering: You may award damages for any bodily or psychological injury that the Plaintiffs sustained and any pain and suffering, disability, mental anguish, emotional distress and/or loss of capacity for enjoyment that the Plaintiff experienced in the past or will experience in the future as a result of such injury. No evidence of the value of intangible things, such as mental anguish or physical pain and suffering, needs to be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiffs for the

damages they have allegedly suffered. There is no exact standard for fixing the compensation to be awarded for these elements, but any award that you make should be fair in light of the evidence.

Loss of enjoyment of life: You may award damages for loss of enjoyment of life for any deterioration in lifestyle that the Plaintiffs have demonstrated. These damages are in addition to damages for pain and suffering.

Past and/or future medical care: You may award a reasonable value of medical care and treatment the Plaintiffs have reasonably obtained in the past and will require in the future. In determining any award you might make for past or future medical expenses, you should consider the evidence and the opinions of expert witnesses to decide the reasonable value or expense of medical, psychological, therapy, nursing, and hospital care and treatment which was or will be reasonable and necessary for Plaintiffs' conditions. Plaintiff' recovery of medical charges must be confined to those expenses related to the accident.

An award of future medical expenses necessarily requires that payment be made now for a loss that the Plaintiff will not actually suffer until some future date. If you should find the Plaintiff is entitled to future medical expenses, then you must determine the present worth in dollars of such future damages. Thus, you must reduce the amount to present value by considering the interest that the Plaintiff could earn on the amount of the award if they make a relatively risk-free investment. The reason why you must make this reduction is that an award of an amount representing future medical expenses is more valuable to the Plaintiff if he receives it today than if they receive it in the future, when they would otherwise have received it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would receive it. Thus, you should adjust the

amount of future medical expense by the amount of interest the Plaintiff can earn on that amount in the future. However, you must not make any adjustment to present value for any damages that you award for future pain and suffering or mental anguish.

Suggestions as to the amount of damages that should be awarded are mere arguments of counsel. You may consider them and use them only as guidelines to whatever extent they may aid you in arriving at a reasonable and just award in view of the evidence. But you are in no way bound by, nor should you use, any rigid mathematical formula. The determination of damages is solely your function and must be based on competent evidence.

Again, the mere fact that I have given you instructions on the law of damages does not in any way suggest whether I believe that any damages are due in this case. Whether or not the Plaintiff is entitled to recover and whether or not any damages are due is for you to decide.

**D.     Punitive Damages[13]**

If you find that Defendant Burmaster is liable for Plaintiffs injuries, you must award Plaintiff the compensatory damages that they have proved. You may also award punitive damages if you find that Burmaster acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

Plaintiffs have the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to

---

[13] Fifth Circuit Pattern Jury Instructions, ¶ 15.7.

deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that a Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if a Defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1.      the reprehensibility of Defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant's conduct was motivated by a desire to augment profit;

2.      the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3.      the possible criminal and civil sanctions for comparable conduct.

## III.   Conclusion[14]

It is your sworn duty as jurors to discuss the case with one another in an effort to reach a unanimous agreement, if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinions and change your mind if you become convinced that you are wrong. Do not, however, give up your honest beliefs solely

---

[14]From *Phetteplace v. 415 Rue Dauphine LLC*, 17-cv-05489-EEF-JCW, Document 108  Filed 04/18/19.

because the others think differently or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

I have prepared a special verdict form for your convenience and to aid you in reaching a unanimous decision. You will take the form with you to the jury room. The verdict must represent the considered judgment of each juror.

You will note that the form contains several interrogatories or questions. The answer to each question must be the unanimous answer of the jury. In the space provided below each question, you will find directions which instruct you either to answer the next question, to answer some other question, or to stop and return to the courtroom with your verdict. You must carefully follow these directions as you complete the form.

**[Read the verdict form.]**

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which I have admitted into evidence. First, select your foreperson and then conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given about your conduct during the trial. After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, any numerical division on any question.

If you want to communicate with me at any time, please give a signed written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally. I

15

will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order otherwise. You may now retire to the jury room to conduct your deliberations.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)        TARAK ANADA (#31598)
HOPE PHELPS (La. Bar No. 37259)         JONES WALKER LLP
DAVID LANSER (La. Bar No. 37764)        201 St. Charles Avenue
MOST & ASSOCIATES                        New Orleans, Louisiana 70170-5100
201 St. Charles Ave., Ste. 114, # 101    Telephone: (504) 582-8322
New Orleans, LA 70170                     Facsimile: (504) 589-8322
Tel: 504.509-5023                          E-Mail: tanada@joneswaker.com
Email: williammost@gmail.com

16