UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Plaintiffs' Objections to Exhibits**

In R. Doc. 63-1, this Court asked the parties to file written objections to exhibits accompanied by a memorandum containing legal authority in support of each objection. This document reflects Plaintiffs' objections to Defendants' exhibits.

**I.    Plaintiffs' Objections to Burmaster's Exhibits**

**Exhibits B1-B3** – Burmaster has agreed to strike these exhibits.

**Exhibit B4** – Exhibit B4 consists of 120 pages of Burmaster's personnel record. It has personnel requisition forms, Burmaster's declaration of domicile, thank you notes from a member of the public, letters of commendation, some certificates of training, and some disciplinary records. Only the disciplinary records could be plausibly relevant to this case. The remainder have no tendency to make any fact of consequence to this case "more or less probable than it would be without the evidence." Accordingly, those parts of Exhibit B4 should be excluded per FRE 401. The disciplinary records also contain abundant hearsay. For example, page 45 is a letter signed by Michael Harrison, which says "Sgt. Preston checked with Sgt. Philibert who informed her he had ot received said furlough request nor had he granted verbal approval." This is at least three levels of hearsay – Sgt. Philibert's statement to Sgt. Preston, Sgt. Preston's statement to whoever relayed

1

the information to Harrison, and Harrison's written letter. This exhibit should therefore be excluded from use by Defendants under FRE 802.

**Exhibit B5** – This exhibit consists of a partial record of Burmaster's NOPD training history, with dates, completion status, and score. But it does not reflect his 2019 training about dogs. *See* R. Doc. 98 at 7 (stipulated fact that "In 2019, Burmaster received training entitled 'The Problem of Dog-Related Incidents and Encounters'"). Because this document is missing the training relevant to this case, it has no tendency to make any fact of consequence to this case "more or less probable than it would be without the evidence." Accordingly, this exhibit should be excluded per FRE 401.

**Exhibit B6** – This exhibit is Burmaster's "force statement" that he signed three days after he shot Apollo. It is Burmaster's description of the incident, Burmaster's thinking, and what his partner John Roussel told him. The force statement is an out-of-court written assertion. It therefore is a "statement" under FRE Rule 801. To the extent that Burmaster intends to use it for the truth of the contents, it is hearsay under FRE Rule 801(c)(2). It also does not fall within the exceptions to hearsay. For example, it is not a present sense impression, excited utterance, or then-existing mental condition, because it was written days later. It is not a recorded recollection on a "matter the witness once knew about but now cannot recall well enough to testify fully and accurately" per FRE 803(5), because Burmaster has testified that he has a "precise recollection of the events that night." Burmaster Dep. at 39:19-25. And it furthermore contains double hearsay, because it contains an out-of-court statement describing John Roussell's out-of-court statement. This exhibit should therefore be excluded from use by Defendants under FRE 802. Plaintiffs may, however, use it as an "opposing party's statement" under FRE 801(d)(2).

**Exhibit B7** – This exhibit is Sgt. David Duplantier's "Instructor Findings / Recommendations." It reflects Duplantier's description of what he saw on the body-worn camera footage, what he heard people say in the footage, and what Duplantier and Burmaster discussed in a subsequent "tactical debrief" session. This document is an out-of-court written assertion. It therefore is a "statement" under FRE Rule 801. To the extent that Burmaster intends to use it for the truth of the contents, it is hearsay under FRE Rule 801(c)(2). Sgt. Duplantier is listed as a witness in this trial, so if he has things to say, he can testify to them. But Exhibit B7 cannot be used as a prior inconsistent statement, because it was not "given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition" per FRE 801(d)(1)(a). And it contains double hearsay, because it contains an out-of-court statement describing Duplantier's and Burmaster's out-of-court statements. This exhibit should therefore be excluded from use by Defendants under FRE 802. Plaintiffs may use it as an "opposing party's statement" under FRE 801(d)(2).

## II. Plaintiffs' Objections to City's Exhibits

**Exhibit C2** – The City's C2 is the same as Burmaster's B7. It is hearsay and double hearsay that should be excluded from use by Defendants under FRE 802.

**Exhibits C6** - This exhibit is a record from a disciplinary investigation into Burmaster's 2012 shooting of a dog. The document contains multiple levels of hearsay. For example, on page 2, it says: "Officer Ortiz was inside the residence and did not observe the shooting, but heard Officer Burmaster saying, 'Get Back' before hearing the gunshots." This exhibit should therefore be excluded from use by Defendants under FRE 802. Plaintiffs may use it as an "opposing party's statement" under FRE 801(d)(2).

**Exhibits C7**, **C8, C9, C10, C11, and C12** – These are investigatory reports of animal shootings by NOPD officers, but Burmaster is not one of the involved officers in any of these

shootings. Because these documents have nothing to do with Burmaster, they have no tendency to make any fact of consequence to this case "more or less probable than it would be without the evidence." Accordingly, these exhibits should be excluded per FRE 401.

They also contain many layers of hearsay. For example, page 9 of C7 is a report by Detective Catalanotto describing what an SPCA representative said to Detective Wischan. That constitutes at least <u>three</u> layers of hearsay. Likewise, C8 at pg 4 describes what an unknown person "identified as Shannon" told NOPD Communication Division, which was then somehow relayed to the Public Integrity Bureau. That is at least two levels of hearsay. These exhibits should therefore be excluded from use by Defendants under FRE 802. C7 is also marked by the city as "Confidential," although that is likely an error.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)	TARAK ANADA (#31598)
HOPE PHELPS (La. Bar No. 37259)	JONES WALKER LLP
DAVID LANSER (La. Bar No. 37764)	201 St. Charles Avenue
MOST & ASSOCIATES	New Orleans, Louisiana 70170-5100
201 St. Charles Ave., Ste. 114, # 101	Telephone: (504) 582-8322
New Orleans, LA 70170	Facsimile: (504) 589-8322
Tel: 504.509-5023	E-Mail: tanada@joneswaker.com
Email: williammost@gmail.com