**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON,  and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**</u>

**A.    The Court should rule that Burmaster's seizure of Apollo was objectively unreasonable as a matter of law because the Defendants do not dispute that simply kicking Apollo would have been effective.**

Officer Burmaster and the City (used synonymously with "NOPD") have both separately opposed Plaintiffs' motion for partial summary judgment on liability.[1] They have also filed their own motions for summary judgment.[2] All of the Defendants' summary judgment filings entirely fail to address a key point—<u>if he actually felt threatened by this small puppy, Officer Burmaster should have simply kicked it away instead of shooting it</u>. It is objectively unreasonable that he failed to take that simple measure before ending Apollo's life. This issue is at the heart of this case, was a central focus of Plaintiffs' motion for partial summary judgment, and has gone completely unaddressed by both Burmaster and the NOPD. None of the Defendants' summary judgment filings even contain the word "kick."[3]

---

[1] R. Docs. 129 and 131.

[2] R. Docs. 105 and 109.

[3] Other than a reference in Burmaster's brief (R. Doc. 105-1, p. 30) to *Grant v. City of Hous.*, 625 Fed. Appx. 670, 674 (5th Cir. 2015), in which the Fifth Circuit granted qualified

Conversely, every single Burmaster/NOPD expert and 30(b)(6) designee, as well as Burmaster's partner Officer Roussel who was "standing right next to him," have all unanimously agreed that non-lethal force such as simply kicking Apollo was an effective option for Burmaster to have chosen:

Deputy Superintendent Goodly testified that Burmaster should have employed non-lethal force such as simply kicking Apollo instead of shooting him.[4]

So did Officer Roussel.[5]

So did Sergeant Brewer.[6]

And even Burmaster's own designated experts Pruitt and Duplantier have admitted that non-lethal force such as kicking Apollo would have been a viable alternative to deadly force.[7]

Plaintiffs' expert witness James Crosby—a former Officer, Sergeant and Lieutenant of the Jacksonville Sherriff's Office for twenty-two years and former Animal Control Division Manager—also concurs with the above NOPD witnesses.[8]

Every one of these experts, designees and witnesses have agreed that nonlethal force such as kicking would have negated the need for 230 pound Officer Burmaster to kill the Brown

---

immunity to an officer mainly because he attempted to "kick" an aggressive dog twice before resorting to lethal force.

[4] R. Doc. 130-10, p. 41

[5] R. Doc. 130-3, pp. 15-16.

[6] R. Doc. 130-9, p. 65.

[7] R. Doc. 130-20, p. 145; R. Doc. 130-19, p. 70.

[8] R. Doc. 130-17.

#101139183v1

family's puppy, and the BWC footage[9] confirms this. The Defendants have therefore failed to demonstrate the existence of a triable fact issue on whether the need for lethal force was avoidable. Because the use of deadly "force against a household pet is reasonable only if the pet poses an immediate danger and the use of force is unavoidable,"[10] the Court should rule that Burmaster's use of deadly force on Apollo was objectively unreasonable as a matter of law based on the undisputed evidence that it could have been avoided by a simple kick.

**B.      NOPD cannot disavow its experts' conclusions just because they are unfavorable.**

Now that its designated experts have testified unfavorably to the Defendants, NOPD argues that the Court should "ignore" their conclusions in determining liability. Specifically NOPD attempts to cabin its own experts' conclusions to "merely [be] their opinions, recommendations, or conclusions with respect to NOPD policies,[11] not reasonableness of use of force under the Fourth Amendment." R. Doc. 131, p. 5, n. 15.

This argument fails under the law. In evaluating the reasonableness of an officer's use of force, "a policy violation can serve as evidence that an act was objectively unreasonable." *Dawes v. City of Dall.*, No. 17-1424, 2021 U.S. Dist. LEXIS 260494, at *7-8 (N.D. Tex. Sep. 24, 2021) (citing *Anthony v. Morton*, No. 05-0027, 2007 U.S. Dist. LEXIS 101798, 2007 WL 628750, *7 (W.D. Tex. Jan. 31, 2007) (holding that officer's violation of police baton policy "is *certainly probative in determining if [officer] acted in an objectively reasonable manner*.") (emphasis added); *Hope v. Pelzer*, 536 U.S. 730, 743-44, (2002) (holding that official's disregard of policy

---

[9] R. Doc. 130-5.

[10] *Skinner v. Ard*, 517 F. Supp. 3d 586, 599 (M.D. La. 2021) (*quoting Robinson v. Pezzat*, 818 F.3d 1, 7-8, 422 U.S. App. D.C. 35 (D.C. Cir. 2016); *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008)).

[11] i.e., that they were violated by Burmaster.

#101139183v1

"provides equally strong support for the conclusion that they were fully aware of the wrongful nature of their conduct."). "Relatedly, a policy violation may show that a reasonable, alternative course of action was available to the officer." *Dawes*, 2021 U.S. Dist. LEXIS 260494, at *8.

Therefore, NOPD's experts/designees' conclusions regarding Bumaster's numerous policy violations are "*certainly probative in determining if [Burmaster] acted in an objectively reasonable manner.*" *Anthony*, 2007 U.S. Dist. LEXIS 101798, 2007 WL 628750, *7. And the Defendants have already conceded this:

Burmaster represented to the Court that Sgt. Duplantier's opinions on whether Burmaster violated NOPD policy and Sgt. Pruitt's criminal investigation conclusions[12] are "material facts" to be considered on summary judgment.[13]

NOPD attached the written findings of Sgt. Brewer, Sgt. Pruitt and Deputy Superintendent Goodly to its opposition briefs (R. Doc. 131, p. 3, n. 13, n. 14) for the Court to consider in deciding summary judgment. These findings largely deal with policy violations.

NOPD specifically discussed its experts' policy violation findings in its Summary of "Material Facts" in the Pretrial Order.[14] Burmaster similarly included Sgt. Duplantier's opinions, which relate to policy violations, in his Summary of "Material Facts" in the Pretrial Order.[15]

All parties agree that the NOPD experts' opinions relating to policy violation bear on the ultimate liability issues to be determined in this case.

---

[12] Plaintiffs have moved to exclude certain criminal findings of Sgt. Pruitt. R. Doc. 125.

[13] R. Doc. 105-2, p. 5; R. Doc. 105-1, pp. 5-6.

[14] R. Doc. 98, pp. 5-6.

[15] R. Doc. 98, p. 98, p. 5.

4

**C.      Neither the City nor Burmaster have opposed Plaintiffs' motion for partial summary judgment as it relates to Plaintiffs' state law claims.**

Plaintiffs moved for partial summary judgment on liability on their state law claims of negligence, negligent infliction of emotional distress, vicarious liability, and indemnity. R Doc. 110-1, p. 25. While the Defendants have filed oppositions, they only respond to Plaintiffs' Section 1983 claim by arguing that Burmaster should be granted qualified immunity. As the Court is aware, the standard for proving Plaintiffs' state law tort claims is lower than that to overcome qualified immunity. Because Defendants have filed no response that relates to these claims, they should be summarily granted on liability based on the evidence submitted with Plaintiffs' motion. The necessary legal elements of Plaintiffs' state law claims against the Defendants were previously briefed to the Court by the Plaintiffs in R. Doc. 60, pp. 10-11, 13-14, 18, which Plaintiffs fully incorporated into their motion for partial summary judgment.

Partial summary judgment on liability should be granted in Plaintiffs' favor on all claims, leaving the question of damages for the jury to decide at trial.

Respectfully submitted,

/s/Tarak Anada_____          /s/William Most_____
TARAK ANADA (La. Bar No. 31598)     WILLIAM MOST (La. Bar No. 36914)
JONES WALKER LLP                DAVID LANSER (La Bar No. 37764)
201 St. Charles Avenue, Ste. 4900   MOST & ASSOCIATES
New Orleans, LA 70170           201 Saint Charles Ave., Ste. 114 #101
Telephone: (504) 582-8322       New Orleans, LA 70170
Facsimile: (504) 589-8322       Tel: (504) 509-5023
Email: tanada@joneswalker.com   Email: williammost@gmail.com

***Counsel for Plaintiffs Derek Brown and Julia Barecki-Brown***

#101139183v1