UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK BROWN and <br> JULIA BARECKI-BROWN <br><br> VERSUS <br><br> DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * Civil Action No. 22-00847 <br> * <br> * SECTION: L <br> * <br> * HONORABLE ELDON E. FALLON <br> * <br> * DIVISION: 4 <br> * <br> * HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Opposition to City Defendants' Second Motions in Limine (R. Doc. 123)**

The City has moved for *in limine* rulings. They are opposed/unopposed as follows:.

| | **City's Motion in Limine (R. Doc. 123)** | **Plaintiffs' Response** |
|---|---|---|
| 1 | No party may put on evidence of or make reference to any prior use of force by Officer Burmaster against humans. | **Opposed in Part.** Plaintiffs intend to reference – without going into detail of the facts – two times Officer Burmaster has fired his gun at people. See discussion below. |
| 2 | No party may put on evidence of or make reference to any prior act by Officer Burmaster resulting in an allegation of a violation of a policy of the New Orleans Police Department ("NOPD") which did not arise out of a use of force by Officer Burmaster. | **Opposed.** Plaintiffs intend to reference – without going into detail of the facts – the twenty-two times NOPD found Burmaster to violate NOPD policy. See discussion below. |
| 3 | No party may put on evidence of or make reference to any prior use of force by Officer Burmaster against humans that did not violate a NOPD policy. | **Unopposed.** |
| 4 | No party may put on evidence of or make reference to any prior use of force by Officer Burmaster that did not involve discharge of a weapon. | **Unopposed.** |
| 5 | No party may put on evidence of or make reference to the case opinion or underlying facts of *State v. Lociano*, 254 So. 3d 761 (La. Ct. App. 2018). | **Opposed.** Plaintiffs' intend to reference this case to show a major problem with the City's oversight of Burmaster in that it failed to track his judicially-found constitutional violations. See discussion below. |
| 6 | No party may put on evidence of or make reference to any indemnity of Officer Burmaster by the City of New Orleans. | **Unopposed.** |
| 7 | A limiting instruction shall be given following any testimony regarding a prior use of force by Officer Burmaster. | **Opposed.** No limiting instruction is needed, as Plaintiffs do not intend to go into the details of prior acts of use of force. See discussion below. |

1

A.    **Statement of City's Failure to Meet-and-Confer Before Filing.**

The City did not take any steps to confer about its motion *in limine* before filing.

B.    **The Court Should Deny the City's Motion Regarding Prior Use of Force Against Humans, Because It Is Contrary to this Court's Ruling in this Case.**

The City asks this Court to bar evidence of "prior use of force by Officer Burmaster against humans." The City suggests that Plaintiffs will put on evidence at trial that Burmaster has "used force at least 30 times from 2011 to the present." R. Doc. 123-1 at 2.

The City is wrong. Plaintiffs will not put on such evidence. Instead, they will focus only on the four times that Burmaster fired his gun at people or dogs. That is relevant because according to the City's 30(b)(6) witness, "most officers go their whole career without firing their gun at a person or animal." R. Doc. 122-3 (Helou Dep. at 11:24-12:3). But Burmaster has shot his gun at least four times on the job – twice at people and twice at dogs. *Id*. at 12:4-8. This Court has held that such use of force is relevant to Plaintiffs' *Monell* claim. R. Doc. 115 (Order Denying Motion to Dismiss) at 7. It is also relevant to Plaintiffs Negligent Training, Retention, and Supervision claim (R. Doc. 60 at ¶¶ 94-101). Plaintiffs do not intend to go into the details of the times that Burmaster has shot his gun at humans; they will just note the unusual number of times.

Furthermore, the City argues that past use of force against humans is irrelevant in a case about use of force on a dog, because the two are not "substantially similar." R. Doc. 123-1 at 3-4. But this Court already rejected that argument, holding that past use of force is relevant to the *Monell* claim "whether against humans or against other living beings." R. Doc. 115 at 8.

The motion should be denied on this point.

C.    **The Court Should Deny the City's Motion About Burmaster's Non-Force Rule Violations, Because It Is Contrary to This Court's Ruling in this Case.**

The City asks this Court to bar any evidence of "NOPD policy violations by Officer Burmaster that do not involve use of force." The City does not engage in any analysis in support

of that request, offering only a conclusory statement that such evidence would be "irrelevant, unduly prejudicial, and constituted impermissible character evidence." R. Doc. 123-1 at 4.

But this Court already ruled that evidence of non-force rule violations is relevant. In denying the City's Motion to Dismiss, this Court ruled that: "if this Court accepts as true Plaintiffs' allegations about Burmaster's past use of force incidents <u>and other rule violations</u>, the complaint does raise factual questions about 'the inappropriateness of NOPD's choice to continue having Burmaster on the force.'" R. Doc. 115 at 8 (emphasis added).

Furthermore, Plaintiffs do not intend to offer such things as evidence of Burmaster's bad character. They intend to offer them for the purpose that the Court articulated: the "inappropriateness of NOPD's choice to continue having Burmaster on the force" despite his twenty-two rule violations that included violations "regarding verbal intimidation, moral conduct, professionalism, performance of duty, and neglect of duty." R. Doc. 122-3 (Helou Dep.) at 27:4-15.

And finally, whether or not these items are relevant for *Monell* does not end the inquiry. They are also relevant to Plaintiffs' Negligent Training, Retention, and Supervision claim (R. Doc. 60 at ¶¶ 94-101), which the City makes no mention of in its motion. The motion should be denied on this point.

**D.    The Court Should Deny the City's Motion About *State v. Loicana*, Because it is Relevant that the City Failed to Track Judicial Findings of Burmaster Violating the Constitution.**

The City asks this Court to exclude any reference to the *State v. Loicana* case. In that case, the state Fourth Circuit Court of Appeal upheld a trial court ruling that Officer Burmaster had violated the constitution with a warrantless search. *State v. Loicana*, 254 So. 3d 761 (La. App. 4th 2018). The City contends that reference to this case would constitute "prior bad act evidence." R. Doc. 123-1 at 5. But that misses the point. The reason why *Loicana* is relevant is that it reveals a major gap in NOPD's supervision of its officers. Two courts found that

3

Burmaster had violated the constitution – but that fact does not appear <u>anywhere</u> in Burmaster's PIB, personnel, or human resources files. R. Doc. 122-3 (Helou Dep.) at 33:13-34:9. The City's 30(b)(6) representative conceded that courts' findings of constitutional violations "could be" relevant to "whether NOPD chooses to retain an officer." *Id.* at 34:22-35:7. And in a filing today, the City concedes that "a record of such matter should have been in Officer Burmaster's personnel file but was not." R. Doc. 137-1 at 7.

But NOPD has no system for tracking those findings of constitutional violations, despite their relevance to the question of whether to retain an officer. As a result, that gap in NOPD's tracking system is relevant to Plaintiffs' *Monell* claim under the failure to supervise and retention theories, as well as Plaintiffs' state-law Negligent Training, Retention, and Supervision claim.

The motion should be denied on this point.

**E.     The Court Should Deny the City's Request for a Limiting Instruction Because Plaintiffs Will Not Go Into the Details of Burmaster's Past Use of Force.**

The City has asked that a limiting instruction be given following any testimony regarding a prior use of force by Officer Burmaster. Specifically, they ask for an instruction that:

> You have heard testimony regarding one or more prior acts involving use of force by Officer Burmaster. Such evidence, to the extent you find the evidence credible, cannot be used by to infer that Officer Burmaster acted unreasonably or used excessive force on the night in question.

Plaintiffs suggest that such an instruction is unnecessary. They do not intend on going into the detail of any past use of force. They will only reference that fact that Burmaster shot his gun twice at people, but will not go into the details of those shootings. And regarding the previous time that Burmaster shot and killed a dog on duty, Plaintiffs will only elicit testimony that Burmaster gave the same excuse that time: that he was worried the dog would bite him in the penis. As a result, a limiting instruction is not necessary. If the Court feels an instruction is necessary, however, the Plaintiffs propose that the Court provide it during jury instructions, and add to the City's langauge the following:

4

You may, however, use that evidence to draw inferences about Officer Burmaster's credibility, or the appropriateness of NOPD retaining Burmaster on the force.

**F.     Conclusion**

For these reasons, Plaintiffs ask the Court to deny elements 1, 2, 5, and 7 of the City's Motion in Limine.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com