UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

**************************************************************************

**Plaintiffs' Sur-Reply in Opposition to City Defendants'
Motion for Summary Judgment (R. Doc. 109)**

City Defendants make a new argument in their Reply. They argue that Plaintiffs' opposition to the City's R.S. 9:2798.1 argument is an admission that Plaintiffs have no *Monell* claim.

The City thus asks this Court to endorse a Catch-22: if plaintiffs in a Louisiana civil rights case allege a city policy, the city defendant should receive immunity per R.S. 9:2798.1. But if plaintiffs oppose 9:2798.1 immunity, then they lose their *Monell* claim. Under the City's theory, a litigant could <u>never</u> bring a *Monell* claim and a state law tort claim against a city in any case.

The City cites no case standing for this theory. That is likely in part because courts are loathe to endorse this kind of "heads I win, tails you lose" argument. *See, e.g., Tucker v. Gaddis,* 40 F.4th 289, 293 (5th Cir. 2022) (Ho, J., concurring) (criticizing "heads I win, tails you lose" argument); *United States v. Moreno–Chaparro,* 180 F.3d 629, 632 (5th Cir.1998) ("To conclude otherwise 'would put the officers in a classic heads I win, tails you lose position.'"); *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 821 (5th Cir. 1989) ("This amounts to a 'heads I win, tails you lose' forum-shopping strategy against Texas Eastern pursued at the expense of candor before the district court.")

1

The City also cannot cite any case for its theory because it the City's theory is substantively wrong. The City's theory rests on the premise that the term "official policy" in the *Monell* context means the exact same thing as "policymaking or discretionary acts" in the R.S. 9:2798.1 context.

That premise is incorrect. In the *Monell* context, "official policy" has a broad meaning. It means:

> [a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority" or "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Castorena v. Zamora*, 16-20001, fn. 18 (5th Cir. 2017) (per curiam), *quoting Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015).

By contrast, "policymaking or discretionary acts" in the R.S. 9:2798.1 context has a narrow meaning: it means "decisions based on social, economic, or political concerns." *Saine v. City of Scott*, 819 So.2d 496 (La. App. 3 Cir.2002) (*citing Chaney v. Nat. R.R. Passenger Corp.*, 583 So.2d 926, 929 (La.App. 1 Cir.1991)).

Because the City's theory is based on a faulty premise and would lead to a "heads I win tails you lose" result, it should be rejected.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com