UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| versus | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

### DERRICK BURMASTER'S OBJECTIONS TO PLAINTIFFS' EXHIBITS

**MAY IT PLEASE THE COURT:**

In accordance with the Rec. Doc. 63-1, Derrick Burmaster submits the following objections to Plaintiffs' Exhibits set forth in Section 10(b) of the Pre-Trial Order herein:

**Exhibits P2 - P5 and P8.** These exhibits, consisting of various, photos of the dog which was killed by Burmaster, are submitted to be cumulative and submitted for the purpose of engendering sympathy on the part of the jury, thus unfairly prejudicing Defendant. In addition, except for one, there is no indication as to when they were taken. One photo of the dog, which is Exhibit B-1 and which is on page 1 of the Second Amended Complaint (Rec. Doc. 60) should be sufficient. As such these exhibits should be excluded in accordance with FRE 403.

**Exhibit P6.** This document is the adoption contract for the dog at issue herein. It contains inadmissible hearsay as it contains what is purported to be the birthdate of the dog at issue yet this dog was a "rescue dog" and so no one knows its birth date. The fact that plaintiffs adopted the dog is not in question. Accordingly, this document is not relevant and should be excluded pursuant to FRE 401.

**Exhibit P12.** This is a Department of Justice training on dog encounters. There is no evidence that this training was used by the NOPD or that Burmaster ever received this training. There is also no evidence regarding the basis for this training and, it is submitted, the mere fact that the Department of Justice published this training does not fit within any exclusion to the hearsay rule. Accordingly, it should be excluded as not being relevant pursuant to FRE 401 as well as being not within any exception to the hearsay rule, FRE 801. The only way it could possibly be received is as a statement in a learned treatise pursuant to FRE 803(18). However, the last sentence of that rule specifically states that: "If admitted, the statement may be read into evidence but not received as an exhibit."

**Exhibit P14.** This is Burmaster's "Short Form" which is a partial listing of complaints against Burmaster maintained by the NOPD. This list contains much more than complaints about use of force, which is what this case is about. Further many of the complaints were deemed deemed to be not sustained or otherwise unfounded. To submit this document to the jury would be prejudicial and therefore it must be excluded pursuant to FRE 401 and 403. The plaintiffs have listed Lt. John Helou of the Public Integrity Bureau as a witness. He can provide testimony to the extent that it is relevant. However admitting this exhibit would allow evidence that is not relevant and is prejudicial, particularly in the hands of an unsophisticated jury.

**Exhibits P19 and P26.** These exhibits are relating to a dog shooting by Burmaster that occurred over a decade ago. Other than the fact that a dog was involved and was killed they have no relevance to this event. Further, P19 is an email written by one Roderick Franklin some four days after the incident set forth in P26. Franklin is not listed as a witness and this email is not self-authenticating. Both are out of court written assertions, neither of which fall within an exception to

the hearsay rule, so to the extent plaintiffs plan to use these exhibits for the truth of the matter asserted, they are hearsay under FRE 801(c)(2) and should be excluded.

**Exhibit P27.** Plaintiffs wish to submit to the jury a Louisiana Fourth Circuit opinion in the case of *State v. Loicana*, 254 So. 3d 761 (4th Cir. August 22, 2018). This case involves a warrantless search conducted by Burmaster of a vehicle in conjunction with an arrest. The trial court granted a motion to suppress which the Fourth Circuit upheld, finding no probable cause to search the vehicle in violation of the Fourth Amendment. With respect, that case has no bearing here and is irrelevant to this case which involves the shooting of a dog. As such, it should be excluded pursuant to FRE 401 and 405. It is also an attempt to use of prior bad act evidence in violation of Federal Rule of Evidence 404(b) and should be excluded on that basis as well.

**Exhibits P20 and P29.** These are reports of an Administrative Shooting Investigation and the Use of Force Review Board Minutes and Recommedations. These documents contain inadmissible hearsay under Rule 801. To the extent that plaintiffs intend to introduce them to prove the truth of the matter asserted, they are hearsay under FRE 801(c)(2). And they contain double hearsay as they contain out of court statements describing statements of Burmaster and other officers. These exhibits should be excluded under FRE 802.

**P43 John Wick Facebook Post.** This exhibit has nothing whatsoever to do with the matters before this court and is solely listed in an attempt to inflame the jury, thus unfairly prejudicing Defendant. As such, this Exhibit is irrelevant and should be excluded in accordance with FRE 401. If there is any question as to its relevance, it should be excluded in accordance with FRE 403.

Respectfully submitted:

*/s/ C. Theodore Alpaugh, III*
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Facsimile: (504) 561-0326
Email: cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**