UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

**SHAUN FERGUSON'S AND CITY OF NEW ORLEANS' OBJECTIONS TO EXHIBITS**

Defendants, Shaun Ferguson and the City of New Orleans (the "City Defendants"), pursuant to Doc. 63-1, respond to Plaintiffs' objections to exhibits.

**Exhibit C2** – The City's C2 is the same as Burmaster's B7. It is hearsay and double hearsay that should be excluded from use by Defendants under FRE 802. Plaintiffs' objection to B7 was: This exhibit is Sgt. David Duplantier's "Instructor Findings / Recommendations." It reflects Duplantier's description of what he saw on the body-worn camera footage, what he heard people say in the footage, and what Duplantier and Burmaster discussed in a subsequent "tactical debrief" session. This document is an out-of-court written assertion. It therefore is a "statement" under FRE Rule 801. To the extent that Burmaster intends to use it for the truth of the contents, it is hearsay under FRE Rule 801(c)(2). Sgt. Duplantier is listed as a witness in this trial, so if he has things to say, he can testify to them. But Exhibit B7 cannot be used as a prior inconsistent statement, because it was not "given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition" per FRE 801(d)(1)(a). And it contains double hearsay, because it contains an out-of-court statement describing Duplantier's and Burmaster's out-of-court statements. This exhibit should

1

therefore be excluded from use by Defendants under FRE 802. Plaintiffs may use it as an "opposing party's statement" under FRE 801(d)(2).

**Response:** This is a business record admissible as a hearsay exception under 803(6). Further, the relevance of this document is not to show that the City Defendants have reasonable policies and procedures to evaluate and proactively work to prevent unnecessary animal shootings. Thus the document is not hearsay. Rule 801(c)(2). Further, the document shows that the City Defendant's Academy subject matter expert on use of force reviewed Officer Burmaster's actions and provided training to Officer Burmaster, that Officer Burmaster was receptive to the training, and that Officer Burmaster took the training seriously. *Id*. It is therefore admissible under FRE 401 and it is not excludable under FRE 802. In addition, Plaintiffs will not be prejudiced because the author of the document, David Duplantier, will testify at trial and will provide foundation for the document's admission.

**Exhibits C6** - This exhibit is a record from a disciplinary investigation into Burmaster's 2012 shooting of a dog. The document contains multiple levels of hearsay. For example, on page 2, it says: "Officer Ortiz was inside the residence and did not observe the shooting, but heard Officer Burmaster saying, 'Get Back' before hearing the gunshots." This exhibit should therefore be excluded from use by Defendants under FRE 802. Plaintiffs may use it as an "opposing party's statement" under FRE 801(d)(2).

**Response:** This is a business record admissible as a hearsay exception under 803(6). In addition, this document is relevant beyond any truth in the document to show the City Defendant's policy to treat use of force against animals seriously, to investigate such incidents, and to work to prevent unnecessary animal deaths by officer's use of force. Thus, it is not hearsay. FRE 802(c)(2). In addition, the document is relevant to show lack of notice by the City Defendants of any pattern

of unlawful use of force by Officer Burmaster, because the document shows that Officer Burmaster's use of force in that case was reasonable. The document is admissible under FRE 401.

**Exhibits C7, C8, C9, C10, C11, and C12** – These are investigatory reports of animal shootings by NOPD officers, but Burmaster is not one of the involved officers in any of these shootings. Because these documents have nothing to do with Burmaster, they have no tendency to make any fact of consequence to this case "more or less probable than it would be without the evidence." Accordingly, these exhibits should be excluded per FRE 401. They also contain many layers of hearsay. For example, page 9 of C7 is a report by Detective Catalanotto describing what an SPCA representative said to Detective Wischan. That constitutes at least three layers of hearsay. Likewise, C8 at pg. 4 describes what an unknown person "identified as Shannon" told NOPD Communication Division, which was then somehow relayed to the Public Integrity Bureau. That is at least two levels of hearsay. These exhibits should therefore be excluded from use by Defendants under FRE 802. C7 is also marked by the city as "Confidential," although that is likely an error.

**Response**: There investigatory reports are a business records admissible as a hearsay exception under 803(6). In addition, they are relevant to show the dissimilarity of prior animal shootings in order to show that no pattern existed with respect to dog shootings that could support a claim that the City Defendants had a policy that reflected "deliberate indifference" that led to the incident in this case. The reports are relevant and admissible under FRE 401.

Respectfully submitted:

*/s/ James M. Roquemore*_____
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Shaun Ferguson and the City of New Orleans*