## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **CIVIL ACTION** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **NO. 22-847** |
| versus | * | |
| | * | **SECTION "L"** |
| **DERRICK BURMASTER, SHAUN** | * | **JUDGE FALLON** |
| **FERGUSON, and the CITY OF NEW** | * | |
| **ORLEANS** | * | **MAGISTRATE DIVISION "4"** |
| | * | **MAGISTRATE JUDGE ROBY** |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

### DERRICK BURMASTER'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EXHIBITS

**MAY IT PLEASE THE COURT:**

In accordance with Rec. Doc. 63-1, Derrick Burmaster submits the following response to Plaintiff's Objections to Exhibits (Rec. Doc. 134):

**Exhibit B4** - This exhibit will be withdrawn.

**Exhibit B5** - This exhibit is a listing provided by the NOPD regarding Officer Burmaster's training. It is the record of a regularly conducted activity under FRE 803(6). It is also a public record admissible under FRE 803(8). The mere fact that it does not have the 2019 training about dogs referenced in Plaintiff's objections does not make it irrelevant. This is a use of force case as well as a dog case. The training lists, among others, two specific use of force trainings as well as a a number of inservice trainings and Daily Training Bulletin training. Further, Officer Burmaster testified that this was a possible domestic violence incident, and his training reflects two trainings regarding domestic violence. Burmaster was not just left to his own devices. The training provided by NOPD is relevant and should be admitted pursuant to FRE 401. Further, plaintiffs will not be prejudiced as both Officer Burmaster and Lt. Helou of the Public Integrity Bureau will be present

and can testify regarding this exhibit.

**Exhibit B6** - this is Officer Burmaster's Force Statement.  It is a report that he is required to write pursuant to NOPD policy whenever there is a use of force.  It is the record of a regularly conducted activity under FRE 803(6).  It is also a public record admissible under FRE 803(8) as it consists of "a matter observed while under a legal duty to report."  Officer Burmaster had a duty to fill out this report. It is therefore admissible.  Also inasmuch as it is admissible under the foregoing rules any hearsay within hearsay is not excluded pursuant to FRE 805.  Further the plaintiffs will not be prejudiced as Officer Burmaster will testify at trial and will provide the foundation for the document's admission.

**Exhibit B7** - this is the report of Sgt. David Duplantier who has been designated as a non-retained expert by both Burmaster and the City.  This document is the report of a regularly conducted activity under FRE 803(6) as well as a public record under FRE 803(8).  The document shows the review of the incident by and the training given to Officer Burmaster by the City's subject matter expert on use of force as a result of this incident.  It also shows that Officer Burmaster was receptive to the training and took it seriously.  Also inasmuch as it is admissible under the foregoing rules any hearsay within hearsay is not excluded pursuant to FRE 805.  It is admissible under FRE 401 and not excluded pursuant to FRE 802.  Further the plaintiffs will not be prejudiced as Sgt. Duplantier will testify at trial and will provide the foundation for the document's admission.

Respectfully submitted:

*/s/ C. Theodore Alpaugh, III*
**C. THEODORE ALPAUGH, III, T.A. (#02430)**
**CLAUDE A. SCHLESINGER (#15042)**
GUSTE, BARNETT, SCHLESINGER & ALPAUGH, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113-7103
Telephone:   (504) 529-4141
Facsimile:    (504) 561-0326
Email:         cta@gustebarnett.com

**Attorneys for Defendant,**
**DERRICK BURMASTER**