UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*******************************************************************************

**Opposition to Burmaster's Request to Stay the Trial**

This case was filed on March 31, 2022.[1] Defendant Burmaster elected not to file a motion to dismiss on the basis of qualified immunity. Instead, he filed an answer.[2]

Burmaster waited until March 19, 2023 – <u>fifteen days before trial</u> – to file his first motion invoking qualified immunity.[3]

On March 29, 2023, this Court denied Burmaster's motion.[4] That same day, Burmaster filed a notice of appeal.[5] In a meet and confer, Burmaster's counsel indicated that he wants the Court to continue the trial that is scheduled to begin in five days. This Court should deny that request to continue trial for four reasons.

1. The Fifth Circuit only has jurisdiction to hear interlocutory qualified immunity appeals insofar as the appeal turns on the *materiality* of disputed facts, and here Burmaster has conceded the materiality of the disputed facts.

2. Qualified immunity is no defense to most of Plaintiffs' claims, and so a trial will occur regardless of the outcome of the appeal.

3. Burmaster waited until the eve of trial to invoke qualified immunity by motion.

4. Plaintiffs will be prejudiced by a continuance; their witnesses have scheduled time off work, and Plaintiffs' expert has already booked his flight to New Orleans.

For these reasons, the trial should proceed as scheduled.

---

[1] R. Doc. 1.
[2] R. Doc. 16.
[3] R. Doc. 105.
[4] R. Doc. 162.
[5] R. Doc. 164.

1

## I. ANALYSIS

**A. The Fifth Circuit does not have jurisdiction over interlocutory qualified appeals that turn on the genuineness of disputes of material facts. In such a situation, a trial can continue despite a pending appeal.**

In *Johnson v. Jones,* 515 US 304, the Supreme Court explained that although denials of qualified immunity are typically subject to immediate interlocutory appeal, that is not true for orders that resolve a "*fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial."[6] The Court held that "defendants cannot immediately appeal this kind of fact-related district court determination."[7]

Just last week, the Fifth Circuit reaffirmed the rule in *Soto v. Bautista.* The court explained that in "considering a denial of summary judgment based on qualified immunity" the Fifth Circuit "typically may only review the 'material[ity],' but not the 'genuine[ness],' of those factual disputes identified by the district court."[8] Rather, in that posture the Fifth Circuit "must accept the district court's determination that certain factual disputes exist and, in determining whether they are material, resolve the disputes in the plaintiff's favor."[9]

When a defendant files a notice of appeal, that does not end matters. The Fifth Circuit has held that "a district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity denial after certifying that the appeal is frivolous or dilatory."[10] Courts should look

---

[6] *Id*. at 307 (emphasis in original).
[7] *Id. See also Whitlock v. Greenlee*, 583 Fed. Appx. 177, 178 (4th Cir. 2014) (a District Court's "determination that a genuine issue of material fact exists so as to preclude summary judgment on qualified immunity grounds is not immediately appealable."), *citing Johnson v. Jones*.
[8] *Soto v. Bautista*, 21-40803 at *3-4 (5th Cir., March 24, 2023) (per curiam, unpublished), *quoting Joseph ex. rel. Est. of Joseph v. Bartlett,* 981 F.3d 319, 331 (5th Cir. 2020).
[9] *Id*. at *4, *citing Walsh v. Hodge*, 975 F.3d 475, 481 (5th Cir. 2020).
[10] *BancPass, Incorporated v. Highway Toll Administration, L.L.C*., 863 F.3d 391, 400 (5th Cir. 2017) ("All circuits to reach the issue have uniformly followed the Seventh Circuit's lead, recognizing similar procedures whereby district courts may retain jurisdiction despite the filing of an interlocutory appeal, so long as they certify that the appeal is frivolous or dilatory.") *See also Yates v. City of Cleveland*, 941 F.2d 444, 448-449 (6th Cir. 1991) (recognizing district court's discretion to certify appeal on qualified immunity grounds as frivolous and begin trial); Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989).

particularly critically when "the presentation of a qualified immunity defense [is] on the eve of trial."[11]

Here, this Court denied Burmaster's motion "because there are genuine issues as to a number of material facts in this case."[12] Specifically, the Court identified the following as some of the genuinely disputed material facts:

- Burmaster argues that he made the kissing noises "outside of the Plaintiffs' fence."

- Plaintiffs contend that he made them at the neighbor's house, before he reached their home."[13]

- Plaintiffs argue that Apollo "never barked, growled, vocalized, jumped, lunged, or bared his teeth at Burmaster," and that his tail was wagging.

- Burmaster argues Apollo "was coming at me, aggressive, barking" and approaching "in a manner that made me think that he was going to bite . . . my leg . . . bite me somewhere else."[14]

But Burmaster cannot argue that these disputed issues are not material, because he listed them in his "Statement of Uncontested Material Facts."[15] Thus, Burmaster's appeal is frivolous. The Fifth Circuit can only review the materiality of disputed facts, and here Burmaster has conceded their materiality. *See McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016). (an appeal is "frivolous" if it is "obviously without merit," meaning that the appeal is "solely a fact-based challenge to the plaintiffs' evidence and the district court's findings.")

Even if he had not already conceded that the disputed facts are material, Burmaster would not be able to make any credible argument that Apollo's behavior is immaterial to the analysis. That is because the legal question involves the "totality of the circumstances," and the Fifth Circuit has held that the dog's behavior is a core part of that analysis.[16] The only option available

---

[11] *Yates, supra,* at 449.
[12] R. Doc. 162 at 11.
[13] R. Doc. 162 at 12.
[14] Id. at 12-13.
[15] R. Doc. 108-1 at ¶¶ 5, 10, 16, 17.
[16] *See Grant v. City of Hous.*, 625 Fed.App'x 670, 674 (5th Cir. 2015) ("The evidence in the record indicates that Simpson was genuinely surprised by Buster's presence and aggression, and

to Burmaster is to quibble with the *genuineness* of the dispute regarding the facts – and that is what the Fifth Circuit has no jurisdiction to review.[17] Burmaster's request to continue trial should be denied.

**B.      A continuance should be denied because qualified immunity is no defense to most of Plaintiffs' claims, and thus Burmaster's appeal does not protect him from trial.**

Qualified immunity "is a right to immunity from certain claims, not from litigation in general …."[18] It only protects individual officers from constitutional claims for money damages. It does not protect individual officers from state law claims,[19] nor municipalities from constitutional claims.[20]

The value of qualified immunity typically is that it protects an officer who made reasonable mistakes from the difficulties and costs of discovery and trial. But here, that value cannot possibly help Burmaster. He filed his motion after the close of discovery, so qualified immunity cannot protect him from discovery. Nor can it protect him from trial. That is because qualified immunity is not a defense to state law torts, and so Burmaster will be subject to a trial *whether or not* the Court of appeal affirms the denial of qualified immunity or not.

Because the appeal will not determine whether or not Burmaster must undergo a trial, there is no value – other than delay – to him to continuing the trial. His request to continue trial should be denied.

---

Grant has marshalled only a scintilla of evidence to dispute the expert and eyewitness testimony indicating that Simpson exhausted all non-lethal options prior to using lethal force against the dog.")

[17] *Soto, supra.*

[18] *Behrens v. Pelletier*, 516 U.S. 299, 312 (1995).

[19] *Riggins v. City of India*, 14- CV-110 (N.D. Miss., Sept. 22, 2015) ("a violation of state law is not cognizable under § 1983" and so "the federal law doctrine of qualified immunity does not apply to state law claims"), *citing Mawhirt v. Ahmed*, 8 Fed. App'x 125, 127 (2d Cir. 2001).

[20] *Gates v. Texas Dept. of Protective & Reg. Services*, 537 F. 3d 404, 436 (5th Cir. 2008) ("governmental entities are not entitled to qualified immunity"), *citing Owen v. City of Independence*, 445 U.S. 622, 657 (1980)

**C.   A continuance should be denied because Burmaster waited until the eve of trial to invoke qualified immunity by motion.**

"Defendants may waive or forfeit their right not to be tried. If they wait too long after the denial of summary judgment, or if they use claims of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate decision before trial."[21]

Here, Burmaster waited until <u>two weeks and one day before trial</u> to file his first motion invoking qualified immunity.[22] That is barely enough time for a typical motion to be briefed, much less a summary judgment motion briefed and decided.[23] And it was well into the trial preparation period, as Burmaster's motion for summary judgment was filed after witness and exhibit lists were due, etc.[24] Accordingly, Burmaster could not have a reasonable expectation that his eve-of-trial motion would protect him from trial. To allow him to continue the trial by filing a at-the-last-minute motion for summary judgment would reward manipulation of this Court's schedule.

In *McDonald v. Flake*, 814 F. 3d 804 6th Circuit 2016, a defendant was sanctioned when they filed a frivolous qualified immunity appeal "just days before trial." The district court indicated that it was "disturbed" and "troubled" by this timing, "suggesting that it suspected the defendants of improper gamesmanship."[25] Here, things are much worse. In *Flake,* the defendant filed his motion for summary judgment two and a half months before trial, and only appealed in the days before trial.[26] Here, Burmaster waited until two weeks before trial <u>to even file his motion</u>. *See also Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991) (discussing abuse of the right by defendants filing *Forsyth* appeals to secure a trial continuance); E*state of Ramirez v. City of Billings*, No. CV-17-52-BLG-DWM, 2019 U.S. Dist. LEXIS 22676 at *4 (D.

---

[21] *Apostol v. Gallion*, 870 F. 2d 1335, 1339 (7th Circuit 1989).
[22] R. Doc. 105.
[23] See Local Rule 7.5.
[24] R. Doc. 63-1.
[25] *Id*. at 816.
[26] *Id*. at 810.

5

Mont. Feb. 12, 2019 (Defendant's qualified immunity appeal "attempts to avoid the jury by asking the Ninth Circuit to become a fact-finder in contravention of both the limits on the Ninth Circuit's jurisdiction and Plaintiffs' right to a jury trial." … After substantial trial preparation, "the appeal serves only to disrupt and delay the trial schedule. This is precisely what the Ninth Circuit aimed to prevent in allowing district courts to certify interlocutory appeals as frivolous."); *Todd v. Lamarque*, No. C 03-3995 SBA, 2008 U.S. Dist. LEXIS 125183 at *8 (N.D. Cal. Jan. 24, 2008) (timing of appeal on eve of trial "highly suspect").

Because he waited until the very last moment, during the height of trial preparation, to file his motion, this Court should hold that he has waived any right to avoid trial.

**D.     A continuance should be denied because Plaintiffs will be prejudiced by a continuance.**

"A stay is not a matter of right, even if irreparable injury might otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."[27] In pursuing a stay, applicants "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[28]

Unnecessarily delaying trial pending appeal generally prejudices plaintiffs. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined."[29] Thus, "delaying plaintiff's day in court constitutes substantial injury."[30] *See also Reynolds v. Cnty of San Diego*, No. 11cv1256-JAH (AGS), 2017 U.S. Dist. LEXIS 132615 at *15-18 (S.D. Cal. 2017) (explaining that there was a "fair probability" that an open-ended stay of trial pending an interlocutory appeal would "work damage" to plaintiffs), *citing Yong v. I.N.S.*, 208 F.3d 1116,

---

[27] *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).
[28] *Landis v. N. Amer. Co*, 299 U.S. 248, 255 (1936).
[29] *Apostol v. Gallion*, 870 F. 2d 1335, 1338 (7th Cir. 1989).
[30] *37 & L Ltd. Investments, Inc.*, 2010 WL 3789401, at *2 (collecting cases).

1119 (9th Cir. 2000) (noting that a stay that terminated upon the resolution of an appeal could "remain in effect for a lengthy period of time, perhaps for years" if litigation dragged on.).

Here, that is certainly true. Plaintiffs are prepared for trial. They have arranged for and subpoenaed their witnesses. Unlike Defendants, for who testifying is part of their job, Plaintiffs and their witnesses must take time off of work. And Plaintiffs' expert, Dr. Jim Crosby, lives out of state and has already booked airfare and a hotel room to come to New Orleans for trial.

For that reason, having the trial will not work a hardship on Burmaster, who must undergo a trial regardless of the outcome of the appeal. But it would work a hardship on Plaintiffs, who will experience real costs associated with an eve-of-trial continuance like the one requested by Burmaster. A continuance should be denied.

## II. CONCLUSION

This Court should direct that the trial will proceed as scheduled.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com