## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

*****************************************************************************

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SET SCHEDULING CONFERENCE TO ASSIGN TRIAL DATE

Plaintiffs Derek Brown and Julia Barecki-Brown respectfully move the Court to set a scheduling conference to assign a prompt trial date.

On March 19, 2023, Defendant Derrick Burmaster moved for summary dismissal of all claims made against him on the basis of qualified immunity (R. Doc. 105). On March 29, 2023, the Court denied Burmaster's motion for summary judgment—finding that a genuine factual dispute existed—and thereby denied Burmaster's invocation of qualified immunity (R. Doc. 162). Burmaster then appealed the Court's denial of his motion for summary judgment on March 29, 2023 (R. Doc. 164), and on the eve of trial (set for April 5, 2023), requested a stay of the District Court proceedings pending a ruling from the Fifth Circuit.

Plaintiffs opposed Burmaster's request to stay the trial on the ground that Burmaster's appeal was frivolously filed under binding Fifth Circuit precedent holding that, in qualified immunity cases, the appellate court only has jurisdiction to address the legal question of whether the genuinely disputed factual issues are *material*, but cannot review this Court's determination

that a *genuine* factual dispute exists[1] (R. Doc. 166). On March 30, 2023, the Court stayed the April 5, 2023 trial pending a ruling by the Fifth Circuit on Burmaster's appeal (R. Doc. 167).

While his appeal was pending, on July 13, 2023, Burmaster filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings with this Court relating to a Chapter 13 bankruptcy proceeding that he instituted (R. Doc. 170). On the same day, Burmaster filed an identical Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings with the Fifth Circuit (attached hereto as **Ex. A**).

On October 4, 2023, the United States Bankruptcy Court for the Eastern District of Louisiana entered a Stipulated Order "that the automatic stay imposed by 11 U.S.C. § 362(a) is lifted to allow [Plaintiffs] to prosecute, and the United States District Court for the Eastern District of Louisiana to adjudicate and proceed with the case captioned *Brown, et al. v. Burmaster, et al*, Case No. 22- cv-00847 (E.D. La.) and all corresponding appeals with the United States Court of Appeals for the Fifth Circuit including case number 23-30180." (attached hereto as **Ex. B**). Burmaster then advised the Fifth Circuit that the automatic stay related to his bankruptcy proceeding had been lifted (**Ex. B**), but neglected to inform this Court of same.

Today, on January 17, 2025, the Fifth Circuit dismissed Burmaster's appeal because it did not have jurisdiction "to review the district court's determination of genuineness." The Fifth Circuit's January 17, 2025 opinion is attached hereto as **Ex. C**. The Fifth Circuit further held that, even if it did have jurisdiction to hear Burmaster's appeal, "the district court did not err in denying Burmaster qualified immunity.":

> [A] reasonable jury could conclude that Burmaster did not reasonably believe that [Apollo], a small puppy who was wagging his tail shortly before the shooting, posed a threat. A reasonable jury could further conclude that Burmaster did not reasonably believe he

---

[1] *Ducksworth v. Landrum*, 62 F.4th 209, 212 (5th Cir. 2023).

>was in imminent danger, based on [Apollo]'s size, Burmaster's ability to exit the yard, and the availability of non-lethal tools like the taser and police boots. And, particularly in light of Ramirez, a reasonable jury could ultimately find that Burmaster "seized" Apollo in violation of clearly established law. For that reason, even if Burmaster had not conceded materiality, the factual dispute is material and Burmaster would not be entitled to qualified immunity.

**Ex. C**, at 6-7.

Now that Burmaster's appeal has concluded, Plaintiffs respectfully ask the Court to reset this matter for trial on an expedited basis. Given that Burmaster's actions giving rise to this lawsuit occurred almost four years ago in early 2021, Plaintiffs' access to justice should not be delayed any further.

WHEREFORE, Plaintiffs Derek Brown and Julia Barecki-Brown pray that the Court set a scheduling conference to assign a new trial date at the Court's earliest convenience.

Respectfully submitted,

*/s/Tarak Anada*  
TARAK ANADA (La. Bar No. 31598)  
JONES WALKER LLP  
201 St. Charles Avenue  
Suite 4900  
New Orleans, LA 70170  
Telephone: (504) 582-8322  
Facsimile: (504) 589-8322  
Email: tanada@joneswalker.com

*/s/William Most*  
WILLIAM MOST (La. Bar No. 36914)  
HOPE PHELPS (La. Bar No. 37259)  
DAVID LANSER (La Bar No. 37764)  
MOST & ASSOCIATES  
201 Saint Charles Ave., Ste. 114 #101  
New Orleans, LA 70170  
Tel: (504) 509-5023  
Email: williammost@gmail.com

*Counsel for Plaintiffs Derek Brown and Julia Barecki-Brown*

#103455371v1