# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CITY OF NEW ORLEANS' ANSWER TO SECOND AMENDED SECOND AMENDED COMPLAINT (R. DOC. 60)

NOW INTO COURT, through undersigned counsel, comes Defendant the City of New Orleans ("the City") who hereby answers Derek Brown's and Julia Barecki-Brown's Second Amended Complaint (R. Doc. 60).[1]

### 1.

The allegations in paragraph 1 of the Second Amended Complaint are admitted insofar as Officer Derrick Burmaster and Officer Casey Roussel were dispatched to a call for service concerning a disturbance at 1420 Felicity Street, New Orleans, LA on April 10, 2021.

### 2.

The allegations in paragraph 2 of the Second Amended Complaint are denied.

### 3.

The allegations in paragraph 3 of the Second Amended Complaint are denied.

---

[1] Out of an abundance of caution, Defendant herein intends for this answer to also serve as a responsive pleading pursuant to Fed. R. Civ. Proc. 12 to Plaintiff's First Amended Complaint (R. Doc. 36). All claims against Defendant Shaun Ferguson have been dismissed. See R. Doc. 163.

4.

The allegations in paragraph 4 of the Second Amended Complaint are admitted insofar as Officer Burmaster shot Plaintiffs' dog in self-defense.  The number of shots fired is denied for lack of sufficient information to form a belief as to the truth therein.

5.

The allegations in paragraph 5 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

6.

The allegations in paragraph 6 of the Second Amended Complaint are admitted to the extent that two of the dogs' ribs were broken and his lung was damaged.  The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

7.

The allegations in paragraph 7 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein concerning the injuries to the dog. The allegations concerning the injury to Officer Roussel's hand are denied.

8.

The allegations in paragraph 8 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

9.

The allegations in paragraph 9 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

10.

The allegations in paragraph 10 of the Second Amended Complaint are denied.

11.

The allegations in paragraph 11 of the Second Amended Complaint are denied.

12.

The allegations in paragraph 12 of the Second Amended Complaint are denied.

13.

The allegations in paragraph 13 of the Second Amended Complaint are denied.

14.

The allegations in paragraph 14 of the Second Amended Complaint are legal conclusions as opposed to factual and do not require a response.

15.

The allegations in paragraph 15 of the Second Amended Complaint are legal conclusions as opposed to factual.

16.

The allegations in paragraph 16 of the Second Amended Complaint are legal conclusions as opposed to factual.

17.

The allegations in paragraph 16 of the Second Amended Complaint are legal conclusions as opposed to factual.

18.

The allegations in paragraph 18 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

19.

The allegations in paragraph 19 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

20.

The allegations in paragraph 20 of the Second Amended Complaint are admitted.

21.

The allegations in paragraph 21 of the Second Amended Complaint are admitted to the extent that Shaun Ferguson was the Superintendent of the New Orleans Police Department at the time of the events that are the subject of Plaintiffs' Second Amended Second Amended Complaint and, as such, was responsible for the supervision, administration, policies, practices, procedures, and customs of the NOPD. The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

22.

The allegations in paragraph 22 of the Second Amended Complaint are admitted to the extent that the City of New Orleans operates a police department, and the City of New Orleans is a political subdivision of the State of Louisiana. The remainder of the allegations are denied for lack of sufficient information to form a belief as to the truth therein.

23.

The allegations in paragraph 23 of the Second Amended Complaint are legal conclusions as opposed to factual.

24.

The allegations in paragraph 24 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

25.

The allegations in paragraph 25 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

26.

The allegations in paragraph 26 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

27.

The allegations in paragraph 27 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

28.

The allegations in paragraph 28 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

29.

The allegations in paragraph 29 of the Second Amended Complaint are admitted insofar as Officer Burmaster and Officer Roussel were dispatched to a call for service concerning a disturbance at 1420 Felicity Street, New Orleans, LA on April 10, 2021. The remaining allegations are denied for lack of sufficient information to form a belief as to the truth therein.

30.

The allegations in paragraph 30 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

31.

The allegations in paragraph 31 of the Second Amended Complaint are denied.

32.

The allegations in paragraph 32 of the Second Amended Complaint are denied insofar as they infer the dogs charged the officers immediately upon the officers' entry into the yard. A period of time elapsed between the officers' entry and when the Browns opened their door thereby giving the dogs an opportunity to charge the officers.

33.

The allegations in paragraph 33 of the Second Amended Complaint are denied.

34.

The allegations in paragraph 34 of the Second Amended Complaint are admitted to the extent that Officer Burmaster did not leave the yard. The allegations are denied to the extent that they infer Officer Burmaster had a duty to retreat or that retreat was possible under the circumstances.

35.

The allegations in paragraph 35 of the Second Amended Complaint are admitted to the extent that Officer Burmaster did not deploy his Conducted Electrical Weapon. The allegations are denied to the extent they infer Officer Burmaster had a duty to deploy his Conducted Electrical Weapon or that it was practicable to do so under the circumstances.

36.

The allegations in paragraph 36 of the Second Amended Complaint are admitted to the extent that Officer Burmaster did not use a baton. The allegations are denied to the extent they infer Officer Burmaster had a duty to use a baton or that it was practicable to do so under the circumstances.

37.

The allegations in paragraph 37 of the Second Amended Complaint are admitted to the extent that Officer Burmaster deployed his service-issued firearm.  The number of shots is denied for lack of sufficient information to form a belief as to the truth therein.

38.

The allegations in paragraph 38 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

39.

The allegations in paragraph 39 of the Second Amended Complaint are admitted.

40.

The allegations in paragraph 40 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

41.

The allegations in paragraph 41 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

42.

The allegations in paragraph 42 of the Second Amended Complaint are admitted.

43.

The allegations in paragraph 43 of the Second Amended Complaint are admitted.

44.

The allegations in paragraph 44 of the Second Amended Complaint are admitted.

45.

The allegations in paragraph 45 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

46.

The allegations in paragraph 46 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

47.

The allegations in paragraph 47 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

48.

The allegations in paragraph 48 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

49.

The allegations in paragraph 49 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

50.

The allegations in paragraph 50 of the Second Amended Complaint are admitted as to height and denied as to weight. The allegations are denied to the extent they infer a dog of this size is incapable of inflicting great bodily harm.

51.

The allegations in paragraph 51 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

52.

The allegations in paragraph 52 of the Second Amended Complaint are denied.

53.

The allegations in paragraph 53 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

54.

The allegations in paragraph 54 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

55.

The allegations in paragraph 55 of the Second Amended Complaint are denied.

56.

The allegations in paragraph 56 of the Second Amended Complaint are denied.

57.

NOPD Policy Manual Chapter 1.7.1 speaks for itself.  The statement is denied to the extent it infers Officer Burmaster had a duty to deploy his Conducted Electrical Weapon or that it was practicable to do so under the circumstances.

58.

The allegations in paragraph 58 of the Second Amended Complaint are admitted.  The allegations are denied to the extent they infer Officer Burmaster had a duty to deploy his Conducted Electrical Weapon or that it was practicable to do so under the circumstances.

59.

The allegations in paragraph 59 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

60.

The allegations in paragraph 60 of the Second Amended Complaint are admitted.  The allegations are denied to the extent that they infer Officer Burmaster was careless or negligent in responding to the sudden emergent situation.

61.

The allegations in paragraph 61 of the Second Amended Complaint are admitted.

62.

The allegations in paragraph 61 of the Second Amended Complaint are denied. Defendant notes that the Superintendent of NOPD, after reviewing the PIB's investigation, determined that Officer Burmaster's shooting of Plaintiff's dog did not violate NOPD policies.

63.

The allegations in paragraph 63 of the Second Amended Complaint are denied.

64.

The allegations in paragraph 64 of the Second Amended Complaint are admitted as to Officer Burmaster should have had a baton but denied as to the remainder.

65.

The allegations in paragraph 65 of the Second Amended Complaint are denied as written. The authority of the NOPD Use of Force Review Board is established pursuant to NOPD Operations Manual 1.3.7 as a quality control mechanism to ensure timely reviews of all serious use of force investigations to determine the appropriateness of the investigative findings, and to quickly appraise use of force incidents from a tactical, training, policy, and agency improvement perspective. The Board does not establish NOPD policy or determine whether Constitutional violations occurred. On August 19, 2021, the Board issued a report and training recommendations

regarding Officer Burmaster's use of force that is the subject of this case, which speaks for itself. However, the Board had no authority to determine whether Officer Burmaster's actions violated NOPD policy or violated the Constitution. To the extent that this paragraph alleges that Officer Burmaster's use of force upon Plaintiffs' dog violated NOPD policy or was unjustified in a Constitutional sense, such allegations are denied. It should be further noted that on June 15, 2023, an NOPD Superintendent's Committee Disciplinary Hearing was convened to consider whether Officer Burmaster's conduct in shooting Plaintiffs' dog violated NOPD policy prohibiting unlawful force. The Committee considered all of the information available to the previous Use of Force Board. The Committed concluded that Officer Burmaster's use of force was justified; and recommended that Officer Burmaster be exonerated of the disciplinary charges brought against him based on his use of force on Plaintiffs' dog. On October 27, 2023, the NOPD Superintendent, after review, agreed with the Committee and exonerated Officer Burmaster.

66.

The allegations in paragraph 66 of the Second Amended Complaint are denied.

67.

The allegations in paragraph 67 of the Second Amended Complaint are admitted.

68.

The allegations in paragraph 68 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

69.

The allegations in paragraph 69 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

70.

The allegations in paragraph 70 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

71.

The allegations in paragraph 71 of the Second Amended Complaint are denied.

72.

The allegations in paragraph 72 of the Second Amended Complaint are admitted in that NOPD's Use of Force Review Board reviewed at least 30 reports of Officer Burmaster's use of force from 2011 to the present. The remaining allegations are denied, including any allegation that any prior use of force was by Officer Burmaster was similar to the use of force against Plaintiff's dog.

73.

The allegations in paragraph 73 of the Second Amended Complaint are admitted in that Officer Burmaster's Short form reflects that the NOPD PIB conducted investigations into four incidents in which Officer Burmaster used force, as identified in the paragraph. The City further responds that none of these incidents involved use of a gun or force against an animal. Further, in each of the incidents that were investigated, it was determined that Officer Burmaster's use of force did not violate NOPD policy.

74.

The allegations in paragraph 74 of the Second Amended Complaint are admitted in that NOPD has sustained some rule violations involving allegations regarding verbal intimidation, moral conduct, professionalism, performance of duty, neglect of duty, failure to comply with instructions, but denies the remainder of this paragraph. The City further responds that none of these sustained disciplinary infractions involved use of force against an animal.

75.

The allegations in paragraph 75 are denied. Officer Burmaster's Short Form accurately reflects his NOPD disciplinary history and shows that from 2008 to the date of the shooting of Plaintiff's dog in 2021, NOPD opened 22 investigations regarding potential rule violations, none of which included shooting an animal. Only 15 of these investigations resulted in any discipline, with the majority of investigated rule violations resulting in a finding of no violation.

76.

The allegations in paragraph 76 require no response.

77.

The allegations in paragraph 76 are denied.

78.

The allegations in paragraph 78 of the Second Amended Second Amended Complaint constitute a legal conclusion that requires no response.

79.

The allegations in paragraph 79 of the Second Amended Second Amended Complaint constitute a legal conclusion that requires no response.

80.

The allegations in paragraph 80 of the Second Amended Complaint constitute a legal conclusion that requires no response.

81.

The allegations in paragraph 81 of the Second Amended Complaint are denied.

82.

The allegations in paragraph 82 of the Second Amended Complaint are admitted.

83.

The allegations in paragraph 83 of the Second Amended Complaint are denied.

84.

The allegations in paragraph 84 of the Second Amended Complaint are denied.

85.

The allegations in paragraph 85 of the Second Amended Complaint are denied.

86.

The allegations in paragraph 86 of the Second Amended Complaint are denied.

87.

The allegations in paragraph 87 of the Second Amended Complaint are denied.

88.

The allegations in paragraph 88 of the Second Amended Complaint do not require a response.

89.

The allegations in paragraph 89 of the Second Amended Complaint constitute legal conclusions for which no response is necessary.

90.

The allegations in paragraph 90 of the Second Amended Complaint are denied.

91.

The allegations in paragraph 91 of the Second Amended Complaint are a legal statement as opposed to factual and do not require a response.

92.

The allegations in paragraph 92 of the Second Amended Complaint are denied.

93.

The allegations in paragraph 93 of the Second Amended Complaint are denied.

94.

The allegations in paragraph 94 of the Second Amended Complaint do not require a response.

95.

The allegations in paragraph 95 of the Second Amended Complaint constitute legal conclusions which do not require a response.

96.

The allegations in paragraph 96 of the Second Amended Complaint are denied.

97.

The allegations in paragraph 97 of the Second Amended Complaint are denied.

98.

The allegations in paragraph 98 of the Second Amended Complaint are conclusory as opposed to factual. The ruling of the Fourth Circuit speaks for itself.

99.

The allegations in paragraph 99 of the Second Amended Complaint are denied.

100.

The allegations in paragraph 100 of the Second Amended Complaint are denied.

101.

The allegations in paragraph 101 of the Second Amended Complaint are denied.

102.

The allegations in paragraph 102 of the Second Amended Complaint do not require a response.

103.

The allegations in paragraph 103 of the Second Amended Complaint are legal conclusions and do not require a response.

104.

The allegations in paragraph 104 of the Second Amended Complaint are legal conclusions and do not require a response.

105.

The allegations in paragraph 105 of the Second Amended Complaint are admitted insofar as Officer Burmaster was acting within the scope of his employment with the New Orleans Police Department when he shot Plaintiffs' dog. Any remaining allegations in this paragraph are denied for lack of sufficient information to form a belief as to the truth therein.

106.

The allegations in paragraph 106 of the Second Amended Complaint are denied.

107.

The allegations in paragraph 107 of the Second Amended Complaint do not require a response.

108.

The allegations in paragraph 108 of the Second Amended Complaint constitute a legal conclusion for which a response is not necessary but out of an abundance of caution is denied.

109.

The allegations in paragraph 109 of the Second Amended Complaint are admitted to the extent that it alleges that the NOPD is a department of the City and operates as a law enforcement agency; and that, as such, employed and controlled Officer Burmaster, and was responsible for the hiring, training, and discipline of Officer Burmaster. The remaining allegations are denied for lack of sufficient information to form a belief as to the truth therein.

110.

The allegations in paragraph 110 of the Second Amended Complaint are denied to the extent that it alleges that Officer Burmaster or any defendant committed misconduct. The allegations are admitted to the extent that it alleges that Officer Burmaster acted within the scope of his employment when he shot Plaintiff's dog. The remaining allegations are denied for lack of sufficient information to form a belief as to the truth therein.

111.

The allegations in paragraph 111 of the Second Amended Complaint are denied.

112.

The allegations in paragraph 112 are legal conclusions and do not require a response.

113.

The allegations in paragraph 113 of the Second Amended Complaint are legal conclusions and do not require a response.

114.

The allegations in paragraph 114 of the Second Amended Complaint are denied.

115.

The allegations in paragraph 115 of the Second Amended Complaint are denied.

116.

The allegations in paragraph 116 of the Second Amended Complaint are denied.

117.

The allegations in paragraph 117 of the Second Amended Complaint are denied except for the portion that Officer Burmaster received training that contained a slide presentation that contained a slide with a title "The Problem of Dog-Related Incidents and Encounters."

118.

The allegations in paragraph 118 of the Second Amended Complaint are denied.

119.

The allegations in paragraph 119 of the Second Amended Complaint are denied.

120.

The allegations in paragraph 120 of the Second Amended Complaint are denied.

121.

The allegations in paragraph 121 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

122.

The allegations in paragraph 122 of the Second Amended Complaint are denied.

123.

The allegations in paragraph 123 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

124.

The allegations in paragraph 124 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

125.

The allegations in paragraph 125 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

126.

The allegations in paragraph 126 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

127.

The allegations in paragraph 127 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

128.

The allegations in paragraph 128 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the tr9th therein.

129.

The allegations in paragraph 129 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

130.

The allegations in paragraph 130 of the Second Amended Complaint are denied.

131.

The allegations in paragraph 131 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

132.

The allegations in paragraph 132 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

133.

The allegations in paragraph 133 of the Second Amended Complaint are denied.

134.

The allegations in paragraph 134 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truth therein.

135.

The allegations in paragraph 135 of the Second Amended Complaint are denied.

136.

The allegations in paragraph 136 of the Second Amended Complaint are denied.

137.

The allegations in paragraph 137 of the Second Amended Complaint are denied.

138.

The allegations in paragraph 138 of the Second Amended Complaint do not require a response.

139.

The allegations in paragraph 139 of the Second Amended Complaint are denied.

140.

Defendant denies any and all factual allegations contained in paragraph 140 and pray that the Court deny Plaintiffs request for relief in its entirety.

141.

Defendant prays that the Court deny Plaintiffs' request for relief contained in paragraph 141.

142.

The allegations in paragraph 142 do not require a response at this time.

## AFFIRMATIVE DEFENSES

Further answering Plaintiffs' Second Amended Complaint, Ferguson and the City assert the following defenses:

## FIRST DEFENSE

The Second Amended Complaint fails to state a right, claim or cause of action upon which relief can be granted by Ferguson and/or the City.

## SECOND DEFENSE

Ferguson and the City specifically plead that they cannot be held liable for any discretionary acts under applicable state laws as set forth in La. R.S. 9:2798.1, La. R.S. 9:2800.10, and any and all other statutory or jurisprudential immunities affordable under the law.

## THIRD DEFENSE

Ferguson and the City expressly plead the affirmative defense that the Plaintiffs failed to mitigate their damages.

## FOURTH DEFENSE

In the alternative, and in the event that this Honorable Court should find that Ferguson and the City were guilty of negligence whatsoever which proximately caused or contributed to the alleged injuries which Ferguson and the City deny, then Ferguson and the City specifically plead contributory negligence/comparative fault on the part of the Plaintiffs, which would operate as a complete bar to, or diminution, of Plaintiffs' recovery.

## FIFTH DEFENSE

Ferguson and the City affirmatively aver that Plaintiffs' alleged injuries were caused by persons or parties over whom Ferguson and the City exercise no authority, jurisdiction, control, or supervision of whom they are not legally responsible.

## SIXTH DEFENSE

Ferguson and the City aver that they are entitled to a credit and/or set off from any sums paid to or on behalf of the Plaintiffs by any person or entity, specifically pleading extinguishment of some or all of any obligation which may be found due Plaintiffs to the full extent of any such payments.

## SEVENTH DEFENSE

Ferguson and the City affirmatively assert the statutory cap on general damages provided by LSA – R.S. 13:5106.

## EIGTH DEFENSE

Ferguson is wrongly joined in this lawsuit.

## RESERVATION OF RIGHTS

To the extent permitted by law, Ferguson and the City herein reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

**WHEREFORE**, Ferguson and the City pray that this Answer be deemed good and sufficient and that after due proceedings had, there be a judgment in their favor and against Plaintiffs, dismissing the Second Amended Complaint, with prejudice and at Plaintiffs' cost. Ferguson and the City further pray for their fees, costs, and/or all other general or equitable relief to which they may be entitled.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
DEPUTY CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for the City of New Orleans*