# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 17, 2025
Lyle W. Cayce
Clerk

No. 23-30180

Derek Brown; Julia Barecki-Brown,

*Plaintiffs—Appellees*,

versus

Derrick Burmaster,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-847

_____

Before Richman, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

    Appellant Derrick Burmaster appeals the district court's denial of his motion for summary judgment on qualified immunity grounds. Because the facts surrounding whether Apollo's behavior was aggressive are undisputedly material, Appellant asks us to review the district court's determination of genuineness. We cannot do so. Accordingly, the appeal must be DISMISSED for lack of jurisdiction.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30180

# BACKGROUND[1]

Around 9p.m. on April 10, 2021, Plaintiffs Derek Brown and Julia Brown got into an argument at their home in New Orleans. A neighbor called the police and Officer Burmaster responded to the complaint. Officer Burmaster waited for Officer Roussel to arrive and they then both walked over to the Plaintiffs' house. As Burmaster and Roussel approached the home, Burmaster made "kissy noises" to attract any dogs.[2] Burmaster believed there were no dogs because he saw nothing in the yard to indicate dogs were present and received no response to his "kissy noises." Plaintiffs state that the "kissy noises" were made in front of their neighbor's house, not theirs. Burmaster and Roussel then entered the front courtyard of the Plaintiffs' home through one of the two gates. A dog began to bark and before Burmaster saw any dogs, he drew his firearm. Roussel was standing right next to Burmaster and tapped Burmaster on the shoulder to indicate that they should leave the yard. Roussel walked out of the gate they came in through and held the gate open for Burmaster because he was "close enough to also come out." Burmaster chose not to exit the gate. Two dogs, Bucho (larger dog) and Apollo (smaller dog) came down the stairs to the courtyard. Bucho ran in the direction away from Burmaster, and Apollo ran towards Burmaster, wagging his tail. At the time, Burmaster was armed with a firearm and a taser, and wearing police boots. Burmaster fired three shots at Apollo, killing him.

---

[1] As further discussed below, we view the facts in the light most favorable to the Plaintiffs. *See Lytle v. Bexar Cnty.*, 560 F.3d 404, 409 (5th Cir. 2009).

[2] https://www.ca5.uscourts.gov/opinions/unpub/23/23-30180_Exhibit_B_Burmaster_Bwc.mp4;

https://www.ca5.uscourts.gov/opinions/unpub/23/23-30180_Exhibit_C_Roussell_Bwc.mp4

2

No. 23-30180

Apollo was 16 weeks old and weighed approximately 22 pounds. Apollo did not bark, growl, jump, bare his teeth, or lunge.

On March 31, 2022, Plaintiffs filed their Complaint against Burmaster and the City of New Orleans under 42 U.S.C. § 1983, asserting a violation of their rights under the Fourth, Fifth, and Fourteenth Amendments. Plaintiffs subsequently filed a First and Second Amended Complaint. Burmaster filed a Motion for Summary Judgment on March 19, 2023, which the district court denied, finding that there were genuine disputes of material fact. Burmaster appealed.

## STANDARD OF REVIEW

"A grant of summary judgment is reviewed *de novo*, applying the same standard on appeal that is applied by the district court." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (internal quotation marks and citation omitted). "Typically, the movant bears the initial burden of demonstrating the absence of a material fact issue." *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). But "[a] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Id.* (quoting *Cass*, 814 F.3d at 728 (internal quotation marks omitted)). To do so, a plaintiff must "identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). "When analyzing qualified immunity, 'we may not resolve genuine disputes of fact in favor of the party seeking summary judgment.'" *Grant v. City of Houston*, 625 F. App'x 670, 674 (5th Cir. 2015) (per curiam) (citation omitted). "[A]ll inferences are still viewed in the light most favorable to the plaintiff." *Defrates v. Podany*, 789 F. App'x 427, 430 (5th Cir. 2019). "[W]hen

3

there is video evidence available in the record, the court is not bound to adopt the nonmoving party's version of the facts if it is contradicted by the record, but rather should 'view[ ] the facts in the light depicted by the videotape.'" *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

## DISCUSSION

Plaintiffs argue that we lack jurisdiction to hear this appeal because Burmaster does not contest the materiality of the fact issues, only whether they are genuine. It is well established in this circuit that "[w]here the district court determines that genuine issues of material fact preclude a determination of qualified immunity, we have jurisdiction only to address the legal question of whether the genuinely disputed factual issues are material for the purposes of summary judgment." *Ducksworth v. Landrum*, 62 F.4th 209, 212 (5th Cir. 2023) (quoting *Lytle*, 560 F.3d at 408). This court has "no jurisdiction to consider the correctness of the plaintiff's version of the facts and cannot review the district court's factual determination that a genuine factual dispute exists." *Ducksworth*, 62 F.4th at 212*; see also Jones v. Lopez*, 689 F. App'x 337, 338-39 (5th Cir. 2017) (per curiam) ("The denial of qualified immunity, though, may be reviewed on an interlocutory appeal only to the extent that the district court's order turns on an issue of law. That means we have jurisdiction concerning the materiality of any factual disputes, but not their genuineness." (internal quotation marks and citations omitted)); *Hogan v. Cunningham*, 722 F.3d 725, 730 (5th Cir. 2013) ("Our jurisdiction extends to these appeals only to the extent that [the denial of summary judgment] turns on an issue of law." (internal quotations and citations omitted)).

> The district court makes two distinct determinations when it denies an official's motion for summary judgment predicated upon qualified immunity: First, the district court decides that

a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law. Second, the court decides that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct.

*Hogan*, 722 F.3d at 731 (internal quotations and citations omitted). "[W]e lack jurisdiction to review conclusions of the *second* type on interlocutory appeal." *Id.* at 730-31 (internal quotation marks and citation omitted). "In other words, 'we can review the materiality of any factual disputes, but not their genuineness.'" *Id.* at 731 (citation omitted). The district court concluded that a genuine dispute of material fact precluded summary judgment—the second type.

Here, Burmaster argues that Apollo was aggressive, barking, and going to bite him. He argued that he had nowhere to exit the yard and had no choice but to shoot the dog. On appeal, Burmaster does not contest the materiality of these facts—that is, whether Apollo actually posed a threat of serious harm and was aggressive—but only the district court's determination that the factual dispute was genuine. *See* **Appellant Brief at 20** (conceding materialness of the factual dispute—"[t]he *dispositive* inquiry is whether it would have been clear to a reasonable officer in the situation faced by Burmaster that it was unlawful to shoot and kill a dog that was behaving aggressively towards him." (emphasis added)).

Our court lacks jurisdiction to consider the genuineness of the district court's factual determinations, and accordingly the appeal must be dismissed for lack of jurisdiction. *See Ducksworth*, 62 F.4th at 212.

Furthermore, even if Burmaster had not conceded materiality, which he has, the outcome of this case depends on the construction of the facts. Burmaster frames his argument as taking the facts at summary judgment in

5

his favor—which undisputedly, we cannot do. Taking the facts in the light most favorable to Plaintiffs, as we must:

> Apollo was approximately the size of a large cat, not even reaching the shins of Burmaster. The video evidence shows that Apollo's tail was wagging, and he does not jump, or lunge. It also shows that Officer Roussel tapped Burmaster on the shoulder indicating they should leave through the gate and Burmaster chose not to leave. The video evidence also shows that Burmaster had his gun drawn *before* he saw Apollo at all. Burmaster concedes he had a taser, and police boots, which he could have used on the dog. Burmaster also stated that he was afraid that Apollo would bite his penis, although Apollo could not even reach his thighs.

Under this framing of the facts, the district court did not err in denying Burmaster qualified immunity. After briefing and oral argument had concluded, Plaintiffs notified the Court through a properly filed Rule 28(j) Letter of a recent decision, *Ramirez v. Killian*, 113 F.4th 415 (5th Cir. 2024). In *Ramirez*, the officer shot the plaintiffs' pit bull in their kitchen after the dog displayed no signs of aggression and had walked up to the officer mere seconds before the shooting, wagging his tail. *Id.* at 419-20. This Court reversed the district court's grant of qualified immunity on the plaintiffs' unreasonable seizure claim. *Id.* at 426. In doing so, the Court concluded that by June 2016 it was clearly established that "an officer may not, consistent with the Fourth Amendment, kill a pet dog unless he reasonably believes that the dog poses a threat and that he is in imminent danger of being attacked." *Id.* at 427.

Viewing the facts in the light most favorable to Plaintiffs, a reasonable jury could conclude that Burmaster did not reasonably believe that Bruno, a small puppy who was wagging his tail shortly before the shooting, posed a threat. A reasonable jury could further conclude that Burmaster did not

No. 23-30180

reasonably believe he was in imminent danger, based on Bruno's size, Burmaster's ability to exit the yard, and the availability of non-lethal tools like the taser and police boots. And, particularly in light of *Ramirez*, a reasonable jury could ultimately find that Burmaster "seized" Bruno in violation of clearly established law. For that reason, even if Burmaster had not conceded materiality, the factual dispute is material and Burmaster would not be entitled to qualified immunity.[3]

## CONCLUSION

The district court ruled that the material facts at issue were genuinely disputed, and we have no jurisdiction to review that determination. Accordingly, the appeal is DISMISSED.

---

[3] Burmaster also argued that the district court erred in not dismissing the Plaintiffs' claims for punitive damages. But "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). So the district court did not err in not dismissing the Plaintiffs' claims for punitive damages.