UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

**Notice of No Opposition to Defendants' Motion to Substitute**

In R. Doc. 179, Defendants moved to substitute Officer Burmaster's independent counsel with the City Attorney's Office. Plaintiffs do not oppose, as explained below.

Defendants' proposal raises concerns because there is a structural potential conflict of interest between the City and Officer Burmaster. That is true because a "section 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), creates a potential conflict of interest between [an employer], and the employee defendants in their individual capacities."[1] That is a problem for Plaintiffs because an unaddressed conflict threatens the integrity of the proceedings, and puts a successful Plaintiffs' verdict at risk on appeal.[2]

The general structural concern is particularly acute here, where the City's Use of Force Review Board unanimously determined Burmaster's shooting to be "not justified." And Defendants' filing makes the matter worse: counsel writes that "the City Attorney's Office will not assert any legal argument in this case on behalf of Defendant Burmaster that conflicts with a legal position taken by the City of New Orleans."[3] That is to say: the City is conforming Burmaster's arguments to the City's position, even though that may be bad for Burmaster.

---

[1] *Nagle v. Gusman*, No. CIV.A. 12-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015)
[2] *See, e.g., Dunton v County of Suffolk*, 729 F.2d 903 (2nd Cir. 1984), *amended in part on other grounds*, 748 F.2d 69 (2nd Cir. 1984) (reversing plaintiffs' verdict against police officer in a civil rights case where the same attorneys represented the officer and municipality); *Shadid v. Jackson*, 521 F. Supp. 87 (E.D. Tex 1981) (finding joint representation of police officer and city by same attorney was conflict of interest, and that in the circumstances, the "potential for abuse is far too serious to permit joint representation to continue, even in the face of an apparent waiver signed by both of these defendants").
[3] R. Doc. 179-1.

1

In recent years, however, sections of this Court have addressed this situation with a process in which defendants are required to provide affidavits regarding indemnification and conflict waiver if they wished to all retain the same counsel.[4]

For that reason, Plaintiffs do not oppose this motion but will file a motion to determine conflict-free counsel according to the protocol used in *Lou v. Lopinto, Rogers v. Smith, et al.*

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com

---

[4] *See, e.g., Lou v. Lopinto,* Case No. 21-80, R. Doc. 58 (E.D. La. Apr. 13, 2022), *Rogers v. Smith*, 20-cv-00517-JTM-JVM, R. Doc. 289 (E.D. La. Jan. 9, 2024).