```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


****************************************************************

JERRY ROGERS JR.

                                    CIVIL ACTION NO. 20-517 "H"
        VERSUS                      NEW ORLEANS, LOUISIANA
                                    THURSDAY, NOVEMBER 30, 2023, 9:30 A.M.

RANDY SMITH, ET AL

****************************************************************


              TRANSCRIPT OF MOTION HEARING PROCEEDINGS
           HEARD BEFORE THE HONORABLE JANE TRICHE MILAZZO
                      UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:          MOST & ASSOCIATES
                            BY:  WILLIAM B. MOST, ESQUIRE
                            201 ST. CHARLES AVENUE
                            SUITE 2500, #9685
                            NEW ORLEANS, LA   70170


FOR THE DEFENDANTS:         MILLING BENSON WOODWARD
                            BY:  CHADWICK W. COLLINGS, ESQUIRE
                            68031 CAPITAL TRACE ROW
                            MANDEVILLE, LA   70471


OFFICIAL COURT REPORTER:    CATHY PEPPER, CRR, RMR, CCR
                            CERTIFIED REALTIME REPORTER
                            REGISTERED MERIT REPORTER
                            500 POYDRAS STREET, ROOM B-275
                            NEW ORLEANS, LA   70130
                            (504) 589-7779
                            Cathy_Pepper@laed.uscourts.gov


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

                          OFFICIAL TRANSCRIPT
```

```
 1                           I N D E X

 2

 3    SPEAKERS                                             PAGE

 4

 5    THE COURT..........................................    3

 6    MR. COLLINGS.......................................    4

 7    MR. MOST...........................................    6

 8    THE COURT..........................................    7

 9    MR. CANIZARO.......................................    7

10    MAJOR CULPEPPER....................................    9

11    SHERIFF SMITH......................................   10

12    THE COURT..........................................   11

13    MR. COLLINGS.......................................   11

14    THE COURT..........................................   12

15

16

17

18

19

20

21

22

23

24

25

                        *OFFICIAL TRANSCRIPT*
```

```
 1                       P-R-O-C-E-E-D-I-N-G-S
 2                      M O R N I N G   S E S S I O N
 3                          NOVEMBER 30, 2023
 4                        (COURT CALLED TO ORDER)
 5
 6
 7              THE DEPUTY CLERK:  All rise.
 8              THE COURT:  Good morning.
 9              THE DEPUTY CLERK:  Court is in session.  You may be
10   seated.
11              Civil Action Number 20-517, Jerry Rogers, Jr.,
12   versus Randy Smith, et al, set for a motion hearing.
13              Counsel, you can make your appearances.
14              MR. MOST:  William Most for plaintiff Jerry Rogers.
15              MR. COLLINGS:  Chadwick Collings on behalf of the three
16   defendants, who are present here in the courtroom today.
17              THE COURT:  Thank you.
18              Before we even get started on this motion, I
19   would like to say, I know that there is an appeal from the
20   magistrate judge's decision.  I believe the briefing is in.
21   That was set for submission in January.
22              Mr. Collings, are you going to file a reply?
23              MR. COLLINGS:  Yes, Your Honor.
24              THE COURT:  Okay.  Then I'm going to move it to the
25   submission date in December so that we can have that completed
```

|  |  |
|---|---|
| 09:36:49 1 | and we find ourselves in a situation where we're not producing |
| 09:36:54 2 | documents, if, indeed -- if I overrule the objection, I want to |
| 09:37:00 3 | make sure that we preserve our trial date, so I want to get |
| 09:37:03 4 | that done early. |
| 09:37:05 5 |     THE DEPUTY CLERK:  December 20th. |
| 09:37:07 6 |     THE COURT:  December 20th.  So, that would give you -- |
| 09:37:09 7 |     MR. COLLINGS:  The submission date is December 20th? |
| 09:37:12 8 |     THE COURT:  December 20th.  But we want to look at that |
| 09:37:15 9 | and be done with that sooner rather than later. |
| 09:37:17 10 |     Now, what's before the Court today is plaintiff's |
| 09:37:22 11 | motion in support to determine conflict-free representation.  I |
| 09:37:30 12 | have issued an order, and I wanted the parties to be here. |
| 09:37:33 13 |     Very frankly, under normal circumstances, I would |
| 09:37:37 14 | just tell you to meet and confer, but I don't think meet and |
| 09:37:40 15 | confer has been working well with these parties; and so, we're |
| 09:37:48 16 | meeting and conferring with me. |
| 09:37:49 17 |     What I was concerned about, Mr. Collings -- and |
| 09:37:55 18 | maybe you could come up -- I know you represent these three |
| 09:38:01 19 | gentlemen.  Maybe we need to do all of this on the record.  I |
| 09:38:07 20 | know you represent these three gentlemen, and I think there is |
| 09:38:10 21 | going to be a question first as to whether or not there is an |
| 09:38:17 22 | indemnity agreement and, if there is an agreement, that the |
| 09:38:20 23 | defendants will be indemnified? |
| 09:38:23 24 |     MR. COLLINGS:  There is nothing formal in writing, but |
| 09:38:25 25 | the way this -- from a practical standpoint, Your Honor, is the |

```
09:38:29  1    Sheriff's Office has an insurance policy with the retention.
09:38:32  2    So, the sheriff has been paying the retention all along,
09:38:37  3    defending all three of the defendants.
09:38:38  4              The expectation is that when and if the retention
09:38:43  5    is exhausted, Intact, which is our insurer -- which I spoke to
09:38:48  6    at length yesterday -- is going to come in and basically assume
09:38:51  7    the defense and the indemnity of all three.
09:38:54  8              But we have no -- if you're asking if there is a
09:38:57  9    formal, written document where the Sheriff's Office has agreed
09:39:00 10    to indemnify the other two defendants formally, no, no such
09:39:05 11    document exists; although, there is an understanding, I think,
09:39:08 12    verbally that that is, in fact, the case, and it has been the
09:39:11 13    case.
09:39:12 14              THE COURT:  You understand the problem we have here.
09:39:14 15              MR. COLLINGS:  I understand.
09:39:15 16              THE COURT:  I think the plaintiff's motion is
09:39:25 17    well founded because of the Fifth Circuit precedence that says
09:39:29 18    there is a structural conflict of interest, when there are
09:39:32 19    individual police officers and the sheriff and a potential
09:39:36 20    *Monell* claim, that there is a structural conflict of interest,
09:39:40 21    and I needed to satisfy myself that these defendants understood
09:39:44 22    that and that they had had an opportunity with independent
09:39:50 23    counsel to advise them of that, and that, I mean, you can waive
09:39:55 24    your conflict.  That's an option, but it needs to be done in
09:40:01 25    writing, and they need to understand that.
```

|  |  |
|---|---|
| 09:40:03 1 | And so -- |
| 09:40:04 2 | MR. COLLINGS:  I'm sorry, I didn't mean to interrupt. |
| 09:40:07 3 | I was just going to tell you we've had some |
| 09:40:09 4 | discussions earlier this week and again today.  If the Court |
| 09:40:12 5 | wants to ask them any questions that the Court may have, they |
| 09:40:16 6 | are prepared to answer, including the one about whether they |
| 09:40:22 7 | would be agreeable to waiving any potential conflict of |
| 09:40:24 8 | interest.  So, we have nothing to hide here and what have you. |
| 09:40:28 9 | THE COURT:  I know that, but I thought maybe the better |
| 09:40:30 10 | thing, because of some of the difficulty in communication in |
| 09:40:35 11 | this case, that I thought maybe the better thing to do would be |
| 09:40:39 12 | to bring these gentlemen up and ask them, but it would still |
| 09:40:46 13 | require that they file something. |
| 09:40:48 14 | MR. COLLINGS:  Okay.  No problem. |
| 09:40:50 15 | THE COURT:  All righty.  So, perhaps we could start |
| 09:40:53 16 | with Sergeant Canizaro. |
| 09:40:59 17 | MR. MOST:  Your Honor, if I may, just very briefly? |
| 09:41:03 18 | You know, I'm in agreement that I think waiver is |
| 09:41:08 19 | certainly possible here, and I just want to -- I think what |
| 09:41:14 20 | in *Lou v. Lopinto* cured the structural problem was confirmation |
| 09:41:18 21 | from the sheriff of indemnification for all potential relief |
| 09:41:24 22 | and then information about who would pay for separate counsel |
| 09:41:27 23 | if the deputies chose it. |
| 09:41:29 24 | So, my suggestion might be to have the sheriff |
| 09:41:32 25 | say those things on the record first, and then the deputies, |

OFFICIAL TRANSCRIPT

09:41:36 1   having heard that they will be indemnified or won't be
09:41:38 2   indemnified for all of the reasons, then they'll be -- would be
09:41:41 3   able to provide the informed consent based on what they've
09:41:44 4   heard of the sheriff.  That would be my suggestion.
09:41:47 5              THE COURT:  Thank you.
09:41:48 6              Come forward.
09:41:49 7              Mr. Canizaro, first, just so we can get this on
09:41:56 8   the record, your counsel has indicated that he's had
09:42:03 9   significant conversations with you this week regarding the
09:42:07 10  structural conflicts of interest; is that correct?
09:42:11 11             MR. CANIZARO:  Yes, ma'am.
09:42:12 12             THE COURT:  Can you tell me what he explained to you,
09:42:15 13  what that conflict looks like.
09:42:18 14             MR. CANIZARO:  He explained that in this case, the
09:42:24 15  sheriff could elect -- would indemnify, continue to defend and
09:42:31 16  indemnify us throughout the entirety of the case and that if --
09:42:37 17  the structural conflict that was discussed was that he is not
09:42:44 18  bound by law to do that but that he can or he could simply step
09:42:52 19  out of the case, since the judgment is against myself and
09:42:57 20  Danny Culpepper.  But that's not the intention, and the
09:43:02 21  intention was to defend and indemnify us throughout the
09:43:06 22  entirety of the case.
09:43:07 23             THE COURT:  Do you understand that it's more than the
09:43:11 24  indemnification, that there was a question as to whether you
09:43:15 25  acted independently, and the judgment is against you in your

|   |   |
|---|---|
| 09:43:21 | 1 |

individual capacity, but the question may be were you operating under instructions from the sheriff, or is this something you did on your own and that would have ramifications?

    MR. CANIZARO: Ma'am, the investigation was directed by me. I was not ordered to do anything.

    THE COURT: Okay. All right. Maybe you better stop there.

    All I wanted to find out is did you understand that perhaps your attorney is operating under a conflict of interest representing both?

    MR. CANIZARO: Yes, ma'am, I understand.

    THE COURT: Because there is a question as to whether or not you were acting individually and whether the sheriff was directing the investigation, or you were operating under a policy in the Sheriff's Office.

    MR. CANIZARO: Yes, ma'am. I understand.

    THE COURT: Did you have a conversation with Mr. Collings about that?

    Don't -- what I'm trying to understand, I want to make sure that you understand what the conflict is.

    MR. CANIZARO: Yes, ma'am, I do understand. As you've explained it, I understand.

    THE COURT: Did you understand that you would be afforded separate counsel to at least explain that structural conflict of interest?

OFFICIAL TRANSCRIPT

|  |  |
|---|---|
| 09:44:38 1 | MR. CANIZARO: Yes, ma'am. |
| 09:44:39 2 | THE COURT: And have you elected to talk to another |
| 09:44:42 3 | attorney? |
| 09:44:43 4 | MR. CANIZARO: No, ma'am. I have not. |
| 09:44:44 5 | THE COURT: Okay. Thank you. |
| 09:44:50 6 | MR. CANIZARO: Thank you. |
| 09:44:52 7 | THE COURT: Chief Culpepper. |
| 09:45:00 8 | MAJOR CULPEPPER: Major Culpepper, ma'am. |
| 09:45:05 9 | THE COURT: Major Culpepper. I'm sorry. I know those |
| 09:45:06 10 | things matter. I had a son in the military and it matters. |
| 09:45:10 11 | I guess I want to ask you the same questions. As |
| 09:45:17 12 | I understand it, Mr. Collings had conversations with you, this |
| 09:45:21 13 | week particularly, about a structural conflict of interest? |
| 09:45:25 14 | MAJOR CULPEPPER: Yes, ma'am. He did. |
| 09:45:26 15 | THE COURT: Okay. What did you understand the conflict |
| 09:45:30 16 | to be? |
| 09:45:32 17 | MAJOR CULPEPPER: The conflict between, I guess, |
| 09:45:34 18 | counsel, more so if we needed to separate the counsel, meaning |
| 09:45:40 19 | if we needed to all stay together under one counsel or get |
| 09:45:45 20 | separate couple for each of us. |
| 09:45:46 21 | THE COURT: Did you understand that -- did he represent |
| 09:45:49 22 | that the Sheriff's Office with would pay for separate counsel? |
| 09:45:54 23 | MR. CULPEPPER: Yes, ma'am. |
| 09:45:55 24 | THE COURT: Have you elected to speak to someone else |
| 09:45:57 25 | just to review this structural conflict of interest? |

OFFICIAL TRANSCRIPT

```
09:46:01   1            MR. CULPEPPER:  No, ma'am.  We have not.  I guess we're
09:46:03   2   waiting to see how today came out, but, no, ma'am.
09:46:06   3            THE COURT:  Okay.  All right.  Thank you.
09:46:12   4                 Now, let me talk to the sheriff, please.
09:46:15   5            MR. CULPEPPER:  Yes, ma'am.
09:46:16   6            SHERIFF SMITH:  Good morning, Your Honor.
09:46:22   7            THE COURT:  Good morning.
09:46:24   8                 Sheriff, is there an indemnification agreement --
09:46:34   9            SHERIFF SMITH:  Yes, ma'am, there is.
09:46:34  10            THE COURT:  -- with the Sheriff's Office?
09:46:34  11            SHERIFF SMITH:  Yes.  The motion that was filed by the
09:46:37  12   plaintiff was the conflict of interest.  We, or myself, didn't
09:46:41  13   see the conflict that existed that was filed this morning.  I
09:46:46  14   chose to allow our counsel, our outside counsel, to take and
09:46:54  15   represent these two individuals, as well as me and the
09:46:57  16   Sheriff's Department.
09:46:59  17            THE COURT:  If there is a judgment rendered against
09:47:06  18   these two officers, is the Sheriff's Office going to indemnify
09:47:10  19   those officers?
09:47:11  20            SHERIFF SMITH:  Yes, ma'am.  That's my intentions and
09:47:14  21   has been all along.
09:47:19  22            THE COURT:  I just needed that on the record.
09:47:21  23            SHERIFF SMITH:  Yes, ma'am.
09:47:21  24            THE COURT:  All right.  That would be for compensatory
09:47:24  25   and punitive damages, if the jury so awards?
```

```
09:47:27  1              SHERIFF SMITH:  Yes, ma'am.
09:47:28  2              THE COURT:  Thank you.
09:47:32  3              SHERIFF SMITH:  Thank you.
09:47:34  4              THE COURT:  Mr. Collings, this is what I want to do:  I
09:47:38  5   think I still want the affidavits that have been -- I'm going
09:47:48  6   to issue, basically, the same order that Judge Currault did in
09:47:55  7   the Lopinto case so that you file the affidavits under seal in
09:47:59  8   the record, even though we've had a brief conversation, but
09:48:01  9   there are specific questions that need to be answered.
09:48:05 10              So, I would like for you to do that by -- I need
09:48:12 11   a calendar.  I never know what day it is.  Give them a couple
09:48:18 12   of weeks to get that done, get it prepared and executed,
09:48:20 13   because I need one from you, too, Mr. Collings.
09:48:24 14              THE DEPUTY CLERK:  That week before Christmas?
09:48:26 15              THE COURT:  What is --
09:48:28 16              THE DEPUTY CLERK:  The 15th is a Friday.
09:48:29 17              THE COURT:  How about December 15th?
09:48:31 18              MR. COLLINGS:  That's fine.
09:48:32 19              THE COURT:  That gives you an opportunity.  Everything
09:48:36 20   is a bit in flux over the holidays.
09:48:39 21              MR. COLLINGS:  Okay.
09:48:40 22              THE COURT:  All right.
09:48:41 23              MR. COLLINGS:  So, we'll file four affidavits under
09:48:44 24   seal on or before the 15th?
09:48:46 25              THE COURT:  Yes, sir.

                              OFFICIAL TRANSCRIPT
```

Case 2:22-cv-00847-EEF-KWR   Document 183-2   Filed 02/18/25   Page 12 of 13

12

| | | |
|---|---|---|
| 09:48:47 | 1 | MR. COLLINGS: Okay. |
| 09:48:47 | 2 | THE COURT: Thank you. |
| 09:48:49 | 3 | Let me see counsel in my side office. |
| 09:48:49 | 4 | (WHEREUPON, at this point in the proceedings, there |
| 09:55:22 | 5 | was a discussion held off-the-record.) |
| 09:55:22 | 6 | THE COURT: Let me get this on the record. |
| 09:55:22 | 7 | We are going to move the submission date on the |
| 09:55:32 | 8 | objection to the magistrate judge's decision. That discovery |
| 09:55:36 | 9 | decision, we're going to move that back to the original January |
| 09:55:39 | 10 | date. So, I'm going to take that off the calendar because of |
| 09:55:42 | 11 | some things that have been related, but we're going to still |
| 09:55:45 | 12 | get those affidavits in, and that will be fine. |
| 09:55:49 | 13 | Thank you. |
| 09:55:50 | 14 | MR. COLLINGS: Thank you, Judge. |
| 09:55:50 | 15 | MR. MOST: Thank you, Your Honor. |
| 09:55:52 | 16 | THE COURT: Everybody have a happy holiday. |
| 09:55:52 | 17 | THE DEPUTY CLERK: All rise. |
| | 18 | (WHEREUPON, at 9:55 a.m., the proceedings were |
| | 19 | concluded.) |
| | 20 | *   *   * |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

OFFICIAL TRANSCRIPT

1          REPORTER'S CERTIFICATE

2

3       I, Cathy Pepper, Certified Realtime Reporter, Registered

4  Merit Reporter, Certified Court Reporter in and for the State

5  of Louisiana, Official Court Reporter for the United States

6  District Court, Eastern District of Louisiana, do hereby

7  certify that the foregoing is a true and correct transcript to

8  the best of my ability and understanding from the record of the

9  proceedings in the above-entitled and numbered matter.

10

11                              *s/Cathy Pepper*

12                              Cathy Pepper, CRR, RMR, CCR
                                Certified Realtime Reporter
13                              Registered Merit Reporter
                                Official Court Reporter
14                              United States District Court
                                Cathy_Pepper@laed.uscourts.gov
15

16

17

18

19

20

21

22

23

24

25

                     OFFICIAL TRANSCRIPT