# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

### Order on Plaintiff's Motion to Determine Conflict-Free Counsel

Having duly considered the *Motion to Determine Conflict-Free Counsel*,

IT IS HEREBY ORDERED that the Motion is GRANTED. It is ordered that each Defendant choose either Option A or Option B, and follow the instructions therein.

**Option A**: within fourteen days of this order, file an affidavit with the Court that the Defendant Burmaster intends to maintain separate counsel.

**Option B**: If Defendant Burmaster wishes instead to be represented by the City Attorney's Office along with the City, within fourteen days of this order Burmaster shall file an Affidavit executed by Burmaster to establish informed consent has been provided. That Affidavit should confirm that counsel (a) met with the defendant; (b) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (c) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (d) explained the effect of the indemnification agreement and the waiver of potential conflicts; (e) confirmed that the defendant was notified that the City of New Orleans would pay for separate counsel, if necessary; and (f) confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver

of potential conflicts before waiving same. If anything contained in these Affidavits contain confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit(s) may be filed UNDER SEAL.

Also within 14 days, an attorney of the City Attorney's Office shall provide his or her own affidavit averring (a) that they reasonably believe that they will be able to provide competent and diligent representation to each defendant; (b) that the City of New Orleans has agreed to indemnify Burmaster for compensatory and punitive damages, costs, and attorneys' fees; and (c) that counsel has met with each defendant and (1) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (2) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (3) explained the effect of the indemnification agreement and the waiver of potential conflicts; (4) confirmed that the defendant was notified that the City would pay for separate counsel, if necessary; and (5) confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver of potential conflicts before waiving same. If anything contained in the Affidavit contains confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit may be filed UNDER SEAL.

SO ORDERED.

New Orleans, this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA