# CITY OF NEW ORLEANS
# CHIEF ADMINISTRATIVE OFFICE

**POLICY MEMORANDUM NO. 47(R)**                                      **June 7, 2016**

**TO:**            All Departments, Boards, Agencies and Commissions

**FROM:**        Andy Kopplin, Deputy Mayor and Chief Administrative Officer

**SUBJECT:   Indemnification for City Officers and Employees**

## I. POLICY

This memorandum describes the City's policy of defending City officers and employees who are involved in civil litigation as a consequence of the lawful execution of their duties and of recompensing City officers and employees for expenses incurred as a consequence of the bona fide discharge of their duties. This memorandum supersedes all previous memoranda regarding indemnification for City officers and employees, and is effective from the date above until further amendment or revocation.

## II. GOVERNING AUTHORITY

Chapter 3 Section 4-302(5) of the City Charter authorizes the Chief Administrative Officer (CAO) to "prescribe accepted standards of administrative practice to be followed by all offices, departments, and boards."

## III. BACKGROUND

A. The City, in the discharge of its traditional functions, is exposed to civil litigation. These are lawsuits in which plaintiffs seek money from the City and its employees.

B. Because City employees must be free to perform their lawful duties without fear of financial consequences, City officers and employees may be indemnified and protected from financial consequences in legal actions arising from the lawful exercise of their duties as public servants. The scope of the indemnification is outlined in this memorandum.

### IV. APPLICABILITY

A. Subject to the availability of unencumbered appropriated funds, the City may indemnify a City officer or employee against claims, demands, suits, and judgments of sums of money, instituted by or awarded in favor of any third person arising out of, resulting from, or incurred by reason of any lawful and good faith act and/or omission by the officer or employee in connection with the lawful discharge or performance of his or her duties as an officer or employee of the City of New Orleans. This indemnification expressly excludes any act or omission that constitutes gross negligence, recklessness, or an intentional tort or wrong. This indemnification further expressly excludes any act or omission that results in the institution of criminal proceedings against the officer or employee regardless of immunity from prosecution to the officer or employee. This indemnification further expressly excludes any act or omission that is outside the course and scope of the officer or employee's employment, and any act or omission that creates a conflict of interest between the City and the officer or employee. Finally, this indemnification expressly excludes the payment of attorney's fees and legal costs except as specifically provided in this memorandum.

B. City officers and employees may be entitled to legal representation in the defense of civil actions covered by the foregoing paragraph. Such defense will be provided at no cost to the City officer or employee. Representation may be provided to City employees at the discretion of the City Attorney's Office.  If, however, in the judgment of the City Attorney or of a Court, the circumstances warrant that the interests of the City and/or officer or employee would be better served through representation of the officer or employee by private counsel, the defense will be provided by a private attorney at the City's expense, for reasonable and customary fees approved by the City Attorney.

### V. PROCEDURES IN CIVIL MATTERS

A. A City officer or employee may always choose to employ private counsel, at the officer or employee's expense, to defend a lawsuit when the officer or employee is sued personally and may be held personally liable for damages.

B. If an officer or employee wishes to obtain private counsel at the City's expense, that officer or employee must obtain prior written approval from the City Attorney's Office. In the absence of prior approval, no fees will be paid to attorneys retained or employed by any officer or employee. When such approval

is granted, the officer or employee may have to pay for initial retainer fees and other expenses before being reimbursed by the City for these amounts.

C. The City Attorney's Office will coordinate the defense of all cases. An officer's or employee's Appointing Authority should forward to the Law Department copies of any petitions or other papers in a lawsuit in which the City and/or any of its former or current employees are involved immediately upon receipt of these documents.

D. It is the officer's or employee's responsibility to notify his or her Appointing Authority of any actual or potential litigation and of any action or development in existing litigation as soon as he or she becomes aware of same.

E. If an officer or employee violates the rule of paragraphs (B) and (G), then the officer or employee will be solely responsible for the payment of all attorney's fees and costs and other expenses. Additionally, the City in such case will not be obliged to indemnify the officer or employee against any judgment or other liability incurred by the officer or employee, or his or her private attorney. The Law Department may grant exemptions from the application of this rule if subsequent approval for the hiring of private counsel is issued and if the Law Department finds that the failure to obtain prior approval has not prejudiced the City's interest.

F. If an officer or employee is represented by private counsel, private counsel shall keep a log of all services rendered by the private counsel and of any meetings or correspondence. These records will assist the City in the payment of reasonable and customary costs of the officer's or employee's representation by private counsel.

G. To the extent that the law permits and with due regard for the fundamental rights of the officers and employees of the City, each officer or employee involved in civil litigation shall be obliged to cooperate as much as is reasonably possible with the City and its attorneys in the defense of civil litigation. Failure by an officer or employee to cooperate constitutes a waiver of the indemnification and legal representation provisions of this memorandum.

## VI. INQUIRIES

Any inquiries about this policy memorandum should be addressed to the Law Department of the City of New Orleans at 658-9800.