CITY OF NEW ORLEANS
LAW DEPARTMENT
1300 PERDIDO STREET, 5TH FLOOR EAST
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
TELECOPIER: (504) 658-9868

LATOYA CANTRELL
MAYOR

January 27, 2025

DONESIA D. TURNER
CITY ATTORNEY

**Via Email: derrickburmaster@gmail.com**

Officer Derrick Burmaster
505 N. Sibley St.
Metairie, LA 70003

Re:   *Derek Brown, et al v. Derrick Burmaster, et al.*
      United States District Court for the Eastern District of Louisiana
      Docket No.: 22-0847

Dear Officer Burmaster:

Enclosed please find a *Conditions of Representation* form. In order for our office to represent you, you will need to complete, sign and return the form to me as soon as possible.

If you should have any questions regarding this matter, please contact the undersigned.

Sincerely,

James M. Roquemore
Deputy City Attorney

JMR:smw

Enclosure

## CONDITIONS OF REPRESENTATION

**Name of Case**

_Derek Brown etal_

v.

_Derrick Burmester et. al_

**P/O Name** _____

**Address** _____

_EDLA # 22-0847_

**Court No. & Division/Section**

**Telephone Number(s)** _____

ʊ ʊ ʊ ʊ ʊ ʊ

This acknowledgment must be executed as part of your request for legal representation by the City Attorney's Office. The acknowledgment is designed to advise you of the extent and nature of legal representation that can be provided by your assigned Assistant City Attorney. Your signature at the end of the acknowledgment indicates your understanding of and agreement to such representation.

The acknowledgment must be submitted as soon as possible after your receipt of service in which you have been named as a defendant. No representation will be undertaken upon your behalf without the signed acknowledgment form.

If you agree to accept the City Attorney's Office representation pursuant to the provisions set forth below, please execute the signature block at the end of the acknowledgment and return to the person furnishing you the acknowledgment. Your representation will be considered as to have started on the date of your signature.

Your representation will be governed by the guidelines set forth below. If you have any questions concerning these guidelines, please feel free to contact the Assistant City Attorney assigned to your case for clarification.

Representation is provided under the guidelines upon a determination that it is in the interest of the City of New Orleans to do so. Additionally, if employee or you are being sued for conduct in your capacity as a current or former City employee or official, representation is provided if it reasonably appears that such conduct was taken within the scope of your City employment. The following representation provisions constitute the more significant features of the guidelines.

Page 2 of 3

(1)  Attorney-Client Communication Privilege

All written or oral communications between yourself and your assigned assistant city attorney will be protected by the traditional attorney-client privilege.

(2)  **Claims Against The City of New Orleans**

Your assistant city attorney will not assert on your behalf any claim you may have against the City of New Orleans in this case; nor will he or she assert any claim you might have against other City employees.

(3)  **Counterclaims**

As a general policy, your Assistant City Attorney can only undertake to defend you. He or she will not assert an affirmative claim on your behalf against the plaintiff or anyone else. If you strongly believe that such a claim should be asserted, your normal recourse would be for you to hire a private attorney at your personal expense to press that claim. In the rare instance when an affirmative claim would further not only your defense, but also the interests of the City of New Orleans, the City Attorney's Office will consider pressing the claim.

(4)  **Conflicts With The City of New Orleans**

If there is a legal argument which should be made in your defense, but which conflicts with a legal position taken by the City of New Orleans, or any of its agencies, in this or another case, your Assistant City Attorney will not make the argument. You will be advised of this fact so that you may assess available options. Correspondingly, should you ever have questions in this regard, you should take the opportunity to discuss them with your assigned Assistant City Attorney.

(5)  **Conflicts with Co-Defendants**

If there is a material conflict of interest between you and one of your individually-sued co-defendants, whether factual or legal in nature, your assistant city attorney will advise you of this fact so that you may assess available options. Correspondingly, should you ever become aware of such conflicts, you should immediately bring them to the attention of your Assistant City Attorney. Normally, in such cases, it will not be possible for your assistant city attorney to continue representing you and other co-defendants having mutually conflicting interests.

Page 3 of 3

(6) **Defending Co-Defendants**

If your Assistant City Attorney is representing other defendants in your case in addition to yourself, including the City of New Orleans or an agency, the Assistant City Attorney may elect to press available defenses that could result in the dismissal of a co-defendant before yourself.

(7) **Appeals**

If the judgment of the court is in your favor and the losing plaintiff appeals, representation will continue throughout the appellate stage in this case. In the event of adverse judgment against you, the City Attorney's Office will determine whether an appeal by your assistant city attorney would be in the interest of the City of New Orleans. If not, you will be promptly advised in order to discuss available options.

(8) **Retention of Private Counsel**

In certain limited circumstances where an Assistant City Attorney can no longer represent you, such as those circumstances discussed in paragraphs (4), (5) and (7), the City Attorney's Office may elect in its discretion to provide you with a private attorney at government expense. You will be so advised if such circumstances arise.

(9) **Paying Adverse Judgments**

In the event of an adverse money judgment entered against you in this matter, or against you and other individually-sued employees, the City of New Orleans would pay the judgment of compensatory damages if you were within the course and scope of your employment with the City at the time of the incident giving rise to the lawsuit. By law, the City of New Orleans cannot be held liable for punitive damages (damages awarded to punish a defendant). Therefore, you would be personally responsible in the unlikely event punitive damages are assessed.

I have read the foregoing conditions of City Attorney representation and accept their terms.

_____      2-6-25
(SIGNATURE)                                  (DATE)