**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

**THE CITY OF NEW ORLEANS' AND DERRICK BURMASTER'S
JOINT RESPONSE AND OPPOSITION TO
PLAINTIFF'S MOTION TO RE-URGE PLAINTIFFS' MOTIONS IN LIMINE
(R. DOCS. 94, 102, AND 125)**

Defendants, the City of New Orleans (the "City") and Derrick Burmaster ("Officer Burmaster") (collectively, "Defendants") submit this joint response and opposition to Plaintiff's Motion to Re-Urge Plaintiffs' Motions *in Limine* (R. Docs. 94, 102, and 125) [R. Doc. 183].

### I.  PLAINTIFFS' MOTIONS IN LIMINE ARE PREMATURE

On January 29, 2025, the Court issued a Scheduling Order which set deadlines concerning delivery of expert reports, service of witness lists and all exhibits to be used at trial and taking of depositions.[1] Trial commences on June 9, 2025. Motions *in limine*, such as the ones that Plaintiffs re-urge in the instant motion, are due no later than May 26, 2025.[2] Given that discovery is ongoing, Plaintiffs' motions *in limine* are premature. Defendants would suggest that a submission date for Plaintiffs' motions *in limine* be set for the first week of May, 2025, since that would be after all contemplated discovery will be completed. By setting a submission date after the close of

---

[1] R. Doc. 175. Exhibits and witness lists are due March 31, 2025; depositions are to be completed by April 30, 2025.
[2] *Id*., p. 2.

1

discovery, the parties will have benefit of all newly discovered material, which likely will affect the viability Plaintiffs' arguments in their motions *in limine*.

## II.     RESPONSE TO PLAINTIFFS' FIRST MOTION IN LIMINE (R. DOC. 94)

In response to Plaintiff's First Motion *in Limine*, Defendants reassert and incorporate herein their responses contained in R. Docs. 118 and 120. In addition, Defendants add the following.

### A.  PART C.

In Plaintiff's First Motion *in Limine*, Part C (R. Doc. 94-1, p. 2), Plaintiff urges the Court to bar any intimations of criminal conduct by Plaintiffs" because, as Plaintiffs assert, "NOPD cleared them of any wrongdoing." As noted in Defendants' previous oppositions (R. Docs. 118 and 120), the reason that Officer Burmaster came to Plaintiffs' residence was because of a domestic disturbance in which a woman was heard screaming by a neighbor. The details of this call for service are critical to determine the reasonableness of Officer Burmaster's actions. Further, Plaintiffs' assertion that Plaintiffs were "cleared of any wrongdoing" is an exaggeration not supported by the evidence and should not preclude all relevant evidence being presented to explain Officer Burmaster's actions at the scene.

### B.  PART D

In Plaintiff's First Motion *in Limine*, Part D (R. Doc. 94-1, p. 4), Plaintiffs argue that the City should be precluded from "arguing that the shooting was justified." Plaintiffs based this argument on the fact that Officer Burmaster's disciplinary proceeding had not concluded, so the City's corporate representatives had not taken a position as to whether the shooting was justified. However, as explained below, after the Court stayed the case on March 30, 2023, the NOPD reached a final decision on Officer Burmaster's discipline.

On June 15, 2023, NOPD conducted a Bureau Superintendent's Disciplinary Hearing concerning Officer Burmaster's disciplinary charges relating to the shooting of Plaintiff's dog.[3] Following the hearing, the hearing panel, which was comprised of Chief Ganthier, Deputy Superintendent Ryan A. Lubrano, and Deputy Superintendent Keith A. Sanchez, recommended that Officer Burmaster be "exonerated" of the charges of disciplinary violations based on use of force, but "sustained" as to the uniform violations.[4]

In his September 11, 2023, correspondence to the NOPD Superintendent, Chief Ganthier explained the facts that the panel learned which "justified the recommended disposition":

> Officer Derrick Burmaster entered the front yard and proceeded to go to the residence. Once half-way in the gate, Officer Burmaster heard barking sounds coming fast towards him. He removed his weapon because he did not observe a way out. He didn't think he was fast enough to make it out the gate before the dogs arrived. He did not observe a platform or car to jump on to escape. He didn't believe he could jump the fence because of the spikes on top of it. He prepared himself and once he observed the dog, he believed it was vicious and coming fast towards him. Officer Burmaster believed the dog would bite him on the leg or pelvis area. Officer Burmaster then shot the dog that was a threat to him. Officer Burmaster believed the dog was ferocious and was going to bite without provocation. He then attempted to deescalate the situation by apologizing to the owners on the scene Officer Burmaster stated he just wanted to get out safely without injuring himself or the dog.[5]

In addition, Chief Ganthier noted that "[t]he panel believed the outcome of the incident would not have been affected by Officer Burmaster having the PR24/Expandable Baton and/or the department issued Body Armor."[6] On October 27, 2023, Superintendent Kirkpatrick issued a letter to Officer Burmaster which exonerated him of the disciplinary charges based on use of force

---

[3] See R. Doc. 194-4, p. 2, (Interoffice Correspondence dated September 28, 2023, from Chief Deputy Superintendent Hans Ganthier to Superintendent Anne E. Kirkpatrick, attaching an Interoffice Correspondence dated September 11, 2023, from Hans Ganthier to Superintendent Michelle M. Woodfork.
[4] *Id.*, p. 3.
[5] *Id.*, p. 4.
[6] *Id.*, p. 4

against Plaintiffs' dog and sustained the uniform violation.[7] This action concluded Officer Burmaster's NOPD disciplinary proceeding.

Plaintiffs have possession of the documents comprising the final decision on Officer Burmaster's NOPD, which exonerated him of use of force violations. At the present time, Plaintiffs have requested a deposition of one person that was involved in the decision to exonerate Officer Burmaster – Superintendent Anne Kirkpatrick. There is nothing preventing Plaintiff from seeking further relevant depositions.

In any event, the facts underlying this motion *in limine* are radically different now than when Plaintiff first filed their motion; the motion and should therefore be denied.

### C. **PART E**

In Plaintiff's First Motion *in Limine*, Part E (R. Doc. 94-1, p. 6), Plaintiffs ask the Court to "bar any references to NOPD training that Defendants did not produce in discovery." The deadline for production of trial exhibits is March 31, 2025. Defendants agree that any exhibit not produced by that date should be excluded. However, there is no reason that Plaintiffs' motion *in limine* should preclude Defendants from producing documents in accordance with the Scheduling Order.

### D. **PART F**

In Plaintiff's First Motion *in Limine*, Part F (R. Doc. 94-1, p. 7), Plaintiff seeks to exclude two witnesses listed by Officer Burmaster that were not identified in initial disclosures. Any claim of surprise or prejudice at this stage is without merit. Plaintiff is free to depose any of these witnesses. This motion should be denied.

---

[7] See R. Doc. 194-1 (October 27, 2023, correspondence from NOPD Superintendent Anne Kirkpatrick to Derrick Burmaster which exonerated Officer Burmaster of a charge of use of excessive force in shooting Plaintiff's dog).

### E. PART G

In Plaintiff's First Motion *in Limine*, Part G (R. Doc. 94-1, p. 9), Plaintiff seeks to include their dog's height and weight in stipulated facts. Defendants have declined to stipulate to this. Plaintiff complains that they will be prejudiced by a "logistical problem at trial" because jurors will have to convert from metric to American measurements. This is not a legitimate problem. It is Plaintiffs' witness that supposedly measured the dog; if they want to introduce their witness' measurements, then so be it. However, Defendants does not have to accept Plaintiffs' witness' measurements without examining the witness' credibility or eliciting helpful facts.

### III.    RESPONSE TO PLAINTIFFS SECOND MOTION IN LIMINE (R. DOC. 102)

In response to Plaintiff's Second Motion *in Limine*, Officer Burmaster reasserts and incorporates herein his responses contained in R. Doc. 127. The City joins in with Officer Burmaster's arguments contained in R. Doc. 127. In this motion, Plaintiff argues that Officer Burmaster was tardy in producing documents, they were prejudiced, and therefore Officer Burmaster should be precluded from demonstrating his finances or financial status. However, in his original response to this motion, Officer Burmaster showed that he produced all of the requested material sought by the Plaintiffs regarding his finances. Further, because Plaintiffs seek punitive damages against him, these documents are relevant and necessary for his defense.

In any event, because Plaintiffs currently have opportunity to seek further discovery if they so desire, they cannot claim to be unfairly surprised or prejudiced. This motion should be denied.

### IV.    RESPONSE TO PLAINTIFFS' THIRD MOTION IN LIMINE (R. DOC. 125)

In their Third Motion *in Limine* (R. Doc. 125), Plaintiffs seek to exclude evidence that an NOPD investigator recommended that Officer Burmaster's conduct in shooting Plaintiffs' dog was

justified. In response to this motion, Defendants reassert and incorporate their oppositions in R. Docs. 138 and 144.

However, Defendants note that they do not disagree with a certain aspect of Plaintiffs' logic in this motion. Plaintiffs argue that an NOPD investigator's testimony should be excluded because "[i]t would be misleading because Pruitt was clear that she used the term 'justified' only in the context of whether or not Burmaster had committed a crime." (R. Doc. 125-1, p. 2). Defendants agree that if this logic serves to exclude Pruitt, then the conclusions of the NOPD's Use of Force Board (*i.e.*, Chris Goodley) should be excluded because that board was focused on quality improvement for NOPD, not whether Officer Burmaster's conduct violated NOPD policy.[8] Similarly, any testimony concerning the recommendations of the NOPD Public Integrity Bureau investigator Shannon Brewer should be excluded because she was solely responsible for gathering evidence and making a recommendation, not making a final decision; the final decision was made by Superintendent Kirkpatrick, who disagreed with Brewer's recommendation.[9] These matters will the subject of a future motion *in limine* which will be filed by the Defendants. Defendants believe that none of the conclusions or recommendations of Goodley, Pruitt or Brewer regarding Officer Burmaster's actions should be admitted into evidence, given the applications of Federal Rule of Evidence 401, 403, and 407. However, if either Goodley's or Brewer's testimony is admitted, then Pruitt's surely should be admitted.

---

[8] See R. Doc. 194-5 p. 1 (NOPD Operations Manual Chapter 1.3.7); United States of America v. City of New Orleans, R. Doc. 159-1, pp. 32-33, para. 108 (Consent Decree, January 1, 2013) (ordering the creation of NOPD's Use of Force Board). The Use of Force Board material and related testimony should be excluded based on Federal Rule of Evidence 403 and 407.
[9] See R. Doc. 194-1 (exonerating Officer Burmaster for charges of unlawful use of force).

## **CONCLUSION**

Plaintiffs' motions *in limine* are premature and should not be considered until after the deadline for discovery and depositions are ended. In the alternative, the Defendants have shown that Plaintiffs' motions should be denied.

Respectfully submitted,

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSBA #40035**
DEPUTY CITY ATTORNEY
Email: james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSBA #31330**
CHIEF OF LITIGATION
Email: cmstraymond@nola.gov
**DONESIA D. TURNER, LSBA #23338**
CITY ATTORNEY
Email: donesia.turner@nola.gov
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for the City of New Orleans*

And

*/s/ C. Theodore Alpaugh, III*
**C. Theodore Alpaugh, III**, LSBA # 02430
Guste, Barnett, Schlesinger & Alpaugh, L.L.P.
639 Loyola Avenue, Suite 2130
New Orleans, Louisiana 70113
(504) 529-4141 Office
(504) 561-0326 Facsimile
cta@gustebarnett.com E-mail

*Counsel for Derrick Burmaster*