


## CITY OF NEW ORLEANS
# DEPARTMENT OF POLICE

*715 South Broad Street*
*New Orleans, LA 70119*

**LaToya Cantrell**
MAYOR

*"to protect and to serve"*

**Anne E. Kirkpatrick**
SUPERINTENDENT

October 27, 2023

SPO Derrick Burmaster
1033 East William David Parkway
Metairie, La 70005
Employee ID# 012743

RE: PIB Control Tracking Number: 2021-0238-R

SPO Burmaster,

Sergeant Shannon Brewer, formally assigned to the New Orleans Police Department's Public Integrity Bureau investigated a complaint initiated against you. The complainant alleged you violated the following NOPD policies:

- (V1) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 11
- (V2) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 13 (a)
- (V3) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 32

On Saturday, April 10, 2021, you responded to a domestic disturbance at 1420 Felicity Street. Upon arriving at the residence, a secondary unit manned by SPO John Roussel arrived to assist. The responding officers entered the front yard of the residence and heard dogs barking. SPO Roussel ran and exited the front yard, while you removed your service weapon from the holster. Two dogs ran from the upstairs apartment. The larger dog ran towards the exit, towards SPO Roussel, while the smaller dog ran towards you. You fired three shots, fatally wounding the dog.

CITY DEFENDANTS - 5076

SPO Derrick Burmaster
2021-0238-R
Page -2 of 6

In your administrative statement, you admitted before entering the front yard of the residence, you checked the yard for any signs of dogs. Upon entering the yard and approaching the front door of the residence you heard the sound of dogs barking. You admitted when you fired your weapon, you observed the larger dog running towards SPO Roussel. Upon observing the larger dog, you fired your weapon at the dog closet to you fatally wounding it. You stated the dog was barking and running toward you, which made you believe the dog was aggressive and would bite you. You admitted you did not have sight of the dog when you removed your weapon, and the dog did not harm him. You stated you could not recall the dog's actions, and the first and third shots were a blur. You admitted that you were not equipped with your PR24/Expandable Baton or ASP. You also admitted you were not wearing your departmental issued, Body Armor.

After all evidence was considered, Sgt. Brewer, recommended the following dispositions:

- (V1) **Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 11-SUSTAINED**

- (V2) **Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 13 (a)-SUSTAINED**

- (V3) **Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 32-SUSTAINED**

    **ADDITIONAL SUSTAINED VIOLATIONS:**

- (V4) **Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.10 Uniform Specifications, Paragraph 29-SUSTAINED**
- (V5) **Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.11 Body Armor, Paragraph 8 (c)-SUSTAINED**

To afford you an opportunity to present facts in mitigation or to explain your actions, a Superintendent's Committee Disciplinary Hearing was held on Wednesday, June 15, 2023. The Committee consisted of Chief Deputy Superintendent Hans Ganthier. NOPD's Field Operations Bureau, Deputy Chief Keith Sanchez, NOPD's Public Integrity Bureau, and Deputy Chief Superintendent Ryan Lubrano, NOPD's Investigative Service Bureau. Chief Deputy Superintendent Ganthier chaired the hearing.

At the hearing, you stated you believed the dogs were dangerously aggressive, because they were barking and running towards you. You stated you had previously been bitten by small dogs, while on duty. You stated you believed the dog was ferocious and was going to bite you without provocation.

CITY DEFENDANTS - 5077

The Superintendent's Hearing Committee considered the totality of informational content derived from the culmination of all relevant investigation and testimony provided during the hearing. Many factors were provided for consideration which were summarized in a Cover Letter authored by Chief Deputy Ganthier on September 11, 2023.

*"Officer Derrick Burmaster entered the front yard and proceeded to go to the residence. Once half-way in the gate, Officer Burmaster heard barking sounds coming fast towards him. He removed his weapon because he did not observe a way out. He didn't think he was fast enough to make it out the gate before the dogs arrived. He did not observe a platform or car to jump on to escape. He didn't believe he could jump the fence because of the spikes on top of it. He prepared himself and once he observed the dog, he believed it was vicious and coming fast towards him. Officer Burmaster believed the dog would bite him on the leg or pelvis area. Officer Burmaster then shot the dog that was a threat to him. Officer Burmaster believed the dog was ferocious and was going to bite without provocation. He then attempted to deescalate the situation by apologizing to the owners on the scene. Officer Burmaster stated he just wanted to get out safely without injuring himself or the dog.*

*The panel believed the outcome of the incident would not have been affected by Officer Burmaster having the PR24/Expandable Baton and/or the department issued Body Armor".*

Chief Deputy Ganthier further changed the disposition for V-1, V-2, and V-3 from "SUSTAINED" to "EXONERATED". This cover letter also mitigated the presumptive **Letter of Reprimand** penalty to an **Oral Reprimand**.

After all testimony and evidence was considered, the Committee recommended the following disposition and penalty:

- (V1) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 11-EXONERATED

- (V2) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 13 (a)-EXONERATED

- (V3) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty (C-6) Failing to comply with instructions, oral or written from any authoritative source; to wit NOPD Chapter 1.3 Use of Force; Paragraph 32-EXONERATED

    ADDITIONAL SUSTAINED VIOLATIONS:

- (V4) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.10 Uniform Specifications, Paragraph 29-SUSTAINED/Level A/ 1st Offense /Oral Reprimand

- (V5) Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.11 Body Armor, Paragraph 8 (c)-SUSTAEIND/Level A/ 1st Offense /Oral Reprimand

CITY DEFENDANTS - 5078

SPO Derrick Burmaster
2021-0238-R
Page -4 of 6

These rules/chapters read as follows:

> Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.10 Uniform Specifications, Paragraph 29
>
> OFFICIAL NOPD UNIFORM – GENERAL DESCRIPTION 29. The below listed items comprise the official NOPD uniform: (a) Uniform shirt with authorized badge and name plate (badge and name plate to be worn on outermost garment unless replaced with patches as authorized in this Chapter) (b) Uniform trousers (c) Uniform cap with frontispiece (d) Rain wear (e) Uniform gun belt with holster, plain, smooth, black leather or synthetic look alike with belt-keepers. Black under-belt may be worn. (f) Magazines with pouches (g) Handcuffs with case (h) Authorized footwear with black or navy-blue socks (i) Police whistle (black, chrome or brass as appropriate to rank) (j) Flashlight (not to exceed 13 inches, black or chrome/silver in color) (k) Black/blue ink pen and notebook (l) Authorized duty firearm and ammunition (m) Identification cards and folder (n) Police handheld radio with carrying case and/or belt attachment (o) PR 24 police baton and ring holder or expandable baton with authorized carrying case (p) TASER with approved holster CHAPTER:41.10 Page 4 of 23 (q) Authorized reflective vest (r) Knife (Buck brand or similar), or a multipurpose tool with four-inch maximum lock blade and smooth black leather case with flap

*You violated this rule when you failed to be equipped with a PR 24/ Expandable Baton or ASP while working your tour of duty.*

> Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.11 Body Armor, Paragraph 8
>
> USE OF BODY ARMOR
> 8. Generally, the use of body armor is required subject to the following:
> (c) Body armor shall be worn when an officer is working a uniform assignment.

*You violated this rule when you failed to wear your Body armor while working you uniform assignment.*

CITY DEFENDANTS - 5079

SPO Derrick Burmaster
2021-0238-R
Page -5 of 6

Moreover, your conduct is contrary to the standards as prescribed by Rule IX, Section 1., paragraph 1.1, of the Rules of the Civil Service Commission for the City of New Orleans. This Rule prescribes:

## RULE IX
## DISCIPLINARY ACTIONS
## MAINTAINING STANDARDS OF SERVICE

Section 1.

1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following: (a) termination from the service. (amended January 21, 1988, effective February 1, 1988); (b) involuntary retirement. (adopted June 10, 1982); (c) reduction in pay within the pay grade for the employee's classification, subject to the provisions of Rule IV, Section 3. A reduction in pay includes involuntary time away from work without pay, no matter how brief (e.g., involuntary leave without pay). (amended September 27, 1990, amended February 17, 2014); (d) demotion to any position of a lower classification that the employee is deemed by the Appointing Authority and the Director to be competent to fill, accompanied by a reduction in pay which is within the pay grade range for the lower classification, subject to the provisions of Rule IV, Section 3. (amended September 27, 1990); (e) suspension without pay not exceeding one hundred twenty (120) calendar days; (f) fine; (g) letters of reprimand as defined in Rule I. (amended February 17, 2014). (Section 1.1. (a)-(f) and amended June 10, 1982, effective June 10, 1982, Section 1.1 (c) and (g), amended February 17, 2014, effective March 1, 2014).

Therefore, in light of the above investigation, a review of any disciplinary record and due to the nature of your violation, you are hereby notified of the **SUSTAINED** violation of:

- **Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.10 Uniform Specifications, Paragraph 29-SUSTAINED/Level A/ 1st Offense.** Your penalty for this violation is an **Oral Reprimand**.

- **Rule 4: Performance of Duty; Paragraph 4: Neglect of Duty; (C-6) Failing to comply with instruction, oral or written, from any authoritative source to wit NOPD Chapter 41.11 Body Armor, Paragraph 8 (c)-SUSTAEIND/Level A/ 1st Offense.** Your penalty for this violation is an **Oral Reprimand**.

This will serve as your official **ORAL REPRIMAND.**

CITY DEFENDANTS - 5080

You are advised that you may have a right to appeal this decision to the Civil Service Commission for the City of New Orleans within thirty (30) days from the date of this letter. Any such appeal must be in writing and received in the Civil Service Department, located at 1340 Poydras, Suite 900, New Orleans, La 70112, by close of business on the 30th day from the date of this letter.

Further, you are advised that due to your suspension, you should contact the CAO Hospitalization Office at 504-658-6815 to make arrangements to maintain Hospitalization Insurance payments. These payments are not paid by the City of New Orleans while you are on suspension without pay. You will lose those benefits if you do not arrange to pay for them yourself.

You are also advised that any further violations of a similar nature may result in more serve disciplinary action taken by this officer. A photocopy of this disciplinary letter will be retained in your Personnel file.

Sincerely,

Anne E. Kirkpatrick
Superintendent of Police

AEK: at
cc:     Superintendent's Office
        Department of City Civil Service
        NOPD Personnel Office
        Pension Board
        Field Operations Bureau
        Captain, 7th District
        Public Integrity Bureau

"an equal opportunity employer"