**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DEREK BROWN, ET AL | CIVIL ACTION

VERSUS | NO. 22-847

DERRICK BURMASTER, ET AL | SECTION "L" (4)

### Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment on Ratification

Now come Plaintiffs to move for partial summary judgment against the City of New Orleans on the *Monell* theory of ratification.

When a subordinate officer's action is sufficiently extreme and the final policymaker approves the subordinate's decision and basis for it, a city itself will be liable under the *Monell* doctrine of ratification.[1]

Here, those elements are met. First, Burmaster's action in shooting to death an eighteen-week-old puppy was extreme – so extreme that the Fifth Circuit agreed with this Court that the shooting could be the basis for punitive damages.

Second, on May 1, 2025, the final policymaker – Superintendent Anne Kirkpatrick – testified that she approved of Burmaster's decision and the basis for it.

There is therefore no factual issue for trial on the ratification question. For that reason, the Court should grant partial summary judgment on *Monell* ratification. If granted, it would still be up to the jury whether Burmaster violated the Constitution. But if the jury were to so find, then both Burmaster and the City should be liable because of ratification.

---

[1] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *World Wide Street Preachers v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009).

# I.    LEGAL STANDARD

"[S]ummary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[2] Summary judgment is only appropriate when the moving party identifies material facts not in dispute, "and the nonmoving party fails to produce or identify in the record summary judgment evidence sufficient to sustain a finding in its favor respecting such of those facts as to which it bears the trial burden of proof."[3] In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."[4]

# II.    ANALYSIS

## A.    The Court should grant partial summary judgment on ratification because Chief Kirkpatrick's testimony exactly matches the standard for ratification.

Typically, a municipality will not be held liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[5]

A "ratification" theory is one way of holding a city liable under § 1983. Under that theory, a city can "be held liable if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker."[6]

Specifically, the Supreme Court has held that if "authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality

---

[2] *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).
[3] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 521 (5th Cir. 1999).
[4] *Total E & P USA Inc. v. Kerr—McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013).
[5] Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
[6] Allen v. Hays, 65 F. 4th 736, 749 (5th Cir. 2023).

because their decision is final."[7] In the Fifth Circuit, *Monell* liability through ratification is generally limited to when "the subordinate's actions are sufficiently extreme."[8]

In 2022, Plaintiffs indicated to the Court and Defendants that if the NOPD Superintendent assessed that Burmaster's actions were within policy, one of Plaintiffs' *Monell* theories would be ratification.[9] That has come to pass. And the facts and testimony match the standard for ratification.

First, we have extreme conduct by a subordinate – Officer Burmaster chose to aim at, shoot, and kill the *smaller* of two dogs on residential property.[10] The dog was a sixteen-week-old puppy that weighed just over 22 pounds and was less than a foot and a half tall.[11] He was "approximately the size of a large cat."[12] The video evidence "shows that Officer Roussel tapped Burmaster on the shoulder indicating they should leave through the gate and Burmaster chose not to leave."[13] Instead of just walking out, like Roussel, Burmaster fired his gun in the direction of a residential home he knew to be occupied (because it was the one he was responding to a call for service to), and wounded Roussel with shrapnel.

The Fifth Circuit affirmed that this conduct was such that the "district court did not err in not dismissing the Plaintiffs' claims for punitive damages."[14] Generally, punitive damages

---

[7] *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

[8] *World Wide Street Preachers v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009). Plaintiff

[9] R. Doc. 56 at 3 (discussing ratification, and contending that "the *Monell* question is premature. It cannot be resolved until the City conducts the Chief's Hearing, finalizes its position on the shooting, and thus informs the Court as to whether it ratifies the shooting or not.")

[10] *Brown v. Burmaster*, 2025 U.S. App. LEXIS 1129 (5th Cir. Jan. 17, 2025) ("Two dogs, Bucho (larger dog) and Apollo (smaller dog) came down the stairs to the courtyard.")

[11] *Id.* ("Apollo was 16 weeks old and weighed approximately 22 pounds.")

[12] *Id.* at *6.

[13] *Id.*

[14] *Id.* at fn. 3 (5th Cir. Jan. 17, 2025).

are limited to "extreme conduct,"[15] and so this Court and the Fifth Circuit's determination that punitive damages could be appropriate corroborates the extremity of Burmaster's actions.

If this conduct was extreme, the only remaining question is whether the relevant policymaker approved of Burmaster's decision and the basis for it. We now know she did. For NOPD, the final policymaker is the Superintendent.[16] On May 1, 2025, NOPD Superintendent Kirkpatrick testified that she approved of Burmaster's decision and the basis for it:

```
       Q.    And with your signature on the
disciplinary document, you approved of Burmaster's
decision to shoot the dog and his basis for it;
correct?
       A.    I think it's reasonable that he fell
within that range of what would be deemed
reasonable.
       Q.    And so you approved of the decision?
       A.    Yes.
       Q.    And his basis for making the decision?
       A.    His and the weight of all the others who
weighed it along the way, which were all those
deputy chiefs, everyone who assisted us.
```
[17]

---

[15] *Newport v. Fact Concerts*, 453 U.S. 247, 266-67, 101 S. Ct. 2748, 2759 (1981) ("Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct."); *Jackson v. Johns-Manville Sales Corp.,* 781 F.2d 394, 403 (5th Cir. 1986) ("punitive damages are granted only in 'extreme' cases").

[16] *Upton v. Vicknair,* 21-cv-00407-CJB-KWR, R. Doc. 219 at 9 (E.D. La., June 20, 2024) (holding that the "parties agree that . . . the Superintendent of the NOPD, was the final policymaker, and the Court also concludes that this assessment is correct."); *Winn v. New Orleans City*, 2014 U.S. Dist. LEXIS 24365 (E.D. La. Feb. 25, 2014) ("The Court finds this conferment of authority sufficient to establish [Superintendent] Serpas as the final policymaker vis-à-vis the City police department."); *Beckett v. Serpas*, No. 12-910, 2013 U.S. Dist. LEXIS 82686, 2013 WL 2921639, at *3 (E.D. La. June 12, 2013);

[17] Ex. A (Kirkpatrick Dep.) at 77:9-21.

Given this testimony that the Superintendent approved of Burmaster's decision and the basis for it, there is no factual question for trial about ratification; it is a purely legal question amenable to summary judgment.

## III.    CONCLUSION

For the reasons above, this Court should grant Plaintiffs' Motion for Partial Summary Judgment.

Respectfully Submitted:

/s/ William Most
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

/s/ Tarak Anada
TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com