# Exhibit 2

Deposition of Dr. James W. Crosby

JAMES CROSBY on 03/19/2025

```
             UNITED STATES DISTRICT COURT

             EASTERN DISTRICT OF LOUISIANA

***************************************************

DEREK BROWN and             * CIVIL ACTION

JULIA BARECKI-BROWN         * DOCKET NUMBER:

                            * 22-00847

versus                      * SECTION: L

                            * HONORABLE:

                            * ELDON E. FALLON

DERRICK BURMASTER, SHAUN    * DIVISION: 4

FERGUSON, and the CITY OF   * HONORABLE:

NEW ORLEANS                 * KAREN WELLS ROBY

***************************************************


        The deposition of DR. JAMES W. CROSBY,

taken on WEDNESDAY, MARCH 19, 2025, commencing at

12:54 PM, via videoconference.


                     * * *
```

| | | |
|---|---|---|
| 1 | professionals.  It really doesn't affect | 1:22PM |
| 2 | my opinion either way, because my job is | 1:22PM |
| 3 | to look at the evidence, look at the | 1:22PM |
| 4 | situation, and produce my opinion based | 1:22PM |
| 5 | on the facts before me, not on someone | 1:23PM |
| 6 | else's opinion. | 1:23PM |
| 7 | BY MR. ROQUEMORE: | 1:23PM |
| 8 |     Q    So you would agree that reasonable law | 1:23PM |
| 9 | enforcement officers can have different reasonable | 1:23PM |
| 10 | opinions? | 1:23PM |
| 11 | MR. ANADA:  Object to form.  Go ahead. | 1:23PM |
| 12 | THE WITNESS:  I would say that | 1:23PM |
| 13 | professional law enforcement officers | 1:23PM |
| 14 | can disagree.  I don't think I can say | 1:23PM |
| 15 | whether that's reasonable or not.  I | 1:23PM |
| 16 | believe that's a legal conclusion. | 1:23PM |
| 17 | BY MR. ROQUEMORE: | 1:23PM |
| 18 |     Q    And you're -- are you familiar with the | 1:23PM |
| 19 | disagreement in this case whereas -- well, you're | 1:23PM |
| 20 | aware that Shannon Brewer's recommendation to the | 1:23PM |
| 21 | chief of -- the superintendent of the NOPD was, in | 1:23PM |
| 22 | fact, rejected by the superintendent; are you | 1:23PM |
| 23 | aware of that? | 1:23PM |
| 24 | MR. ANADA:  Object to form. | 1:23PM |
| 25 | Mischaracterizes facts in evidence.  Go | 1:23PM |

| | | |
|---|---|---|
| 1 | ahead. | 1:23PM |
| 2 | THE WITNESS:  I'm aware that the | 1:24PM |
| 3 | superintendent's committee issued a | 1:24PM |
| 4 | different opinion and the superintendent | 1:24PM |
| 5 | apparently signed off on that, yes. | 1:24PM |
| 6 | BY MR. ROQUEMORE: | 1:24PM |
| 7 | Q   Going back to your report, bullet point | 1:24PM |
| 8 | nine, we're still talking about the exhibits that | 1:24PM |
| 9 | you looked at, or the documents that you looked | 1:24PM |
| 10 | at, and you list various documents regarding past | 1:24PM |
| 11 | discipline and performance issues with Burmaster | 1:24PM |
| 12 | provided in discovery; do you see that? | 1:24PM |
| 13 | A   Yes. | 1:24PM |
| 14 | Q   Okay, you don't agree that that really | 1:24PM |
| 15 | doesn't give us an idea -- what you looked at? | 1:24PM |
| 16 | MR. ANADA:  Object to form -- | 1:24PM |
| 17 | THE WITNESS:  That material is material | 1:24PM |
| 18 | that I looked at regarding Burmaster's | 1:24PM |
| 19 | history, but had no impact on my | 1:24PM |
| 20 | opinion.  I simply have listed it for | 1:24PM |
| 21 | completeness.  My opinion was requested | 1:24PM |
| 22 | on this incident and this incident | 1:25PM |
| 23 | alone, not Burmaster's disciplinary | 1:25PM |
| 24 | history or write-ups, or anything in the | 1:25PM |
| 25 | past.  I put that in there for -- to | 1:25PM |

| | | |
|---|---|---|
| 1 | make sure that I was completely | 1:25PM |
| 2 | transparent in what I looked at. | 1:25PM |
| 3 | BY MR. ROQUEMORE: | 1:25PM |
| 4 | Q   All right.  So for purposes of this | 1:25PM |
| 5 | report and the opinions you're going to provide in | 1:25PM |
| 6 | this case, we can ignore all the documents | 1:25PM |
| 7 | regarding past discipline and performance issue | 1:25PM |
| 8 | with Burmaster? | 1:25PM |
| 9 | MR. ANADA:  Object to form, go ahead. | 1:25PM |
| 10 | THE WITNESS:  That's correct.  I am not | 1:25PM |
| 11 | issuing an opinion on what should have | 1:25PM |
| 12 | been done to Burmaster before this. | 1:25PM |
| 13 | BY MR. ROQUEMORE: | 1:25PM |
| 14 | Q   All right.  I just want to make sure | 1:25PM |
| 15 | that I'm clear about your opinions that you're | 1:25PM |
| 16 | providing in this case, and maybe we can save | 1:25PM |
| 17 | ourselves a little bit of time.  If you go to the | 1:25PM |
| 18 | last page in your report, there's a listing of | 1:26PM |
| 19 | number 17. | 1:26PM |
| 20 | A   Okay. Yes. | 1:26PM |
| 21 | Q   Yeah, do you see that?  Do you see that | 1:26PM |
| 22 | opinion there? | 1:26PM |
| 23 | A   Yes, I did -- | 1:26PM |
| 24 | Q   Are you withdrawing that opinion at this | 1:26PM |
| 25 | time? | 1:26PM |

| | | |
|---|---|---|
| 1 | A    No and quite honestly forgotten I had | 1:26PM |
| 2 | appended that on the end, because that was asked | 1:26PM |
| 3 | to me in the capacity of having been a supervisor | 1:26PM |
| 4 | and commanding officer in my own department for 23 | 1:26PM |
| 5 | years, and I still stand behind that.  I was | 1:26PM |
| 6 | thinking that that was outside the scope of what | 1:26PM |
| 7 | you were asking about the dog. | 1:26PM |
| 8 | Q    Well, asking about what you looked at | 1:26PM |
| 9 | and why you looked at it.  So just so I'm clear, | 1:26PM |
| 10 | you're still -- you're holding onto 17, right? | 1:27PM |
| 11 | A    Yes, frankly having looked through the | 1:27PM |
| 12 | disciplinary actions, yes.  I still hold that | 1:27PM |
| 13 | opinion. | 1:27PM |
| 14 | Q    Okay.  So we're going back to the | 1:27PM |
| 15 | documents you looked to form this opinion.  So | 1:27PM |
| 16 | what documents did you look at, because it doesn't | 1:27PM |
| 17 | appear that anything is really described? | 1:27PM |
| 18 | MR. ANADA:  Object to form.  Go ahead. | 1:27PM |
| 19 | THE WITNESS:  I did not list them all. | 1:27PM |
| 20 | There were quite a few disciplinary | 1:27PM |
| 21 | documents that were provided in | 1:27PM |
| 22 | discovery, and I went through all of | 1:27PM |
| 23 | those.  I did not go through each one, | 1:27PM |
| 24 | I -- simply in the interest of brevity. | 1:27PM |
| 25 | BY MR. ROQUEMORE: | 1:27PM |

| | | |
|---|---|---|
| 1 | Q   Okay.  So what documents did you look | 1:27PM |
| 2 | at? | 1:27PM |
| 3 | MR. ANADA:  Object to form.  Asked and | 1:27PM |
| 4 | answered and stated in his report.  Go | 1:27PM |
| 5 | ahead, Jim. | 1:27PM |
| 6 | THE WITNESS:  Let me pull up the -- | 1:27PM |
| 7 | BY MR. ROQUEMORE: | 1:27PM |
| 8 | Q   Mr. Crosby, let me rephrase that.  What | 1:27PM |
| 9 | documents did you look at in forming your opinion | 1:28PM |
| 10 | that's contained in Paragraph 17 of the last page | 1:28PM |
| 11 | of your report? | 1:28PM |
| 12 | A   There were -- | 1:28PM |
| 13 | MR. ANADA:  Same objection; go ahead. | 1:28PM |
| 14 | THE WITNESS:  There were disciplinary | 1:28PM |
| 15 | files and so forth that were provided in | 1:28PM |
| 16 | discovery, and that's what I looked at. | 1:28PM |
| 17 | I'm trying to find if I can find a stack | 1:28PM |
| 18 | of those easily without having to waste | 1:28PM |
| 19 | any time here.  I don't -- I'm afraid | 1:28PM |
| 20 | that I've redone my storage, and I don't | 1:28PM |
| 21 | have -- I have a folder that says -- | 1:28PM |
| 22 | NOPD documents, that did contain that, | 1:28PM |
| 23 | but apparently they didn't translate | 1:28PM |
| 24 | over.  I could go back to my email and | 1:29PM |
| 25 | resurrect that file, but that would take | 1:29PM |

| | | |
|---|---|---|
| 1 | a few minutes here. | 1:29PM |
| 2 | BY MR. ROQUEMORE: | 1:29PM |
| 3 | Q    So as we're sitting here today, the best | 1:29PM |
| 4 | you can answer this question, is that you looked | 1:29PM |
| 5 | at various documents regarding past disciplinary | 1:29PM |
| 6 | performance issues with Burmaster? | 1:29PM |
| 7 | A    Yes. | 1:29PM |
| 8 | MR. ANADA:  Object to form -- produced | 1:29PM |
| 9 | in discovery, but go ahead. | 1:29PM |
| 10 | THE WITNESS:  Yes, and I reviewed those | 1:29PM |
| 11 | documents that were produced in | 1:29PM |
| 12 | discovery.  I did not list them | 1:29PM |
| 13 | individually. | 1:29PM |
| 14 | BY MR. ROQUEMORE: | 1:29PM |
| 15 | Q    All right.  So this report that we're | 1:29PM |
| 16 | looking in number 1, this is your only report in | 1:29PM |
| 17 | this case, right? | 1:29PM |
| 18 | A    Yes. | 1:29PM |
| 19 | Q    It has all of your opinions that you are | 1:29PM |
| 20 | intending to offer in this case, correct? | 1:29PM |
| 21 | A    Unless you ask something else that was | 1:29PM |
| 22 | not covered, because I also expressly stated that | 1:29PM |
| 23 | if there was any new material evidence or | 1:30PM |
| 24 | testimony that was introduced, then I would | 1:30PM |
| 25 | reserve the right to have an opinion on that also. | 1:30PM |

C E R T I F I C A T E

    This certification is valid only for a transcript accompanied by my original signature and original required seal on this page.

    I, Cynthia LeBlanc, Certified Court Reporter, in and for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that, DR. JAMES CROSBY, after having been duly sworn by me upon authority of R.S. 37:2554, did testify as hereinbefore set forth in the foregoing 219 pages; that this testimony was reported by me in the stenomask reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript to the best of my ability and understanding; that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board and that I am informed about the complete arrangement, financial or otherwise, with the person or entity making arrangements for deposition services; that I have acted in compliance with the prohibition on contractual relationships, as defined by Louisiana Code of Civil Procedure Article 1434 and in rules and advisory opinions of the board; that I have no actual knowledge of any prohibited employment or contractual relationship, direct or indirect, between a court reporting firm and any party litigant in this matter, nor is there any such relationship between myself and a party litigant; that I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

    Dated this 26th day of March, 2025.

_Cynthia S. LeBlanc_
Cynthia S. LeBlanc, CCR
Louisiana Certification No. 2019006

6:30PM