# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **Civil Action No. 22-00847** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **SECTION: L** |
| **VERSUS** | * | |
| | * | **HONORABLE ELDON E. FALLON** |
| **DERRICK BURMASTER, SHAUN** | * | |
| **FERGUSON, and the CITY OF** | * | **DIVISION: 4** |
| **NEW ORLEANS** | * | |
| | * | **HONORABLE KAREN WELLS ROBY** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF SERGEANT DAVID DUPLANTIER[1]

The Fifth Circuit has held that the relevant test for determining whether a police officer's shooting of a citizen's pet dog violates the Fourth Amendment is whether the seizure was "objectively reasonable." *Ramirez v. Killian*, 113 F. 4th 415, 426 (5th Cir. 2024) (citing *Stephenson v. McClelland*, 632 F. App'x 177, 184 (5th Cir. 2015) (unpub.)). The Fifth Circuit has further clarified that "[w]e judge the reasonableness of an officer's conduct 'objectively,' that is, without reference to the subjective intent or motivation that underlies the officer's conduct." *Lytle v. Bexar Cty. Tex.*, 560 F.3d 404, 411 (5th Cir. 2009) (emphasis added).[2] And just this week, the

---

[1] Defendants do not oppose Plaintiffs' motion as it relates to the exclusion of Sgt. Duplantier's opinions about "reasonableness." As such, this Reply does not address that issue.

[2] Conversely, no Court in the Fifth Circuit has ever permitted subjective factors, such as a particular officer's subjective thoughts, experiences, or comfort level with animals, to be considered in a Fourth Amendment seizure analysis.

Supreme Court reaffirmed that the "touchstone of the Fourth Amendment is 'reasonableness,' as measured in objective terms."[3]

But Defendants' expert, Sgt. Duplantier, did not apply an objective analysis—instead, he used a subjective one. Plaintiffs therefore moved to exclude Sgt. Duplantier's opinions about the appropriateness of Burmaster's use of lethal force on Apollo because the analysis he uses is "for the most part" based on the "particular officer's subjective thoughts, experience, comfort level with animals, et cetera."[4]

Defendants argue in opposition that a "review of Sgt. Duplantier's testimony and report shows that his opinion is based on objective facts, not Officer Burmaster's subjective state of mind."[5] But Duplantier's actual testimony shows the opposite. Sgt. Duplantier specifically conceded that, in determining the appropriateness of an officer's use of lethal force on animals, he factors in the officer's subjective, idiosyncratic fears as a crucial component of the analysis:

A.    But for some people, they don't -- they just see a dog. They see an animal. So some people's fear level when it comes to animals -- like people with horses; they won't get near them. So for me, the breed would be a factor. For some people -- I can't say for everyone -- that -- that's going to be taken into consideration.

Q.    It's one of the subjective components of this, right, based on your own personal experiences, thoughts –

A.    Yes, sir.

Q.    -- beliefs, and that kind of stuff? And you train the officers that it's fine to factor in your subjective beliefs –

A.    Yes, sir.

Q.    -- into the overall decision-making rubric. Right?

---

[3] *Barnes v. Felix*, __U.S. __ at 6 (2025) (quoting *Brigham City v. Stuart,* 547 U. S. 398, 403 (2006)).
[4] R. Doc. 217-2, at 7.
[5] R. Doc. 220, at 5.

#103933971v1

A.      Yes.[6]

Sgt Duplantier even conceded that the threat assessment component was subjective:

A.      Like, a small. But then again, like I said, you -- a person's -- when we're going back to talking about use of force and that person's interpretation to the threat level, as long as it stays within reason -- *so some people, even though it may be a small dog, it still may be a very credible threat to them*.

Q.      *Based on their subjective viewpoint, right*?

A.      *Yes*.[7]

Under Sgt. Duplantier's analysis, even though the 16-week old 22-lb puppy Apollo would not have been a legitimate threat of serious physical injury to the average reasonable officer (indeed, Duplantier concedes that he himself would have "more likely … kick at the dog" to deal with the situation[8]), because Burmaster had a unique idiosyncratic fear of dogs,[9] it was "reasonable" for Burmaster to shoot the dog in light of his own subjective viewpoint.

Because Sgt. Duplantier considers Burmaster's "subjective intent or motivation that underlies the officer's conduct" in stark contrast to the objective analysis mandated by the Fifth Circuit, *Lytle v. Bexar Cty. Tex.*, 560 F.3d 404, 411 (5th Cir. 2009); *Ramirez v. Killian*, 113 F. 4th 415, 426 (5th Cir. 2024), his opinions will not aid the jury in their ultimate task of determining whether Burmaster's conduct was "objectively reasonable" under a totality of the circumstances.

---

[6] R. Doc. 217-2, at 9.

[7] R. Doc. 217-2, at 10.

[8] R. Doc. 217-2, at 16.

[9] In justifying his use of lethal force on Apollo to NOPD's Public Integrity Bureau Force Investigation Team, "Officer Burmaster stated that he has been bitten several times by dogs that range in size from small to large. Officer Burmaster stated that he is tired of being bitten by dogs and tired of going to the hospital for treatment for dog bites. Officer Burmaster stated that there is an ongoing problem in the city where people are negligent with their dogs." He further explained that he shot Apollo because "he was concerned the dog was going to bite his penis." In 2012, Officer Burmaster previously shot another dog to death in the line of duty over concerns about his "crotch." R. Doc. 110-9, at 3-4, 9-10.

#103933971v1

Moreover, Sgt Duplantier's opinions will not even aid the jury in determining whether Burmaster's actions violated NOPD's own policies and procedures, as NOPD's official "Use of Force" policy only allows "deadly or lethal force" "[w]hen it is <u>objectively reasonable</u>."[10]

His expert opinions on the appropriateness of Burmaster's use of lethal force therefore have little to no probative value in this case.

Conversely, Sgt. Duplantier's expert opinions have a substantial likelihood of confusing the jury into applying the wrong legal standard—*i.e.*, by factoring in and considering Burmaster's unique subjective beliefs—in determining whether Burmaster's use of deadly force on Apollo was objectively reasonable. Under such an impermissible subjective standard, <u>literally any use of deadly force can be deemed reasonable</u>, no matter how unjustified, depending on what is going through the particular officer's head at the time.

"Because '[e]xpert evidence can be . . . quite misleading,' a court under Rule 403 should 'exercise[] more control over experts than over lay witnesses.'" *Douglas v. Chem Carriers Towing, LLC*, 431 F. Supp. 3d 830, 835 (E.D. La. 2019) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993)). Sgt. Duplantier's testimony should be excluded, or at least excluded as it relates to his opinions on Burmaster's use of force and whether it violated NOPD policy, because it is far more prejudicial than probative.

---

[10] R. Doc. 110-12, at 25, ¶ 21.

#103933971v1

Respectfully submitted,

/s/Tarak Anada
TARAK ANADA (La. Bar No. 31598)
JONES WALKER LLP
201 St. Charles Avenue, Ste. 4900
New Orleans, LA 70170
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
Email: tanada@joneswalker.com

/s/William Most
WILLIAM MOST (La. Bar No. 36914)
DAVID LANSER (La Bar No. 37764)
MOST & ASSOCIATES
201 Saint Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

#103933971v1