UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

## REPLY IN SUPPORT OF DEFENDANTS' SECOND MOTION *IN LIMINE* TO EXCLUDE OPINION OF JAMES W. CROSBY

Derrick Burmaster and City of New Orleans ("Defendants") respectfully submit this Reply to Plaintiffs' Opposition [R. Doc. 219] (the "Opposition") to Plaintiffs' Second Motion *In Limine* to Exclude Expert Testimony of James Crosby [R. Doc. 209] (the "Motion").

### 1. "Recklessness" is a legal conclusion which is improper for expert testimony.

In their Motion, Defendants seeks to exclude opinion testimony of James Crosby that NOPD Officer Derrick Burmaster's shooting of Plaintiff's dog constituted "reckless deployment of deadly force."[1] Plaintiffs, in their Opposition, argue that "recklessness" is not required "in the *Fourth Amendment* seizure analysis."[2]

However, "recklessness" is an element of punitive damages, which Plaintiffs are seeking in this lawsuit.[3] Crosby's opinion as to "recklessness" is therefore a legal conclusion which

---

[1] R. Doc. 201-1, p. 2, 4-5 (citing *Toomer v. Florida Parishes Juvenile Justice Comm'n*, 03-0734, 2005 WL 5974570, *1 (E.D. La 2005). Defendants concede Crosby should not (and will not) testify as to the "reasonableness" of Officer Burmaster's actions because that would impinge upon the jury's province. See *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) (citing *United States v. Chavez*, 281 F.3d 479, 483 (5th Cir. 2002)) (reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion).
[2] R. Doc. 219, p. 3 (emphasis added).
[3] See *Melancon v. Walsh*, 23-7394, 2024 WL 1367644, *5 (E.D. La. April 1, 2024) ("Under § 1983, punitive damages may be awarded only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous

infringes upon the fact-finding functions of the jury and will likely lead to jury confusion.[4] Further, as the term, "reckless" is part of the pattern jury charge; Crosby's use of that term will cause jury confusion and undue weight to be given to his opinion.[5] Crosby should therefore be precluded from testifying as to "recklessness."[6]

### 2. Crosby's testimony concerning supervision, discipline and retention of Officer Burmaster is based neither on expertise nor facts.

James Crosby, on his Curriculum Vitae, describes himself as a "Certified Behavior Consultant" and an expert in "canine behavior dog bites and attacks, and shelter management and operations.[7] He has never testified as an expert in the area concerning supervision, discipline or retention of law enforcement officers.[8] His generalized law enforcement experience, which ended in 1999 as a Lieutenant with the Jacksonville Sheriff's Office, is insufficient to demonstrate expertise to provide an opinion regarding proper supervision, discipline or retention of a New Orleans Police Department ("NOPD") officer; this is especially so given the unique requirement imposed upon the NOPD by the Consent Decree and the New Orleans Civil Service Rules. As such, any opinion he would offer in this regard would be unreliable and should be excluded.

---

indifference' to a person's constitutional rights.") (quoting *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).
[4] See *Gibbs v. Lointo*, 21-1091, 2023 WL 3224581 (E.D. La. May 3, 2023) ("[expert] testimony must not cross the borderline long recognized by this court between a 'mere explanation of the expert's analysis of the facts' and a 'forbidden opinion on the ultimate legal issue' in the case.") (citing *United States v. Warren*, No. 10-154, 2010 WL 11623588 at *4, (E.D. La. Nov. 8, 2010) (citing *United States v. Speer*, 30 F.3d 605, 610 (5th Cir. 1994)).
[5] See Fifth Circuit Pattern Jury Charge 15.13 ("You also may award punitive damages, if the plaintiff has proved that the defendant acted with … callous and ***reckless*** indifference to the safety or rights of others.") (emphasis added).
[6] See *U.S. Equal Emp. Opportunity Comm'n v. MJC, Inc*., No. 17-00371, 2019 WL 2992013, at *4 (D. Haw. July 9, 2019) (expert opinion on whether defendants "violated the ADA and whether their conduct was malicious and/or reckless" inadmissible because these are ultimate legal issues); *Anderson v. Wheeler*, 17-cv-185, 2019 WL 9362641 (E.D. Ken. Aug. 8, 2019) (excluding expert testimony that defendant acted "recklessly" and "demonstrated flagrant disregard for the safety of others" due to unfair prejudice, confusing the issues and misleading the jury).
[7] R. Doc. 209-3, p. 1.
[8] See R. Doc. 209-1, p. 7. In the Opposition, Plaintiffs do not provide any other case in which Crosby was permitted to provide expert testimony concerning supervision or retention of law enforcement officers.

Moreover, Crosby's testimony should be excluded because he failed and refused to identify any document that he relied upon in forming his supposed opinion concerning NOPD's supervision, discipline and retention of Officer Burmaster. Plaintiff, in their Opposition, argue that Defendants should have known that Crosby was referring to documents provided in the course of discovery.[9] However, at his deposition, Crosby did not identify any document upon which he based his opinion. Because of this, Defendants were prevented from questioning Crosby about the dubiousness of his conclusions.

For example, Defendants were prevented from questioning Crosby about the following documents, which Crosby may have reviewed:

- Documents that showed that Officer Burmaster fired his weapon only three times since he was certified as an NOPD officer in 2001;

- Documents that showed that Officer Burmaster was investigated only five times for using force (none of which involved firing a gun and none were similar to the instant case);

- Documents that showed that Officer Burmaster was never found to have violated NOPD policy by using excess force;

- Documents that showed that none of Officer Burmaster's NOPD rule violations were similar to the instant case; and

- Documents that showed that none of Officer Burmaster's NOPD rule violations warranted any different discipline under the Civil Service Rules than what he received.

---

[9] R. Doc. 219, pp. 8-9 (referencing "records" produced in discovery).

3

This is not a situation where Crosby's dubious conclusions can be addressed at trial on cross-examination.[10] To the contrary, Defendants were prevented from finding out the support (if any) for this opinion. By failing to disclose all data considered by Crosby, Plaintiffs violated the Federal Rules of Civil Procedure.[11] This "trial by ambush" strategy is unfair and should result in the exclusion of Crosby's proposed opinion on the supervision, discipline, and retention of Officer Burmaster.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for Derrick Burmaster and the City of New Orleans*

---

[10] See *Cortez v. Custard*, No. 20-CV-3110, 2024 WL 2941166, at *4 (E.D. La. June 11, 2024) (Fallon, J.) (finding that "concerns that Najolia's opinions are based on incorrect and one-sided facts can be addressed at trial on cross-examination").

[11] See *Biestek v. Berryhill*, 587 U.S. 97, 104, 139 S.Ct. 1148, 1154, 203 L.Ed.2d 504 (2019) ("[i]n federal court … an expert witness must produce all data she has considered in reaching her conclusions") (citing Fed. Rule Civ. Proc. 26(a)(2)(B)).