UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK BROWN, ET AL | CIVIL ACTION |
| VERSUS | NO. 22-847 |
| DERRICK BURMASTER, ET AL | SECTION "L" (4) |

**Plaintiffs' Motion *in Limine* Regarding
Defense Witnesses Lubrano, Sanchez, Ganthier, and Kirkpatrick**

This case is about New Orleans Police Department officer Derrick Burmaster's use of lethal force on Plaintiffs' 16-week-old puppy.

On their witness list, Defendants have listed four high-ranking NOPD officials: Superintendents Lubrano, Sanchez, Ganthier, and Kirkpatrick. All four superintendents reviewed Burmaster's actions in the course of the NOPD disciplinary process. Unlike the officers who directly investigated the shooting, these superintendents did not think the shooting was unreasonable.

The testimony of those four officials and the memoranda they wrote should be excluded for at least three reasons. First, none of the four superintendents were percipient witnesses to the shooting. Nor did they conduct any investigation into the shooting. As a result, the only testimony they can offer is their *personal opinion* about whether the shooting was reasonable – but Defendants have not designated any of the four as an expert.

Second, the Supreme Court and the Fifth Circuit have held that the analysis here should be objective, not subjective. Specifically, the jury is to "judge the reasonableness of an officer's conduct 'objectively,' that is, without reference to the subjective intent or motivation that

1

underlies the officer's conduct."[1] But Lubrano, Sanchez, Ganthier, and Kirkpatrick each assessed Burmaster from either a purely <u>subjective</u> perspective, or were unable to separate objective and subjective factors.

And third, the superintendents' testimony would be misleading to the jury because they skipped a key step of the analysis required by both the constitution and NOPD policy. Specifically, to determine whether shooting a dog was reasonable, both the constitution and NOPD policy require an assessment of whether non-lethal alternatives could have addressed the threat.[2] But the superintendents candidly admitted they did not assess that.

Accordingly, the superintendent's testimony is not even helpful for determining whether Burmaster complied with *NOPD policy*, much less the U.S. Constitution. For the reasons described in the attached memorandum, Plaintiffs' motion should be granted.

Respectfully Submitted:

*/s/ Hope Phelps*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com

---

[1] *See Lytle v. Bexar Cty. Tex.*, 560 F.3d 404, 411 (5th Cir. 2009).
[2] Compare *Killian v. Ramirez* at 428 (requiring analysis of whether "whether killing [the dog] was unavoidable.") with R. Doc. 208-6 (NOPD Policy Manual Chapter 1.3) at ¶ 32 (requiring analysis of whether non-lethal means were "reasonably available."