UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK BROWN and JULIA BARECKI-BROWN | CIVIL ACTION NO. 22-00847 |
| VERSUS | SECTION: L<br>DIVISION: 4 |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | HON. ELDON FALLON<br>HON. KAREN W.ROBY |

DEPOSITION OF DEPUTY SUPERINTENDENT RYAN LUBRANO, given in the above-entitled cause, pursuant to the following stipulation, before Sandra P. DiFebbo, Certified Shorthand Reporter, in and for the State of Louisiana at the Office of the City Attorney, 1300 Perdido Street, Room 5E03, New Orleans, Louisiana, on the 14th day of May, 2025, commencing at 12:00 noon.

APPEARANCES:

REPRESENTING THE PLAINTIFFS:

JONES WALKER
BY: TARAK ANADA,
ATTORNEY AT LAW -and-
PATRICK M. VANBURKLEO,
ATTORNEY AT LAW
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
(pvanburkleo@joneswalker.com)

REPRESENTING DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS:

OFFICE OF THE CITY ATTORNEY
BY: JAMES ROQUEMORE,
ATTORNEY AT LAW
1300 Perdido Street
Suite 5E03
New Orleans, Louisiana 70112
(James.Roquemore@nola.gov)

Reported By:

Sandra P. DiFebbo
Certified Shorthand Reporter
State of Louisiana

E X A M I N A T I O N I N D E X


| | Page |
|---|---|
| BY MR. ANADA: | 5, 95 |
| BY MR. ROQUEMORE: | 84 |


E X H I B I T I N D E X


| | Page |
|---|---|
| Exhibit L1 | 24 |
| Exhibit L2 | 26 |
| Exhibit L3 | 32 |
| Exhibit L4 | 81 |

S T I P U L A T I O N

It is stipulated and agreed by and between Counsel for the parties hereto that the deposition of DEPUTY SUPERINTENDENT RYAN LUBRANO is hereby being taken pursuant to the Federal Rules of Civil Procedure for all purposes in accordance with law;

That the formalities of reading and signing are specifically waived;

That the formalities of sealing, certification, and filing are hereby specifically waived.

That all objections, save those as to the form of the question and responsiveness of the answer are hereby reserved until such time as this deposition or any part thereof is used or sought to be used in evidence.

* * * * *

Sandra P. DiFebbo, Certified Shorthand Reporter, in and for the State of Louisiana, officiated in administering the oath to the witness.

Q. You mentioned you looked at the body-worn camera?

A. Body-worn camera.

MR. ANADA:

Object to form. Leading. Go ahead.

THE WITNESS:

Body-worn camera, the actual FBI investigation. What am I missing? I am trying to think of any other documents we would have had.

BY MR. ROQUEMORE:

Q. In addition to the body-worn camera and the report, you said you also listened to Officer Burmaster; is that right?

A. Correct.

MR. ANADA:

Object to form. Leading.

BY MR. ROQUEMORE:

Q. You were asked about -- we'll get back to this, but I want to ask you, you were asked about standards. Would you agree that NOPD policies -- this is a -- would you agree that consistent with NOPD policies and procedures, an officer may not kill a pet dog unless he reasonably believes the dog poses a threat, and he is in imminent danger of

being attacked?

A. Yes.

Q. That's a yes?

A. Yes. Sorry.

MR. ANADA:

Object to form. Leading.

BY MR. ROQUEMORE:

Q. When determining reasonable belief, how does the officer's subjective belief play into that?

A. So it would be training, past experiences, what they feel at that moment.

Q. So when you were asked the questions about subjective belief of Officer Burmaster, what was Officer Burmaster's belief with regard to whether the dog, Apollo, posed a threat to him?

A. I think that --

MR. ANADA:

Object to form. Calls for speculation.

THE WITNESS:

I think he was in fear that the dog was going to attack him.

BY MR. ROQUEMORE:

Q. What was his subjective belief as to