UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK BROWN, ET AL | CIVIL ACTION |
| VERSUS | NO. 22-847 |
| DERRICK BURMASTER, ET AL | SECTION "L" (4) |

**Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment on Ratification**

In R. Doc. 224, Plaintiffs moved for partial summary judgment on their ratification theory of *Monell* liability, given that Chief Kirkpatrick testified that she approved of Burmaster's decision to kill Plaintiffs' dog and the basis for that decision. In R. Doc. 226, Defendants make several arguments in opposition. Those arguments should be rejected.

First, Defendants' argument that plaintiffs must state each theory of liability in their complaint is wrong. They contend that Plaintiffs' motion should be denied because their operative complaint "does not contain a claim for *Monell* liability based on ratification."[1] But that conflates claims with theories of liability. Plaintiffs' relevant claim is a Fourth Amendment claim against the City for killing their dog, actionable against the City via the *Monell* doctrine. Ratification, by contrast, is just one theory of liability under that claim,[2] and plaintiffs need not plead the legal bases for their claims.[3] And plaintiffs have been explicit since 2022 that they

---

[1] R. Doc. 226 at 6.
[2] *See, e.g., Allen v. Hays*, 63 F.4th 307, 320 (5th Cir. 2023) ("plaintiffs also allege a Monell violation via the theory of ratification."); *Salazar-Limon v. City of Hous.*, 826 F.3d 272, 279 (5th Cir. 2016) ("Salazar asserts three theories of municipal liability under Monell: 1) unofficial policy, custom or practice for failure to discipline; 2) unofficial policy, custom or practice for failure to train and/or supervise; and 3) ratification.")
[3] *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014) (*per curiam*) ("'Federal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."); *Phenix de Tejas, Inc. v. Sentinel Ins. Co.*, No. 5:24-CV-1112-JKP-HJB, 2025 U.S. Dist. LEXIS 81962, at *4 (W.D. Tex. Apr. 29, 2025) ("Plaintiffs need not plead the legal basis for a claim"),

would pursue a ratification theory if the Chief of Police endorsed Burmaster's actions and the basis for it.[4] Defendants cannot honestly claim any lack of notice. And Plaintiffs could not file the motion sooner, because ratification requires evidence that the final policymaker approved the *basis* for a subordinate's decision, which Plaintiffs did not have until Chief Kirkpatrick's deposition – which was delayed at defendants' counsel's request.

Second, Defendants argue that the conduct here was not extreme enough to qualify for a ratification theory. But the cases they cite do not support that argument. They cite only one ratification case, in which the Fifth Circuit held that it was insufficiently extreme for ratification that an officer threw a man to the ground and kneed him in the thigh.[5] But it is far more extreme for an officer to repeatedly discharge his firearm in a residential area he knows to be inhabited, killing a dog and wounding his partner, than it is for an officer to knee a person in the thigh. (Indeed, Defendants concede in their brief that lethal gunfire can be sufficiently extreme for ratification purposes.[6])

The other two cases Defendants cite, *Snyder* and *Grandstaff,* do not involve ratification at all. Instead, they address completely different *Monell* theories: *Snyder* addressed a "code of silence theory"[7] and *Grandstaff* addressed a policy of "prevalent recklessness."[8] It appears that

---

citing *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014) (per curiam); *Green v. City of Shreveport,* 5:20-01528 SEC P, 2024 U.S. Dist. LEXIS 58481, at *35 (W.D. La. Feb. 5, 2024) ("need not plead theories of recovery.")

[4] R. Doc. 56 (Opp. to Motion to Dismiss) at 3-4 (On December 13, 2022, Plaintiffs wrote that the "question then is whether the City ratifies Burmaster's actions. . . . As a result, the City has not formulated its official position on the Burmaster shooting. Accordingly, the *Monell* question is premature.")

[5] *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009).

[6] R. Doc. 226 at 7 ("For example, 'pouring' gunfire into a truck and killing an occupant will warrant ratification.")

[7] *Snyder v. Trepagnier*, 142 F. 3d 791, 797 (5th Cir. 1998) ("Snyder relies on a single case to support premising § 1983 liability on a code of silence theory")

[8] *Grandstaff v. City of Borger, Tex.*, 767 F. 2d 161, 170 (describing "reckless disregard for human life and safety prevalent among the city's police officers").

Defendants may have relied on one source[9] that incorrectly described *Snyder* and *Grandstaff* as ratification cases, even though neither of them address that theory.

Third, Defendants argue that the motion should be denied because Burmaster's actions were reasonable and within NOPD policy. But Defendants both mischaracterize Plaintiff's motion and also falsely state NOPD's policy. They mischaracterize Plaintiffs' motion because Plaintiffs are not asking this Court to determine at this stage whether or not Burmaster violated the constitution. Instead, Plaintiffs are only asking that if the jury should so decide, then the Court should find that the City is liable as well because it ratified Burmaster's actions and his basis for it.

And Defendants violate their duty of candor to the Court when they falsely state what NOPD policy is. They represent that "NOPD use of force policy is that 'an officer may not kill a pet dog unless he reasonably believes the dog poses a threat, and he is in imminent danger of being attacked.'"[10] But the actual policy does not turn on the officer's "belief," and it also has an additional prong about non-lethal options. It reads: "Officers are authorized to use firearms to stop an animal in circumstances in which the animal reasonably appears to pose an imminent threat to human safety and alternative methods are not reasonably available or would likely be ineffective."[11]

And finally, Defendants argue that Plaintiffs should not receive "inferences" in their favor in the context of this motion. That is true, but Plaintiffs did not request any such inferences. Instead, they simply pointed out that the determination by this Court and the Fifth

---

[9] In *Peterson*, the court described *Snyder* and *Grandstaff* as ratification cases. For that reason, Defendants error is understandable if they did not read the cases themselves.
[10] R. Doc. 226 at 8.
[11] R. Doc. 226-4 at ¶ 32 (emphasis added).

3

Circuit's that punitive damages could be appropriate on this fact pattern "corroborates" the extremity of Burmaster's actions.[12] Plaintiffs did not "assert that law of the case has been created" as Defendants contend.[13]

Given these points, Plaintiffs motion should be granted.

Respectfully Submitted:

| | |
|---|---|
| */s/ William Most* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | JONES WALKER LLP |
| DAVID LANSER (La. Bar No. 37764) | 201 St. Charles Avenue |
| MOST & ASSOCIATES | New Orleans, Louisiana 70170-5100 |
| 201 St. Charles Ave., Ste. 2500, # 6825 | Telephone: (504) 582-8322 |
| New Orleans, LA 70170 | Facsimile: (504) 589-8322 |
| Tel: 504.509-5023 | E-Mail: tanada@joneswalker.com |
| Email: williammost@gmail.com | |

---

[12] R. Doc. 224-1 at 3-4.
[13] R. Doc. 226.