# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*******************************************************************************

## [Proposed] Pre-Trial Order

1.   **Date of the Pre-trial Conference:** May 30, 2025, at 9:00 a.m.

2.   **Appearance of Counsel:**

    a.   <u>For Plaintiffs</u>: Tarak Anada, William Most, Patrick Van Burkleo, and Hope Phelps

    b.   <u>For Defendants</u>: James M. Roquemore; Corwin M. St. Raymond

3.   **Description of the Parties:**

    a.   <u>Plaintiffs</u>: Derek Brown and Julia Barecki-Brown. Plaintiffs are the former owners of Apollo, the dog shot and killed by New Orleans Police Department ("NOPD") officer Derrick Burmaster.

    b.   <u>Defendant Burmaster</u>: Derrick Burmaster is an NOPD officer who shot and killed Plaintiffs' dog Apollo. He is sued in his individual capacity. The City of New Orleans will indemnify Mr. Burmaster for any judgment against him in this case, except for punitive damages.[1]

    c.   <u>The City of New Orleans</u>: The City of New Orleans is a political subdivision. The NOPD is part of the City of New Orleans.

4.   **Claims and Jurisdiction:**

    a.   <u>First COA</u>: Federal Civil Rights Violations (against Burmaster)
       i.   Original claim.

---

[1] Defendants' counsel asks to delete this sentence as it is irrelevant to the description of the Parties, because the issue of indemnification, if any, is premature, and because it is prejudicial to suggest that there will be "any judgment" against Officer Burmaster in this case. Plaintiffs object to the City modifying its statements about indemnification *after* the conflict-free counsel process.

1

      ii.  Federal question jurisdiction.
     iii.  Plaintiffs allege that Burmaster violated their 4th, 5th, and 14th Amendment rights when he shot their dog Apollo without justification.

b.  <u>Second COA</u>: State Torts of Negligence and NIED (against all Defendants)
      i.  Original claim.
      ii.  Supplemental jurisdiction.
     iii.  Plaintiffs allege that Burmaster was negligent and negligently inflicted emotional distress upon Plaintiffs when he shot and killed a sixteen-week-old dog in a residential neighborhood. Plaintiffs allege that the City of New Orleans is vicariously liable for Burmaster's actions, and also that the City Defendants were independently negligent in retaining Burmaster on the force after prior misconduct and failing to properly train and supervise Burmaster.

c.  <u>Third COA</u>: Negligent Hiring, Training, Retention, and Supervision (against the City of New Orleans).
      i.  Original claim.
      ii.  Supplemental jurisdiction.
     iii.  Plaintiffs allege that City of New Orleans failed to exercise reasonable care in the training, retention, and supervision of Burmaster, given that Burmaster had used allegedly force at least thirty times in ten years, including a prior dog killing. Plaintiffs also alleged that the City's training of Burmaster was also negligent, based on the allegation that they copied and pasted from a Department of Justice training document, but omitted everything that might suggest a dog is *not* a serious threat.

d.  <u>Fourth COA</u>: Vicarious Liability (against the City of New Orleans).
      i.  Original claim.
      ii.  Supplemental jurisdiction.
     iii.  Plaintiffs allege that the City is vicariously liable for Burmaster's actions, as he was acting within the scope of his employment with the New Orleans Police Department.

e.  <u>Fifth COA</u>: Indemnity (against the City of New Orleans).
      i.  Original claim.
      ii.  Supplemental jurisdiction.
     iii.  Plaintiffs allege that the City of New Orleans is obligated by Louisiana statute to pay any judgment entered against their employees, other than punitive damages.

f.  <u>Sixth COA</u>: *Monell* Liability (against City)
      i.  Original claim.
      ii.  Federal question jurisdiction.
     iii.  Plaintiffs allege that the City of New Orleans is liable for Burmaster's alleged constitutional violations based on their allegation that the City

Defendants declined to implement sufficient training, sufficient policies, or any legitimate mechanism for oversight or punishment of Burmaster. For example, Plaintiffs allege that the City's animal training was copied and pasted from a Department of Justice training document, but omitted everything that might suggest a dog is not a serious threat.

g. <u>Seventh COA</u>: Conversion (against All Defendants)
    i. Original claim.
    ii. Supplemental jurisdiction.
    iii. Plaintiffs allege that by unnecessarily shooting Apollo, Burmaster wrongfully committed an act of dominion over the Plaintiffs' property in denial of and inconsistent with the Plaintiffs' ownership rights.

There are no counter or cross-claims.

**5. List of Pending and Contemplated Motions:**

a. <u>Motions Pending:</u>
    i. Defendants' Motion for Partial Summary Judgment. R. Doc. 208.
    ii. Defendants' Motion to Exclude Expert Testimony of James Crosby. R. Doc. 209.
    iii. Plaintiffs' Motion to Exclude Expert Testimony of Sgt. Duplantier. R. Doc. 217.
    iv. Plaintiffs' Motion for Partial Summary Judgment on *Monell* by Ratification. R. Doc. 224.
    v. Plaintiff's Motion in Limine regarding Defense Witnesses Lubrano, Sanchez, Ganthier, and Kirkpatrick and their memoranda. R. Doc. 225.

b. <u>Motions Contemplated:</u>
    i. Plaintiffs' additional Motions in Limine
    ii. Defendants' Motions in Limine.
    iii. The parties have a dispute as the effect of this Court's Order and Reasons (R. Doc. 162) which denied the Plaintiffs' and Burmaster's motions for summary judgment (R. Docs. 110 and 105), In particular, Plaintiffs contend that this Court, in said order, concluded that Burmaster was not entitled to qualified immunity rather than merely leaving the question for trial. Hence, Plaintiffs object to the following "Contested Issue of Law": "Whether Burmaster is entitled to qualified immunity because he reasonably believed that this conduct was not barred by law and existing precedent does not place the constitutional question beyond debate." The parties ask for clarification from this Court on this issue.

6. **Brief Summary of Material Facts:**

    a. <u>Plaintiffs' Summary</u>

On April 10, 2021, NOPD officer Derrick Burmaster and his partner went to the Plaintiffs' home to investigate a noise complaint. After the officers entered the gate into the front yard of the home, there was barking. Burmaster pulled his gun out of his holster. Two dogs ran down the home's front stairs.  Burmaster's partner touched Burmaster's shoulder to indicate that they should leave, and then exited the gate. Burmaster did not exit the gate. The smaller of the two dogs ran towards Burmaster. That dog was Apollo, a sixteen-week-old puppy that weighed just over 22 lbs.  Burmaster fired three rounds at the puppy, killing it.

According to NOPD supervisors who reviewed the incident, if Burmaster feared the dog, he should have used non-lethal force such as his TASER or his hands and feet to repel it. He also could have used a baton, but was not carrying one that day – in violation of NOPD policy.

Burmaster told NOPD internal affairs investigators that he shot his gun because he was afraid the dog would bite him in the penis. (That was also the reason he provided when he killed another dog in 2012.) The internal affairs division found Burmaster's explanation not to be credible, and found the shooting to be unjustified and violative of numerous NOPD policies. NOPD's Use of Force Review Board also unanimously voted that Burmaster's shooting of Apollo was unjustified.

    b. <u>Defendants' Summary</u>

On April 10, 2021, Officer Burmaster responded to a domestic disturbance call for service in the 1400 block of Felicity Street.  Officer Burmaster arrived first and spoke to the complainant who told him he heard a woman shouting and things breaking at a house across the street.  He indicated that the house was 1420 Felicity Street, a multi-family house, and indicated that the disturbance came from the downstairs apartment.

When another NOPD office arrived to assist, Officer Burmaster and the other officer approached the house in question. Burmaster made "kissing" noises to draw out any dogs. There was no response. There was nothing in the yard to indicate dogs were present.
Officer Burmaster and the other officer entered the front yard of the house through a gate, with Burmaster going first. When Officer Burmaster reached the middle of the driveway in front of the house, he heard deep barking sounds coming towards him from a porch on the upper level of the residence. Officer Burmaster removed his weapon because he did not observe a way out. He estimated that he was not fast enough run out of the gate before the dogs arrived. He did not see a platform or car to jump on or a way to escape. He could not jump the fence because of the height of the fence and the spikes on top of it. Officer Burmaster also saw his partner running out of the yard while being chased by a large and aggressive dog. Officer Burmaster then saw another dog quickly running towards him. The dog running towards Burmaster appeared to be vicious and dangerous. Officer Burmaster believed the dog would bite him on the leg or pelvis area. Officer Burmaster then shot the dog that was a threat to him. Officer Burmaster believed the dog was ferocious and was going to bite without provocation. He then attempted to

4

deescalate the situation by apologizing to the owners on the scene Officer Burmaster stated he just wanted to get out safely without injuring himself or the dog.

Officer Burmaster's use of force in shooting the dog was investigated by NOPD's Public Integrity Bureau, which is the division of the NOPD responsible for investigating potential disciplinary violations. Following an investigation and a hearing during which Officer Burmaster had an opportunity to appear, the NOPD determined that Burmaster did not violate NOPD policy by using force to shoot Plaintiffs' dog.

7. **Uncontested Facts:**

a.  On April 10, 2021, NOPD officer Derrick Burmaster and his partner officer John Roussel responded to a call for service at the home of the Brown family.

b.  Both officers wore body-worn-cameras which accurately recorded the circumstances relative to Officer Burmaster's and Officer Roussel's response to the call to the Brown house.

c.  Officer Burmaster entered the enclosed yard of the Browns.

d.  Officer Burmaster heard barking.

e.  The Browns' two dogs came down the porch stairs from the second floor of the residence.

f.  Roussel did not draw any weapon.[2]

g.  Apollo, the smaller of the two dogs, ran towards Burmaster.

h.  Burmaster fired three rounds at Apollo.[3]

i.  Burmaster shot and killed the Browns' dog, Apollo.

j.  Roussel was wounded by a fragment of something put in motion by a bullet fired by Burmaster, and was treated at the Tulane University Medical Center.

k.  Plaintiffs Derek Brown and Julia Barecki-Brown owned Apollo.

l.  NOPD's Use of Force Review Board unanimously voted that Burmaster's shooting of Apollo was unjustified.[4]

m.  At the time of the incident, Burmaster was carrying a TASER, but did not pull it from its holster.

n.  Burmaster did not attempt to kick Apollo before shooting him.

---

[2] Deposition Exhibit 43 (Roussel BWC)
[3] Deposition Exhibit 20 (ASI Report)
[4] Deposition Exhibit 29 (UFRB Minutes)

#103938394v1

o.   At the time of the incident, Burmaster was not carrying a baton or wearing body armor.

p.   Burmaster also shot and killed a dog in 2012.

q.   In 2019, Burmaster received training entitled "The Problem of Dog-Related Incidents and Encounters"[5]

r.   At the time that Apollo was shot, NOPD had a written policy concerning encounters with dangerous animals, which provided, "Officers are authorized to use firearms to stop an animal in circumstances in which the animal reasonably appears to pose an imminent threat to human safety and alternative methods are not reasonably available or would likely be ineffective. The officer must be cognizant of the surroundings when shooting at an animal and ensure there is no risk to people in the area. Under circumstances in which officers have sufficient advance notice that a potentially dangerous animal may be encountered, officers should develop reasonable contingency plans for dealing with the animal (e.g., fire extinguisher, CEW, animal control officer). Nothing in this Chapter shall prohibit any officer from shooting a dangerous animal if circumstances reasonably dictate that a contingency plan has failed or becomes impractical."

**Evidentiary stipulations:**

- The parties will make no arguments appealing to jurors' pecuniary interests as taxpayers.

- The parties will not reference an incident in approximately 2009 in which the Browns' tenant's dog killed the Browns' cat.

- The Browns are not making any claim for loss of income.

- The Browns are not making any claim for loss of earning capacity.

- No party may put on evidence of or make reference to any indemnity of Burmaster by the City.

- No party may make reference to any prior ruling or opinion of this Court or the Fifth Circuit Court of Appeals.

**8.  Contested Issues of Fact**

The Parties have a dispute as to the framing of several contested issues of fact.

---

[5] Deposition Exhibit 48 (October 2019 The Problem of Dog-Related Incidents and Encounters Test Result Summary at pg. 3.)

#103938394v1

Plaintiffs propose the following contested issues of fact:

    a.   Whether Apollo represented a serious threat to Burmaster.

    b.  Whether killing Apollo was not avoidable.

    c.   Whether Burmaster could not have exited the gate before a dog reached him.

    d.  Whether Burmaster could have effectively employed methods of force less serious than lethal force.

    e.  Whether Officer Burmaster had sufficient time to use methods other than his gun.

    f.  Whether in the time allotted methods other that lethal force would not have been effective.

    g.  Whether Officer Burmaster was not able to escape the yard prior to shooting.

Defendants propose the following alternative contested issues of fact:

    h.  Whether Officer Burmaster reasonably believed that Apollo represented a threat to Burmaster that that he was in imminent danger of being attacked.

    i.  Whether Office Burmaster reasonably believed that killing Apollo was not avoidable.

    j.  Whether Burmaster reasonably believed that he could not have exited the gate before a dog reached him.

    k.  Whether Burmaster reasonably believed that he could not effectively employed methods of force less serious than lethal force.

    l.  Whether Officer Burmaster reasonably believed that in the time allotted methods other that lethal force would not have been effective.

    m.  Whether Officer Burmaster reasonably believed that in the time allotted methods other that lethal force would not have been effective.

The following contested issues of fact are agreed to:

    n.  Whether Roussel ran out of the yard, chased by one of Plaintiffs' dogs.

    o.  The cause, nature and extent of Plaintiffs' damages, if any.

    p.  Plaintiffs' failure to mitigate their damages, if any.

#103938394v1

q.   Whether Officer Burmaster acted in accordance with his training.

r.   Whether it is true that at NOPD's Use of Force Review Board, Officer Burmaster did not present testimony or provide evidence.

s.   Whether the NOPD Training Academy found that Officer Burmaster's actions were within policy.

t.   Whether Officer Burmaster reasonably believed that he was in imminent danger of being attacked, that killing Apollo was not avoidable, that he could not have exited the gate before a dog reached him, that he could not have effectively employed methods of force less serious than lethal force.

u.   The NOPD, following a hearing at which Officer Burmaster appeared and had an opportunity to present evidence, determined that Officer Burmaster's shooting of Plaintiff's dog did not violate NOPD use of force policies.

v.   The NOPD determined that on the night in question, Burmaster violated uniform polices by not carrying an expandable baton and by not wearing body armor, but these violations would not have changed the outcome of the incident.

w.   Whether the NOPD provided adequate training to its NOPD officers with respect to appropriate use of force upon animals.

x.   Whether the NOPD adequately supervised Officer Burmaster.

y.   Whether the facts demonstrate a plausible direct causal link between Officer Burmaster's employment history or training of its officers and the shooting of Plaintiff's dog.

**9.   Contested Issues of Law**

a.   Whether Burmaster violated Plaintiffs' constitutional rights.

b.   Whether any constitutional violation by Burmaster violated clearly established law.

c.   Whether the City of New Orleans is liable per *Monell* for any constitutional violation by Burmaster.

d.   Whether Burmaster was negligent in his actions, and whether the NOPD was negligent in training, retention, or supervision of Burmaster.

e.   Whether Defendants committed the tort of conversion and/or negligent infliction of emotional distress when Burmaster killed Apollo.

f.   Whether there is no genuine dispute of material facts in this case to support a finding of 42 USC § 1983 liability against Burmaster in his individual capacity.

8

g.  Whether Burmaster violated Plaintiffs' Fourth, Fifth and/or Fourteenth Amendment rights.

h.  Whether the NOPD's training of its officers reflects a deliberate indifference to the rights of animal owners with whom NOPD comes into contact.

d.  Whether the NOPD's supervision of Officer Burmaster reflects a deliberate indifference to the rights of animal owners with whom NOPD comes into contact.

e.  Whether Officer Burmaster's prior uses of force against humans are sufficiently similar to his use of force against Plaintiff's dog to demonstrate a pattern.

f.  Whether Officer Burmaster's employment history and/or discipline history made it apparent to the City Defendants that Officer Burmaster would shoot a dog.

j.  Whether the City Defendants are immune from suit with respect to some or all of Plaintiffs' claims for their discretionary acts as set forth in La. R.S. 9:2798.1, La. R.S. 9:2800.10, and any other statutory or jurisprudential immunities affordable under the law.

k.  Whether Plaintiffs' contributory or comparative negligence operates as a complete or partial bar to their recovery of damages.

l.  Whether Plaintiffs' alleged damages were caused by persons or parties for whom the City Defendants are not legally responsible.

m.  Whether the statutory cap on general damages provided by LSA – R.S. 13:5106 precludes some or part of an award for damages against the City Defendants in this case.

p.  Whether Defendant Burmaster's qualified immunity precludes any recovery against the City Defendants.

**10. Exhibits**

a.  <u>Joint Exhibits</u>

| Number | Description | Bates Range |
|--------|-------------|-------------|
| J1 | **Burmaster Body Worn Camera Footage**<br>*Filename: 18. (Clip_1.1)_1420_FELICITY_STREET-2 (Burmaster BWC)* | |
| J2 | **Roussel Body Worn Camera Footage**<br>*Filename: 43. Roussel BWC (Clip_1.1)_1420_Felicity_Street* | |
| J3 | **Photo of Apollo After Shooting**<br>*Filename: 28 (Old 25). LRR_0007 (1)* | |
| J4 | **NOPD Operations Manual Chapter 1.3** | JOINT 000001-10 |

| | | |
|---|---|---|
| | *Filename: Chapter-1-3-Use-of-Force-Effective-4-1-2018*<br>*Revised: 04/01/2018* | |
| J5 | **NOPD Operations Manual Chapter 1.7.1**<br>*Filename: 32 (Old 22). Chapter-1-7-1-Conducted-Energy-Weapon-EFFECTIVE-12-6-20* | JOINT 000011-26 |
| J6 | **NOPD Operations Manual Chapter 41.10**<br>*Filename: 33. Uniform Policy* | JOINT 000027-30 |
| J7 | **NOPD Operations Manual Chapter 41.11**<br>*Filename: 34. Chapter-41-11-Body-Armor-EFFECTIVE-1-14-18* | JOINT 000031-33 |
| J8 | **Autopsy of Apollo**<br>*Filename: 11. Autopsy* | JOINT 000034-37 |

b.  Plaintiffs' Exhibits

| | Description and Anticipated Witness | Bates Range | Objection to Authenticity? | Objection to Relevancy? |
|---|---|---|---|---|
| P1 | **Photo of Apollo**<br>Filename: 607316a908202.image<br>Anticipated Witness: Browns, Burmaster | | | |
| P2 | **Photo of Apollo**<br>Filename: 607316df6133d.image<br>Anticipated Witness: Browns, Burmaster | | | FRE 403. |
| P3 | **Photo of Apollo (February 20, 2021)**<br>Filename: 20210220_143457<br>Anticipated Witness: Browns, Burmaster | | | FRE 403. |
| P4 | **Photo of Apollo (February 20, 2021)**<br>Filename: 20210220_145746<br>Anticipated Witness: Browns, Burmaster | | | FRE 403. |
| P5 | **Photo of Apollo (February 20, 2021)**<br>Filename: 20210220_152808<br>Anticipated Witness: Browns, Burmaster | | | FRE 403. |
| P6 | **Adoption Contract**<br>Filename: Adoption Contract<br>Anticipated Witness: Derek Brown | PLAINTIFFS 000001-2 | | |
| P7 | **Photo of Apollo post-shooting (April 11, 2021)**<br>Filename: 20210314_134930_02 | | | |

| | | | | |
|---|---|---|---|---|
| | Anticipated Witness: Browns, Burmaster | | | |
| P8 | **Photo of Apollo and Cat (March 21, 2021)**<br>20210321_101018<br>Anticipated Witness: Browns, Burmaster | | | FRE 403. |
| P9 | **Photo of Apollo**<br>Filename: 9. Photo of Apollo<br>Anticipated Witness: Browns, Burmaster, Roussel | | | FRE 403. |
| P10 | **Photo of Apollo (Taken April 1, 2021)**<br>Filename: 20210401_095704<br>Anticipated Witness: Browns, Burmaster, Roussel | | | FRE 403. |
| P12 | **DOJ Training**<br>Filename: 12. Ex. C - The-Problem-of-Dog-Related-Incidents-and-Encounters-2011<br>Anticipated Witness: Duplantier, Crosby | PLAINTIFFS 000007-58 | | Hearsay; FRE 403. |
| P13 | **NOPD Training**<br>Filename: 13. The Problem of Dog-Related Incidents and Encounters<br>Anticipated Witness: Duplantier, Crosby | PLAINTIFFS 000059-70 | | |
| P14 | **Burmaster PIB Short Form**<br>Filename: 14. Burmaster Short Form (-)<br>Anticipated Witness: Helou | PLAINTIFFS 000071-79 | | Relevance; FRE 403, 404b. |
| P15 | **Crime Scene Photo of House and Gate**<br>Filename: LRR_0003 (1)<br>Anticipated Witness: Burmaster | | | |
| P16 | **Crime Scene Photo of House**<br>Filename: P16. LRR_0004 (1)<br>Anticipated Witness: Burmaster | | | |
| P17 | **Crime Scene Photo of Apollo Dead**<br>Filename: LRR_0007 (1)<br>Anticipated Witness: Burmaster, Crosby | | | |
| P18 | **Crime Scene Photo of Gate and Chickenwire**<br>Filename: LRR_0014<br>Anticipated Witness: Burmaster | | | |

| P19 | **Description of Burmaster 2012 Dog Shooting**<br>Filename: Burmaster 2012 Dog Shooting Summary<br>Anticipated Witness: Burmaster, Helou | PLAINTIFFS 000080-81 | | Relevance; hearsay; 404b. |
|---|---|---|---|---|
| P20 | **PIB Administrative Shooting Investigation**<br>Filename: ASI 2021-03 Investigation_Redacted_OCR (-)<br>Anticipated Witness: Brewer, Pruitt | PLAINTIFFS 000082-100 | | Hearsay; FRE 403; impermissible opinion testimony. |
| P21 | **UFRB PowerPoint Presentation**<br>Filename: ASI 2021-03 Derrick Burmaster 1<br>Anticipated Witness: Goodly | | | Hearsay; FRE 403; impermissible opinion testimony. |
| P22 | **Video of Use of Force Review Board Hearing**<br>Filename: Burmaster - UOFRB August 19, 2021 Audio<br>Anticipated Witness: Goodly | | | Hearsay; FRE 403; impermissible opinion testimony. |
| P23 | **Recording of Burmaster Admin. Interview**<br>Filename: 23B. 802_0310 (1)<br>Anticipated Witness: Burmaster | | | |
| P24 | **PIB Burmaster Long Form**<br>Filename: P24. Burmaster Long-Form PIB Report_OCR<br>Anticipated Witness: Helou | PLAINTIFFS 000101-119 | | Relevance; FRE 403, 404b. |
| P25 | **Video of Burmaster Criminal Interview**<br>Filename: 25 (Old 24). 1340_Poydras_Street,_Suite_1900-2 (Burmaster) (-)<br>Anticipated Witness: Burmaster | | | |
| P26 | **Incident Report from 2012 Dog Killing**<br>Filename: P26 (Old 24). Burmaster 2012 Use of Force Report<br>Anticipated Witness: Burmaster, Helou | PLAINTIFFS 000120-122 | | Relevance; hearsay; 404b. |
| P27 | ***State v. Loicana***<br>Filename: State v. Loicana, 254 So. 3d 761<br>Anticipated Witness: Helou | PLAINTIFFS 000123-132 | | Relevance; hearsay; FRE 403, 404b. |
| P28 | **Record of Participants in NOPD Dog Training** | PLAINTIFFS 000133-147 | | |

| | | | |
|---|---|---|---|
| | Filename: P28. October 2019 The Problem of Dog-Related Incidents and Encounters Test Result Summary<br>Anticipated Witness: Burmaster | | | |
| P29 | **UFRB Minutes and Recommendations**<br>Filename: (Old 26). ASI2021-03 Minutes and Training Recommendations<br>Anticipated Witness: Goodly | PLAINTIFFS 000148-150 | | Relevance; hearsay; 404b; impermissible opinion testimony. |
| P30 | **Animal Firearm Discharge List**<br>Filename: (old 21). Animal Firearm Discharge List Last 10 Years<br>Anticipated Witness: Helou | PLAINTIFFS 000151 | | |
| P31 | **PIB Criminal Investigatory Report**<br>Filename: Criminal Investigation D-13802-21_Redacted<br>Anticipated Witness: Pruitt | PLAINTIFFS 000152-188 | | Hearsay; FRE 403; impermissible opinion testimony. |
| P32 | **Burmaster Insight Report**<br>*Filename: 38. - Burmaster Insight Report*<br>Anticipated Witness: Helou | PLAINTIFFS 000189-230 | | Hearsay; FRE 403; impermissible opinion testimony. |
| P33 | **Burmaster List of Shootings**<br>*Filename: 42. - Burmaster ASI Report*<br>Anticipated Witness: Helou | PLAINTIFFS 000231 | | City: 403, 404b. |
| P34 | **NOPD Diagrams**<br>Filename: NOPD Diagrams<br>Anticipated Witness: Brewer, Pruitt | PLAINTIFFS 000232-235 | | |
| P35 | **John Wick Facebook Post**<br>*Filename: John Wick (Facebook)* | | | Hearsay; FRE 403. |
| P36 | **Photo of Roussel Injury**<br>Filename: LRR_0068<br>Anticipated Witness: Roussel | | | |
| P37 | **Photo of Roussel Injury**<br>Filename: LRR_0069<br>Anticipated Witness: Roussel | | | |
| P38 | **Ganthier's 9/11/2023 Memorandum**<br>*Filename: 58 - 2023.09.11 Gauthier Cover Letter 2021-0238-R 105*<br>Anticipated Witness: Only if MIL denied, with Ganthier, Lubrano, Sanchez, Kirkpatrick. | CITY DEFENDANTS 5091-5093 | | |
| P39 | **Kirkpatrick's 10/27/2023 Letter**<br>*Filename: 59 - 2021-0238-P - Disciplinary Letter* | CITY DEFENDANTS 5076-5081 | | |

| | | | |
|---|---|---|---|
| | Anticipated Witness: Only if MIL denied, with Ganthier, Lubrano, Sanchez, Kirkpatrick. | | |
| P40 | **8/16/2021 Email Corr. Btwn Helou and OCDM**<br>*Filename: 49. Consent decree*<br>Anticipated Witness: Helou | CITY DEFENDANTS 5280-5281 | | Hearsay; FRE 403. |
| P41 | **Draft Version of ASI Report with OCDM Comments**<br>*Filename: ASI 2021-03 Burmaster DRAFT (MB 842021)_epperson edits 08142021*<br>Anticipated Witness: Helou | CITY DEFENDANTS 005262- 005279 | | Hearsay; FRE 403. |
| | Any document listed or used as an exhibit by any other party. Any document needed for impeachment. | | | |

c.   Defendants' Exhibits

| | Description and Anticipated Witness | Bates Range | Objection to Authenticity? | Objection to Relevancy? |
|---|---|---|---|---|
| D1 | New Orleans Police Department, Education and Training Division, Training Action Plan (TAP), PTTR # Item D-13802-21, date 10-12-2020, Anticipated Witness(s): Duplantier, Burmaster. | City Defendants 002711 – 002714 or 3646-3650. | | Plaintiffs object as to relevance, cumulation, and hearsay, as well as unfair prejudice because of reference to a "possible domestic fight." |
| D2 | 9/11/2023 Interoffice Correspondence from Hans Ganthier to Michelle M. Woodfork, re: Disciplinary Mitigating Circumstances, FDI 2021-0238-R, Officer Derrick Burmaster Anticipated Witness(s): Ganthier, Lubrano, Sanchez, Kirkpatrick. | City Defendants 5030-5037 | | Plaintiffs object because (1) this document provides the opinions of NOPD personnel not designated as experts, (2) it applies a subjective test inconsistent with the legal standard or NOPD policy. Plaintiff has filed a motion in limine to exclude this document. R. Doc. 225. |
| D3 | 9/28/2023 Interoffice Correspondence from | City Defendants | | *Id.* |

| | | | |
|---|---|---|---|
| | Hans Ganthier to Anne E. Kirkpatrick, re Disciplinary Hearing Documents (Amended), Officer Derrick Burmaster 2021-0238-R Anticipated Witness(s): Ganthier, Lubrano, Sanchez, Kirkpatrick. | 5029 | | |
| D4 | 10/23/2023 letter from Anne Kirkpatrick to SPO Derrick Burmaster, re PIB Control Tracking Number: 2021-0238-R Anticipated Witness(s): Burmaster, Kirkpatrick. | City Defendants 5076-5081 | | *Id.* |
| D5 | Necropsy of Plaintiff's Dog Anticipated Witness(s): Derrick Brown, Jim Crosby | Brown 000004-11 | | |
| D6 | LSU lab invoice Anticipated Witness(s): Derrick Brown, Julie Brown | Brown 1272 | | |
| D7 | Derrick Burmaster short form Anticipated Witness(s): Burmaster, Helou. | City Defendants 2018-2026 | | |
| D8 | Derrick Burmaster Employee Summary Report Anticipated Witness(s): Burmaster, Helou. | City Defendants 3806-3847 | | |
| D9 | Derrick Burmaster PIB Employee Resume Anticipated Witness(s): Burmaster, Helou | City Defendants 3666-3684 | | |
| D10 | Derrick Burmaster Officer Involved A.S.I Report | City Defendants 5118 | | |
| D11 | List of NOPD uses of force against animals since 2012 (City Defendants –1790). Anticipated Witness(s): Helou, Burmaster. | City Defendants 1790, 1791-2015, 003651-003665 | | Plaintiffs object as to relevance; they are not advancing a pattern-of-dog shootings *Monell* theory. |
| D12 | Records relating to I-16870-12 (2012 - Demond Davis animal use of force) Anticipated Witness(s): Helou. | City Defendants 001791-001792 | | *Id.* |
| D13 | Records relating to ASI # 2015-02 (2015 – Ryan Morgan use of force on animal) Anticipated Witness(s): Helou. | City Defendants 002209-002219 | | *Id.* |
| D14 | Records relating to ASI # 2016-02 (2016 – | City Defendants | | *Id.* |

#103938394v1

| | | | |
|---|---|---|---|
| | Travis Stokes use of force on animal) Helou. | 001793-001804 | | |
| D15 | Records relating to ASI # 2016-04 (2016 – Nigel Daggs use of force on animal) Helou. | City Defendants 001822-001852 | | *Id.* |
| D16 | Records relating to ASI # 2018-03 (2018 Jerome D. Newsome use of force upon animal) Anticipated Witness(s): Helou. | City Defendants 001853-001890 | | *Id.* |
| D17 | Records relating to PIB Control Number FTN2020-0003 (2020 Gregory C. Rotton use of force upon an animal) Anticipated Witness(s): Helou. | City Defendants 001891-001949, 1950-1974 | | *Id.* |
| D18 | Officer Burmaster's training records. Anticipated Witness(s): Duplantier, Helou, Barnes, Burmaster | City Defendants 003646-003650, 5119, 5242-5261 | | Plaintiffs object as to relevance, cumulation, and hearsay, as well as unfair prejudice because of reference to a "possible domestic fight."<br><br>003646-003650 is duplicative of D1.<br><br>5119 and 5242-5261 have nothing about training about animals. For example, these records include certificates about FEMA training about "Understanding Sexual Assault." |
| D19 | May 2017 DTB – ASPCA content Anticipated Witness(s): Duplantier, Barnes, Burmaster | City Defendants 5282-5286 | | This should be excluded because Defendants have not actually provided the ASPCA content.<br><br>Because no one from NOPD "downloaded |

| | | | |
|---|---|---|---|
| | | | or captured any of those videos," the City's 30(b)(6) witness conceded that the City does not "know anything about the contents of these videos."[6] |
| D20 | May 2017 DTB – content test<br>Anticipated Witness(s): Barnes, Burmaster. | City Defendants 5306-5309 | | *Id.* |
| D21 | May 2017 DTB – attendance roster / test results<br>Anticipated Witness(s): Barnes, Burmaster. | City Defendants 5287-5305 | | *Id.* |
| D22 | October 2019 DTB – The Problem of Dog-Related Incidents and Encounters.<br>Anticipated Witness(s): Barnes, Duplantier, Burmaster. | City Defendants 003625-003630 | | |
| D23 | October 2019 DTB – attendance roster / test results<br>Anticipated Witness(s): Barnes, Burmaster. | City Defendants 5115-5117 | | |
| D24 | October 2019 DTB – attendance roster / test results<br>Anticipated Witness(s): Barnes, Burmaster. | City Defendants 5310-5344, 3631-3645 | | Duplicative of D23. |
| | Any document listed or used as an exhibit by any other party.<br><br>Any document needed for impeachment, rebuttal or refreshing a witness' recollection. | | | |
| | | | | |

## 11. Deposition Testimony:

Other than Chief Kirkpatrick, the parties do not anticipate the entry of deposition testimony at trial unless a witness becomes unexpectedly unavailable, and for impeachment.

## 12. Demonstratives:

---

[6] Barnes Dep. at 87:9-12 ("Q. So you don't know anything about the contents of these videos, right? A. That's correct. I don't know the specific content of the videos."). Plaintiffs subpoenaed videos from the ASPCA in 2023, but they are undated – so there is no way of knowing if they are the same ones used by NOPD in 2017.

Plaintiffs anticipate using a Powerpoint presentation (or similar) during opening and closing, that may use photos, diagrams, and videos. Plaintiffs also anticipate using a model of a dog of comparable size to Apollo into the courtroom during trial to act as a demonstrative, as well as a cardboard cut-out of the dog and Officer Burmaster.  Plaintiffs anticipate using several exhibits blown up to posterboard size, a "Standards" demonstrative on posterboard as well as the Justified-Unjustified chart developed during the deposition of Sgt. Helou

Defendants may use a Powerpoint presentation during opening, and may use certain exhibits that were expanded.

**13. Witness Lists:**

    a.  <u>Plaintiffs' Will-Call:</u>

        i.  **Derek Brown**
            1. Address: Contact through counsel.
            2. Will testify regarding the incident, Apollo, and the emotional distress he suffered when Apollo was killed.

        ii.  **Julia Barecki-Brown**
            1. Address: Contact through counsel.
            2. Will testify regarding the incident, Apollo, and the emotional distress she suffered when Apollo was killed.

        iii.  **Christopher Goodly**
            1. Address: Contact through OPSO.
            2. Mr. Goodly was designated by NOPD as a 30(b)(6) witness and has been designated by Plaintiffs as a non-retained expert.  Goodly is expected to provide expert testimony regarding the issues, investigation, and findings related to Defendant Derrick Burmaster's shooting of Apollo. He is expected to provide expert testimony regarding his knowledge of the investigation and findings of the Public Integrity Bureau and Use of Force Review Board. He is expected to opine as to Defendant Burmaster's perception of a threat, and what kind of force was justified by the threat in existence. He is now an employee of the Orleans Parish Sheriff's Office.

        iv.  **Dr. James Crosby**
            1. Address: 1435 Oak Haven Rd., Jacksonville, Florida 32207
            2. Plaintiffs' retained expert. Mr. Crosby is expected to testify consistent with his expert report regarding Burmaster's shooting of Apollo, alternative actions Burmaster could have taken, and NOPD's training and supervision of Burmaster.

        v.  **John Roussel**
            1. Address: Contact through NOPD counsel.
            2. Will testify about the incident that he witnessed, and what alternative measures were available.

        vi.  **Derrick Burmaster**
            1. Address: Contact through counsel.

2. Will testify about the actions he took, why he shot Apollo, what he observed, and why he did not take alternative actions

vii. **Shannon Jones-Brewer**
   1. Address: Contact through NOPD counsel.
   2. NOPD 30(b)(6) witness and designated as a non-retained expert by the City.[7] Will testify about the ASI investigation, the evidence gathered, Burmaster's credibility, etc.

viii. **Dr. Elizabeth Berk**
   1. Address: 7625 W Hutchinson Ave, Pittsburgh, PA 15218
   2. Expert Clinical Psychologist, Dr.. Berk will testify about the emotional distress, mental anguish, and psychological injuries experienced by the Browns due to Officer Burmaster's shooting of Apollo.

ix.

b. <u>Plaintiffs' May-Call:</u>

i. **Deborah Pruitt**
   1. Address: Contact through NOPD counsel.
   2. NOPD 30(b)(6) witness. Will testify about the criminal investigation, the evidence gathered, Burmaster's credibility, Apollo's aggression and threat, whether she would have drawn her gun or shot Apollo, etc.

ii. **Holly Williams**
   1. 24191 Fletcher Cutoff Rd., Pontchatoula, LA, 70454
   2. Will testify about the Browns' adoption of Apollo from Trampled Rose, her observations of Apollo's behavior, age, and size, and her observations of the Browns' emotional connection to Apollo.

iii. **John Helou**
   1. Address: Contact through NOPD counsel.
   2. NOPD 30(b)(6) witness. Will testify about Burmaster's history of force, discipline, and complaints, Apollo's aggression and threat, and whether he would have drawn his gun or shot Apollo.

iv. **David Duplantier**
   1. Address: Contact through NOPD counsel.
   2. NOPD 30(b)(6) witness. Will testify about NOPD training and development of training, Apollo's aggression and threat, and whether he would have drawn his gun or shot Apolo.

c. <u>Defendants' Will-Call:</u>

i. **Derrick Burmaster**

   715 S. Broad Street New Orleans, Louisiana 70113
   Officer Burmaster is a party to this lawsuit and will testify

---

[7] Defendants deny that Sgt. Jones-Brewer is designated as a non-retained expert or as a witness for trial.

#103938394v1

regarding his background, experience, training and events relating to the claims of the plaintiff herein.

### ii.    David Duplantier

Contact through counsel for Defendants.
Sgt. Duplantier will testify as a fact witness and a non-retained expert regarding his background, training, role and history at the NOPD Training Academy, the findings of the Public Integrity Bureau regarding same, NOPD training in use of force, including against animals, the level of threat, and the level of force justified his review of the incident made the basis of this lawsuit, his meeting with Officer Burmaster, the level of force used and its reasonableness; and, whether Officer Burmaster violated any training or policy of the NOPD and his observations and recommendations and the basis therefor.

### iii.    John Helou

Address: Contact through counsel for City of New Orleans.
Will testify as a fact witness and non-retained expert about the following: Officer Burmaster's employment history and NOPD's supervision of Officer Burmaster; Officer Burmaster's use of force; and prior incidents by NOPD with animals.

### iv.    David Barnes

Address: Contact through counsel for City of New Orleans
Sgt. Barnes will testify as to NOPD's training of Officer Burmaster and NOPD's officers with respect to issues relevant to this case, NOPD's records thereof, and policies concerning training and use of force as it relates to dog encounters.

### v.    Chief Deputy Superintendent Hans Ganthier,

Address: Contact though counsel for City of New Orleans
Chief Ganthier will testify as to the bases of the recommendations made in the memorandum dated September 11, 2023, to the NOPD superintendent, and the evaluation of Officer Burmaster's conduct in this case.

### vi.    Deputy Superintendent Ryan A. Lubrano

Address: Contact though counsel for City of New Orleans
Deputy Superintendent Lubrano may testify as to the bases of the recommendations made in the memorandum dated September 11, 2023, to the NOPD superintendent, and the evaluation of Officer Burmaster's conduct in this case.

20

      vii.     **Deputy Superintendent Keith A. Sanchez**

          Address: Contact though counsel for City of New Orleans
Deputy Superintendent Sanchez may testify as to the bases of the
recommendations made in the memorandum dated September 11,
2023, to the NOPD superintendent, and the evaluation of Officer
Burmaster's conduct in this case

      viii.    **Superintendent Anne Kirkpatrick**

          Address: Contact through counsel for City of New Orleans.
Superintendent Kirkpatrick will testify as to the bases for the
disciplinary letter dated October 23, 2023, and NOPD policies
relevant to this case.

d. <u>City's May-Call:</u>

    ix.   Debra Pruitt

       1. Address: Contact through counsel for City of New Orleans.

       2. Sgt. Pruitt may testify concerning her investigation conducted in
this case and her conclusions.

    x.   John Roussel

       715 S. Broad Street New Orleans, Louisiana 70113
Officer Roussel may testify regarding his background, experience
and events relating to the claims of the plaintiff herein. Deborah
Pruitt 715 S. Broad Street New Orleans, Louisiana 70113 Sgt.
Pruitt.

e. Any witness listed or called by any other party.

14. **Jury Statement**: This is a jury case. The jury shall decide all disputed factual issues
other than qualified immunity.

Proposed jury instructions, special jury interrogatories, trial memoranda, and any special
questions that the Court is asked to put to prospective jurors on voir dire shall be
electronically filed with the court not later than 4:30 p.m. five working days prior to trial
unless specific leave to the contrary is granted by the Court.

Any proposed special voir dire questions are to be filed by each counsel no later than
4:30 p.m. five working days prior to trial.

15. **Quantum**: The issue of liability will not be tried separately from that of quantum.

16. **Any Other Matters that Might Expedite Disposition**: None at this time.

17. **Trial Shall Commence**: On July 9, 2025, at 9:00am. Four days are anticipated to be needed.

18. **Conference of Counsel**: This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19. **Settlement**: Possibility of settlement of this case was considered. The parties held a settlement conference on March 20, 2023.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)

HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

*/s/ James Roquemore*
JAMES M. ROQUEMORE, LSB #40035
ASSISTANT CITY ATTORNEY
CORWIN ST. RAYMOND, LSB #31330
CHIEF DEPUTY CITY ATTORNEY
DONESIA D. TURNER, LSB #23338
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
Counsel for Derrick Burmaster and the City of New Orleans

TARAK ANADA (#31598)
PATRICK VAN BURKLEO (#41471)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com

22

#103938394v1

**Approved**:

_____     Date: _____
The Honorable Eldon E. Fallon

23