UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DERRICK BURMASTER'S AND THE CITY OF NEW ORLEANS' RENEWED MOTION *IN LIMINE*

Defendants, Derrick Burmaster ("Burmaster") and the City of New Orleans (the "City") (collectively, "Defendants") respectfully request the Court to issue an order providing for the following:

1. No party may put on evidence of or make reference to any conclusion or recommendation of New Orleans' Police Department's Use of Force Board regarding Officer Derrick Burmaster's shooting Plaintiff's dog.[1]

2. No party may put on evidence of or make reference to any prior use of force by Officer Burmaster except for a 2012 incident involving a dog.

3. No party may put on evidence of or make reference to any investigation by NOPD of any act by Officer Burmaster other than the shooting of Plaintiffs' dog concerning a potential violation of the NOPD.

4. No party may put on evidence of or make reference to any disciplinary action, use of force evaluation, or other NOPD investigation concerning Burmaster's conduct as an NOPD officer taken by NOPD for any act that occurred after April 10, 2021 (the shooting of Plaintiff's dog).

5. No party may put on evidence of or make reference to correspondence and comments on a draft document by one or more members of the Office of the Consent Decree Monitor.

---

[1] This includes R. Doc. 228, pp. 12-13 (Exhibits P20, P21, P22, P29); and the testimony of Chris Goodley).

6. No party may put on evidence of or make reference to the case opinion or the underlying facts of *State v. Lociano*, 254 So. 3d 761 (La. Ct. App. 2018).

7. Plaintiffs shall not refer to any witness as a "non-retained expert" of Defendants other than David Duplantier, John Helou, or Hans Ganthier.

8. A limiting instruction shall be given following any testimony regarding prior use of force by Officer Burmaster:

"You have heard testimony regarding one or more prior acts involving use of force by Officer Burmaster. Such evidence, to the extent you find the evidence credible, cannot be used by to infer that Officer Burmaster acted unreasonably or used excessive force on the night in question."

For the reasons given in the accompanying memorandum, the City Defendants request that this motion be granted.

Respectfully submitted:

*/s/ James M. Roquemore*_____
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Derrick Burmaster and the City of New Orleans*