

William Most <williammost@gmail.com>

## Brown v. Burmaster - CNO MILs

**James M Roquemore** <James.Roquemore@nola.gov>  Mon, May 26, 2025 at 4:19 PM
To: William Most <williammost@gmail.com>
Cc: "Anada, Tarak" <tanada@joneswalker.com>, "Corwin M. St Raymond" <cmstraymond@nola.gov>

William and Tarak,

With respect to #6, we seek to exclude evidence concerning the following PIB investigations, which arose after the shooting in this case:

2021-0395-P

2021-7070-R

2022-0022-R

2022-0329-R

See City Defendants 5044-46, 5094-5103.

We do not agree to your proposal with respect to #5.

Thanks,

Jim

*James M. Roquemore*

**Deputy City Attorney**

City of New Orleans | Law Department

[1300 Perdido St](), Room 5E03| New Orleans, LA 70112

O: 504.658.9815 | F: 504.658.9868

[James.Roquemore@nola.gov](mailto:James.Roquemore@nola.gov)



**NOTICE TO PUBLIC**: Please note that any documents or correspondence submitted to the City of New Orleans may become public record pursuant to the provisions of the Louisiana Public Records Law. See La. Rev. Stat. §§ 44:1 – 44:41.

**CONFIDENTIALITY NOTICE**: The information contained in this electronic mail transmission may be attorney/client privileged, and confidential, intended only for the use of the individual or entity identified herein. If you are not the intended recipient, you should cease reading this document, and are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic mail transmission in error, please immediately notify me by return electronic mail, via facsimile or telephone, and destroy the original electronic message.

---

**From:** William Most <williammost@gmail.com>
**Sent:** Monday, May 26, 2025 12:40 PM
**To:** James M Roquemore <James.Roquemore@nola.gov>
**Cc:** Anada, Tarak <tanada@joneswalker.com>; Corwin M. St Raymond <cmstraymond@nola.gov>
**Subject:** Re: Brown v. Burmaster - CNO MILs

Jim, we cannot agree to these except as follows in bold:

1. No party may put on evidence of or make reference to any prior use of force by Officer Burmaster against humans.

2. No party may put on evidence of or make reference to any prior act by Officer Burmaster resulting in an allegation of a violation of a policy of the New Orleans Police Department ("NOPD") which did not arise out of a use of force by Officer Burmaster.

3. No party may put on evidence of or make reference to any prior use of force by Officer Burmaster against humans that did not violate a NOPD policy.

4. No party may put on evidence of or make reference to any prior use of force by Officer Burmaster that did not involve discharge of a weapon.

5. No party may put on evidence of or make reference to any subjective fear of Burmaster concerning being bitten by dogs in his groin or penis. **We would agree to this if modified to "No party may put on evidence of or make reference to any of Burmaster's subjective perceptions, beliefs or fears." For example, this would exclude the testimony of Kirkpatrick, Lubrano, Ganthier, Duplantier, and Sanchez about what Burmaster perceived, believed, etc. and analysis based on that, including whether or not he violated policy.**

6. No party may put on evidence of or make reference to any disciplinary action, use of force evaluations, or other NOPD investigations of Burmaster's conduct as an NOPD officer taken by NOPD with respect to Burmaster for any act that occurred after April 11, 2021. **We may be able to agree to this, but we need you to describe what acts you are talking about. This should be responsive to discovery requests, in any case, and should be supplemented.**

7. No party may put on evidence of or make reference to any indemnity of Burmaster by the City. **Agreed, and I'll add to PTO.**

8. No party may put on evidence of or make reference to correspondence and comments on a draft document by one or more members of the Office of the Consent Decree Monitor.

9. No party may put on evidence of or make reference to the case opinion or the underlying facts of *State v. Lociano*, 254 So. 3d 761 (La. Ct. App. 2018).

10. No party may make reference to any prior ruling or opinion of this Court or the Fifth Circuit Court of Appeals. **Agreed, and I'll add to PTO.**

11. Plaintiffs shall not refer to any witness as a "non-retained expert" of Defendants other than David Duplantier, John Helou, or Hans Ganthier.

12. A limiting instruction shall be given following any testimony regarding prior use of force by Officer Burmaster:

[Quoted text hidden]
[Quoted text hidden]