1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK BROWN and JULIA BARECKI-BROWN | CIVIL ACTION |
| | NO. 22-00847 |
| VERSUS | SECTION: L |
| | DIVISION: 4 |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | HON. ELDON FALLON |
| | HON. KAREN W. ROBY |

DEPOSITION OF ASSISTANT SUPERINTENDENT HANS GANTHIER, given in the above-entitled cause, pursuant to the following stipulation, before Sandra P. DiFebbo, Certified Shorthand Reporter, in and for the State of Louisiana at the Office of the City Attorney, 1300 Perdido Street, Room 5E03, New Orleans, Louisiana, on the 14th day of May, 2025, commencing at 2:25 PM.

```
                                                                    2

 1    APPEARANCES:

 2
      REPRESENTING THE PLAINTIFFS:
 3
              JONES, WALKER
 4            BY:  TARAK ANADA,
              ATTORNEY AT LAW -and-
 5            PATRICK M. VANBURKLEO,
              ATTORNEY AT LAW
 6            201 St. Charles Avenue
              New Orleans, Louisiana  70170-5100
 7            (pvanburkleo@joneswalker.com)

 8
      REPRESENTING DERRICK BURMASTER, SHAUN FERGUSON,
 9    and the CITY OF NEW ORLEANS:

10            OFFICE OF THE CITY ATTORNEY
              BY:  JAMES ROQUEMORE,
11            ATTORNEY AT LAW
              1300 Perdido Street
12            Suite 5E03
              New Orleans, Louisiana  70112
13            (James.Roquemore@nola.gov)

14

15
      Reported By:
16
              Sandra P. DiFebbo
17            Certified Shorthand Reporter
              State of Louisiana
18

19

20

21

22

23

24

25
```

3

| | EXAMINATION INDEX | |
|---|---|---|
| | | Page |
| BY MR. ANADA: | | 5 |

| | EXHIBIT INDEX | |
|---|---|---|
| | | Page |
| Exhibit L1 | | 45 |
| Exhibit L2 | | 20 |
| Exhibit L3 | | 37 |
| Exhibit L4 | | 44 |
| Exhibit L5 | | 48 |

```
1              S T I P U L A T I O N
2
3              It is stipulated and agreed by and
4  between Counsel for the parties hereto that the
5  deposition of ASSISTANT SUPERINTENDENT HANS
6  GANTHIER is hereby being taken pursuant to the
7  Federal Rules of Civil Procedure for all purposes
8  in accordance with law;
9              That the formalities of reading and
10 signing are specifically waived;
11             That the formalities of sealing,
12 certification, and filing are hereby specifically
13 waived.
14             That all objections, save those as to
15 the form of the question and responsiveness of the
16 answer are hereby reserved until such time as this
17 deposition or any part thereof is used or sought to
18 be used in evidence.
19                     * * * * *
20             Sandra P. DiFebbo, Certified Shorthand
21 Reporter, in and for the State of Louisiana,
22 officiated in administering the oath to the
23 witness.
24
25
```

1     Q. But you are not -- you're only looking --
2 you are only analyzing the situation from
3 Burmaster's unique subjective viewpoint?
4     A. No. It's an objective viewpoint, but I
5 have to look at the totality. So based on the
6 officer's action, the only time you can really use
7 deadly force is if you are in danger of receiving
8 serious bodily harm or somebody else or death. So
9 did he have occasion to possibly receive serious
10 bodily harm? Possibly. I can't -- it's his
11 perception of what he was looking at, at the time.
12 That's what we, as a board, have to objectively
13 look at. What is he thinking about? What is he
14 experiencing? I can't sit from a viewpoint of
15 10,000 feet and go, yeah, okay, that's Monday
16 morning quarterbacking. The law just doesn't allow
17 for it. It is what the immediate thought process
18 of that officer is. Was he intentionally -- did he
19 intentionally believe that he was going to receive
20 harm.
21     Q. So I think I understand your testimony.
22 You believe that Officer Burmaster believed he was
23 about to receive serious bodily harm?
24     A. Yes.
25     Q. But you're not saying you independently

12

1  say that I think Officer Burmaster was about to
2  receive serious bodily harm?  That's not what you
3  are telling the jury, right?
4      A.   Clarify that a little bit.  I'm not quite
5  understanding what that question is.
6      Q.   So you understand this case is about
7  Officer Burmaster shooting a 22 year old puppy,
8  right?
9      A.   A 22-year --
10     Q.   Twenty-two-pound puppy.  Did you know
11 that or --
12     A.   I didn't know the weight of the dog, nor
13 did I ask.  I just knew he shot a dog.  The weight
14 of the dog is insignificant.  It is what he
15 believed to be a possible threat to him.
16     Q.   You saw the video.  Did you think the dog
17 depicted in the video that Burmaster shot, from
18 your perspective, posed a risk of serious bodily
19 injury to Burmaster?
20     A.   If you're asking me to put myself in
21 Burmaster's place at the time, Officer Burmaster
22 heard a deep barking, not associated with a
23 22-pound dog.  When he looks over, there is big dog
24 coming out.  He is responding to a domestic
25 violence call, so he doesn't know what that is

13

1   about. As he is focusing on the dog, another dog
2   pops up. Now, whether he had time to size up the
3   dog or not, I don't think he did, the way it
4   looked, but it was coming at him. Burmaster's size
5   does not allow him to get away from the fence or
6   jump the fence. There is no way he is going to be
7   able to do that in time, so he reacts. He shoots
8   at what he perceived to be an imminent threat to
9   him. So that's what I saw it as what I'm looking
10  at, and that is how I am able to sometimes put
11  myself in the officer's total experience of what he
12  is going through. Everything taken into account, I
13  felt that it was justified.
14       Q.   So let me just break that down a little
15  bit. It's very important, because, you know you
16  are listed as a witness to testify on behalf of
17  Officer Burmaster at trial, right?
18       A.   Yeah. I guess, yes.
19       Q.   You plan to tell the jury that you
20  believe that, based on what you saw, that that 22-
21  pound dog was a legitimate threat of serious bodily
22  harm to Burmaster? You are going to tell the jury,
23  I, Hans Ganthier, believe that that 22-pound dog
24  posed a legitimate fear -- legitimate threat of
25  serious bodily harm to Burmaster?