UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

## DERRICK BURMASTER AND CITY OF NEW ORLEANS' OPPOSITION TO PLAINTIFFS' MOTIONS *IN LIMINE* (DOC. 229)

Defendants, Shaun Ferguson and the City of New Orleans (the "City Defendants"), oppose Plaintiffs' First Motion *in Limine* (Doc. 94) for the following reasons.

### A. LEGAL STANDARD FOR MOTIONS IN LIMINE

A motion *in limine* is made before trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir.1977) (punctuation omitted).

   **1. Any evidence or reference to Plaintiffs' other dog biting people, because Burmaster did not know the other dog's history, and so it could not have been relevant to his decision to shoot the puppy.**

Defendants oppose this MIL on the ground that Bucco's aggressive demeanor was observed by Officer Burmaster after he heard the deep barking and dogs running down the steps. Bucco's aggressive nature, as shown by his prior behavior, was consistent with his behavior on the night in question. This will make it more likely than not that Officer Burmaster (and his partner

1

Roussel) reasonably believed that this dog was dangerous and may have been let loose by an potentially violent domestic violence perpetrator. Thus the evidence of Bucco's aggressive nature is relevant, not prejudicial, and should be admitted.

## 2. Derrick Brown's alcohol use.

Derrick Brown is claiming emotional distress damages. He has not provided proof that he followed up on recommendations for further counseling. Rather, the evidence, as supported by Dr. Berk's evaluation notes, was that Mr. Brown had increased his consumption of alcohol. This is failure to mitigate damages and should be admitted to show that his emotional issues are not due to any loss of a pet dog.

## 3. Derrick Burmaster military service and service-related trauma

Officer Burmaster is a central actor in this lawsuit. He is entitled to tell the jury his background in order to provide context for his testimony. His military service is important to who he is and his personality and will help the jury understand his interactions with persons on the scene after the incident. Plaintiffs will not be prejudiced by this background information about Burmaster.

## 4. The term "Exonerated".

The term "exonerated" is part of the NOPD disciplinary lexicon.[1] Plaintiffs will have the opportunity to question NOPD witnesses to clarify the meaning, if they wish. This MIL should be denied.

## 5. Academy Training and a 2017 "Daily Training Bulletin"

Plaintiffs seek to exclude evidence of NOPD's training as to dog encounters, which was provided by a well-respected third party, because NOPD does not have copies of the video.

---

[1] Plaintiffs seek to use the phrase "Not Justified," which is no longer used by NOPD, but was part of a prior document relating to Burmaster. This phrase is confusing, too.

However, the evidence that Defendants intend to present shows that the ASPCA provided a course entitled "Officer Safety – Dog Bite Prevention; Recognizing Forms of Canine Aggression; Basics of Canine Communications; and Dog Bite Prevention."[2] Further, Defendants produced the test to be taken by NOPD officer upon completion of the course, which contains content.[3] Finally, Defendants produced an list of NOPD officers who took this course.[4] This evidence is proof that NOPD provided training to its officers regarding dog encounters.

NOPD's academy training, and proof thereof, about animals is discussed in its Motion for Partial Summary Judgment (R. Doc. 208-1, at pages 4 (para. 5, 6, 7, and 8) and 5 (para. 10).

This MIL has no merit and should be denied.

**6. Other MILs from R. Doc. 94, 102 and 125**

    **a. Intimations of criminal conduct by Plaintiffs.**

Plaintiffs seek a ruling barring Defendants from "suggesting that Plaintiffs committed a crime, either related to the initial call for service or for how they secured their dogs."[5] This is a very broad and ambiguous request. It is difficult to discern what Plaintiffs mean by "suggesting" and it will be difficult to comply with an order preventing any testimony that "suggests" Plaintiffs committed a crime.

Nevertheless, it is clear that Officer Burmaster was responding to a domestic disturbance call on the night in question. This fact is relevant to Officer Burmaster's state of mind when he entered Plaintiffs' property and encountered Plaintiffs dogs running loose. In addition, the fact that a witness at the scene told Officer Burmaster that a woman had been screaming is relevant to Officer Burmaster's evaluation of the circumstances in this case.

---

[2] R. Doc. 10, p. City Defendants – 5286.
[3] R. Doc. 208-11.
[4] R. Doc. 208-12.
[5] Doc 94-1, p. 2.

As a New Orleans Police Department Academy instructor on use of force explained:

> I know [Officer Burmaster and his partner] got a domestic call, so that plays a factor into things as well, not only for response but exposure as well. [A] [d]omestic call is very dangerous. It's already a heated situation. So if it was a true domestic call, we take that into consideration.[6]

Similarly, Officer Burmaster's understanding as to the lawfulness of Plaintiffs' dogs being loose in their yard is relevant to the totality of the circumstances in which Officer Burmaster evaluated his use of force options. Further, the Plaintiffs' beliefs as to whether they were at fault for letting their dogs free to run loose is relevant to their claim for damages for emotional distress.

Because the evidence is relevant and not unduly prejudicial is admissible under Federal Rule of Evidence 401 and not excludable under Rule 403.

### b. Include Apollo's height and weight in the stipulated facts.

The City Defendants object to this request on the ground that putting such information in a stipulated fact will cause undue emphasis on the height and weight, when there are many other relevant factors that will not be part of stipulated facts. There is no burden to Plaintiffs for providing testimony on this fact. Further, the size of the dog is shown in multiple photographs and videos that will be introduced. The height and size being read to the jury is cumulative, and any probative value of reading the height and weight of the dog is substantially outweighed by the overemphasis on this single fact by reading to the jury in a stipulate fact. For these reasons, the City Defendants choose not to stipulate to having this matter read to the jury as a stipulated fact.

### c. Burmaster's finances or financial status.

Defendants reassert and incorporate herein R. Doc. 126 and all exhibits as response to this MIL.

### d. Pruitt saying shooting was "justified"

---

[6] Doc. 109-4 (Deposition transcript of 30(b)(6) witness David Duplantier), p. 95:20 – 95:25.

Defendants reassert and incorporate herein R. Doc. 138 in response to this MIL.

## CONCLUSION

The Defendants therefore ask that all items on the Plaintiffs' Motions *in Limine* be denied.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for Derrick Burmaster and the City of New Orleans*