**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Proposed Jury Instructions**

I.   **Federal Claims against Derrick Burmaster and City of New Orleans**

Question No. 1

Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster acted in an objectively unreasonable manner by shooting their dog on April 10, 2021?

Yes _____        No _____

Question No. 2

Did the Plaintiffs prove by a preponderance of the evidence that no reasonable officer could have believed that shooting the dog was lawful?

In answering this question, you should consider the scope of discretion and responsibility generally given to Police Officers in performing their duties. You should also consider all of the circumstances as they would have reasonably appeared to Defendant Burmaster at the time he shot the dog.

Yes _____        No _____

Question No. 3

Did the Plaintiffs prove by a preponderance of the evidence that Defendant Burmaster's act of shooting the dog proximately caused damage to the plaintiffs?

Answer "Yes" or "No' for each plaintiff.

    Plaintiff Derek Brown:                Yes \_\_\_\_\_     No \_\_\_\_\_

    Plaintiff Julie Barecki-Brown:      Yes \_\_\_\_\_     No \_\_\_\_\_

Question 4

Do you find by a preponderance of the evidence that the City of New Orleans inadequately trained Derrick Burmaster with respect to use of force upon dogs?

    Yes \_\_\_\_\_          No \_\_\_\_\_

Question 5

Do you find by a preponderance of the evidence that the City of New Orleans inadequately supervised Derrick Burmaster with respect to behavior relating to use of force upon dogs?

    Yes \_\_\_\_\_          No \_\_\_\_\_

Question 6

Do you find by a preponderance of the evidence that the City of New Orleans improperly retained Derrick Burmaster with respect to conduct related to use of force upon dogs?

    Yes \_\_\_\_\_          No \_\_\_\_\_

Question 7

Do you find by a preponderance of the evidence that the City of New Orleans' policies with respect to training, supervision or retention of Derrick Burmaster directly caused the unlawful shooting of Plaintiffs' pet dog?

    Yes \_\_\_\_\_          No \_\_\_\_\_

Question 8

Do you find by a preponderance of the evidence that the City of New Orleans' policies with respect to training, supervision or retention of Derrick Burmaster reflected deliberate indifference to the risk of unlawful shooting of a pet dog?

Yes _____   No _____

**II.   State Law Claims.**

The Court will instruct as to the duty, if any, owed by Derrick Burmaster to the Plaintiffs.

If there is a duty owed by Derrick Burmaster to the Plaintiffs, the following questions should be answered.

Question 9

Do you find Derrick Burmaster breached his duty to Plaintiffs by his act of shooting Plaintiffs' dog?

Yes _____   No _____

Question 10

If you found the Derrick Burmaster breached his duty to Plaintiffs, do you find that the breach was a substantial factor in bringing about the injuries Plaintiffs suffered?

Yes _____   No _____

Question 11

If you find by a preponderance of the evidence that plaintiff Derek Brown and/or Julie Barecki-Brown and/or John Roussel was also negligent AND that such negligence contributed to the April 10, 2021, incident, what percentage of negligence that caused the incident do you attribute to each party listed below:

(The sum of percentages must equal 100%)

| Party | Percentage |
|---|---|
| Derrick Burmaster | _____ |
| Derek Brown | _____ |
| Julie Barecki-Brown | _____ |
| John Roussel | _____ |

3

### III.     Damages

What sum of money, if any, would fairly and reasonably compensate Plaintiff Derek Brown or Plaintiff Julie Barecki-Brown for their damages, if any, that resulted from the incident?

Consider the element of damages listed below and none other. Do not include interest on any amount of damages you find. Answer separately, in dollars and cents, for damages, if any.

Fair Market Value of the dog.            _____

General Damages, including physical and
mental injury, pain and suffering, and
loss of enjoyment of life.

Plaintiff Derek Brown:            _____
Plaintiff Julie Barecki-Brown:_           _____

Respectfully submitted:

*/s/ James M. Roquemore*_____
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Derrick Burmaster and the City of New Orleans*