## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

### DERRICK BURMASTER'S AND CITY OF NEW ORLEANS' RESPONSES TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED EXHIBITS [R. DOC. 233]

Defendants, Derrick Burmaster and the City of New Orleans ("Defendants"), respond to Plaintiffs' Objections to Defendnts' Proposed Exhibits.

**1. D1 Sgt. Duplaintier's "Tactical Debrief" of Officer Burmaster.**

This exhibit is part of the Use of Force Review Board process. It is relevant for many reasons. First, the exhibit is the official NOPD record of the training session recommended by the Use of Force Review Board. If any evidence related to the Use of Force Review Board is presented at trial, this document should for completeness sake, also be admitted. In addition, this report demonstrates NOPD training and supervision of its officers, including Officer Burmaster, concerning use of force and dog encounters. This is relevant to show that the NOPD's training and supervision is adequate and that the NOPD is not "deliberately indifferent" to the risk of excessive force being used against pets.

1

Plaintiffs' argument that the report uses an incorrect analysis is incorrect.[1] Contrary to Plaintiffs' assertion, Sgt. Duplantier's analysis is in accord with Fifth Circuit jurisprudence, which provides that

> an officer may not, consistent with the Fourt Amendment, kill a pet dog unless he reasonably believes that the dog poses a threat and that he is in imminent danger of being attacked.[2]

Plaintiffs also Sgt. Duplantier's report contains "multiple levels of hearsay." However, the report itself is admissible as a record of a "regularly conducted activity" pursuant to Federal Rule of Evidence 803(6). The report is a record made and kept by Sgt. Duplantier regarding the act of training Officer Burmaster and providing an opinion concerning Officer Burmaster's use of force. Each of the elements in Rule 803(6)(A)-(E) are met. Further, most of the report was based on Sgt. Duplantier's review of the body-worn camera video. In the report, Sgt. Duplantier states that Officer Burmaster "advised … that he was remorseful about having to shoot the dog. …that he felt he and the other responding office were in imminent danger when the dogs charged towards each of them."[3] These statements are admissible as exceptions to the rule against hearsay Rule 803(3) then-existing mental, emotional, or physical conditions, in that they describe his feelings.

Plaintiffs contend that the use of the phrase "domestic fight" is too inflammatory to be admitted. However, the fact is that Plaintiffs were fighting so loudly and for such time that a neighbor called a report in to NOPD. It is important to Sgt. Duplantier's analysis given Officer Burmaster needed to be prepared for the potentially dangerous situation involved with a domestic fight.

---

[1] See R. Doc. 220, pp. 4-7.
[2] *Ramirez v. Killian*, 113 F.4th 415, 427 (5th Cir. 2024).
[3] R. Doc. 105-10, p. 5.

Officer Burmaster's statement that the "owners may have let the dogs out on the officers intentionally"[4] is merely a statement of Officer Burmaster's assessment of the totality of the circumstances; the appearance that the owners let the dogs out makes Officer Burmaster's reasonable belief of imminent danger more understandable.

### 2. **D2, D3, D4 – Chief's Hearing Documents Exonerating Burmaster.**

These documents reflect the NOPD's determination that Officer Burmaster did not violate NOPD's use of force policy by shooting the dog.[5] The decision was based on analysis of numerous objective factors which supported Officer Burmaster's reasonable belief that the dog posed an imminent danger of harming him. Further, the use of the word "exonerated" is merely a term of art used by the NOPD in connection to its discipline proceedings. The risk of confusion or misleading is non-existent.[6]

### 3. **D12, D13, D14, D15, D16, D17 Records of other NOPD Officers Shooting other Dogs.**

Defendants reserve the right to introduce these exhibits for rebuttal.

### 4. **D18 Burmaster's Training Records.**

Plaintiffs argue that the City failed to adequately train Burmaster. These documents are relevant to show that Burmaster is trained.

### 5. **D19, D20, D21 May 2017 DTB Records (ASPCA Training).**

Defendants adopt their Opposition to Plaintiffs' Motion in Limine.[7] The documents show that the NOPD provided training regarding encounters with dogs, which is clearly relevant to Plaintiffs' Monell training claim.

---

[4] R. Doc. 233, p. 2
[5] Defendants adopt its arguments made in R. Doc. 235 (Opposition to Plaintiffs' MIL regarding Lubrano, Sanchez, Ganthier, and Kirkpatrick).
[6]
[7] R. Doc. 236, p. 2-3

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
james.roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Derrick Burmaster and the City of New Orleans*