UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

### DEFENDANTS' TRIAL BRIEF IN SUPPORT OF ADMITTING CERTAIN TESTIMONY OF SGT. DAVID DUPLANTIER PURSUANT TO F.R.E. 702

Derrick Burmaster and City of New Orleans ("Defendants"), in accordance with this Court's Minute Entry at R. Doc. 244, respectfully submit this trial brief in support of admitting certain testimony of Sgt. David Duplantier pursuant to Federal Rule of Evidence 702.

### ARGUMENT AND CITATION TO AUTHORITY

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The basis of an expert's specialized knowledge under Rule 702 may come from a variety of sources, including academic training and credentials or practical experience.[1] Here, Sgt.

---
[1] S. Cement Co. v. Sproul, 378 F.2d 48, 49 (5th Cir. 1967).

1

Duplantier was a supervisor for the New Orleans Police Department ("NOPD") and taught officers use of force principles at the NOPD Academy.[2] He served more than 30 years with the NOPD, has worked on the SWAT team, and has handled more than 50 incidents in which he encountered dogs while serving in the field, and served 13 years as instructor at the NOPD Academy during which he taught use of force concepts to officers.[3] For these reasons, it is evident that specialized knowledge will help the jury understand the evidence, the relevant NOPD policies, training, and the use of force concepts involved in this case.

In addition, Sgt. Duplantier's testimony in this case is based on sufficient fact and data, contained in his Training Action Plan which he wrote following a training session with Officer Burmaster on October 7, 2021.[4] This Training Action Plan was provided to Plaintiffs via discovery and Sgt. Duplantier was deposed regarding his findings, analysis, and conclusions. Further, as reflected in the Training Action Plan, Sgt. Duplantier provided an opinion that is based on objective, reliable principles and methods. In addition, the opinion is demonstrably a reliable application of use of force principles and methods to the facts of this case.

Fed. R. Civ. P. 26(a)(2)(A) requires that an expert be disclosed.[5] Defendants disclosed Sgt. Duplantier on March 28, 2025, when they served upon Plaintiffs The City of New Orleans' Designation of Non-Retained Experts.[6] This disclosure was made in accordance with Rule 26(a)(2)(C), which provides "(i) the party must disclose the subject matter is expected to present evidence under Federal Rule of Evidence 702 … [and] (ii) a summary of the facts and opinions to

---

[2] See R. Doc. 220-1.
[3] *Id.*, pp. 8:17 – 10:16.
[4] Exhibit 1 Policy Tactics Training Recommendation ("Training Action Plan").
[5] See Smith v. Progressive County Mut. Ins. Co. 11-872, 2012 WL 702061, *3 (E.D. La. Mar. 1, 2012) (requiring disclosure where law enforcement investigator sought to provide opinion on cause of accident and fault).
[6] R. Doc. 232-4.

which the witness is expected to testify."[7] Importantly, Rule 26(a)(2)(C) does not require the production of a written report for designated non-retained experts such Sgt. Duplantier. Nevertheless, Sgt. Duplantier did provide a Training Action Plan which contained his opinions regarding Officer Burmaster's use of force in this case. Hence, there is no mystery as to what his testimony will be.

However, even if there was a defect in Defendants' disclosure under Rule 26(a), a court may allow such testimony if "the failure was substantially justified or harmless."[8] In deciding whether to exclude untimely-disclosed expert witness testimony, the Court should consider four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[9]

Here, Defendants designated Sgt. Duplantier as a non-retained expert and did not produce a report; this was based on a reasonable interpretation of Rule 26(a)(2)(C). The proposed testimony is important in that Officer Burmaster's compliance with NOPD policy is relevant to whether he acted reasonably under the circumstances. If the testimony is excluded, Officer Burmaster will be prejudiced because Sgt. Duplantier will be unable to explain to the trier of fact how Officer Burmaster did, in fact, follow his NOPD training. Plaintiffs are not prejudiced because they have had the Training Action Plan for years and had the opportunity to furnish the document to their own expert. Notably, their expert will attempt to contradict Sgt. Duplantier's opinions; it would be unfair to preclude Officer Burmaster from addressing Plaintiffs' expert's testimony. There is no

---

[7] See R. Doc. 232-4, p. 2 (this document was included in a pleading filed by Plaintiffs on June 1, 2025. However, the certificate of service on page 2 of the document confirms that it was sent to Plaintiffs' counsel on March 28, 2025.).
[8] Fed. R. Civ.P. 37(c)(1).
[9] *Smith v. Progressive County Mut. Ins. Co.* 11-872, 2012 WL 702061, *3 (E.D. La. Mar. 1, 2012) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir.2007) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990))).

reason for a continuance under these facts and circumstances since full discovery has been made concerning the Training Action Plain and Sgt. Duplantier's testimony.[10]

## CONCLUSION

For the foregoing reasons, Defendants pray that this Court permit Sgt. Duplantier to testify as to his opinions pursuant to Federal Rule of Evidence 702.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for Derrick Burmaster and the City of New Orleans*

---

[10] See *Certain Underwriters at Lloyd's London v. Covington Flooring Company, Inc*., 2024 WL 3741399, *8 (E.D. La. Mar. 8, 2024) (allowing late designation).