## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

**************************************************************************

### Plaintiffs' Brief Regarding Defendants' Expert David Duplantier

At the pre-trial conference, the Court "expressed some concern with regard to the expert testimony of Sergeant David Duplantier that Defendants seek to elicit at trial."[1]

The Court indicated that it was "unlikely to allow Duplantier to testify as indicated pursuant to Federal Rule of Evidence 701," but allowed the "parties to brief the issue of whether Officer Duplantier's testimony may be admissible under Federal Rule of Evidence 702 in light of the disclosure and written report requirements for experts delineated in Federal Rule of Civil Procedure 26."[2] Here, Plaintiffs explain that Duplantier's testimony should be excluded under the FRCP 26 disclosure and written report requirements for several reasons.

**A.    Duplantier's testimony should be excluded because Defendants failed to carry *their burden* of showing no report is required.**

"Rule 26(a)(2)(B) provides that witnesses who are 'retained or specially employed to provide expert testimony in the case or . . . <u>whose duties as the party's employee regularly involve giving expert testimony</u>' are required to prepare and sign a written report, '[u]nless otherwise stipulated or ordered by the court.' If parties who designate an expert do not disclose a report under

---

[1] R. Doc. 244.
[2] *Id.*

#103992909v1

Rule 26(a)(2)(B), <u>they bear the burden of demonstrating that their designated expert is</u> not one 'retained or specially employed to provide expert testimony in the case,' and <u>not one 'whose duties as an employee of the party regularly involve giving expert testimony</u>. *United States ex rel. Dekort v. Integrated Coast Guard Sys.*, 2010 U.S. Dist. LEXIS 162131, at *9 (N.D. Tex. Mar. 25, 2010) (emphasis added) (quoting *Lee v. Valdez*, 2008 U.S. Dist. LEXIS 70979, 2008 WL 4287730, at * 2 (N.D. Tex. Sep. 18, 2008) (internal citation omitted)). "<u>The party designating the expert should bear the burden</u> because it is more likely to possess the information necessary to establish the status of the witness." *Id*. (emphasis added).

Here, Defendants have presented no evidence whatsoever to carry their burden prove that Sgt. Duplantier's duties at NOPD do not "regularly involve giving expert testimony." Indeed, in their brief that the Court ordered them to file on this specific subject (R. Doc. 251), Defendants do not even argue that Sgt. Duplantier's duties at NOPD do not "regularly involve giving expert testimony." And even if Defendants had made such assertion, without actually proving it with evidence, it would still not be enough to carry their burden. *See Valdez*, 2008 U.S. Dist. LEXIS 70979, at *7 ("[D]efendants merely assert that Drs. Skinner, Bowers, and Barnard do not regularly give expert testimony as a part of their duties as Dallas County employees. The court therefore concludes that defendants have not met their burden of establishing that the designated experts do not regularly give expert testimony as a part of their employment."). Defendants have therefore failed to meet <u>their burden</u> to prove that Duplantier was not required to submit an expert report.

Moreover, Defendants have made abundantly it clear in their brief (R. Doc. 251) that Sgt. Duplantier is being called solely or principally to offer expert testimony, in which they explain that all of his testimony is based on "expert[] specialized knowledge under Rule 702":

> The basis of an expert's specialized knowledge under Rule 702 may come from a variety of sources, including academic training and

#103992909v1

credentials or practical experience. Here, Sgt. Duplantier was a supervisor for the New Orleans Police Department ("NOPD") and taught officers use of force principles at the NOPD Academy. He served more than 30 years with the NOPD, has worked on the SWAT team, and has handled more than 50 incidents in which he encountered dogs while serving in the field, and served 13 years as instructor at the NOPD Academy during which he taught use of force concepts to officers. For these reasons, it is evident that specialized knowledge will help the jury understand the evidence, the relevant NOPD policies, training, and the use of force concepts involved in this case. R. Doc. 251, at 1-2.

In a prior brief, Defendants represented

Sgt. Duplantier's opinion testimony is based on his more than 30 years of experience with the NOPD, his work on the SWAT team, more than 50 incidents in which he encountered dogs while serving in the field, and his 13 years as instructor at the NOPD Academy during which he taught use of force concepts to officers. R. Doc. 220, at 3-4.

There is thus no question that NOPD is calling their employee Sgt. Duplantier at trial to solely or principally offer expert testimony. He should therefore be excluded because "[e]xperts called solely or principally to offer expert testimony—*regardless whether they are employees*— *must provide a written report*." *Valdez*, 2008 U.S. Dist. LEXIS 70979, at *7 (emphasis added); *see also Albritton v. Acclarent, Inc.*, 2020 U.S. Dist. LEXIS 258976, at *25 (N.D. Tex. Feb. 28, 2020) (same); *Day v. Consol. Rail Corp.*, 1996 U.S. Dist. LEXIS 6596, 1996 WL 257654, at *2 (S.D.N.Y. May 15, 1996) (holding that employee expert called principally to offer expert testimony "may fairly be viewed as having been 'retained' or 'specially employed' for that purpose").

Finally, "[n]on-retained experts may not give opinions based on information or facts obtained outside the witness' personal knowledge." *Albritton*, 2020 U.S. Dist. LEXIS 258976, at *26 (citing *Huffman v. City of Conroe, Texas*, No. CV H-07-1964, 2008 WL 11391360, at *1 (S.D. Tex. July 10, 2008)). Here, Defendants seek to have Duplantier give "expert testimony" about the

reasonableness of Officer Burmaster's beliefs "based on the objective circumstances known to Officer Burmaster at the time of the shooting." R. Doc. 220, at 5-6. It cannot be seriously argued that Duplantier has "personal knowledge" of the "objective circumstances <u>known to Officer Burmaster</u>" at the time of the shooting." Duplantier has no "personal knowledge" of what Burmaster encountered on the night in question. He only has "second-hand knowledge" of the events in questions based on his interview of Burmaster and after-the-fact review of some evidence. He thus cannot give "non-retained expert" testimony because he does not have the requisite personal knowledge.

**B.    Duplantier's testimony should be excluded because Defendants did not comply with the disclosure requirements of FRCP 26(a)(2)(C).**

<u>1.    Defendants failed to disclose a summary of Duplantier's facts and opinions.</u>

Even if Duplantier did not have to provide a report, Defendants have still not complied with the FRCP 26 disclosure requirements. That is because FRCP 26(a)(2)(C) requires that parties calling expert witnesses who do not provide a report still have to disclose "<u>a summary of the facts and opinions</u> to which the witness is expected to testify." "Unlike the expert report requirement of Rule 26(a)(2)(B), the expert designation requirement of Rule 26(a)(2)(C) applies to all testifying experts."[3]

Here, Defendants' expert designation of Duplantier covers broad and non-specific <u>topics</u> of his testimony: "<u>any matter touching upon</u> his testimony at his deposition of March 8, 2023, including NOPD policies and training of officers regarding use of force with respect to animal encounters and an evaluation of the use of force by Derrick Burmaster with respect to the incident in this case."[4] But it does not in any way actually summarize the facts and opinions to which

---

[3] *Hamburger v. State Farm*, 361 F.3d 875 (5th Cir. 2004).
[4] R. Doc. 232-4 (Duplantier's Expert Witness Designation).

#103992909v1

Duplantier is expected to testify. Allowing Duplantier to give expert testimony at trial without having provided his actual summarized facts or opinions would be prejudicial to Plaintiffs. And contrary to Defendants "no prejudice to Plaintiffs" argument (R. Doc. 251), Plaintiffs took Duplantier's deposition without the benefit of "a summary of the facts and opinions" to which Duplantier is expected to testify at trial. Plaintiffs therefore did not get to adequately prepare for Duplantier's "expert trial testimony," but Defendants received the unfair benefit of receiving Plaintiffs' experts' detailed reports before deposing them. This prejudice cannot be cured.

2.      <u>Defendants state that they missed the deadline to disclose Duplantier as a non-retained expert.</u>

Finally, Defendants represent in their brief (R. Doc. 251) that "Defendants disclosed Sgt. Duplantier on March 28, 2025, when they served upon Plaintiffs The City of New Orleans' Designation of Non-Retained Experts," and they attach their March 28, 2025 disclosure of Sgt. Duplantier as R. Doc. 232-4.

Under Fed. R. Civ. Proc. 26(a)(2)(C)-(D), which governs "Witnesses Who Do Not Provide a Written Report," "[a]bsent a stipulation or court order,"[5] <u>non-retained expert disclosures "must be made at least 90 days before the date set for trial</u>." Here, trial is set for June 9, 2025. Defendants' deadline to designate non-retained experts therefore ran on March 11, 2025. According to their own brief, Defendants therefore failed to timely disclose Duplantier as a "non-retained expert" before the 90-day deadline, and Duplantier should be excluded. *See Robert v. Maurice*, 2020 U.S. Dist. LEXIS 125850, at *13 (E.D. La. July 16, 2020) (disallowing Officer Landry to testify "as a non-retained expert, [because] summary disclosure is required under Federal Rule of Civil Procedure 26(a)(2)(C) [, and]  Summary disclosures must be made at least 90 days before trial.").

---

[5] The Court did not issue any order in this case governing non-retained experts who are not required to submit a report, nor has there been any stipulation among the parties regarding the disclosure of such witnesses.

_/s/ William Most_____

WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Telephone: (504) 509-5023
E-Mail: williammost@gmail.com

/s/ _Tarak Anada_____

TARAK ANADA (#31598)
PATRICK VAN BURKLEO (#41471)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswalker.com

6