UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Reply in Support of Plaintiffs' Omnibus Motions *in Limine* (R. Doc. 229)**

Plaintiffs filed Motions *in Limine* on nine topics (R. Doc. 229). Defendants filed an Opposition (R. Doc. 236). Here, Plaintiffs provide a brief reply as follows.

**A.   Discussion**

**Topic 1:   Irrelevant evidence of Plaintiffs' other dog allegedly biting people.**

Plaintiffs moved to exclude evidence or reference to the alleged behavioral history of Plaintiffs' adult dog Bucho because it is irrelevant and prejudicial. Defendants oppose the motion as they contend the adult dog's "prior history" supports their claim that Defendant Burmaster "reasonably believed that this dog was dangerous" at the time he killed Plaintiffs' other dog Apollo.

As discussed in Plaintiffs' motion, this evidence should be excluded as irrelevant because Defendant Burmaster had no knowledge of the adult dog's alleged behavioral history at the time he shot Plaintiff's puppy, Apollo. Information Defendant Burmaster learned after his use of force cannot be factored into the analysis of whether his actions were reasonable. Burmaster had no knowledge of this dog's past behavioral history, therefore it had no bearing whatsoever on his actions at the time he shot Plaintiffs' puppy.

This evidence of another dog's alleged behavioral history, that Defendant Burmaster did not learn about until after the fact, and was not a factor in Defendant Burmaster's decision to shoot Apollo should be excluded as irrelevant and highly prejudicial. Moreover, Defendants do not even respond to the Fifth Circuit excessive force case of *Carroll v. Ellington,* 800 F.3d 154, 171 5th Cir. 2015) cited by Plaintiffs that held that the finder of fact is only permitted to consider "information available to the officer[s] at the time" force was used. *See also Wash. ex rel. J.W. v. Katy Indep. Sch. Dist.*, 390 F. Supp. 3d 822, 839 (S.D. Tex. 2019) (holing that in use of force context, a "court must consider only the information available to the officer at the time"); *Estate of Wise v. City of Gladewater*, 2019 U.S. Dist. LEXIS 90413, 2019 WL 2302719, at *5 (E.D. Tex. May 30, 2019) ("The Court's inquiry is to be conducted from the viewpoint of a reasonable officer with the information available to the [officer] at the time force was applied").

**Topic 2:    Irrelevant evidence of Plaintiff Derek Brown's alcohol use.**

Plaintiffs moved to exclude evidence of Plaintiff Derek Brown's alcohol use because Plaintiff's expert, Dr. Berk, testified that she had no basis to believe Mr. Brown's symptoms were due to alcoholism or alcohol abuse. Defendants oppose this motion because Plaintiffs' medical expert Dr. Berk's evaluation notes indicated that Mr. Brown reported that he, in the immediate aftermath of the traumatic shooting, temporarily increased his consumption of alcohol.

However, Defendants chose not to retain any medical expert to opine on Mr. Brown's emotional distress damages. And Dr. Berk, the only expert who will testify on this topic, testified that she had no basis to attribute Plaintiff's symptoms of emotional distress to alcoholism or alcohol use.

Because Defendants do not cite any medical expert to provide any basis or foundation for <u>Defense counsel's proposed expert medical theory</u> that Mr. Brown's psychological injuries are caused by "consumption of alcohol" and "not due to any loss of a pet dog,"[1] such questioning has

---

[1] R. Doc. 236, at 2.

#103994594v1

2

no probative value whatsoever, and can only serve to cause undue prejudice. Any testimony about this topic should be excluded under FRE 403.

**Topic 3:** **Defendant Burmaster's military service.**

Plaintiff moved to exclude evidence of or reference to Defendant Derrick Burmaster's prior military service as irrelevant and prejudicial. Defendants oppose this motion as they contend that Burmaster's, "military service is important to who he is and his personality." In their opposition, Defendants admit their intention is to use Burmaster's military service to color the jury's impression of him and how he behaved "on the scene after the incident."

Defendants' only reason to introduce such evidence to garner sympathy and unfairly use Burmaster's irrelevant past military service to bolster his credibility with the jury. Evidence of Burmaster's past military service and service-related trauma should be excluded as irrelevant and more prejudicial than probative. *See Capuano v. Consol. Graphics, Inc.*, 2007 U.S. Dist. LEXIS 66626, at *15 (N.D. Ill. Sep. 7, 2007) ("It is apparent that any arguable probative value (of details about Capuano's military history and physical condition) is substantially outweighed by the likelihood of prejudice to defendants from potential jury sympathy and confusion of issues…."); *Stone v. Anderson*, 2025 U.S. Dist. LEXIS 69861, at *31-32 (E.D. Cal. Apr. 11, 2025) ("Defendants' motion in limine is granted, to the extent Plaintiff seeks to introduce military service awards and commendations because as proffered such evidence is not relevant and would be unfairly prejudicial. Similarly, this rule would also apply to Defendants' miliary service …."); *Daily v. City of Phx.*, 2019 U.S. Dist. LEXIS 192199, at *10 (D. Ariz. Nov. 5, 2019) ("Here, Defendant's military service is part of his employment history. However, the Court finds that the evidence is irrelevant ….").

**Topic 4:** **The legal term "exonerated," as a misleading legal conclusion.**

Plaintiffs moved to exclude use of the legal term, "exonerated." Defendants oppose the motion on the ground that the term exonerated is, "part of the NOPD disciplinary lexicon."

The fact that NOPD chose to include legal terms with legal implications in its "disciplinary lexicon" does not change the fact that the word is a legal term with associated legal conclusions. In the context of this trial, the term "exonerated" indicates a particular legal conclusion. "The general rule is quite clear that witnesses, whether lay or expert, cannot testify as to legal conclusions. To find otherwise would invade the province of the Court."[2] Moreover, witnesses should not be permitted to use "'judicially defined' and 'legally specialized' terms." *M.H. v. Cty. of Alameda*, No. 11-2868, 2015 U.S. Dist. LEXIS 44, at *6-8 (N.D. Cal. Jan. 1, 2015)

Thus, Plaintiffs' motion should be granted pursuant to FRE 403 because the term "exonerated" is more prejudicial than probative. Such a term has the serious potential to confuse a jury into believing that Burmaster has already been "exonerated" by a Court of law, such as a criminal court, for killing Apollo. Defendants should be required to use a different term such as "found to have acted within policy."

**Topic 5:    Evidence about academy training and a 2017 "Daily Training Bulletin" unsupported by Defendant's 30(b)(6) testimony.**

Plaintiffs moved to exclude evidence of academy training on animals and a 2017 "Daily Training Bulletin" because Defendants' 30(b)(6) witnesses were unable to testify about those topics at their depositions. Defendants did not provide any copies of it and they could not recall its contents.

Defendants contend that they should be allowed to introduce the title of an ASPCA course that they claim was included in the 2017 Daily Training Bulletin because they produced a test that was given *after course-completion* and a list of officers who took the course. They intend to offer this as, "proof that NOPD provided training to its officers regarding dog encounters."

---

[2] *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 2013 U.S. Dist. LEXIS 190580, at *5 (S.D. Miss. Feb. 25, 2013) (citing *United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011) (It is also generally prohibited for a lay witness to ... give legal opinions.")).

This evidence should be excluded because Defendants could not produce the video, their 30(b)(6) witnesses could not provide testimony whatsoever about the content of the training, and Defendant Burmaster testified that his only recollection of any training about interacting with animals was to "be safe." Evidence of these unknown and unspecified training materials has no probative value whatsoever, and can only serve to confuse the jury and cause undue prejudice.

**Topic 6:     False, Irrelevant and inflammatory intimations of criminal conduct on the part of Plaintiffs.**

Plaintiffs moved to bar Defendants from falsely suggesting that Plaintiffs committed a crime, either related to the initial call for service or for their dogs being permitted to be outside within their gated private property. As noted in Plaintiff's motion, Defendant Burmaster agreed not to accuse Plaintiffs of "criminal conduct of plaintiffs with regard to their dogs," but the City has not agreed.

Defendants Opposition is indicative of the unfairly prejudicial and inflammatory testimony they will attempt to elicit from witnesses or introduce through argument on this topic. For example, in their Opposition brief under topic 1, Defendants argue that Defendant Burmaster "reasonably believed that **this dog was dangerous and may have been let loose by a potentially violent domestic violence perpetrator.**" And, on this topic, Defendants continually refer to Plaintiffs' dogs as being "let loose" and "free to run loose," suggesting some unlawful activity, when, in reality, Plaintiff's dogs were lawfully secured within the confines of their own enclosed private property, which the Court knows is completely legal.

This is highly prejudicial and inflammatory, and has no probative value. Defendants attempt to paint the Plaintiffs as or associate them with "violent domestic violence perpetrators." They refer to their dogs as being "let loose" or "free to run loose," and admit explicitly that they intend this to suggest that Plaintiffs "let loose" "dangerous" dogs to do violence.

Any suggestion that Plaintiffs engaged in criminal conduct, domestic violence, or that they

unlawfully failed to secure their dogs, or purposefully let them loose as an act of violence has no evidentiary support whatsoever beyond Defendants' baseless inflammatory insinuations. Moreover, Defendants' argument that responding to a "domestic disturbance call" is relevant to "Officer Burmaster's state of mind when he entered Plaintiffs' property" is meritless because "[w]e judge the reasonableness of an officer's conduct 'objectively,' that is, without reference to the subjective intent or motivation that underlies the officer's conduct." *Lytle v. Bexar Cty. Tex.*, 560 F.3d 404, 411 (5th Cir. 2009).

Any references to "domestic violence" or "dogs running loose" should be excluded as prejudicial, and irrelevant because they are not supported by any facts in this case.

**Topic 7:    Apollo's height and weight as a stipulated fact.**

Plaintiffs moved to <u>include</u> Apollo's heigh and weight as a stipulated fact because the autopsy containing Apollo's <u>exact measurements</u> is a <u>joint exhibit</u>[3] <u>also being offered by Defendants</u>. These measurements from Defendants' <u>own exhibit</u> are undisputed, but Defendants refuse to stipulate to the conversion of the measurements to inches and pounds. Defendants oppose this motion because they contend it is "cumulative" and will "cause undue emphasis on the height and weight." They argue that this evidence is "cumulative" because the "size of the dog is shown in multiple photographs," <u>but they also object to the introduction of these photographs!</u> R. Doc. 228, at 10-11.

If this information is not included as a stipulated fact, Plaintiffs will have to waste the Jury's time at trial having a witness perform the conversion to units of measurement the jury will more easily understand. Per their Opposition, Defendants "choose not to stipulate" to these undisputed measurements.

Plaintiffs request that the Court grant their motion and include this undisputed fact as a

---

[3] The Autopsy is Joint Exhibit J8. *See* R. Doc. 228, at 10. Apollo's exact measurements, taken shortly after his death, are set forth on the Autopsy Report's second page. Plaintiffs' demonstratives of Apollo are consistent with these measurements.

#103994594v1

stipulated fact to not waste the Jury's time on unnecessary unit conversion testimony.

**Topic 8:** **Reference to Defendant Burmaster's finances or financial status because Defendants did not disclose this information until after his deposition.**

Plaintiff moved to bar any evidence of Defendant Burmaster's finances or financial status because Defendants did not disclose this information until after his deposition. In their Opposition, Defendants refer to R. Doc. 126, however, that filing does not address this topic. R. Doc. 127 addresses this topic. In that filing, Defendants admit the requested documents were not produced until after Burmaster's deposition, but they claim Plaintiff could have questioned Burmaster on the topic without the records. However, as discussed in Plaintiff's Motion, this late production prevented Plaintiffs from serving subpoenas on financial institutions or questioning Burmaster about his tax returns at his deposition.

The Court should grant Plaintiffs' Motion because it is prejudicial to Plaintiffs to allow Burmaster to plead poverty when he purposefully withheld documents to prevent Plaintiffs from fully investigating this issue in discovery. Alternatively, the Court should prohibit all parties from putting on evidence of Burmaster's finances.

**Topic 9:** **Certain testimony of Sgt. Debra Pruitt, as a misleading application of criminal legal terminology in the civil context**

Plaintiffs moved to exclude Sgt. Pruitt from saying the shooting was "justified" because she clarified at her deposition that she was using that term "strictly limited to whether or not [Burmaster] committed a crime." In their Opposition, Defendants refer to R. Doc. 138, where they argue that the use of this term will "clarify to the jury the differing roles within PIB and the distinction between PIB's conclusions and the Fourth Amendment issue." This has miniscule, if any, probative value in this case. Defendants further argue that if Sgt. Pruitt is not allowed to use the term "Justified" in its criminal context during this civil trial, "the jury may be misled by the meaning of the term[.]"

It is Defendants who intend to mislead the jury by introducing testimony regarding the term "Justified" in its criminal context during a civil trial. Plaintiffs' motion should be granted because

whether or not Burmaster committed a crime is irrelevant in this civil proceeding and there is serious risk of confusing the jury.

**B.     Conclusion**

For the reasons in their motion and this reply, Plaintiffs' motion should be granted.

Respectfully Submitted:

| | |
|---|---|
| */s/ Hope Phelps* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | JONES WALKER LLP |
| DAVID LANSER (La. Bar No. 37764) | 201 St. Charles Avenue |
| MOST & ASSOCIATES | New Orleans, Louisiana 70170-5100 |
| 201 St. Charles Ave., Ste. 2500, # 6825 | Telephone: (504) 582-8322 |
| New Orleans, LA 70170 | Facsimile: (504) 589-8322 |
| Tel: 504.509-5023 | E-Mail: tanada@joneswaker.com |
| Email: williammost@gmail.com | |