UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 22-847** |
| | * | |
| **DERRICK BURMASTER, ET AL.** | * | **SECTION L(4)** |

## ORDER & REASONS

Before the Court are several motions in limine and memorandums in opposition filed by Plaintiffs Derek Brown and Julia Barecki-Brown ("Plaintiffs") as well as Defendants Derrick Burmaster ("Burmaster") and the City of New Orleans (the "City"). R. Docs. 209, 214, 217, 219, 220, 221, 223, 225, 226, 227, 229, 230, 232, 235, 236. After considering the record, briefing, and applicable law, the Court now rules as follows.

**I.    LAW & ANALYSIS**

**A. Defendants' Motion in Limine to Exclude Expert Testimony of James Crosby – R. Doc. 209**

Defendants Burmaster and the City ask this Court to preclude Plaintiffs' expert witness, James W. Crosby, M.S.,[1] from testifying about certain subjects contained in his expert report. R. Doc. 209. More specifically, they argue that: (1) Crosby's description of Officer Burmaster's use of force as "reckless" is a legal conclusion that "invades the province of the jury," and (2) Crosby is not "an expert on the supervision, discipline or retention of law enforcement officers" and thus may not testify as to such matters at trial. R. Doc. 209-1 at 4, 5. After reviewing the briefing and

---

[1]    Mr. Crosby is a purported expert on police encounters with dogs. In his profession, Mr. Crosby "trains police departments and animal control agencies regarding dangerous dogs, dog aggression, use of force in canine encounters, and the investigation of serious and fatal dog attacks on human victims." *Zorich v. St. Louis Cnty.*, No. 4:17-CV-1522 PLC, 2018 WL 3995689, at *1 (E.D. Mo. Aug. 21, 2018).

1

applicable law, the Court will grant the motion in part and deny the motion in part for the following reasons.

**1. Usage of the Word Reckless**

The Court agrees with Defendants that allowing Mr. Crosby to testify as to the recklessness of Burmaster's actions could potentially lead to "jury confusion and undue weight given to [his] opinion." *Id.* at 5. While the issue of whether Burmaster violated Plaintiffs' constitutional rights turns on whether his actions were "objectively unreasonable" and not whether they were reckless, the Court finds that the synonymous nature of the terms "reckless" and "unreasonable" toes too close to the line with regard to the "ultimate question" for the jury with respect to the Fourth Amendment claim. FED. R. EVID. 704; *see also Gibbs v. Lopinto*, 21-1091, 2023 WL 3224581 (E.D. La. May 3, 2023) ("[expert] testimony must not cross the borderline long recognized by this court between a 'mere explanation of the expert's analysis of the facts' and a 'forbidden opinion on the ultimate legal issue' in the case."). The Court understands that Plaintiffs wish to have Mr. Crosby testify as to Burmaster's alleged NOPD policy violations and improper use of a firearm that harmed his partner; however, the use of the term "reckless" as a descriptor is not necessarily required to get this point across.

Moreover, the Court notes that recklessness is an element of punitive damages, which Plaintiffs are seeking in this case. *See Melancon v. Walsh*, 23-7394, 2024 WL 1367644, *5 (E.D. La. April 1, 2024) ("Under § 1983, punitive damages may be awarded only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights."). Mr. Crosby's opinion as to "recklessness" would thus be considered an impermissible legal conclusion within the context of the damages inquiry. *Id.* Accordingly, the

Court concludes that out of an abundance of caution, Mr. Crosby may not characterize Burmaster's actions as "reckless" at trial.

### 2. Expert Testimony Regarding the Supervision, Discipline, and Retention of Law Enforcement Officers

The Court will allow Mr. Crosby to testify as an expert on supervision, discipline, and retention of law enforcement officers. As plainly stated in Mr. Crosby's curriculum vitae, he was an officer with the Jacksonville Sherriff's Office for twenty-two years. R. Doc. 130-17. During part of that time, he served as lieutenant and supervised up to four sergeants, forty officers, and additional officers in training at any given time. R. Doc. 219 at 7. He has also taught the Florida Animal Control Certification Curriculum and has developed a nationwide curriculum for law enforcement training in canine encounters. *Id.*

In light of the fact that "[t]he qualification standard for expert testimony is not stringent so long as the expert's expertise is minimally qualified," Mr. Crosby's professional and training experience clearly meets this threshold. *Emperador-Baker v. Jazz Casino Co., LLC*, No. 16-17058, 2017 WL 5483766, at *1 (E.D. La. Nov. 15, 2017). Defendants' argument that Mr. Crosby's opinions are not reliable due to the time that has passed since he was employed in a police supervisory role has no merit. *See Estate of Casillas v. City of Fresno*, No. 16-1042 AWI-SAB, 2019 WL 586747, at *6 (E.D. Cal. Feb. 13, 2019) (holding that police practices expert who had not worked as a police officer since the "80's and 90's" was qualified to testify as a police practices expert). And to the extent that Defendants take issue with the evidence that Mr. Crosby used to review Burmaster's disciplinary history, the Court finds that this may be more appropriately addressed at trial. Accordingly, the Court concludes that Mr. Crosby may properly testify as to NOPD's decision making with respect to the supervision, discipline, and retention of Burmaster.

### B. Plaintiffs' Motion in Limine to Exclude Expert Testimony of Sergeant David Duplantier – R. Doc. 217

Plaintiffs request that the Court exclude the testimony of Defendants' non-retained expert Sergeant David Duplantier. R. Doc. 217. Mr. Duplantier was a supervisor at the NOPD Academy and taught officers use of force principles. R. Doc. 220 at 1. Following the shooting of Apollo, Mr. Duplantier reviewed Burmaster's body-camera footage at the request of NOPD's Public Integrity Board and assessed whether his use of force was warranted. *Id.* He also prepared a "Training Action Plan" report memorializing his findings. *Id.* If permitted to testify as an expert at trial, Mr. Duplantier intends to opine as to "the level of force used and its reasonableness." R. Doc. 199 at 1.

At the pretrial conference, the Court noted that Mr. Duplantier would not be permitted to testify to his opinions with regard to Burmaster's actions under Federal Rule of Evidence 701 because he would be impermissibly opining as to "other specialized knowledge within the scope of 702." R. Doc. 244 (quoting FED. R. EVID. 701(c)). The Court thus ordered supplemental briefing from the parties to determine whether Mr. Duplantier's testimony may nevertheless be admissible under Federal Rule of Evidence 702 in light of the disclosure and written report requirements for experts delineated in Federal Rule of Civil Procedure 26 ("FRCP 26"). R. Docs. 251, 254. Considering the record, briefing, and applicable law, the Court finds that Defendants have substantially complied with FRCP 26 and will allow Mr. Duplantier to testify under Rule 702.

Preliminarily, the Court notes there is no question that Defendants disclosed Mr. Duplantier as a non-retained expert. R. Doc. 232-4. To the extent that Defendants missed the appropriate 90-day deadline to do so, the Court will exercise its discretion and permit him to testify pursuant to Rule 37(c)(1) because the untimeliness of the disclosure by some days is essentially "harmless" to Plaintiffs. Indeed, Plaintiffs have been aware for quite some time that Mr. Duplantier could

4

potentially be called to testify at trial, they had an opportunity to depose him, and they received and reviewed his Training Action Plan through discovery. Moreover, the Court disagrees with Plaintiffs' assertion that the expert designation of Mr. Duplantier is too broad and non-specific, given FRCP 26 only requires a "*summary* of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C) (emphasis added).

      Plaintiffs also argue that Mr. Duplantier should be excluded because he failed to produce a written report. "Rule 26(a)(2)(B) provides that witnesses who are 'retained or specially employed to provide expert testimony in the case or . . . whose duties as the party's employee regularly involve giving expert testimony' are required to prepare and sign a written report, '[u]nless otherwise stipulated or ordered by the court.' If parties who designate an expert do not disclose a report under Rule 26(a)(2)(B), they bear the burden of demonstrating that their designated expert is not one 'retained or specially employed to provide expert testimony in the case,' and not one 'whose duties as an employee of the party regularly involve giving expert testimony." *United States ex rel. Dekort v. Integrated Coast Guard Sys.*, 2010 WL 11614901, at *2 (N.D. Tex. Mar. 25, 2010) (emphasis added) (quoting *Lee v. Valdez*, 2008 WL 4287730, at * 2 (N.D. Tex. Sep. 18, 2008) (internal citation omitted)). "The party designating the expert should bear the burden because it is more likely to possess the information necessary to establish the status of the witness." *Id.* (emphasis added). Here, Plaintiffs aver Mr. Duplantier must provide an expert report because Defendants failed to show that his duties at NOPD do not regularly involve giving expert testimony. But there is simply no indication on the record that Mr. Duplantier—an officer whose main job at NOPD involves teaching new recruits on matters such as use of force—consistently gives expert testimony in court, such that he would be required to submit a written expert report before testifying under FRCP 26. Furthermore, he memorialized his findings in his Training Action

5

Plan, which Plaintiffs have had sufficient time to review. Accordingly, the Court finds that Mr. Duplantier is eligible to testify under Rule 702. This outcome is fair and just given Plaintiffs seek to also call NOPD officials as non-retained experts in their own right even though those witnesses have also not prepared written reports.

      The Court now moves on to address Plaintiffs' two reasons for excluding all or part of Mr. Duplantier's testimony. First, Plaintiffs contend that exclusion of Mr. Duplantier's testimony is warranted because his analysis of Burmaster's actions was subjective in nature and thus inadmissible at trial given the case law requires a Fourth Amendment seizure to be "objectively reasonable." R. Doc. 217 (citing *Ramirez v. Killian*, 113 F.4th 415, 426 (5th Cir. 2024). Indeed, a factfinder is not to "reference [any] subjective intent or motivation that underlies the officer's conduct." *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 411 (5th Cir. 2009)). The Court, however, finds that while the witness's deposition testimony and report may include language that states "Burmaster believed" or "Burmaster thought," this fact alone does not convert the entirety of his analysis into subjective one. Rather, it appears to the Court that the Mr. Duplantier has merely used Burmaster's perceptions at the time of Apollo's shooting as a frame of reference to evaluate the objective considerations presented to Burmaster and whether his decision making was in line with that of a reasonable officer under the circumstances. Such an approach is consistent with the Fifth Circuit's instruction that "an officer may not, consistent with the Fourth Amendment, kill a pet dog unless *he reasonably believes* that the dog poses a threat and that he is in imminent danger of being attacked." *Brown v. Burmaster*, 23-30180, 2025 WL 227785, at *3 (5th Cir. Jan. 17, 2025) (emphasis added). But to the extent that Mr. Duplantier or any exhibit attempts to go beyond the "objective reasonable" standard by considering factors outside of the specific factual scenario at hand, such as Burmaster's personal background, fears specific to him, and the fact that he has been

6

bitten by dogs in the past, the Court will exclude any portion of this evidence at trial on objection as going to Burmaster's "subjective intent or motivation." *See Lytle*, 560 F.3d at 411.

Second, Plaintiffs argue that Mr. Duplantier may not testify as to the reasonableness of Burmaster's actions because such an opinion is an improper legal conclusion. But Defendants indicate that they will not elicit any testimony from Mr. Duplantier concerning reasonableness, making this point of contention moot. If any attempt is made to give an improper legal conclusion as to reasonableness, either party may raise the issue before the Court during trial.

### C. Plaintiffs' Motion in Limine to Exclude Defense Witnesses Lubrano, Sanchez, Ganthier, & Kirkpatrick – R. Doc. 225

Plaintiffs move this Court to prohibit at trial the testimony of four high-ranking NOPD officials—Chief Deputy Superintendent Hans Ganthier, Deputy Superintendent Keith Sanchez, Deputy Superintendent Ryan Lubrano, and Superintendent Anne Kirkpatrick—and the September 11, 2023 memorandum regarding Burmaster's shooting of Apollo. R. Doc. 225. They contend that exclusion of this testimony as well as their investigatory documents is warranted for three reasons: (1) none of the four witnesses qualify as a "percipient witness" under Federal Rule of Evidence 701 and were not otherwise designated as experts; (2) each witness improperly employed a "subjective analysis" of Burmaster's actions contrary to applicable law; and (3) their analysis would mislead the jury due to the lack of an assessment of whether non-lethal alternatives could have addressed the threat. R. Doc. 225-1.

As an initial matter, the September 11, 2023 memorandum assessing Burmaster's actions that Defendants seek to elicit through Kirkpatrick, Ganthier, Lubrano, and Sanchez may be admissible under Federal Rule of Evidence 803(6) as a record of regularly conducted business or Federal Rule of Evidence 803(8) as "record[s] or statement[s] of a public office." FED. R. EVID. 803(6); FED R. EVID. 803(8)(a)(iii) (permitting "in a civil case . . . factual findings from a legally

7

authorized investigation"). The Court thus refuses to categorically exclude this documentation before trial. The testimony of these four witnesses and the specific information contained in these memoranda, however, prompt further analysis.

For the same reasons stated above with regard to Sergeant David Duplantier, the Court will permit Chief Deputy Superintendent Hans Ganthier to testify as an expert pursuant to Rule 702. Defendants properly identified Mr. Ganthier in their list of non-retained experts, provided a brief summary of his proffered testimony, and he is not required to provide an expert report because there is no indication that he regularly testified as an expert for NOPD. R. Doc. 232-4. However, Defendants notably did not disclose Deputy Superintendent Keith Sanchez or Deputy Superintendent Ryan Lubrano as non-retained experts and have provided no basis for why they failed to do so. Accordingly, the Court will exclude these two witnesses from testifying for failure to comply with FRCP 26. This decision will not unduly prejudice Defendants given Mr. Ganthier will still testify at the trial, and the basis of his testimony and opinions are substantially similar to those of Sanchez and Lubrano. *See Howard v. J&B Hauling, LLC*, 2024 U.S. Dist. LEXIS 200522, at *6 (E.D. La. Oct. 9, 2024) ("It is within the power of the district court to exclude testimony that is repetitious and cumulative of testimony already before the court.").

As for Superintendent Anne Kirkpatrick, the Court will exclude her testimony entirely on similar grounds. Like Defendants' other NOPD witnesses, Ms. Kirkpatrick's opinions go beyond Rule 701 because they are based on "specialized knowledge." She also does not qualify under Rule 702 given she was not disclosed as a non-retained expert pursuant to FRCP 26—similar to Sanchez and Lubrano. Moreover, Ms. Kirkpatrick conceded at her deposition that she simply reviewed Lubrano, Sanchez, and Ganthier's memo and agreed with their assessment. R. Doc. 225-6. Notably, she did not watch the video of the shooting or see any photos of the dog herself, which

seriously calls in question the relevance of her testimony. *Id.* Accordingly, the Court finds that excluding her testimony is appropriate and avoids jury confusion.[2]

### D. Plaintiffs' Motion in Limine to Exclude Multiple Topics – R. Doc. 229

Plaintiffs move this Court to exclude various topics, including but not limited to: the past behavioral history of Plaintiffs' other dog; Burmaster's military background, Plaintiff Derek Brown's alleged alcohol use, etc. The Court will defer any ruling on these issues until the relevant witnesses are in fact called at trial, and such a ruling becomes necessary with the benefit of context. At this time, however, the Court will not require the Defendants to stipulate to Apollo's height and weight. Plaintiffs will have ample opportunity to provide testimony on this fact during their case in chief.

### E. Defendants' Motion in Limine to Exclude Evidence – R. Doc. 230

Defendants have also requested that the Court exclude multiple topics at trial, such as the Use of Force Review Board report, Burmaster's prior uses of force, and comments made by Office of the Consent Decree Monitor personnel, etc. Similar to Plaintiffs' request above, the Court will defer any ruling on these issues to trial. But with respect to Plaintiffs' attempt to introduce *State v. Loicana*, 2018-0497 (La. App. 4 Cir. 8/22/18), 254 So. 3d 761 as an exhibit or through testimony, the Court agrees with Defendants that this evidence must be excluded entirely. The ruling in this case is wholly irrelevant under Federal Rule of Evidence 403 because it is factually inapposite, and it provides little probative value as to the City's alleged deficiencies in supervising Burmaster.

---

[2] To the extent Plaintiffs take issue with the specifics of Ganthier's analysis and whether it is subjective, the Court reiterates its position above with regard to David Duplantier. The Court will not exclude Ganthier's testimony entirely on this basis but will allow the parties to object if his testimony or any exhibit goes beyond any objective considerations. Plaintiffs also argue for the exclusion of Ganthier's testimony because his analysis failed to consider "alternative methods . . . not reasonably available or would likely be ineffective" in accordance with NOPD Policy. The Court refuses to categorically exclude the evidence on this basis, but Plaintiffs' counsel may raise this issue on cross-examination.

Indeed, there is no proof that NOPD would have been able to even access this information, much less keep track of it in their employee files.

## II. CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine to Exclude Expert Testimony of James Crosby, R. Doc. 209, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHERED ORDERED** that Plaintiffs' Motion in Limine to Exclude Expert Testimony of Sergeant David Duplantier, R. Doc. 217, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Defense Witnesses Lubrano, Sanchez, Ganthier, and Kirkpatrick, R. Doc. 225, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Multiple Topics, R. Doc. 229, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Evidence, R. Doc. 230, is **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 6th day of June, 2025.

_____
United States District Judge