UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK BROWN and <br> JULIA BARECKI-BROWN <br><br> VERSUS <br><br> DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * Civil Action No. 22-00847 <br> * <br> * SECTION: L <br> * <br> * HONORABLE ELDON E. FALLON <br> * <br> * DIVISION: 4 <br> * <br> * HONORABLE KAREN WELLS ROBY <br> * |

*************************************************************************

**Plaintiffs' Motion to Strike Defendants' Request to Have the
Jury Decide Qualified Immunity at Trial**

Qualified immunity is a "purely legal question."[1] Thus, the Fifth Circuit has explained that when "a plaintiff's claim survives the defendant's qualified immunity defense at summary judgment and proceeds to trial, there has already been, necessarily, a judicial determination as to the second qualified immunity step."[2]

Defendants' proposed jury instructions, however, seek to tell the jury that "you must then consider whether Defendant Burmaster is entitled to qualified immunity."[3] And their verdict form asks the jury to decide whether "no reasonable officer could have believed that shooting the dog was lawful"[4] – which is a formulation of the qualified immunity question.[5]

---

[1] *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793 (1991); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) ("Decision of this purely legal question [of qualified immunity] permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits.").

[2] *Ramirez v. Killian*, 113 F. 4th 415, 430 (5th Cir. 2024).

[3] R. Doc. 238 (Defendants' Proposed Jury Instructions) at 8.

[4] R. Doc. 243 (Defendants' Proposed Verdict Form) at Question 2.

[5] *See Taylor v. Riojas*, 592 U.S. 7, 8-9, 141 S. Ct. 52, 208 L. Ed. 2d 164 (2020) (denying qualified immunity where "no reasonable . . . officer could have concluded" his actions were legal); *Ambler v. Nissen*, 116 F.4th 351, 371 (5th Cir. 2024) ("Recall the high bar required to deny QI: 'Qualified immunity is justified unless no reasonable officer could have acted as Officer [Nissen] did here, or every reasonable officer faced with the same facts would' have acted differently."); *Ramirez, supra*,

1

Given the law, the Court should reject this attempt to inject a purely legal question into the jury's deliberation, and strike the invocation of qualified immunity from the jury instructions and verdict form.

Respectfully submitted:

/s/ William Most
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Telephone: (504) 509-5023
E-Mail: williammost@gmail.com

TARAK ANADA (#31598)
PATRICK VAN BURKLEO (#41471)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswalker.com

---

at 427 ("[I]n the absence of directly controlling authority, a consensus of cases of persuasive authority might, under some circumstances, be sufficient to compel the conclusion that no reasonable officer could have believed that his or her actions were lawful."); *Mason v. Faul*, 929 F.3d 762, 764 (5th Cir. 2019) ("Qualified immunity is justified unless no reasonable officer could have acted as Officer Faul did here, or every reasonable officer faced with the same facts would not have shot at Mason.").