**MOST & ASSOCIATES**

201 St. Charles Ave.  
Ste. 2500 #9685  
New Orleans, LA 70170

(504) 509-5023  
mostandassociates.com  
williammost@gmail.com

---

The Honorable Eldon E. Fallon  
500 Poydras Street, Room C456  
New Orleans, LA  70130

June 10, 2025

Re: *Brown v. Burmaster,* 22-cv-00847

Dear Judge Fallon,

This morning we discussed whether the jury should be instructed about qualified immunity and asked to decide the issue. This letter explains why they should not be.

The "qualified-immunity inquiry has two steps. First, we ask whether 'the officer's conduct violated a federal right.' Second, we ask 'whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his [] conduct.'"[1]

In a Fourth Amendment context, the first step of qualified immunity involves determining whether the constitution was violated "by conduct that, viewed from the officer's perspective and information at the time, is objectively unreasonable."[2]

The second step, by contrast, "assesses the objective <u>legal</u> reasonableness of the action, that is, whether every reasonable officer would have known that the conduct in question was illegal."[3]

Thus, you were correct this morning that the second step of qualified immunity involves a "reasonableness" assessment. But it is an assessment of *legal* reasonableness; *i.e.*, that "the right was clearly established at the time of the challenged conduct."[4]

The fact that the second step is a "purely legal question"[5] is why the Fifth Circuit recently held that when "a plaintiff's claim survives the defendant's qualified immunity defense at summary judgment and proceeds to trial, there has already been, necessarily, a judicial determination as to the second qualified immunity step."[6] In plainer terms, that would mean that the "trial court has held that, assuming that the plaintiff's version of the facts is true, the defendant would not be entitled to qualified immunity. The question at trial is then solely one of fact."[7] For that reason, the parties stipulated that the jury <u>should not</u> decide qualified immunity.[8]

---

[1] *Cantu v. Tamez*, No. 23-40673, 2024 U.S. App. LEXIS 22630, at *4 (5th Cir. 2024) (citations omitted).  
[2] *Cole v. Carson*, 935 F.3d 444, 462 (5th Cir. 2019).  
[3] *Id.* (emphasis added).  
[4] *Ramirez* v. *Killian*, 113 F. 4th 415, 421 (5th Cir. 2024) (to overcome qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.")  
[5] *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793 (1991); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (describing the "purely legal question" of qualified immunity")  
[6] *Ramirez v. Killian*, 113 F. 4th 415, 430 (5th Cir. 2024).  
[7] *Id.*  
[8] R. Doc. 228 (Proposed PTO) at 21 ("jury shall decide all disputed factual issues other than qualified immunity.")

  Accordingly, the jury should not be instructed about qualified immunity, asked about the legal reasonableness of Burmaster's actions, or asked whether "every reasonable officer would have known that the conduct in question was illegal."

Very truly yours,

*/s/ William Most*
William Most
Counsel for Plaintiff