**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

Formatted: Indent: First line:  0"

# JURY INSTRUCTIONS

1. GENERAL INSTRUCTIONS ............................................................ 2
2. EVIDENCE............................................................................... 3
3. DIRECT AND CIRCUMSTANTIAL EVIDENCE................................. 5
4. STIPULATIONS ...................................................................... 6
5. BURDEN OF PROOF ................................................................ 6
6. WEIGHING THE EVIDENCE...................................................... 7
7. SIMILAR ACTS ...................................................................... 8
8. DEPOSITION TESTIMONY ....................................................... 9
9. EXPERT WITNESSES............................................................... 10
10. LAW ENFORCEMENT OFFICER TESTIMONY ............................. 11
11. IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS ............ 11
12. DEMONSTRATIVE EVIDENCE ................................................. 12
13. CHARTS & SUMMARIES ........................................................ 12
14. OBJECTIONS DURING TRIAL................................................. 13
15. JUDGE'S COMMENTARY IS NOT CONSIDERED ......................... 14
16. NOTETAKING DURING TRIAL ................................................ 14
17. SPECIFIC INSTRUCTIONS ..................................................... 15
18. FOURTH AMENDMENT CONSTITUTIONAL VIOLATION CLAIM ............ 16
    A. QUALIFIED IMMUNITY....................................................... 17
    B. MUNICIPAL LIABILITY ...................................................... 20
        I. FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE........................ 21
        II. RATIFICATION.............................................................. 24
19. LOUISIANA STATE LAW CLAIMS............................................. 25
    A. NEGLIGENCE ................................................................... 25
        I. LOUISIANA DISCRETIONARY IMMUNITY ...................... 28
    B. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ................ 31
    C. CONVERSION .................................................................. 31
20. CALCULATION OF DAMAGES.................................................. 32
21. CONCLUSION..................................................................... 39

**FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025**
**BROWN V. BURMASTER (22-847)**

**Formatted:** Indent: First line: 0"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN, ET AL.** | * | **CIVIL DOCKET** |
| | * | |
| **VERSUS** | * | **NO. 22-847** |
| | * | |
| **DERRICK BURMASTER, ET AL.** | * | **SECTION "L"** |

## <u>JURY INSTRUCTIONS</u>

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THIS CASE.

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DECIDE WHAT EVIDENCE IS PROPER FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH

**FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025**
**BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line: 0"

APPLY IN EVERY CASE, FOR EXAMPLE, INSTRUCTIONS ABOUT BURDEN OF PROOF AND HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THEN I WILL GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE. FINALLY, I WILL EXPLAIN TO YOU THE PROCEDURES YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

## 1. GENERAL INSTRUCTIONS

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

Formatted: Indent: First line: 0"

SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU
TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS, AND
THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS
AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE
COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR
SIMILAR STATIONS IN LIFE. ALL PERSONS AND CORPORATIONS OR
PUBLIC ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE
DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

## 2. EVIDENCE

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE
FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE
I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES
THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS
ADMITTED INTO THE RECORD.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS, OR
ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE
CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE
THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR

3

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

**Formatted:** Indent: First line: 0"

SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THIS CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

ALSO, DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT ON EVIDENCE PRESENTED DURING A CASE. I DO NOT BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE. IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS

4

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
    **BROWN V. BURMASTER (22-847)**

| Formatted: Indent: First line: 0" |

WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL, HOWEVER,
AS A COMMENT ON THE EVIDENCE, THEN I INSTRUCT YOU THAT ANY
SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY
OPINION AS TO THE FACTS, AND YOU, THE JURY, MAY DISREGARD
SUCH COMMENT OR COMMENTS ENTIRELY SINCE YOU, AS JURORS,
ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE
CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE
INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL
ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER
WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS
THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE
FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND
EVIDENCE IN THIS CASE.

### 3. DIRECT AND CIRCUMSTANTIAL EVIDENCE

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL
EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO
ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.
"CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

**Formatted:** Indent: First line: 0"

CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

## 4. STIPULATIONS

STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT. A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY. WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

## 5. BURDEN OF PROOF

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE THE BURDEN OF PROVING THEIR CASE BY A PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO. IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

Formatted: Indent: First line: 0"

BROWN HAVE FAILED TO PROVE ANY ELEMENT OF THEIR CLAIM BY A

PREPONDERANCE OF THE EVIDENCE, THEN THEY MAY NOT RECOVER

ON THAT CLAIM.

## 6. WEIGHING THE EVIDENCE

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD

SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES

A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR

KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO

PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY

HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE

OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE

CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF

THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR

HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER

TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY

HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR

SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line:  0"

DEMONSTRATED.

IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS'S TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

## 7. SIMILAR ACTS

EVIDENCE THAT AN ACT WAS DONE AT ONE TIME OR ON ONE OCCASION IS NOT ANY EVIDENCE OR PROOF WHATSOEVER THAT THE ACT WAS DONE IN THIS CASE.

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

> **Formatted:** Indent: First line: 0"

YOU MAY CONSIDER EVIDENCE OF SIMILAR ACTS FOR THE LIMITED PURPOSE OF SHOWING WHETHER THE CITY MAY BE HELD LIABLE FOR DEFENDANT DERRICK BURMASTER'S ACTIONS WITH RESPECT TO A FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE AS WELL AS NEGLIGENTLY HIRING, TRAINING, SUPERVISING, AND RETAINING BURMASTER, WHICH ARE BOTH AT ISSUE IN THIS CASE. SUCH EVIDENCE MAY NOT BE CONSIDERED FOR ANY OTHER PURPOSE WHATSOEVER. YOU MAY NOT USE THE EVIDENCE TO CONSIDER OR REFLECT DEFENDANT DERRICK BURMASTER'S CHARACTER.

## 8. DEPOSITION TESTIMONY

> **Commented [WM1]:** It was anticipated that Chief Kirkpatrick's deposition testimony would be used, but she was excluded prior to trial.

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS A WITNESS WAS ASKED IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY.

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025

**BROWN V. BURMASTER (22-847)**

| | Formatted: Indent: First line: 0" |

~~THE QUESTIONS AND ANSWERS HAVE BEEN READ AND SHOWN TO YOU THROUGHOUT TRIAL. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND WEIGHED AND OTHERWISE CONSIDERED BY YOU IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.~~

### ~~9.~~8.  EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN THIS CASE. YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE FACTS THE EXPERT RELIED UPON ARE INCORRECT, THAT THE REASONS GIVEN IN

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
    **BROWN V. BURMASTER (22-847)**

Formatted: Indent: First line: 0"

SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS

OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE

OPINION ENTIRELY.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION

OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE

WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE

THAT THE EXPERT WITNESS HAS ECONOMIC, PHILOSOPHICAL, OR ANY

OTHER INTEREST IN THE OUTCOME OF THE CASE.

## ~~10.~~9.  LAW ENFORCEMENT OFFICER TESTIMONY

YOU ARE REQUIRED TO EVALUATE THE TESTIMONY OF A LAW

ENFORCEMENT OFFICER AS YOU WOULD THE TESTIMONY OF ANY

OTHER WITNESS. NO SPECIAL WEIGHT MAY BE GIVEN TO HIS OR HER

TESTIMONY BECAUSE HE OR SHE IS A LAW ENFORCEMENT.

## ~~11.~~10.    IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A

WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME

OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO

SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY

11

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS THEY REMEMBER IT. PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS MADE A MISSTATEMENT, CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE. THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

## 12.11.    DEMONSTRATIVE EVIDENCE

EXHIBITS ARE ILLUSTRATIONS. IT IS A PARTY'S DESCRIPTION, PICTURE, OR MODEL USED TO DESCRIBE SOMETHING IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM THE EXHIBIT, RELY ON YOUR RECOLLECTION.

## 13.12.    CHARTS & SUMMARIES

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU SOLELY TO HELP EXPLAIN OR SUMMARIZE THE FACTS DISCLOSED BY THE BOOKS, RECORDS, AND OTHER DOCUMENTS THAT ARE IN EVIDENCE. THESE CHARTS AND SUMMARIES ARE NOT EVIDENCE OR

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line: 0"

PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE
EVIDENCE.

### ~~14.~~13.    OBJECTIONS DURING TRIAL

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD
OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED
OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO
OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER
EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY
ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR
SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE
OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE
INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT
DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO
THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU,
THE JURY, ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL
WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

**Formatted:** Indent: First line: 0"

QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION. WHEN THE COURT HAS STRICKEN A WITNESS FROM THE RECORD, THE JURY MUST DISREGARD THE TESTIMONY OF THE WITNESS ENTIRELY AND MAY DRAW NO INFERENCE FROM ANY TESTIMONY GIVEN BY THAT WITNESS.

## ~~15.~~14.    JUDGE'S COMMENTARY IS NOT CONSIDERED

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE FACTS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED. REMEMBER AT ALL TIMES, YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS.

## ~~16.~~15.    NOTETAKING DURING TRIAL

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

Formatted: Indent: First line: 0"

NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

## 17.16.    SPECIFIC INSTRUCTIONS

NOW, LADIES AND GENTLEMEN OF THE JURY I WILL MOVE ON TO DISCUSS THE APPLICABLE LAW THAT YOU WILL BE REQUIRED TO APPLY TO THE FACTS OF THIS CASE. AS I MENTIONED TO YOU PRIOR TO THE TRIAL, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE BROUGHT BOTH FEDERAL CLAIMS AND VARIOUS LOUISIANA STATE LAW CLAIMS AGAINST DEFENDANTS DERRICK BURMASTER AND, THE CITY OF NEW ORLEANS., AND THE FORMER NOPD SUPERINTENDENT IN HIS OFFICIAL CAPACITY.[1] I WILL BEGIN BY ADDRESSING PLAINTIFFS' FEDERAL LAW CLAIMS AND THEN PROCEED TO THEIR LOUISIANA STATE LAW CLAIMS.

**Commented [WM2]:** On June 4, 2025, the parties met and conferred about this issue. The parties agreed that because the Superintendent in her Official Capacity is the same thing as the City, there is no need for her to be separately designated as a defendant.

---

[1]    The Court has reviewed the record in this matter and notes that former NOPD Superintendent Shaun Ferguson has not yet been dismissed in his official capacity, only in his personal capacity. R. Doc. 156. Current NOPD Superintendent Anne Kirkpatrick has not been substituted. The argumentation throughout trial has been limited to Defendants Derrick Burmaster and the City. The Court would like to minimize jury confusion. Please advise.

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

**Formatted:** Indent: First line: 0"

### 18.17.    FOURTH AMENDMENT CONSTITUTIONAL VIOLATION CLAIM

THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION PROHIBITS UNREASONABLE SEIZURES OF A CITIZEN'S PERSON OR PROPERTY. YOU SHOULD NOTE THAT NOT ALL SEIZURES NECESSARILY VIOLATE THE FOURTH AMENDMENT. RATHER, ONLY A SEIZURE THAT IS "OBJECTIVELY UNREASONABLE" IS CONSIDERED TO BE A CONSTITUTIONAL VIOLATION. THE LAW PROVIDES THAT KILLING A PET DOG CONSTITUTES A SEIZURE OF PROPERTY UNDER THE FOURTH AMENDMENT.

IN THIS CASE, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN SEEK TO RECOVER DAMAGES FOR THE KILLING OF THEIR PET DOG APOLLO – WHAT THEY CONSIDER TO BE AN UNREASONABLE SEIZURE OF THEIR PROPERTY. TO PREVAIL UNDER THIS CLAIM, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE KILLING OF APOLLO WAS "OBJECTIVELY UNREASONABLE."

IN DETERMINING WHETHER THE KILLING OF APOLLO WAS REASONABLE OR UNREASONABLE, AND THEREFORE WHETHER IT VIOLATED THE FOURTH AMENDMENT, YOU ARE TO EVALUATE THE

**FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025**
**BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line: 0"

TOTALITY OF THE CIRCUMSTANCES, AND JUDGE THE REASONABLENESS OF AN OFFICER'S CONDUCT "OBJECTIVELY," THAT IS, WITHOUT REFERENCE TO THE SUBJECTIVE INTENT OR MOTIVATION THAT UNDERLIES THE OFFICER'S CONDUCT. YOU MUST LOOK AT THE SPECIFIC FACTS AND CIRCUMSTANCES FROM THE PERSPECTIVE OF A REASONABLE OFFICER ON THE SCENE, RATHER THAN WITH THE 20/20 VISION OF HINDSIGHT. ~~FACTORS YOU MAY CONSIDER.~~

> **Commented [WM3]:** This appears to have been included in error.

THE KILLING OF A PET DOG IS REASONABLE ONLY IF: (1) THE DOG POSES AN IMMEDIATE DANGER TO LIFE OR SERIOUS BODILY INJURY, AND (2) THE KILLING IS UNAVOIDABLE. IT IS THE PLAINTIFFS' BURDEN TO PROVE THIS.

~~a.   QUALIFIED IMMUNITY~~

~~IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT BURMASTER VIOLATED THE FOURTH AMENDMENT BY SHOOTING APOLLO, YOU MUST THEN CONSIDER WHETHER DEFENDANT BURMASTER IS ENTITLED TO WHAT THE LAW CALLS "QUALIFIED IMMUNITY." "QUALIFIED IMMUNITY BARS A DEFENDANT'S LIABILITY EVEN IF HE VIOLATED THE PLAINTIFFS'~~

> **Commented [WM4]:** Plaintiffs object to this section being included. The parties stipulated that the jury would not decide qualified immunity. See R. Doc. 228 (Proposed PTO) at 21.
>
> The reasons why QI should not be given to the jury are actually clarified by the language here. The Court's instructions explain:
>
> "THE CLEARLY ESTABLISHED LAW AT THE TIME WAS THAT THE USE OF DEADLY FORCE AGAINST A PET DOG BY A POLICE OFFICER IS NOT VIOLATIVE OF THE FOURTH AMENDMENT IF THE PET DOG POSED AN IMMEDIATE DANGER AND KILLING IT WAS UNAVOIDABLE."
>
> For that reason, if the jury concludes that the dog did not pose an immediate danger or killing it was avoidable, then that *necessarily violated clearly-established law.* The jury does not need to decide that step of QI.

17

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

**Formatted:** Indent: First line: 0"

CONSTITUTIONAL RIGHTS. QUALIFIED IMMUNITY EXISTS TO GIVE
GOVERNMENT OFFICIALS BREATHING ROOM TO MAKE REASONABLE
BUT MISTAKEN JUDGMENTS ABOUT OPEN LEGAL QUESTIONS.
QUALIFIED IMMUNITY PROVIDES PROTECTION FROM LIABILITY FOR
ALL BUT THE PLAINLY INCOMPETENT GOVERNMENT OFFICERS, OR
THOSE WHO KNOWINGLY VIOLATE THE LAW. IT IS PLAINTIFFS DEREK
BROWN AND JULIA BARECKI BROWN'S BURDEN TO PROVE BY A
PREPONDERANCE OF THE EVIDENCE THAT QUALIFIED IMMUNITY
DOES NOT APPLY IN THIS CASE.

QUALIFIED IMMUNITY APPLIES IF A REASONABLE OFFICER
COULD HAVE BELIEVED THAT THE SHOOTING OF PLAINTIFFS' PET DOG
APOLLO WAS LAWFUL IN LIGHT OF CLEARLY ESTABLISHED LAW AND
THE INFORMATION DEFENDANT DERRICK BURMASTER POSSESSED.
BUT DEFENDANT DERRICK BURMASTER IS NOT ENTITLED TO
QUALIFIED IMMUNITY IF, AT THE TIME OF THE SHOOTING OF
PLAINTIFFS' PET DOG APOLLO, A REASONABLE OFFICER WITH THE
SAME INFORMATION COULD NOT HAVE BELIEVED THAT HIS ACTIONS
WERE LAWFUL. LAW ENFORCEMENT OFFICERS ARE PRESUMED TO
KNOW THE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line: 0"

~~INDIVIDUALS THEY ENCOUNTER.~~

~~IN THIS CASE, THE CLEARLY ESTABLISHED LAW AT THE TIME WAS THAT THE USE OF DEADLY FORCE AGAINST A PET DOG BY A POLICE OFFICER IS NOT VIOLATIVE OF THE FOURTH AMENDMENT IF THE PET DOG POSED AN IMMEDIATE DANGER AND KILLING IT WAS UNAVOIDABLE. ON THE OTHER HAND, A POLICE OFFICER'S USE OF DEADLY FORCE AGAINST~~ A PET DOG DOES VIOLATE THE FOURTH AMENDMENT IF THE PET DOG DID NOT POSE AN IMMEDIATE DANGER ~~OR~~ AND KILLING IT WAS AVOIDABLE.

> **Commented [WM5]:** If this section is retained, then this sentence say "OR" not "AND."

~~AFTER CONSIDERING THE SCOPE OF DISCRETION AND RESPONSIBILITY GENERALLY GIVEN TO POLICE OFFICERS IN PERFORMING THEIR DUTIES AND AFTER CONSIDERING ALL OF THE CIRCUMSTANCES OF THIS CASE AS THEY WOULD HAVE REASONABLY APPEARED TO DEFENDANT DERRICK BURMASTER AT THE TIME OF THE SHOOTING OF PLAINTIFFS' PET DOG APOLLO, IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI BROWN FAILED TO PROVE THAT NO REASONABLE OFFICER COULD HAVE BELIEVED THAT THE SHOOTING OF THEIR PET DOG APOLLO WAS LAWFUL, THEN DEFENDANT DERRICK BURMASTER IS ENTITLED TO QUALIFIED~~

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

*Formatted:* Indent: First line: 0"

~~IMMUNITY, AND YOUR VERDICT MUST BE FOR DEFENDANT
BURMASTER ON THOSE CLAIMS. BUT IF YOU FIND THAT DEFENDANT
DERRICK BURMASTER VIOLATED PLAINTIFFS DEREK BROWN AND
JULIA BARECKI-BROWN'S CONSTITUTIONAL RIGHTS AND THAT
DEFENDANT DERRICK BURMASTER'S IS NOT ENTITLED TO QUALIFIED
IMMUNITY AS TO THAT CLAIM, THEN YOUR VERDICT MUST BE FOR
PLAINTIFFS ON THAT CLAIM.~~

## ~~b.~~ a.   MUNICIPAL LIABILITY

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALSO
BRING CLAIMS AGAINST THE CITY OF NEW ORLEANS, ALLEGING THAT
THE CITY IS LIABLE FOR BURMASTER'S ACTIONS IN SHOOTING THEIR
PET DOG APOLLO. A CITY IS NOT LIABLE UNDER FEDERAL LAW FOR
THE ACTIONS OF ITS EMPLOYEES UNLESS THE CONSTITUTIONAL
VIOLATION WAS CAUSED BY A CITY POLICY OR CUSTOM.

A "POLICY" CAN BE A POLICY STATEMENT, ORDINANCE,
REGULATION, OR DECISION OFFICIALLY ADOPTED AND
PROMULGATED BY THE CITY'S OFFICERS.

A "CUSTOM" IS A PERSISTENT, WIDESPREAD PRACTICE OF CITY
OFFICIALS OR EMPLOYEES THAT, ALTHOUGH NOT FORMALLY

20

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

Formatted: Indent: First line: 0"

ADOPTED, IS SO COMMON AND WELL-SETTLED THAT IT FAIRLY REPRESENTS CITY POLICY. BUT TO SHOW A CUSTOM, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE THAT EITHER THE CITY'S GOVERNING BODY OR SOME OFFICIAL WITH POLICYMAKING AUTHORITY KNEW OR SHOULD HAVE KNOWN ABOUT THE CUSTOM.

HERE, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE TWO DIFFERENT THEORIES OF A CITY POLICY OR CUSTOM AS THE BASIS FOR SUBJECTING THE CITY TO LIABILITY FOR BURMASTER'S ACTIONS. I WILL INSTRUCT YOU AS TO THE LAW FOR EACH INDEPENDENT THEORY.

## i. FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE

FIRST, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE THAT THE CITY OF NEW ORLEANS IS LIABLE FOR BURMASTER'S SHOOTING OF THEIR PET DOG APOLLO THROUGH: (1) THE CITY'S POLICY CHOICE IN THE WAY IT TRAINED BURMASTER REGARDING THE USE OF FORCE AGAINST DOGS; (2) THE WAY THAT THE CITY SUPERVISED BURMASTER; AND (3) THE CITY'S CHOICE TO RETAIN

21

**FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025**
**BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line: 0"

BURMASTER ON THE FORCE PRIOR TO THE INCIDENT. TO PREVAIL ON

THEIR CLAIMS AGAINST THE CITY UNDER THIS THEORY, PLAINTIFFS

DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE BY A

PREPONDERANCE OF THE EVIDENCE THAT:

1. THE CITY OF NEW ORLEANS FAILED TO ADEQUATELY TRAIN,
   SUPERVISE, AND/OR DISCIPLINE DEFENDANT DERRICK
   BURMASTER;

> **Commented [WM6]:** The question isn't whether the City trained at all – it's whether the training was adequate. So an adverb like "adequately," "properly," or "sufficiently" would be helpful here to clarify.

2. THERE IS A CAUSAL CONNECTION BETWEEN THE ALLEGED
   FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE AND THE
   ALLEGED VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL
   RIGHTS;

3. THE FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE
   CONSTITUTED "DELIBERATE INDIFFERENCE" TO THE
   PLAINTIFFS' CONSTITUTIONAL RIGHTS.

TO ACT WITH "DELIBERATE INDIFFERENCE," CITY OFFICIALS

MUST BOTH BE AWARE OF FACTS FROM WHICH THE INFERENCE COULD

BE DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXISTS OR A

VIOLATION OF CONSTITUTIONAL RIGHTS EXISTS, AND THEY MUST

ALSO DRAW THE INFERENCE. TO SHOW "DELIBERATE INDIFFERENCE,"

22

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

THE CONNECTION BETWEEN THE BACKGROUND OF THE INDIVIDUAL AND THE SPECIFIC VIOLATION ALLEGED MUST BE STRONG, AS THE PLAINTIFFS MUST SHOW THAT DERRICK BURMASTER WAS HIGHLY LIKELY TO INFLICT THE PARTICULAR TYPE OF INJURY THEY SUFFERED.

ONE SUCH WAY TO PROVE "DELIBERATE INDIFFERENCE" IS TO SHOW A PATTERN OF CONDUCT THAT INDICATES A "PROCLIVITY TOWARDS VIOLENCE." A PATTERN IS TANTAMOUNT TO OFFICIAL POLICY WHEN IT IS SO COMMON AND WELL-SETTLED AS TO CONSTITUTE A CUSTOM THAT FAIRLY REPRESENTS MUNICIPAL POLICY. WHERE PRIOR INCIDENTS ARE USED TO PROVE A PATTERN, THEY MUST HAVE OCCURRED FOR SO LONG OR SO FREQUENTLY THAT THE COURSE OF CONDUCT WARRANTS THE ATTRIBUTION TO THE GOVERNING BODY OF KNOWLEDGE THAT THE OBJECTIONABLE CONDUCT IS THE EXPECTED, ACCEPTED PRACTICE OF CITY EMPLOYEES. A PATTERN REQUIRES SIMILARITY AND SPECIFICITY; PRIOR INDICATIONS CANNOT SIMPLY BE FOR ANY AND ALL BAD OR UNWISE ACTS BUT RATHER MUST POINT TO THE SPECIFIC VIOLATION IN QUESTION. A PATTERN ALSO REQUIRES SUFFICIENTLY NUMEROUS

23

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

PRIOR INCIDENTS AS OPPOSED TO ISOLATED INSTANCES.

## ii. RATIFICATION

SECOND, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE THAT THE CITY OF NEW ORLEANS IS LIABLE FOR BURMASTER'S SHOOTING OF THEIR PET DOG APOLLO BECAUSE THE CITY RATIFIED OR APPROVED BURMASTER'S DECISION. IN ORDER TO PREVAIL UNDER A RATIFICATION THEORY, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. THE ACTIONS OF DEFENDANT DERRICK BURMASTER ARE EXTREME;

2. THE CITY, THROUGH ITS POLICYMAKERS, APPROVED OF BURMASTER'S DECISION TO SHOOT PLAINTIFFS' DOG APOLLO AND THE BASIS FOR IT;

3. THE CITY'S RATIFYING POLICYMAKER(S) KNEW THAT DEFENDANT BURMASTER'S ACTIONS WERE UNLAWFUL AND CLEARLY EXCESSIVE TO HIS APPARENT NEED TO DEFEND HIMSELF BUT APPROVED OF HIS ACTIONS ANYWAYS.

POLICYMAKERS WHO SIMPLY GO ALONG WITH A SUBORDINATE'S DECISION DO NOT THEREBY VEST FINAL

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
        BROWN V. BURMASTER (22-847)

**Formatted:** Indent: First line: 0"

POLICYMAKING AUTHORITY IN THE SUBORDINATE, NOR DOES A MERE FAILURE TO INVESTIGATE THE BASIS OF A SUBORDINATE'S DISCRETIONARY DECISIONS AMOUNT TO RATIFICATION.

## ~~19.~~18.    LOUISIANA STATE LAW CLAIMS

NOW, THE COURT WILL MOVE ON TO DISCUSS THE PLAINTIFFS' STATE LAW CLAIMS UNDER LOUISIANA LAW.

### a. NEGLIGENCE

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN BRING A STATE LAW CLAIM OF NEGLIGENCE AGAINST DEFENDANT~~S~~ DERRICK BURMASTER~~, THE CITY OF NEW ORLEANS, AND THE FORMER NOPD SUPERINTENDENT.~~ HERE, PLAINTIFFS ALLEGE THAT BURMASTER WAS NEGLIGENT IN SHOOTING APOLLO OR PUTTING HIMSELF IN A POSITION WHERE HE FELT COMPELLED TO SHOOT APOLLO.

~~ADDITIONALLY, PLAINTIFFS ALLEGE THAT THE CITY AND THE FORMER NOPD SUPERINTENDENT IN HIS OFFICIAL CAPACITY WERE NEGLIGENT IN THEIR OWN RIGHT UNDER STATE LAW BECAUSE THEY NEGLIGENTLY HIRED, TRAINED, AND SUPERVISED BURMASTER, AND RETAINED HIM PAST THE POINT OF REASONABLENESS.~~

**Commented [WM7]:** Plaintiffs did not include the negligence claim against the City in their proposed verdict form, and will agree to voluntarily dismiss that claim. Accordingly, this text and the "discretionary immunity" section below can be omitted.

25

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

Formatted: Indent: First line: 0"

IN ORDER TO PREVAIL ON THEIR NEGLIGENCE CLAIMS, THE
PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE:

1. THAT DEFENDANT INDIVIDUALLY OWED A DUTY TO PLAINTIFFS
   TO CONFORM THEIR CONDUCT TO A SPECIFIC STANDARD OF
   CARE

2. THAT THE DEFENDANT FAILED TO CONFORM HIS OR HER
   CONDUCT TO THE APPROPRIATE STANDARD

3. THAT THE DEFENDANT'S CONDUCT WAS A CAUSE-IN-FACT OF
   PLAINTIFFS' INJURIES

4. THAT THE DEFENDANT'S SUBSTANDARD CONDUCT WAS A
   LEGAL CAUSE OF THE PLAINTIFFS' INJURIES; AND

5. THAT PLAINTIFFS SUFFERED ACTUAL DAMAGES

A NEGATIVE ANSWER TO ANY OF THE ABOVE INQUIRIES AS TO
ANY SPECIFIC DEFENDANT WILL RESULT IN A DETERMINATION OF NO
LIABILITY AS TO THAT PARTICULAR DEFENDANT.

THERE IS NO DISPUTE HERE THAT DERRICK BURMASTER AND
THE CITY OF NEW ORLEANS OWED PLAINTIFFS DEREK BROWN AND
JULIA BARECKI-BROWN A DUTY OF REASONABLE CARE.

NEGLIGENCE IS THE FAILURE TO USE REASONABLE CARE.

26

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

Formatted: Indent: First line: 0"

REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE CIRCUMSTANCES. THE FAILURE TO EXERCISE REASONABLE CARE MAY CONSIST OF EITHER DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE CIRCUMSTANCES OR FAILING TO DO SOMETHING THAT A REASONABLE CAREFUL PERSON WOULD DO UNDER LIKE CIRCUMSTANCES.

IF YOU FIND THAT A DEFENDANT WAS NEGLIGENT, YOU MUST THEN DECIDE WHETHER HIS NEGLIGENCE WAS A CAUSE-IN-FACT OF THE INJURY THE PLAINTIFFS' CLAIMS. WHEN I SAY THAT THE INJURY MUST BE SHOWN TO HAVE BEEN CAUSED BY THE DEFENDANTS' CONDUCT, I DON'T MEAN THAT THE LAW RECOGNIZES ONLY ONE CAUSE OF AN INJURY, CONSISTING OF ONLY ONE FACTOR OR THING, OR THE CONDUCT OF ONLY ONE PERSON. ON THE CONTRARY, A NUMBER OF FACTORS MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE. YOU HAVE TO DECIDE WHETHER THE PLAINTIFFS PROBABLY WOULD NOT HAVE SUFFERED THE INJURY OR DAMAGE IN THE ABSENCE OF THE DEFENDANTS' CONDUCT.

27

**FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)**

**Formatted:** Indent: First line: 0"

IF THE PLAINTIFFS PROBABLY WOULD HAVE SUFFERED INJURY NO MATTER WHAT THE DEFENDANT DID, THEN YOU WILL HAVE TO DECIDE THAT THE INJURY WAS NOT CAUSED BY THE DEFENDANTS, AND RENDER THE VERDICT FOR THE DEFENDANTS. IF, ON THE OTHER HAND, IF YOU FIND THAT PLAINTIFFS PROBABLY WOULD NOT HAVE SUFFERED INJURY IN THE ABSENCE OF THE DEFENDANT'S CONDUCT, THEN YOU MUST DECIDE THAT THE DEFENDANT'S CONDUCT DID PLAY A PART IN THE PLAINTIFFS' INJURY.

### i. ~~LOUISIANA DISCRETIONARY IMMUNITY~~

~~IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT THE CITY OF NEW ORLEANS ARE LIABLE BASED ON THEIR NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION OF DERRICK BURMASTER UNDER STATE LAW, YOU MUST THEN CONSIDER WHETHER THE CITY IS ENTITLED TO WHAT THE LAW CALLS "DISCRETIONARY IMMUNITY."~~

~~DISCRETIONARY IMMUNITY PROVIDES THAT PUBLIC OFFICERS OR ENTITIES DO NOT FACE LIABILITY FOR THE EXERCISE, THE PERFORMANCE, OR THE FAILURE TO EXERCISE THEIR POLICYMAKING~~

**Commented [WM8]:** See prior comment: Plaintiffs will dismiss the negligence claim against the City, to which this section is relevant. For that reason, it can be omitted.

28

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
    **BROWN V. BURMASTER (22-847)**

| Formatted: Indent: First line: 0" |

OR DISCRETIONARY ACTS WHEN SUCH ACTS ARE WITHIN THE COURSE AND SCOPE OF THEIR LAWFUL POWERS AND DUTIES. BECAUSE DISCRETIONARY IMMUNITY IS WHAT THE LAW CALLS AN "AFFIRMATIVE DEFENSE," THIS TIME DEFENDANT THE CITY OF NEW ORLEANS CARRY THE INITIAL BURDEN TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THEY ARE ENTITLED TO DISCRETIONARY IMMUNITY BY SHOWING:

1.    THE CITY'S DECISIONS WITH RESPECT TO HIRING, TRAINING, SUPERVISION, AND RETENTION OF BURMASTER WERE GROUNDED IN SOCIAL, ECONOMIC, OR POLITICAL POLICY.

| Formatted: Normal, No bullets or numbering |

IF YOU FIND THAT DEFENDANTS DERRICK BURMASTER AND THE CITY OF NEW ORLEANS HAVE MET THEIR BURDEN AND ESTABLISHED THEIR ENTITLEMENT TO DISCRETIONARY IMMUNITY, THE INQUIRY IS NOT OVER.

THE BURDEN THEN SHIFTS BACK TO PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN WHO MUST SHOW BY THE PREPONDERANCE OF EVIDENCE THAT THE CITY IS NOT ENTITLED TO DISCRETIONARY IMMUNITY BECAUSE ITS ACTIONS CONSTITUTE CRIMINAL, FRAUDULENT, MALICIOUS, INTENTIONAL, WILLFUL,

29

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
   **BROWN V. BURMASTER (22-847)**

> Formatted: Indent: First line: 0"

~~OUTRAGEOUS, RECKLESS, OR FLAGRANT MISCONDUCT. THESE TERMS MEAN THAT THE ACTOR HAS INTENTIONALLY DONE AN ACT OF UNREASONABLE CHARACTER IN RECKLESS DISREGARD OF THE RISK KNOWN TO HIM, OR THE RISK WAS SO OBVIOUS THAT HE MUST BE TAKEN TO HAVE BEEN AWARE OF IT, AND SO GREAT AS TO MAKE IT HIGHLY PROBABLE THAT HARM WOULD FOLLOW.~~

~~IF YOU THE JURY FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN FAILED TO PROVE THAT CITY'S ACTIONS CONSTITUTED CRIMINAL, FRAUDULENT, MALICIOUS, INTENTIONAL, WILLFUL, OUTRAGEOUS, RECKLESS, OR FLAGRANT MISCONDUCT, THEN YOUR VERDICT MUST BE FOR DEFENDANT THE CITY OF NEW ORLEANS ON THE NEGLIGENCE HIRING, TRAINING, SUPERVISION, AND RETENTION CLAIM. BUT IF YOU FIND THAT THE CITY'S ACTIONS DID CONSTITUTE CRIMINAL, FRAUDULENT, MALICIOUS, INTENTIONAL, WILLFUL, OUTRAGEOUS, RECKLESS, OR FLAGRANT MISCONDUCT, THE CITY IS NOT ENTITLED TO LOUISIANA DISCRETIONARY IMMUNITY AS TO ANY OF THE STATE LAW CLAIMS ASSERTED AGAINST THEM.~~

30

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

Formatted: Indent: First line: 0"

## b. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN BRING A STATE LAW CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS DERRICK BURMASTER AND THE CITY OF NEW ORLEANS. IN ORDER TO RECOVER UNDER THIS THEORY OF LIABILITY, PLAINTIFFS MUST FIRST PROVE THEIR NEGLIGENCE CLAIM AGAINST BURMASTER. IF THAT CLAIM IS PROVEN, PLAINTIFFS MUST THEN PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THEY SUFFERED "GENUINE AND SERIOUS MENTAL DISTRESS" ARISING FROM BURMASTER'S KILLING OF APOLLO. EVIDENCE OF EITHER MEDICAL TREATMENT OR MEDICAL TESTIMONY IS NOT REQUIRED. SUCH EVIDENCE, HOWEVER, MAY BE HELPFUL IN DETERMINING THE SEVERITY OF PLAINTIFFS' DISTRESS. PROOF THAT CONSTITUTES GENERALIZED FEAR OR MERE INCONVENIENCE IS GENERALLY INSUFFICIENT.

## c. CONVERSION

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALSO BRING A STATE LAW CLAIM OF CONVERSION AGAINST DEFENDANT

31

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

DERRICK BURMASTER. A CONVERSION CONSISTS OF AN ACT THAT IS THE WRONGFUL EXERCISE OR ASSUMPTION OVER ANOTHER'S PROPERTY, DEPRIVING THAT PERSON OF THEIR POSSESSORY RIGHTS. A "CONVERSION" IS COMMITTED WHEN A PERSON WRONGFULLY SEIZES OR DESTROYS ANOTHER PERSON'S PROPERTY. THUS, TO RECOVER UNDER THEIR CONVERSION CLAIM, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT BURMASTER'S KILLING OF APOLLO CONSTITUTED A WRONGFUL SEIZURE OR DESTRUCTION OF THEIR PROPERTY.

## 20.19.    CALCULATION OF DAMAGES

IF YOU FIND THAT THE PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS DEREK BURMASTER orAND THE CITY OF NEW ORLEANS ARE LIABLE, IN WHOLE OR IN PART, FOR PLAINTIFFS' ALLEGED INJURIES, THEN YOU MUST DETERMINE THE DAMAGES THE PLAINTIFFS HAVE SUSTAINED. YOU SHOULD NOT INTERPRET THE FACT THAT YOU ARE GIVEN INSTRUCTIONS ABOUT DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THE PLAINTIFFS SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR

**Formatted:** Indent: First line: 0"

**Commented [WM9]:** Damages could be applicable if the City or Burmaster are liable.

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025

**BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line: 0"

TASK FIRST TO DECIDE WHETHER THE DEFENDANTS ARE LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANTS ARE LIABLE AND THAT THE PLAINTIFFS ARE ENTITLED TO RECOVER MONEY DAMAGES FROM THE DEFENDANTS.

**COMPENSATORY DAMAGES**: IF YOU FIND THE DEFENDANTS ARE LIABLE TO THE PLAINTIFFS, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR THE PLAINTIFFS' DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFFS WHOLE – THAT IS TO COMPENSATE THEM FOR THE DAMAGE THEY HAVE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THE PLAINTIFFS HAS PROVED WERE LEGALLY CAUSED BY THE DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFFS' DAMAGES, NO MORE AND NO LESS. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

> Formatted: Indent: First line: 0"

SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF HAS ACTUALLY SUFFERED OR THAT THE PLAINTIFFS ARE LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THAT PLAINTIFF PROVE THE AMOUNT OF THEIR LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT. YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU MAY CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE: PAST MEDICAL EXPENSES, PAST AND FUTURE PAIN AND SUFFERING, AND PAST AND FUTURE EMOTIONAL OR MENTAL

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

DISTRESS.

**PAIN AND SUFFERING:** YOU MAY AWARD DAMAGES FOR ANY BODILY OR PSYCHOLOGICAL INJURY THAT THE PLAINTIFFS SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, MENTAL ANGUISH, EMOTIONAL DISTRESS AND/OR LOSS OF CAPACITY FOR ENJOYMENT THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF SUCH INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL ANGUISH OR PHYSICAL PAIN AND SUFFERING, NEEDS TO BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFFS FOR THE DAMAGES THEY HAVE ALLEGEDLY SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS, BUT ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE. LOSS OF ENJOYMENT OF LIFE: YOU MAY AWARD DAMAGES FOR LOSS OF ENJOYMENT OF LIFE FOR ANY DETERIORATION IN LIFESTYLE THAT THE PLAINTIFFS HAVE DEMONSTRATED. THESE DAMAGES ARE IN ADDITION TO DAMAGES FOR PAIN AND SUFFERING.

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

**Formatted:** Indent: First line: 0"

**PAST AND/OR FUTURE MEDICAL CARE**: YOU MAY AWARD A REASONABLE VALUE OF MEDICAL CARE AND TREATMENT THE PLAINTIFFS HAVE REASONABLY OBTAINED IN THE PAST AND WILL REQUIRE IN THE FUTURE. IN DETERMINING ANY AWARD, YOU MIGHT MAKE FOR PAST OR FUTURE MEDICAL EXPENSES, YOU SHOULD CONSIDER THE EVIDENCE AND THE OPINIONS OF EXPERT WITNESSES TO DECIDE THE REASONABLE VALUE OR EXPENSE OF MEDICAL, PSYCHOLOGICAL, THERAPY, NURSING, AND HOSPITAL CARE AND TREATMENT WHICH WAS OR WILL BE REASONABLE AND NECESSARY FOR PLAINTIFFS' CONDITIONS. PLAINTIFFS' RECOVERY OF MEDICAL CHARGES MUST BE CONFINED TO THOSE EXPENSES RELATED TO THE ACCIDENT. AN AWARD OF FUTURE MEDICAL EXPENSES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT THE PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THE PLAINTIFF IS ENTITLED TO FUTURE MEDICAL EXPENSES, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES. THUS, YOU MUST REDUCE THE AMOUNT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF THEY

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
    **BROWN V. BURMASTER (22-847)**

> **Formatted:** Indent: First line: 0"

MAKE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS THAT AN AWARD OF AN AMOUNT REPRESENTING FUTURE MEDICAL EXPENSES IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF THEY RECEIVE IT IN THE FUTURE, WHEN THEY WOULD OTHERWISE HAVE RECEIVED IT. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE WOULD RECEIVE IT. THUS, YOU SHOULD ADJUST THE AMOUNT OF FUTURE MEDICAL EXPENSE BY THE AMOUNT OF INTEREST THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE. HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES THAT YOU AWARD FOR FUTURE PAIN AND SUFFERING OR MENTAL ANGUISH.

**PROPERTY DAMAGES**: PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN CLAIM DAMAGES FOR THE LOSS OF THEIR PET DOG, APOLLO, WHICH IS CONSIDERED PERSONAL PROPERTY. IF YOU FIND THAT PLAINTIFFS SUFFERED A TOTAL LOSS OF THEIR PERSONAL PROPERTY, PLAINTIFFS ARE ENTITLED TO RECOVER THE FAIR MARKET VALUE OF THE PROPERTY AT THE TIME OF THE INCIDENT FORMING

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
      BROWN V. BURMASTER (22-847)

Formatted: Indent: First line: 0"

THE BASIS OF THIS LAWSUIT.

   **EMOTIONAL DISTRESS DAMAGES**: TO RECOVER COMPENSATORY DAMAGES FOR MENTAL AND EMOTIONAL DISTRESS, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE THAT THEY EACH HAVE SUFFERED A SPECIFIC DISCERNABLE INJURY WITH CREDIBLE EVIDENCE. HURT FEELINGS, ANGER, AND FRUSTRATION ARE PART OF LIFE AND ARE NOT THE TYPES OF HARM THAT COULD SUPPORT A MENTAL ANGUISH AWARD. EVIDENCE OF MENTAL ANGUISH NEED NOT BE CORROBORATED BY DOCTORS, PSYCHOLOGISTS, OR OTHER WITNESSES, BUT PLAINTIFF [NAME] MUST SUP- PORT [HIS/HER] CLAIMS WITH COMPETENT EVIDENCE OF THE NATURE, EXTENT, AND DURATION OF THE HARM. DAMAGES FOR MENTAL OR EMOTIONAL DISTRESS MUST BE BASED ON THE EVIDENCE AT TRIAL. THEY MAY NOT BE BASED ON SPECULATION OR SYMPATHY.

   SUGGESTIONS AS TO THE AMOUNT OF DAMAGES THAT SHOULD BE AWARDED ARE MERE ARGUMENTS OF COUNSEL. YOU MAY CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER EXTENT THEY MAY AID YOU IN ARRIVING AT A REASONABLE AND JUST AWARD IN VIEW OF THE EVIDENCE. BUT YOU ARE IN NO WAY

FIRST DRAFT – JURY INSTRUCTIONS – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
BROWN V. BURMASTER (22-847)

**Formatted:** Indent: First line: 0"

BOUND BY, NOR SHOULD YOU USE, ANY RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST WHETHER I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. WHETHER OR NOT THE PLAINTIFF IS ENTITLED TO RECOVER AND WHETHER OR NOT ANY DAMAGES ARE DUE IS FOR YOU TO DECIDE.

## 21.20.    CONCLUSION

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH A UNANIMOUS AGREEMENT, IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. DO NOT, HOWEVER, GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR MERELY TO FINISH THE CASE.

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
    **BROWN V. BURMASTER (22-847)**

**Formatted:** Indent: First line: 0"

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

**[READ THE VERDICT FORM]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

| Formatted: Indent: First line: 0" |
| --- |

EXHIBITS WHICH I HAVE ADMITTED INTO EVIDENCE. FIRST, SELECT
YOUR FOREPERSON AND THEN CONDUCT YOUR DELIBERATIONS. IF
YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE
INSTRUCTIONS THAT THE COURT HAS GIVEN ABOUT YOUR CONDUCT
DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS
VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR
ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL
SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED
BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME,
ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE
GIVE A SIGNED WRITTEN MESSAGE OR QUESTION TO THE MARSHAL,
WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS
POSSIBLE, EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE
COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS
FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY
RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED
TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER

**FIRST DRAFT – JURY INSTRUCTIONS** – WITH PLAINTIFFS' COMMENTS OF 6/11/2025
**BROWN V. BURMASTER (22-847)**

OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT

YOUR DELIBERATIONS.

Formatted: Indent: First line: 0"