**FIRST DRAFT – JURY VERDICT FORM – With Plaintiffs' Comments**
**BROWN V. BURMASTER (22-847)**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEREK BROWN, ET AL.**            *       **CIVIL NO. 22-847**

**v.**                              *       **SECTION: "L"**

**DERRICK BURMASTER, ET AL.**      *

                                    *
                    *       *       *

**VERDICT FORM**

We, the Jury, in the above-captioned case, unanimously return the following verdict:

**FOURTH AMENDMENT VIOLATION CLAIM**

1. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster acted in an objectively unreasonable manner by killing Apollo on April 10, 2021?

   _____ Yes            _____ No

2. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster's act of killing Apollo caused damage to the Plaintiffs?

   _____ Yes            _____ No

[If you checked "Yes" to all of Questions 1-2, proceed to Question 3. If you checked "No" to any of Questions 1-2, proceed to Question 8, Plaintiffs' negligence claim.]

3. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster is **not** entitled to qualified immunity because Burmaster violated a constitutional right that was clearly established at the time of the conduct? ~~because no reasonable officer could have believed that killing Apollo was lawful in light of clearly established law?~~

   _____ Yes            _____ No

~~[If you checked "Yes" to Question 3, proceed to Questions 4-6. If you checked "No" to Question 3, proceed to Plaintiffs' negligence claim.]~~

> **Commented [WM1]:** "To overcome the defense, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ramirez v. Killian* at 421.

> **Commented [WM2]:** If Officer Burmaster is granted qualified immunity, there can still be *Monell* liability. Qualified immunity is only a defense for individual officers. *Singleton*, 956 F.3d 773, fn. 3 (5th Cir. 2020) (emphasis in original) ("Absolute and qualified immunity protect only *individuals* from claims for *damages*; they do not bar official-capacity claims or claims for injunctive relief.")

1

**FIRST DRAFT – JURY VERDICT FORM – With Plaintiffs' Comments**
**BROWN V. BURMASTER (22-847)**

4. Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans is liable for a violation of their constitutional rights for any of the following reasons: (1) inadequately training, (2) inadequately supervising, or (3) inadequately disciplining Derrick Burmaster with respect to the use of force on dogs?

    _____ Yes          _____ No

5. Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans's policies with respect to training, supervision, or discipline of Derrick Burmaster caused the killing of Apollo?

    _____ Yes          _____ No

6. ~~Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans policies with respect to training, supervision, or discipline of Derrick Burmaster reflected deliberate indifference to the risk of an unlawful killing of a pet dog?~~

    ~~_____ Yes          _____ No~~

> **Commented [WM3]:** Deliberate indifference is part of the analysis of whether there is a *Monell* constitutional violation, which was decided in Question 4. See Draft Two of jury instructions at page 2. Including another deliberate indifference question would be double counting that issue.

*[Proceed to Question 7.]*

7.6. Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans is liable for a violation of Plaintiffs' constitutional rights for ratifying Derrick Burmaster's killing of Apollo?

    _____ Yes          _____ No

### NEGLIGENCE CLAIM

8.7. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster breached his duty of care to Plaintiffs by negligently killing Apollo?

    _____ Yes          _____ No

9.8. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster's breach of his duty to Plaintiffs caused their injuries?

    _____ Yes          _____ No

*[If you checked "Yes" to all of Questions 8-9, proceed to Question 10. If you checked "No" to any of Questions 8-9, proceed to Plaintiffs' conversion claim.]*

**FIRST DRAFT – JURY VERDICT FORM – With Plaintiffs' Comments**
**BROWN V. BURMASTER (22-847)**

~~10.~~9. Did the Defendants Derrick Burmaster and the City of New Orleans prove by a preponderance of the evidence that Plaintiffs Derek Brown, Julia Barecki-Brown, and/or Officer John Roussel were also negligent and that such negligence contributed to the killing of Apollo?

_____ Yes          _____ No

*[If you checked "Yes" to Question 10, proceed to Question 11. If you checked "No" to Question 10, proceed to Plaintiffs' negligent infliction of emotional distress claim.]*

~~11.~~10. Please allocate what percentage of fault you attribute to each party listed below. The sum of the percentages must equal 100%.

Defendant Derrick Burmaster:          _____

Plaintiff Derek Brown:          _____

Plaintiff Julia Barecki-Brown          _____

Officer John Roussel:          _____

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM**

*[Answer Question 12 only if you checked "Yes" to Questions 8-9].*

~~12.~~11. Did the Plaintiffs prove by the preponderance of the evidence that they suffered emotional distress as a result of Defendant Derrick Burmaster's negligence in killing Apollo?

_____ Yes          _____ No

**CONVERSION CLAIM**

~~13.~~12. Did the Plaintiffs prove by the preponderance of the evidence that Defendant Derrick Burmaster wrongfully killed Apollo?

_____ Yes          _____ No

*[If you checked at least one "Yes" anywhere in Questions 1-13 that you were required to answer, proceed to Question 14. Otherwise, stop and turn this sheet in to the Judge.]*

**FIRST DRAFT – JURY VERDICT FORM – With Plaintiffs' Comments**
**BROWN V. BURMASTER (22-847)**

## DAMAGES

~~14.~~13.    What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Derek Brown and Julia Barecki-Brown for the harm that they suffered?

*[Enter a sum in dollars for each line if appropriate, and then stop and turn this sheet in to the Judge.]*

    A.  Fair Market Value of Apollo:          $_____

    B.  General Damages, Including Physical and Mental Injury, Pain and Suffering, and Loss of Enjoyment of Life:

    Plaintiff Derek Brown:                              $_____

    Plaintiff Julia Barecki-Brown:                  $_____

The foreperson must sign and date this form and hand it to the Marshal.

New Orleans, Louisiana, this _____ day of _____, 2025.

_____
F O R E P E R S O N

4