UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN and** | * | **Civil Action No. 22-00847** |
| **JULIA BARECKI-BROWN** | * | |
| | * | **SECTION: L** |
| **VERSUS** | * | |
| | * | **HONORABLE ELDON E. FALLON** |
| **DERRICK BURMASTER, SHAUN** | * | |
| **FERGUSON, and the CITY OF** | * | **DIVISION: 4** |
| **NEW ORLEANS** | * | |
| | * | **HONORABLE KAREN WELLS ROBY** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW ON DEFENDANT DERRICK BURMASTER'S COMPARATIVE FAULT AFFIRMATIVE DEFENSES**

The Court should dismiss Defendant Derrick Burmaster's Comparative Fault Affirmative Defenses (his sixth, eight, fifteen, and sixteenth defenses) under Rule 50 because a reasonable jury would not have a legally sufficient evidentiary basis to assign fault to any party other than Burmaster or his employer the City of New Orleans.

## BACKGROUND

The operative complaint in this matter is Plaintiffs' Second Amended Complaint (R. Doc. 60). Therein, Plaintiffs bring a state law negligence claim against Defendant Derrick Burmaster.

Burmaster's Answer to the Second Amended Complaint is in the Court's record at R. Doc. 87. In his Answer, Burmaster pleads the following Affirmative Defenses:

### SIXTH DEFENSE

Defendant alleges that the damages complained of were caused by persons over whom he exercised no supervision, care, custody, control *or garde* and for whom he is not legally responsible, barring recovery as against Defendant herein.

1

**EIGHTH DEFENSE**

> In the alternative, the cause in fact of the damages complained of were the acts of Plaintiffs, which acts should operate as a complete bar to, or in diminution of, any recovery of Plaintiffs herein.[1]

Burmaster's fifteen and sixteenth defenses contain duplicative comparative fault arguments.

Today, both the Plaintiffs and Defendants rested their cases, but the case has not yet been submitted to the jury. During the trial, no party presented any evidence that any party (or third party) other than Derrick Burmaster and/or the City of New Orleans could be legally at fault for Burmaster's killing of Plaintiffs' pet dog Apollo.

**LAW AND ARGUMENT**

**A. Rule 50 Standard**

Fed. R. Civ. Proc. 50(a) provides:

> (a) Judgment as a Matter of Law.
>
> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must

---

[1] "'[I]t is well settled that comparative negligence does not apply to damages for federal constitutional rights violations.' Thus, Defendants cannot assert this defense to Plaintiff's § 1983 claims." *Sahota v. Cobb*, 2015 U.S. Dist. LEXIS 151235, at *6 (W.D. La. Nov. 6, 2015) (citing *Blair v. Harris*, 993 F.Supp.2d 721, 727 (E.D. Mich. 2014)). Therefore, the defense of comparative fault may only be invoked in response to Plaintiffs' state law negligence claim.

2

> specify the judgment sought and the law and facts that entitle the movant to the judgment.

The Defendants have now been fully heard on the issue of comparative fault and contributory negligence. Although, Defendants' counsel intimated that Plaintiffs or non-party Officer John Roussel could be found by the jury to be comparatively at fault for causing the death of Plaintiffs' pet dog, no evidence was presented at trial to suggest that any party other than Burmaster or the City could be legally liable for the killing.

### B. Contributory Negligence

"Contributory negligence or comparative fault is an affirmative defense which must be specifically pled by the defendant." *Becnel v. Lamorak Ins. Co.*, 2022 U.S. Dist. LEXIS 140231, at *21-22 (E.D. La. Aug. 3, 2022) (citing *McCarthy v. Entergy Gulf States, Inc.*, 2011-600 (La. App. 3 Cir. 12/7/11), 82 So. 3d 336, 351). "The burden of proof of an asserted affirmative defense rests with a defendant." *Amedee v. Aimbridge Hosp. LLC*, 2021-01906 (La. 10/21/22); 351 So. 3d 321, 333 "Thus, the defendant bears the burden of proving by a preponderance of the evidence that the plaintiffs' contributory negligence was a cause-in-fact of his injury." *Becnel*, 2022 U.S. Dist. LEXIS 140231, at *21-22 (citing *McCarthy*, 82 So. 3d 336 at 351); *see also Hano v. Louisiana Dep't of Transp. & Dev.*, 519 So. 2d 796, 798 (La. Ct. App. 1987), writ denied, 523 So. 2d 861 (La. 1988) ("a defendant who relies on contributory negligence as a defense bears the burden of proving plaintiff's negligence and that such negligence was a contributory cause."). "[I]n order to apportion comparative fault for negligence, it was incumbent upon the [Defendant] to establish a standard of care and a breach in the standard of care that caused Plaintiffs' damages." *Sewell v. Sewerage & Water Bd. of New Orleans*, 2018-0996 (La. App. 4 Cir. 05/29/19); 363 So. 3d 474, 488.

### C. **Defendants presented no evidence at trial that any fault should be allocated to any party (or third-party) besides Burmaster or the City.**

Defendant Burmaster testified that he thought that Plaintiffs may have intentionally unleashed their pet dogs on him, but that he had no actual knowledge or evidence of this. Plaintiffs, on the other hand, testified that they had already let their dogs out into their private gated-in yard before Officer Burmaster entered it, had no idea or expectation that Burmaster was even entering their yard until after the shooting, and in no way released their dogs in response to Burmaster entering their yard.

Defendants also cite evidence that Plaintiffs' other dog Bucho—who is not the dog that Officer Burmaster confronted or killed—had bit or acted aggressive towards persons <u>after the shooting that forms the basis of this lawsuit</u>. Putting aside the fact that Bucho's behavior is irrelevant to this case because Officer Burmaster neither killed nor confronted Bucho, because the only evidence of these issues post-date Burmaster's shooting of Apollo, they cannot support any allocation of fault to Plaintiffs. There was therefore no evidence presented at trial that the Browns could somehow be at fault for Officer Burmaster killing their dog. A reasonable jury would not have a legally sufficient evidentiary basis to allocate any fault to the Browns.

As to Officer Roussel, Defendants' counsel's novel intimation that Roussel "could have pushed Burmaster" is not supported by any evidence presented at trial. Such an allegation was wholly unsupported by both Burmaster's and Roussel's trial testimony. Defendants did not elicit or present any evidence at trial that this happened, or that any actions whatsoever of Officer Roussel were negligent or contributed to Apollo's death. And Defendants cannot cast blame on Officer Roussel for not making sounds to draw out any potential dogs, or for not announcing himself at the Browns' gate, because Defendants have already taken the position that these same actions taken by Officer Burmaster were <u>not negligent</u>. There was therefore no evidence presented

4

at trial that Officer Roussel could somehow be at fault for Officer Burmaster's killing of Apollo. A reasonable jury would not have a legally sufficient evidentiary basis to allocate any fault to Officer Roussel.

## CONCLUSION

Because no evidence was presented at trial sufficient to allocate fault to Plaintiffs or non-party Officer Roussel, the Court should grant this motion and not permit the Jury to allocate fault to those persons on the verdict form.

Respectfully Submitted:

| | |
|---|---|
| */s/ William Most* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | PATRICK VAN BURKLEO (#41471) |
| DAVID LANSER (La. Bar No. 37764) | JONES WALKER LLP |
| MOST & ASSOCIATES | 201 St. Charles Avenue |
| 201 St. Charles Ave., Ste. 2500, # 6825 | New Orleans, Louisiana 70170-5100 |
| New Orleans, LA 70170 | Telephone: (504) 582-8322 |
| Telephone: (504) 509-5023 | Facsimile: (504) 589-8322 |
| E-Mail: williammost@gmail.com | E-Mail: tanada@joneswalker.com |

#104011225v1