**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

# <u>JURY CHARGES</u>

1.   GENERAL INSTRUCTIONS ......................................................... 2

2.   EVIDENCE.................................................................................... 3

3.   DIRECT AND CIRCUMSTANTIAL EVIDENCE.......................... 5

4.   STIPULATIONS ............................................................................ 6

5.   BURDEN OF PROOF .................................................................... 6

6.   WEIGHING THE EVIDENCE ....................................................... 7

7.   SIMILAR ACTS ............................................................................ 8

8.   EXPERT WITNESSES .................................................................. 9

9.   LAW ENFORCEMENT OFFICER TESTIMONY ......................... 10

10.  IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS ............. 11

11.  DEMONSTRATIVES ..................................................................... 11

12.  CHARTS & SUMMARIES ............................................................ 12

13.  OBJECTIONS DURING TRIAL..................................................... 12

14.  JUDGE'S COMMENTARY IS NOT CONSIDERED ....................... 13

15.  NOTETAKING DURING TRIAL ................................................... 14

16.  SPECIFIC INSTRUCTIONS.......................................................... 14

17.  FOURTH AMENDMENT CONSTITUTIONAL VIOLATION CLAIM ............. 15

   A.   QUALIFIED IMMUNITY............................................................ 16

   B.   MUNICIPAL LIABILITY ........................................................... 2019

      I.    FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE.................... 2120

      II.   RATIFICATION.................................................................. 23

18.  LOUISIANA STATE LAW CLAIMS............................................. 24

   A.   NEGLIGENCE ......................................................................... 2524

      I.    COMPARATIVE NEGLIGENCE ............................................. 27

   B.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ........................... 2928

   C.   CONVERSION ......................................................................... 29

19.  CALCULATION OF DAMAGES................................................... 30

20.  CONCLUSION .............................................................................. 37

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN, ET AL.** | * | **CIVIL DOCKET** |
| | * | |
| **VERSUS** | * | **NO. 22-847** |
| | * | |
| **DERRICK BURMASTER, ET AL.** | * | **SECTION "L"** |

<u>**JURY CHARGES**</u>

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THIS CASE.

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DECIDE WHAT EVIDENCE IS PROPER FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH

1

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

APPLY IN EVERY CASE, FOR EXAMPLE, INSTRUCTIONS ABOUT BURDEN OF PROOF AND HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THEN I WILL GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE. FINALLY, I WILL EXPLAIN TO YOU THE PROCEDURES YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

## 1. GENERAL INSTRUCTIONS

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR

2

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. ALL PERSONS AND CORPORATIONS OR PUBLIC ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

## 2. EVIDENCE

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR

3

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THIS CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

ALSO, DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT ON EVIDENCE PRESENTED DURING A CASE. I DO NOT BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE. IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS

4

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL, HOWEVER, AS A COMMENT ON THE EVIDENCE, THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU, THE JURY, MAY DISREGARD SUCH COMMENT OR COMMENTS ENTIRELY SINCE YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THIS CASE.

## 3. DIRECT AND CIRCUMSTANTIAL EVIDENCE

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

## 4. STIPULATIONS

STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT. A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY. WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

## 5. BURDEN OF PROOF

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE THE BURDEN OF PROVING THEIR CASE BY A PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO. IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

BROWN HAVE FAILED TO PROVE ANY ELEMENT OF THEIR CLAIM BY A PREPONDERANCE OF THE EVIDENCE, THEN THEY MAY NOT RECOVER ON THAT CLAIM.

## 6. WEIGHING THE EVIDENCE

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

DEMONSTRATED.

IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT BUT ARE NOT REQUIRED TO DISTRUST SUCH WITNESS'S TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

## 7. SIMILAR ACTS

EVIDENCE THAT AN ACT WAS DONE AT ONE TIME OR ON ONE OCCASION IS NOT ANY EVIDENCE OR PROOF WHATSOEVER THAT THE

8

ACT WAS DONE IN THIS CASE.

YOU MAY CONSIDER EVIDENCE OF SIMILAR ACTS FOR THE LIMITED PURPOSE OF SHOWING WHETHER DEFENDANT THE CITY OF NEW ORLEANS MAY BE HELD LIABLE FOR DEFENDANT DERRICK BURMASTER'S ACTIONS WITH RESPECT TO A FAILURE TO ADEQUATELY TRAIN, SUPERVISE, AND/OR DISCIPLINE BURMASTER, WHICH IS AT ISSUE IN THIS CASE. SUCH EVIDENCE MAY NOT BE CONSIDERED FOR ANY OTHER PURPOSE WHATSOEVER. YOU MAY NOT USE THE EVIDENCE TO CONSIDER OR REFLECT DEFENDANT DERRICK BURMASTER'S CHARACTER.

## 8. EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN THIS CASE. YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE FACTS THE EXPERT RELIED UPON ARE INCORRECT, THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS ECONOMIC, PHILOSOPHICAL, OR ANY OTHER INTEREST IN THE OUTCOME OF THE CASE.

## 9. LAW ENFORCEMENT OFFICER TESTIMONY

YOU ARE REQUIRED TO EVALUATE THE TESTIMONY OF A LAW ENFORCEMENT OFFICER AS YOU WOULD THE TESTIMONY OF ANY OTHER WITNESS. NO SPECIAL WEIGHT MAY BE GIVEN TO HIS OR HER TESTIMONY BECAUSE HE OR SHE IS A LAW ENFORCEMENT OFFICER.

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

## 10.   IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS THEY REMEMBER IT. PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS MADE A MISSTATEMENT, CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE. THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

## 11.   DEMONSTRATIVES

DEMONSTRATIVES ARE ILLUSTRATIONS. IT IS A PARTY'S DESCRIPTION, PICTURE, OR MODEL USED TO DESCRIBE SOMETHING IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM

11

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

THE EXHIBIT, RELY ON YOUR RECOLLECTION.

## 12.   CHARTS & SUMMARIES

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU
SOLELY TO HELP EXPLAIN OR SUMMARIZE THE FACTS DISCLOSED BY
THE BOOKS, RECORDS, AND OTHER DOCUMENTS THAT ARE IN
EVIDENCE. THESE CHARTS AND SUMMARIES ARE NOT EVIDENCE OR
PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE
EVIDENCE.

## 13.   OBJECTIONS DURING TRIAL

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD
OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED
OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO
OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER
EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY
ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR
SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE
OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU, THE JURY, ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION. WHEN THE COURT HAS STRICKEN A WITNESS FROM THE RECORD, THE JURY MUST DISREGARD THE TESTIMONY OF THE WITNESS ENTIRELY AND MAY DRAW NO INFERENCE FROM ANY TESTIMONY GIVEN BY THAT WITNESS.

## 14. JUDGE'S COMMENTARY IS NOT CONSIDERED

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE FACTS TO WHICH MY QUESTION OR QUESTIONS

13

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

MAY HAVE RELATED. REMEMBER AT ALL TIMES, YOU, AS JURORS, ARE
THE SOLE JUDGES OF THE FACTS.

### 15.   NOTETAKING DURING TRIAL

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE
ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR
NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE
NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN
NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION
OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE
NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY
GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH
JUROR ABOUT THE TESTIMONY.

### 16.   SPECIFIC INSTRUCTIONS

NOW, LADIES AND GENTLEMEN OF THE JURY I WILL MOVE ON TO
DISCUSS THE APPLICABLE LAW THAT YOU WILL BE REQUIRED TO
APPLY TO THE FACTS OF THIS CASE. AS I MENTIONED TO YOU PRIOR TO
THE TRIAL, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN
HAVE BROUGHT BOTH FEDERAL CLAIMS AND VARIOUS LOUISIANA
STATE LAW CLAIMS AGAINST DEFENDANTS DERRICK BURMASTER

14

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

AND THE CITY OF NEW ORLEANS. I WILL BEGIN BY ADDRESSING PLAINTIFFS' FEDERAL LAW CLAIMS AND THEN PROCEED TO THEIR LOUISIANA STATE LAW CLAIMS.

## 17.   FOURTH AMENDMENT CONSTITUTIONAL VIOLATION CLAIM

THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION PROHIBITS UNREASONABLE SEIZURES OF A CITIZEN'S PERSON OR PROPERTY. YOU SHOULD NOTE THAT NOT ALL SEIZURES NECESSARILY VIOLATE THE FOURTH AMENDMENT. RATHER, ONLY A SEIZURE THAT IS "OBJECTIVELY UNREASONABLE" IS CONSIDERED TO BE A CONSTITUTIONAL VIOLATION. THE LAW PROVIDES THAT KILLING A PET DOG CONSTITUTES A SEIZURE OF PROPERTY UNDER THE FOURTH AMENDMENT.

IN THIS CASE, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN SEEK TO RECOVER DAMAGES FOR THE KILLING OF THEIR PET DOG APOLLO – WHAT THEY CONSIDER TO BE AN UNREASONABLE SEIZURE OF THEIR PROPERTY. TO PREVAIL UNDER THIS CLAIM, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE KILLING OF APOLLO WAS "OBJECTIVELY UNREASONABLE."

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

IN DETERMINING WHETHER THE KILLING OF APOLLO WAS REASONABLE OR UNREASONABLE, AND THEREFORE WHETHER IT VIOLATED THE FOURTH AMENDMENT, YOU ARE TO EVALUATE THE TOTALITY OF THE CIRCUMSTANCES, AND JUDGE THE REASONABLENESS OF AN OFFICER'S CONDUCT "OBJECTIVELY," THAT IS, WITHOUT REFERENCE TO THE SUBJECTIVE INTENT OR MOTIVATION THAT UNDERLIES THE OFFICER'S CONDUCT. YOU MUST LOOK AT THE SPECIFIC FACTS AND CIRCUMSTANCES FROM THE PERSPECTIVE OF A REASONABLE OFFICER ON THE SCENE, RATHER THAN WITH THE 20/20 VISION OF HINDSIGHT.

THE KILLING OF A PET DOG IS REASONABLE ONLY IF ~~THE POLICE OFFICER REASONABLY BELIEVES THE DOG POSES A THREAT, AND HE IS IN IMMINENT DANGER OF BEING ATTACKED. IN ASSESSING REASONABLENESS, YOU MAY CONSIDER WHETHER KILLING THE PET DOG WAS AVOIDABLE.~~ (1) THE DOG POSED AN IMMEDIATE DANGER AND (2) KILLING IT WAS UNAVOIDABLE.

> **Commented [AT1]:** This is the standard required by the Fifth Circuit's published decision of Ramirez v. Killian.

### a. QUALIFIED IMMUNITY

IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE PROVED BY A PREPONDERANCE OF THE

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

EVIDENCE THAT DEFENDANT BURMASTER VIOLATED THE FOURTH
AMENDMENT BY KILLING APOLLO, YOU MUST THEN CONSIDER
WHETHER DEFENDANT BURMASTER IS ENTITLED TO WHAT THE LAW
CALLS "QUALIFIED IMMUNITY." "QUALIFIED IMMUNITY BARS A
DEFENDANT'S LIABILITY EVEN IF HE VIOLATED THE PLAINTIFFS'
CONSTITUTIONAL RIGHTS. QUALIFIED IMMUNITY EXISTS TO GIVE
GOVERNMENT OFFICIALS BREATHING ROOM TO MAKE REASONABLE
BUT MISTAKEN JUDGMENTS ABOUT OPEN LEGAL QUESTIONS.
QUALIFIED IMMUNITY PROVIDES PROTECTION FROM LIABILITY FOR
ALL BUT THE PLAINLY INCOMPETENT GOVERNMENT OFFICERS, OR
THOSE WHO KNOWINGLY VIOLATE THE LAW. IT IS PLAINTIFFS DEREK
BROWN AND JULIA BARECKI-BROWN'S BURDEN TO PROVE BY A
PREPONDERANCE OF THE EVIDENCE THAT QUALIFIED IMMUNITY
DOES NOT APPLY IN THIS CASE.

QUALIFIED IMMUNITY APPLIES IF A REASONABLE OFFICER
COULD HAVE BELIEVED THAT THE KILLING OF PLAINTIFFS' PET DOG
APOLLO WAS LAWFUL IN LIGHT OF CLEARLY ESTABLISHED LAW AND
THE INFORMATION DEFENDANT DERRICK BURMASTER POSSESSED.
BUT DEFENDANT DERRICK BURMASTER IS NOT ENTITLED TO

17

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

QUALIFIED IMMUNITY IF, AT THE TIME OF THE KILLING OF PLAINTIFFS' PET DOG APOLLO, A REASONABLE OFFICER WITH THE SAME INFORMATION COULD NOT HAVE BELIEVED THAT HIS ACTIONS WERE LAWFUL. LAW ENFORCEMENT OFFICERS ARE PRESUMED TO KNOW THE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF INDIVIDUALS THEY ENCOUNTER.

IN THIS CASE, THE CLEARLY ESTABLISHED LAW AT THE TIME WAS THAT THE USE OF DEADLY FORCE AGAINST A PET DOG BY A POLICE OFFICER IS NOT VIOLATIVE OF THE FOURTH AMENDMENT IF THE PET DOG POSED AN IMMEDIATE DANGER AND KILLING IT WAS UNAVOIDABLE. ON THE OTHER HAND, A POLICE OFFICER'S USE OF DEADLY FORCE AGAINST A PET DOG DOES VIOLATE THE FOURTH AMENDMENT IF THE PET DOG DID NOT POSE AN IMMEDIATE DANGER OR KILLING IT WAS AVOIDABLE.

~~IN THIS CASE, THE CLEARLY ESTABLISHED LAW AT THE TIME WAS THAT THE USE OF DEADLY FORCE AGAINST A PET DOG BY A POLICE OFFICER IS NOT VIOLATIVE OF THE FOURTH AMENDMENT IF THE OFFICER REASONABLY BELIEVES THE DOG POSES A THREAT AND HE IS IN IMMINENT DANGER OF BEING ATTACKED BY THE DOG. ON THE~~

18

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

~~OTHER HAND, A POLICE OFFICER'S USE OF DEADLY FORCE AGAINST A~~
~~PET DOG VIOLATES THE FOURTH AMENDMENT IF THE OFFICER DOES~~
~~NOT REASONABLY BELIEVE THE DOG POSES A THREAT OR HE WAS NOT~~
~~IN IMMINENT DANGER OF BEING ATTACKED BY THE DOG.~~

AFTER CONSIDERING THE SCOPE OF DISCRETION AND
RESPONSIBILITY GENERALLY GIVEN TO POLICE OFFICERS IN
PERFORMING THEIR DUTIES AND AFTER CONSIDERING ALL OF THE
CIRCUMSTANCES OF THIS CASE AS THEY WOULD HAVE REASONABLY
APPEARED TO DEFENDANT DERRICK BURMASTER AT THE TIME OF THE
KILLING OF PLAINTIFFS' PET DOG APOLLO, IF YOU FIND THAT
PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN FAILED TO
PROVE THAT NO REASONABLE OFFICER COULD HAVE BELIEVED THAT
THE KILLING OF THEIR PET DOG APOLLO WAS LAWFUL, THEN
DEFENDANT DERRICK BURMASTER IS ENTITLED TO QUALIFIED
IMMUNITY, AND YOUR VERDICT MUST BE FOR DEFENDANT
BURMASTER ON THOSE CLAIMS. BUT IF YOU FIND THAT DEFENDANT
DERRICK BURMASTER VIOLATED PLAINTIFFS DEREK BROWN AND
JULIA BARECKI-BROWN'S CONSTITUTIONAL RIGHTS AND THAT
DEFENDANT DERRICK BURMASTER'S IS NOT ENTITLED TO QUALIFIED

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

IMMUNITY AS TO THAT CLAIM, THEN YOUR VERDICT MUST BE FOR
PLAINTIFFS ON THAT CLAIM.

### b. MUNICIPAL LIABILITY

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALSO
BRING CLAIMS AGAINST THE CITY OF NEW ORLEANS, ALLEGING THAT
THE CITY IS LIABLE FOR BURMASTER'S ACTIONS IN KILLING THEIR PET
DOG APOLLO. A CITY IS NOT LIABLE UNDER FEDERAL LAW FOR THE
ACTIONS OF ITS EMPLOYEES UNLESS THE CONSTITUTIONAL
VIOLATION WAS CAUSED BY A CITY POLICY OR CUSTOM.

A "POLICY" CAN BE A POLICY STATEMENT, ORDINANCE,
REGULATION, OR DECISION OFFICIALLY ADOPTED AND
PROMULGATED BY THE CITY'S OFFICERS.

A "CUSTOM" IS A PERSISTENT, WIDESPREAD PRACTICE OF CITY
OFFICIALS OR EMPLOYEES THAT, ALTHOUGH NOT FORMALLY
ADOPTED, IS SO COMMON AND WELL-SETTLED THAT IT FAIRLY
REPRESENTS CITY POLICY. BUT TO SHOW A CUSTOM, PLAINTIFFS
DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE THAT
EITHER THE CITY'S GOVERNING BODY OR SOME OFFICIAL WITH
POLICYMAKING AUTHORITY KNEW OR SHOULD HAVE KNOWN ABOUT

20

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

THE CUSTOM.

HERE, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE TWO DIFFERENT THEORIES OF A CITY POLICY OR CUSTOM AS THE BASIS FOR SUBJECTING THE CITY TO LIABILITY FOR BURMASTER'S ACTIONS. I WILL INSTRUCT YOU AS TO THE LAW FOR EACH INDEPENDENT THEORY.

### i. FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE

FIRST, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE THAT THE CITY OF NEW ORLEANS IS LIABLE FOR BURMASTER'S KILLING OF THEIR PET DOG APOLLO THROUGH: (1) THE CITY'S POLICY CHOICE IN THE WAY IT TRAINED BURMASTER REGARDING THE USE OF FORCE AGAINST DOGS; (2) THE WAY THAT THE CITY SUPERVISED BURMASTER; AND (3) THE CITY'S CHOICE TO RETAIN BURMASTER ON THE FORCE PRIOR TO THE INCIDENT. TO PREVAIL ON THEIR CLAIMS AGAINST THE CITY UNDER THIS THEORY, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. THE CITY OF NEW ORLEANS ADEQUATELY FAILED TO TRAIN,

21

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

SUPERVISE, AND/OR DISCIPLINE DEFENDANT DERRICK BURMASTER;

2. THERE IS A CAUSAL CONNECTION BETWEEN THE ALLEGED FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE AND THE ALLEGED VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS;

3. THE FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE CONSTITUTED "DELIBERATE INDIFFERENCE" TO THE PLAINTIFFS' CONSTITUTIONAL RIGHTS.

TO ACT WITH "DELIBERATE INDIFFERENCE," CITY OFFICIALS MUST BOTH BE AWARE OF FACTS FROM WHICH THE INFERENCE COULD BE DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXISTS OR A VIOLATION OF CONSTITUTIONAL RIGHTS EXISTS, AND THEY MUST ALSO DRAW THE INFERENCE. TO SHOW "DELIBERATE INDIFFERENCE," THE CONNECTION BETWEEN THE BACKGROUND OF THE INDIVIDUAL AND THE SPECIFIC VIOLATION ALLEGED MUST BE STRONG, AS THE PLAINTIFFS MUST SHOW THAT DERRICK BURMASTER WAS HIGHLY LIKELY TO INFLICT THE PARTICULAR TYPE OF INJURY THEY SUFFERED.

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

ONE SUCH WAY TO PROVE "DELIBERATE INDIFFERENCE" IS TO SHOW A PATTERN OF CONDUCT THAT INDICATES A "PROCLIVITY TOWARDS VIOLENCE." A PATTERN IS TANTAMOUNT TO OFFICIAL POLICY WHEN IT IS SO COMMON AND WELL-SETTLED AS TO CONSTITUTE A CUSTOM THAT FAIRLY REPRESENTS MUNICIPAL POLICY. WHERE PRIOR INCIDENTS ARE USED TO PROVE A PATTERN, THEY MUST HAVE OCCURRED FOR SO LONG OR SO FREQUENTLY THAT THE COURSE OF CONDUCT WARRANTS THE ATTRIBUTION TO THE GOVERNING BODY OF KNOWLEDGE THAT THE OBJECTIONABLE CONDUCT IS THE EXPECTED, ACCEPTED PRACTICE OF CITY EMPLOYEES. A PATTERN REQUIRES SIMILARITY AND SPECIFICITY; PRIOR INDICATIONS CANNOT SIMPLY BE FOR ANY AND ALL BAD OR UNWISE ACTS BUT RATHER MUST POINT TO THE SPECIFIC VIOLATION IN QUESTION. A PATTERN ALSO REQUIRES SUFFICIENTLY NUMEROUS PRIOR INCIDENTS AS OPPOSED TO ISOLATED INSTANCES.

## ii.  RATIFICATION

SECOND, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE THAT THE CITY OF NEW ORLEANS IS LIABLE FOR BURMASTER'S KILLING OF THEIR PET DOG APOLLO BECAUSE THE CITY

23

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

RATIFIED OR APPROVED BURMASTER'S DECISION. IN ORDER TO PREVAIL UNDER A RATIFICATION THEORY, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. THE ACTIONS OF DEFENDANT DERRICK BURMASTER ARE EXTREME;

2. THE CITY, THROUGH ITS POLICYMAKERS, APPROVED OF BURMASTER'S DECISION TO SHOOT PLAINTIFFS' DOG APOLLO AND THE BASIS FOR IT;

3. THE CITY'S RATIFYING POLICYMAKER(S) KNEW THAT DEFENDANT BURMASTER'S ACTIONS WERE UNLAWFUL AND CLEARLY EXCESSIVE TO HIS APPARENT NEED TO DEFEND HIMSELF BUT APPROVED OF HIS ACTIONS ANYWAYS.

POLICYMAKERS WHO SIMPLY GO ALONG WITH A SUBORDINATE'S DECISION DO NOT THEREBY VEST FINAL POLICYMAKING AUTHORITY IN THE SUBORDINATE, NOR DOES A MERE FAILURE TO INVESTIGATE THE BASIS OF A SUBORDINATE'S DISCRETIONARY DECISIONS AMOUNT TO RATIFICATION.

## 18.   LOUISIANA STATE LAW CLAIMS

NOW, THE COURT WILL MOVE ON TO DISCUSS THE PLAINTIFFS'

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

STATE LAW CLAIMS UNDER LOUISIANA LAW.

### a. NEGLIGENCE

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN BRING A STATE LAW CLAIM OF NEGLIGENCE AGAINST DEFENDANTS DERRICK BURMASTER ~~AND THE CITY OF NEW ORLEANS~~. HERE, PLAINTIFFS ALLEGE THAT BURMASTER WAS NEGLIGENT IN SHOOTING APOLLO OR PUTTING HIMSELF IN A POSITION WHERE HE FELT COMPELLED TO SHOOT APOLLO.

IN ORDER TO PREVAIL ON THEIR NEGLIGENCE CLAIMS, THE PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE:

1. THAT DEFENDANT INDIVIDUALLY OWED A DUTY TO PLAINTIFFS TO CONFORM THEIR CONDUCT TO A SPECIFIC STANDARD OF CARE;

2. THAT THE DEFENDANT FAILED TO CONFORM HIS OR HER CONDUCT TO THE APPROPRIATE STANDARD;

3. THAT THE DEFENDANT'S CONDUCT WAS A CAUSE-IN-FACT OF PLAINTIFFS' INJURIES;

4. THAT THE DEFENDANT'S SUBSTANDARD CONDUCT WAS A LEGAL CAUSE OF THE PLAINTIFFS' INJURIES; AND

25

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

5. THAT PLAINTIFFS SUFFERED ACTUAL DAMAGES.

A NEGATIVE ANSWER TO ANY OF THE ABOVE INQUIRIES AS TO ANY SPECIFIC DEFENDANT WILL RESULT IN A DETERMINATION OF NO LIABILITY AS TO THAT PARTICULAR DEFENDANT.

THERE IS NO DISPUTE HERE THAT DERRICK BURMASTER AND THE CITY OF NEW ORLEANS OWED PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN A DUTY OF REASONABLE CARE.

NEGLIGENCE IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE CIRCUMSTANCES. THE FAILURE TO EXERCISE REASONABLE CARE MAY CONSIST OF EITHER DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE CIRCUMSTANCES OR FAILING TO DO SOMETHING THAT A REASONABLE CAREFUL PERSON WOULD DO UNDER LIKE CIRCUMSTANCES.

IF YOU FIND THAT A DEFENDANT WAS NEGLIGENT, YOU MUST THEN DECIDE WHETHER HIS NEGLIGENCE WAS A CAUSE-IN-FACT OF THE INJURY THE PLAINTIFFS' CLAIMS. WHEN I SAY THAT THE INJURY MUST BE SHOWN TO HAVE BEEN CAUSED BY THE DEFENDANTS'

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

CONDUCT, I DON'T MEAN THAT THE LAW RECOGNIZES ONLY ONE
CAUSE OF AN INJURY, CONSISTING OF ONLY ONE FACTOR OR THING,
OR THE CONDUCT OF ONLY ONE PERSON. ON THE CONTRARY, A
NUMBER OF FACTORS MAY OPERATE AT THE SAME TIME, EITHER
INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE. YOU
HAVE TO DECIDE WHETHER THE PLAINTIFFS PROBABLY WOULD NOT
HAVE SUFFERED THE INJURY OR DAMAGE IN THE ABSENCE OF THE
DEFENDANTS' CONDUCT.

IF THE PLAINTIFFS PROBABLY WOULD HAVE SUFFERED INJURY
NO MATTER WHAT THE DEFENDANT DID, THEN YOU WILL HAVE TO
DECIDE THAT THE INJURY WAS NOT CAUSED BY THE DEFENDANTS,
AND RENDER THE VERDICT FOR THE DEFENDANTS. IF, ON THE OTHER
HAND, IF YOU FIND THAT PLAINTIFFS PROBABLY WOULD NOT HAVE
SUFFERED INJURY IN THE ABSENCE OF THE DEFENDANT'S CONDUCT,
THEN YOU MUST DECIDE THAT THE DEFENDANT'S CONDUCT DID PLAY
A PART IN THE PLAINTIFFS' INJURY.

### i.  COMPARATIVE NEGLIGENCE

THE DEFENDANTS DERRICK BURMASTER AND THE CITY OF NEW

ORLEANS CONTEND THAT THE PLAINTIFFS DEREK BROWN AND JULIA

> **Commented [AT2]:** Plaintiffs request that this instruction be deleted for the reasons set forth in their Rule 50 Motion for Judgment as a Matter of Law (R. Doc. 264)

27

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

~~BARECKI-BROWN THEMSELVES AND/OR OFFICER JOHN ROUSSEL WERE NEGLIGENT AND THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF PLAINTIFFS' DAMAGES. THIS IS A DEFENSIVE CLAIM AND THE BURDEN OF PROVING THAT CLAIM, BY A PREPONDERANCE OF THE EVIDENCE, IS UPON THE DEFENDANTS WHO MUST ESTABLISH:~~

~~1. THAT THE PLAINTIFFS OR OTHERS WERE "NEGLIGENT;"~~

~~2. THAT SUCH NEGLIGENCE WAS A "PROXIMATE CAUSE" OF THEIR DAMAGES.~~

~~AGAIN, LET ME REMIND YOU THAT "NEGLIGENCE" IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE CIRCUMSTANCES. NEGLIGENCE MAY CONSIST EITHER IN DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE CIRCUMSTANCES, OR IN FAILING TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO UNDER LIKE CIRCUMSTANCES.~~

~~IF YOU FIND IN FAVOR OF THE DEFENDANTS ON THIS DEFENSE, THAT WILL NOT PREVENT RECOVERY BY THE PLAINTIFFS; IT WILL ONLY REDUCE THE AMOUNT OF PLAINTIFFS' RECOVERY.~~

28

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

### b. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN BRING A STATE LAW CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS DERRICK BURMASTER AND THE CITY OF NEW ORLEANS. IN ORDER TO RECOVER UNDER THIS THEORY OF LIABILITY, PLAINTIFFS MUST FIRST PROVE THEIR NEGLIGENCE CLAIM AGAINST BURMASTER. IF THAT CLAIM IS PROVEN, PLAINTIFFS MUST THEN PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THEY SUFFERED "GENUINE AND SERIOUS MENTAL DISTRESS" ARISING FROM BURMASTER'S KILLING OF APOLLO. EVIDENCE OF EITHER MEDICAL TREATMENT OR MEDICAL TESTIMONY IS NOT REQUIRED. SUCH EVIDENCE, HOWEVER, MAY BE HELPFUL IN DETERMINING THE SEVERITY OF PLAINTIFFS' DISTRESS. PROOF THAT CONSTITUTES GENERALIZED FEAR OR MERE INCONVENIENCE IS GENERALLY INSUFFICIENT.

### c. CONVERSION

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALSO BRING A STATE LAW CLAIM OF CONVERSION AGAINST DEFENDANT

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

DERRICK BURMASTER. A CONVERSION CONSISTS OF AN ACT THAT IS THE WRONGFUL EXERCISE OR ASSUMPTION OVER ANOTHER'S PROPERTY, DEPRIVING THAT PERSON OF THEIR POSSESSORY RIGHTS. A "CONVERSION" IS COMMITTED WHEN A PERSON WRONGFULLY SEIZES OR DESTROYS ANOTHER PERSON'S PROPERTY. THUS, TO RECOVER UNDER THEIR CONVERSION CLAIM, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT BURMASTER'S KILLING OF APOLLO CONSTITUTED A WRONGFUL SEIZURE OR DESTRUCTION OF THEIR PROPERTY.

## 19. CALCULATION OF DAMAGES

IF YOU FIND THAT THE PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS DEREK BURMASTER OR THE CITY OF NEW ORLEANS ARE LIABLE, IN WHOLE OR IN PART, FOR PLAINTIFFS' ALLEGED INJURIES, THEN YOU MUST DETERMINE THE DAMAGES THE PLAINTIFFS HAVE SUSTAINED. YOU SHOULD NOT INTERPRET THE FACT THAT YOU ARE GIVEN INSTRUCTIONS ABOUT DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THE PLAINTIFFS SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

WHETHER THE DEFENDANTS ARE LIABLE. I AM INSTRUCTING YOU ON

DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT

YOU DECIDE THAT THE DEFENDANTS ARE LIABLE AND THAT THE

PLAINTIFFS ARE ENTITLED TO RECOVER MONEY DAMAGES FROM THE

DEFENDANTS.

<u>**COMPENSATORY DAMAGES**</u>: IF YOU FIND THE DEFENDANTS

ARE LIABLE TO THE PLAINTIFFS, THEN YOU MUST DETERMINE AN

AMOUNT THAT IS FAIR COMPENSATION FOR THE PLAINTIFFS'

DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY

DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE

THE PLAINTIFFS WHOLE – THAT IS TO COMPENSATE THEM FOR THE

DAMAGE THEY HAVE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR

INJURIES THE PLAINTIFFS HAS PROVED WERE LEGALLY CAUSED BY

THE DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES

YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE

PLAINTIFFS' DAMAGES, NO MORE AND NO LESS. COMPENSATORY

DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE

IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU

31

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE

INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF HAS

ACTUALLY SUFFERED OR THAT THE PLAINTIFFS ARE LIKELY TO

SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU

SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING

DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT

DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON

THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THAT

PLAINTIFF PROVE THE AMOUNT OF THEIR LOSSES WITH

MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS

AND ACCURACY AS THE CIRCUMSTANCES PERMIT. YOU MUST USE

SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING

REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE

FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU MAY CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES,

TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF

THE EVIDENCE: PAST MEDICAL EXPENSES, PAST AND FUTURE PAIN

AND SUFFERING, AND PAST AND FUTURE EMOTIONAL OR MENTAL

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

DISTRESS.

**PAIN AND SUFFERING:** YOU MAY AWARD DAMAGES FOR ANY BODILY OR PSYCHOLOGICAL INJURY THAT THE PLAINTIFFS SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, MENTAL ANGUISH, EMOTIONAL DISTRESS AND/OR LOSS OF CAPACITY FOR ENJOYMENT THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF SUCH INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL ANGUISH OR PHYSICAL PAIN AND SUFFERING, NEEDS TO BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFFS FOR THE DAMAGES THEY HAVE ALLEGEDLY SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS, BUT ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE. LOSS OF ENJOYMENT OF LIFE: YOU MAY AWARD DAMAGES FOR LOSS OF ENJOYMENT OF LIFE FOR ANY DETERIORATION IN LIFESTYLE THAT THE PLAINTIFFS HAVE DEMONSTRATED. THESE DAMAGES ARE IN ADDITION TO DAMAGES FOR PAIN AND SUFFERING.

33

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

**PAST AND/OR FUTURE MEDICAL CARE**: YOU MAY AWARD A REASONABLE VALUE OF MEDICAL CARE AND TREATMENT THE PLAINTIFFS HAVE REASONABLY OBTAINED IN THE PAST AND WILL REQUIRE IN THE FUTURE. IN DETERMINING ANY AWARD, YOU MIGHT MAKE FOR PAST OR FUTURE MEDICAL EXPENSES, YOU SHOULD CONSIDER THE EVIDENCE AND THE OPINIONS OF EXPERT WITNESSES TO DECIDE THE REASONABLE VALUE OR EXPENSE OF MEDICAL, PSYCHOLOGICAL, THERAPY, NURSING, AND HOSPITAL CARE AND TREATMENT WHICH WAS OR WILL BE REASONABLE AND NECESSARY FOR PLAINTIFFS' CONDITIONS. PLAINTIFFS' RECOVERY OF MEDICAL CHARGES MUST BE CONFINED TO THOSE EXPENSES RELATED TO THE ACCIDENT. AN AWARD OF FUTURE MEDICAL EXPENSES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT THE PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THE PLAINTIFF IS ENTITLED TO FUTURE MEDICAL EXPENSES, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES. THUS, YOU MUST REDUCE THE AMOUNT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF THEY

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

MAKE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS THAT AN AWARD OF AN AMOUNT REPRESENTING FUTURE MEDICAL EXPENSES IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF THEY RECEIVE IT IN THE FUTURE, WHEN THEY WOULD OTHERWISE HAVE RECEIVED IT. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE WOULD RECEIVE IT. THUS, YOU SHOULD ADJUST THE AMOUNT OF FUTURE MEDICAL EXPENSE BY THE AMOUNT OF INTEREST THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE. HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES THAT YOU AWARD FOR FUTURE PAIN AND SUFFERING OR MENTAL ANGUISH.

**PROPERTY DAMAGES**: PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN CLAIM DAMAGES FOR THE LOSS OF THEIR PET DOG, APOLLO, WHICH IS CONSIDERED PERSONAL PROPERTY. IF YOU FIND THAT PLAINTIFFS SUFFERED A TOTAL LOSS OF THEIR PERSONAL PROPERTY, PLAINTIFFS ARE ENTITLED TO RECOVER THE FAIR MARKET VALUE OF THE PROPERTY AT THE TIME OF THE INCIDENT FORMING

35

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

THE BASIS OF THIS LAWSUIT.

**EMOTIONAL   DISTRESS   DAMAGES**:   TO   RECOVER

COMPENSATORY DAMAGES FOR MENTAL AND EMOTIONAL DISTRESS,

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE

THAT THEY EACH HAVE SUFFERED A SPECIFIC DISCERNABLE INJURY

WITH   CREDIBLE   EVIDENCE.   HURT   FEELINGS,   ANGER,   AND

FRUSTRATION ARE PART OF LIFE AND ARE NOT THE TYPES OF HARM

THAT  COULD  SUPPORT  A  MENTAL  ANGUISH  AWARD.  EVIDENCE  OF

MENTAL  ANGUISH  NEED  NOT  BE  CORROBORATED  BY  DOCTORS,

PSYCHOLOGISTS, OR OTHER WITNESSES, BUT PLAINTIFF [NAME] MUST

SUP- PORT [HIS/HER] CLAIMS WITH COMPETENT EVIDENCE OF THE

NATURE,  EXTENT,  AND  DURATION  OF  THE  HARM.  DAMAGES  FOR

MENTAL OR EMOTIONAL DISTRESS MUST BE BASED ON THE EVIDENCE

AT TRIAL. THEY MAY NOT BE BASED ON SPECULATION OR SYMPATHY.

SUGGESTIONS  AS  TO  THE  AMOUNT  OF  DAMAGES  THAT  SHOULD

BE  AWARDED  ARE  MERE  ARGUMENTS  OF  COUNSEL.  YOU  MAY

CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER

EXTENT  THEY  MAY  AID  YOU  IN  ARRIVING  AT  A  REASONABLE  AND

JUST  AWARD  IN  VIEW  OF  THE  EVIDENCE.  BUT  YOU  ARE  IN  NO  WAY

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

BOUND BY, NOR SHOULD YOU USE, ANY RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST WHETHER I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. WHETHER OR NOT THE PLAINTIFF IS ENTITLED TO RECOVER AND WHETHER OR NOT ANY DAMAGES ARE DUE IS FOR YOU TO DECIDE.

## 20. CONCLUSION

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH A UNANIMOUS AGREEMENT, IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. DO NOT, HOWEVER, GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

**[READ THE VERDICT FORM]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR

38

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS EXHIBITS WHICH I HAVE ADMITTED INTO EVIDENCE. FIRST, SELECT YOUR FOREPERSON AND THEN CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A SIGNED WRITTEN MESSAGE OR QUESTION TO THE MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER

OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT

YOUR DELIBERATIONS.