UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN, ET AL. | * | CIVIL NO. 22-847 |
| v. | * | SECTION: "L" |
| DERRICK BURMASTER, ET AL. | * | |
| | * | |

\* \* \*

## VERDICT FORM

We, the Jury, in the above-captioned case, unanimously return the following verdict:

### FOURTH AMENDMENT VIOLATION CLAIM

1. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster acted in an objectively unreasonable manner by killing Apollo on April 10, 2021?

    __✓__ Yes          _____ No

2. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster's act of killing Apollo caused damage to the Plaintiffs?

    __✓__ Yes          _____ No

*[If you checked "Yes" to all of Questions 1-2, proceed to Question 3. If you checked "No" to any of Questions 1-2, proceed to Question 7, Plaintiffs' negligence claim.]*

3. Is Defendant Derrick Burmaster entitled to qualified immunity?

    __✓__ Yes          _____ No

*[If you checked "No" to Question 3, proceed to Questions 4-5. If you checked "Yes" to Question 3, proceed to Question 7, Plaintiffs' negligence claim.]*

1

4. Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans is liable for a violation of their constitutional rights for any of the following reasons: (1) inadequately training, (2) inadequately supervising, or (3) inadequately disciplining Derrick Burmaster with respect to the use of force on dogs?

    ✓ Yes        ___ No

5. Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans's policies with respect to training, supervision, or discipline of Derrick Burmaster caused the killing of Apollo?

    ___ Yes      ✓ No

*[Proceed to Question 6.]*

6. Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans is liable for a violation of Plaintiffs' constitutional rights for ratifying Derrick Burmaster's killing of Apollo?

    ___ Yes      ✓ No

## NEGLIGENCE CLAIM

7. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster breached his duty of care to Plaintiffs by negligently killing Apollo?

    ✓ Yes        ___ No

8. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster's breach of his duty to Plaintiffs caused their injuries?

    ✓ Yes        ___ No

*[If you checked "Yes" to all of Questions 7-8, proceed to Question 9. If you checked "No" to any of Questions 7-8, proceed to Question 12, Plaintiffs' conversion claim.]*

9. Did the Defendants Derrick Burmaster and the City of New Orleans prove by a preponderance of the evidence that Plaintiffs Derek Brown, Julia Barecki-Brown, and/or Officer John Roussel were also negligent and that such negligence contributed to the killing of Apollo?

    ✓ Yes        ___ No

*[If you checked "Yes" to Question 9, proceed to Question 10. If you checked "No" to Question 9, proceed to Question 11, Plaintiffs' negligent infliction of emotional distress claim.]*

10. Please allocate what percentage of fault you attribute to each party listed below. The sum of the percentages must equal 100%.

    Defendant Derrick Burmaster:     40%

    Plaintiff Derek Brown:           25%

    Plaintiff Julia Barecki-Brown    25%

    Officer John Roussel:            10%

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

*[Answer Question 11 only if you checked "Yes" to Questions 7-8].*

11. Did the Plaintiffs prove by the preponderance of the evidence that they suffered emotional distress as a result of Defendant Derrick Burmaster's negligence in killing Apollo?

    ✓ Yes        ___ No

## CONVERSION CLAIM

12. Did the Plaintiffs prove by the preponderance of the evidence that Defendant Derrick Burmaster wrongfully killed Apollo?

    ✓ Yes        ___ No

*[If you checked at least one "Yes" anywhere in Questions 1-12 that you were required to answer, proceed to Question 13. Otherwise, stop and turn this sheet in to the Judge.]*

## DAMAGES

13. What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Derek Brown and Julia Barecki-Brown for the harm that they suffered?

*[Enter a sum in dollars for each line if appropriate, and then stop and turn this sheet in to the Judge.]*

   A. Fair Market Value of Apollo:       $ 400

   B. General Damages, Including Physical and Mental Injury, Pain and Suffering, and Loss of Enjoyment of Life:

      Plaintiff Derek Brown:             $ 5,000

      Plaintiff Julia Barecki-Brown:     $ 5,000

3

The foreperson must sign and date this form and hand it to the Marshal.

New Orleans, Louisiana, this 12 day of June, 2025.

███████████████████
FOREPERSON