UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

*****************************************************************************

**Plaintiffs' Motion for Reconsideration**

In this motion, Plaintiffs ask this court under Rule 54(b) to reconsider its inclusion of both steps of qualified immunity on the jury verdict form, and its double, inconsistent counting of municipal causation.

Qualified immunity has two steps. But only one of them is a question for the jury. In *Ramirez v. Killian*, the Fifth Circuit explained that the "jury decides the *factual* question of whether the officer violated the plaintiff's rights—the first step of the qualified immunity analysis. It does not decide the purely *legal* question of whether the officer's actions were objectively reasonable in light of clearly established law—the second step."[1]

But here, this Court did exactly what the Fifth Circuit said it should *not*: it asked the jury to decide both steps of qualified immunity. In doing so, this Court disregarded a directive from the Fifth Circuit and also the stipulation of the parties – who unanimously agreed that qualified immunity should not be decided by the jury. Thus, the qualified immunity question should be struck from the verdict form.

So too with the verdict form's questions as to municipal liability and causation. The Fifth

---

[1] *Ramirez v. Killian*, 113 F. 4th 415, 430 (5th Cir. 2024). Emphasis in original.

1

Circuit has held that there "there can be no municipal liability unless it is the moving force behind the constitutional violation."[2] And the Court properly instructed the jury that a "city is not liable under federal law for the actions of its employees unless the constitutional violation was cause by a city policy or custom." Accordingly, when the jury found that the "City of New Orleans is liable for the violation" of Plaintiffs' constitutional rights, it necessarily found that there was causation. The jury's subsequent, inconsistent answer should therefore also be struck from the verdict form.

For the reasons herein and in the attached memorandum in support, the motion should be granted. The Court should render the judgment to reflect the verdict form after taking out jury questions three and five.

Respectfully submitted:

/s/ William Most
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Telephone: (504) 509-5023
E-Mail: williammost@gmail.com

TARAK ANADA (#31598)
PATRICK VAN BURKLEO (#41471)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswalker.com

---

[2] *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).

2