UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * <br> * <br> * | Civil Action No. 22-00847 <br><br> SECTION: L |
| VERSUS | * <br> * | <br> HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * <br> * <br> * <br> * <br> * | <br> DIVISION: 4 <br><br> HONORABLE KAREN WELLS ROBY |

*****************************************************************************

**Memorandum in Support of Plaintiffs' Motion for Reconsideration**

In this motion, Plaintiffs ask this court under Rule 54(b) to reconsider its inclusion of both steps of qualified immunity on the jury verdict form, and its double, inconsistent counting of municipal causation.

Qualified immunity has two steps. But only one of them is a question for the jury. In *Ramirez v. Killian*, the Fifth Circuit explained that the "jury decides the *factual* question of whether the officer violated the plaintiff's rights—the first step of the qualified immunity analysis. It does not decide the purely *legal* question of whether the officer's actions were objectively reasonable in light of clearly established law—the second step."[1]

But here, this Court did exactly what the Fifth Circuit said it should *not*: it asked the jury to decide both steps of qualified immunity. In doing so, this Court disregarded a directive from the Fifth Circuit and also the stipulation of the parties – who unanimously agreed that qualified immunity should not be decided by the jury. Thus, the qualified immunity question should be struck from the verdict form.

So too with the verdict form's questions as to municipal liability and causation. The Fifth

---

[1] *Ramirez v. Killian*, 113 F. 4th 415, 430 (5th Cir. 2024). Emphasis in original.

1

Circuit has held that there "there can be no municipal liability unless it is the moving force behind the constitutional violation."[2] And the Court properly instructed the jury that a "city is not liable under federal law for the actions of its employees unless the constitutional violation was cause by a city policy or custom." Accordingly, when the jury found that the "City of New Orleans is liable for the violation" of Plaintiffs' constitutional rights, it necessarily found that there was causation. The jury's subsequent, inconsistent answer should therefore also be struck from the verdict form.

For the reasons herein, the motion should be granted.

**A.    Standard of Review**

Reconsideration of interlocutory orders is governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.[3]" Unlike motions to alter or amend a judgment under Rule 59(e), "'Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'"[4]

**B.    Question 3 of the Verdict Form Should be Struck Because the Second Step of Qualified Immunity is a "Purely Legal Question" Not Appropriate for a Jury, Per Controlling Fifth Circuit Precedent and the Parties' Stipulation.**

The "qualified-immunity inquiry has two steps. First, we ask whether 'the officer's

---

[2] *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).
[3] *Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 336-37 (5th Cir. 2017) (quotations omitted).
[4] *Id.*

2

conduct violated a federal right.' Second, we ask 'whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his [] conduct.'"[5]

In a Fourth Amendment context, the first step of qualified immunity is <u>factual</u> and asks whether the constitution was violated "by conduct that, viewed from the officer's perspective and information at the time, is objectively unreasonable."[6]

The second step, by contrast, "assesses the objective <u>legal</u> reasonableness of the action, that is, whether every reasonable officer would have known that the conduct in question was illegal."[7] According to the Supreme Court and the Fifth Circuit, this is a "purely legal question."[8]

Here, the jury was asked to decide both steps of the qualified immunity analysis. In question one of the jury verdict form, the jury was asked if Burmaster "acted in an objectively unreasonable manner by killing Apollo."[9] That is step one of the qualified immunity analysis. Then, in question three of the jury verdict form, the jury was asked whether Burmaster is "entitled to qualified immunity."[10] That addresses step two of the qualified immunity analysis, since that is the only step left.

But jury should not have been asked to decide that second step, for two reasons. First, because the second step of qualified immunity is a "purely legal question" – and trial courts

---

[5] *Cantu v. Tamez*, No. 23-40673, 2024 U.S. App. LEXIS 22630, at *4 (5th Cir. 2024) (citations omitted)
[6] *Cole v. Carson*, 935 F.3d 444, 462 (5th Cir. 2019).
[7] *Id*. (emphasis added).
[8] *Siegert v. Gilley*, 500 US 226, 232 (1991) (describing the second step as a "purely legal question"); *Ramirez v. Killian*, 113 F. 4th 415, 430 (5th Cir. 2024) (describing the "second step" as a "purely legal question"); *Taylor v. LeBlanc*, 60 F. 4th 246, 251 (5th Cir. 2023) (whether "a given course of conduct would be objectively unreasonable in light of clearly established law" is a "purely legal question"); *Cole v. Carson*, 935 F.3d 444, 462 (5th Cir. 2019) ("The second step assesses the objective legal reasonableness of the action").
[9] R. Doc. 269.
[10] *Id*.

3

commit error when they ask "the jury to answer both the factual question and the legal question."[11] As the Fifth Circuit explained in *Ramirez v. Killian*, the "jury decides the *factual* question of whether the officer violated the plaintiff's rights—the first step of the qualified immunity analysis. It does not decide the purely *legal* question of whether the officer's actions were objectively reasonable in light of clearly established law—the second step."[12] But here, <u>this Court did exactly what the Fifth Circuit said it should not</u>: it put both steps of qualified immunity to the jury.

In the past, there was some confusion over this issue, and qualified immunity was sometimes submitted to juries.[13] But that confusion was recently resolved by the Fifth Circuit, at least in cases where a suit survives a qualified immunity defense at summary judgment. In *Ramirez,* the Fifth Circuit held that when "a plaintiff's claim survives the defendant's qualified immunity defense at summary judgment and proceeds to trial, there has already been, necessarily, a judicial determination as to the second qualified immunity step."[14] That is to say, when plaintiff's survive qualified immunity at the summary judgment phase, that means that the "trial court has held that, assuming that the plaintiff's version of the facts is true, the defendant would not be entitled to qualified immunity. The question at trial is then solely one of fact."[15] That is precisely the situation here: plaintiffs survived the qualified immunity defense at the summary judgment phase both at

---

[11] *Tamez v. City of San Marcos*, 118 F.3d 1085, 1094 (5th Cir. 1997) ("However, the court erroneously instructed the jury to answer both the factual question and the legal question. . . . Although the question of whether certain conditions were present is surely a question for the jury, the legal question of whether those circumstances justified Misiaszek's actions is a legal question that should have been determined by the court."); *Gomez v. Galman*, No. 24-30207, 2025 U.S. App. LEXIS 8786, at *13 (5th Cir. Apr. 14, 2025) ("the district court erred in submitting to factfinders the question whether a duty exists as a matter of law."); *United States v. Johnson*, 718 F.2d 1317, 1333-34 (5th Cir. 1983) ("That the determination may be difficult is insufficient to permit a judge to pass a legal question to a jury.")
[12] *Ramirez, supra,* at 430. Emphasis in original.
[13] *See Carswell v. Borough of Homestead*, 381 F.3d 235, 242, 243 (3d Cir. 2004)
[14] *Ramirez v. Killian*, 113 F. 4th 415, 430 (5th Cir. 2024).
[15] *Id*.

4

the trial court and at the Court of Appeal. The question for the jury at trial should have been solely one of fact, not one of fact and also one of law.

And second, "stipulations of parties are generally enforceable as a matter of law"[16] given that the Supreme Court has held that "stipulations must be binding."[17] Here, on May 30, 2025, the parties met and conferred to develop the pre-trial order.[18] In the proposed pre-trial order, the parties stipulated that the "jury shall decide all disputed factual issues other than qualified immunity."[19] All parties signed that proposed pre-trial order.[20] Plaintiffs were entitled to rely on the stipulation that the jury would not decide qualified immunity, and it prejudiced them for that to be changed mid-trial.

Thus, in putting the second step of qualified immunity to the jury, the Court disregarded both controlling Fifth Circuit caselaw and the binding stipulation of the parties. The motion should be granted.

### C.    Question 5 of the Jury Verdict Form Should be Struck Because There Cannot Be Municipal Liability Without Causation.

An elementary principle of municipal liability under Section 1983 is the requirement of "direct causation."[21] That is to say, "there can be no municipal liability unless it is the moving

---

[16] *Steigerwald v. Wal-Mart Stores Tex., LLC*, No. 3:19-CV-00394, 2020 U.S. Dist. LEXIS 66813, at *13 (S.D. Tex. Mar. 31, 2020); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 985 (5th Cir. 1989); *Brown & Root, Inc. v. Peisander*, 648 F.2d 415, 419 (5th Cir. 1981).
[17] *Standard Fire Ins. Co. v. Knowles*, 568 US 588 (2013).
[18] R. Doc. 228 at 1.
[19] R. Doc. 228 at 21.
[20] R. Doc. 228 at 22.
[21] *Covington v. City of Madisonville*, 812 F. App'x 219, 225 (5th Cir. 2020) ("Whatever its form, to yield municipal liability under § 1983, the policy must have been the "moving force" behind the plaintiff's constitutional violation. . . In other words, a plaintiff "must show direct causation, i.e., that there was 'a direct causal link' between the policy and the violation."")

force behind the constitutional violation."[22] That was explained to the jury here: the Court instructed the jury that a "city is not liable under federal law for the actions of its employees unless the constitutional violation was cause by a city policy or custom."[23]

Thus, the question of municipal liability was conclusively established when the jury answered question four, stating "yes" the "City of New Orleans is liable for a violation of [Plaintiffs'] constitutional rights."[24]

The jury's next answer, confusingly, was that the City had not "caused" the killing. But that answer is impossible: the jury could not have found that the City did not "cause" the killing, because the jury had already found the City "liable" and there cannot be liability without causation.

Accordingly, question five should be struck from the verdict form, and the judgment amended to reflect the jury's finding that "the City of New Orleans is liable for a violation of [Plaintiff's] constitutional rights." The motion should be granted.

## Conclusion

The motion should be granted. The Court should render the judgment to reflect the verdict form after taking out jury questions three and five.

Respectfully submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Telephone: (504) 509-5023
E-Mail: williammost@gmail.com

TARAK ANADA (#31598)
PATRICK VAN BURKLEO (#41471)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswalker.com

---

[22] *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009); *see also McInnis v. A.M.F., Inc.,* 765 F.2d 240, 248 (1st Cir. 1985) ("Causation in fact is an integral component of a tort claim; without causation there can be no liability.")
[23] Final Jury Instructions at pg. 19.
[24] R. Doc. 269.