UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | CIVIL ACTION |
| JULIA BARECKI-BROWN | * | |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * | |
| | * | SECTION: L |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | HONORABLE ELDON E. FALLON |
| NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

*****************************************************************************

### DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION [R. DOC. 272]

Defendants, Derrick Burmaster ("Officer Burmaster") and the City of New Orleans (the "City"), oppose Plaintiffs' Motion for Reconsideration (R. Doc. 272) (the "Motion"), and respectfully offer the following response.

**1. Qualified Immunity was properly submitted to the jury.**

It is well-settled in the Fifth Circuit that "while qualified immunity ordinarily should be decided by the court long before trial, if the issue is not decided until trial the defense goes to the jury which must then determine the *objective legal reasonableness* of the officers' conduct."[1] For example, in *Matthews v. LeBlanc*,[2] the Court rejected the notion that "the issue of qualified immunity is a question of law for the Court to decide and that, as such, the issue cannot be presented to the jury."[3] In *Matthews*, the Court held that qualified immunity may be addressed by

---

[1] *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000) (citing *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998)). See *Melear v. Spears*, 862 F.2d 1177, 1184 (5th Cir. 1989) (where summary judgment is denied or not sought, "the trier of fact must determine the objective legal reasonableness of an officer's conduct by construing the facts in dispute."); *Presley v. City of Benbrook*, 4 F.3d 405, 409 (5th Cir. 1989) (affirming jury's finding that "a reasonable officer possessing knowledge of clearly established law and the information they knew at the time, could have believed that entry of his residence was lawful.").
[2] 2018 WL 2198508 (E.D. La. May 14, 2018) (Judge Africk).
[3] *Id.* at *1,

1

the jury where the court is "unable to make the determination of the objective reasonableness of the officer's activities 'without settling on a coherent view of what happened in the first place[.]'"[4] The Court concluded:

> When there is general agreement as to the factual events that gave rise to the lawsuit, the issue of qualified immunity should be decided as a matter of law by the court via pretrial motion at the earliest possible stage. When, however, the underlying facts of the case are in dispute and the issue has not been decided before trial, qualified immunity may be sent to the jury.[5]

The circumstances in the instant case are the same as in *Matthews*. In the instant case, this Court observed in its Order and Reasons (the "Order") on March 29, 2023, that because the issue of Qualified Immunity was "so laden with competing facts, summary judgment is inappropriate[.]"[6] This Court therefore denied both parties' cross motions for summary judgment and required the issue of Qualified Immunity to be submitted to the jury. Ultimately, the issue of Qualified Immunity was submitted to the jury.

On August 24, 2024, the Fifth Circuit issued an opinion in *Ramirez v. Killian*,[7] a case that involved a shooting of a pet dog by a police officer. Contrary to Plaintiffs' assertion in the instant Motion, *Ramirez* did not change the law with respect to a jury's determination of the "objective legal reasonableness" of an officer's conduct for purposes of Qualified Immunity.

In *Ramirez*, a jury determined that the officer who shot the plaintiff's pet dog was not entitled to qualified immunity. However, the trial court nullified the jury's verdict by granting the officer's post-verdict motion for judgment as a matter of law based on a finding that the plaintiff

---

[4] *Id*. at 2 (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). Contrast *Tamez v. City of San Marcos*, 118 F.3d 1085, 1094 (5th Cir. 1997) (cited by Plaintiffs) ("[t]he jury did not need to sit as a factfinder to determine whether [] facts and circumstances existed, because the parties agree on virtually all relevant facts" and it therefore may be error to "instruct[] the jury to answer both the factual question and the legal question[.]").
[5] *Id*., *2 (punctuation and citation omitted).
[6] R. Doc. 162, p. 14 (Order and Reasons).
[7] 113 F.4th 415 (5th Cir. 2024).

"failed to identify evidence indicating that no reasonable officer could have believed shooting the Plaintiffs' pit bull to be lawful."[8] The Fifth Circuit held that this was reversible error.

The Court found that "the jury had ample evidence before it to find that qualified immunity did not apply."[9] The Court held that "[t]here is … no requirement that plaintiffs present 'evidence' to overcome ***the second prong*** of qualified immunity, or specifically produce officer testimony as to what a reasonable officer would regard as lawful."[10] As such, the result of the trial court's denial of the officer's motion for summary judgment was that "assuming that the plaintiff's version of the facts is true, the defendant would not be entitled to qualified immunity."[11] For that reason, the trial court had no discretion to ignore the factual determination that resulted in the verdict denying qualified immunity. As the Court stated: "The jury delivered a verdict in favor of [the plaintiffs]. That should have ended the matter."[12] Similarly, here, the jury delivered a verdict in favor of Officer Burmaster. As in *Ramirez*, that should end the matter.

It is important to note that *Ramirez* relied upon *McCoy v. Hernandez*.[13] *McCoy* stands for the proposition that "if the issue [of Qualified Immunity] is not decided until trial the defense goes to ***the jury which must then determine the objective legal reasonableness of the officers' conduct***."[14] As such, *McCoy* directly contradicts Plaintiffs' contention that the jury "does not decide the purely legal question of whether the officer's actions were objectively reasonable in light of clearly established law[.]"[15] Neither *McCoy* nor *Ramirez* supports Plaintiffs' assertion that

---

[8] *Id.*, 113 F.4th at 429.
[9] *Id.*
[10] *Id.* at 430 (emphasis added) (citing *McCoy v. Hernandez*, 203 F.3d 371).
[11] *Id.*
[12] *Id.*
[13] See *Id.*, footnote 8.
[14] *McCoy v. Hernandez*, 203 F.3d 376. See *Waganfeald v. Gusman*, 674 F.3d 475, 484 (5th Cir. 2012) (quoting *McCoy* for the proposition that a jury may "determine the objective legal reasonableness of the officer's conduct").
[15] R. Doc. 272-1, p. 4.

a jury may not determine the objective legal reasonableness of an officer's conduct in connection to Qualified Immunity.

It should also be noted that Plaintiffs assignment of "step one" of the qualified immunity analysis to question one of the jury verdict form and "step two" to question three of the jury verdict form is misleading and incorrect. Question one of the Verdict Form does not mention "qualified immunity."[16] Rather, question one asks whether the Plaintiffs proved that Officer Burmaster "acted in an objectively unreasonable manner" when he shot Plaintiffs' dog.[17] This "objectively reasonable manner" question is explained in the section of the jury instructions preceding the Qualified Immunity instruction.[18]

Question three refers to "qualified immunity." Qualified Immunity is explained in the section of the jury instructions entitled "Qualified Immunity."[19] Relevantly, the jury was instructed:

> Qualified immunity applies if a reasonable officer could have believed that the killing of Plaintiffs' pet dog Apollo was lawful in light of clearly established law and the information Defendant Derrick Burmaster possessed. …
>
> In this case, the clearly established law at the time was that the use of deadly force against a pet dog by a police officer is not violative of the Fourth Amendment if the dog poses an immediate danger and killing it is unavoidable. …
>
> After considering the scope of discretion and responsibility generally given to police officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to defendant Derrick Burmaster at the time of the killing of plaintiffs' pet dog Apollo, if you find that Plaintiffs Derek Brown and Julie Barecki-Brown failed to prove that no reasonable officer could have believed that the killing of their pet dog Apollo was lawful, then Defendant Derrick Burmaster is entitled to qualified immunity, and your verdict must be for Defendant Derrick Burmaster on those claims.[20]

---

[16] See R. 269, p. 1.
[17] *Id*.
[18] See Exhibit A, pp. 15-16.
[19] *Id*., pp. 16-19.
[20] See Exhibit A (Final Draft - Jury Charges), p. 17-18 (sent to counsel by Cameron Ott via email on June 12, 2025, at 10:07 a.m.).

As such, it is apparent that the facts that the jury considered with respect to question one were different than those with respect to question three. Given this distinction, there is no reason to conclude that question one is part of the Qualified Immunity analysis.

Further, the jury instructions in this case with respect to Qualified Immunity were derived from the Fifth Circuit Civil Pattern Jury Instruction § 10.3.[21] The instructions in *Ramirez*, which supported the jury verdict approved by the Fifth Circuit, were also derived from the Pattern Charges, section 10.3.[22] Plaintiffs fail to provide any reason to doubt the correctness of the instructions provided to the jury in this case.

On January 17, 2025, the Fifth Circuit, in *Brown v. Burmaster*,[23] affirmed this Court's Order denying Officer Burmaster's motion for summary judgment. In its opinion, the Court highlighted three factual disputes that made it appropriate for Qualified Immunity to be submitted to the jury rather than being decided as a matter of law:[24]

1. Whether "a reasonable jury could conclude that Burmaster did not reasonably believe that [Apollo] posed a threat."[25]

2. Whether "a reasonable jury could further conclude that Burmaster did not reasonably believe he was in imminent danger, based on [Apollo's] size, Burmaster's ability to exit the yard, and the availability of non-lethal tools like the taser and police boots."[26]

---

[21] See Committee on Civil Pattern Jury Instructions, Dist. Judges Assoc. Fifth Cir., Pattern Jury Instructions (Civil Cases) PJI 10.3 (2020) (available at https://www.lb5.uscourts.gov/juryinstructions/fifth/2020civil.pdf, last visited June 30, 2025).
[22] See Exhibit A, p. 6 (jury instruction provided in *Ramirez v. Killian*, Case No. 18-cv-107, R. Doc. 130 (N.D. Tex., Mar. 25, 2022)); Exhibit B (jury verdict form provided in *Ramirez*, R. Doc. 269).
[23] 2025 WL 227785 (5th Cir. Jan. 17, 2025). Plaintiffs, in their Motion, fail to mention the law of the case established by *Brown*.
[24] *Id.* ("even if Burmaster had not conceded materiality, the factual dispute is material and Burmaster would not be entitled to qualified immunity.").
[25] *Id.*
[26] *Id.*

5

3. And whether "particularly in light of *Ramirez*, a reasonable jury could ultimately find that Burmaster 'seized' [Apollo] *in violation of clearly established law*."[27]

This opinion makes it clear that the law of the instant case, as stated in the Fifth Circuit's opinion in *Brown v. Burmaster*, is that the jury was authorized to consider whether Officer Burmaster "seized" Plaintiffs' dog "in violation of clearly established law." Plaintiffs incorrectly describe this inquiry as a "purely legal question."[28] The jury was properly instructed as to Qualified Immunity and that Jury Verdict question 3 was proper. Plaintiffs' Motion has no merit and should be denied.[29]

**2. Officer Burmaster is entitled to Qualified Immunity as a matter of law.**

Plaintiffs, in their motion, implicitly invite this Court to rule that Officer Burmaster is entitled to qualified immunity as a matter of law. The City believes that this Court may make such a ruling given the jury's resolution of the contested issues of fact at trial regarding Qualified Immunity.

The jury, after four days of trial, concluded that Officer Burmaster was entitled to qualified immunity.[30] In so deciding, the jury resolved disputed factual questions of whether Officer Burmaster reasonably believed Apollo posed an immediate danger to him, whether killing the dog was unavoidable, and whether any reasonable officer could have reached the same conclusion. Ample evidence supported the jury's verdict. This evidence included two videos of the incident, testimony of witnesses who opined regarding the actions of Officer Burmaster, and testimony of witness who described the lack of alternatives available to Officer Burmaster to avoid shooting the

---

[27] *Id*. (emphasis added).
[28] R. Doc. 272-1, p. 3.
[29] Plaintiffs argue that the parties reached a "stipulation" that precluded the jury from considering the issue of qualified immunity. Defendants deny that they reached such a stipulation. The "stipulation" described by Plaintiffs in their Motion was not agreed to by Defendants and cannot serve to nullify the jury's verdict in this case.
[30] R. Doc. 269, p. 1, number 3

dog. Plaintiffs' own expert provided testimony that supported Officer Burmaster's decision not to run away when Apollo ran at him.

If the Court determines that there remains a legal issue to be resolved, then the jury's factual conclusions should not be discounted. As a result, this Court's ruling should be consistent with the jury's verdict that Officer Burmaster is entitled to qualified immunity.

### 3. Question 5 of the Jury Verdict Form should not be struck because there is no doubt that the jury intended to render a verdict that the City's policies did not cause the killing of Plaintiffs' dog.

"Verdict forms are considered part of the jury instruction," reviewed in light of the instruction as a whole.[31] A party challenging jury instructions "must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."[32] In reviewing jury answers to special verdicts, courts must make a "concerted effort to reconcile apparent inconsistencies if at all possible."[33] In this respect, a court should ask whether "the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted, even though the form of the issue or alternative selective answers prescribed by the judge may have been the likely cause of the difficulty and largely produced the apparent conflict."[34] Only if there is no view of the case that will make the jury's answers consistent may a court set aside the jury's decision.[35]

In its Verdict, the jury answered "no" to question 6, "Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans's policies with respect to

---

[31] *Matter of 3 Star Props.*, L.L.C., 6 F.4th 595, 610 (5th Cir. 2021).
[32] *RSBCO v. United States*, 104 F.4th 551, 555 (5th Cir. 2024) (citation omitted), cert. denied, No. 24-561, 2025 WL 76488 (U.S. Jan. 13, 2025).
[33] *Snyder v. Trepagnier*, 142 F.3d at 800 (quoting *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1040 (5th Cir. 1982)).
[34] *Id.* (quoting *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir.1973)).
[35] *Id.*

training supervision, or discipline of Derrick Burmaster caused the killing of Apollo[.]"[36] Plaintiffs contend that the jury's answer to Question 5 is "impossible" because the "jury had already found the City 'liable'" in Question 4.[37]

In this case, looking at the jury instructions as a whole, it is reasonable and probable that the jury answered Question 4 with respect to the City's policies with respect to training, supervision and/or discipline, as well as deliberate indifference. It is also reasonable and probable that the jury answered question 6 as relating only to the jury instruction that dealt specifically with causation, which stated that Plaintiffs must prove "there is a causal connection between the alleged failure to train, supervise, and/or discipline and the alleged violation of the plaintiffs' constitutional rights."[38] In this logical and probable interpretation, there is no inconsistency and no reason to negate the jury's well-reasoned verdict. In fact, this verdict is fully consistent with the jury's apportionment of fault, where the jury determined that Officer Burmaster was 40% at fault, the Plaintiffs were 50% at fault, and Officer Burmaster's partner was 10% at fault.

Plaintiffs have failed to carry their burden to demonstrate that "substantial and ineradicable doubt" exists whether the jury has been properly guided in its deliberations. Their Motion should be denied.

---

[36] R. Doc. 269, p. 2.
[37] See R. Doc. 272-1, p. 6.
[38] Exhibit A, p. 21.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for Derrick Burmaster and the City of New Orleans*