# JURY CHARGES

| | | |
|---|---|---|
| 1. | GENERAL INSTRUCTIONS | 2 |
| 2. | EVIDENCE | 3 |
| 3. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 5 |
| 4. | STIPULATIONS | 6 |
| 5. | BURDEN OF PROOF | 6 |
| 6. | WEIGHING THE EVIDENCE | 7 |
| 7. | SIMILAR ACTS | 8 |
| 8. | EXPERT WITNESSES | 9 |
| 9. | LAW ENFORCEMENT OFFICER TESTIMONY | 10 |
| 10. | IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS | 11 |
| 11. | DEMONSTRATIVES | 11 |
| 12. | CHARTS & SUMMARIES | 12 |
| 13. | OBJECTIONS DURING TRIAL | 12 |
| 14. | JUDGE'S COMMENTARY IS NOT CONSIDERED | 13 |
| 15. | NOTETAKING DURING TRIAL | 14 |
| 16. | SPECIFIC INSTRUCTIONS | 14 |
| 17. | FOURTH AMENDMENT CONSTITUTIONAL VIOLATION CLAIM | 15 |
| A. | QUALIFIED IMMUNITY | 16 |
| B. | MUNICIPAL LIABILITY | 19 |
| I. | FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE | 20 |
| II. | RATIFICATION | 23 |
| 18. | LOUISIANA STATE LAW CLAIMS | 24 |
| A. | NEGLIGENCE | 24 |
| I. | COMPARATIVE NEGLIGENCE | 27 |
| B. | NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS | 28 |
| C. | CONVERSION | 29 |
| 19. | CALCULATION OF DAMAGES | 29 |
| 20. | CONCLUSION | 36 |

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DEREK BROWN, ET AL.**               *       **CIVIL DOCKET**

                                      *

**VERSUS**                            *       **NO. 22-847**

                                      *

**DERRICK BURMASTER, ET AL.**         *       **SECTION "L"**

## JURY CHARGES

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THIS CASE AS
WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON THE
RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT
YOUR DECISION IN THIS CASE.

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM
ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS MY DUTY TO
PRESIDE OVER THE TRIAL AND TO DECIDE WHAT EVIDENCE IS PROPER
FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE
TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST
FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

APPLY IN EVERY CASE, FOR EXAMPLE, INSTRUCTIONS ABOUT BURDEN OF PROOF AND HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THEN I WILL GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE. FINALLY, I WILL EXPLAIN TO YOU THE PROCEDURES YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

## 1. GENERAL INSTRUCTIONS

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU

TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS, AND

THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS

AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE

COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR

SIMILAR STATIONS IN LIFE. ALL PERSONS AND CORPORATIONS OR

PUBLIC ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE

DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

## 2. EVIDENCE

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE

FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE

I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES

THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS

ADMITTED INTO THE RECORD.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS, OR

ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE

CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE

THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO

CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY

CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER,

IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE

EVIDENCE THAT CONTROLS IN THIS CASE. WHAT THE LAWYERS SAY

IS NOT BINDING UPON YOU.

ALSO, DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY

MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A

WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN

WHICH HE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO

NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY

OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING

AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD

ANYTHING I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY

INSTRUCTIONS TO YOU ON THE LAW.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO

COMMENT ON EVIDENCE PRESENTED DURING A CASE. I DO NOT

BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN

THIS CASE. IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS

WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL, HOWEVER, AS A COMMENT ON THE EVIDENCE, THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU, THE JURY, MAY DISREGARD SUCH COMMENT OR COMMENTS ENTIRELY SINCE YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THIS CASE.

### 3. DIRECT AND CIRCUMSTANTIAL EVIDENCE

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

## 4. STIPULATIONS

STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT. A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY. WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

## 5. BURDEN OF PROOF

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE THE BURDEN OF PROVING THEIR CASE BY A PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO. IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

BROWN HAVE FAILED TO PROVE ANY ELEMENT OF THEIR CLAIM BY A

PREPONDERANCE OF THE EVIDENCE, THEN THEY MAY NOT RECOVER

ON THAT CLAIM.

## 6. WEIGHING THE EVIDENCE

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD

SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES

A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR

KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO

PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY

HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE

OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE

CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF

THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR

HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER

TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY

HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR

SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

DEMONSTRATED.

IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT BUT ARE NOT REQUIRED TO DISTRUST SUCH WITNESS'S TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

## 7. SIMILAR ACTS

EVIDENCE THAT AN ACT WAS DONE AT ONE TIME OR ON ONE OCCASION IS NOT ANY EVIDENCE OR PROOF WHATSOEVER THAT THE

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

ACT WAS DONE IN THIS CASE.

YOU MAY CONSIDER EVIDENCE OF SIMILAR ACTS FOR THE LIMITED PURPOSE OF SHOWING WHETHER DEFENDANT THE CITY OF NEW ORLEANS MAY BE HELD LIABLE FOR DEFENDANT DERRICK BURMASTER'S ACTIONS WITH RESPECT TO A FAILURE TO ADEQUATELY TRAIN, SUPERVISE, AND/OR DISCIPLINE BURMASTER, WHICH IS AT ISSUE IN THIS CASE. SUCH EVIDENCE MAY NOT BE CONSIDERED FOR ANY OTHER PURPOSE WHATSOEVER. YOU MAY NOT USE THE EVIDENCE TO CONSIDER OR REFLECT DEFENDANT DERRICK BURMASTER'S CHARACTER.

## 8. EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN THIS CASE. YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE FACTS THE EXPERT RELIED UPON ARE INCORRECT, THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS ECONOMIC, PHILOSOPHICAL, OR ANY OTHER INTEREST IN THE OUTCOME OF THE CASE.

## 9. LAW ENFORCEMENT OFFICER TESTIMONY

YOU ARE REQUIRED TO EVALUATE THE TESTIMONY OF A LAW ENFORCEMENT OFFICER AS YOU WOULD THE TESTIMONY OF ANY OTHER WITNESS. NO SPECIAL WEIGHT MAY BE GIVEN TO HIS OR HER TESTIMONY BECAUSE HE OR SHE IS A LAW ENFORCEMENT OFFICER.

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

## 10.  IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS THEY REMEMBER IT. PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS MADE A MISSTATEMENT, CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE. THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

## 11.  DEMONSTRATIVES

DEMONSTRATIVES ARE ILLUSTRATIONS. IT IS A PARTY'S DESCRIPTION, PICTURE, OR MODEL USED TO DESCRIBE SOMETHING IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM

THE EXHIBIT, RELY ON YOUR RECOLLECTION.

## 12.   CHARTS & SUMMARIES

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU SOLELY TO HELP EXPLAIN OR SUMMARIZE THE FACTS DISCLOSED BY THE BOOKS, RECORDS, AND OTHER DOCUMENTS THAT ARE IN EVIDENCE. THESE CHARTS AND SUMMARIES ARE NOT EVIDENCE OR PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE EVIDENCE.

## 13.   OBJECTIONS DURING TRIAL

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT

DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO

THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU,

THE JURY, ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL

WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A

QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD

THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE

WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD

HAVE SAID IF PERMITTED TO ANSWER THE QUESTION. WHEN THE

COURT HAS STRICKEN A WITNESS FROM THE RECORD, THE JURY MUST

DISREGARD THE TESTIMONY OF THE WITNESS ENTIRELY AND MAY

DRAW NO INFERENCE FROM ANY TESTIMONY GIVEN BY THAT

WITNESS.

## 14.   JUDGE'S COMMENTARY IS NOT CONSIDERED

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY ASKED A

QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN

FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD

ANY OPINION ON THE FACTS TO WHICH MY QUESTION OR QUESTIONS

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

MAY HAVE RELATED. REMEMBER AT ALL TIMES, YOU, AS JURORS, ARE

THE SOLE JUDGES OF THE FACTS.

## 15.   NOTETAKING DURING TRIAL

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE

ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR

NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE

NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN

NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION

OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE

NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY

GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH

JUROR ABOUT THE TESTIMONY.

## 16.   SPECIFIC INSTRUCTIONS

NOW, LADIES AND GENTLEMEN OF THE JURY I WILL MOVE ON TO

DISCUSS THE APPLICABLE LAW THAT YOU WILL BE REQUIRED TO

APPLY TO THE FACTS OF THIS CASE. AS I MENTIONED TO YOU PRIOR TO

THE TRIAL, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN

HAVE BROUGHT BOTH FEDERAL CLAIMS AND VARIOUS LOUISIANA

STATE LAW CLAIMS AGAINST DEFENDANTS DERRICK BURMASTER

AND THE CITY OF NEW ORLEANS. I WILL BEGIN BY ADDRESSING PLAINTIFFS' FEDERAL LAW CLAIMS AND THEN PROCEED TO THEIR LOUISIANA STATE LAW CLAIMS.

## 17.   FOURTH AMENDMENT CONSTITUTIONAL VIOLATION CLAIM

THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION PROHIBITS UNREASONABLE SEIZURES OF A CITIZEN'S PERSON OR PROPERTY. YOU SHOULD NOTE THAT NOT ALL SEIZURES NECESSARILY VIOLATE THE FOURTH AMENDMENT. RATHER, ONLY A SEIZURE THAT IS "OBJECTIVELY UNREASONABLE" IS CONSIDERED TO BE A CONSTITUTIONAL VIOLATION. THE LAW PROVIDES THAT KILLING A PET DOG CONSTITUTES A SEIZURE OF PROPERTY UNDER THE FOURTH AMENDMENT.

IN THIS CASE, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN SEEK TO RECOVER DAMAGES FOR THE KILLING OF THEIR PET DOG APOLLO – WHAT THEY CONSIDER TO BE AN UNREASONABLE SEIZURE OF THEIR PROPERTY. TO PREVAIL UNDER THIS CLAIM, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE KILLING OF APOLLO WAS "OBJECTIVELY UNREASONABLE."

IN DETERMINING WHETHER THE KILLING OF APOLLO WAS REASONABLE OR UNREASONABLE, AND THEREFORE WHETHER IT VIOLATED THE FOURTH AMENDMENT, YOU ARE TO EVALUATE THE TOTALITY OF THE CIRCUMSTANCES, AND JUDGE THE REASONABLENESS OF AN OFFICER'S CONDUCT "OBJECTIVELY," THAT IS, WITHOUT REFERENCE TO THE SUBJECTIVE INTENT OR MOTIVATION THAT UNDERLIES THE OFFICER'S CONDUCT. YOU MUST LOOK AT THE SPECIFIC FACTS AND CIRCUMSTANCES FROM THE PERSPECTIVE OF A REASONABLE OFFICER ON THE SCENE, RATHER THAN WITH THE 20/20 VISION OF HINDSIGHT.

THE KILLING OF A PET DOG IS REASONABLE ONLY IF: (1) THE DOG POSES AN IMMEDIATE DANGER, AND (2) THE KILLING IS UNAVOIDABLE. IN OTHER WORDS, A POLICE OFFICER MAY NOT KILL A PET DOG UNLESS HE REASONABLY BELIEVES THE DOG POSES A THREAT, AND HE IS IN IMMINENT DANGER OF BEING ATTACKED.

## a. QUALIFIED IMMUNITY

IF YOU FIND THAT PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT BURMASTER VIOLATED THE FOURTH

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

AMENDMENT BY KILLING APOLLO, YOU MUST THEN CONSIDER
WHETHER DEFENDANT BURMASTER IS ENTITLED TO WHAT THE LAW
CALLS "QUALIFIED IMMUNITY." "QUALIFIED IMMUNITY BARS A
DEFENDANT'S LIABILITY EVEN IF HE VIOLATED THE PLAINTIFFS'
CONSTITUTIONAL RIGHTS. QUALIFIED IMMUNITY EXISTS TO GIVE
GOVERNMENT OFFICIALS BREATHING ROOM TO MAKE REASONABLE
BUT MISTAKEN JUDGMENTS ABOUT OPEN LEGAL QUESTIONS.
QUALIFIED IMMUNITY PROVIDES PROTECTION FROM LIABILITY FOR
ALL BUT THE PLAINLY INCOMPETENT GOVERNMENT OFFICERS, OR
THOSE WHO KNOWINGLY VIOLATE THE LAW. IT IS PLAINTIFFS DEREK
BROWN AND JULIA BARECKI-BROWN'S BURDEN TO PROVE BY A
PREPONDERANCE OF THE EVIDENCE THAT QUALIFIED IMMUNITY
DOES NOT APPLY IN THIS CASE.

QUALIFIED IMMUNITY APPLIES IF A REASONABLE OFFICER
COULD HAVE BELIEVED THAT THE KILLING OF PLAINTIFFS' PET DOG
APOLLO WAS LAWFUL IN LIGHT OF CLEARLY ESTABLISHED LAW AND
THE INFORMATION DEFENDANT DERRICK BURMASTER POSSESSED.
BUT DEFENDANT DERRICK BURMASTER IS NOT ENTITLED TO
QUALIFIED IMMUNITY IF, AT THE TIME OF THE KILLING OF PLAINTIFFS'

17

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

PET DOG APOLLO, A REASONABLE OFFICER WITH THE SAME
INFORMATION COULD NOT HAVE BELIEVED THAT HIS ACTIONS WERE
LAWFUL. LAW ENFORCEMENT OFFICERS ARE PRESUMED TO KNOW
THE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF
INDIVIDUALS THEY ENCOUNTER.

IN THIS CASE, THE CLEARLY ESTABLISHED LAW AT THE TIME
WAS THAT THE USE OF DEADLY FORCE AGAINST A PET DOG BY A
POLICE OFFICER IS NOT VIOLATIVE OF THE FOURTH AMENDMENT IF
THE DOG POSES AN IMMEDIATE DANGER AND KILLING IT IS
UNAVOIDABLE. ON THE OTHER HAND, A POLICE OFFICER'S USE OF
DEADLY FORCE AGAINST A PET DOG VIOLATES THE FOURTH
AMENDMENT IF THE DOG DOES NOT POSE AN IMMEDIATE DANGER OR
KILLING IT IS AVOIDABLE.

AFTER CONSIDERING THE SCOPE OF DISCRETION AND
RESPONSIBILITY GENERALLY GIVEN TO POLICE OFFICERS IN
PERFORMING THEIR DUTIES AND AFTER CONSIDERING ALL OF THE
CIRCUMSTANCES OF THIS CASE AS THEY WOULD HAVE REASONABLY
APPEARED TO DEFENDANT DERRICK BURMASTER AT THE TIME OF THE
KILLING OF PLAINTIFFS' PET DOG APOLLO, IF YOU FIND THAT

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN FAILED TO PROVE THAT NO REASONABLE OFFICER COULD HAVE BELIEVED THAT THE KILLING OF THEIR PET DOG APOLLO WAS LAWFUL, THEN DEFENDANT DERRICK BURMASTER IS ENTITLED TO QUALIFIED IMMUNITY, AND YOUR VERDICT MUST BE FOR DEFENDANT BURMASTER ON THOSE CLAIMS. BUT IF YOU FIND THAT DEFENDANT DERRICK BURMASTER VIOLATED PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN'S CONSTITUTIONAL RIGHTS AND THAT DEFENDANT DERRICK BURMASTER'S IS NOT ENTITLED TO QUALIFIED IMMUNITY AS TO THAT CLAIM, THEN YOUR VERDICT MUST BE FOR PLAINTIFFS ON THAT CLAIM.

## b. MUNICIPAL LIABILITY

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALSO BRING CLAIMS AGAINST THE CITY OF NEW ORLEANS, ALLEGING THAT THE CITY IS LIABLE FOR BURMASTER'S ACTIONS IN KILLING THEIR PET DOG APOLLO. A CITY IS NOT LIABLE UNDER FEDERAL LAW FOR THE ACTIONS OF ITS EMPLOYEES UNLESS THE CONSTITUTIONAL VIOLATION WAS CAUSED BY A CITY POLICY OR CUSTOM.

A "POLICY" CAN BE A POLICY STATEMENT, ORDINANCE,

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

REGULATION, OR DECISION OFFICIALLY ADOPTED AND PROMULGATED BY THE CITY'S OFFICERS.

A "CUSTOM" IS A PERSISTENT, WIDESPREAD PRACTICE OF CITY OFFICIALS OR EMPLOYEES THAT, ALTHOUGH NOT FORMALLY ADOPTED, IS SO COMMON AND WELL-SETTLED THAT IT FAIRLY REPRESENTS CITY POLICY. BUT TO SHOW A CUSTOM, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE THAT EITHER THE CITY'S GOVERNING BODY OR SOME OFFICIAL WITH POLICYMAKING AUTHORITY KNEW OR SHOULD HAVE KNOWN ABOUT THE CUSTOM.

HERE, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE TWO DIFFERENT THEORIES OF A CITY POLICY OR CUSTOM AS THE BASIS FOR SUBJECTING THE CITY TO LIABILITY FOR BURMASTER'S ACTIONS. I WILL INSTRUCT YOU AS TO THE LAW FOR EACH INDEPENDENT THEORY.

## i. FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE

FIRST, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE THAT THE CITY OF NEW ORLEANS IS LIABLE FOR

BURMASTER'S KILLING OF THEIR PET DOG APOLLO THROUGH: (1) THE CITY'S POLICY CHOICE IN THE WAY IT TRAINED BURMASTER REGARDING THE USE OF FORCE AGAINST DOGS; (2) THE WAY THAT THE CITY SUPERVISED BURMASTER; AND (3) THE CITY'S CHOICE TO RETAIN BURMASTER ON THE FORCE PRIOR TO THE INCIDENT. TO PREVAIL ON THEIR CLAIMS AGAINST THE CITY UNDER THIS THEORY, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. THE CITY OF NEW ORLEANS ADEQUATELY FAILED TO TRAIN, SUPERVISE, AND/OR DISCIPLINE DEFENDANT DERRICK BURMASTER;

2. THERE IS A CAUSAL CONNECTION BETWEEN THE ALLEGED FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE AND THE ALLEGED VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS;

3. THE FAILURE TO TRAIN, SUPERVISE, AND/OR DISCIPLINE CONSTITUTED "DELIBERATE INDIFFERENCE" TO THE PLAINTIFFS' CONSTITUTIONAL RIGHTS.

TO ACT WITH "DELIBERATE INDIFFERENCE," CITY OFFICIALS

MUST BOTH BE AWARE OF FACTS FROM WHICH THE INFERENCE COULD

BE DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXISTS OR A

VIOLATION OF CONSTITUTIONAL RIGHTS EXISTS, AND THEY MUST

ALSO DRAW THE INFERENCE. TO SHOW "DELIBERATE INDIFFERENCE,"

THE CONNECTION BETWEEN THE BACKGROUND OF THE INDIVIDUAL

AND THE SPECIFIC VIOLATION ALLEGED MUST BE STRONG, AS THE

PLAINTIFFS MUST SHOW THAT DERRICK BURMASTER WAS HIGHLY

LIKELY TO INFLICT THE PARTICULAR TYPE OF INJURY THEY

SUFFERED.

ONE SUCH WAY TO PROVE "DELIBERATE INDIFFERENCE" IS TO

SHOW A PATTERN OF CONDUCT THAT INDICATES A "PROCLIVITY

TOWARDS VIOLENCE." A PATTERN IS TANTAMOUNT TO OFFICIAL

POLICY WHEN IT IS SO COMMON AND WELL-SETTLED AS TO

CONSTITUTE A CUSTOM THAT FAIRLY REPRESENTS MUNICIPAL

POLICY. WHERE PRIOR INCIDENTS ARE USED TO PROVE A PATTERN,

THEY MUST HAVE OCCURRED FOR SO LONG OR SO FREQUENTLY THAT

THE COURSE OF CONDUCT WARRANTS THE ATTRIBUTION TO THE

GOVERNING BODY OF KNOWLEDGE THAT THE OBJECTIONABLE

CONDUCT IS THE EXPECTED, ACCEPTED PRACTICE OF CITY

EMPLOYEES. A PATTERN REQUIRES SIMILARITY AND SPECIFICITY; PRIOR INDICATIONS CANNOT SIMPLY BE FOR ANY AND ALL BAD OR UNWISE ACTS BUT RATHER MUST POINT TO THE SPECIFIC VIOLATION IN QUESTION. A PATTERN ALSO REQUIRES SUFFICIENTLY NUMEROUS PRIOR INCIDENTS AS OPPOSED TO ISOLATED INSTANCES.

## ii. RATIFICATION

SECOND, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALLEGE THAT THE CITY OF NEW ORLEANS IS LIABLE FOR BURMASTER'S KILLING OF THEIR PET DOG APOLLO BECAUSE THE CITY RATIFIED OR APPROVED BURMASTER'S DECISION. IN ORDER TO PREVAIL UNDER A RATIFICATION THEORY, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. THE ACTIONS OF DEFENDANT DERRICK BURMASTER ARE EXTREME;

2. THE CITY, THROUGH ITS POLICYMAKERS, APPROVED OF BURMASTER'S DECISION TO SHOOT PLAINTIFFS' DOG APOLLO AND THE BASIS FOR IT;

3. THE CITY'S RATIFYING POLICYMAKER(S) KNEW THAT DEFENDANT BURMASTER'S ACTIONS WERE UNLAWFUL AND

CLEARLY EXCESSIVE TO HIS APPARENT NEED TO DEFEND HIMSELF BUT APPROVED OF HIS ACTIONS ANYWAYS.

POLICYMAKERS WHO SIMPLY GO ALONG WITH A SUBORDINATE'S DECISION DO NOT THEREBY VEST FINAL POLICYMAKING AUTHORITY IN THE SUBORDINATE, NOR DOES A MERE FAILURE TO INVESTIGATE THE BASIS OF A SUBORDINATE'S DISCRETIONARY DECISIONS AMOUNT TO RATIFICATION.

## 18.  LOUISIANA STATE LAW CLAIMS

NOW, THE COURT WILL MOVE ON TO DISCUSS THE PLAINTIFFS' STATE LAW CLAIMS UNDER LOUISIANA LAW.

### a. NEGLIGENCE

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN BRING A STATE LAW CLAIM OF NEGLIGENCE AGAINST DEFENDANT DERRICK BURMASTER. HERE, PLAINTIFFS ALLEGE THAT BURMASTER WAS NEGLIGENT IN SHOOTING APOLLO OR PUTTING HIMSELF IN A POSITION WHERE HE FELT COMPELLED TO SHOOT APOLLO.

IN ORDER TO PREVAIL ON THEIR NEGLIGENCE CLAIMS, THE PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE:

1. THAT DEFENDANT INDIVIDUALLY OWED A DUTY TO PLAINTIFFS

TO CONFORM THEIR CONDUCT TO A SPECIFIC STANDARD OF CARE;

2. THAT THE DEFENDANT FAILED TO CONFORM HIS OR HER CONDUCT TO THE APPROPRIATE STANDARD;

3. THAT THE DEFENDANT'S CONDUCT WAS A CAUSE-IN-FACT OF PLAINTIFFS' INJURIES;

4. THAT THE DEFENDANT'S SUBSTANDARD CONDUCT WAS A LEGAL CAUSE OF THE PLAINTIFFS' INJURIES; AND

5. THAT PLAINTIFFS SUFFERED ACTUAL DAMAGES.

A NEGATIVE ANSWER TO ANY OF THE ABOVE INQUIRIES AS TO ANY SPECIFIC DEFENDANT WILL RESULT IN A DETERMINATION OF NO LIABILITY AS TO THAT PARTICULAR DEFENDANT.

THERE IS NO DISPUTE HERE THAT DERRICK BURMASTER OWED PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN A DUTY OF REASONABLE CARE.

NEGLIGENCE IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE CIRCUMSTANCES. THE FAILURE TO EXERCISE REASONABLE CARE MAY CONSIST OF EITHER

DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE CIRCUMSTANCES OR FAILING TO DO SOMETHING THAT A REASONABLE CAREFUL PERSON WOULD DO UNDER LIKE CIRCUMSTANCES.

IF YOU FIND THAT A DEFENDANT WAS NEGLIGENT, YOU MUST THEN DECIDE WHETHER HIS NEGLIGENCE WAS A CAUSE-IN-FACT OF THE INJURY THE PLAINTIFFS' CLAIMS. WHEN I SAY THAT THE INJURY MUST BE SHOWN TO HAVE BEEN CAUSED BY THE DEFENDANTS' CONDUCT, I DON'T MEAN THAT THE LAW RECOGNIZES ONLY ONE CAUSE OF AN INJURY, CONSISTING OF ONLY ONE FACTOR OR THING, OR THE CONDUCT OF ONLY ONE PERSON. ON THE CONTRARY, A NUMBER OF FACTORS MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE. YOU HAVE TO DECIDE WHETHER THE PLAINTIFFS PROBABLY WOULD NOT HAVE SUFFERED THE INJURY OR DAMAGE IN THE ABSENCE OF THE DEFENDANTS' CONDUCT.

IF THE PLAINTIFFS PROBABLY WOULD HAVE SUFFERED INJURY NO MATTER WHAT THE DEFENDANT DID, THEN YOU WILL HAVE TO DECIDE THAT THE INJURY WAS NOT CAUSED BY THE DEFENDANTS,

AND RENDER THE VERDICT FOR THE DEFENDANTS. IF, ON THE OTHER HAND, IF YOU FIND THAT PLAINTIFFS PROBABLY WOULD NOT HAVE SUFFERED INJURY IN THE ABSENCE OF THE DEFENDANT'S CONDUCT, THEN YOU MUST DECIDE THAT THE DEFENDANT'S CONDUCT DID PLAY A PART IN THE PLAINTIFFS' INJURY.

## i. COMPARATIVE NEGLIGENCE

THE DEFENDANT DERRICK BURMASTER CONTENDS THAT THE PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN THEMSELVES AND/OR OFFICER JOHN ROUSSEL WERE NEGLIGENT AND THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF PLAINTIFFS' DAMAGES. THIS IS A DEFENSIVE CLAIM AND THE BURDEN OF PROVING THAT CLAIM, BY A PREPONDERANCE OF THE EVIDENCE, IS UPON THE DEFENDANTS WHO MUST ESTABLISH:

1. THAT THE PLAINTIFFS OR OTHERS WERE "NEGLIGENT;"

2. THAT SUCH NEGLIGENCE WAS A "PROXIMATE CAUSE" OF THEIR DAMAGES.

AGAIN, LET ME REMIND YOU THAT "NEGLIGENCE" IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD

USE UNDER LIKE CIRCUMSTANCES. NEGLIGENCE MAY CONSIST EITHER IN DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE CIRCUMSTANCES, OR IN FAILING TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO UNDER LIKE CIRCUMSTANCES.

IF YOU FIND IN FAVOR OF THE DEFENDANTS ON THIS DEFENSE, THAT WILL NOT PREVENT RECOVERY BY THE PLAINTIFFS; IT WILL ONLY REDUCE THE AMOUNT OF PLAINTIFFS' RECOVERY.

### b. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN BRING A STATE LAW CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT DERRICK BURMASTER. IN ORDER TO RECOVER UNDER THIS THEORY OF LIABILITY, PLAINTIFFS MUST FIRST PROVE THEIR NEGLIGENCE CLAIM AGAINST BURMASTER. IF THAT CLAIM IS PROVEN, PLAINTIFFS MUST THEN PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THEY SUFFERED "GENUINE AND SERIOUS MENTAL DISTRESS" ARISING FROM BURMASTER'S KILLING OF APOLLO. EVIDENCE OF EITHER MEDICAL TREATMENT OR

28

MEDICAL TESTIMONY IS NOT REQUIRED. SUCH EVIDENCE, HOWEVER, MAY BE HELPFUL IN DETERMINING THE SEVERITY OF PLAINTIFFS' DISTRESS. PROOF THAT CONSTITUTES GENERALIZED FEAR OR MERE INCONVENIENCE IS GENERALLY INSUFFICIENT.

### c. CONVERSION

PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN ALSO BRING A STATE LAW CLAIM OF CONVERSION AGAINST DEFENDANT DERRICK BURMASTER. A CONVERSION CONSISTS OF AN ACT THAT IS THE WRONGFUL EXERCISE OR ASSUMPTION OVER ANOTHER'S PROPERTY, DEPRIVING THAT PERSON OF THEIR POSSESSORY RIGHTS. A "CONVERSION" IS COMMITTED WHEN A PERSON WRONGFULLY SEIZES OR DESTROYS ANOTHER PERSON'S PROPERTY. THUS, TO RECOVER UNDER THEIR CONVERSION CLAIM, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT BURMASTER'S KILLING OF APOLLO CONSTITUTED A WRONGFUL SEIZURE OR DESTRUCTION OF THEIR PROPERTY.

### 19.  CALCULATION OF DAMAGES

IF YOU FIND THAT THE PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN HAVE PROVEN BY A PREPONDERANCE OF THE

EVIDENCE THAT THE DEFENDANTS DEREK BURMASTER OR THE CITY OF NEW ORLEANS ARE LIABLE, IN WHOLE OR IN PART, FOR PLAINTIFFS' ALLEGED INJURIES, THEN YOU MUST DETERMINE THE DAMAGES THE PLAINTIFFS HAVE SUSTAINED. YOU SHOULD NOT INTERPRET THE FACT THAT YOU ARE GIVEN INSTRUCTIONS ABOUT DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THE PLAINTIFFS SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANTS ARE LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANTS ARE LIABLE AND THAT THE PLAINTIFFS ARE ENTITLED TO RECOVER MONEY DAMAGES FROM THE DEFENDANTS.

**COMPENSATORY DAMAGES**: IF YOU FIND THE DEFENDANTS ARE LIABLE TO THE PLAINTIFFS, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR THE PLAINTIFFS' DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFFS WHOLE – THAT IS TO COMPENSATE THEM FOR THE DAMAGE THEY HAVE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THE PLAINTIFFS HAS PROVED WERE LEGALLY CAUSED BY THE DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFFS' DAMAGES, NO MORE AND NO LESS. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFF HAS ACTUALLY SUFFERED OR THAT THE PLAINTIFFS ARE LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THAT PLAINTIFF PROVE THE AMOUNT OF THEIR LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT. YOU MUST USE

SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU MAY CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE: PAST MEDICAL EXPENSES, PAST AND FUTURE PAIN AND SUFFERING, AND PAST AND FUTURE EMOTIONAL OR MENTAL DISTRESS.

**PAIN AND SUFFERING:** YOU MAY AWARD DAMAGES FOR ANY BODILY OR PSYCHOLOGICAL INJURY THAT THE PLAINTIFFS SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, MENTAL ANGUISH, EMOTIONAL DISTRESS AND/OR LOSS OF CAPACITY FOR ENJOYMENT THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF SUCH INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL ANGUISH OR PHYSICAL PAIN AND SUFFERING, NEEDS TO BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFFS FOR THE DAMAGES THEY HAVE ALLEGEDLY SUFFERED. THERE IS NO EXACT

STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS, BUT ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE. LOSS OF ENJOYMENT OF LIFE: YOU MAY AWARD DAMAGES FOR LOSS OF ENJOYMENT OF LIFE FOR ANY DETERIORATION IN LIFESTYLE THAT THE PLAINTIFFS HAVE DEMONSTRATED. THESE DAMAGES ARE IN ADDITION TO DAMAGES FOR PAIN AND SUFFERING.

**PAST AND/OR FUTURE MEDICAL CARE**: YOU MAY AWARD A REASONABLE VALUE OF MEDICAL CARE AND TREATMENT THE PLAINTIFFS HAVE REASONABLY OBTAINED IN THE PAST AND WILL REQUIRE IN THE FUTURE. IN DETERMINING ANY AWARD, YOU MIGHT MAKE FOR PAST OR FUTURE MEDICAL EXPENSES, YOU SHOULD CONSIDER THE EVIDENCE AND THE OPINIONS OF EXPERT WITNESSES TO DECIDE THE REASONABLE VALUE OR EXPENSE OF MEDICAL, PSYCHOLOGICAL, THERAPY, NURSING, AND HOSPITAL CARE AND TREATMENT WHICH WAS OR WILL BE REASONABLE AND NECESSARY FOR PLAINTIFFS' CONDITIONS. PLAINTIFFS' RECOVERY OF MEDICAL CHARGES MUST BE CONFINED TO THOSE EXPENSES RELATED TO THE ACCIDENT. AN AWARD OF FUTURE MEDICAL EXPENSES NECESSARILY

REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT THE
PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE.
IF YOU SHOULD FIND THE PLAINTIFF IS ENTITLED TO FUTURE MEDICAL
EXPENSES, THEN YOU MUST DETERMINE THE PRESENT WORTH IN
DOLLARS OF SUCH FUTURE DAMAGES. THUS, YOU MUST REDUCE THE
AMOUNT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT
THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF THEY
MAKE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU
MUST MAKE THIS REDUCTION IS THAT AN AWARD OF AN AMOUNT
REPRESENTING FUTURE MEDICAL EXPENSES IS MORE VALUABLE TO
THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF THEY RECEIVE IT IN
THE FUTURE, WHEN THEY WOULD OTHERWISE HAVE RECEIVED IT. IT
IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON
IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND
THE DATE HE WOULD RECEIVE IT. THUS, YOU SHOULD ADJUST THE
AMOUNT OF FUTURE MEDICAL EXPENSE BY THE AMOUNT OF
INTEREST THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE
FUTURE. HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO
PRESENT VALUE FOR ANY DAMAGES THAT YOU AWARD FOR FUTURE

PAIN AND SUFFERING OR MENTAL ANGUISH.

**PROPERTY DAMAGES**: PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN CLAIM DAMAGES FOR THE LOSS OF THEIR PET DOG, APOLLO, WHICH IS CONSIDERED PERSONAL PROPERTY. IF YOU FIND THAT PLAINTIFFS SUFFERED A TOTAL LOSS OF THEIR PERSONAL PROPERTY, PLAINTIFFS ARE ENTITLED TO RECOVER THE FAIR MARKET VALUE OF THE PROPERTY AT THE TIME OF THE INCIDENT FORMING THE BASIS OF THIS LAWSUIT.

**EMOTIONAL DISTRESS DAMAGES**: TO RECOVER COMPENSATORY DAMAGES FOR MENTAL AND EMOTIONAL DISTRESS, PLAINTIFFS DEREK BROWN AND JULIA BARECKI-BROWN MUST PROVE THAT THEY EACH HAVE SUFFERED A SPECIFIC DISCERNABLE INJURY WITH CREDIBLE EVIDENCE. HURT FEELINGS, ANGER, AND FRUSTRATION ARE PART OF LIFE AND ARE NOT THE TYPES OF HARM THAT COULD SUPPORT A MENTAL ANGUISH AWARD. EVIDENCE OF MENTAL ANGUISH NEED NOT BE CORROBORATED BY DOCTORS, PSYCHOLOGISTS, OR OTHER WITNESSES, BUT PLAINTIFF [NAME] MUST SUP- PORT [HIS/HER] CLAIMS WITH COMPETENT EVIDENCE OF THE NATURE, EXTENT, AND DURATION OF THE HARM. DAMAGES FOR

MENTAL OR EMOTIONAL DISTRESS MUST BE BASED ON THE EVIDENCE AT TRIAL. THEY MAY NOT BE BASED ON SPECULATION OR SYMPATHY.

SUGGESTIONS AS TO THE AMOUNT OF DAMAGES THAT SHOULD BE AWARDED ARE MERE ARGUMENTS OF COUNSEL. YOU MAY CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER EXTENT THEY MAY AID YOU IN ARRIVING AT A REASONABLE AND JUST AWARD IN VIEW OF THE EVIDENCE. BUT YOU ARE IN NO WAY BOUND BY, NOR SHOULD YOU USE, ANY RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST WHETHER I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. WHETHER OR NOT THE PLAINTIFF IS ENTITLED TO RECOVER AND WHETHER OR NOT ANY DAMAGES ARE DUE IS FOR YOU TO DECIDE.

## 20.  CONCLUSION

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH A UNANIMOUS AGREEMENT,

IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. DO NOT, HOWEVER, GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES— JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE

SECOND DRAFT – JURY CHARGES
BROWN V. BURMASTER (22-847)

PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

**[READ THE VERDICT FORM]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS EXHIBITS WHICH I HAVE ADMITTED INTO EVIDENCE. FIRST, SELECT YOUR FOREPERSON AND THEN CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE

**SECOND DRAFT – JURY CHARGES**
**BROWN V. BURMASTER (22-847)**

GIVE A SIGNED WRITTEN MESSAGE OR QUESTION TO THE MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.