MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence that has been admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

Plaintiffs Ramirez and Gonzales have the burden of proving their cases by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then Plaintiff Ramirez or Plaintiff Gonzales cannot recover on that claim.[2]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[3]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence?

---

[1] Committee on Civil Pattern Jury Instructions, Dist. Judges Assoc. Fifth Cir., *Pattern Jury Instructions (Civil Cases)* PJI 3.1 (2020).
[2] Fifth Cir. PJI 3.2.
[3] Fifth Cir. PJI 3.3.

Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[4]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[5]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[6]

---

[4] Fifth Cir. PJI 3.4.
[5] Fifth Cir. PJI 3.5.
[6] Fifth Cir. PJI 3.6.

**UNREASONABLE SEIZURE OF PROPERTY**

Plaintiffs Ramirez and Gonzales claim that Defendant Killian violated the constitutional protection to be free from an unreasonable seizure of property.[7]

To recover damages for this alleged constitutional violation, Plaintiffs Ramirez and Gonzales must prove by a preponderance of the evidence that:

1. Defendant Killian committed an act that violated the constitutional right Plaintiffs Ramirez and Gonzales claim was violated; and

2. Defendant Killian's act was the cause of Plaintiff Ramirez's or Gonzales's damages. The plaintiffs must prove by a preponderance of the evidence that the act of Defendant Killian was a cause-in-fact of an injury or damages if it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damages. The plaintiffs must also prove by a preponderance of the evidence that the act was a proximate cause of the damages plaintiffs suffered. An act is a proximate cause of the plaintiffs' injuries or damages if it appears from the evidence that the injury or damages was a reasonably foreseeable consequence of the act.[8]

Plaintiffs Ramirez and Gonzales claim Defendant Killian violated the Fourth Amendment right to be protected from an unreasonable seizure. Plaintiffs Ramirez and Gonzales claim that Defendant Killian violated this constitutional right by seizing their property. A seizure of property occurs when an officer meaningfully interferes with an individual's possessory interest in that property. Plaintiffs Ramirez and Gonzales claim Defendant Killian meaningfully interfered with their possessory interest in property by shooting their dog on June 20, 2016.[9] To establish this

---

[7] Fifth Cir. PJI 10.1 (2020); *Grant v. City of Houston*, 625 Fed. App'x 670, 675 (5th Cir. 2015).
[8] Fifth Cir. PJI 10.1 n.5.
[9] Fifth Cir. PJI 10.1; *Grant*, 625 Fed. App'x at 675.

4

claim, Plaintiffs Ramirez and Gonzales must show that shooting the dog was objectively unreasonable under the circumstances.

The reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on this defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.[10] It is objectively reasonable for an officer to shoot a dog that he reasonably believes poses a threat to him.[11]

If you find that Plaintiff Ramirez or Plaintiff Gonzales have proved by a preponderance of the evidence that the force used was objectively unreasonable, then Defendant Killian violated Plaintiff Ramirez's or Plaintiff Gonzales's Fourth Amendment protection against the unreasonable seizure and you must then consider whether Defendant Killian is entitled to qualified immunity, which is a bar to liability that I will explain later. If Plaintiffs Ramirez and Gonzales failed to make this showing, then the force was not unconstitutional, and your verdict will be for Defendant Killian.[12]

---

[10] Fifth Cir. PJI 10.1; *Grant*, 625 Fed. App'x at 677.
[11] *Romero v. Bexar County*, 993 F. Supp. 2d 658, 662 (W.D. Tex. 2014).
[12] Fifth Cir. PJI 10.1.

5

**QUALIFIED IMMUNITY**

If Plaintiffs Ramirez and Gonzales prove each essential element of their claim, you must consider whether Defendant Killian is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiffs Ramirez's and Gonzales's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that shooting the dog was lawful in light of clearly established law and the information Defendant Killian possessed. But Defendant Killian is not entitled to qualified immunity if, at the time of shooting the dog, a reasonable officer with the same information could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.[13]

In this case, the clearly established law at the time was that an officer may use deadly force against a dog if the officer reasonably believes the dog poses a threat and he was in imminent danger of being attacked by the dog.[14]

If, after considering the scope of discretion and responsibility generally given to law enforcement officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Killian at the time he shot the dog, you find that Plaintiffs Ramirez and Gonzales failed to prove that no reasonable officer could have

---

[13] Fifth Cir. PJI 10.3.
[14] *Grant*, 625 Fed. App'x at 677; *Romero*, 993 F. Supp. 2d at 662.

6

believed that shooting the dog was lawful, then Defendant Killian is entitled to qualified immunity, and your verdict must be for Defendant Killian on those claims. But if you find that Defendant Killian violated Plaintiff Ramirez's and Plaintiff Gonzales's constitutional rights and that Defendant Killian is not entitled to qualified immunity as to that claim, then your verdict must be for the plaintiffs on that claim.[15]

### DAMAGES

If Plaintiff Ramirez or Plaintiff Gonzales have proved their claim against Defendant Killian by a preponderance of the evidence, you must determine the damages to which that plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Ramirez's or Plaintiff Gonzales's damages as an indication in any way that I believe that Plaintiff Ramirez or Plaintiff Gonzales should, or should not, win this case. It is your task first to decide whether Defendant Killian is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Killian is liable and that either or both plaintiffs are entitled to recover money from Defendant Killian.[16]

If you find that Defendant Killian is liable to Plaintiff Ramirez or Plaintiff Gonzales, then you must determine an amount that is fair compensation for all of Plaintiff Ramirez's and Plaintiff Gonzales's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Plaintiff Ramirez and Plaintiff Gonzales for the damages that they each have suffered.

You may award compensatory damages only for injuries that Plaintiff Ramirez and/or Plaintiff Gonzales prove were proximately caused by Defendant Killian's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Ramirez's and

---

[15] Fifth Cir. PJI 10.3.
[16] Fifth Cir. PJI 15.1.

7

Plaintiff Gonzales's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Killian. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Ramirez or Plaintiff Gonzales have actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs Ramirez and Gonzales prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:[17]

### 1. Property Damage

Plaintiffs Ramirez and/or Gonzales claim damages for the loss of their personal property. If you find that Plaintiffs Ramirez and/or Gonzales suffered a total loss of their personal property, Plaintiffs Ramirez and/or Gonzales are entitled to recover the fair market value of the property at the time of the incident forming the basis of this lawsuit.[18] "Fair market value" means the amount a willing buyer would have paid a seller.[19]

If you find that Defendant Killian is liable for either of the Plaintiffs' injuries, you must award that Plaintiff compensatory damages that he or she has proved. You may, in addition, award

---

[17] Fifth Cir. PJI 15.2.
[18] Fifth Cir. PJI 15.4.
[19] Fifth Cir. PJI 13.3.

8

punitive damages if you find that Defendant Killian acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiffs Ramirez and Gonzales have the burden of proving that punitive should be awarded by a preponderance of the evidence. The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiffs have been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Killian's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount: (1) the reprehensibility of Defendant Killian's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant Killian's conduct was motived by a desire to augment profit; (2) the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened; and (3) the possible criminal and civil sanctions for comparable conduct. You may consider the financial resources of Defendant Killian in fixing the amount of punitive damages.[20]

---

[20] Fifth Cir. PJI 15.7.

**DELIBERATION**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.[21]

---

[21] Fifth Cir. PJI 3.7.

11

## **VERDICT OF THE JURY**

      We the jury, have unanimously agreed to the answers to the attached questions and return such answer in open court as our verdict in this cause.

_____
Foreperson

_____
Date

Question No. 1

Did the Plaintiffs prove by a preponderance of the evidence that Defendant Killian acted in an objectively unreasonable manner by shooting their dog on June 20, 2016?[1]

Answer "Yes" or "No":

( ) Yes

( ) No

Question No. 2

Did the Plaintiffs prove by a preponderance of the evidence that no reasonable officer could have believed that shooting the dog was lawful?

In answering this question, you should consider the scope of discretion and responsibility generally given to Sheriff's Deputies in performing their duties. You should also consider all of the circumstances as they would have reasonably appeared to Defendant Killian at the time he shot the dog.[2]

Answer "Yes" or "No":

( ) Yes

( ) No

**If you answered Question No. 1 and Question No. 2 "Yes," then answer the following question. Otherwise, STOP, and do not answer the following questions.**

Question No. 3

Did the Plaintiffs prove by a preponderance of the evidence that Defendant Killian's act of shooting the dog proximately caused damage to the plaintiffs?[3]

Answer "Yes" or "No' for each plaintiff.

Plaintiff Ramirez:      ( ) Yes      ( ) No

Plaintiff Gonzales:     ( ) Yes      ( ) No

---

[1] Committee on Civil Pattern Jury Instructions, Dist. Judges Assoc. Fifth Cir., *Pattern Jury Instructions (Civil Cases)* PJI 10.1 (2020).
[2] Fifth Cir. PJI 10.3.
[3] Fifth Cir. PJI 10.1, n.5.

**If you answered Question No. 3 "Yes" for any plaintiff, then answer the following question as to that plaintiff. If you answered "No" to Question No. 3 as to any plaintiff, then do not answer any further questions as to that plaintiff.**

Question No. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Ramirez or Plaintiff Gonzales for their damages, if any, that resulted from the shooting of their dog?

Consider the element of damages listed below and none other. Do not include interest on any amount of damages you find. Answer separately, in dollars and cents, for damages, if any.

Fair Market Value of the dog.

Plaintiff Ramirez: _____

Plaintiff Gonzales:_____

**If you answered Question No. 4 with any amount for any Plaintiff, then answer the following question. If you did not answer Question No. 4 as to any Plaintiff, then do not answer any further questions.**

Question No. 5

(5)(A) Did Deputy Killian act maliciously or with reckless indifference by shooting Plaintiffs' dog on June 20, 2016?

Answer: Yes _____ No _____

**If you answered "yes" to part (5)(A), proceed to part (5)(B). If you answered "no" to part (5), then do not answer any further questions.**

(5)(B) Do you award punitive damages against Defendant Killian?

Answer: Yes _____ No _____

If yes, in what amount? Answer: $ _____ (Fill in Dollar Figure)