UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

**************************************************************************

**Reply in Support of Plaintiffs' Motion for Reconsideration**

In R. Doc. 272, Plaintiffs asked this Court to correct the jury verdict form because it put the "purely legal" question of the second step of qualified immunity to the jury, and also because it did not implement the jury's finding that the "City of New Orleans is liable."

Defendants filed an opposition. R. Doc. 274. But their opposition completely fails to provide any persuasive argument on three points. First, that Defendants stipulated in the pre-trial order that the jury would **not decide qualified immunity.** Defendants signed a stipulation (R. Doc. 228 at 21) that:

> **14. Jury Statement**: This is a jury case. ==The jury shall decide all disputed factual issues other than qualified immunity.==

This stipulation then became part of the Court's Pre-trial Order. Defendants' opposition does not even *try* to explain why that stipulation (which became an Order of the Court) should not be enforced. They simply pretend as if it did not exist.

Second, Defendants ignore the Fifth Circuit's binding holding in *Ramirez* that a jury "does not decide" the second step of qualified immunity.

And third, Defendants do not grapple with the Jury's finding that the "City of New Orleans

1

is liable"; they just make a conclusory argument that "it is clear the Jury did not mean to hold the City of New Orleans liable" even though the jury expressly found that the "City of New Orleans *is* liable." For these reasons, the motion should be granted.

A. **The Jury should not have decided the purely legal question of qualified immunity step two because the Fifth Circuit held that the jury "does not decide the purely legal question" of qualified immunity step two, and because the parties so stipulated.**

Prior to trial, the parties disagreed about whether the qualified immunity question had been resolved by the court on summary judgment and appeal. Plaintiffs contended that qualified immunity had already been denied pre-trial, because that is what the Fifth Circuit said: it held that "the district court did not err in denying Burmaster qualified immunity."[1] Defendants disagreed.

But what the parties agreed about was that *if* qualified immunity were still a live issue, it would be for the Judge, not the Jury, to decide. The parties met and conferred about that, and counsel for all parties signed a stipulation that "the jury shall decide all disputed factual issues other than qualified immunity."[2] This stipulation ultimately became part of the Court's Pre-Trial Order.[3]

At trial, defendants did raise qualified immunity to the Court in their Rule 50 motion at the close of plaintiffs' case in chief. The Court denied it. But then the question was put *again* to the jury on the verdict form. That was an error.

It was an error because the parties had stipulated that the Jury would not decide that, and "stipulations must be binding."[4] Defendants offer no argument or explanation in their opposition for why they should not be held to their stipulation. Accordingly, they have waived any opposition on that point.

---

[1] *Brown v. Burmaster*, 2025 WL 227785 (5th Cir. Jan. 17, 2025).
[2] R. Doc. 228 at 21.
[3] See R. Doc. 244 (Minutes of Pre-Trial Conference) (referring to "pretrial order").
[4] *Standard Fire Ins. Co. v. Knowles*, 568 US 588 (2013).

2

But even if there was no stipulation, and even if qualified immunity was not denied prior to trial, and even if that denial was affirmed on appeal, the Fifth Circuit was clear in *Ramirez* that the second step <u>still</u> should not go to the jury. In *Ramirez,* the Fifth Circuit noted that "the qualified immunity defense is often decided long before trial."[5] But it acknowledged that there are some situations where if "there remain disputed issues of material fact relative to immunity, the jury, properly instructed, may decide the question."[6] But the *Ramirez* court explained what it would mean for the jury to "decide the question":

> The jury decides the *factual* question of whether the officer violated the plaintiff's rights—the first step of the qualified immunity analysis. It does not decide the *purely legal* question of whether the officer's actions were objectively reasonable in light of clearly established law—the second step.[7]

Defendants only explanation is that *McCoy,* a Fifth Circuit case from a quarter century ago, "directly contradicts Plaintiffs' contention that the jury "does not decide the purely legal question of whether the officer's actions were objectively reasonable in light of clearly established law.'"[8]

But that is not "Plaintiffs' contention" – it is a <u>direct quote from the holding of *Ramirez*</u>. Thus, Defendants ask this Court to ignore language by characterizing it as Plaintiffs' argument, when in reality it is the holding of a published Fifth Circuit opinion. This Court has no discretion to ignore binding appellate law.

Under Defendants' theory, if qualified immunity is denied at the motion to dismiss phase, and then denied again by the trial court on summary judgment, and denied again by the Fifth Circuit on interlocutory appeal, and then denied again by the trial court at trial on a Rule 50 motion, they get to ask even the "purely legal" component of qualified immunity *again* to the jury. They

---

[5] *Ramirez v. Killian*, 113 F. 4th 415, 429 (5th Cir. 2024).
[6] *Id., quoting Snyder v. Trepagnier*, 142 F.3d 791, 800 (5th Cir. 1998)
[7] *Id.* at 429 (emphasis in original).
[8] R. Doc. 274 at 3.

offer no authority for such a position. And that position is squarely foreclosed by *Ramirez*.

Finally, the defendants cite *McCoy* for the proposition that the Jury must "determine the objective legal reasonableness of the officers' conduct," and argue "[n]either *McCoy* nor *Ramirez* supports Plaintiffs' assertion that a jury may not determine the objective legal reasonableness of an officer's conduct in connection to Qualified Immunity."[9] Defendants completely misunderstand the plaintiffs' argument. Plaintiffs agree that the Jury was indeed required to determine the objective legal reasonableness of Officer Burmaster's conduct. Indeed, the Jury did so in deciding Step One of the qualified immunity analysis:[10]

**FOURTH AMENDMENT VIOLATION CLAIM**

1. Did the Plaintiffs prove by a preponderance of the evidence that Defendant Derrick Burmaster acted in an objectively unreasonable manner by killing Apollo on April 10, 2021?



✓ Yes    ____ No

Both plaintiffs and defendants there agree that the question of objective reasonableness—Step One of the qualified immunity analysis—properly went to the jury. The problem is that the Jury Verdict Form went on to require the Jury to make a further determination—*i.e.*, a decision on Step Two (which was the only step left)—as to whether Burmaster was nonetheless legally entitled to qualified immunity in light of clearly established law. But the Fifth Circuit has already ruled that a jury "*does not decide* the *purely legal question* of whether the officer's actions were objectively reasonable in light of clearly established law."[11] For these reasons, plaintiffs' motion should be granted.

---

[9] R. Doc. 274 at 3-4.
[10] R. Doc. 269.
[11] *Ramirez*, 113 F. 4th 415 at 429 (emphasis added and in original).

**B.     This Court should correct the verdict form to reflect that the City of New Orleans is liable because the jury found that "City of New Orleans is liable," or alternatively order a new trial on the *Monell* claim.**

Under Rule 49(b)(4), in reconciling a jury verdict form, "[w]hen the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial." Importantly, "the legal error resulting from the entry of a judgment based on inconsistent special interrogatories is one which undermines the validity and integrity of the judgment." *Mercer v. Long Mfg. N. C., Inc.*, 671 F.2d 946, 948 n.1 (5th Cir. 1982).

Here, the Jury specifically found that "the City of New Orleans *is liable* for a violation of [plaintiffs'] constitutional rights":[12]

> 4. Did the Plaintiffs prove by a preponderance of the evidence that Defendant the City of New Orleans is liable for a violation of their constitutional rights for any of the following reasons: (1) inadequately training, (2) inadequately supervising, or (3) inadequately disciplining Derrick Burmaster with respect to the use of force on dogs?
>
>     ✓ Yes    ___ No

Thus, in determining "liability" in question 4 on the Verdict Form, the Jury necessarily determined that the City violated the plaintiffs' constitutional rights and that such violation caused plaintiffs to incur damages. As the Court is aware, "*Monell liability requires*" the plaintiff to "*demonstrate a direct causal link* between the municipal action and the deprivation of federal rights."[13]

However, after being properly instructed by the Court on the elements that plaintiffs needed to prove to establish *Monell* liability—*including the element of causation*—the Jury expressly

---

[12] R. Doc. 269. Blacks Law Dictionary defines "liability" as "[t]he state of being bound or obliged in law or justice to do, pay, or make good something; legal responsibility." https://thelawdictionary.org/liability/#:~:text=Definition%20and%20Citations:,Liaison.

[13] *Moses v. City of New Orleans*, 2025 U.S. Dist. LEXIS 46649, at *20 (E.D. La. Mar. 14, 2025) (emphasis added).

5

determined that all elements were fulfilled such that the City "*is liable* for violation of [plaintiffs'] constitutional rights." (emphasis added). That finding simply cannot be squared with the Jury's response to Question 5 on the Verdict Form that causation was not proven.

When looking at an inconsistent verdict form, when "the answers cannot be reconciled after a concerted effort, a new trial must be granted."[14] Because the Jury's answers to questions 4 and 5 "are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must … order a new trial."[15]

In short: it is impossible for the City to be liable without causing Plaintiff's injury. That irreconcilable contradiction requires correction of the verdict form or a new trial on that issue.

### Conclusion

The motion should be granted. The Court should render the judgment to reflect the verdict form after taking out jury questions three and five, or in the alternative, order a new trial.

---

[14] *Richard's Paint & Body Shop, LLC v. BASF Corp.*, 2012 U.S. Dist. LEXIS 158069, at *28 (W.D. Tex. Nov. 5, 2012) (ordering new trial under Rule 49 because "[t]he Jury's answers to the fraud questions (Questions Three and Six) are in direct conflict with its answers on the excuse questions (Questions Seven and Nine) since both questions required the Jury to find that BASF and FinishMaster made a material false misrepresentation to CCC.") (quoting *Guidry v. Kem Mfg. Co.*, 598 F.2d 402, 406 (5th Cir. 1979) ("[B]ecause the jury's answers to the questions reflect inconsistent fact findings, we must reverse the judgment in favor of Kem on Drackett's cross-claim for contribution and remand for a new trial with respect to that issue.")).

[15] *See Lindsley v. Omni Hotels Mgmt. Corp.*, 123 F.4th 433, 441 (5th Cir. 2024) (holding that relief under Rule 49(b)(4) was warranted because "[t]he jury's answers to special interrogatories were inconsistent with each other: Omni did not violate Title VII yet owed $25 million for a Title VII violation. And the damages answer conflicted with the general verdict that followed from the jury's no-liability finding."); *Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1259-60, 1260 n.1 (5th Cir. 1988) (finding the answers inconsistent when the jury answered "yes" to the question of whether the tire was defective and "no" to the question of whether the defect caused the plaintiff's injury but proceeded to answer that defendant was 10% at fault for the plaintiff's injury and assessed damages at $629,000).

Respectfully submitted:

| | |
|---|---|
| */s/ William Most* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | PATRICK VAN BURKLEO (#41471) |
| DAVID LANSER (La. Bar No. 37764) | JONES WALKER LLP |
| MOST & ASSOCIATES | 201 St. Charles Avenue |
| 201 St. Charles Ave., Ste. 2500, # 6825 | New Orleans, Louisiana 70170-5100 |
| New Orleans, LA 70170 | Telephone: (504) 582-8322 |
| Telephone: (504) 509-5023 | Facsimile: (504) 589-8322 |
| E-Mail: williammost@gmail.com | E-Mail: tanada@joneswalker.com |

#104063840v1