UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

*************************************************************************

**Memorandum in Support of Plaintiffs' Bill of Costs**

On April 10, 2021, NOPD officer Derrick Burmaster killed Plaintiffs' eighteen-week-old Catahoula puppy, Apollo.

In March 2022, Plaintiffs filed suit against Officer Burmaster and the City of New Orleans.[1] After Officer Burmaster's interlocutory appeal to the Fifth Circuit failed, the Court held a jury trial.[2] On June 12, 2025, the jury rendered its verdict, finding that:

- Derrick Burmaster violated Plaintiffs' Fourth Amendment rights by killing Apollo in an objectively unreasonable manner, but the jury granted Burmaster qualified immunity;

- The City was liable for the violation of Plaintiffs' constitutional rights, although the jury found the Plaintiffs had not proved that the City's policies caused the killing;[3]

- Derrick Burmaster was liable for negligence, negligent infliction of emotional distress, and conversion.[4]

Accordingly, the Court entered judgment in favor of Plaintiffs and against both

---

[1] R. Doc. 1.
[2] R. Doc. 260.
[3] Given the fact that the jury found the City liable but did not find that its policies caused the killing, the jury may have determined that it was the *absence* of policies that caused the killing.
[4] R. Doc. 269.

1

"Defendants Derrick Burmaster and the City of New Orleans."[5] Because they have won their suit after three years of litigation, Plaintiffs now seek their costs under 28 U.S. Code § 1920. They have attached a bill of costs, a declaration attesting to the costs, and a set of receipts and invoices covering each requested cost. For the reasons herein, this Court should award Plaintiffs their requested costs.

A.     **Legal Standard**

Costs recoverable by a prevailing party in a federal action are governed by Federal Rule of Civil Procedure 54, which states: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"[6] The Fifth Circuit's treatment of Rule 54(d) applies "a strong presumption that the prevailing party will be awarded costs."[7] Furthermore, "it is incumbent upon the losing party to overcome that presumption."[8]

For an award of costs, the Fifth Circuit holds that "the prevailing party is prima facie entitled to costs," and a denial of costs is "in the nature of a penalty."[9]

28 U.S. Code § 1920 provides the specific costs that are compensable:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[5] R. Doc. 277.
[6] Fed. R. Civ. P. 54(d)(1).
[7] *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (*citing Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) (other citations omitted).
[8] *Id*.
[9] *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (*quoting Schwarz*, 767 F.2d at 131).

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**B.     The Court should award costs for clerk fees.**

28 U.S.C. § 1920(1) allows for the award of "[f]ees of the clerk and marshal." Here, Plaintiffs incurred a $402.00 filing fee for the case opening and filing of the complaint. This cost should be awarded.

**C.     The Court should award costs for deposition transcripts.**

Prevailing parties "are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were 'necessarily obtained for use in the case.'"[10] The Fifth Circuit has articulated a test for what costs are "necessarily obtained": "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."[11] Significantly, "great latitude" is accorded to the district court in the factual determination of "[w]hether a deposition or copy was necessarily obtained for use in the case."[12]

The Fifth Circuit has "consistently held that a deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'"[13] "[S]uch [deposition] costs are recoverable if the party making the copies has a reasonable belief that the documents will

---

[10] *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (*citing United States v. Kolesar*, 313 F.2d 835, 838-840 (5th Cir.1963); *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.,* 834 F.2d 1232, 1237-38 (5th Cir.1988).
[11] *Id*. at 286 (citations omitted); *see also Nissho-Iwai Co. v. Occidental Crude Sales, Inc*., 729 F.2d 1530, 1553 (5th Cir. 1984) (finding that depositions were properly taxed regardless of whether admitted at trial since they were used by counsel to structure questioning of witnesses).
[12] *Id*. at 285-86 (citations omitted).
[13] *Fogelman, supra,* at 285 (quoting § 1920(2)). *See Motio, Inc. v. BSP Software LLC*, 4:12-CV-647, 2016 WL 4430452, at *11 (E.D. Tex. Aug. 22, 2016)

be used 'during trial or for trial preparation.'"[14] Video depositions, moreover, are not duplicative of deposition transcripts where the "witnesses' ability to appear at trial is uncertain and their credibility is sharply disputed."[15]

Here, in their initial disclosures Defendants listed twenty-six named witnesses, plus an indefinite number of unnamed witnesses. (For example, Officer Burmaster listed any "person later identified during the course of discovery."[16] This would encompass the literally hundreds of people who were identified during the course of discovery).

Plaintiffs seek reimbursement for transcripts of sixteen witnesses' depositions. To mitigate costs, several witnesses were deposed on the same day in some instances. Video depositions were limited to those few witnesses who whose appearance at trial was uncertain (like Chief Kirkpatrick) or whose credibility was sharply disputed (like Officer Burmaster, who admitted to perjuring himself during his deposition). These depositions were all reasonably expected to be used for trial preparation and use at trial, rather than merely for discovery.[17] Accordingly, the Court should award costs for these depositions.

**D.    The Court should award costs for copying and exemplification costs.**

28 U.S.C. § 1920(4) allows for the award of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Under § 1920(4), "costs for exemplification are taxable as costs, and this includes graphic support

---

[14] *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (*quoting Fogelman, supra* at 285) (interpreting "necessarily obtained for use in the case" appearing in § 1920(2) and § 1920(4)).
[15] *United States Bank N.A. v. Verizon Communs. Inc.*, 2014 U.S. Dist. LEXIS 190738, at *7 (N.D. Tex. Mar. 18, 2014) (taxing the costs of both print and video depositions). *See also Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp.2d 803, 805 (E.D. Tex. 2012) ("The Court finds that § 1920(2) now permits taxing costs for video depositions "necessarily obtained for use in the case.""); *Allstate Ins. Co. v. Plambeck*, 66 F. Supp.3d 782, 789 (N.D, Tex. 2014) (construing language of §1920(2) as authorizing "recovery of costs for the printed transcript or the video deposition or both.").
[16] R. Doc. 94-10.
[17] Ex. A (Dec. of William Most at ¶ 4).

4

and demonstratives and exhibits for trial."[18]

Here, Plaintiffs request an award of costs for the cost of copying exhibits for the Court-ordered bench books[19] and also for the demonstratives developed for use at the jury trial. Accordingly, the Court should award costs for this copying and exemplification.

### E. The Court should award costs for a trial transcript of one witness.

Recovery of costs for a transcript of the proceedings at pre-trial hearings and at trial is governed by 28 U.S.C. § 1920(2). Here, Plaintiff ordered the transcript of one witness at trial (Defendant Burmaster) for use in any appellate proceedings. Accordingly, the Court should award costs for this one witness' trial transcript.

### F. Costs not sought.

The bulk of Plaintiffs' out-of-pocket costs are not being sought. For example, Plaintiffs are not seeking award for their expert witness fees in this motion.

Nor are they seeking award for witness fees for witnesses who did not appear for trial, because Plaintiffs cannot certify that these fees were for something "performed." For example, Plaintiffs sent a check for a witness fee to Marcus Gandy, who deposited the check before the first scheduled trial. Mr. Gandy, however, died during the pendency of Officer Burmaster's appeal, and so could not appear at trial.

### G. Conclusion

For the reasons described above, the Court should award Plaintiffs costs in the amount of $24,308.47, as detailed in the attached bill of costs and declaration of counsel.

---

[18] *Morales v. Safeway Inc.*, 4:17-CV-825, 2020 WL 1190126, at *2 (E.D. Tex. March 12, 2020).
[19] *See Innovation Sciences, LLC v. Amazon.com, Inc.*, 4:18-CV474, 2021 WL 2075676, at *3 (E.D. Tex. May 24, 2021) (Awarding costs of copying two sets of exhibits for trial per direction in the court's scheduling order).

Respectfully submitted:

| | |
|---|---|
| */s/ William Most* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | PATRICK VAN BURKLEO (#41471) |
| DAVID LANSER (La. Bar No. 37764) | JONES WALKER LLP |
| MOST & ASSOCIATES | 201 St. Charles Avenue |
| 201 St. Charles Ave., Ste. 2500, # 6825 | New Orleans, Louisiana 70170-5100 |
| New Orleans, LA 70170 | Telephone: (504) 582-8322 |
| Telephone: (504) 509-5023 | Facsimile: (504) 589-8322 |
| E-Mail: williammost@gmail.com | E-Mail: tanada@joneswalker.com |