UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and <br> JULIA BARECKI-BROWN | * <br> * <br> * | CIVIL ACTION <br><br> DOCKET NUMBER: 22-00847 |
| VERSUS | * <br> * | <br> SECTION: L |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * <br> * <br> * <br> * <br> * <br> * | <br> HONORABLE ELDON E. FALLON <br><br> DIVISION: 4 <br><br> HONORABLE KAREN WELLS ROBY |

*************************************************************************

## MEMORANDUM IN SUPPORT OF THE CITY OF NEW ORLEANS' MOTION AND APPLICATION FOR TAXATION OF COSTS

The City of New Orleans ("City") submits this memorandum in support of its Bill of Costs. For the reasons discussed below, the costs itemized in the attached Bill of Costs and reflected in the invoices in Exhibit A should be taxed against Plaintiffs.

### I. FACTUAL BACKGROUND

Following the conclusion of a four-day jury trial from June 9, 2025, to June 12, 2025, the jury returned a favorable verdict on the sole claim made directly against the City. As stated by this Court in its Judgment, "[t]he **jury returned a verdict in favor of** Officer Burmaster and **the City on Plaintiffs' 42 U.S.C. § 1983 claim**, finding Burmaster was entitled to qualified immunity and the City's policies with respect to the training, supervision, and/or discipline of Burmaster did not cause the shooting of Apollo."[1] The jury also rendered a verdict in favor of Plaintiffs on their state law claims of negligence, negligent infliction of emotional distress, and conversion, although the amount awarded -- $10,400 – was much less than the amount sought by Plaintiffs at trial.

---

[1] R. Doc. 277, p. 1. (emphasis added).

1

## II. COSTS SHOULD BE AWARDED TO THE CITY AS PREVAILING PARTY PURSUANT TO FED. R. CIV. P. 54.

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part: "unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." The Fifth Circuit has held that this rule creates a strong presumption in favor of awarding costs to the prevailing party, with the burden on the unsuccessful party to show the existence of circumstances which render the award inappropriate.[2]

In the instant case, the Plaintiffs' Section 1983 constitutional claims were the significant issues in this litigation. Indeed, Plaintiff's constitutional claims were the sole basis for this Court's jurisdiction.[3] As noted above, these claims failed. At trial, Plaintiffs asked the jury to return a verdict in the amount of $800,000 but the award was only for $10,000 general damages and $400 for the fair market value of the dog.[4] This award was for state law claims made against Officer Burmaster. The jury's award does not establish the City caused these damages. Moreover, the amount that Plaintiffs were awarded is clearly less than any reasonable attorney would consider to be a victory given the time and resources expended. In addition, Plaintiffs were found by the jury to be comparatively more at fault than Officer Burmaster on all the state law claims except for the intentional tort of conversion. In a real sense, Plaintiffs' claim of conversion was the only claim that they succeeded upon. Because the City prevailed the significant claims in this case – the Section 1983 claims – the City is the "prevailing party" for purposes of taxing costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[5]

---

[2] *Schwarz v. Folloder*, 767 F. 2d 125, 131 (5th Cir. 1985).
[3] See R. Doc. 60 (Second Amended Complaint), §15 ("Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988.").
[4] R. Doc. 288, p. 1.
[5] See *De Mino v. Achenbaum*, 81 Fed. Appx. 819, 821 (5th Cir. 2003) (finding that a party who "obtained some relief from the litigation" was the prevailing party for purposes of Fed. R. Civ. P. 54(d)(1)); *Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co.*, 863 F.2d 355, 370 (5th Cir. 1989) (failure to prevail on the most

The City accordingly moves for costs pursuant to Fed. R. Civ. P. 54 and Local Rule 54.3. LR 54.3 states: "Within 35 days of receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who is allowed costs, must serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred.."[6]

### III. THE FOLLOWING COSTS ARE PROPERLY TAXABLE AGAINST PLAINTIFF.

Costs are taxable pursuant to 28 U.S.C. § 1920. Section 1920 allows a district court to tax the following items as costs:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under §1923; and

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under §1828 of this title.[7]

As reflected in the Bill of Costs filed contemporaneously with this memorandum along with supporting documentation regarding the costs which should be taxed against Plaintiff in this

---

significant issue precludes "prevailing party" status); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (judgment in favor of defendant as to plaintiff's federal claims made defendant the "prevailing party").
[6] EDLA. La. L.R. 54.3.
[7] 28 U.S.C. § 1920.

case, the City seeks reimbursement for the fees for printed and electronically recorded transcripts.[8] The following chart lists the costs sought by the City.[9]

| Depositions | Date of depo | Court Reporter | Phone | Invoice # | Amount |
|---|---|---|---|---|---|
| Derek Brown and Julia Barecki-Brown | 12/19/2022 | Serpas | (504) 522-2101 | 74985 | $704.20 |
| Debra N. Pruitt | 3/6/2023 | Magna | (866) 624-6221 | 1017890 | $1,015.35 |
| John Roussel and Chris Goodly | 3/7/2023 | Magna | (866) 624-6221 | 1017919 | $2,804.26 |
| Shannon Jones | 3/8/2023 | Magna | (866) 624-6221 | 1016211 | $1,601.10 |
| David Duplantier | 3/8/2023 | Magna | (866) 624-6221 | 1019625 | $1,816.54 |
| Elizabeth Berk | 4/4/2025 | Serpas | (800) 526-8720 | 87930 | $659.55 |
| Derrick Burmaster and John Helou #1 | 3/10/2023 | Magna | (866) 624-6221 | 1043444 | $2,733.80 |
| Hans Ganthier and Ryan Lubrano | 5/14/2025 | Southern | (504) 488-1112 | 52641 | $693.00 |
| Nicholas Gernon | 4/10/2025 | Southern | (504) 488-1112 | 42596 | $182.20 |
| David Barnes and John Helou #2 | 3/31/2025 | Southern | (504) 488-1112 | 42581 | $422.50 |
| James Crosby | 3/19/2025 | Serpas | (800)526-8720 | 87625 | $1,483.50 |
| John Helou #3 | 4/9/2025 (misidentified as 4/19/2025 on invoice) | Southern | (504) 488-1112 | 42584 | $136.75 |
| Anne Kirkpatrick | 5/1/2025 | Serpas | (800) 526-8720 | 88548 | $544.00 |
| Keith Sanchez | 5/7/2025 | Southern | (504) 488-1112 | 52632 | $310.00 |
| **TOTAL** | | | | | **$15,106.75** |

These costs are recoverable by the prevailing party under 28 U.S.C. §1920. The Fifth Circuit permits the taxation of costs incurred for depositions that a prevailing party obtains for use in a case like those sought here by the City. *See S&D Trading Academy, LLC v. AAFIS, Inc.*, 336

---

[8] See R. Doc. 34 (Plaintiffs' Motion to Compel Production of Complaints about Defendant Derrick Burmaster); R. Doc. 38 (Order on Plaintiffs' Motion to Compel); R. Doc.
[9] See Exhibit A (true and accurate invoices for each of these items of cost).

F. App'x. 443, 450-52 (5th Cir. 2009); *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F. 3d 125, 131 (5th Cir. 2015) (affirming district court's award of discovery costs); *In re Nissan*, 577 F.2d 910 (5th Cir.), *cert. denied*, 439 U.S. 1072 (1978); *Harrington v. Texaco, Inc.*, 339 F.2d 814 (5th Cir.), *cert. denied*, 381 U.S. 915 (1964); *West-Wind Africa Line v. Corpus Christi Marine Serv.*, 834 F.2d 1232, 1238 (5th Cir. 1988) (prevailing party entitled to recover costs for three depositions obtained for use in the case where two depositions were made part of the record and the third was necessary for use at trial); *Aflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir.), *cert. denied*, 502 U.S. 812 (1990) (deposition costs were properly taxed under §1920(2) where they were necessarily obtained for use in the case).

The Fifth Circuit has stated that under §1920, a "deposition copy 'need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case;"' rather, taxability is based on whether it was "reasonably expected to be used for trial or trial preparation." *See United States ex rel. Long*, 807 F.3d at 130 (quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)). This does not require use at trial or in connection with a dispositive motion, but only that taking it was "reasonably necessary in the light of the facts known to counsel at the time it was taken." *See Stearns Airport Equip. Co., v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (taxation of deposition cost is warranted if "there is a reasonable expectation" it "may be used for trial preparation"). Here, all depositions were taken because they were expected to be used at trial and, also, were used to obtain summary judgment in this matter.

## CONCLUSION

For the reasons and authorities cited herein, the costs set forth in the City's Bill of Costs should be taxed against Plaintiffs, payable to the City as the prevailing party in this matter.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
DEPUTY CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for the City of New Orleans*

**NOTICE OF APPLICATION AND CERTIFICATE OF SERVICE AND CORRECTNESS**

I hereby certify that a copy of the foregoing memorandum has been served on all counsel of record via the Court's Case Management Electronic Case Filing system. I also certify pursuant to E.D. La. L.R. 54.3 that the items outlined in the Bill of Costs are correct and have been necessarily incurred. I also hereby give notice of this application pursuant to E.D. La. L.R. 54.3

This 12th day of August, 2025.

*/s/ James M. Roquemore*
**James M. Roquemore**