UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and JULIA BARECKI-BROWN | * * | CIVIL ACTION |
| | * | DOCKET NUMBER: 22-00847 |
| VERSUS | * * | SECTION: L |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * * * | HONORABLE ELDON E. FALLON |
| | * | DIVISION: 4 |
| | * * | HONORABLE KAREN WELLS ROBY |

******************************************************************************

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR AN AWARD OF COSTS (R. DOC. 280)

Defendants, the City of New Orleans (the "City") and Derrick Burmaster ("Officer Burmaster"), oppose Plaintiffs' application for an award of costs pursuant to 28 U.S. § 1920 and Federal Rule of Civil Procedure 54.[1] As shown herein, Plaintiffs are not entitled to any costs because Plaintiffs were not the prevailing party at trial. In addition, several items of costs sought to be recovered by Plaintiffs are not taxable pursuant to 28 U.S. § 1920 or Federal Rule of Civil Procedure 54.

**I.  FACTUAL BACKGROUND**

Plaintiffs filed the instant motion following the conclusion of a four-day jury trial from June 9, 2025, to June 12, 2025, after which each Defendant received a favorable verdict on the primary claims against Defendants. As stated by this Court in its Judgment, "[t]he jury returned a verdict in favor of Officer Burmaster and the City on Plaintiffs' 42 U.S.C. § 1983 claim, finding Burmaster was entitled to qualified immunity and the City's policies with respect to the training,

---

[1] See R. Doc. 280. This opposition also applies to R. Doc. 279 to the extent that such application has not been rendered moot.

1

supervision, and/or discipline of Burmaster did not cause the shooting of Apollo."[2] The jury also rendered a verdict in favor of Plaintiffs on their state law claims of negligence, negligent infliction of emotional distress, and conversion, although the amount awarded — $10,400 — was much less than the amount sought by Plaintiffs at trial.

## II.    LAW AND ARGUMENT

### 1.  Plaintiffs are not entitled to any costs because they were not the prevailing party.

Federal Rule of Civil Procedure 54(d)(1) provides in pertinent part: "unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." In determining who is the "prevailing party," a case is viewed as a whole.[3] To qualify as the prevailing party, that party must "succeed on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit"[4] or have achieved "some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties."[5]

In the instant case, the Plaintiffs' Section 1983 constitutional claims were the significant issues in this litigation. The constitutional claims were the basis for this Court's jurisdiction.[6] At trial, Plaintiffs asked the jury to return a verdict in the amount of $800,000 but the award was only for the amount of $10,000 general damages and $400 for the fair market value of the dog.[7] The amount that Plaintiffs were awarded is clearly less than any reasonable attorney would

---

[2] R. Doc. 277, p. 1.
[3] *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).
[4] *Perkins v. Hart*, 2024 WL 3755238, * (E.D. La. June 28, 2024) amended, 896 F. Supp. 634 (E.D. La. 1995), aff'd, 85 F.3d 622 (5th Cir. 1996) (quoting *First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans*, 891 F. Supp. 290, 301 (E.D. La. 1995).
[5] *Id*. (quoting *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013).
[6] See R. Doc. 60 (Second Amended Complaint), §15 ("Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988.").
[7] R. Doc. 288, p. 1.

consider to be a victory given the time and resources expended. In addition, Plaintiffs were found by the jury to be comparatively more at fault than Officer Burmaster on all the state law claims except for the intentional tort of conversion. In a real sense, Plaintiffs' claim of conversion, which the jury awarded $400, was the only claim that they succeeded in proving. Further, the costs sought in the instant motion are more than twice the amount awarded by the jury. Moreover, it is evident that Plaintiffs are highly motivated to seek a recovery of attorney's fees, which because of the jury's verdict and Judgment, they cannot recover.[8]

Because Defendants prevailed the significant claims in this case — the Section 1983 claims — Defendants are the "prevailing party" for purposes of taxing costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[9] Plaintiffs are therefore not entitled to any costs.

### 2. **Plaintiffs seek many items of costs that are not properly taxable.**

28 U.S.C. § 1920 defines recoverable costs; a district court may decline to award the costs listed in the statute but may not award costs omitted from the list.[10] Section 1920 allows a district court to tax the following items as costs:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[8] See, e.g., R. Doc. 278-2 (Plaintiffs' proposed order as part of their recently-filed Rule 49 Motion, which contemplates revising the Judgment to include the following: "judgment … in the amount of $10,000.00 in compensatory damages and $400.00 in economic loss, for a total award of $10,400.00, plus reasonable attorney's fees and legal interest and costs. Plaintiffs shall file an attorney fee petition within 30 days of this judgment.").

[9] See *De Mino v. Achenbaum*, 81 Fed. Appx. 819, 821 (5th Cir. 2003) (finding that a party who "obtained some relief from the litigation" was the prevailing party for purposes of Fed. R. Civ. P. 54(d)(1)); *Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co.*, 863 F.2d 355, 370 (5th Cir. 1989) (failure to prevail on the most significant issue precludes "prevailing party" status); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (judgment in favor of defendant as to plaintiff's federal claims made defendant the "prevailing party").

[10] See *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (fees incurred for a "video technician ... are not included in § 1920 and therefore are not recoverable.").

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under §1923; and

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under §1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiffs improperly seek an award of costs for "exemplification" of several demonstrative items:

1. Fee for Exemplification and Printing Costs to Crescent City Litigation Support (Demonstratives and Bench Books) - $731.50;

2. Fee for Docusource Exemplification (Demonstrative) - $1,760.00;

3. Fee to Docusource for Exemplification (Demonstrative) - $514.42;

4. Fee for Exemplification to Workshop Enzo (Demonstrative) - $800.00;

5. Fee for Exemplification to Tulane Fabrication Labs (Demonstrative) - $920.00.

The Supreme Court has held that Section 1920 strictly limits the types of costs that may be awarded to a prevailing party.[11] Section 1920 authorizes an award for fees for "exemplification and the costs of making copies of any materials where the copies are *necessarily* obtained for use in the case"[12] The Fifth Circuit construes the term "exemplification" narrowly to be limited to "an official transcript of a public record, authenticated as a true copy for use as evidence."[13]

---

[11] *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 440-41 (1987).
[12] See 28 U.S.C. § 1920(2) (emphasis added).
[13] See *Luv N' Care v. Larain*, 2025 WL 622334, *10 (W.D. La. Feb. 26, 2025 (holding that trial graphics and demonstrative exhibits are not taxable costs) (quoting *Summit Tech., Inc. v. Nidek Co*., 435 F.3d 1371, 1377 (Fed. Cir. 2006) and relying on Coats, 5 F.3d 877, 891).

Here, the "exemplification" documents upon which Plaintiffs' claim for costs is based are not official or authenticated. Rather, they are merely illustrative of testimony or argumentative. For example, Plaintiffs paid to have a picture of Officer Burmaster and the dog put on a cut-out poster board. However, there was ample testimony and exhibits introduced to show the appearances of Officer Burmaster and the dog. Another demonstrative, a model of the dog, was never used at trial. The other demonstratives were likewise not necessary for trial the materials—purposes that are not taxable. As such, these documents are neither "exemplifications" nor are necessary for trial. They are therefore not properly taxable pursuant to Section 1920.[14]

In addition, Plaintiffs seek costs in the amount of $365.20 for a trial transcript of one witness.[15] However, the invoice submitted for this cost shows that the transcript was not ordered until more than a month after the trial ended.[16] This cost cannot be said to have been incurred in furtherance of the trial.[17]

## CONCLUSION

For the reasons and authorities cited herein, the costs set forth in Plaintiffs' Bill of Costs should be denied.

---

[14] See *Guevara v. Onyewu*, 943 F.Supp.2d 192 (D.D.C. 2013) (Costs for demonstratives that are merely illustrative of testimony or argumentative are not taxable.).
[15] See R. Doc. 280-1, p. 5.
[16] R. Doc. 280-2, p. 1.
[17] To the extent that Plaintiffs concede it is necessary for an appeal, this demonstrates that Plaintiffs did not prevail at trial.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
DEPUTY CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for the City of New Orleans*