UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * | Civil Action No. 22-00847 |
| | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * | |
| | * | DIVISION: 4 |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Memorandum in Support of Motion to Strike City's Bill of Costs**

On April 10, 2021, a City police officer shot and killed Plaintiffs' puppy.

On June 12, 2025, the jury rendered its verdict, finding favor of Plaintiff on claims of negligence, negligent infliction of emotional distress, and conversion.[1] The jury also made findings about the constitutional claims, finding that the officer violated Plaintiffs' constitutional rights, the City was liable for that violation, but that the City did not cause the constitutional violation.

Given that Plaintiffs won in whole or in part on <u>every single claim</u>, the Court entered a monetary judgment in favor of Plaintiffs and against both "Defendants Derrick Burmaster and the City of New Orleans."[2]

The City now asks the Court to award *it* costs on the theory that it is somehow the prevailing party in this case – *even though it lost and judgment was rendered against it.*[3] This is plainly contrary to Federal Rule of Civil Procedure 54(d)(1), which only allows for an award of costs to the prevailing party, which in this case was the Plaintiffs. As explained by this Court in *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 707 (E.D. La. 2009) (Vance, J.):

---

[1] R. Doc. 269.
[2] R. Doc. 277.
[3] R. Doc. 281.

1

> A plaintiff is a "prevailing party" if the party "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Abner v. Kansas City Southern Ry. Co.*, 541 F.3d 372, 382 (5th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). . . . <u>An enforceable judgment on the merits that benefits the plaintiff is generally sufficient to convey prevailing party status on the plaintiff</u>. *See Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)).

(emphasis added).

Here, there can be no question that the Court rendered "an enforceable judgment on the merits that directly benefits the Plaintiffs." That fact alone is "sufficient to convey prevailing party status on the Plaintiffs." The Court should therefore strike Defendants' motion for the taxation of costs.

Respectfully submitted:

| | |
|---|---|
| */s/ William Most* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | PATRICK VAN BURKLEO (#41471) |
| DAVID LANSER (La. Bar No. 37764) | JONES WALKER LLP |
| MOST & ASSOCIATES | 201 St. Charles Avenue |
| 201 St. Charles Ave., Ste. 2500, # 6825 | New Orleans, Louisiana 70170-5100 |
| New Orleans, LA 70170 | Telephone: (504) 582-8322 |
| Telephone: (504) 509-5023 | Facsimile: (504) 589-8322 |
| E-Mail: williammost@gmail.com | E-Mail: tanada@joneswalker.com |