# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and | * | Civil Action No. 22-00847 |
| JULIA BARECKI-BROWN | * | |
| | * | SECTION: L |
| VERSUS | * | |
| | * | HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN | * | |
| FERGUSON, and the CITY OF | * | DIVISION: 4 |
| NEW ORLEANS | * | |
| | * | HONORABLE KAREN WELLS ROBY |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Opposition to City's Bill of Costs

On April 10, 2021, a City of New Orleans police officer shot and killed Plaintiffs' puppy.

On June 12, 2025, the jury rendered its verdict, finding in favor of Plaintiffs on claims of negligence, negligent infliction of emotional distress, and conversion.[1]

The jury also made findings about Plaintiffs constitutional claims, finding that the officer violated Plaintiffs' constitutional rights and the City "is liable" for that violation. The jury found, however, that the officer was "entitled to qualified immunity" and that the City's "policies with respect to training, supervision, or discipline" did not cause the killing.[2]

Given that Plaintiffs won in whole or in part on every claim, the Court entered a monetary judgment in favor of Plaintiffs and against both Defendants:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of Plaintiffs Derek Brown and Julia Barecki-Brown and against Defendants Derrick Burmaster and the City of New Orleans in the amount of $10,000.00 in compensatory damages and $400.00 in economic loss, for a total award of $10,400.00.[3]

The City now asks the Court to award *it* costs on the theory that the City is somehow the prevailing party in this case – even though judgment was rendered against it.[4]

---

[1] R. Doc. 269.
[2] *Id.*
[3] R. Doc. 277.
[4] R. Doc. 281.

In doing so, the City made a serious false representation to the Clerk of Court. The City wrote in its motion to the clerk that "[j]udgment having been entered in the above entitled action on July 8, 2025, **against Plaintiff**, the Clerk is requested to tax the following as costs . . . $15,106.75."[5]

But there was no judgment entered against Plaintiff (or Plaintiffs). The City's reference to a "judgment . . .against Plaintiff" is a total fabrication.

Nor are the City's arguments in its motion more availing. Federal Rule of Civil Procedure 54(d)(1) allows for an award of costs to the prevailing party. As explained by this Court in *Johnson v. Big Lots Stores, Inc.*,

> A plaintiff is a "prevailing party" if the party "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."…. An enforceable judgment on the merits that benefits the plaintiff is generally sufficient to convey prevailing party status on the plaintiff.[6]

Here, the Court rendered "an enforceable judgment on the merits that directly benefits" the Plaintiffs. That fact alone is "sufficient to convey prevailing party status on the Plaintiffs."

In its motion, however, the City offers two arguments for why it should be considered the prevailing party despite the judgment against it. First, the City says it should be deemed the prevailing party because the Plaintiffs did not win as much as they asked the jury for.[7] They offer no authority whatsoever for this argument, and the Fifth Circuit has described this argument as "groundless." In *Alexander v. Servisair, LLC,*[8] the Fifth Circuit wrote:

> Servisair contends that damages of one dollar are insufficient to make Alexander the prevailing party. That notion is groundless: Even an award of nominal damages is sufficient to render the plaintiff the prevailing party.

---

[5] R. Doc. 284 (emphasis added).
[6] 639 F. Supp. 2d 696, 707 (E.D. La. 2009) (Vance, J.) (emphasis added), *citing Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001))
[7] R. Doc. 281-1 at 2.
[8] 593 F. App'x 352, 355 (5th Cir. 2014). See also Grisham v. City of Fort Worth, 837 F.3d 564, 566 (5th Cir. 2016) (holding that "a plaintiff is a prevailing party when nominal damages are awarded").

Here, Plaintiffs won more than a million percent of the award sufficient to make the plaintiff a prevailing party in *Alexander*.

Next, the City argues that it should be the prevailing party despite the judgment against it because Plaintiffs did not prevail on what they describe as the "most significant" claims – by which they mean the Section 1983 claims.[9] But the City does not explain <u>why</u> the Section 1983 claims were more "significant" than the state law claims, other than to say that the federal claims were the basis for federal court jurisdiction. They cite no authority for the proposition that the jurisdictional claims are the key ones for prevailing party status.

 The cases that the City does cite actually undermine its argument, rather than supporting it. For example, the City cites *Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co.*[10] for the proposition that the "failure to prevail on the most significant issue precludes 'prevailing party' status." But *Texas Eastern* – like here – was a case in which a defendant (ODECO) sought prevailing party status even though it lost the case. And in that case, the court <u>denied</u> ODECO prevailing party status because it (like the City here) had been found liable for the harm. Thus, *Texas Eastern* emphasizes why the City should *not* be granted prevailing party status.

Defendants also cite an Eleventh Circuit case, *Head v. Medford*,[11] for the proposition that "judgment in favor of defendant as to plaintiff's federal claims made defendant the 'prevailing party.'" But in that case, the defendant was the prevailing party because the court dismissed *all* of plaintiff's claims – not just her federal claims.[12] It therefore does not speak to this situation at all, in which plaintiffs prevailed at trial on some claims.

---

[9] R. Doc. 281-1.
[10] 863 F.2d 355, 370 (5th Cir. 1989)
[11] 62 F.3d 351, 355 (11th Cir. 1995).
[12] *Id*. at 354 ("The district court granted defendants' motion for summary judgment on plaintiff's federal constitutional claims only. The district court declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed them without prejudice pursuant to 28 U.S.C. § 1367(c), a dismissal contested by defendants.")

Indeed, Defendants do not cite a single case in which judgment was rendered against a defendant, but they were awarded prevailing party status nonetheless.

Defendants motion for a bill of costs should therefore be denied.

Respectfully submitted:

/s/ William Most
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Telephone: (504) 509-5023
E-Mail: williammost@gmail.com

/s/ Tarak Anada
TARAK ANADA (#31598)
PATRICK VAN BURKLEO (#41471)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswalker.com