UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK BROWN, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-847** |
| **DERRICK BURMASTER, ET AL.** | * | **SECTION L(4)** |

## ORDER & REASONS

Before the Court is a Motion to Amend Judgment or Order a Limited New Trial filed by Plaintiffs Julia Barecki-Brown and Derek Brown (the "Browns"). R. Doc. 278. Defendants Derrick Burmaster ("Burmaster") and the City of New Orleans (the "City") filed an opposition. R. Doc. 282. The Browns responded. R. Doc. 285. Considering the record, briefing, and applicable law, the Court now rules as follows.

I.     **BACKGROUND**

A jury trial was held in this matter from June 9, 2025 to June 12, 2025 to determine whether the Defendants Derrick Burmaster and the City of New Orleans were liable for the killing of the Browns' pet dog Apollo under various theories of liability. R. Docs 260, 261, 267, 268. Regarding the Browns' § 1983 claim specifically, the jury found that the killing of Apollo was an unreasonable seizure of their property in violation of the Fourth Amendment, but that Burmaster was entitled to qualified immunity. R. Doc. 269. Moreover, the jury found that although the City was liable for the inadequate training, supervision, and/or discipline of Burmaster with respect to the use of force on dogs, the City's policies did not cause the killing of Apollo. *Id.* Accordingly, the Court entered a judgment in favor of Burmaster and the City as to the § 1983 claim in light of the jury's answers to the special interrogatories. R. Doc. 277.

1

## II.     PRESENT MOTION

The Browns have now filed the present motion asking this Court to alter its judgment and/or order a new limited trial pursuant to Federal Rules of Civil Procedure 49 and 59. R. Doc. 278. In the motion, the Browns re-raise their position maintained throughout trial that this Court erred in instructing the jury on qualified immunity per the Fifth Circuit's recent decision in *Ramirez v. Killian* and thus maintain it was improper to ask whether Burmaster was entitled to qualified immunity in Question 3 of the jury verdict form. 113 F.4th 415 (5th Cir. 2024); R. Doc. 278-1 at 4-8. Furthermore, the Browns contend that the jury's answers to the questions of municipal liability as to the City are inconsistent because the jury found that the City of New Orleans was liable for a violation of the Browns' constitutional rights in Question 4 of the jury verdict form but later found that the City's policies did not cause the killing of Apollo in Question 5. *Id.* at 8-11. As such, the Browns ask the Court to strike the jury's answers to Questions 3 and 5, which would result in a modified judgment to be rendered in their favor on the § 1983 claim. *Id.*

In opposition, Burmaster and the City take the position that the question of qualified immunity was properly submitted to the jury, arguing that *Ramirez* did not change the law with respect to the jury's determination of the objective legal reasonableness of an officer's conduct for purposes of the defense. R. Doc. 282 at 2-8. As for any potential inconsistency between Questions Four and Five of the jury verdict form as to the causation finding, Burmaster and the City assert that it is reasonable and probable that the jury answered Question 5 as relating only to the jury instruction that dealt specifically with causation. *Id.* at 8-10. Under this logical interpretation then, they opine that there is no reason to negate the jury's well-reasoned verdict. *Id.*

In reply, the Browns reiterate their qualified immunity argument and note that the parties purportedly agreed to not submit the defense to the jury. R. Doc. 285 at 1-5. They also ask the

Court for a new trial on the City's municipal liability to reconcile the differences between the jury's answers in Questions 4 and 5. *Id.* at 5-7.

### III.   APPLICABLE LAW

#### a. Legal Standards

Federal Rule of Civil Procedure 49 "articulates the standards courts must follow in evaluating jury's verdicts." *Lindsley v. Omni Hotels Mgmt. Corp.*, 123 F.4th 433, 439 (5th Cir. 2024) (citing FED. R. CIV. PROC. 49). When a jury returns "an internally inconsistent verdict, the judge has a duty to harmonize the inconsistent responses." *Id.* "If the verdict form . . . was a 'special verdict'— i.e., one where the jury merely resolves issues of fact—Rule 49(a) would apply." *Id.* (citing *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 517 (5th Cir. 2020)). "If, however, the verdict form was a 'general verdict'—i.e., one where the jury goes beyond resolving fact issues and applies law to fact to indicate who won—Rule 49(b) would apply." *Id.* at 439-440. "Rule 49(b) … lists the actions a district court may take to resolve inconsistencies in a verdict form and explains in what contexts the court may do so." *Id.* at 440. Rule 49(b)(4) provides that, "'[w]hen the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.'" *Id.* (quoting FED. R. CIV. P. 49(b)(4)).

The Browns' motion is also brought, in the alternative, under Federal Rule of Civil Procedure Rule 59(a)(1)(A), which allows a court after a jury trial to "grant a new trial on all or some of the issues" "for any reason for which a new trial has heretofore been granted in an action at law in federal court." A new trial may be granted "if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial

3

error was committed in its course." *Sims v. City of Jasper*, 117 F.4th 283, 288 (5th Cir. 2024) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)).

"The trial court's power to grant a new trial [under Rule 59(a)] on the basis of the court's firm belief that the verdict is clearly contrary to the weight of the evidence has . . . long been regarded as an integral part of trial by jury." *Smith*, 773 F.2d at 613. The Fifth Circuit has instructed that district courts should "respect the jury's collective wisdom and must not simply substitute its opinion for the jury's," but "if the trial judge is not satisfied with the verdict of a jury, he has the right—and indeed the duty—to set the verdict aside and order a new trial." *Id.* (internal quotations omitted).

Trial courts have broad discretion in this area, given that the "authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *see also Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998). A motion for a new trial is a much more lenient test than for renewed judgment as a matter of law, and will not be upset upon appeal unless an abuse of discretion. *Jones v. Wal-Mart Stores, Inc.*, 870 F. 2d 982, 986 (5th Cir. 1989). Furthermore, Rule 59(e) allows a court to "alter or amend a judgment" if a motion is filed "no later than 28 days after the entry of the judgment." Amending a judgment is a remedy that "should be used sparingly." *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 837 (E.D. La. 2012) (quoting *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). The court has discretion to balance the need for finality against the need for justice. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990) The need for justice generally favors a Rule 59(e) motion only when the moving party demonstrates a mistake of law or fact or presents newly discovered evidence that was previously unavailable. *Cantu v. Tamez*, No. 23-40673, 2024 WL 4057575, at *4 (5th Cir. Sept. 5, 2024)

4

(citations omitted).

### b. Challenges to a Jury Verdict Form

"Verdict forms are considered part of the jury instruction," reviewed in light of the instruction as a whole. *Matter of 3 Star Props., L.L.C.*, 6 F.4th 595, 610 (5th Cir. 2021). A party challenging jury instructions "must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *RSBCO v. United States*, 104 F.4th 551, 555 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1059 (2025). In reviewing jury answers to special verdicts, courts must make a "concerted effort to reconcile apparent inconsistencies if at all possible." *Snyder v. Trepagnier*, 142 F.3d 791, 800 (5th Cir. 1998) (quoting *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1040 (5th Cir. 1982)). In this respect, a court should ask whether "the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted, even though the form of the issue or alternative selective answers prescribed by the judge may have been the likely cause of the difficulty and largely produced the apparent conflict." *Id.* (quoting *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973)). Only if there is no view of the case that will make the jury's answers consistent may a court set aside the jury's decision. *Id.*

### IV.     ANALYSIS

The Browns argue that it was a "manifest error in law" for the Court to include questions as to whether Burmaster was entitled to qualified immunity and whether the City's policies caused the shooting of Apollo, such that the jury's answers to those interrogatories must be struck. The Court takes each issue in turn.

### a. Qualified Immunity[1]

As an initial matter, the Court notes that it has opined extensively on the record that it would comply with the Fifth Circuit's most recent Pattern Jury Instructions by including the qualified immunity charge and presenting the defense in the form of a question to the jury. *See* Fifth Circuit Pattern Jury Instruction 10.3. To be clear, the Court will *not* depart from this decision. While the Court acknowledges the holding in *Ramirez* and its potential sweeping effects depending on how it is interpreted, the Circuit's recent application of the case does not conform with the Browns' position that the jury has no role to play regarding the reasonableness of Burmaster's actions in light of clearly established law. For instance, the Circuit on appeal in this very matter held exactly the opposite, stating—specifically in reference to *Ramirez*—that "*a reasonable jury could ultimately find that Burmaster 'seized' [Apollo] in violation of clearly established law.*" *Brown v. Burmaster*, No. 22-847, 2025 WL 227785 at *2 (5th Cir. Jan. 17, 2025) (emphasis added). This interpretation of *Ramirez* aligns with the Circuit's prior case law holding that qualified immunity is rightfully presented to a jury if the defense is not decided prior to trial. *Waganfeald v. Gusman*, 674 F.3d 475, 484 (5th Cir. 2012) (holding the jury must determine the objective legal reasonableness of the officers' conduct for purposes of the qualified immunity defense); *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000) ("However, we have previously held that while qualified immunity ordinarily should be decided by the court long before trial, if the issue is not

---

[1] The Court recognizes that the parties may have stipulated that the jury shall decide "all disputed factual issues other than qualified immunity" in the pretrial order. R. Doc. 228 at 21. The Fifth Circuit has held, however, that a trial court may disregard such a stipulation where accepting it would be manifestly unjust or if evidence contrary to the stipulation is substantial. *United States v. Ret. Servs. Grp.*, 302 F.3d 425, 435 (5th Cir. 2002). Here, the Court observed during multiple conversations with counsel in chambers that there was great confusion as to what exactly Burmaster and the City agreed to with regard to submitting qualified immunity to the jury, which must be given credence in light of the complexity of the applicable case law. As such, the Court decided in its discretion that it would be manifestly unjust to the Defendants to enforce this stipulation, especially where the case law has indicated that qualified immunity is a question for a jury. *See King v. United States*, 641 F.2d 253, 258 (5th Cir. 1981) ("A court is not bound by the parties' stipulations of law, particularly when those stipulations are erroneous."). The Court thus refuses to grant the Browns' motion on this alternative basis.

decided until trial the defense goes to the jury which must then determine the objective legal reasonableness of the officers' conduct."); *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994) (stating that the jury's role is not entirely abolished in qualified immunity cases where "underlying historical facts" are in dispute that are necessary to resolve questions as to "whether the defendants acted in an objectively reasonable manner"). Indeed, another section of this Court has already rejected an argument similar to the one made by the Browns here and held that the jury must be instructed regarding a defendant's qualified immunity defense, noting that *Mangieri v. Clifton*—crucially a case upon which *Ramirez* relies—actually does contemplate a jury deciding qualified immunity in certain circumstances. *Matthews v. LeBlanc*, 17-8800, 2018 WL 2198508, at *1 (E.D. La. May 14, 2018).

The Fifth Circuit's most recent pronouncement on qualified immunity post *Ramirez* lends further support. In *Trabucco v. Rivera*, the Circuit upheld a similar verdict to the one at present wherein the jury found the defendant liable for a constitutional violation but also found that he was entitled to qualified immunity. 141 F.4th 720, 733 (5th Cir. 2025) (holding that there is "no 'inherent conflict' between a finding of a constitutional violation and a finding of qualified immunity"). Notably absent from the opinion is any mention of *Ramirez* and its purported preclusive effect alleged by the Browns that prevents a district court from instructing the jury on the qualified immunity defense entirely. *See generally id.* Rather, the Circuit called the analysis of the clearly established prong "fact-intensive" and expressly approved of jurors using "broad propositions discussing the facts and circumstances" as guideposts in determining whether qualified immunity is appropriate in a given case. *Id.* at 730-32 (citing *Edwards v. Oliver*, 31 F.4th 925, 932 (5th Cir. 2022)). The Court did just the same here by providing the jury with the clearly established law as to whether the shooting of Apollo was reasonable. The jury was merely asked

whether Burmaster's actions rose to a violation of that criteria, which is a question of fact that is plainly within the jury's purview and requires no extensive legal knowledge to answer. *See id.* at 727-29. Accordingly, the Court refuses to grant the Browns' requested relief and strike the jury's answer to Question 3 of the jury verdict form.

### b. Causation Question Regarding Municipal Liability

At first glance, it appears that the answers to Questions 4 and 5 of the verdict form are somewhat inharmonious given the jury found the City *liable* for a failure to train, supervise, and/or discipline but then found that its policies were not the legal cause of the Apollo's death. However, the Court agrees with Burmaster and the City that it is "reasonable and probable" that the jury answered Question 5 as relating only to the instruction that dealt specifically with causation, which stated that the Browns had to prove a "causal connection between the alleged failure to train, supervise, and/or discipline and the alleged violation of the plaintiffs' constitutional rights." R. Doc. 269. Thus, this is not a situation where the Court is unable to reconcile "apparent inconsistencies" in the jury's answers, such that the verdict must be set aside or a new trial is necessary as requested. *Snyder*, 142 F.3d at 800. Accordingly, the Court finds that the Browns have failed to show that "substantial and ineradicable doubt" exists whether the jury has been properly guided in its deliberations and will not strike the answer to Question 5. *See RSBCO*, 104 F.4th at 555.

### V. CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter Judgment or Order a Limited New Trial, R. Doc. 278, is **DENIED** with prejudice.

New Orleans, Louisiana this 27th day of August, 2025.

8

_____
United States District Judge