UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * <br> * <br> * | Civil Action No. 22-00847 <br><br> SECTION: L |
| VERSUS | * <br> * | <br> HONORABLE ELDON E. FALLON |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * <br> * <br> * <br> * | <br> DIVISION: 4 <br><br> HONORABLE KAREN WELLS ROBY |

**********************************************************************

### Reply in Support of Plaintiffs' Bill of Costs

Plaintiffs, as the prevailing party under Rule 54(d)(1), submit this Reply in support of their motion for taxation of costs to Defendants (R. Doc. 280):

**I.    The Court should grant the motion because Plaintiffs are the prevailing party.**

Defendants contend in their opposition that Plaintiffs are not the prevailing party in this case, even though Plaintiffs won at trial. R. Doc. 283 at 2.

Defendants concede, however, that a party is "prevailing" when it obtains "some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Id.* Here, Plaintiffs won at trial, and the Court issued them a judgment in their favor ordering all Defendants to pay them money. R. Doc. 277. And an "enforceable judgment on the merits that benefits the plaintiff is generally sufficient to convey prevailing party status on the plaintiff."[1]

In its opposition, however, Defendants offer two arguments for why Plaintiffs should not

---

[1] 639 F. Supp. 2d 696, 707 (E.D. La. 2009) (Vance, J.) (emphasis added), *citing Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001))

be considered the prevailing party despite the judgment in their favor. First, Defendants argue that Plaintiffs should not be deemed the prevailing party because the Plaintiffs did not win as much as they asked the jury for. R. Doc. 283 at 2. Defendants offer no authority whatsoever for this argument, and the Fifth Circuit has described this argument as "groundless."[2]

Next, Defendants argue that Plaintiffs are not the prevailing party despite the judgment because Plaintiffs did not prevail on the "significant" claims – by which Defendants mean the Section 1983 claims.[3] But Defendants do not explain <u>why</u> the Section 1983 claims were more "significant" than the state law claims, other than to say that the federal claims were the basis for federal court jurisdiction. They cite no authority for the proposition that the jurisdictional claims are the key ones for prevailing party status.

The cases that Defendants do cite actually undermine their argument, rather than supporting it. For example, they cite *De Mino v. Achenbaum*,[4] a case in which the Fifth Circuit found that a plaintiff who won *some* relief was still the prevailing party despite losing on most of his claims.

Defendants also cite *Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co.*[5] for the proposition that the "failure to prevail on the most significant issue precludes 'prevailing party' status." But *Texas Eastern* – like here – was a case in which a defendant (ODECO) sought prevailing party status even though it lost the case. And in that case, the court <u>denied</u> ODECO prevailing party status because it (like the Defendants here) had been found liable for the harm.

---

[2] *Alexander v. Servisair, LLC*, 593 F. App'x 352, 355 (5th Cir. 2014) ("Servisair contends that damages of one dollar are insufficient to make Alexander the prevailing party. That notion is groundless: Even an award of nominal damages is sufficient to render the plaintiff the prevailing party."). *See also Grisham v. City of Fort Worth*, 837 F.3d 564, 566 (5th Cir. 2016) (holding that "a plaintiff is a prevailing party when nominal damages are awarded").
[3] R. Doc. 281-1.
[4] 81 Fed. Appx. 819, 821 (5th Cir. 2003)
[5] 863 F.2d 355, 370 (5th Cir. 1989)

Thus, *Texas Eastern* emphasizes why Plaintiffs – and not the City – should be granted prevailing party status.

Defendants also cite an Eleventh Circuit case, *Head v. Medford*,[6] for the proposition that "judgment in favor of defendant as to plaintiff's federal claims made defendant the 'prevailing party.'" But in that case, the defendant was the prevailing party because the court dismissed *all* of plaintiff's claims – not just her federal claims.[7] It therefore does not speak to this situation at all, in which plaintiffs prevailed at trial on some claims.

It is true that although Plaintiffs won, they did not win as big as they hoped. But that is not a reason to deny prevailing party status; it is just the nature of litigation.

**II.    The Court should deny Defendants' objections seeking to reduce the award of costs for "exemplification" of demonstrative items.**

In their Opposition to Plaintiffs' Application for An Award of Costs (R. Doc. 283), Defendants object to the award of costs for "exemplification" of demonstrative items. Defendants rely on a decision by the Western District Court of Louisiana, *Luv N' Care v. Larain*, 2025 WL 622334 (W.D. La. Feb. 26, 2025), for the proposition that trial graphics and demonstrative exhibits are not taxable costs.

In *Luv N' Care*, the Western District Court addressed an ongoing circuit split concerning the meaning of the word "exemplification." The party seeking costs cited a number of cases coming out of the Eastern District of Texas which awarded costs under § 1920(4) for trial

---

[6] 62 F.3d 351, 355 (11th Cir. 1995).
[7] *Id*. at 354 ("The district court granted defendants' motion for summary judgment on plaintiff's federal constitutional claims only. The district court declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed them without prejudice pursuant to 28 U.S.C. § 1367(c), a dismissal contested by defendants.")

graphics and trial technician fees as costs.[8] While the Court found these cases were persuasive, it ultimately determined that it was bound by the Fifth Circuit's decision in *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), which held that fees incurred for a "video technician . . . are not included in § 1920 and therefore are not recoverable."

The Fifth Circuit's decision in *Coats* is not on point in this case and the Western District's decision in *Luv N' Care* is only persuasive authority, no different from the Eastern District of Texas decisions. Here, in the Bill of Costs, Plaintiffs request an award of costs for the cost of copying exhibits for the Court-ordered bench books and also for the demonstratives developed for use at the jury trial.[9] Thus, reliance on *Coats* is not appropriate in this case because the *Coats* court addressed only whether costs to take a video deposition were recoverable. *See Pioneer Natural Res. USA, Inc. v. Diamond Offshore Drilling, Inc.* 05-0224, 2009 U.S. Dist. LEXIS 113901, *12-13 (E.D. La. Nov. 17, 2009).

In the context of an Eastern District of Texas patent case on appeal to the Federal Circuit Court in *Innovation Scis., LLC v. Amazon.com, Inc.*, 2021-2111, 2022 U.S. App. LEXIS 19954, *11 (Fed. Cir. July 20, 2022), the appellate court upheld the award of $25,698.85 for printing two sets of trial exhibits. Here, Plaintiffs have requested $731.50 in fees for exemplification and printing costs to Crescent City Litigation Support for Demonstratives and Bench Books. Because the Bench Books are a compilation of the exhibits for trial, this Court should likewise award the costs for their exemplification and printing.

---

[8] *Innovation Sci., LLC v. Amazon.com Inc.*, No. 18-474, 2021 WL 2075676 (E.D. Tex. May 24, 2021); *SynQor, Inc. v. Artesyn Tech., Inc.*, No. 07-497, 2011 WL 4591893 (E.D. Tex. Sept. 30, 2011); *Versata Software Inc. v. SAP America, Inc.*, No. 07-153, 2011 WL 4436283 (E.D. Tex. Sept. 23, 2011); *Finisar Corp.* v. *DirecTV Group, Inc.*, No. 05-264, 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006); *Core Wireless Licensing S.a.r.l. v. LG Elec., Inc.*, No. 14-912, 2020 WL 1557492 (E.D. Tex. April 1, 2020).
[9] These items objected to by Defendants total $4,725.92

In the Memorandum in Support of the Bill of Costs, Plaintiffs cited *Morales v. Safeway Inc.*, 4:17-CV-825, 2020 WL 1190126, at *2 (E.D. Tex. March 12, 2020) for the proposition that, "costs for exemplification are taxable as costs, and this includes graphics support and demonstratives and exhibits for trial." For this proposition, the *Morales* court relied on *Eolas Techs. Inc. v. Adobe Sys.*, Inc., 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012). *Eolas* is a case within the Fifth Circuit specifically addressing whether demonstratives, and not only graphics support or other editing, are taxable. In *Eolas*, the Eastern District of Texas held that, "[d]emonstratives and exhibits for trial fall within the category of exemplification[.]" *Eolas* is on point. This Court should award Plaintiffs' costs for demonstrative items.

### III. Conclusion

For the reasons described above, the Court should award Plaintiffs the costs detailed in their bill of costs and declaration of counsel.

Respectfully submitted:

| | |
|---|---|
| */s/ William Most* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | PATRICK VAN BURKLEO (#41471) |
| DAVID LANSER (La. Bar No. 37764) | JONES WALKER LLP |
| MOST & ASSOCIATES | 201 St. Charles Avenue |
| 201 St. Charles Ave., Ste. 2500, # 6825 | New Orleans, Louisiana 70170-5100 |
| New Orleans, LA 70170 | Telephone: (504) 582-8322 |
| Telephone: (504) 509-5023 | Facsimile: (504) 589-8322 |
| E-Mail: williammost@gmail.com | E-Mail: tanada@joneswalker.com |