UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and<br>JULIA BARECKI-BROWN | * <br> * <br> * | CIVIL ACTION <br><br> DOCKET NUMBER: 22-00847 |
| VERSUS | * <br> * | <br> SECTION: L |
| DERRICK BURMASTER, SHAUN<br>FERGUSON, and the CITY OF<br>NEW ORLEANS | * <br> * <br> * <br> * <br> * <br> * | <br> HONORABLE ELDON E. FALLON <br><br> DIVISION: 4 <br><br> HONORABLE KAREN WELLS ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>CITY OF NEW ORLEANS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE BILL OF COSTS (R. DOC. 286)</u>

Defendant, the City of New Orleans (the "City"), opposes Plaintiffs' Motion to Strike City's Bill of Costs (R. Doc. 286) ("Motion") and respectfully responds as follows.

Plaintiffs' Motion Strike should be denied for two reasons.

### 1. <u>Plaintiffs' Motion is procedurally defective.</u>

Plaintiffs, in their Motion, cite no authority for their request that the "Court should … strike Defendants' motion for the taxation of costs."[1] Federal Rule of Civil Procedure 12(f), which provides for a motion to strike, is limited to "pleadings."[2] Motions are not pleadings and are therefore not subject to being struck pursuant to Rule 12(f).[3] Thus, Plaintiffs' Motion to Strike, which is directed at the City's taxation of costs, is defective and should be denied.

Further, Local Rule 54.3.1 provides for a procedure for parties to apply for taxation of costs. That rule provides that a motion to motion to tax costs must be submitted to the clerk, who

---

[1] R. Doc. 286-1, p.2.
[2] Rule 12(f)("The court may strike from a pleading …"); Rule 7 (listing allowable "pleadings" and differentiating "motions" from "pleadings").
[3] See *Shaw v. Ciox Health, LLC*, 2021 WL411451, \*2 (E.D. La. Feb. 5, 2021 (only pleadings within the definition of Fed. R. Civ. Proc. 7(a) are subject to a motion to strike).

1

then decides whether to award costs. The City properly submitted its motion to award costs to the Clerk; the submission for that motion to the clerk is September 3, 2025. Plaintiffs' Motion to Strike is premature since the Clerk has not made a decision on the City's motion. Plaintiffs' effort to conduct an improper end-run around the Clerk's authority to decide costs pursuant to the Local Rules is improper and the Motion should be denied.

2. **Plaintiffs' Motion to Strike has no merit because the City prevailed at trial.**

In any event, Plaintiffs' Motion to Strike should be denied because the City was the prevailing party at trial, not Plaintiffs.[4] This fact is demonstrated by the Judgment issued by this Court following the verdict issued by the jury.[5] As this Court pronounced in the Judgment,

> The jury returned a verdict in favor of Defendants Derrick Burmaster and the City of New Orleans on the 42 U.S.C. § 1983 constitutional violation claim, finding Burmaster was entitled to qualified immunity and the City's policies with respect to the training, supervision, and/or discipline of Burmaster did not cause the shooting of Apollo. … The Court has adopted the jury's verdict as its own judgment.[6]

In addition, although Plaintiffs were awarded a small amount of money resulting from one of their state law claims, the small size of that award demonstrates that they did not prevail at trial. Plaintiffs were awarded only $10,400.[7] However, the amount of attorney's fees and costs incurred by Plaintiff in pursuing this matter, plus the amount that they asked for during closing argument but were denied by the jury, exceeded the amount that they were awarded by several orders of magnitude. It is not surprising that Plaintiffs have already filed multiple meritless post-trial motions seeking to change the verdict and judgment.

---

[4] See *De Mino v. Achenbaum*, 81 Fed. Appx. 819, 821 (5th Cir. 2003) (finding that a party who "obtained some relief from the litigation" was the prevailing party for purposes of Fed. R. Civ. P. 54(d)(1)); *Texas Eastern Transmission Corp. v. McMoran Offshore Exploration Co.*, 863 F.2d 355, 370 (5th Cir. 1989) (failure to prevail on the most significant issue precludes "prevailing party" status); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (judgment in favor of defendant as to plaintiff's federal claims made defendant the "prevailing party").
[5] R. Doc. 277.
[6] *Id*.
[7] Id.

Plaintiffs' contention that they "won in whole or in part on every single claim" is misleading and wrong.[8] To the contrary, it is more accurate to say that, except for the conversion claim (relating to a loss of property worth $400 plus related emotional distress relating to that loss), Plaintiffs <u>lost in whole or in part on every single claim</u>. Plaintiffs lost their Constitutional claims; in addition, they were found to be more at fault than Officer Burmaster on their negligence claims. Thus, under Plaintiffs own logic, the City is the prevailing party.

Because the City is the prevailing party, it is entitled to recover its costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. There is no cause to strike its Bill of Costs.

## CONCLUSION

For the reasons and authorities cited herein, Plaintiffs' Motion to Strike should be denied.

Respectfully submitted:

*/s/ James M. Roquemore*
**JAMES M. ROQUEMORE, LSB #40035**
DEPUTY CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868
James.Roquemore@nola.gov
*Counsel for the City of New Orleans*

---

[8] R. Doc. 286-1, p. 1.