UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEREK BROWN and JULIA BARECKI-BROWN | * * | Civil Action No. 22-00847 |
| | * | |
| VERSUS | * | SECTION: L |
| | * | |
| DERRICK BURMASTER, SHAUN FERGUSON, and the CITY OF NEW ORLEANS | * * * | HONORABLE ELDON E. FALLON |
| | | DIVISION: 4 |
| | * | |
| | * * | HONORABLE KAREN WELLS ROBY |

********************************************************************************

**Reply in Support of Motion to Strike City's Bill of Costs**

In R. Doc. 281, the City asked the Court to award it costs even though it lost this case at trial. In R. Doc. 286, Plaintiffs moved to strike the City's cost motion, given that the City was not the prevailing party. In opposition (R. Doc. 290), the City raises two points.

First, the City contends that a motion to strike can only strike "pleadings," and thus the present motion is procedurally defective. This argument is belied by the practice of the judges of the Eastern District of Louisiana, who commonly grant motions to strike regarding a wide range of non-pleading filings, including witness and exhibit lists,[1] appraisal awards,[2] specific witnesses,[3] specific exhibits,[4] stipulations,[5] etc. That practice includes the striking of motions.[6]

Second, the City claims that "the City was the prevailing party at trial, not Plaintiffs." In

---

[1] *Harvest Cathedral v. Church Mutual Insurance Company, S.I.*, 23-cv-05664, R. Doc. 84 (E.D. La., July 16, 2025) ("Defendant's Motion to Strike Plaintiff's Lay Witnesses and Exhibit List, R. Doc. 42, is GRANTED")

[2] *Kennedy v. GeoVera Specialty Insurance Company*, 23-cv-06395, R. Doc. 18 (E.D. La. Nov. 22, 2024) ("IT IS ORDERED that GeoVera's motion to strike the appraisal award (R. Doc. 13) is GRANTED.")

[3] *Gray v. Progressive Direct Insurance Company*, 23-cv-01430 R. Doc. 100 (E.D. La., Sep. 10, 2024) ("For the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART plaintiffs' motion to strike certain witnesses and exhibits.")

[4] *Id., Little v. Quality Title Services, LLC*, 23-cv-05394, R. Doc. 59 (E.D. La. Nov. 30, 2023) ("Defendants' motion to strike exhibit A (R. Doc. 49) is GRANTED.")

[5] *Erny v. Aegis Security Insurance Company*, 23-cv-06041, R. Doc. 19 (E.D. La., May 3, 2024) (Defendant's Motion to Strike Stipulation is GRANTED")

[6] *Banner v. Wright*, 23-cv-07296, R. Doc. 94 (E.D. La. Dec. 10, 2024) (order granting motion to strike and replace motion for summary judgment).

1

support, the City quotes part – but not all – of the Court's judgment. Notably, the City leaves out the portion of the judgment ordering that: "there be judgment in favor of Plaintiffs Derek Brown and Julia Barecki-Brown and against Defendants Derrick Burmaster <u>and the City of New Orleans</u> . . . ." (R. Doc. 277, emphasis added). The City cannot credibly claim to be the prevailing party when the suit resulted in a judgment against it.

The City's bill of costs should also be struck because it was based on a material misrepresentation to the clerk. The City wrote in its motion to the clerk that "[j]udgment having been entered in the above entitled action on July 8, 2025, <u>against Plaintiff</u>, the Clerk is requested to tax the following as costs . . . $15,106.75."[7] But there was no judgment entered against Plaintiff (or Plaintiffs). The City's reference to a "judgment . . . against Plaintiff" is a total fabrication.

The motion to strike should be granted.

Respectfully submitted:

| | |
|---|---|
| */s/ William Most* | */s/ Tarak Anada* |
| WILLIAM MOST (La. Bar No. 36914) | TARAK ANADA (#31598) |
| HOPE PHELPS (La. Bar No. 37259) | PATRICK VAN BURKLEO (#41471) |
| DAVID LANSER (La. Bar No. 37764) | JONES WALKER LLP |
| MOST & ASSOCIATES | 201 St. Charles Avenue |
| 201 St. Charles Ave., Ste. 2500, # 6825 | New Orleans, Louisiana 70170-5100 |
| New Orleans, LA 70170 | Telephone: (504) 582-8322 |
| Telephone: (504) 509-5023 | Facsimile: (504) 589-8322 |
| E-Mail: williammost@gmail.com | E-Mail: tanada@joneswalker.com |

---

[7] R. Doc. 284 (emphasis added).