UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEREK BROWN, ET AL.**          *   **CIVIL ACTION**

**VERSUS**                        *   **NO. 22-847**

**DERRICK BURMASTER, ET AL.**     *   **SECTION L(4)**

## ORDER & REASONS

Before the Court Plaintiffs Julia Barecki-Brown and Derek Brown's Motion to Strike, R. Doc. 286, the Bill of Costs, R. Docs. 281 and 284, filed in the above-captioned matter by Defendant New Orleans City. The Motion is opposed, R. Doc. 290, and Plaintiffs have filed a reply memorandum, R. Doc. 291. Plaintiffs argue that they, not Defendant, are the prevailing parties in this action, and thus costs cannot be taxed against them pursuant to Federal Rule of Procedure 54(d)(1).

The Court agrees. A plaintiff is a "prevailing party" if the party "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Abner v. Kansas City Southern Ry. Co.,* 541 F.3d 372, 382 (5th Cir.2008) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). An enforceable judgment on the merits that benefits the plaintiff is generally sufficient to convey prevailing party status on the plaintiff. *See Dearmore v. City of Garland,* 519 F.3d 517, 521 (5th Cir. 2008) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources,* 532 U.S. 598, 604 (2001)). Here, Plaintiffs prevailed on several of their claims at trial and were awarded a total of $10,400.00. R. Doc. 277. Plaintiffs were the prevailing party at trial and costs may not be taxed against them.

Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion to Strike Bill of Costs is **GRANTED** and that

1

Defendant New Orleans City's Bill of Costs and Amended Bill of Costs, R. Docs. 281 and 284, are hereby **STRICKEN** from the record of this matter.

New Orleans, Louisiana this 9th day of September, 2025.

_____<br>
United States District Judge