UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEREK BROWN AND JULIA BARECKI-BROWN** | **CIVIL ACTION NO.** 2:22-cv-847-EEF-KWR |
| v. | JUDGE: ELDON E. FALLON |
| **DERRICK BURMASTER, SHAUN FERGUSON, AND THE CITY OF NEW ORLEANS** | MAGISTRATE JUDGE: KAREN WELLS ROBY |

## REASONS FOR TAXATION OF COSTS

This matter is before the Clerk for taxation of costs. Plaintiffs Derek Brown and Julia Barecki-Brown seek costs against Derrick Burmaster and the City of New Orleans. After a jury trial, the Court issued a judgment in favor of the plaintiffs and against the defendants.[1] Plaintiffs timely sought costs.[2] (Defendants also sought costs, but the Court struck their bills of costs from the record, finding that they were not the prevailing party entitled to costs under Fed. R. Civ. P. 54.[3]) Defendants timely opposed plaintiffs' claim.[4] The Clerk has analyzed the judgment, plaintiffs' request (including their reply memorandum), and defendants' opposition. For the following reasons, a total of $11,725.40 is taxed as costs.

1. **Taxation of Costs Generally**

Defendants argue broadly that plaintiffs are not entitled to costs because they were not the "prevailing party" under Fed. R. Civ. P. 54(d)(1).[5] But the Court has now considered that argument

---

[1] Judgment, R. Doc. 277.

[2] Bill of Costs, R. Doc. 280.

[3] Order and Reasons, R. Doc. 292 (striking defendants' bills of cost at R. Docs. 281 and 284).

[4] Opposition, R. Doc. 283.

[5] Opposition, R. Doc. 283, p. 2.

and rejected it.[6] In its Order and Reasons granting plaintiffs' motion to strike defendants' bills of costs, the Court concluded, "Plaintiffs were the prevailing party at trial."[7] Accordingly, the plaintiffs' costs are generally taxable under Rule 54.

### 2. Costs Taxed Under Rule 54

Federal Rule of Civil Procedure 54(d)'s directive that costs should be taxed is limited by 28 U.S.C. §1920, which identifies specific categories of taxable costs. That statute is further limited by 28 U.S.C. §1821, which specifies taxable amounts for certain costs. The party seeking costs bears the burden of proof that the costs were incurred, are taxable under §1920, and were necessarily incurred in the litigation.[8] Plaintiffs seek the following costs under §1920:

#### a. Fees of the Clerk

Plaintiffs seek $402 as fees of the Clerk.[9] The docket text reflects payment of this amount.[10] Defendants do not oppose this claim. Accordingly, $402 is taxed as fees of the Clerk.

#### b. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

Plaintiffs seek $19,180.55 for transcript costs for 16 witness depositions and for one witness's trial testimony.[11] They support the request with a series of invoices from court

---

[6] R. Doc. 292.

[7] *Id.*, p. 1.

[8] 28 U.S.C. §1920; *see Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).

[9] Bill of Costs, R. Doc. 280.

[10] R. Doc. 1 ("Filing fee $402 receipt number ALAEDC-9298623").

[11] Bill of Costs, R. Doc. 280; supporting memorandum, R. Doc. 280-1, p. 4.

reporters.[12] In addition to written transcripts, the invoices reflect costs for videos, expedited service, rough drafts, appearance and administrative fees, and other ancillary costs.[13]

Regarding video costs, the Fifth Circuit interprets §1920 to permit the taxation of necessary video transcript costs. "That statute has been amended such that we conclude that the cost of taking video depositions may be awarded if shown to be necessary for use in the case under § 1920(2)."[14] Here, plaintiffs explain that videos of certain depositions were necessary because the witness's trial appearance was uncertain or credibility was in question.[15] This suffices as an uncontested, *prima facie* showing that the video transcript costs were necessary. However, costs for videographers and similar, non-transcript costs are not listed as recoverable in §1920 and have not been shown to have been necessary.[16] Accordingly, transcript costs are taxed as follows:

$365.20 – Trial transcript of Derrick Burmaster testimony[17]
$645.00 – Transcripts of David Barnes and John Helou depositions[18]
$201.50 – Transcript of City of New Orleans (through John Helou) deposition[19]
$254.20 – Transcript of Nicholas Gernon deposition[20]

---

[12] Invoices, R. Doc. 280-2.

[13] *Id*.

[14] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 131 (5th Cir. 2015).

[15] Supporting memorandum, R. Doc. 280-1, p. 4.

[16] For example, the "Video Service" hourly charges to record the deposition of Shannon Jones-Brewer are not costs for a "transcript" under §1920 and are not taxable. The charge for the Master – Archived copy of the video is the taxable transcript cost. R. Doc. 280-2, p. 14.

[17] Invoice, R. Doc. 280-2, p. 1. Defendants object that the cost was incurred after trial (Opposition, R. Doc. 283, p. 5) but cite no authority requiring taxable costs to be incurred before trial. Indeed, substantial motion practice took place after trial.

[18] Invoice, R. Doc. 280-2, p. 2.

[19] Invoice, R. Doc. 280-2, p. 3.

[20] Invoice, R. Doc. 280-2, p. 4.

$967.75 – Transcripts of Hans Ganthier and Ryan Lubrano depositions[21]

$323.55 – Transcript of Captain Precious Banks deposition[22]

$223.60 – Video transcript of Captain Precious Banks deposition[23]

$432.50 – Transcript of Keith Sanchez deposition[24]

$665.60 + $43.50 – Transcript and exhibits of John Roussel deposition[25]

$655.20 + $18.50 – Transcript and exhibits of Chris Goodly deposition[26]

$20.00 – Video transcript of Shannon Jones-Brewer deposition[27]

$20.00 – Video transcript of Derrick Burmaster deposition[28]

$873.60 + $21.75 + $84 – Transcript, exhibits, and video of David Duplantier deposition[29]

$488.80 + $19 + $47 – Transcript, exhibits, and video of Debra Pruitt deposition[30]

$275.60 + $3.25 – Transcript and exhibits of John Helou deposition[31]

$1,388.40 + $7.15 + $133.50 – Transcript, exhibits, and video for Derrick Burmaster[32]

$414.00 – Transcripts of Derek Brown and Julia Barecki-Brown depositions[33]

---

[21] Invoice, R. Doc. 280-2, p. 5. The invoice reflects that the transcripts were expedited, but any additional cost was necessary because the depositions were taken May 14, 2025—less than one month before trial.

[22] Invoice, R. Doc. 280-2, p. 6.

[23] Invoice, R. Doc. 280-2, p. 7 (excluding costs for delivery, "Depo Disk/Lit Package," and "MLV Connect").

[24] Invoice, R. Doc. 280-2, p. 10. Any additional cost for expediting was necessary because the deposition was taken less than one month before trial.

[25] Invoice, R. Doc. 280-2, p. 12 (excluding costs for expediting, exhibit handling, and rough draft).

[26] *Id*. (excluding costs for expediting, exhibit handling, rough draft, attendance fee, in-person fee, Depo Disk/Lit package, and shipping).

[27] Invoice, R. Doc. 280-2, p. 14.

[28] Invoice, R. Doc. 280-2, p. 15.

[29] Invoice, R. Doc. 280-2, p. 16 (excluding costs for expediting, exhibit handling, and "Lit Package").

[30] Invoice, R. Doc. 280-2, p. 18 (excluding costs for expediting, exhibit handling, attendance fee, rough draft, in-person fee, "Lit Package," and shipping).

[31] Invoice, R. Doc. 280-2, p. 20 (excluding costs for expediting, condensed copy, rough draft, exhibit handling and scanning, travel/parking, and administrative fee).

[32] *Id*. (excluding costs for next-day delivery, attendance, condensed copy, rough draft, exhibit handling and scanning, in-person fee, editing costs, and "Lit Package").

[33] Invoice, R. Doc. 280-2, p. 22.

$1,147.15 – Transcript and video of Anne Kirkpatrick deposition[34]

$717.60 + $26 + $69 – Transcript, exhibits, and video of Shannon Jones deposition[35]

$40 – Video transcript of Debra Pruitt and Chris Goodley depositions[36]

**$10,591.90 -- Total**

### c. Fees for exemplification and the cost of making copies

Plaintiffs seek $4,725.92 for fees for exemplification and the cost of making copies.[37] They support the request with invoices reflecting costs for 3D modeling[38] and the creation of printed demonstratives.[39] Additionally, in their reply memorandum, plaintiffs explain that a receipt indicating payment to Crescent City Litigation Support for unspecified items/services (R. Doc. 280-2, p. 11) concerns "printing costs" for demonstratives and bench books.[40]

Defendants oppose these claims, asserting that the Fifth Circuit allows recovery of "exemplification" costs for only official transcripts of public records: "The Fifth Circuit construes the term 'exemplification' narrowly to be limited to 'an official transcript of a public record, authenticated as a true copy for use as evidence.'"[41] While defendants do not support their definition of *exemplification* with Fifth Circuit jurisprudence, taxation of these costs need not turn on that term.[42]

---

[34]  Invoice, R. Doc. 280-2, p. 23.

[35]  Invoice, R. Doc. 280-2, p. 25 (excluding charges for next-day delivery, hourly attendance, exhibit handling, in-person fee, "Lit Package," delivery, errata compliance delivery, parking, and mileage).

[36]  Invoice, R. Doc. 280-2, p. 30.

[37]  Bill of Costs, R. Doc. 280.

[38]  Invoices, R. Doc. 280-2, pp. 8-9.

[39]  Invoices, R. Doc. 280-2, pp. 27-30.

[40]  Reply, R. Doc. 289, p. 4.

[41]  Opposition, R. Doc. 283, p. 4.

[42]  Defendants support their assertion of Fifth Circuit caselaw not with a Fifth Circuit case but with a Western District of Louisiana case. (Opposition, R. Doc. 283, at fn. 13). That WDLA case, in turn, quotes a *Federal* Circuit case and Black's Law Dictionary, which appears to be the original source of the quoted definition of "exemplification." *Luv N' Care v. Laurain*, No. CV 3:16-00777, 2025

5

Regarding the printing costs for bench books, the cost can be categorized as both a cost of making copies and a cost for printing under §1920 (3) and (4), so the definition of "exemplification" is immaterial. Moreover, the Court's pretrial notice required plaintiffs to print bench books, rendering those copies "necessarily obtained for use in the case" under §1920(4).[43] Accordingly, $731.50 is taxed as costs for printing/copying bench books.

As for the two invoices for 3D printing, defendants object that the 3D models were not used at trial.[44] Additionally, the invoices show costs for painting, post-production, model editing, and post-processing.[45] These aspects of the claim concern services to create (and later decorate) the thing to be printed, not the printing itself. Such creative costs are not the "printing" costs enumerated as taxable in §1920. By contrast, one invoice does reflect a line-item price of $120 for each of six "3D Prints."[46] While this might be a "printing" cost under §1920, plaintiffs have not explained why six prints were necessary, particularly when none of the six were used at trial. Plaintiffs' (1) failure to explain the necessity and number of the 3D prints and (2) reliance on non-controlling Texas cases that offer minimal legal reasoning for awarding costs to create demonstratives are insufficient to overcome defendants' objection.[47] Accordingly, the cost for 3D models is not taxed.

---

WL 622334, at *10 (W.D. La. Feb. 26, 2025) ("Other circuits, however, employ the 'narrow' definition of 'exemplification' that is set forth in Black's Law Dictionary, which defines exemplification as 'an official transcript of a public record, authenticated as a true copy for use as evidence.'") (citing *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1377 (Fed. Cir. 2006)).

[43] Pretrial Notice, R. Doc. 175-1, p. 5 at 10(d).

[44] Opposition, R. Doc. 283, p. 5.

[45] Invoices, R. Doc. 280-2, pp. 8-9.

[46] Invoice, R. Doc. 280-2, p. 9.

[47] Supporting memorandum, R. Doc. 280-1, p. 5 (citing *Morales v. Safeway Inc.*, No. 4:17-CV-825, 2020 WL 1190126, at *2 (E.D. Tex. Mar. 12, 2020) and reply memorandum, R. Doc. 289, p. 5 (citing *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012)).

Similarly, the costs for cut-outs and blow-ups cannot be taxed under §1920. Here again, the invoice describes labor—not printing—costs ("BLOW UP AND MOUNT") and charges prices ($60 and $230 per item) that also seem to include services.[48] Regardless, the Fifth Circuit in *Coats v. Penrod Drilling Corp.* specifically disallowed costs for "blow-ups used at trial," which is directly on point.[49] These costs are therefore not taxable under §1920.

All told, $731.50 is taxed as costs for exemplification and the costs of making copies.

3. **Conclusion**

For the reasons stated above pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, a total of $11,725.40 is taxed in favor of Derek Brown and Julia Barecki-Brown and against Derrick Burmaster and the City of New Orleans.

New Orleans, Louisiana, this 1st day of October 2025.

          /s/ Brandon C. Briscoe
Brandon C. Briscoe, Chief Deputy Clerk for
Carol L. Michel, Clerk of Court

---

[48] Invoice, R. Doc. 280-2, p. 27.

[49] 5 F.3d 877, 891 (5th Cir. 1993) ("The district court denied Coats' request for travel expenses in the amounts of $711.69 and $642.35, $1,744.96 for 'blow-ups' used at trial, and $1,175.00 in video technician fees incurred for video depositions. These expenses are not included in § 1920 and therefore are not recoverable.'").