**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEREK BROWN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-847** |
| **DERRICK BURMASTER, ET AL** | **SECTION "L" (4)** |

**Plaintiff's Brief About Whether Damages Should be Re-Opened on Retrial**

This case is about the killing of Plaintiffs' puppy Apollo by NOPD Officer Derrick Burmaster. In June 2025, the case went to trial. Regarding Officer Burmaster, the jury found that he committed a constitutional violation, but granted him qualified immunity.[1] The jury also found Officer Burmaster liable for the state-law torts of negligence, negligent infliction of emotional distress, and conversion.[2]

Regarding the City's *Monell* liability for the constitutional claim, the jury reached a confusing outcome, finding both that the City was "liable" but also that its policies did not cause the killing.[3] For damages, the jury awarded $400 for the fair market value of Apollo, and $10,000 for "General Damages, Including Physical and Mental Injury, Pain and Suffering, and Loss of Enjoyment of Life."[4]

On July 14, 2026, the Fifth Circuit issued an opinion remanding this case for a "new trial on municipal liability."[5] On July 23, 2026, at a status conference, the Court asked the parties what to do about damages in the new trial. Should damages be only what the first jury awarded? Or given the new trial on municipal liability, should the new jury be allowed to decide damages on the municipal liability claim? The Court asked for briefing on that topic.[6]

---

[1] R. Doc. 269 (verdict form).
[2] *Id*. at 2-3.
[3] *Id*. at 2.
[4] *Id*. at 3.
[5] *Brown v. Burmaster,* 25-30541 (5th Cir. 2026).
[6] R. Doc. 306.

Given that the Fifth Circuit ruling means that the first jury only awarded damages for the state tort claims, the key to answering this Court's question is asking whether Louisiana tort law is more restrictive of damages in this context than federal Section 1983 law.

The answer is yes. Generally, the scope of damages for state tort claims and Section 1983 claims may overlap – but they are not always identical.[7] And as Defendants argued previously in this case, Louisiana sets a higher bar for emotional distress damages related to property damage than federal law does, requiring "psychic trauma in the nature of a physical injury" in order for a plaintiff to recover.[8] For example, in *Moss v. Town of Rayville*, the state Second Circuit explained that compensable damages for property-related "mental anguish must be a real mental injury. The usual worry over consequences of property damage will not justify an award for mental anguish damages."[9] In *Demery v. City of Shreveport*, the state Second Circuit put a finer point on it:

> Every incident of property damage is necessarily accompanied by some degree of worry or consternation. However, recovery of damages requires the plaintiff to have suffered psychic trauma in the nature of a physical injury as a direct result of the incident which caused the property damage.[10]

This "psychic trauma in the nature of a physical injury" standard is also found in the state First Circuit[11] and Third Circuit.[12] Louisiana courts have applied the "psychic trauma in the nature of a physical injury" restriction particularly to cases involving the killing of pet dogs.[13]

---

[7] *Skultin v. Bushnell*, 82 F. Supp. 2d 1258, 1259 (D. Utah 2000) ("The damages to which plaintiffs are entitled for violation of their federal constitutional rights are those directly related to the conduct constituting a violation of the plaintiffs' civil rights and not necessarily the common law tort damages that might otherwise arise from a state tort, although there may, to some degree, be a similar relationship."), *citing Memphis Comm School District v. Stachura*, 477 U.S. 299, 306(1986).

[8] R. Doc. 208-1 at 8-10.

[9] 181 So. 3d 809, 813 (La. App. 2 Cir 11/18/15).

[10] 55 So. 3d 37, 40 (La. App. 2 Cir 11/03/10); *see also Kemper v. Coleman*, 746 So. 2d 11, 21 (La. App. 2 Cir 07/29/99) (requiring "psychic trauma in the nature of or similar to a physical injury as a direct result of the incident which caused the property damage.")

[11] *Marks v. Walmart, Inc.*, 417 So. 3d 1242, 1248 (La. App. 1 Cir 07/24/25) ("owner of damaged property may not recover for such unless he proves he suffered a psychic trauma in the nature of or similar to a physical injury, as a direct result of the property damage").

[12] *Braxton v. Guillory*, 721 So. 2d 114, 126 (La. App. 3 Cir 10/28/98) ("Mere frustration without proof of psychic trauma similar to physical injury will not lead to recovery.")

[13] *E.g., Barrios v. Safeway Ins. Co.*, 97 So. 3d 1019, 1023 (La. App. 4 Cir 03/21/12).

This standard is not found, however, in Section 1983 law. For example, the Fifth Circuit's pattern jury instruction on emotional distress damages under Section 1983 requires only that a plaintiff prove he or she "suffered a specific discernable injury with credible evidence" that is not merely "[h]urt feelings, anger, and frustration."[14]

Indeed, Defendants *themselves* argued that Louisiana law sets a high bar for property-related emotional distress damages, and moved for the dismissal of some of Plaintiffs' state-law tort claims on that basis.[15] The Court concluded, however, that the Plaintiffs had plausibly met that high bar, and allowed the claims to go to trial.[16]

Thus, Louisiana tort law sets a sharper, more constrained delimitation of what constitutes compensable emotional distress damages in a property-damage context than federal Section 1983 law does. Now that a jury will be focused on the City's potential liability for a federal Section 1983 claim, they could – and should be allowed to – go farther on damages than the first jury did.

To avoid the risk of double recovery, Plaintiffs recommend the following procedure: allow the second jury to award damages if it finds the City liable. If those damages are higher than the $10,400.00 the first jury awarded, issue a judgment holding the Defendants jointly and severally liable for $10,400.00 plus costs, and the City liable for the excess plus reasonable attorneys fees.

If the second jury's damages are lower than the first jury, issue a judgment holding the Defendants jointly and severally liable for $10,400.00 plus costs, and the City separately liable for reasonable attorneys fees.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

[14] Fifth Circuit Pattern Jury Instruction, § 10.13.
[15] R. Doc. 208-1 (Defendants' Motion for Summary Judgment) at 8-10.
[16] R. Doc. 245 (Order on Summary Judgment).

201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com