**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DEREK AND JULIA BARECKI BROWN** | * | **CIVIL ACTION** |
| | * | **No. 22-00847** |
| **VERSUS** | * | |
| | * | **SECTION: "L" (4)** |
| **DERRICK BURMASTER, SHAUN FERGUSON AND THE CITY OF NEW ORLEANS** | * | |
| * * * * * * | * | |

**THE CITY OF NEW ORLEANS' RESPONSE BRIEF REGARDING DAMAGES**

NOW COMES, the City of New Orleans, which, pursuant to this Court's July 23, 2026 Order respectfully submits the following response regarding the availability of additional damages.[1]

Plaintiffs' proposed procedure—"allow[ing] the second jury to award damages if it finds the City liable"—is telling.[2] Plaintiffs effectively seek a second bite at the apple on damages. Under their proposal, the first damages award would remain subject to an additional damage determination if the second jury awards damages exceeding $10,400.00. However, if the second jury awards less than the first, Plaintiffs propose that the court enter judgment against Defendants for $10,400.00, plus costs.

In other words, Plaintiffs seek a procedure that affords them a second opportunity to increase the general damage award and force the City to defend itself twice on the same issue.[3] The asymmetry is blatantly obvious: Plaintiffs bear no corresponding risk from this second bite at

[1] R. Doc. 306.
[2] R. Doc. 307, p. 3.
[3] It is worth highlighting that the City already defended the Plaintiffs' damage claim during the June 2025 trial. Plaintiffs are obviously not satisfied with the general damages awarded by the jury because they requested that the jury award $800,000 for general damages, but the jury found they were only entitled to $10,000 for general damages. The jury considered all general damages that were available under state and federal law, and the award relative to general damages speaks for itself. (R. Doc. 269). Moreover, Plaintiffs did not challenge this award on appeal, and the 5th Circuit did not authorize a new trial on damages. See *Brown v. Burmaster,* 25-30541 (5th Cir. 2026).

the apple; they can only benefit from a second damages determination, while the City bears the burden and expense of defending against a duplicative damages claims. The law does not countenance this "do-over" and the Court should reject this one-sided and fundamentally unfair gambit.

Plaintiffs' proposal also creates an obvious risk of duplicative recovery for the same indivisible damages and runs counter to the prohibition against double recovery. There is no question that a plaintiff may not recover the same compensatory damages twice merely by asserting overlapping legal theories, and a defendant cannot be required to pay twice for a single injury.[4] The jury did not—and could not—allocate the award among the various components of the Browns' general damages.[5] Given this fact, there is no way to determine what portion of that award compensated for any injury or element of the total general damage award allocated to each plaintiff. Plaintiffs' proposal therefore asks that another jury be allowed to award damages for the same injuries, then stack whatever amount that jury awards above $10,400 on top of the first verdict if the number exceeds the original verdict. Such a procedure would allow the Plaintiffs to recover twice for the same harm because the proposed procedure would combine damage awards for the same damages. There is no principled let alone legal basis for permitting such an inherently duplicative and unworkable damages scheme. Indeed, Plaintiffs' request is akin to a request for punitive damages, which are not allowed in this context.[6]

Moreover, the City also submits that Plaintiffs' counsel are aware and in fact already

---

[4] *Atkinson v. Anadarko Bank & Tr. Co.,* 808 F.2d 438, 441 (5th Cir.1987); *see also Gagnard v. Baldridge*, 612 So.2d 732, 736 (La. 1993) ("A wrongdoer should not be required to pay twice for the same elements of damages. Double recovery would be in the nature of exemplary or punitive damages which are not allowable under Louisiana law unless expressly provided for by statute.")

[5] R. Doc. 269, p. 3. The jury was asked to determine the total value of Derek and Julia Brown's physical and mental injury, pain and suffering, and loss of enjoyment of life. These figures for the amounts of each of these individual measures of damages are subsumed in one award of $5,000 to each plaintiff.

[6] Section 1983 does not allow for recovery of punitive damages against a municipal entity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

acknowledged that the jury's award represented the full extent of the damages the jury was authorized to award for the Browns' injuries, regardless of whether those damages were characterized as arising under federal or state law. Following the rendition of the $10,400.00 damages judgment, Plaintiffs asked this Court to allow the jury to consider punitive damages. There is no question that punitive damages could only apply to a federal claim.[7] Plaintiffs suggested that an award on punitive damages would be available against Burmaster in the event the Fifth Circuit reversed the finding of qualified immunity; but this Court rejected Plaintiffs request.

Nonetheless, the fact that Plaintiffs previously requested this is an acknowledgement that they are not entitled to a second bite at the apple now. More specifically, Plaintiffs request that the first jury be allowed to consider punitive damages unquestionably demonstrates that Plaintiffs understood that the original damages verdict would carry over to any federal damages award. Having sought to preserve the possibility of an award of punitive damage by the same jury that rendered the original verdict, Plaintiffs cannot now credibly contend that the general damage awards on the verdict form were not intended to apply to both federal and state law claims. Plaintiffs' own position at trial confirms that they understood the jury was determining the Browns' damages as a whole—not issuing separate, duplicative awards based on different legal theories. For this reason, there is no legitimate basis for Plaintiffs to attempt to obtain a second damages determination.

The first jury awarded a complete compensatory package for the injuries established at trial, and the remand is expressly confined to municipal liability.[8] The remand did not concern

[7] Under Louisiana law, punitive damages are not recoverable absent an express statutory authorization. *International Harvester Credit Corp. v. Seale*, 518 So. 2d 1039, 1041 (La. 1988). And punitive damages would not be available for any state law claims asserted in this case.
[8] *Brown v. Burmaster,* 25-30541, p. 13 (5th Cir. 2026).

the damage award.[9] Specifically, the remand only commands a new trial on municipal liability, not damages. Should Plaintiffs prove that the City is responsible under federal law for the general damages previously awarded, Plaintiffs would then have a claim for attorney's fees, but nothing more.

Courts do not permit double recovery of the same compensatory damages when overlapping federal and state claims arise from the same injury.[10] Plaintiffs argue that "Louisiana tort law sets a sharper, more constrained delimitation of what constitutes compensable emotional distress damages in a property-damage context than federal Section 1983 law does."[11] However, this alleged distinction was never presented to the jury.[12] After being provided instructions on what constituted general damages, which applied to all causes of action, the jury was presented with a set of straightforward questions regarding damages:

**DAMAGES**

13. What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Derek Brown and Julia Barecki-Brown for the harm that they suffered?

*[Enter a sum in dollars for each line if appropriate, and then stop and turn this sheet in to the Judge.]*

A. Fair Market Value of Apollo: $ 400

B. General Damages, Including Physical and Mental Injury, Pain and Suffering, and Loss of Enjoyment of Life:

Plaintiff Derek Brown: $ 5,000

Plaintiff Julia Barecki-Brown: $ 5,000

The singular presentation aligns with Fifth Circuit precedent providing: "Because § 1983 damages are based on a principle of compensation, a characterization of plaintiff's loss which permits

---

9 The Fifth Circuit's mandate rule requires a district court on remand to effect the appellate mandate and do nothing else. *Collins v. Lew*, 642 F. Supp. 3d 577 (S.D. Tex. 2022).

10 The Fifth Circuit in *Zaffuto v. City of Hammond*, 308 F.3d 485 (5th Cir. 2002) affirmed a single compensatory damages award and noted that the measure of compensatory damages under all theories arises from the same injuries, with the properly submitted state law claim forming an independent basis to support that award.

11 R. Doc. 307, p. 3.

12 *See* Jury Instructions provided during the June 2025 trial.

duplicate recovery for one type of harm is not allowed."[13] In other words, the jury was given one blank to fill in damages as to each plaintiff. If Plaintiffs truly believed the recovery could be parceled out as they now claim, the verdict form should have made such a distinction. It didn't, and thus, Plaintiffs' argument should be foreclosed.

## CONCLUSION

Allowing Plaintiffs to present the same damages question to a second jury would be fundamentally unfair to the City and contrary to established law. It would give Plaintiffs an improper second opportunity to obtain damages for the very same injuries while exposing the City to the risk of duplicative recovery for a single harm. Nothing in the law permits Plaintiffs to take a second bite at the damages apple simply because they are dissatisfied with the first jury's award. This Court should reject Plaintiffs' proposal, declare that the Browns' damages have been fully adjudicated, and consistent with the Fifth Circuit's mandate proceed forward with a trial on the sole issue of whether the City caused the damages awarded by the jury during the original trial.

Respectfully submitted,

*/s/ Corwin St. Raymond*

**CORWIN ST. RAYMOND, LSB# 31330**
CHIEF DEPUTY CITY ATTORNEY
1300 Perdido Street, Ste. 5E03
New Orleans, Louisiana 70112
Telephone: 504-658-9920
Facsimile: 504-658-9868

[13] *Fowler v. Carrollton Pub. Libr.*, 799 F.2d 976, 982 (5th Cir. 1986) (discussing error of bifurcating damages for mental anguish and physical pain and suffering).