**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEREK BROWN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-847** |
| **DERRICK BURMASTER, ET AL** | **SECTION "L" (4)** |

**Memorandum in Support of Plaintiffs' Motion for Limited Discovery**

In this motion, Plaintiffs ask the Court for limited discovery to investigate certain facts relevant to Plaintiffs' *Monell* claim and Burmaster's credibility. These facts were revealed in the context of Officer Burmaster's recent arrest for threatening his roommate with a service weapon.

This case is about the killing of Plaintiffs' puppy Apollo by NOPD Officer Derrick Burmaster. On July 14, 2026, the Fifth Circuit issued an opinion remanding this case for a "new trial on municipal liability."[1] The new trial on municipal liability is set to begin January 12, 2027. R. Doc. 309. This Court has allowed *Monell* theories of municipal liability including failure to supervise and failure to train to proceed to trial. R. Doc. 245.

As described more fully below, undersigned counsel recently learned that Defendant Burmaster failed to disclose relevant information in his responses to Plaintiffs' discovery requests and during his deposition. This information is relevant to Plaintiffs' *Monell* theory of failure-to-supervise, as well as to Burmaster's credibility.

Plaintiffs respectfully request that discovery be reopened for the limited purpose of conducting discovery on the past incidents Defendants failed to disclose.

[1] *Brown v. Burmaster,* 25-30541 (5th Cir. 2026).

**I. A newly-identified witness reports that long before Defendant Burmaster killed Plaintiffs' dog, Defendant City demoted Defendant Burmaster after he committed battery on a Kenner police officer.**

On October 17, 2026, Defendant Burmaster was arrested in Slidell after he was accused of drunkenly using his "NOPD-issued firearm" to threaten his roommate.[2] The arrest followed reports by Burmaster's roommate that Burmaster had pointed his weapon at her and threatened her, to the point where she had to barricade a door with a kitchen table[3]:




[2] https://www.wwltv.com/article/news/crime/nopd-officer-arrested-in-slidell-accused-of-pulling-out-gun-on-roommate/289-1ed6b93e-f4b5-45ea-9ab6-22bd15647f27

[3] Ex. A (Dec. of William Most) at ¶ 3.

In the comments on the roommate's Facebook post, a person named Michael Burden identified himself as Officer Burmaster's prior neighbor and described a prior incident:[4]




Undersigned counsel spoke to Mr. Burden on the telephone.[5] Mr. Burden reported that he used to live on the same street as Officer Burmaster in Kenner. He described Officer Burmaster as a "raging alcoholic" who would start drinking as soon as he got home.[6] Mr. Burden reported that Burmaster would drive drunk all the time, and Burden said he would see Burmaster visibly "hammered" as he exited the NOPD squad car he was driving.[7]

Mr. Burden described an incident in which Officer Burmaster engaged in domestic violence towards his then-wife.[8] When the Kenner police officer who responded went to put handcuffs on Burmaster, Burmaster engaged in a battery on an officer – by completing maneuver to escape the handcuffs and putting them <u>on the Kenner officer</u>.[9] According to the witness, a whole fleet of Kenner police was dispatched to deal with Burmaster.[10] The charges were dropped, but the witness heard that Burmaster was demoted from narcotics detective to traffic cop.[11] Mr. Burden reported that all of the neighbors on the 1900 block of Idaho St. were terrified of Officer Burmaster.[12]

---

[4] *Id.* at 4.
[5] *Id.* at ¶ 5.
[6] *Id.* at ¶ 6.
[7] *Id.* at ¶ 7.
[8] *Id.* at ¶ 8.
[9] *Id.*
[10] *Id.* at ¶ 9.
[11] *Id.* at ¶ 9.
[12] *Id.* at ¶ 10.

This incident is directly relevant to Plaintiffs' *Monell* claim. In ruling on summary judgment, this Court allowed Plaintiff's supervision-based *Monell* claim to proceed to trial, noting that "the City was aware of Burmaster's involvement in over thirty reported incidents of excessive force and had numerous NOPD rule violations [and yet] the City continued to retain Burmaster as an employee and has not offered a clear rationale for its inaction."[13] An incident in which Officer Burmaster engaged in battery on another police officer is an escalation of the other incidents in the pattern, and is particularly relevant for trial.

Mr. Burden also provided a description of another issue – described in redacted paragraphs 15 and 16 of Exhibit A – that directly bear on Officer Burmaster's credibility as a witness.[14]

## II. The Court should grant this motion as a sanction for Defendants' sanctionable discovery misconduct.

The information described above is new, but it *should not* be new. In discovery requests sent to the City Attorney on June 30, 2022, Plaintiffs requested that the City "[p]roduce the entire personnel and PIB files for Derrick Burmaster…"[15] The records produced did not include any records addressing an arrest of Defendant Burmaster in which he battered another police officer while he was employed by NOPD.

During his deposition on March 10, 2023, Defendant Burmaster testified that he had been employed as a police officer for, "twenty-three years," entirely with NOPD.[16] When asked if he had ever been arrested, Defendant Burmaster testified only that he was arrested for, "simple

[13] R. Doc. 245 at 12. See also id. at ¶ 21 ("the Court concludes there are genuine issues of material fact as to whether the City acted with deliberate indifference in its alleged failures to train, supervise, and discipline Burmaster in light of the evidence showing sufficiently numerous and similar past instances of excessive force as well as Burmaster's general disciplinary history.")

[14] Plaintiffs will be filing a motion to file the entire declaration under seal.

[15] See RFP 3 ("Produce the entire personnel and PIB files for Derrick Burmaster, including any records evidencing any complaints or disciplinary action, job performance reviews, written evaluations (whether based on a numerical scale or otherwise), job/competency/skills assessments, and applications for employment.").

[16] Transcript of Deposition of Defendant Derrick Burmaster, (Ex. M to R. Doc. 111) at p. 15:7-15.

battery, domestic."[17] Defendant Burmaster described the domestic incident and testified that he had never been arrested for anything else.[18] He declined to mention that he had engaged in battery on an officer and been demoted for it.

As a result, Plaintiffs missed out on the opportunity to depose witnesses conduct discovery this incident, which is relevant to Plaintiffs' *Monell* theory of failure-to-supervise. It is only because a witness commented publicly in response to news of Defendant Burmaster's recent arrest and agreed to speak with undersigned counsel that we have this information at all.

Plaintiffs should be allowed opportunity to depose this witness and to seek supplemental discovery from Defendants.

## Conclusion

Plaintiffs respectfully request that discovery be reopened for the limited purpose of conducting discovery on the past incidents Defendants failed to disclose.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com

[17] *Id.* at p. 15:18-21.
[18] *Id.* at p. 15:22-16:25.