**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEREK BROWN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-847** |
| **DERRICK BURMASTER, ET AL** | **SECTION "L" (4)** |

**Reply in Support of Plaintiffs' Motion for Limited Discovery**

In this motion, Plaintiffs ask the Court for limited discovery to investigate a witness who appears to have evidence directly related to Plaintiffs' improper-supervision *Monell* claim.

Defendant's primary objection is that the motion is supported by a hearsay declaration. R. Doc. 313 at 4. Defendant is correct: with regard to the merits of this case, the declaration is hearsay and would not be admissible at trial. But that is exactly why Plaintiffs bring this motion: to engage in limited discovery that could lead to admissible evidence. (The declaration is not, however, hearsay with regard to the matter relevant to this motion: that a potential witness said these things to undersigned counsel. Of that fact, the declarant is a percipient witness.)

Defendants contend, however, that as a general matter a motion may not be supported by a hearsay declaration. R. Doc. 313 at 4-5. But they do not provide any legal support for that proposition. The cases they cite – *Furlow*, *$92,203.00 in U.S. Currency*, and *Tate* – only address whether hearsay can support a dispositive summary judgment motion.[1] In fact, the Fifth Circuit has explicitly allowed hearsay evidence to support non-dispositive motions. *See, e.g., Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993) ("at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence."), *citing Federal Savings and Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558-559 (5th Cir.1987).

[1] *Furlow v. Bullzeye Oilfield Serv., LLC*, 2017 WL 11049242 (W.D. Tex. Aug. 4, 2017) (addressing whether hearsay was admissible evidence at summary judgment); *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 510 (5th Cir. 2008) (same); *Tate v. Starks*, 444 F. App'x 720, 727 (5th Cir. 2011) (same)

Defendant also contends that "Burmaster's off-duty domestic dispute" does not support Plaintiffs' *Monell* claim. R. Doc. 313 at 6. But that is not what Plaintiffs intend to offer in support of the *Monell* claim. Plaintiffs' motion is clear that the relevant evidence they intend to elicit is about Burmaster's choice to engage in battery-on-an-officer in front of witnesses, not about the underlying domestic dispute. If NOPD knew that Burmaster assaulted a Kenner officer in front of witnesses and chose to keep him on the force anyway despite violent, reckless conduct, that would fit squarely within the scope of what this Court allowed as a *Monell* claim. See R. Doc. 245 (denying summary judgment on *Monell* claim in part because of Burmaster's "verbal intimidation, moral conduct, professionalism, performance of duty, and neglect of duty").

Furthermore, Defendant does not address the sealed portion of the declaration at all. That portion implicates issues of Burmaster's credibility as a witness, which would be relevant regardless of whether it fits within the *Monell* claim.

Defendant also suggests that plaintiffs' counsel should have somehow known to ask about the battery-on-an-officer at deposition. But as their own quotation of the transcript indicates, Burmaster characterized the incident as an "altercation in the house" with his "romantic partner" (R. Doc. 313 at 7) – not an assault on an *officer* that occurred *outside* the house in front of witnesses. A lawyer cannot ask questions about things that have not been disclosed. Nor does Defendant contend that plaintiffs' counsel would have had any way of knowing about the sealed portion of the declaration, relevant to Burmaster's credibility.

And notably, Defendant's opposition does not deny the key potential evidence here:

(1) that Burmaster engaged in battery-on-an-officer while he was employed by the City;

(2) that the City was aware of it; and

(3) that the City did not turn over in this case documents related to that crime.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
Tel: 504.509-5023
Email: williammost@gmail.com

TARAK ANADA (#31598)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
E-Mail: tanada@joneswaker.com