**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DEREK BROWN and JULAI BARECKI-BROWN** | * | **CIVIL ACTION NO. 22-847** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **DERRICK BURMASTER, ET AL.** | * | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

* * * * * * * *

**ORDER & REASONS**

Before the Court is a Motion for Limited Discovery filed by Plaintiffs Julia Barecki-Brown and Derek Brown. R. Doc. 310. Defendant City of New Orleans opposes the motion R. Doc. 313. Plaintiffs replied. R. Doc. 314. Considering the record, briefing, and applicable law, the Court rules as follows:

## I. BACKGROUND

On April 10, 2021, New Orleans Police Department ("NOPD") Officer Derrick Burmaster shot and killed Plaintiffs' dog when responding to a reported disturbance at Plaintiffs' residence. R. Doc. 1 at 1. Plaintiffs filed suit against Burmaster, the Superintendent of the New Orleans Police Department, and the City of New Orleans. *Id.* at 3. Plaintiffs asserted 42 U.S.C. § 1983 claims against Burmaster for various constitutional violations, and *Monell* claims against the City for its alleged failure to adequately train, supervise, and discipline Burmaster regarding his police work and interactions with dogs in the field, and various state-law claims against all Defendants. R. Doc. 60 at 9–10, 14–17. In support of their *Monell* claims, Plaintiffs aver that Burmaster has had at least thirty reported excessive use of force incidents in the last ten years, most notably including a prior shooting of a dog. *Id.* at 14–17.

In March 2023, Plaintiffs' counsel deposed Burmaster. R. Doc. 313 at 7. Counsel asked Burmaster if he had ever been arrested, to which Burmaster responded that he had "many years

ago" during a domestic violence dispute. *Id.* Counsel proceeded to question Burmaster briefly about the arrest. *Id.* Burmaster responded directly to each question:

Q. Yeah. And this is a -- a question I ask of all witnesses. It's not specific to you, but have you ever been arrested?
A. Yes.
Q. What were you arrested for?
A. Simple battery, domestic.
Q. And when was that?
A. I would have to look that up.
Q. Was it in the last two years?
A. No. It was many years ago. My partner got shot and it was the -- the morning after he got shot.

Derrick Burmaster
March 10, 2023

Page 13

Q. So your partner at the police department got shot on the job and the next day you were arrested for simple battery?
A. Yeah. He -- He was -- Yeah. He was sitting in the car next to me when he got shot.
Q. Okay. So your -- Many years ago, your partner was sitting next to you, got shot, and then the next day, you were arrested for simple battery, domestic?
A. Yes.
Q. Okay. Did you have an altercation with your romantic partner in between your partner getting shot and your arrest?
A. Yes. There was an altercation in the house.
Q. Okay. And were the charges accepted for that?
A. No.
Q. So you were never convicted of that?
A. Correct.
Q. Have you ever been arrested for anything else?
A. No.
Q. And you said your job title now is senior officer; is that correct?

Approximately one year earlier, Plaintiffs propounded a request for production on the City for Burmaster's "entire personnel and [Public Integrity Bureau] file." R. Doc. 310-1 at 4. The records the City produced in response to the request did not mention an arrest of Burmaster in which he battered another police officer while employed by NOPD. *Id.*

Discovery closed in May 2025, R. Doc. 213, and the matter proceeded to a jury trial in June 2025. R. Doc. 260. At the conclusion of trial, the jury found that Burmaster acted unreasonably but was entitled to qualified immunity, Defendants were negligent under state law, and the City was liable for a violation of Plaintiffs' rights for inadequately training, inadequately supervising, or inadequately disciplining Burmaster with respect to the use of force on dogs. R. Doc. 269. The Fifth Circuit affirmed the qualified immunity finding but held that the jury's *Monell* verdict was irreconcilable. *Brown v. Burmaster*, 181 F.4th 642 (5th Cir. 2026). The Circuit remanded for a new trial on Plaintiffs' *Monell* claims. *Id.* at 651. A new trial has been set in this matter for January 12, 2027. R. Doc. 309.

## II. PRESENT MOTION

Plaintiffs ask the Court to amend the scheduling order and reopen discovery for the limited purpose of investigating several recently revealed allegations concerning Burmaster's conduct twenty years ago. R. Doc. 310-1 at 1. Plaintiffs set out the following events as the reason for their request. In October 2026, Burmaster was arrested in Slidell on suspicion of assaulting his roommate. *Id.* at 2. Burmaster's roommate wrote a Facebook post about the incident. *Id.* An individual named Michael Burden commented on the Facebook post. *Id.* at 3. Burden represented himself as a former neighbor of Burmaster's, and described a twenty-year-old domestic violence incident involving Burmaster:

> [Burmaster] is my old neighbor. 20 years ago. In Kenner. He beat his wife. She left him. Kenner cops came. Tried to arrest him. He was able to reverse the cuffs on to Kenner police. Then all of Kenner showed up. He was demoted from detective down to traffic. He

was a heavy drinker then as well.

*Id.* at 3. Plaintiffs' counsel reached out to Burden by phone for more information. *Id.* Plaintiffs attach to their motion a declaration by Plaintiffs' attorney William Most describing the phone call. R. Doc. 310-2. Most represents that, during the call, Burden reported that he used to live on the same street as Burmaster. *Id.* at 2. Burden then described the twenty-year-old domestic violence incident to Most. *Id.* Burden stated that Burmaster engaged in battery upon a Kenner police officer during his arrest, and that he had heard Burmaster was demoted by the NOPD from narcotics detective to traffic cop for his conduct. R. Doc. 310-1 at 3. Burden made several other allegations regarding deceptive conduct committed by Burmaster twenty years ago. R. Doc. 310-5 at 1. Plaintiffs filed these allegations under seal. *Id.*

Plaintiffs seek limited discovery to investigate this recently discovered information about Burmaster. Concerning the domestic violence incident, Plaintiffs emphasize that they only learned about Burmaster's alleged battery upon a Kenner police officer and demotion by NOPD through Burden, and fault Burmaster for not offering this information during his deposition. *Id.* at 4–5. Plaintiffs posit that, because Burmaster declined to mention these two key facts, they "missed out on the opportunity to depose witnesses and conduct discovery" on the incident. *Id.* at 5. Plaintiffs go on to emphasize that the battery, demotion, and domestic incident at large are relevant to their *Monell* claims because the City's awareness of Burmaster's history of violence goes directly to whether the City failed to adequately train, supervise, and discipline Burmaster. *Id.* at 4.

Next, Plaintiffs accuse the City of intentionally withholding records pertaining to the domestic violence incident when responding to Plaintiffs' request for production because Burmaster's personnel file contained no mention of the alleged battery on a police officer. *Id.* Plaintiffs posit that sanctions are appropriate for the City's discovery misconduct. *Id*

Finally, Plaintiffs maintain the accusations filed under seal concerning certain deceptive

behaviors committed by Burmaster warrant reopening discovery. *Id.* Plaintiffs contend that these allegations are relevant because they bear directly on Burmaster's credibility as a witness. *Id.*

The City opposes the motion. R. Doc. 313. The City begins by stressing that Plaintiffs' request for additional discovery is not supported by reliable evidence. *Id.* at 4. Specifically, the only evidence of Burmaster's battery of a police officer and demotion is the twenty-year-old recollection of a former neighbor. *Id.* It is unclear whether Burden witnessed the arrest, and his knowledge of Burmaster's alleged demotion is based on what he "heard" from someone else. *Id.* The City questions whether the battery and demotion even occurred, and stresses that those events would have generated a police report and court records, which Plaintiffs have not produced. *Id.* The City maintains that this hearsay evidence provides insufficient grounds to reopen discovery. *Id.* at 5.

Second, the City argues that the domestic violence incident is irrelevant to Plaintiffs' *Monell* claims. *Id.* To this end, the City stresses that the incident is a twenty-year-old domestic dispute for which Burmaster was not charged or convicted. *Id.* at 6. The NOPD did not respond to the incident and the only evidence that the NOPD was even aware of Burmaster's arrest is Burden's hearsay statement. *Id*. at 6.

Next, the City emphasizes that Plaintiffs' counsel has had knowledge of the domestic violence incident as far back as Burmaster's March 2023 deposition. *Id.* at 2. Burmaster plainly admitted that he had been arrested during this incident and candidly answered all questions posed to him. *Id.* at 2. The City maintains that it was Plaintiffs' fault for not asking Burmaster additional questions regarding the incident during the deposition and "[Plaintiffs'] failure to fully exploit that opportunity was a strategic decision or tactical shortcoming that does not constitute good cause to reopen discovery." *Id.* at 8. Finally, on document production, the City represents that it produced all documents in Burmaster's personnel and PIB files. *Id.* at 4.

## III. DISCUSSION

Plaintiffs request the Court amend the Scheduling Order to reopen discovery for the limited purpose of investigating the recent allegations concerning Burmaster's past conduct. Fed. R. Civ. P. 16(b)(4) provides that "[a scheduling order] may be modified only for good cause and with the judge's consent." "The good cause standard requires the party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012). In the Fifth Circuit, four factors guide this determination: (1) "the importance of the amendment;" (2) "the explanation for the failure to complete discovery on time;" (3) "the potential prejudice in allowing the amendment;" and (4) "the availability of a continuance to cure such prejudice." *Id.* As a general matter, courts hesitate in reopening discovery on the eve of trial when the movant fails to provide a satisfactory explanation for the delay. *See, e.g., Turnage v. Gen. Elec. Co*., 953 F.2d 206, 208 (5th Cir. 1992) (affirming the district court's denial of a discovery request on the eve of trial that would have produced relevant evidence because counsel waited two years before attempting to investigate the issue); *Leza*, 496 F. App'x at 377–78 (affirming the district court's decision not to reopen discovery when the movant made no showing they were denied the opportunity to conduct the requested discovery during the discovery period).

Plaintiffs maintain that three recent revelations warrant reopening discovery: (1) Burmaster's alleged battery upon a Kenner police officer and demotion; (2) the City's purportedly incomplete discovery response; and (3) Burden's allegations in the sealed portion of Most's declaration. After evaluating each of these developments through the governing framework, the Court concludes that none provide good cause for reopening discovery.

### A. Burmaster's Battery Upon a Police Officer and Demotion

Plaintiffs recently learned through Burden of Burmaster's alleged battery upon a Kenner police officer and demotion by NOPD. Plaintiffs ask for limited discovery to investigate these revelations. The Court finds that good cause does not support Plaintiffs' request.

First, Plaintiffs have not made a strong showing that reopening discovery to investigate the battery and demotion is important for their case. Two considerations guide the Court's assessment of this first factor. First, there is tenuous evidence that the alleged battery upon a Kenner police officer and demotion occurred. Burmaster did not confirm these events, and Plaintiffs offer no police report or court records indicating they took place. Plaintiffs rely entirely on the recollection of a neighbor from two decades ago. It is unclear whether the neighbor witnessed the battery, and his knowledge of Burmaster's alleged demotion is based entirely on what he supposedly heard from someone else. The limitations on hearsay do not restrict what evidence the Court can consider in resolving this motion. But hearsay is still relevant to the weight and persuasiveness of the evidence Plaintiffs present. A word-of-mouth account of a two-decade-old event is a shaky basis for reopening discovery.

Second, the relevance of the information sought is only moderate. The domestic violence incident occurred nearly two decades before the shooting at the center of this case. The incident did not result in charges and did not occur while Burmaster was on duty. R. Doc. 313 at 7. Plaintiffs have information of "at least thirty" reported incidents involving an excessive use of force filed against Burmaster. *See* R. Doc. 122 at 4. These considerations suggest that while the information sought may be helpful to some extent, it is not critical to Plaintiffs' case.

Next, Plaintiffs have failed to offer a satisfactory explanation for why the requested discovery could not have taken place in the two-year period between Burmaster's March 2023 deposition—when they first learned of the domestic violence incident—and the May 2025

discovery cutoff. The record presented suggests that Plaintiffs had avenues available to investigate the incident during the discovery period that they did not pursue. First and foremost, Plaintiffs' counsel could have pressed Burmaster for additional details during his deposition. Plaintiffs take the position that the City's knowledge of Burmaster's history of violence is relevant to their *Monell* claims. Counsel learned in deposition that Burmaster was arrested for simple battery of his spouse, but neglected to ask whether the NOPD was aware of the incident. R. Doc. 313 at 7. The portion of the deposition transcript submitted to the Court shows Burmaster answered each question posed to him candidly. *Id.* There is no indication that Burmaster would have withheld information about his battery upon a Kenner officer and demotion, assuming these events actually occurred. It was the responsibility of Plaintiffs' counsel to elicit information, not Burmaster to voluntarily offer it. Beyond the deposition, it appears that Plaintiffs' counsel did not engage in any targeted efforts to learn more about the incident. There is no record of Plaintiffs submitting public records requests, pulling the arrest record, or asking representatives for the City or NOPD in deposition about the police department's knowledge of the arrest. If Plaintiffs engaged in these efforts, they have not made it known to the Court. Consequently, the Court is left with the impression that Plaintiffs' counsel simply neglected to investigate what they claim is a relevant incident.

Regarding the third factor—prejudice resulting from amendment—the City has not identified any prejudice that would result from reopening discovery. Accordingly, the Court finds this factor weighs in favor of reopening discovery.

Finally, concerning continuance, the Fifth Circuit has cautioned against granting a continuance for missed pretrial deadlines when it would add to the opposing party's expense and "not deter future dilatory behavior." *Garza v. Allstate Tex. Lloyd's Co*., 284 F. App'x 110, 113 (5th Cir. 2008). Trial is less than two months away. Reopening discovery would almost certainly result in a continuance of this case. Additional discovery and a continuance is likely to increase the cost

of litigation, particularly if it results in a discovery dispute involving the adequacy of the City's discovery response. And allowing Plaintiffs to conduct additional discovery would not discourage what appears to be dilatory behavior on their part.

In weighing these factors, the Court finds that Plaintiffs have not demonstrated good cause for reopening discovery on the basis of the newly discovered information concerning the battery and demotion. The Court recognizes that this information might have limited relevance for Plaintiffs' case and there is no demonstrated prejudice which would result to the City from limited discovery. However, the Court finds it is inappropriate to impose on the City the additional expense of a continuance and further discovery when the evidence these events even occurred is tenuous and Plaintiffs' explanation for their delayed investigation is insufficient.

**B. Challenge to the City's Discovery Production**

Next, Plaintiffs accuse the City of intentionally withholding information about the arrest when producing Burmaster's personnel file. R. Doc. 310-1 at 4. Specifically, Plaintiffs emphasize that the personnel file made no mention of Burmaster's alleged assault on a police officer and demotion. *Id.* As aforementioned, the only evidence these events occurred is Burden's statement to Plaintiffs' counsel. This evidence is questionable for the reasons identified earlier. The City, in its response memorandum, is adamant that it did not withhold any documentation when producing the personnel file. R. Doc. 313 at 4. In the Court's view, Burden's statement does not provide compelling grounds to believe the City committed discovery misconduct. The Court therefore will not reopen discovery on this basis.

**C. Sealed Allegations Raised by Burden**

Finally, the Court does not find that allegations made in the sealed portion of Most's declaration sufficient to reopen discovery. The accusations concern conduct occurring twenty years ago, and Plaintiffs have not explained its relevance to their *Monell* claims. If the allegations

implicate Burmaster's credibility as a witness, Plaintiffs may call upon Burden as an impeachment witness at trial, to the extent permissible under the Federal Rules of Evidence. But the Court does not see it fit to reopen discovery to investigate these dated accusations that are not materially relevant to Plaintiffs' claims.

## IV. CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' Motion for Limited Discovery, R. Doc. 310, is hereby **DENIED**.

New Orleans, Louisiana, this 24th day of November, 2026.

THE HONORABLE ELDON E. FALLON